

SM

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED

RUFUS COOK, Pro se )

        Plaintiff, )

v. )

Stonedry LLC and Andres Schcolnik; )

        Defendants. )

No.

JAN 07 2022 SH

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:22-cv-119
Judge Robert W. Gettleman
Magistrate Judge Young B. Kim
RANDOM

## VERIFIED COMPLAINT AND JURY DEMAND

Now comes Rufus Cook. Pro se. and as his verified complaint and jury demand states the following.

| CONTENTS | PAGE |
|---|---|
| Parties | 2 |
| Jurisdiction | 2 |
| Venue | 2 |
| Preliminary Statement and Facts | 3 |
| Exhibit A Violations Charged | 4 |
| Exhibit B Violations Charged | 5 |
| Exhibit C Violations Charged As To Tax Code Precedent | 6 |
| Exhibit D Recent Due Process and Other Violations Charged | 6 |
| Counts | 6 |

## PARTIES

**Plaintiff:** Rufus Cook ("Cook") was. at all times relevant. domiciled in and a citizen of Illinois, under no legal disability: and a shareholder of the Ridgeland Corporation, (Ridgeland) an Illinois corporation. He became the assignee. in his individual capacity of the causes of action previously owned by Ridgeland and by Barbara Revak against the defendants named herein.

**Defendant** Stonedry L.L.C. is an Illinois limited liability company which claims to have acquired rights as a tax purchaser in a property located at 7411 Stony Island Ave., Chicago, Illinois by allegedly having complied with Illinois law governing tax sales.

**Defendant** Andre Schcolnik is a resident of Illinois and was at all relevant times was **not** a member or manager of Stonedry, but was the sole member of Bronze, L.L.C., which L.L.C. was at all relevant times a member and 50 % owner of defendant Stonedry L.L.C.

## JURISDICTION

Fourteenth Amendment to the U.S. Constitution and 28 U.S.C.A. section 1331

## VENUE

Venue is proper in this court under 28 U.S.C.A. §1391 (b) because the real estate which is the subject of the suit is located in Chicago, Illinois, clear title thereto is sought in this suit, and the events that gave rise to plaintiff's claims took place within this district.

## *PRELIMINARY STATEMENT AND FACTS*
## *Formation of Stonedry, L.L.C.*

*The preliminary facts which resulted in the filing of this due process complaint began in 2014 with the formation of an Illinois Limited Liability Company, Stonedry, L.L.C. At its formation Stonedry reported to the Illinois Secretary of State that it was a manager-managed company with two managers/members, both Illinois Limited Liability companies, not individuals. Each manager had 50% of the voting power in Stonedry. The two manager/ LLCs were Bronze, L.L.C, 100% owned by Andre Schcolnick, and Gammadock, L.L.C., 100% owned by David Twardock. Under Illinois law the authority to conduct the business of Stonedry was solely held by its two LLC manager/members. (See exh. A-22 hereto).*

*Some of the major due process violations successfully urged upon the state tax court by Stonedry are listed below. They are court filings made in the circuit court on the dates shown therein. Those filings, which are exhibits A to D hereto, discuss in detail below some of the due process violations made in the subject case, No. 2014 COTD 002392, and show the   violations resulted from state action from 2014 to this day.*

### Exhibit A Violations Charged

*1.     The void sec. 22-5 Notice that was required by law to end the case by dismissal in May 2014 (Exhibit A, p. 10, par.20, et al.)*

*2.     On April 7, 2014 Stonedry purchased from Gamadock the tax certificate which Gammadock had bought at the periodic scavenger tax sale re tax- delinquent properties. (See of Ex A, Ex 1 hereto.) Stonedry, as assignee and owner of the certificate since April 7, 2014 was required to prove in the tax deed proceeding that it had properly complied with all due process notices required to receive a deed to the*

2

*property. Before all else however* <u>*Stonedry*</u> *was required to deliver to the County Clerk for delivery to Cook, Plaintiff herein, a document called a "take-notice", in which the* <u>*current*</u> *certificate owner, would notify Cook of the proceeding Stonedry was initiating, thus satisfying the due process requirement of notice to Cook. (See Ex. 2 hereto.) However, Stonedry failed at this first step, which was dispositive. AFTER April 7 Gammadock had no interest in the subject certificate, nor power or standing to give the notice mandated by Ill. Property Tax Code section 22-5. The 22-5 notice was, on its face, a nullity. As sec 22-5 points out in its first words:*

> *"200/22-5. Notice of sale and redemption rights. In order to be entitled to a tax deed,…"*

*The specified notice was required to be given as directed. It was not. From the 22-5 notice expiration date in 2014, Stonedry could not become "entitled to a tax deed". Further, Stonedry's (purported) attorney failed to comply with the Code requirement that he disclose non-compliance.*

**3.** **Furthering the denial of due process, the court agreed with Stonedry that no due process is needed where a judge is asked to approve a court transcript where he did not hear the evidence. Exhibit A, no. 2, p. 11, par. 17-19, et al.**

**4.** **Stonedry** wrongly advised the court, verbally and in writing, that due process did not require that a court transcript be approved only by a judge who has heard the evidence.

5. More than two years later, when faced with documented facts in the 2-1401 petition alleging perjury, fraud, repeated lying under oath and worse, Ridgeland's right to be heard was and is still being violated. (Exhibit A hereto.)

6. During the years from 2015 to date, none of the repeated requests or demands for an evidentiary hearing has been allowed.

### Exhibit B Violations Charged

7. We turn next to some of the due process violations documented and from which relief was sought in Exhibit B hereto. .

8. Despite knowing the appellate court declined jurisdiction of the 2-1401 petition and remanded it for further litigation below, Stonedry has falsely argued that res judicata applies, seeking still further due process violations by the state court. Exhibit B, no. 4, p. 15, 16 et al.

9. Stonedry has sought to have the state court act as though the appellate court *had* taken jurisdiction of the petition. Pages 15 and 16 of Ex. B point out not only that jurisdiction was declined, but that even if that were not the case, res judicata can't apply where sworn hearing of the issues was denied, as here on all issues.

10. There should never have been a Stonedry tax deed hearing, ex parte or otherwise, after the 22-5 notice was seen on its face to be a nullity which, continuing the pattern of illegality, its counsel, Stonedry and Schcolnik failed their duty to disclose. The Ridgeland parties were first denied due process in May, 2014 and the

denials have continued since. The issues raised and in and by the remanded litigation remain alive.

11.     The denial of discovery and the attempt to claim res judicata where jurisdiction was declined and the case remanded, are different sides of the same coin: intentional denial of due process, seen often here. Exhibit B. p. 15-19.

12.     Having been denied discovery altogether in the subject case, it took discovery conducted in a related case, and two and one-half years for the Ridgeland parties, at great expense, to learn the facts related in their 2-1401 petition. The intent behind the successful effort to deny discovery altogether, is the counterpart of the simply legally insupportable res judicata-from-no-jurisdiction effort.

## Exhibit C: Violations Charged as to Tax Code Precedent

13. This compendium of Tax Code precedent provides a brief review of relevant precedent.  P.1-5

## Exhibit D:  Recent Due Process Violations Charged

14. Further activity in the state court has produced further due process and other claims, detailed in exhibit D, p.1-7 and 18.

## COUNTS

The three counts of this complaint are each charged against both defendants, charging 14th amendment due process violations under 28 U.S.C.A. section 1331. Count I is based on complaint's allegations of failure to comply with Tax Code sections 22-5 initially, and taken 22-10 through 22-25, including the allegations of exhibits 1-4.

Count II is based on the complaint's allegations, including those of exhibits 1-4, respecting failure to provide notice of the ex parte prove-up of February 9, 2015

Count III and exhibits 1-4 charge due process violations by falsely telling the court that due process law provides no authority on the subject of who may approve transcripts and permits them to be signed other than by a judge who has heard the evidence.

Count IV and exhibits 1-4 charge due process and other offenses committed as detailed in exhibit 4.

## Prayer for Relief

Plaintiff prays that Judgment be entered in his favor and against Defendants in an amount greater than $2,000,000.00 in actual damages and $1,000,000.00 in punitive damages, including attorneys' fees.

Rufus Cook,
Pro Se

Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

EX.A

FILED
1/24/2020 4:24 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE APPLICATION, ETC., )
GENERAL TAXES FOR THE YEARS 2009-2011 )
) Case No. 2014 COTD 002392
)
PETITION OF STONEDRY, LLC ) Hon. James Carroll
FOR TAX DEED )
) RE: SECTION 2-1401
) PETITION
)

## NOTICE OF FILING

TO: Peter M. Stasiewicz (Stonedry, LLC's Purported Counsel)
ARCTURUS LAW FIRM
211 West Wacker Drive #318
Chicago, IL 60606
pete.stasiewicz@arcturuslaw.com

PLEASE TAKE NOTICE that on January 24, 2020, the undersigned caused to be filed electronically with the Clerk of the Circuit Court of Cook County, Illinois SUPPLEMENTAL AND AMENDED PETITION UNDER SEC. 5/2-1401 AND COMMON LAW TO VACATE ALL ORDERS AND JUDGMENTS HEREIN, WHICH ARE ALL NULLITIES AND VOID AB INITIO BECAUSE PROCURED: (1) WITHOUT AUTHORITY OR CAPACITY AND IN VIOLATION OF THE LLC ACT; (2) IN VIOLATION OF THE PROPERTY TAX CODE; AND (3) BY STILL LATER FRAUDULENT MISREPRESENTATIONS, INCLUDING FALSE PERSONATION, FORGERY AND PERJURY, a copy of which is attached hereto and hereby served electronically on you.

Respectfully submitted

/s/ Barbara Revak

/s/ Rufus Cook, pro se

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
and
Rufus Cook, pro se
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

In.the.Matter.of.the.Petition.of.Stonedry.v.Ridgeland.Not.of.Fil.Cert.of.Serv.re.Supp.and.Amended.etc.BR.gh.1.24.20

EX. 1

## CERTIFICATE OF ELECTRONIC SERVICE

FILED
1/24/2020 4:24 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

I, Barbara Revak, an attorney, hereby certify under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, that the statements set forth in this instrument are true and correct, and that on January 24, 2020, I caused a copy of the foregoing SUPPLEMENTAL AND AMENDED PETITION UNDER SEC. 5/2-1401 AND COMMON LAW TO VACATE ALL ORDERS AND JUDGMENTS HEREIN, WHICH ARE ALL NULLITIES AND VOID AB INITIO BECAUSE PROCURED: (1) WITHOUT AUTHORITY OR CAPACITY AND IN VIOLATION OF THE LLC ACT; (2) IN VIOLATION OF THE PROPERTY TAX CODE; AND (3) BY STILL LATER FRAUDULENT MISREPRESENTATIONS, INCLUDING FALSE PERSONATION, FORGERY AND PERJURY, to be served electronically through Odyssey E-File and Serve on the party stated in the Notice whose email address is pete.stasiewicz@arcturuslaw.com.

Said "SUPPLEMENTAL AND AMENDED PETITION UNDER SEC. 5/2-1401..." was also served on that date by personal email to Peter Stasiewicz at pete.stasiewicz@arcturuslaw.com.

/s/ Barbara Revak

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION, ETC., | ) | |
| GENERAL TAXES FOR THE YEARS 2009-2011 | ) | |
| | ) | Case No. 2014 COTD 002392 |
| | ) | |
| PETITION OF STONEDRY, LLC | ) | Hon. James Carroll |
| FOR TAX DEED | ) | |
| | ) | RE: SECTION 2-1401 |
| | ) | PETITION |

SUPPLEMENTAL AND AMENDED PETITION UNDER SEC. 5/2-1401 AND COMMON
LAW TO VACATE ALL ORDERS AND JUDGMENTS HEREIN, WHICH ARE ALL
NULLITIES AND VOID AB INITIO BECAUSE PROCURED: (1) WITHOUT
AUTHORITY OR CAPACITY AND IN VIOLATION OF THE LLC ACT;
(2) IN VIOLATION OF THE PROPERTY TAX CODE; AND
(3) BY STILL LATER FRAUDULENT MISREPRESENTATIONS,
INCLUDING FALSE PERSONATION, FORGERY AND PERJURY [1]

Petitioners, pursuant to 735 ILCS § 5/2-1401 of the Illinois Code of Civil Procedure, and

to the common law, respectfully request that the court vacate all actions taken herein on behalf of

Stonedry, L.L.C., for lack of authority, and for violation of the Property Tax Code, and for the

tax deed having been procured by fraud. Petitioners herein are Rufus Cook, Barbara Revak and

Ridgeland Corporation, sometimes herein collectively called Ridgeland.

---

[1] The initial 1401 Petition was filed <u>August 3, 2017</u> some twenty-nine months ago. On <u>December 29, 2017</u> the court stayed proceedings respecting the 2-1401 Petition pending disposition by the appellate court of related appeals.

During the ensuing 29 months after the Petition was first filed in August, 2017, subsequent events have occurred, and were learned of which relate to, amplifying and impact the matters raised in the initial petition. Recognizing this to be the case this court's January 2, 2020 order provides for the filing by petitioners of supplemental 1401 pleadings.

The instant Supplemental and Amended Petition also simplifies and reduces the initial Petition from 25 pages to 19, and provides a complete <u>Exhibit 14</u>, pages therefrom having been omitted in the earlier filing.

On December 20, 2019 the appellate court entered an Order which decided the appeals, but left for disposition by this court the section 2-1401 Petition.

1

<u>CONTENTS</u> <u>PAGE</u>

INTRODUCTION 4

FACTS AND LAW 5

I.   From its formation January 5, 2014 to today A. Scheolnik has
     lacked authority to act <u>for</u> Stonedry, and Stonedry has lacked
     capacity to act <u>through</u> him and his purported subagents.                     5

     A. Stonedry's corporate and other records show, that the settlement
        agreement in the tax deed case was fraudulently signed by
        Scheolnik who, contrary to his misrepresentations sworn and
        unsworn, was not "a member" or manager of Stonedry and
        never had authority to act for the LLC, thus making nullities
        of the settlement agreement and all other actions he took
        without authority purportedly on Stonedry, LLC's behalf.                      5

     B. Stonedry's acts were done without any possible authority <u>and</u>
        without any possibility of ratification because contrary to the
        express terms of the LLC Act governing agency. Those acts
        include purported "hiring" with no authority and purporting
        to work with unauthorized lawyer/subagents.                                   8

II.  Stonedry violated the notice requirements of the Property Tax
     Code, including §22-5. 22-10, 22-20, and 22-25, which violations,
     without more, are defined by law as fraud, and voided the tax
     deed order and related orders as a matter of law.                                10

     A. <u>Gammadock, LLC. having bought the subject certificate
        January 7, 2014, and assigned it to Stonedry April 7, 2014,
        served a null take-notice on April 23, 2014 which by law
        voided its tax deed proceeding.</u>                                            10

     B. The void 22-5 notice was not the only violation of the Tax
        Code notice requirements committed in Stonedry's name.                        11

     C. Ignoring his duty under the Property Tax Code to call
        compliance problems to the court's attention, and instead
        playing "catch me if you can", attorney M. Wilson and
        Stonedry compounded the fraud by pretending
        Gammadock's void 22-5 notice was valid, and by
        fraudulently misrepresenting in other filings that no
        violations existed.                                                           11

D. Schcolnik, Stonedry and Wilson's false personation, forgery and perjury, were part of the fraud on the court and on movants committed before Judge Hoffman while the pretenders continue even now to conceal their lack of authority, capacity and inability to act without both.     12

E. When the December 1, 2015 "Settlement Agreement" was entered into, movants were more than a year away from discovering that Schcolnik and Wilson were false pretenders to authority, and Stonedry itself a false pretender to capacity to act through Schcolnik.     17

III. There were later acts of fraud, false personation, forgery and misrepresentation committed by the pretenders and "subagents."     19

## INTRODUCTION

There are three chief reasons why the orders dated December 1, 2015, including the tax deed order, are void, and must as a matter of law be vacated. First, underlying and overarching all else is the fact that non-member Schcolnik, from the day the LLC was formed February 5, 2014, lacked <u>authority</u> to act as Stonedry's agent, and indeed Stonedry lacked <u>capacity</u> to act through Schcolnik.

Second, Stonedry, LLC., violated the notice requirements of the Property Tax Code, including § 22-5, 22-10, 22-20 and 22-25, and those violations, standing _alone_, are defined by law as fraud, and made the tax deed order void. Those statutory facts of fraud were accompanied by still other later related but different fraudulent misrepresentations asserting that the Property Tax Code had been fully complied with. Those separate misrepresentations constituted fraud on the court as well as movants.

Third, the tax deed judgment and the settlement agreement on which it was based were procured by _additional other fraudulent misrepresentations_, including false personation, perjury and forgery by Schcolnik, the purported authorized representative of tax deed Petitioner Stonedry, LLC, which apparently criminal acts were also further frauds committed on the court and movants, and continue to this day.

## FACTS AND LAW

I.  From its formation January 5, 2014 to today A. Schcolnik has lacked authority to act _for_ Stonedry, and Stonedry has lacked capacity to act _through_ him and his purported subagents.

A.  Stonedry's corporate and other records show that the settlement agreement in the tax deed case was fraudulently signed by Schcolnik who, contrary to his misrepresentations sworn and unsworn, was not "a member" or manager of Stonedry and never had authority to act for the LLC, thus making nullities of the settlement agreement and all other actions he took without authority purportedly on Stonedry, LLC's behalf.

1. Schcolnik, never a member nor a manager of Stonedry, by law could not sign the December 1, 2015 Settlement Agreement, nor act in any way as agent for Stonedry to this day.

2. In discovery in a related lawsuit, on or about December 2, 2016, Ridgeland learned from documents produced which had been filed by Stonedry with the Secretary of State:

a. that Stonedry is and at all times was a manager-managed, not a member-managed company with only two managers, Gammadock LLC and S. Bronze, LLC., not Schcolnik. **(Ex. 22, p. 8)**

b. that, despite those facts, Schcolnik misrepresented under oath in his December 2, 2016 affidavit verifying the sworn discovery that "...I am one of the members of Stonedry, LLC. ..." **(Ex. 22, p. 5)** [2]

3. Also on December 2, 2016, Stonedry, LLC, in the law division case by its counsel Robert A. Egan, filed Stonedry's "Answers to Plaintiff's Interrogatories and "Response to Plaintiff's Request for Production of Documents", **(Exs. 21 and 22 hereto)**. Stonedry gave the following Answer to Interrogatory No. 3:

---

[2] Ridgeland's request to undertake discovery in this case in support of its motion to dismiss was denied by Judge J. Zafiratos on May 20, 2015.

5

"3. For the period January 2015 to the present identify each member of Stonedry, LLC.

Answer: Gammadock, LLC., 90 Whittredge Road, Summit, New Jersey and S. Bronze, LLC., 2035 West Giddings Street, Chicago, Illinois." **(Ex. 21)**

The Answers are supported by two Verifications. The first is signed: "Andres Schcolnik"; the second avers: "Stonedry, LLC, by Andy Schcolnik, Member."

4. Further, Stonedry supported the Response to the Document Production Request **(Ex. 22)** with "Defendant's Affidavit in Compliance with Plaintiff's Request for Production." It continues to make, under oath, the same fraudulent misrepresentations made before the tax deed court:

"I, Andres Schcolnik, being first duly sworn on oath, deposes (sic.) and state that I am one of the members of Stonedry, LLC...a defendant in this action...

s/Andres Schcolnik"

5. The discovery also included Stonedry's Articles of Organization and Operating Agreement **(Ex. 22, p. 9, 10)**. They show that the two LLC's each have a 50-50 interest in Stonedry, and each member/manager LLC has a single member: David Twardock of Gammadock, LLC and Andres Schcolnik of S. Bronze, LLC. [3]

6. Thus pursuant to the Articles of Organization and Operating Agreement either one or both of the Stonedry entity-managers, *who are also its only members* (Gammadock or Bronze or both) had authority as managers to act generally for Stonedry. Schcolnik individually, and a non-member of course, could not so act.

---

[3] Schcolnik and Twardock were deposed in the law division suit in November and December 2018, which confirmed that neither was a member or manager of Stonedry, LLC.

7. Schcolnik's misrepresentation in the December 1 settlement agreement that he was a member authorized to bind Stonedry appeared to bind both parties to the Agreement, while concealing the fact that Stonedry was not bound by a document signed without authority, and he was not a manager nor a member, and lacked authority.

8. Schcolnik committed fraudulent misrepresentation under oath at the Feb. 9, 2015 hearing and then again in the December 1, 2015 settlement agreement when he falsely claimed again to be a Stonedry member, signing the agreement, when in fact he never had authority to act as the L.L.C.'s agent for any purpose, from the date it was formed to today. By law he was and is a pretender, as were and are his agents.

9. At the time of the entry of the judgment, the facts related above were unknown to the movants, and clearly unknown as well to the court, on which fraud was repeatedly committed because Stonedry and Wilson purposefully failed to call the court's attention to their notice irregularities, false statements and clear misstatements of the law. The judgment was entered without fault or negligence on the part of movants who, like the court, had no clue that they all were, to put it charitably, being hoodwinked by pretenders.

10. As noted, Petitioners did not know or discover the facts mentioned above because of the myriad aspects of the fraud until 2016, after receipt and review of documents produced in discovery by Stonedry in the law division suit.

11. Petitioners have a meritorious defense to Stonedry's claim and have acted diligently, although, in cases involving fraud or voidness, neither element is required. As to diligence there is no question, the 2-1401 case having been diligently pursued before the stay and now upon its conclusion. And a meritorious defense clearly is stated in the several allegations of lack of

7

authority, and the resulting fraud on the court as well as movants, including apparent criminal misconduct.

> **B. Schcolnik's acts were done without any possible authority _and_ without any possibility of ratification because contrary to the express terms of the LLC Act governing agency, which acts include purported "hiring" with no authority and purporting to work with unauthorized lawyer/subagents.**

12. The law requires that an agent, including a lawyer must have and maintain authority to represent a client/principal. Without authority, the acts of a lawyer are nullities. The law requiring that a lawyer be authorized by the client or an authorized agent, as old as the law itself, is simply summarized in *AmJur,* Attorneys at Law §153:

> "No person has the right to appear as another's attorney without the other's authority, whether the other is a natural person or a corporation. The authority may be express or implied, and the authority may be given by an agent of the party for whom the appearance is made. *Pueblo of Santa Rosa v. Fall,* 273 U.S. 315, 47 S. Ct. 361, 71 L. Ed. 658 (1927).

And the result of lack of authority is also clear:

> "A defendant does not waive objection to a tribunal's exercise of jurisdiction based on the participation of a person who has not been authorized by the defendant, expressly or impliedly, to appear on its behalf, and there is no proof of ratification. That is so even if the purported representative is a licensed attorney. When the facts show a lack of authorization, the representative's acts are a nullity against the party for whom the appearance was entered. 2014 IL App (1st) 123654, ¶ 21, 382 Ill.Dec. 412, 12 N.E.3d 691 (citing *Gray v. First National Bank of Chicago,* 388 Ill. 124, 129, 57 N.E.2d 363 (1944))."

13. Neither Schcolnik nor Stonedry's purported counsel have had or have authority to act for or represent Stonedry. In pertinent part the Illinois LLC Act, 805 ILCS 180/13(5)(1) granted agency powers solely to managers of manager-managed companies. It read as follows before July 1, 2017:

8

"(1) A member is not an agent of the company for purposes of its business solely by reason of being a member. Each manager is an agent of the company for the purpose of its business, and an act of a manager, including the signing of an instrument in the company's name, for apparently carrying on, in the ordinary course, the company's business or business of the kind carried on by the company binds the company, unless the manager had no authority to act for the company in the particular matter and the person with whom the manager was dealing knew or had notice that the manager lacked authority."

(Emphasis supplied.)

14. The Act provides, in an amendment effective July 1, 2017, for a registration process administered by the Secretary of State by which persons other than managers may be authorized to act as agents. Stonedry has never registered Schcolnik.

15. In addition, agency law in Illinois and generally has long held that a principal lacks capacity to authorize an agent to do an act which is not within the principal's statutory powers. The law is summarized in A.L.I. Restatement, 3rd, sec. 304:

"Organizational statutes specify the legally operative powers that an entity created pursuant to the statute shall have. Such statutes often provide that powers granted by the statute are subject to conditions and limitations stated in organizational documents. An entity lacks capacity to authorize an agent to do an act that is not within the entity's powers conferred by statute.

Likewise, the legally operative actions that may be taken by governments and subdivisions of governments are often specified by statute, constitution, or charter. This in turn limits a governmental principal's capacity to authorize agents."

16. It is the lawyer's duty to show his authority. Where a lawyer requested to show his authority fails to do so, the presumption of authority is rebutted. *Gray v. First National Bank of Chicago,* 388 Ill 124 (1944) In such circumstances after movants in this 1401 proceeding more

9

than 30 months ago questioned Schcolnik's authority to act for Stonedry, each of the lawyer/subagents "hired" by him was put on notice that the question of authority was raised, and by law their authority was required to be shown.

    II.    **Stonedry violated the notice requirements of the Property Tax Code, including §22-5, 22-10, 22-20, and 22-25, which violations, without more, are defined by law as fraud, and voided the tax deed order and related orders as a matter of law.**

    A.  **Gammadock, LLC. having <u>bought the subject certificate January 7, 2014, and assigned it to Stonedry April 7, 2014, served a null take-notice on April 23, 2014 which by law voided its tax deed proceeding.</u>**

17. Gammadock, LLC the original certificate purchaser, or Stonedry, when it became the assignee, were in turn required by the Property Tax Code, §35 ILCS 200/22-5 to serve on Rufus Cook, the tax assesee, a take-notice. Gammadock assigned the certificate to Stonedry April 7, 2014 **(Ex. 1)**, Gammadock thereafter had no further right, power or interest in the case, and could not lawfully execute the 22-5 take-notice 16 days later on April 23, 2014.

18. The court made clear the effect of assignment of a tax certificate in *The Application of...CCPI, LLC, v. MB Financial Bank*, 2012 IL.App. (1ˢᵗ) 101976, 966 N.E.2d 408:

> "Here, GJ was not the certificate holder when it filed the extension notice pursuant to section 21-385. Specifically, GJ had assigned away its rights to the tax lien almost two years before it filed the extension notice. See 35 ILCS 200/21-250 (West 2008) ("An assignment shall vest in the assignee* * *all the right and title of the original purchaser."). Consequently, the extension filed by GJ was a nullity. ... The trial court, therefore, erred when it dismissed respondent's motion to void the tax deed."

19. Gammadock, despite having no power or right to do so, nevertheless purported to have served the necessary 22-5 notice on Cook. **(Ex. 2)** That action alone was a fraudulent violation of the letter and policy of the Property Tax Code, as well as a fraud committed on the court and on

Movants herein. When Stonedry failed to serve the take-notice it was required to serve, the proceeding, itself begun by the pretenders with no authority, was from that point dead, and could not be restored to life by filing still more fraudulent pretender documents. And, of course, on December 1, 2015, movants, as noted were still a year away from beginning to learn in December 2016, about Schcolnik's and Stonedry's fraudulent and criminal conduct, which included false personation, perjury and forgery by the pretenders, as detailed below in section II D hereof. A complete account of the fraudulent and criminal conduct of the pretenders as it has occurred over years could be told only in this 2-1401 case.

**B. The void 22-5 notice was not the only violation of the Tax Code notice requirements committed in Stonedry's name.**

20. On June 29, 2015 Ridgeland filed a document titled "Reply Regarding Whether a Successor Judge may Sign Unsigned Transcript of *ex parte* Prove-up made before Substituted Judge." **(Ex. 14)** At pages 9-11, and Exs. C, C-1, 3, E-1, F and G, Ridgeland showed on marked exhibits the details of Stonedry's violations of the statutory notice requirements for 22-5, 22-10, 22-20, and 22-25. The objections raised there are incorporated by reference here, showing further violations of the Tax Code notice provisions.

**C. Ignoring his duty under the Property Tax Code to call compliance problems to the court's attention, and instead playing "catch me if you can", attorney M. Wilson and Stonedry compounded the fraud by pretending Gammadock's void 22-5 notice was valid, and by fraudulently misrepresenting in other filings that no violations existed.**

21. Utilizing the null Gammadock notice, on **July 9, 2014,** Wilson and Stonedry chose through further misrepresentation to play the unlawful "catch me if you can" game by not informing and instead misleading the court and movants herein. Thus Stonedry and Wilson on

11

July 9, 2014 filed a "PETITION FOR TAX DEED" respecting the subject property. Required by law to state in the petition that all notices had been or would be given, Stonedry falsely stated:

> "All notices required by law to be given will be given prior to the entry of an order directing the issuance of a tax deed on said parcel of real estate and due proof will be made of the giving of such notice."

The time within which the 22-5 take-notice lawfully could have been given had, of course, passed, and as a matter of law no "due proof" <u>could</u> be made of the giving of such notice.

22. Nevertheless, on January 22, 2015, Stonedry committed further frauds on the court and Movants when it filed its "Application for an Order Directing the County Clerk to Issue a Tax Deed." (Ex. 4) Ridgeland knows now what was then known only to Stonedry, Wilson and Schcolnik: that Stonedry lacked capacity to act through Schcolnik, that Wilson, "hired" by Schcolnik, and Schcolnik himself, all lacked authority to file the application, or to take any of the actions which preceded or followed it.

23. A further fraud committed on the court and movants occurred when Exhibit C to the application, the Gammadock take-notice, a nullity, was nonetheless fraudulently proffered to the court in Stonedry's petition and application falsely <u>to show compliance with 22-5</u>.

**D. Schcolnik, Stonedry and Wilson's false personation, forgery and perjury, were part of the fraud on the court and on movants committed before Judge Hoffman while the pretenders continue even now to conceal their lack of authority, and capacity and to act without both.**

24. Judge Margarita T. Kulys Hoffman was assigned the case when it came up for assignment on January 28, 2015 on Stonedry's fraudulent and unauthorized Petition for a Tax Deed and its Application therefor, both filed by the pretenders lacking authority and capacity. It was initially set, at the unauthorized Mr. Wilson's request, for prove-up on February 6, 2015, <u>not</u>

even a week after the January 28 assignment. The court re-set it for February 9, 2015. However, the timing was so tight that the February 4 Ridgeland appearance (Ex. 5) was, understandably, not communicated by the clerk's office to Judge Hoffman, and so tight that Mr. Wilson later said he didn't receive Ridgeland's appearance, mailed February 4, until he returned from the *ex parte* prove-up before Judge Hoffman, held February 9 after a 3-day postponement by the court. Indeed, Mr. Wilson's scheduling was so tight that, as noted, there was no time for him to receive Ridgeland's appearance in due course by mail, nor for notice of the hearing to be given Ridgeland or for Ridgeland to learn of it. As a result the February 9 prove-up was held *ex parte*. (Judge Hoffman took the matter "under advisement.")

25. The transcript from the proceeding is attached hereto as Ex. 5. At page 4 the unauthorized non-member/non-manager Andres Schcolnik, sworn as a witness testified to show the court Stonedry's and his approval, as member, of the action being taken:

By Mr. Wilson:

"*Q. What is your affiliation with the Petitioner, Stonedry, LLC?*

*A. I'm a member.*"

That answer was false, as shown above. Stonedry and Wilson and Schcolnik all knew it was false. That answer was a clear misrepresentation to the court, an act of false personation by an individual claiming falsely to have a status and authority he lacked, thus committing yet another fraud on the court and movants. Although having a legal and ethical duty to do so, Mr. Wilson did not correct Mr. Schcolnik's misrepresentation. He never did, and died in 2018.

13

26. On information and belief the criminal conduct of false personation and perjury described has occurred and is occurring in other tax deed proceedings prosecuted by Stonedry, LLC in the Circuit Court of Cook County, Illinois.

27. The February 2015 *ex parte* transcript also contained other misrepresentations, largely based on assertions by Schcolnik, Stonedry and Wilson attesting to the legal sufficiency of the 22-5 notice which, as noted, was in fact null, having been "lodged" not by Stonedry but by Gammadock LLC on April 23, 2015 <u>after</u> having been assigned by it to Stonedry April 7, 2015. (Ex. 6, p. 4)

28. The transcript **(Ex. 6)** shows further false testimony before Judge Hoffman. After dismissing Schcolnik with no correction of his false testimony that he was a Stonedry member, (p. 9) Mr. Wilson turned next, at p. 12, to the deficient Exhibit E to the application, which in fact also did not comply with the Property Tax Code. At pages 15 and 16 Mr. Wilson moved on to Exhibits F and G, pertaining to sections 22-20 and 22-25, both of which documents also failed, as shown below, to comply with those sections. In fact, the *ex parte,* rushed hearing before Judge Hoffman, with no notice, was shot through with misrepresentations and exhibits not in compliance with the Code. Stonedry's unlawful efforts to use that transcript through December 1, 2015 to bypass the required hearing of evidence in the case, played a substantial part in Ridgeland's decision to enter into the Settlement Agreement with Stonedry, as did the continuing perjury, at the time not known, falsely averring Schcolnik's status as a member, as well as the false denials of the tax code violations.

29. Stonedry refused R. Cook's request in the ensuing days after February 9, 2015 to agree that by law Judge Carroll was required to re-hear the prove-up evidence. When Wilson refused,

Ridgeland submitted case authority to the court (Ex. 14). Instead, on February 24 (Ex 7) the unauthorized Mr. Wilson, as noted not having corrected the known false testimony he had elicited, served a notice of motion seeking to have Judge Hoffman, on the basis of that ex parte, un-noticed and fraudulent hearing, enter an order for deed on March 4. (Ex. 7) Ridgeland on that date moved for and was granted a substitution of Judge Hoffman as of right.

30. For reasons having no apparent relation to this case, Judge Zafiratos was transferred and the matter assigned to Judge James Carroll sometime after June 2, 2015.

31. When he was assigned the case, successor Judge Carroll, like movants, was not made aware of the lack of authority of pretenders Schcolnik and Wilson, and was wrongly told by them until the December 1 "settlement" that he could and should resolve the case by signing the Judge Hoffman transcript.

32. Stonedry, seeking to continue hiding its fraud, including Schcolnik's February 9, 2015 and continuing false personation and perjury, continued to urge Judge Carroll to decide the case based on the *ex parte* hearing of Stonedry's evidence, and thus to order issuance of a tax deed *without Ridgeland ever being heard.* In other words, Judge Carroll was urged to rely on the transcript (replete with fraudulent misrepresentations from the February 9, 2015 *ex parte* hearing held before Judge Hoffman), conducted so quickly, as noted above, that the court (and Mr. Wilson) hadn't even had time to learn that Ridgeland's appearance had been filed 5 days before, only 4 days after the initial assignment to Judge Hoffman, and with no time to provide notice to Ridgeland of the *ex parte* hearing.

33. Stonedry committed yet another of its several frauds on Judge Carroll when it misrepresented that its attorney Mr. Wilson had found no case law showing that a successor

judge lacked power to sign a transcript he had not heard. In fact, Ridgeland had presented such case law in its filing of June 29, 2015 (Exs. 14, 15). After that filing Mr. Wilson in the following 6 months failed to correct that statement of "no case law" he had wrongly made to the court, didn't call Judge Carroll's attention to the cases supplied in the June 29 and November 29, 2015 filings, and the court accordingly didn't rule on the matter or declare Ridgeland's right to a trial, while Stonedry's motion for immediate entry of a tax deed order based on the transcript of the hearing before Judge Hoffman continued to pend from court date to date, with movants never having been heard. There pended with it the possibility that Judge Carroll, contrary to the ample authority that any such action would be a due process violation, might decide the case using the February 9 fraudulent transcript, thus denying Ridgeland's right to be heard at trial. (No trial had been scheduled in the 5 months between the June 29 completion of the briefing schedule on the matter and the December 1 "Settlement Agreement." Movants submitted additional authority on November 29, 2015 showing further that Stonedry's position was unlawful and violative of due process. By that time, no matter the law, Stonedry's assault on due process had succeeded and Ridgeland appeared to be facing an appeal from a judgment to be entered without its ever being heard.)

34. As noted, movants were still a year away from beginning to learn in 2016 that Schcolnik and "subagent" Wilson by law lacked agency authority, and Stonedry lacked capacity to use them as agents.

35. As of November 30, 2015, Stonedry's fraud and assault on the public policy expressed in the Tax Code had had the following results in the trial court:

   a. Ridgeland had been clearly improperly denied its right to discovery;

b. it had been forced to withdraw its 2-619.1 motions because it couldn't conduct discovery, and had a first-time extension to permit a reply in support of its motion to dismiss improperly denied as well;

c. no decision had been made regarding the clear law requiring as a matter of due process that a successor judge hear evidence as opposed to signing a transcript of evidence heard *ex parte* by a predecessor judge; and

d. most important, the pretenders continued to act "for" Stonedry without authority, and to claim benefits from the accompanying acts of false personation, perjury and forgery.

E. **When the December 1, 2015 "Settlement Agreement" was entered into, movants were more than a year away from discovering that Schcolnik and Wilson were false pretenders to authority, and Stonedry itself a false pretender to capacity to act through Schcolnik.**

36. Ridgeland knew nothing of the scope of the fraud and criminal conduct the pretenders were carrying on in order to conclude the transaction. Thus Ridgeland didn't know that one of the functions of the settlement agreement was to disregard any issue of authority via the false personation, perjury and forgery which had already occurred, and could be repeated in other Stonedry transactions, as needed.

37. On **December 1, 2015**, the Ridgeland parties entered into what they, and apparently the court, thought was a "Settlement Agreement" with Stonedry. (Ex. 18) Ridgeland, et al. duly and properly executed the Agreement (under oath administered by Mr. Wilson) in their corporate and personal capacities. The Agreement, however, was falsely signed by Schcolnik who, after falsely swearing in court in the February 9, 2015 transcript that he was a member of Stonedry (which lie was elicited by his attorney, and remained uncorrected), Schcolnik continued on oath on December 1, 2015 to fraudulently misrepresent in the agreement that he was a member of Stonedry. Once again, Stonedry committed a fraud on the court, nowhere disclosing to the court

17

that Stonedry was not member-managed but manager-managed, nor that he lacked authority to act as its agent.

38. Movants, as of December 1, 2015 knew nothing of the fact that Schcolnik had lied to the court in the February 9, 2015 transcript, nor that he was continuing the same lie in the proposed settlement agreement, which he signed under oath in court as follows, and caused at that time to be presented to the court.

> "Stonedry, LLC (Exh. 16, p. 6)
> By: Andres Schcolnik
> Title: Member"

39. By so signing, Schcolnik fraudulently misrepresented that he was a member of Stonedry LLC, and that it was a member-managed company which, as a member, he was authorized to bind to the agreement. Declaring that he was a member, under oath in court, in court documents and in the settlement agreement, could have had no other purpose than to mislead the court and the Ridgeland parties. It was in these circumstances that Ridgeland agreed to withdraw their defenses to Stonedry's Petition for Tax Deed.

40. On **December 1, 2015**, pursuant to the terms of the settlement agreement, (to which Stonedry was not a party because Schcolnik acted without authority), the court, believing as did Ridgeland that the settlement agreement bound the parties, entered three orders:

i. "AGREED ORDER", which provided, among other things, for Respondents' withdrawal of all objections to entry of an order directing the County Clerk to issue a tax deed for the subject property to Stonedry and for stay of the Order of Possession until April 1, 2015; (Ex. 7)

ii. Order Directing County Clerk to issue Tax Deed or Other Relief (Ex. 8); (The deed was subsequently issued to Stonedry.)

iii. Agreed Order of Possession stayed until April 1, 2015. (Ex. 9)

III.     There were later acts of fraud, false personation, forgery and
misrepresentation committed by the pretenders and "subagents."

41. After the tax deed and related orders were procured as related above by fraud including

false personation, forgery, perjury, and misrepresentation, there followed repeated other and

separate misconduct in the form of acts which continue to this day to be done by the pretenders

and "subagents" without authority. Those acts continue and extend the earlier acts detailed

above, and are not repeated here.

WHEREFORE: For the reasons stated movants request that the court (1) declare void for lack of
authority and capacity and vacate all acts and orders herein on behalf of Stonedry, LLC,
including but not limited to the tax deed judgment and related acts and orders; (2) find that
Stonedry, LLC Schcolnik and "subagents", committed and continue to commit fraud and other
misconduct on the court and movants; and (3) order such other relief as the court finds proper.

Respectfully submitted,

By: _____

Barbara Revak

And

By: _____

Rufus Cook, *Pro se*

Law Office of Barbara Revak, Suite 102
Attorney No. 58121
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000
Rufus Cook, pro se
7411 S. Stony Island Ave, Suite 600
Chicago, IL 60649
Telephone No. (773) 752-2000

In.the.Matter.of.the.Application.of.Stonedry.Amended.Petition.Under.Sec.5/2.1401.and.Common.Law.etc.BR.gb.1.20.20

# EXHIBIT

# INDEX

# EXHIBITS

1. April 7, 2014 – Assignment of Certificate No. 135 0000 933 from Gammadock, LLC to Stonedry, LLC.

2. April 23, 2014 – "Take Notice" from Gammadock, LLC to Ridgeland, et al.

3. July 9, 2014 – Petition for Tax Deed.

4. January 22, 2015 – Application for an Order Directing the County Clerk to Issue a Tax Deed.

5. February 4, 2015 – Respondents' Appearance.

6. February 9, 2015 – Prove-up Report of Proceedings before Judge Margarita T. Kulys Hoffman.

7. February 24, 2015 Notice of Motion for Tax Deed before Judge Hoffman.

8. April 1, 2015 –Respondents' Combined Motion to Dismiss under 5/2-619.1

9. May 14, 2015 – Respondents' Motion to Extend Due Date to Reply re 2-619.1 Motion.

10. May 20, 2015 – Order Denying Motion to Extend Due Date re Motion to Dismiss and Denying Request for Discovery.

1

11. June 2, 2015 – Respondents' Motion Withdrawing 2-619.1 Motion

12. June 15, 2015 – Memorandum of Ridgeland, et al. "...regarding whether a successor judge may sign unsigned transcript of ex parte prove-up made before substituted Judge."

13. June 23, 2015 – Stonedry "Memorandum in Support of a Successor Judge's ability to sign an order directing County Clerk of Issue Tax Deed when an ex parte prove-up was conducted by prior Judge."

14. June 29, 2015 – Reply of Ridgeland, et al. "...regarding whether a successor Judge may sign unsigned transcript of ex parte prove-up made before substituted Judge."

15. November 30, 2015 – Ridgeland, et al's "Citation of Additional Authority".

16. December 1, 2015 – "Settlement Agreement" signed my Andres Schcolnik as "Stonedry, LLC, member."

17. December 1, 2015 – "Agreed Order" withdrawing objections to the entry of the order directing county clerk to issue tax deed and for other relief.

18. December 1, 2015 – "Order Directing County Clerk to Issue Tax Deed and for Other Relief."

19. December 1, 2015 – "Agreed Order for Possession"

20. December 1, 2015 – Cover Sheet showing re-filing of February 9, 2015 Prove-up Transcript before Judge Hoffman.

21. Filed Dec. 2, 2016 but undated "Stonedry, LLC's Answers to Plaintiff's Interrogatories" in case no. 2016 L 005474 showing as answer 3 that Schcolnik not a member of Stonedry, but verified by Schcolnik individually and as a member.

22. Dec, 2, 2016 undated case no. 2016 L 005474 "Response to Plaintiff's Request for Production of Documents" showing at:

> p. 5 – "Defendant's affidavit of Schcolnik that "...I am one of the members of Stonedry,, LLC", and verification of truth under penalties provided by law," both signed individually only.

> p. 8 – item 8 declaring Stonedry is manager-managed by Gammadock LLC and S. Bronze, LLC.

> p. 10 – 7/14 Amendment to Stonedry LLC Operating Agreement showing members are Gammadock, LLC and S. Bronze, LLC., not Schcolnik.

In.the.Matter.of.the.Application.of.Stonedry.Petition.to.Vacate.EXHIBITS.BR.gb.7.23.17

# EXHIBIT INDEX

# EX. 1

STATE OF ILLINOIS )
                ) SS      CERTIFICATE NO.   13S-0000933
COUNTY OF C O O K )

### CERTIFICATE OF PURCHASE
FOR GENERAL TAXES TWO OR MORE YEARS DELINQUENT,
PURSUANT TO SECTIONS 21-145 AND 21-260 OF THE ILLINOIS
PROPERTY TAX CODE

    I, DAVID D. ORR , County Clerk in and for the County and State aforesaid, DO HEREBY CERTIFY THAT GAMMADOCK LLC did, on the day hereinafter set forth, purchase at public auction at the courthouse in Chicago, the property designated by the permanent real estate index number hereinafter set forth, situated in said County, said property being delinquent in the principal sum and for the tax years hereinafter set forth together with statutory penalties, interest and costs thereon, and paid as purchase money on said property the sum hereinafter set forth, such sum being the highest bid for cash received at the auction of such property pursuant to Sections 21-145 and 21-260 of the Illinois Property Tax Code.

VOLUME   262      PERMANENT INDEX NUMBER   20-25-131-004-0000

TAX YEARS DELINQUENT   09-11
TOTAL PRINCIPAL AMOUNT DUE        207,506.37   plus statutory penalties, interest and costs thereon.
DATE OF SALE   01-07-14 AMOUNT OF SUCCESSFUL BID      2,000.00

STATUTORY TREASURER FEES                  190.00
STATUTORY CLERK FEES                      30.00
                                  TOTAL    2,220.00

    The aforesaid purchaser having complied with the provisions of law applicable to such sales so as to be entitled to a certificate of purchase, on MARCH 14, 2014, the Circuit Court of Cook County entered an order confirming the sale of the aforesaid property.

    If the aforesaid property is not redeemed in the manner and within the time provided by law, said purchaser, his heirs or assigns shall be entitled, upon application and compliance with the Illinois Property Tax Code, to receive a deed to said property; provided, that unless the holder of this certificate shall take out said deed and file the same for record within one year after the time for redemption expires, the said certificate or deed, and the sale on which it is based, shall, from and after the expiration of such one year, be absolutely null.

        WITNESS my hand and the official seal at CHICAGO in said County this 19TH day of MARCH , A.D. 2014.

countersigned:

*Maria Pappas*

EXHIBIT __A__

*David D. Orr*

Ex. 1

County Treasurer and Ex-Officio Collector
of Cook County

County Clerk of Cook County

STATE OF ILLINOIS )
                  )    SS
COUNTY OF C O O K )


In consideration of the sum of ~~Ten and ~~/100~~DOLLARS, I do
hereby sell, assign, transfer and set over to Sturdy Llc          ,
his heirs, executors, administrators and assigns, the within
CERTIFICATE OF PURCHASE, and all my right, title and interest in
or to the real estate therein described, to have and to hold the
same to himself, his heirs, executors, administrators and
assigns, to his and their sole use, benefit and behoof forever.

        Given under my hand and seal this 7th day of April, 2014
        A.D.

                    Gannondoch, Llcby,

                    [signature], member

# EXHIBIT INDEX

# EX. 2

<u>TAKE NOTICE</u>

County of Cook
Date Premises Sold January 7, 2014
Certificate No. 13S-0000933
Sold for General Taxes of 2009-2011
Sold for Special Assessment of (Municipality) and
Special assessment number -- Not Applicable
Warrant No. -- Not Applicable Inst. No. -- Not Applicable

<u>THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES</u>

Property location - 7411 South Stony Island Avenue, Chicago, Illinois

Permanent Index No. 20-25-131-004-0000

  This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on July 7, 2014.

  This notice is also to advise you that a petition will be filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before July 7, 2014.

  At the date of this notice the total amount which you must pay in order to redeem the above property is $281,196.45 plus any and all statutory penalties, interest and costs.

<u>YOU ARE URGED TO REDEEM IMMEDIATELY TO
PREVENT LOSS OF PROPERTY</u>

  Redemption can be made at any time on or before July 7, 2014 by applying to the County Clerk of Cook County, Illinois at the County Court house in Chicago, Illinois.

  The above amount is subject to increase at six month intervals from the date of sale. Check with the County Clerk as to the exact amount you owe before redeeming. Payment must be made by certified check, cashier's check, money order, or in cash.

<u>FOR FUTHER INFORMATION CONTACT THE COUNTY CLERK.</u>

Address: 118 North Clark Street, 4th Floor, Chicago, IL 60602
Telephone: (312) 603-5645

Gammadock, LLC
Purchaser or Assignee

Dated: April 23, 2014

Mail To: Rufus Cook Attorney
   7411 S Stony Island
   Chicago, IL 60649-3613

# 13S-9008

EXHIBIT ___C___

Ex. 2

# EXHIBIT INDEX

# EX. 3



Ct. date: January 28, 2014

STATE OF ILLINOIS )
                  )SS
COUNTY OF C O O K)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE APPLICATION OF THE
COUNTY TREASURER OF COOK COUNTY, ILLINOIS
GENERAL TAXES FOR THE YEARS 2009-2011

2014COTD002592
CALENDAR/ROOM S
TIME 00100
Tax Deed

PETITION OF Stonedry, LLC
FOR TAX DEED

)
)
)

## PETITION FOR TAX DEED

NOW COMES Stonedry, LLC, Petitioner, by MICHAEL J. WILSON & ASSOCIATES, P.C., attorneys and says:

1.    On January 7, 2014, Gammadock, LLC purchased the following described real estate: Permanent Index No. 20-25-131-004-0000 also known as:

SEE ATTACHED FOR LEGAL DESCRIPTION

Property located at:    7411 South Stony Island Avenue, Chicago, Illinois

at the tax sale held on said date by the County Treasurer of Cook County Illinois, which sale was held in accordance with the judgment of this court duly entered in such case made and provided.

2.    That certificate of purchase No. 13S-0000933 was issued and delivered to Gammadock, LLC, which sold, assigned, and transferred said certificate to, Petitioner, which now owns said certificate. A copy of said certificate is attached hereto as an exhibit.

3.    The said parcel of real estate has not been redeemed from said tax sale and the time for redemption will expire on January 8, 2015. All taxes and special assessments which become due and payable on said parcel of real estate subsequent to the date of said sale and prior to and including the date of filing this Petition will be redeemed. Prior to the entry of an Order Directing the County Clerk to Issue a tax deed, all other taxes and special assessments falling due on said parcel of real estate between the date of filing this Petition and the date of said order, if any, will be redeemed.

4.    All notices required by law to be given will be given prior to the entry of an Order Directing the Issuance of a Tax Deed on said parcel of real estate and due proof will be made of the giving of such notice.

Ex. 3

LOTS 20 AND 21 IN BLOCK 14 IN PLATT'S SUBDIVISION OF LOTS 14 AND 16 OF CONRAD SEIPP'S SUBDIVISION OF THE WEST 1/2 OF THE NORTHWEST 1/4 OF SECTION 25, TOWNSHIP 38 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

5.      Upon compliance with all the provisions of law relating thereto, Petitioner will be entitled to the entry of an Order Directing the County Clerk to Issue a Tax Deed conveying the said parcel of real estate to Petitioner unless redemption is made at the time and in the manner provided by law.

WHEREFORE, PETITIONER PRAYS as follows:

(a)      That the court may enter an Order Directing the County Clerk to Issue a Tax Deed conveying the above described parcel of real estate to Petitioner in the event said parcel of real estate is not redeemed within the time and in the manner provided by law.

(b)      That the court may issue an Order for Possession to put the Petitioner as grantee of said tax deed in possession of said parcel of real estate.

(c)      That the court may enter such orders as may be necessary or desirable to maintain Petitioner as grantee of said tax deed in possession of said parcel of real estate.

Stonedry, LLC
Petitioner

By: _____

Michael J. Wilson, its attorney

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson – 27787
Attorneys for Petitioner
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
(312) 781-9510

# 13S-9008

STATE OF ILLINOIS )
                   ) SS.    CERTIFICATE NO.    13S-0000933
COUNTY OF C O O K  )

CERTIFICATE OF PURCHASE
FOR GENERAL TAXES TWO OR MORE YEARS DELINQUENT,
PURSUANT TO SECTIONS 21-145 AND 21-260 OF THE ILLINOIS
PROPERTY TAX CODE

I, DAVID D. ORR , County Clerk in and for the County
and State aforesaid, DO HEREBY CERTIFY THAT GANNADOCK LLC
did on the day hereinafter set forth, purchase at public auction,
at the courthouse in Chicago, the property designated by the
permanent real estate index number hereinafter set forth, situated
in said County, said property being delinquent in the principal
sum and for the tax years hereinafter set forth together with
statutory penalties, interest and costs thereon, and paid as
purchase money on said property the sum hereinafter set forth,
such sum being the highest bid for cash received at the auction
of such property pursuant to Sections 21-145 and 21-260 of the
Illinois Property Tax Code.

VOLUME 262      PERMANENT INDEX NUMBER  20-25-131-004-0000

TAX YEARS DELINQUENT  09-11
TOTAL PRINCIPAL AMOUNT DUE        207,506.37  plus statutory
penalties, interest and costs thereon.
DATE OF SALE  01-07-14  AMOUNT OF SUCCESSFUL BID        2,000.00

STATUTORY TREASURER FEES                                 190.00
STATUTORY CLERK FEES                                      30.00
                                        TOTAL          2,220.00

The aforesaid purchaser having complied with the provisions
of law applicable to such sales so as to be entitled to a
certificate of purchase, on   MARCH   14, 2014, the Circuit
Court of Cook County entered an order confirming the sale of the
aforesaid property.

If the aforesaid property is not redeemed in the manner and
within the time provided by law, said purchaser, his heirs or
assigns shall be entitled, upon application and compliance with
the Illinois Property Tax Code, to receive a deed to said
property, provided, that unless the holder of this certificate
shall take out said deed and file the same for record within one
year after the time for redemption expires, the said certificate
of deed, and the sale on which it is based, shall, from and after
the expiration of such one year, be absolutely null.

WITNESS my hand and the official seal at CHICAGO in said
County this 19TH day of    MARCH    , A.D. 2014.

countersigned:

Maria Pappas

David D. Orr

County Treasurer and Ex-Officio Collector          County Clerk of Cook County
of Cook County

Ct. date: January 28, 2015

2014 JUL -9

DOROTHY
CLERK OF CIRL
COUNTY O:

STATE OF ILLINOIS )
)SS
COUNTY OF C O O K)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE APPLICATION OF THE )
COUNTY TREASURER OF COOK COUNTY, ILLINOIS )
GENERAL TAXES FOR THE YEARS 2009-2011 )

PETITION OF Stonedry, LLC
FOR TAX DEED

20146COTB002392
CALENDAR/ROOM 8
TIME 00:00
Tax Deed

PETITION FOR TAX DEED

NOW COMES Stonedry, LLC, Petitioner, by MICHAEL J. WILSON & ASSOCIATES, P.C., attorneys and says:

1. On January 7, 2014, Gammadock, LLC purchased the following described real estate: Permanent Index No. 20-25-131-004-0000 also known as:

SEE ATTACHED FOR LEGAL DESCRIPTION

Property located at: 7411 South Stony Island Avenue, Chicago, Illinois

at the tax sale held on said date by the County Treasurer of Cook County Illinois, which sale was held in accordance with the judgment of this court duly entered in such case made and provided.

2. That certificate of purchase No. 13S-0000933 was issued and delivered to Gammadock, LLC, which sold, assigned, and transferred said certificate to, Petitioner, which now owns said certificate. A copy of said certificate is attached hereto as an exhibit.

3. The said parcel of real estate has not been redeemed from said tax sale and the time for redemption will expire on January 8, 2015. All taxes and special assessments which become due and payable on said parcel of real estate subsequent to the date of said sale and prior to and including the date of filing this Petition will be redeemed. Prior to the entry of an Order Directing the County Clerk to Issue a tax deed, all other taxes and special assessments falling due on said parcel of real estate between the date of filing this Petition and the date of said order, if any, will be redeemed.

4. All notices required by law to be given will be given prior to the entry of an Order Directing the Issuance of a Tax Deed on said parcel of real estate and due proof will be made of the giving of such notice.

5.    Upon compliance with all the provisions of law relating thereto, Petitioner will be entitled to the entry of an Order Directing the County Clerk to Issue a Tax Deed conveying the said parcel of real estate to Petitioner unless redemption is made at the time and in the manner provided by law.

WHEREFORE, PETITIONER PRAYS as follows:

(a)    That the court may enter an Order Directing the County Clerk to Issue a Tax Deed conveying the above described parcel of real estate to Petitioner in the event said parcel of real estate is not redeemed within the time and in the manner provided by law.

(b)    That the court may issue an Order for Possession to put the Petitioner as grantee of said tax deed in possession of said parcel of real estate.

(c)    That the court may enter such orders as may be necessary or desirable to maintain Petitioner as grantee of said tax deed in possession of said parcel of real estate.

Stonedry, LLC
Petitioner

By:   _____

Michael J. Wilson, its attorney

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson – 27787
Attorneys for Petitioner
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
(312) 781-9510

# 13S-9008

STATE OF ILLINOIS )
                  ) SS     CERTIFICATE NO.    13S-0000933
COUNTY OF C O O K )

CERTIFICATE OF PURCHASE
FOR GENERAL TAXES TWO OR MORE YEARS DELINQUENT,
PURSUANT TO SECTIONS 21-145 AND 21-260 OF THE ILLINOIS
PROPERTY TAX CODE

I, DAVID D. ORR , County Clerk in and for the County and State aforesaid, DO HEREBY CERTIFY THAT GAMMADOCK LLC did, on the day hereinafter set forth, purchase at public auction at the courthouse in Chicago, the property designated by the permanent real estate index number hereinafter set forth, situated in said county, said property being delinquent in the principal sum and for the tax years hereinafter set forth together with statutory penalties, interest and costs thereon, and paid as purchase money on said property the sum hereinafter set forth, such sum being the highest bid for cash received at the auction of such property pursuant to Sections 21-145 and 21-260 of the Illinois Property Tax Code.

VOLUME  262     PERMANENT INDEX NUMBER   20-25-131-004-0000

TAX YEARS DELINQUENT  09-11
TOTAL PRINCIPAL AMOUNT DUE        207,506.37  plus statutory penalties, interest and costs thereon.
DATE OF SALE  01-07-14 AMOUNT OF SUCCESSFUL BID      2,000.00

STATUTORY TREASURER FEES                              190.00
STATUTORY CLERK FEES                                   30.00
                                      TOTAL          2,220.00

The aforesaid purchaser having complied with the provisions of law applicable to such sales so as to be entitled to a certificate or purchase, on  MARCH   14, 2014, the Circuit Court of Cook County entered an order confirming the sale of the aforesaid property.

If the aforesaid property is not redeemed in the manner and within the time provided by law, said purchaser, his heirs or assigns shall be entitled, upon application and compliance with the Illinois Property Tax Code, to receive a deed to said property; provided, that unless the holder of this certificate shall take out said deed and file the same for record within one year after the time for redemption expires, the said certificate or deed and the sale on which it is based, shall, from and after the expiration of such one year, be absolutely null.

WITNESS my hand and the official seal at CHICAGO in said County this 19TH day of   MARCH   , A.D. 2014.

countersigned:

_Maria Pappas_

_David D. Orr_

County Treasurer and Ex-Officio Collector          County Clerk of Cook County
        of Cook County

# EXHIBIT INDEX

# EX. 4

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC.    )    Court Date:   January 28, 2015
                                )
                                )    CASE NO.    2014COTD002392
PETITION OF Stonedry, LLC         )
FOR TAX DEED                 )

## APPLICATION FOR AN ORDER DIRECTING THE COUNTY CLERK TO ISSUE A TAX DEED

Now comes Stonedry, LLC, (hereinafter referred to as "Petitioner"), by Michael J. Wilson its attorney, and applies for an Order Directing County Clerk to Issue Tax Deed and for other relief. In support thereof, Petitioner states as follows:

1.    Date of Tax Sale:    January 7, 2014

2.    Taxes Purchased:    Annual Tax Sale, Years Purchased    N/A

                              Scavenger Tax Sale, Years Purchased    2009-2011

                              Forfeiture Tax Sale, Years Purchased    N/A

                              Special Assessment Sold,    N/A
                                          (Municipality, Warrant, Install.)

3.    Name of Purchaser:    Gammadock, LLC

        Certificate of Purchase has been assigned as follows:    Stonedry, LLC

4.    Certificate of Purchase Number:    13S-0000933

        A copy of the certificate is attached as Exhibit "A".

5.    Permanent (Property) Index Number:    20-25-131-004-0000

6.    Property Located at:    7411 South Stony Island Avenue, Chicago, Illinois

7.    Petition for Tax Deed filed on:    July 9, 2014

        Amended Petition for Tax Deed filed on:    N/A

8.    The original period of redemption expired on:    July 7, 2014.

        The period of redemption was extended. The period of redemption, as extended, expired on    January 8, 2015

        Copies of all extensions of the period of redemption are attached hereto as Group Exhibit "B".

EX. 4

9.    The name and address of the party in whose name the taxes were last assessed as shown by the most recent tax collector's warrant books on the date the notice required by 35 ILCS 200/22-5 was   Rufus Cook Attorney, 7411 S Stony Island, Chicago, IL 60649-3613. The Notice required by said Section of the Property Tax Code was delivered to the County Clerk for mailing on April 23, 2014. A copy of said Notice is attached hereto as Exhibit "C"

10.   The parties who are owners, occupants and parties interested in the subject property are as follows:

      Rufus Cook Attorney; The Ridgeland Corporation; City of Chicago; Cook & Revak; Rufus L. Cook; Barbara J. Revak; Occupant; The 7411 Corp.;   Cook County Clerk

A copy of the evidence of search of public records is attached hereto as Exhibit 'D'.

11. The Sheriff's Notice required by 35 ILCS 200/22-10 is attached hereto as Exhibit "E". The Sheriff's returns of service indicate the following:

| Name of Party | Address of Service | Manner and Date of Serv |
|---|---|---|
| Cook County Clerk | 69 West Washington<br>Chicago, IL 60602 | Corporation<br>On July 14, 2014 |
| City of Chicago | Serve-City Clerk<br>121 North LaSalle Street<br>Chicago, IL 60602 | Corporation<br>On July 14, 2014 |
| Rufus Cook Attorney | 7411 South Stony Island Avenue<br>Chicago, IL 60649 | Not Served (called phone nu<br>listed-female refused name–<br>building is vacant)<br>On August 23, 2014//<br>Certified Mail (signed for<br>Barbara Revak)<br>Delivered on August 29, 2(<br>(per United States Postal Se<br>Website) |

| Name of Party | Address of Service | Manner and Date of Ser |
|---|---|---|
| Barbara J. Revak | 7411 South Stony Island Avenue Chicago, IL 60649 | Not Served (called phone n listed-female refused name building is vacant) On August 23, 2014// Certified Mail (signed for Barbara Revak) Delivered on August 29, 2 (per United States Postal S Website) |
| Occupant | 7411 South Stony Island AvenueChicago, IL 60649 | Not Served (called phone n listed-female refused name building is vacant) On August 23, 2014// Certified Mail (signed for Barbara Revak) Delivered on August 29, 2 (per United States Postal S Website) |
| The 7411 Corp. | 7411 South Stony Island Avenue Chicago, IL 60649 | Not Served (called phone n listed-female refused name building is vacant) On August 23, 2014// Certified Mail (return card m from court file) Delivered on August 29, 2 (per United States Postal S Website) |

12. The Clerk's Notice required by 35 ILCS 200/22-25 was placed with the Clerk of the

Circuit Court of Cook County . A copy of said notice is attached hereto as Exhibit

"F".

13. The Publication Notice required by 35 ILCS 200-22-20 was published in the Chicago

Daily Law Bulletin, a newspaper in Cook County, Illinois on July 21, 2014; July 22,

2014; and July 23, 2014. A copy of the Certificate of Publication is attached hereto

as Exhibit "G".

STATE OF ILLINOIS )
                  ) ss
COUNTY OF COOK  )

### NOTICE EXTENDING PERIOD OF REDEMPTION

VOLUME:    262

PERMANENT INDEX NUMBER:    20-25-131-004-0000

YEARS SOLD:    2009-2011    2013 Scavenger Tax Sale

DATE OF SALE:    January 7, 2014

CERTIFICATE OF SALE NO.:    13S-0000933

EXTENDED REDEMPTION DATE:    November 14, 2014

To: COUNTY CLERK OF COOK COUNTY, ILLINOIS

MICHAEL J. WILSON states that:

1.    The undersigned is the attorney for the owner and holder of the
      Certificate of Sale for the Tax Sale above mentioned covering the above
      stated Volume and Permanent Index Number.

2.    The undersigned further states that the owner and holder of said
      Certificate of Sale does hereby extend the time of redemption to and including the date
      indicated above in accordance with the provisions of the Property Tax Code of 1993, as
      amended.

MICHAEL J. WILSON & ASSOCIATES, P.C.
Attorneys for Purchaser/Assignee
309 West Washington, Suite 1200
Chicago, Illinois 60606
312 – 781-9510

This notice was served upon the
County Clerk of Cook County on

5/15/14

# 13S-9008

EXHIBIT B

RECEIVED BY
COOK CO. CLERK'S OFFIC
MAY 1 5 2014
DAVID ORR
TAX REDEMPTION



## Thomson Abstract COMPANY

309 West Washington Street
Chicago, IL 60606
info@thomsonabstract.com
312.223.0605

## Tract Search Report

ared for:

Order ID: 14-6237

chael J. Wilson & Associates, P.C.
9 West Washington Street
icago, IL 60606

Effective Date: 5/13/2014

Re: 20-25-131-004-0000/Stonedry, LLC/13S-9008

ds:

1) Deed Type: Deed
   Document No: 0525839106
   Grantor: Cook County Clerk
   Grantee: Sarah Ayers
   Date: 9/15/2005
   Recorded: 9/15/2005

2) Deed Type: Quit Claim Deed
   Document No: 0631022028
   Grantor: Sarah Ayers
   Grantee: The Ridgeland Corporation
   Date: 10/18/2005
   Recorded: 11/6/2006

Based on the above information, the title appears to be held by The Ridgeland Corporation.

Encumbrances:

1) Litigation
   File Date: 1/17/2007
   Case No.: (case number not shown)
   Plaintiff: W.F.T. Trust
   Defendant: United Legal Foundation, et al
   Lis Pendens: Document No. 0701734061 recorded 1/17/2007

EXHIBIT D

P.I.N: **20-25-131-004-0000**

Current Tax Year: 2013

First Installment:         Amount: $44,652.35
                           Status:  Paid

Second Installment:        Amount: $0.00
                           Status:  Not Billed

Taxes for the year 2012 are delinquent in the amount of $96,388.19, subject to the 2012 annual tax sale.

Previous Year's Taxes

**Year:**    **1993**       Forfeited
**Amount:**  **$4,702.78**

Previous Year's Taxes

**Year:**    **1994**       Forfeited
**Amount:**  **$4,558.91**

Previous Year's Taxes

**Year:**    **1995**       Forfeited
**Amount:**  **$4,622.22**

Order ID:    14-6237

Page 4 of 4

## Previous Year's Taxes

| | | Original Tax Buyer Purchase | |
|---|---|---|---|
| Year: | **2013** | Sale Type: | Scavenger |
| Amount: | **$2,220.00** | Date of Sale: | 1/7/2014 |
| | | Purchaser: | Gammadock, LLC |
| | | Sale Status: | Complete |

## Property Description:

**P.I.N.:**                                    Commonly known as:

20-25-131-004-0000                   Chicago, IL

Legal Description:

**Please see attached documents for legal description.**

## Terms and Conditions:

Thomson Abstract Company has prepared this search based upon its research of the public records. Search requests processed by Thomson Abstract Company are made on behalf and solely for the benefit of the applicant of said search request and shall not be resold or redistributed to third parties.

The Tract Index Search is based upon searches of the public records. Recorded documents which do not contain a legal description or a permanent index number, including deeds or mortgages, are not posted to the public records and will not be disclosed by this search. Requests based on a common street address will be reconciled with legal description and permanent index number as they appear on recorded deeds and mortgages only.

THOMSON ABSTRACT COMPANY RESERVES THE RIGHT TO NOT PROCESS A SEARCH BASED ON ITS COMPLEXITY.

The Judgment and Miscellaneous search is based on a search of public records. The spelling of the names searched will be as furnished by applicant of said search or as disclosed on a Tract Index Search if requested. If a Tract Index Search is requested in conjunction with the Judgment and Miscellaneous search, only the name of the grantee(s) contained in the last deed of conveyance will be searched if a specific name to be searched is not furnished. This search does not show Judgments unless a transcript, certified copy, or Memorandum of Judgment has been filed in the Recorder of Deeds office in the county that the search request has been made. No search has been made of the index in the District Office of the Internal Revenue Service. Only those matters filed in the office in the county that the search request has been made will be disclosed.

The Real Estate Tax Search is based on a search of the county tax records or information obtained from the county tax records and compiled by Thomson Abstract Company. Information provided is based on the availability of said information from the various county governments.

This search is not a Title Insurance Policy, Guarantee, or Opinion of Title and should not be relied upon as such. Thomson Abstract Company does not analyze instruments for legal sufficiency. Instruments are posted to the tract or name indices and reported by searchers based on the characterization of the instrument by its preparer.

All search products are uninsured and offer no liability coverage or errors and omissions coverage.

Search fees shall be payable within 30 days upon receipt of the search products. Search requests will not be processed if fees for previous search products are unpaid and delinquent.

U.S. Fair Credit Reporting Act statement:

This search is furnished by Thomson Abstract Company for the purposes of providing information relative to the record ownership of the subject property and without regard to the credit worthiness of the particular parties who have owned or possessed the land during the search period.



To: Rufus Cook Attorney; The Ridgeland Corporation; City of Chicago; Cook & Revak; Rufus L. Cook; Barbara J. Revak; Occupant; The 7411 Corp.; occupants or persons in actual possession of real estate hereinafter described; County Clerk of Cook County, Illinois; unknown owners and parties interested in said real estate.

TAX DEED NO. 2014COTD002392                    Filed   July 9, 2014

## TAKE NOTICE

County of Cook
Date Premises Sold January 7, 2014
Certificate No. 13S-0000933
Sold for General Taxes of 2009-2011
Sold for Special Assessment of (Municipality) and
Special assessment number (Not Applicable)
Warrant No. (Not Applicable) Inst. No. (Not Applicable)

## THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES

Property located at:   7411 South Stony Island Avenue, Chicago, Illinois
Property Index No. 20-25-131-004-0000

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on January 8, 2015.

The amount to redeem is subject to increase at 6-month intervals from the date of sale and may be further increased if the purchaser at the tax sale or his or her assignee pays any subsequently accruing taxes or special assessments to redeem the property from subsequent forfeitures or tax sales. Check with the County Clerk as to the exact amount you owe before redeeming.

This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before January 8, 2015.

This matter is set for hearing in the Circuit Court of Cook County, in Courtroom 1704, Richard J. Daley Center, 50 West Washington, Chicago, Illinois, 60602 on January 28, 2015 at 9:30 a.m.

You may be present at this hearing but your right to redeem will already have expired at that time.

**YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY**
Redemption can be made at any time on or before January 8, 2015 by applying to the County Clerk of Cook County, Illinois at the County Court House in Chicago, Illinois.

For further information contact the County Clerk
Address: 118 North Clark Street, 4th Floor, Chicago, IL 60602
Telephone: (312) 603-5645
Stonedry, LLC

MICHAEL J. WILSON & ASSOCIATES
Michael J. Wilson
Attorneys at Law
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
312- 781-9510

Purchaser or Assignee
Dated July 9, 2014

#13S-9008                              EXHIBIT ___K___

# C TIFICATE OF PUBLICATION

**Case No. 2014COTD002392**

20-25-131-004-0000

## LAW BULLETIN PUBLISHING CO.

does hereby certify that it is the publisher of

## · CHICAGO DAILY LAW BULLETIN

that said **CHICAGO DAILY LAW BULLETIN** is a secular newspaper that has been published **DAILY** in the City of Chicago, County of Cook, State of Illinois, continuously for more than one year prior to the first date of publication of the notice, appended, that it is of general circulation throughout said County and State, that it is a newspaper as defined in "An Act to revise the law in relation to notices," as amended, Illinois Compiled Statutes (715 ILCS 5/1 & 5/5), and that the notice appended was published in the said **CHICAGO DAILY LAW BULLETIN** on Jul 21, 22, 23, 2014

In witness thereof, the undersigned has caused this certificate to be signed and its corporate seal affixed at Chicago, Illinois.

**JULY 23, 2014**

LAW BULLETIN PUBLISHING CO.

By 



I 6 1 7 4 7 1

To: Rufus Cook Attorney; The Ridgeland Corporation; City of Chicago; Cook & Revak; Rufus L. Cook; Barbara J. Revak; Occupant; The 7411 Corp.; occupants or persons in actual possession of real estate hereinafter described; County Clerk of Cook County, Illinois; unknown owners and parties interested in said real estate. TAX DEED NO. 2014COTD002392 Filed July 9, 2014
TAKE NOTICE

County of Cook
Date Premises Sold January 7, 2014
Certificate No. 13S-0000933
Sold for General Taxes of 2009-2011
Sold for Special Assessment of (Municipality) and
Special assessment number (Not Applicable)
Warrant No. (Not Applicable) Inst. No. (Not Applicable)
THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES
Property located at 7411 South Stony Island Avenue, Chicago, Illinois
Property Index No. 20-25-131-004-0000
This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on January 8, 2015.
The amount to redeem is subject to increase at 6-month intervals from the date of sale and may be further increased if the purchaser at the tax sale or his or her assignee pays any subsequently accruing taxes or special assessments to redeem the property from subsequent forfeitures or tax sales. Check with the County Clerk as to the exact amount you owe before redeeming.
This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before January 8, 2015.
This matter is set for hearing in the Circuit Court of Cook County, in Courtroom 1704, Richard J. Daley Center, 50 West Washington, Chicago, Illinois, 60602 on January 28, 2015 at 9:30 a.m.
You may be present at this hearing but your right to redeem will already have expired at that time.
YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY
Redemption can be made at any time on or before January 8, 2015 by applying to the County Clerk of Cook County, Illinois at the County Court House in Chicago, Illinois.
For further information contact the County Clerk
Address: 118 North Clark Street, 4th Floor, Chicago, IL 60602
Telephone: (312) 603-5645
Stonedry, LLC
Purchaser or Assignee
Dated July 9, 2014
I617471
Jul 21, 22, 23, 2014

EXHIBIT ___ G

9

# EXHIBIT INDEX

# EX. 5

Appearance      (07/12/13) CCCO 0205

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE PETITION OF:

Stonedry, LLC       No. 2014 COTD 002392

Petitioner

     Calendar

Respondent

## APPEARANCE

### I. ☐ BY COUNSEL

I HEREBY ENTER THE APPEARANCE
The Ridgeland Corp., Cook, Revak & Associates Ltd.
of Rufus Cook, pro se, Barbara J. Revak, The 7411 Corp., and 7411 Services Corp.

( Insert party's name )

AND MY OWN AS

☐ Initial Counsel of Record
☐ Substitute Counsel - (Petitioner)
☐ Substitute Counsel - (Respondent)

☐ Additional Counsel - (Petitioner)
☐ Additional Counsel - (Respondent)
☐ Rule 707 Out-of-State Counsel (pro hac vice)
☐ Other _____
        (Specify)

IN THE ABOVE MATTER

_Barbara Revak_ _____
       Attorney's Signature

### II. ☐ PRO SE

I, Rufus Cook _____, HEREBY ENTER MY APPEARANCE IN THE
ABOVE MATTER.

_____
       Respondent's Signature

III. A copy of this document must be served on all parties not been found by the Court to be in default either by personal service or by U.S. Mail, properly addressed, with first class postage prepaid. Service by mail is complete four (4) days after mailing.

If by Attorney:

Name: Bruce L. Cook, Barbara Revak

Address: 7411 S. Stony Island

City/State/Zip Code: Chicago, IL 60649

Telephone: (773) 752 - 2000

Attorney Code Number: 39081, 58121

Email address: cook-revak@ameritech.net, blcook@lblc.com

If Pro Se:

Name: Rufus Cook

Address: 7411 S. Stony Island

City/State/Zip Code: Chicago, IL 60649

Telephone: (773) 752-2000

Pro Se Number: 99500

Email address: cook-revak@ameritech.net

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Page 1 of 1

# EXHIBIT

# INDEX

# EX. 6

STATE OF ILLINOIS ) ORIGINAL COP

              ) SS:

COUNTY OF C O O K )

   IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

      COUNTY DEPARTMENT - COUNTY DIVISION

IN THE MATTER OF THE APPLICATION )

OF THE COUNTRY TREASURER AND    )

EX-OFFICIO COUNTY COLLECTOR OF  )

COOK COUNTY, ILLINOIS, FOR      ) No.  14 CoTD 2392

JUDGMENT AND ORDER OF SALE AGAINST)

LANDS AND LOTS UPON WHICH ALL OR )

A PART OF THE GENERAL TAXES FOR  )

TWO OR MORE YEARS ARE DELINQUENT )

PURSUANT TO THE PROPERTY TAX CODE.)

                      )

STONEDRY, LLC,            )

     Petitioner.        )


      REPORT OF PROCEEDINGS at the hearing

of the above-entitled case, before the Honorable

MARGARITA T. KULYS HOFFMAN, Judge of said Court,

on the 8th day of February, 2015, at the hour of

9:30 o'clock a.m.

   PRESENT:

      MICHAEL J. WILSON,

       on behalf of the Petitioner.


Reported By: Analisa McDermott, CSR, RPR, CRR

License No.: 084-003620

                             1

Ex. 6

1    MR. WILSON: Michael Wilson on behalf of

2  the Petitioner. Your Honor, I do have a witness

3  present in court who's previously been sworn. I

4  would ask that the record reflect that he is still

5  considered under oath.

6    THE COURT: You are still under oath, sir.

7    THE WITNESS: Yes.

8    MR. WILSON: Thank you. Your Honor, this

9  cause comes on to be heard upon the petition of

10  Stonedry, LLC, for tax deed regarding property

11  known by Permanent Index No. 20-25-131-004-0000

12  which was sold at the 2013 Scavenger sale on

13  January 7th of 2014 for the delinquent 2009 through

14  2011 general real estate taxes to Gammadock, LLC.

15    Certificate No. 13S-0000933 was issued to

16  Gammadock LLC, as evidence of said sale, and that

17  certificate was sold, assigned, and transferred to

18  Stonedry, LLC, on April 7th, 2014.

19    Your Honor, this morning we do not have

20  the original Certificate of Purchase in court. For

21  purposes of today's prove-up, we would request that

22  the copy of the Certificate of Purchase which is

23  attached to our Petition for Tax Deed be admitted

24  into evidence as Petitioner's Exhibit No. 1 and

2

1    that we be given leave to present the Court with

2    the original and a double-sided photocopy at the

3    time that we present all necessary supplemental

4    documentation in this case.

5         THE COURT:  All right.  That's granted.

6         MR. WILSON:  Thank you.  Your Honor, to

7    the best of our knowledge, there are no minors,

8    incompetents, or decedents' estates involved in

9    the subject property.

10        The period of redemption was extended on

11   two occasions.  On May 15th of 2014, the period of

12   redemption was extended to November 14th of 2014,

13   and on July 9th of 2014, the period of redemption

14   was extended to January 8th of 2015 which was the

15   ultimate expiration of the period of redemption.

16        At this time I do present the original

17   notices extending the period of redemption to

18   the Court and ask for leave to withdraw same and

19   substitute the copies which are attached to the

20   application as Exhibit B.

21        THE COURT:  That's granted.

22        MR. WILSON:  Thank you.  Subsequent to

23   January 8th of 2015, we did check the 2013

24   Scavenger judgment and sale records and determined

3

1    there had been no redemption from the tax sale.

2              Pursuant to Section 22-5 of the Property

3    Tax Code, notice was lodged with the Cook County

4    Clerk's Office on April 23rd of 2014.  I present

5    the original 22-5 take notice bearing the County

6    Clerk's green stamp to the Court and ask for leave

7    to withdraw same and substitute the copy which is

8    attached to the application as Exhibit C.

9        THE COURT:  That's granted.

10       MR. WILSON:  Thank you.  Your Honor, at this

11   time I would call my witness.

12              ANDRES SCHCOLNIK,

13   called as a witness on behalf of the Petitioner

14   herein, having first been duly sworn on oath, was

15   examined and testified as follows:

16              DIRECT EXAMINATION

17   BY MR. WILSON:

18       Q.   Sir, could you please state your full name

19   and address for the record?

20       A.   Andres Schcolnik.  I live at 2035 West

21   Giddings Street in Chicago.

22       Q.   What is your affiliation with the

23   Petitioner, Stonedry, LLC?

24       A.   I'm a member.

                                              4

1     Q.   And are you familiar with the property

2  which is the subject of this proceeding?

3     A.   I am.

4     Q.   Did you inspect that property during the

5  notice-serving period which extended from July 9th

6  of 2014 through and including October 8th of 2014?

7     A.   I did.

8     Q.   And do you remember the date that you --

9     A.   The 24th of July 2014 is when I inspected

10  it.

11     Q.   Did you locate the subject property by use

12  of a Sidwell map and measuring wheel?

13     A.   I did.

14     Q.   And is the subject property located

15  at 7411 South Stony Island Avenue in Chicago,

16  Illinois?

17     A.   It is.

18     Q.   At the time of your inspection, was there

19  any improvement located on the subject property?

20     A.   There is.

21     Q.   What type of improvement?

22     A.   This is a mid-rise stone and brick

23  building, probably seven stories high.  It's hard

24  to tell because the size of the stories is not the

5

1    typical height, but it's probably seven stories.

2           It occupies the complete parcel from

3    boundary to boundary.  It has two doors in the

4    front.  There are a total -- I could see a total

5    of three signs on the property.  There's one posted

6    on the southern wall of the property that reads

7    managed by 7411 Corp. at the address of 7411 South

8    Stony Island, Chicago 60649 with a telephone number

9    of (773) 752-2000.

10           There are signs posted in either --

11    in both of the two doors.  One advertises loft

12    office space for rent, same phone number, same

13    address, and then there's a smaller sign on

14    the other door that says, for access, call --

15    and it says that number.  I could go on with a

16    description.

17        THE COURT:  So is it a commercial building or

18    mixed use?

19        THE WITNESS:  The ground floor is an office.

20    From a previous visit, I believe it's a law

21    office.  And the top floor, from my understanding

22    from talking to a neighbor, is a warehouse.

23        THE COURT:  And in between?

24        THE WITNESS:  No, nothing in between.  So first

6

1   floor, office, and then all warehouse. I have not

2   been inside.

3   BY MR. WILSON:

4      Q.   Were you able to determine whether it was

5   occupied?

6      A.   Yes because the couple of times that I

7   rang the bell, I saw people coming in. I actually

8   talked to what seemed to be a secretary, a woman,

9   African American in her 40s.

10      Q.   Did you inquire with her as to occupants

11   or any information regarding the subject property?

12      A.   In one of my visits, somebody did give me

13   a business card that said law firm. I do remember

14   that. So it was clearly occupied -- at least a

15   portion of it on the ground floor.

16      Q.   And did you speak to any neighbors or have

17   any other information regarding the property?

18      A.   I spoke to the -- what seemed to be the

19   owner of the -- or the manager of the property to

20   the south side -- not immediately adjacent because

21   a vacant lot separates them -- and the vacant lot

22   seems to be part of the property in question.

23         But I talked to the manager or the owner

24   of the mechanic shop. It's a Midas, I believe,

7

1    shop -- let me look at my notes -- yes, Midas

2    Auto.  I spoke with Bob Rich, manager of the

3    Midas Auto Service, and he did mention the name

4    of a Rufus Cook who owned that property.

5           He said that the inside of the building

6    has elevators to lift semi-trucks to the higher

7    floors.  That's all that he said.  I did not verify

8    or contest any of what he said.

9    Q.    Do you have any other information from

10   your inspection report or from your trips to the

11   subject property that you would like to share with

12   the Court?

13   A.    In the back, there are two large doors,

14   metal doors, the ones that open -- roll-up doors,

15   I believe they're called.  They've got to be at

16   least 11 feet tall, as if heavy equipment or large

17   equipment went out there.  There's two of those in

18   the back on the alley side.  That's really all the

19   comments that I have.

20   Q.    And one other question that I have for

21   you.  When you say that you rang the bell, was

22   that -- did you call the number that was posted

23   for access; is that what you meant by ringing the

24   bell, or is there an actual bell there to ring?

8

1     A.   No, I did both.  I either rang the bell

2   or knocked on the door -- I can't remember -- but

3   I did communicate with somebody.  And I also called

4   that number and did not get a response.

5       MR. WILSON:  Your Honor, I do not have any

6   further questions for my witness at this time.

7       THE COURT:  Thank you.

8       MR. WILSON:  Your Honor, attached to the

9   application as Exhibit D is a tract search report

10  from Thompson Abstract Company which indicates

11  that the owner of the property is The Ridgeland

12  Corporation.  That is the only other matter that

13  is on here that --

14      THE COURT:  Who is Rufus Cook; the registered

15  agent?

16      MR. WILSON:  Rufus Cook is -- I'll get

17  into Rufus Cook in a second.  There was a --

18  some litigation that -- WFT Trust versus United

19  Legal Foundation, et al., which the tract search

20  indicates.  The case number was not shown.

21          I was able to find that through my own

22  search through the Clerk of the Court and that case

23  was dismissed so it's not -- you know, there's

24  nothing relevant in regard to that.  And then there

9

1   was -- the city of Chicago has an administrative

2   judgment against the subject property.

3           Rufus Cook is the -- Rufus Cook,

4   attorney, is the tax assessee. He's also the

5   registered agent and president and secretary of

6   The Ridgeland Corporation. Mr. Cook is a -- or

7   was an Illinois licensed attorney. He lost his

8   license in the last -- I believe it's the last

9   year due to discipline through the ARDC.

10          I have litigated tax deed cases with

11  Mr. Cook in the past. I know him rather well,

12  and I have a friendly relationship with him. I

13  called him in regard to this matter and another

14  matter when we were doing diligence and I spoke to

15  him and I, you know, asked for addresses, which he

16  wouldn't give me. You know, he wouldn't confirm

17  where he was located.

18          And I asked him what he was going to do

19  in regard to these matters, and he said he didn't

20  know what he was going to do. His law partner

21  is -- and I have been told, though I don't know

22  this personally -- is his wife, that she is -- his

23  wife is Barbara Revak, but she is his partner --

24  or was. I don't think they could be partners any

                                                    10

1    longer.

2              She is an Illinois licensed attorney.  I

3    looked this morning.  She is still license-active,

4    but there is a case pending with her at the ARDC.

5    I don't know what it's about.  I didn't have an

6    opportunity to inquire.  But there is an active

7    case.

8              When we were doing our diligence, The

9    Ridgeland Corporation was not in good standing.

10   That doesn't mean it's dissolved.  It just means

11   that they haven't paid and they haven't been

12   involuntarily dissolved yet.  And they're active

13   so they must have paid their fees.

14   THE COURT:  And he still is the registered

15   agent?

16   MR. WILSON:  He still -- actually I have a

17   printout from this morning from the Secretary of

18   State's office.  He's still the registered agent at

19   7330 West Ridgeland.  He's still the president and

20   secretary at the same address.

21             The reason -- because they were not

22   in good standing, we also attempted service on

23   The Ridgeland Corporation in care of the Illinois

24   Secretary of State.  That's the reason we did that

11

1   at that time.

2           In regard to occupants of the subject

3   property, knowing that Cook & Revak was the

4   partnership that they had before, we attempted

5   service on them.  I attempted service on Rufus L.

6   Cook, service on Barbara J. Revak, the generic

7   occupant, and The 7411 Corp.

8           Obviously we weren't able to get any

9   other information regarding potential occupants.

10  Mr. Schcolnik testified in regard to that -- as

11  to what efforts he made in order to determine the

12  occupants.

13          The -- as a result of the diligence in

14  this case, the inspection of the property, and the

15  tract search, notices were lodged with the Sheriff

16  of Cook County for service upon the parties that

17  I've indicated to the Court.  A copy of that notice

18  is attached to the application as Exhibit E.

19          The original Sheriff returns are part

20  of the court file.  The results of those Sheriff

21  returns are set forth in Paragraph 11 of the

22  application and indicate that -- does your Honor

23  have the court file present?

24      THE COURT:  I do.

                                                    12

1    MR. WILSON: I'm sorry. Can I see that? I may

2   want to read some certified mail into the record.

3          The Cook County Clerk's Office was served

4   on July 14th of 2014. The city of Chicago was

5   served on July 14th of 2014. Rufus Cook, attorney,

6   The Ridgeland Corporation, Cook & Revak, Rufus L.

7   Cook, Barbara J. Revak, the generic occupant, and

8   The 7411 Corp. -- all at 7411 South Stony Island

9   Avenue in Chicago -- the Sheriff's return indicates

10   not served, called phone number listed -- I'm

11   assuming that's the same number that Mr. Schcolnik

12   referred to -- female refused name, said building

13   is vacant, and certified mail was sent on August

14   23rd of 2014.

15    THE COURT: And it was signed for by Barbara

16   Revak.

17    MR. WILSON: Right. And I'll read those into

18   the record. Service on The Ridgeland Corporation

19   at 7330 South Ridgeland, the Sheriff indicated not

20   served, gate locked, dash, vacant, and certified

21   mail was sent.

22          The Ridgeland Corporation was served

23   in care of the Secretary of State's office on

24   July 14th of 2014. I believe that's all of those.

13

1          In regard to the certified mail, The

2   Ridgeland Corporation at 7411 South Stony Island

3   was signed for by Barbara Revak. It's not dated.

4   Barbara Revak at 7411 South Stony Island --

5   Ms. Revak signed that certified mail. I don't

6   think there's dates on there. The generic occupant

7   at 7411 South Stony Island, Ms. Revak signed for.

8          Ms. Revak signed another certified mail

9   return receipt card for herself at 7411. She

10  signed one at 7330 South Ridgeland and another

11  for the generic occupant at 7411 South Stony

12  Island. She signed a certified mail return receipt

13  card addressed to Revak & Cook at 7411 South

14  Stony Island Avenue.

15         She signed for Rufus L. Cook at 7411

16  South Stony Island. She signed for The 7411 Corp.

17  at 7411 South Stony Island --

18      THE COURT: Is that card in the court file?

19  Because your application says it's missing from the

20  Court's file, but it is there.

21      MR. WILSON: It is now here, yes. It says

22  The Ridgeland Corp. that she signed for -- Barbara

23  Revak signed for that at 7411 South Stony Island.

24  Rufus Cook, 7411 South Stony Island, Barbara Revak

14

incompetents
3:8
Index
2:11
indicate
12:22
indicated
12:17 13:19
  15:23
indicates
9:10,20 13:9
information
7:11,17 8:9
  12:9
inquire
7:10 11:6
inside
7:2 8:5
inspect
5:4
inspected
5:9
inspection
5:18 8:10
  12:14
involuntarily
11:12
involved
3:8
Island
5:15 6:8 13:8
  14:2,4,7,12
  14:14,16,17
  14:23,24
  15:3,7,7,8,9
  15:10,11,12
issue
16:22 17:9
issued
2:15

J

J
1:20 12:6 13:7
  18:15
January
2:13 3:14,23
Judge
1:16
judgment
1:8 3:24 10:2
judicial
16:4
July
3:13 5:5,9
  13:4,5,24
  15:14 16:13

K

K
1:3 18:2,14
knocked
9:2
know
9:23 10:11,15
  10:16,20,21
  11:5
knowing
12:3
knowledge
3:7
known
2:11
KULYS
1:16

L

L
12:5 13:6
  14:15 15:10

LANDS
1:9
large
8:13,16
law
6:20 7:13
  10:20 16:13
leave
3:1,18 4:6
  16:16 17:4
Legal
9:19
license
1:24 10:8
license-active
11:3
licensed
10:7 11:2
lift
8:6
listed
13:10
litigated
10:10
litigation
9:18
live
4:20
LLC
1:11 2:10,14
  2:16,18 4:23
locate
5:11
located
5:14,19 10:17
locked
13:20
lodged
4:3 12:15
  15:20
loft
6:11
longer
11:1
look
8:1
looked
11:3
lost
10:7
lot
7:21,21
LOTS
1:9

M

mail
13:2,13,21
  14:1,5,8,12
  16:3
mailing
16:2
mailings
15:6
managed
6:17
manager
7:19,23 8:2
map
5:12
MARGARITA
1:16
matter
1:6 9:12 10:13
  10:14 17:12
matters
10:19
McDermott
1:23 18:3
mean
11:10

means
11:10
meant
8:23
measuring
5:12
mechanic
7:24
member
4:24
mention
8:3
metal
8:14
Michael
1:20 2:1 18:15
mid-rise
5:22
Midas
7:24 8:1,3
minors
3:7
missing
14:19
mixed
6:18
morning
2:19 11:3,17

N

name
4:18 8:3 13:12
necessary
3:3
neighbor
6:22
neighbors
7:16
Notary
18:11,24
notes
8:1
notice
4:3,5 12·17
  15:24 16:1,4
notice-serving
5:5
notices
3:17 12:15
  15:20
November
3:12
number
6:8,12,15 8:22
  9:4,20 13:10
  13:11

O

O
1:3,3 18:2,2
  18:14,14
o'clock
1:18
oath
2:5,6 4:14
  18:3
Obviously
12:8
occasions
3:11
occupant
12:7 13:7 14:6
  14:11 15:10
occupants
7:10 12:2,9,12
  15:22
occupied
7:5,14
occupies
6:2

October
5:6
office
4:4 6:12,19,21
  7:1 11:18
  13:3,23
  15:17
Okay
17:12
ones
8:14
open
8:14
opportunity
11:6
order
1:8 12:11
  16:21 17:8
original
2:20 3:2,18
  4:6 12:19
  16:1,15
  17:10
owned
8:4
owner
7:19,23 9:11
owners
15:22

P

paid
11:11,13
Paragraph
12:21
parcel
6:2
part
1:9 7:22 12:19
  16:3
parties
12:16
partner
10:20,23
partners
10:24
partnership
12:4
pending
11:4
people
7:7
period
3:10,11,13,15
  3:17 5:5
Permanent
2:11
personally
10:22
petition
2:9,23
Petitioner
1:12,21 2:2
  4:13,23
  16:15
Petitioner's
2:24 16:8,24
phone
6:12 13:10
photocopy
3:2 17:10
please
4:18
portion
7:15
posted
6:5,10 8:22
potential
12:9
present
1:19 2:3 3:1,3

3:16 4:4
  12:23 16:15
  17:4,7
president
10:5 11:19
previous
6:20
previously
2:3
printout
11:17
probably
5:23 6:1
proceeding
5:2
proceedings
1:14 17:8,16
  18:16
proof
17:6
proper
17:8
property
1:10 2:10 3:9
  4:2 5:1,4,11
  5:14,19 6:5
  6:6 7:11,17
  7:19,22 8:4
  8:11 9:11
  10:2 12:3,14
  15:20,23
  16:12
prove-up
2:21
Public
18:11,24
publication
16:12,15
Purchase
2:20,22 17:11
purposes
2:21
Pursuant
1:10 4:2 15:19
  16:11

Q

question
7:22 8:20
questions
9:6

R

rang
7:7 8:21 9:1
read
13:2,17 16:7
  18:16
reading
15:2
reads
6:6
real
2:14
really
8:18
reason
11:21,24
receipt
14:9,12 16:6
recollection
18:17
record
2:4 4:19 13:2
  13:18 15:2
  16:7
records
3:24
redemption
3:10,12,13,15

3:17 4:1
referred
13:12
reflect
2:4
refused
13:12
regard
9:24 10:13,19
  12:2,10 14:1
regarding
2:10 7:11,17
  12:9
registered
9:14 10:5
  11:14,18
relationship
10:12
relevant
9:24
remember
5:8 7:13 9:2
rent
6:12
report
1:14 8:10 9:9
  18:16
Reported
1:23
reporter
18:3
request
2:21
requesting
17:4
response
9:4
result
12:13
results
12:20
return
13:9 14:9,12
  18:6
returns
12:19,21
Rewak
10:23 12:3,6
  13:6,7,16
  14:3,4,5,7,8
  14:13,23,24
  15:4,7,8,13
Rich
8:2
Ridgeland
9:11 10:6 11:9
  11:19,23
  13:6,18,19
  13:22 14:2
  14:10,22
  15:8,15
right
3:5 13:17 15:2
ring
8:24
ringing
8:23
roll-up
8:14
RPR
1:23
Rufus
8:4 9:14,16,17
  10:3,3 12:5
  13:5,6 14:15
  14:24 15:3
  15:10,11

S

sale
1:8 2:12,16

2

| | | | | | |
|---|---|---|---|---|---|
| 3:24 4:1 | 2:12,17 | 8:16 | verify | **2** | **8** |
| satisfied | somebody | tax | 8:7 | 2 | 8th |
| 17:3,6 | 7:12 9:3 | 1:10 2:10,23 | versus | 16:8 | 3:14,23 5:6 |
| saw | sorry | 4:1,3 10:4 | 9:18 | 20-25-131-0... | |
| 7:7 | 13:1 | 10:10 15:20 | visit | 2:11 | **9** |
| says | south | 16:12,22 | 6:20 | 2009 | 9:30 |
| 6:14,15 14:19 | 5:15 6:7 7:20 | 17:9 | visits | 2:13 | 1:18 |
| 14:21 18:3 | 13:8,19 14:2 | taxes | 7:12 | 2011 | 9th |
| 18:15 | 14:4,7,10,11 | 1:9 2:14 17:3 | | 2:14 | 3:13 5:5 |
| Scavenger | 14:13,16,17 | 17:6 | **W** | 2012 | |
| 2:12 3:24 | 14:23,24 | telephone | wall | 17:5 | |
| Schcolnik | 15:3,6,7,8,9 | 6:8 | 6:6 | 2013 | |
| 4:12,20 12:10 | 15:10,11,12 | tell | want | 2:12 3:23 | |
| 13:11 | southern | 5:24 | 13:2 | 2014 | |
| search | 6:6 | testified | warehouse | 2:13,18 3:11 | |
| 9:9,19,22 | space | 4:15 12:10 | 6:22 7:1 | 3:12,13 4:4 | |
| 12:15 | 6:12 | Thank | went | 5:6,6,9 13:4 | |
| second | speak | 2:8 3:6,22 | 8:17 | 13:5,14,24 | |
| 9:17 | 7:16 | 4:10 9:7 | weren't | 15:15 16:14 | |
| secretary | specifically | 15:18 16:20 | 12:8 | 2016 | |
| 7:8 10:5 11:17 | 16:6 | 17:2,14 | West | 1:17 3:14,23 | |
| 11:20,24 | spoke | thereto | 4:20 11:19 | 18:10,22 | |
| 13:23 15:16 | 7:18 8:2 10:14 | 16:23 | WFT | 2035 | |
| 15:17 | SS | think | 9:18 | 4:20 | |
| Section | 1:2 18:1,13 | 10:24 14:6 | wheel | 21st | |
| 4:2 15:19 | stamp | Thompson | 5:12 | 16:14 | |
| 16:11 | 4:6 | 9:10 | wife | 22-20 | |
| see | standing | three | 10:22,23 | 16:11 | |
| 6:4 13:1 | 11:9,22 | 6:5 | Wilson | 22-25 | |
| semi-trucks | state | time | 1:20 2:1,1,8 | 16:19 | |
| 8:6 | 1:1 4:18 11:24 | 3:3,16 4:11 | 3:6,22 4:10 | 22-5 | |
| sent | 15:16 18:1 | 5:18 9:6 | 4:17 7:3 9:5 | 4:2,5 | |
| 13:13,21 | 18:13 | 12:1 16:21 | 9:8,16 11:16 | 22nd | |
| separates | State's | 17:2,7 | 13:1,17 | 16:14 | |
| 7:21 | 11:18 13:23 | times | 14:21 15:19 | 2392 | |
| served | 15:17 | 7:6 | 16:11,20 | 1:8 | |
| 13:3,5,10,20 | stone | today's | 17:2,14 | 23rd | |
| 13:22 | 5:22 | 2:21 17:8 | 18:15 | 4:4 13:14 | |
| service | Stonedry | told | withdraw | 16:14 | |
| 8:3 11:22 12:5 | 1:11 2:10,18 | 10:21 | 3:18 4:7 16:16 | 24th | |
| 12:5,6,16 | 4:23 | top | witness | 5:9 | |
| 13:18 15:15 | Stony | 6:21 | 2:2,7 4:11,13 | | |
| 15:22 | 5:15 6:8 13:8 | total | 3:19,24 8:8 | **3** | |
| set | 14:2,4,7,11 | 6:4,4 | woman | 3 | |
| 12:21 | 14:14,16,17 | tract | 7:8 | 16:24 | |
| seven | 14:23,24 | 9:9,19 12:15 | wouldn't | | |
| 5:23 6:1 | 15:3,6,7,8,9 | transcript | 10:16,16 | **4** | |
| share | 15:10,11,12 | 17:7 18:5,17 | | 40s | |
| 8:11 | stories | transferred | **X** | 7:9 | |
| Sheriff | 5:23,24 6:1 | 2:17 | | | |
| 12:15,19,20 | Street | TREASURER | **Y** | **5** | |
| 13:19 15:2 | 4:21 | 1:7 | year | | |
| Sheriff's | subject | trips | 10:9 16:14 | **6** | |
| 13:9 | 3:9 5:2,11,14 | 8:10 | 17:6 | 60649 | |
| shop | 5:19 7:11 | true | YEARS | 6:8 | |
| 7:24 8:1 | 8:11 10:2 | 18:5,17 | 1:10 | 6th | |
| shorthand | 12:2 15:23 | Trust | | 1:17 | |
| 18:4 | SUBSCRIBED | 9:18 | **Z** | | |
| shown | 18:9,21 | two | | **7** | |
| 9:20 | subsequent | 1:10 3:11 6:3 | **0** | 7330 | |
| side | 3:22 17:3 | 6:11 8:13,17 | 084-003620 | 11:19 13:19 | |
| 7:20 8:18 | substitute | type | 1:24 | 14:10 | |
| Sidwell | 3:19 4:7 16:17 | 5:21 | | 7411 | |
| 5:12 | supplemental | typical | **1** | 5:15 6:7,7 | |
| sign | 3:3 | 6:1 | 1 | 12:7 13:8,8 | |
| 6:13 | sworn | | 2:24 | 14:2,4,7,9 | |
| signed | 2:3 4:14 18:3 | **U** | 11 | 14:11,13,15 | |
| 13:15 14:3,5,7 | 18:9,15,21 | ultimate | 8:16 12:21 | 14:16,17,23 | |
| 14:8,10,12 | | 3:15 | 13S-0000933 | 14:24 15:3,6 | |
| 14:15,16,22 | **T** | understanding | 2:15 | 15:6,7,8,9 | |
| 14:23 15:1,4 | T | 6:21 | 14 | 15:10,11,12 | |
| 15:12,16 | 1:16 | United | 1:8 | 752-2000 | |
| signs | take | 9:18 | 14th | 6:9 | |
| 6:5,10 | 4:5 16:4 | use | 3:12 13:4,5,24 | 773 | |
| sir | taken | 5:11 6:18 | 15th | 6:9 | |
| 2:6 4:18 | 17:13 | | 3:11 | 7th | |
| size | talked | **V** | 16th | 2:13,18 | |
| 5:24 | 7:8,23 | vacant | 15:14 | | |
| smaller | talking | 7:21,21 13:13 | | | |
| 6:13 | 6:22 | 13:20 | | | |
| sold | tall | | | | |

3

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )
)
) CASE NO. 2014COTD002392
PETITION OF Stonedry, LLC )
FOR TAX DEED )

**NOTICE OF MOTION**

To:    Barbara Revak                Bruce L. Cook                 Rufus Cook
       7411 South Stony Island      7411 South Stony Island       7411 South Stony Island
       Chicago, Illinois  60649     Chicago, Illinois  60649      Chicago, Illinois  60649

On _____March  4_____, 2015 at _____10: 00_____ a.m., or as soon
thereafter as counsel may be heard, I shall appear before the Honorable Judge Margarita T.
Kulys Hoffman or any judge sitting in her stead, in courtroom 1707 of the Richard J. Daley
Center, Chicago, Illinois and then and there present Proof of Payment of Subsequent Taxes,
Transcript of Proceedings, and for Entry of Order Directing County Clerk to Issue Tax Deed and
For Other Relief.

Name: MICHAEL J. WILSON & ASSOCIATES, P.C.
      Michael J. Wilson - #27787
      Attorney for Petitioner
      Address: 309 West Washington Street, Suite 1200
      City:  Chicago, Illinois 60606
      Phone:  312 781-9510
      Fax:    312 781-9511

**PROOF OF SERVICE BY MAIL**

I, Michael J. Wilson, the attorney, certify I served this notice by mailing a copy to the
abovementioned persons at the addresses stated above and depositing the same in the U.S.
mail at 309 West Washington Street, Chicago, Illinois on or before 5:00 p.m. on February 24,
2015, with proper postage prepaid.

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson - #27787
309 West Washington Street, Suite 1200
Chicago, Illinois  60606
Phone - 312-781-9510
Fax    - 312-781-9511

# EXHIBIT

# INDEX

# EX. 8

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )
)
)
PETITION OF Stonedry, LLC )
FOR TAX DEED )
) Case No. 2014 COTD 002392
)
)
)
)

## COMBINED MOTION UNDER §5/2-619.1

Respondents hereby oppose and object to the petition and application for deed filed by

Stonedry, LLC on the following grounds:

1. Sec. 2-615: Stonedry's notices, petition and application fail to comply with the

requirements of the Property Tax Code, 35 ILCS 200/22-5, 10, 20 et seq. and fail as well to

comply with relevant requirements of Cook County applicable to tax sales.

2. Sec. 2-619 (1), and (9): Stonedry lacks standing to invoke the jurisdiction of the court.

Respectfully submitted

By: _____
Barbara Revak

By: _____
Rufus Cook, *pro se*

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

In.the.Matter.of.Stonedry.Combined.Mot.BR.gb.3.30.15

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )
)
)
PETITION OF Stonedry, LLC )
FOR TAX DEED )
) Case No. 2014 COTD 002392
)
)
)
)

## NOTICE OF FILING

TO:  MICHAEL J. WILSON & ASSOCIATES, P.C.
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone: (312) 781-9510
Fax: (312) 781-9511

**PLEASE TAKE NOTICE** that on April 1, 2015, we caused to be filed with the Clerk of
the Circuit Court of Cook County, Illinois, Richard J. Daley Center, Chicago, Illinois
**COMBINED MOTION UNDER §5/2-619.1**, a copy of which is hereby served upon you.

Respectfully submitted

By: Barbara Revak
Barbara Revak

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

In.the.Matter.of.Stonedry.Not.of.Fil.Cert.of.Serv.by.Mail.re.Combined.Mot.BR.gb.3.30.15

## CERTIFICATE OF SERVICE BY MAIL

I, Barbara Revak, an attorney, hereby certify that on April 1, 2015, I caused a copy of **COMBINED MOTION UNDER §5/2-619.1** to be mailed to the above named party by depositing a copy thereof, postage prepaid, into the U.S. Postal Box located at the corner of 75th and Stony Island Avenue.

Barbara Revak
Barbara Revak

# EXHIBIT INDEX

# EX. 9

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )
)
)
PETITION OF Stonedry, LLC )
FOR TAX DEED )
) Case No. 2014 COTD 002392
)
)
)
)

## RESPONDENTS' MOTION TO EXTEND DUE DATE TO FILE
## REPLY IN SUPPORT OF THEIR "COMBINED MOTION UNDER §5/2-619.1"

Respondents hereby request a ninety day extension in which to file their Reply in support

of their "Combined Motion under §5/2-619.1", and in support hereof state as follows.

1. Respondents filed their "Combined Motion under §5/2-619.1" on April 1, 2015.

2. On April 29, 2015, Petitioner filed its Response thereto.

3. Respondents request that their Reply due date be extended in order to take discovery.

WHEREFORE: Respondents respectfully request that they be granted a ninety day

extension in which to take discovery and that the Reply date be set for 21 days thereafter.

Respectfully submitted

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081                     By: _____
Rufus Cook, *pro se*                            Barbara Revak
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151                 By: _____
Telephone No. (773) 752-2000                    Rufus Cook, *pro se*

In.the.Matter.of.Stonedry.Resp.Mot.to.Ext.Time.to.File.Reply.re.Combined.Mot.BR.gb.5.14.15

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC.     )
    )
    )
PETITION OF Stonedry, LLC     )
FOR TAX DEED     )
    ) Case No. 2014 COTD 002392
    )
    )
    )
    )

### NOTICE OF MOTION

TO:    MICHAEL J. WILSON & ASSOCIATES, P.C.
       309 West Washington Street, Suite 1200
       Chicago, Illinois 60606
       Phone: (312) 781-9510
       Fax: (312) 781-9511

    **PLEASE TAKE NOTICE** that on May 20, 2015, at 10:30 a.m. we shall appear before the Hon. James Zafiratos in room 1707 of the Richard J. Daley Center, and there and then present **RESPONDENTS' MOTION TO EXTEND DUE DATE TO FILE REPLY IN SUPPORT OF THEIR "COMBINED MOTION UNDER §5/2-619.1"**, a copy of which is hereby served upon you.

By: _____
       Barbara Revak


By: _____
       Rufus Cook, *pro se*

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000
In.the.Matter.of.Stonedry.Not.of.Mot.Cert.of.Serv.by.Mail.re.Ex.of.Time.to.File.Reply.re.Combined.Mot.BR.gb.5.14.15

## CERTIFICATE OF SERVICE BY MAIL

I, Barbara Revak, an attorney, hereby certify that on May 14, 2015, I caused a copy of **RESPONDENTS' MOTION TO EXTEND DUE DATE TO FILE REPLY IN SUPPORT OF THEIR "COMBINED MOTION UNDER §5/2-619.1"** to be mailed to the above named party by depositing a copy thereof, postage prepaid, into the U.S. Postal Box located at the corner of 75th and Stony Island Avenue.

Barbara Revak

# EXHIBIT INDEX

# EX. 10

Order

(2/24/05) CC

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

v.

No.

### ORDER

Atty. No.:

Name:

Atty. for:

Address:

City/State/Zip:

Telephone:

**ENTERED:**

Dated:

Judge

ENTERED
JUDGE JAMES A. ZAFIRATOS - 1919

MAY 2 0 2015

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY

# EXHIBIT

# INDEX

# EX. 11

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, COUNTY DIVISION**

IN THE MATTER OF APPLICATION, ETC.    )
    )
    )
PETITION OF Stonedry, LLC    )
FOR TAX DEED    )
    )  Case No. 2014 COTD 002392
    )
    )
    )
    )

**RESPONDENTS' MOTION TO WITHDRAW THEIR**
**"COMBINED MOTION UNDER §5/2-619.1"**

Respondents move to withdraw their "Combined Motion under §5/2-619.1". In its order entered May 20, 2015 the court denied Respondents' motion seeking a 90-day extension of time to conduct discovery in order to file their reply in support of the 2-619.1 motion, and denied any extension of time to reply. Respondents are therefore unable to prosecute that motion, and hereby withdraw it.

By: _____
Barbara Revak

By: _____
Rufus Cook, *pro se*

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000
In.the.Matter.of.Stonedry.Mot.to.Withdraw.Combined.Mot.BR.gb.6.2.15

EX. 11

## CERTIFICATE OF SERVICE BY TELEFACSIMILE

I, Barbara Revak, an attorney, hereby certify that on June 2, 2015, I caused a copy of **RESPONDENTS' MOTION TO WITHDRAW THEIR "COMBINED MOTION UNDER §5/2-619.1"** to be served by telefax on the above named party at telefax no. 312-781-9511.


_____
Barbara Revak

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION**

IN THE MATTER OF APPLICATION, ETC.    )
    )
    )
PETITION OF Stonedry, LLC    )
FOR TAX DEED    )
    ) Case No. 2014 COTD 002392
    )
    )
    )
    )

**NOTICE OF MOTION**

TO:   MICHAEL J. WILSON & ASSOCIATES, P.C.
     309 West Washington Street, Suite 1200
     Chicago, Illinois 60606
     Phone: (312) 781-9510
     Fax: (312) 781-9511

    **PLEASE TAKE NOTICE** that on June 5, 2015, at 10:30 a.m. we shall appear before the Hon. James Zafiratos in room 1707 of the Richard J. Daley Center, and there and then present **RESPONDENTS' MOTION TO WITHDRAW THEIR "COMBINED MOTION UNDER §5/2-619.1"**, a copy of which is hereby served upon you.

                 By: _Barbara Revak_
                      Barbara Revak

                 By: _____
                      Rufus Cook, *pro se*

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000
In.the.Matter.of.Stonedry.Not.of.Mot.Cert.of.Serv.re.Mot.to.Withdraw.Combined.Mot.BR.gb.6.2.15

# EXHIBIT INDEX

# EX. 12

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC.　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　) Case No. 2014 COTD 002392
PETITION OF Stonedry, LLC　　　　　　　　　)
FOR TAX DEED　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)

## NOTICE OF FILING

TO:　MICHAEL J. WILSON & ASSOCIATES, P.C.
　　　309 West Washington Street, Suite 1200
　　　Chicago, Illinois 60606
　　　Phone: (312) 781-9510
　　　Fax: (312) 781-9511

　　　**PLEASE TAKE NOTICE** that on June 15, 2015, we caused to be filed with the Clerk of
the Circuit Court of Cook County, Illinois, Richard J. Daley Center, Chicago, Illinois
**MEMORANDUM REGARDING WHETHER A SUCCESSOR JUDGE MAY SIGN
UNSIGNED TRANSCRIPT OF *EX PARTE* PROVE-UP MADE BEFORE
SUBSTITUTED JUDGE**, a copy of which is hereby served upon you.

　　　　　　　　　　　　　　　　　　　Respectfully submitted

　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　Barbara Revak

　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　Bruce Cook

Law Office of Barbara Revak
Attorney No. 58121　　　　　　　　　　　By: _____
Law Office of Bruce L. Cook　　　　　　　　　　Rufus Cook, *pro se*
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

In.the.Matter.of.Stonedry.Not.of.Fil.Cert.of.Serv.by.Mail.re.Memo.re.Judge.Signing.Transc.of.Prove.Up.BR.gb.6.15.15



## CERTIFICATE OF SERVICE BY MAIL

I, Barbara Revak, an attorney, hereby certify that on June 15, 2015, I caused a copy of **MEMORANDUM REGARDING WHETHER A SUCCESSOR JUDGE MAY SIGN UNSIGNED TRANSCRIPT OF *EX PARTE* PROVE-UP MADE BEFORE SUBSTITUTED JUDGE** to be mailed to the above named party by depositing a copy thereof, postage prepaid, into the U.S. Postal Box located at the corner of 75th and Stony Island Avenue.

Barbara Revak

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, COUNTY DIVISION**

IN THE MATTER OF APPLICATION, ETC.   )
   )
   ) Court Date: January 28, 2015
PETITION OF Stonedry, LLC   )
FOR TAX DEED   )
   ) Case No. 2014 COTD 002392
   )
   )
   )
   )

**MEMORANDUM REGARDING WHETHER A SUCCESSOR JUDGE**
**MAY SIGN UNSIGNED TRANSCRIPT OF *EX PARTE* PROVE-UP**
**MADE BEFORE SUBSTITUTED JUDGE**

Respondents Ridgeland Corp., Cook, Revak & Associates, Ltd., Barbara Revak, and the

7411 Corp., by their attorneys Barbara Revak and Bruce L. Cook, and Rufus Cook, *pro se* state

the following.

This Memorandum is written in response to the court's request that the parties brief the

question of whether, where a previous judge has granted a motion for substitution of right after

hearing but not signing a prove-up transcript, the successor judge may properly sign the

transcript. That question is addressed below.

**FACTS**

On January 22, 2015, Petitioner filed its "application for an order directing the county

clerk to issue a tax deed." According to the take-notice, the matter had been set for assignment

January 28, 2015. On that date the case was assigned to Judge Margarita T. Kuly Hoffman.

Petitioner then obtained from Judge Hoffman an ex parte prove-up date of February 9, 2015,

with no notice to respondents, who had not then appeared.

1

On February 4, 2015, Respondents filed their appearance, not knowing that an *ex parte* prove-up had been scheduled for February 9. The appearance was mailed to petitioner's counsel February 5, 2015. Petitioner's counsel stated later that the mailed appearance did not reach his office until February 9, 2015, and he did not receive it until he returned to the office after the prove-up before Judge Hoffman, at which time she entered an order taking the matter under advisement and directing that the transcript be prepared.

On March 4 respondents moved under 735 ILCS 5/2-1001 to substitute Judge Hoffman, which motion was filed, noticed, presented and granted without her having signed the transcript, which further action the judge properly did not take after the notice was filed. The case was re-assigned to Judge James Zafiratos, to whom this memorandum is submitted.

## ARGUMENT

Substitution of Judge is provided for in Code § 5/2-1001 (a) (2) iii:

> (iii) If any party has not entered an appearance in the case and has not been found in default, rulings in the case by the judge on any substantial issue before the party's appearance shall not be grounds for denying an otherwise timely application for substitution of Judge as of right by the party.

Even where, unlike here, a judge <u>has</u> made rulings in the case on "any substantial issue," such rulings would not prevent a substitution of right. Here, not only had no such rulings been made, but respondents had not been found in default and had appeared 5 days before the *ex parte* prove-up, of which they had no knowledge. Had petitioner's counsel known of respondents' appearance, he would have been obliged to report that fact to the judge and not to go forward with the *ex parte* prove-up. To suggest now that the transcript of the *ex parte* prove-up should be

2

signed by the successor judge who didn't hear the evidence, is tantamount to making a mockery of sec. 1001 which provides for substitution and a new judge <u>even if there were prior rulings</u>. And there were none here. What actually happened here was that, despite Respondents' appearance, an *ex parte* prove-up was set and held because of an error of timing not caused by respondents.

Further, substantial problems of due process are raised by the notion that the transcript of an *ex parte* prove-up should be signed by a judge who did not hear the matter. The respondents, who had appeared and given proper notice to that effect and were not in default, were and are entitled to a hearing where, should they choose, they may exercise their due process rights, including the right to examine witnesses, to present evidence, and to be heard.

## CONCLUSION

There is no basis in the law governing this case for holding that the transcript of the *ex parte* prove-up, itself held by reason of an error of timing, should be signed by a judge who didn't hear it. Indeed, both the substitution statute and due process require that the *ex parte* transcript be held for naught.

Respectfully submitted,

By: _____
Barbara Revak

By: _____
Bruce Cook

By: _____
Rufus Cook, *pro se*

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

3

## CERTIFICATE OF SERVICE BY TELEFACSIMILE

I, Barbara Revak, an attorney, hereby certify that on June 2, 2015, I caused a copy of **RESPONDENTS' MOTION TO WITHDRAW THEIR "COMBINED MOTION UNDER §5/2-619.1"** to be served by telefax on the above named party at telefax no. 312-781-9511.


_____
Barbara Revak

# EXHIBIT INDEX

# EX. 13



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )
)
)  CASE NO.   2014COTD002392
PETITION OF Stonedry, LLC )
FOR TAX DEED )

NOTICE OF FILING

To:   Barbara Revak              Bruce L. Cook              Rufus Cook
      7411 South Stony Island    7411 South Stony Island    7411 South Stony Island
      Chicago, Illinois 60649    Chicago, Illinois 60649    Chicago, Illinois 60649

PLEASE TAKE NOTICE that on the 23rd day of June, 2015, I filed with the Clerk of
the Circuit Court of Cook County, County Department, County Division, Petitioner's
Memorandum in Support of a Successor Judge's Ability to Sign an Order Directing County
Clerk to Issue Tax Deed When an Ex-parte Prove-Up Was Conducted by Prior Judge, a copy
of which is attached hereto and herewith served upon you.

                              STONEDRY, LLC
                              Petitioner

                              By _____
                                 Michael J. Wilson, its attorney

PROOF OF SERVICE BY MAIL

I, Michael J. Wilson, the attorney, certify I served this notice by mailing a copy to
the abovementioned persons at the addresses stated above and depositing the same in the
U.S. mail at 309 West Washington Street, Chicago, Illinois on or before 5:00 p.m. on June
23, 2015, with proper postage prepaid.

                              _____

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson - #27787
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone - 312-781-9510
Fax    - 312-781-9511

EX. 13

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )
)
) CASE NO. 2014COTD002392
)
PETITION OF Stonedry, LLC )
FOR TAX DEED )

MEMORANDUM IN SUPPORT OF
A SUCCESSOR JUDGE'S ABILITY TO SIGN AN ORDER DIRECTING COUNTY
CLERK TO ISSUE TAX DEED WHEN AN EX-PARTE
PROVE-UP WAS CONDUCTED BY PRIOR JUDGE

NOW COMES Petitioner, STONEDRY, LLC, by its attorney, MICHAEL J. WILSON

& ASSOCIATES, P.C., and submits this memorandum as follows:

This memorandum is written in response to the court's request for submissions from

each party regarding whether a successor judge can enter an Order Directing County Clerk

to Issue Tax Deed when an ex-parte prove-up was conducted by the prior judge.

## Facts Presented

In its recitation of the facts, Respondents did not present the complete factual

scenario for this Court. The complete factual scenario is as follows:

On January 7, 2014, Gammadock LLC purchased the property known by permanent

index number 20-25-131-004-0000 at the 2013 scavenger tax sale for the delinquent 2009-

2011 general real estate taxes. Certificate number 13S-0000933 was issued to Gammdock

LLC as evidence of said sale. On April 7, 2014, said certificate was sold, assigned, and

transferred to Stonedry LLC. A copy of the certificate of purchase is attached hereto as

Exhibit "A" and incorporated herein by reference. The amount necessary to redeem from

the tax sale was over $281,000.00.

The subject property, which has been tax delinquent since 2009, is a multiple story

commercial building located at 7411 South Stony Island Avenue, Chicago, Illinois. The

subject property is owned by the Ridgeland Corporation. Rufus Cook, a disbarred Illinois

attorney, is the President and registered agent of the Ridgeland Corporation. At the

current time, the Ridgeland Corporation is not in good standing with the Illinois Secretary of State's office. A copy of the printout from the Illinois Secretary of State's office is attached hereto as Exhibit "B" and incorporated herein by reference.

Petitioner filed its Petition for Tax Deed on July 9, 2014. Petitioner also lodged Take Notices with the Clerk of the Circuit Court and Sheriff of Cook County to be served upon interested parties pursuant to the provisions of the Property Tax Code. Petitioner also published notice in the Chicago Daily Law Bulletin.

The sheriff's services of notice were served as follows:

Rufus Cook at 7411 South Stony Island Avenue, Chicago (subject property) – Not served (called phone number listed – female refused name said building was vacant. Certified mail signed for by Barbara Revak.

The Ridgeland Corporation at 7330 South Ridgeland, Chicago – Not served (Gate locked – Vacant) Certified Mail signed for by Barbara Revak.

The Ridgeland Corporation at 7411 South Stony Island Avenue, Chicago (subject property) – Not served (called phone number listed – female refused name said building was vacant. Certified mail signed for by Barbara Revak.

Cook and Revak at 7411 South Stony Island Avenue, Chicago (subject property) – Not served (called phone number listed – female refused name said building was vacant. Certified mail signed for by Barbara Revak.

Rufus L. Cook at 7411 South Stony Island Avenue, Chicago (subject property) – Not served (called phone number listed – female refused name said building was vacant. Certified mail signed for by Barbara Revak.

Barbara J. Revak at 7411 South Stony Island Avenue, Chicago (subject property) – Not served (called phone number listed – female refused name said building was vacant. Certified mail signed for by Barbara Revak.

Occupant at 7411 South Stony Island Avenue, Chicago (subject property) – Not served (called phone number listed – female refused name said building was vacant. Certified mail signed for by Barbara Revak.

The 7411 Corp. at 7411 South Stony Island Avenue, Chicago (subject property) – Not served (called phone number listed – female refused name said building was vacant. Certified mail return receipt card is missing from court file.

All parties were notified that the period of redemption would expire on January 8, 2015, and that the initial court date was scheduled for January 28, 2015, at 9:30 am. in

courtroom 1704 of the Richard J. Daley Center, 50 West Washington Street, Chicago, Illinois. Respondents failed to redeem from the tax sale.

On January 22, 2015, Petitioner filed its Application for an Order Directing County Clerk to Issue Tax Deed. On January 28, 2015, with Respondents having failed to appear in Court, Judge Bertucci assigned the case to calendar 12, and an Order was entered setting the case for a prove-up on February 9, 2015 at 9:30 am. Said information is set forth on the Clerk of the Circuit Court's website docket. A copy of said docket is attached hereto as Exhibit "C" and incorporated herein by reference. In its memorandum, Respondents set forth that no notice of the prove-up had been provided to the Respondents. This fact is correct, but Respondents attempt to mislead the Court into thinking Respondents were entitled to notice of the prove-up date and time. Respondents had not filed an Appearance in the case and were not entitled to notice of the prove-up date and time. Furthermore, Respondents failed to appear in Court on the initial court date. If Respondents had appeared in Court and filed an Appearance, they would have been advised of the hearing date and time. Respondents negligence and/or lack of diligence was the sole cause of their lack of knowledge of the hearing date. In addition, if the Respondents would have searched the Clerk of the Court's website docket search, they would have known of the hearing date.

On February 9, 2015, Petitioner's counsel appeared before Judge Hoffman and conducted the prove-up of the case. At the conclusion of the prove-up, Judge Hoffman took the matter under advisement pending receipt of proof of payment of subsequent real estate taxes and transcript of the proceedings. Upon returning to his office and receiving the mail, Petitioner's counsel received the Appearance filed by Respondents. Either later on February 9, 2015 or February 10, 2015, Rufus Cook contacted Petitioner's counsel by telephone. Petitioner's counsel advised Mr. Cook that he conducted the prove-up on February 9, 2015 prior to having received the Appearance.

On February 24, 2015, Petitioner's counsel served a Notice of Motion to Respondents regarding the Presentation of the Transcript and Proof of Payment of Subsequent Taxes and request for entry of the Order Directing County Clerk to Issue Tax Deed. Subsequently, Respondents filed a Motion for Substitution of Judge to be heard on the same date. After a long argument, Judge Hoffman granted the Motion for Substitution of Judge. The Presiding Judge re-assigned the case to Judge Zafiratos, and the case was continued to a date certain for Respondents to file a pleading.

Respondents filed a Motion to Dismiss pursuant to Section 2-619.1 of the Illinois Code of Civil Procedure. Petitioner filed a Response to said Motion to Dismiss. Respondents filed a Motion for Extension of Time to file a Reply and to conduct discovery. Said motion was denied. Rather than having its Motion to Dismiss denied, Respondent moved to withdraw their Motion to Dismiss. When the Court granted the Motion to Withdraw the Motion to Dismiss and since nothing was pending before this Court, Petitioner's counsel requested that the Court receive the transcript and proof of payment of subsequent taxes and enter the Order Directing County Clerk to Issue Tax Deed.

At this point, Barbara Revak objected and stated that Judge Zafiratos could not enter the Order Directing County Clerk to Issue Tax Deed since he had not heard the prove-up. Judge Zafiratos did not agree with the argument, but permitted a briefing schedule on the issue.

### Argument

Petitioner's counsel is unable to find any case law on the issue presented to the Court. Respondents have not cited any case law.

First, Respondents argue that since they were not present at the prove-up, the Court should not enter the Order Directing County Clerk to Issue Tax Deed. The Respondents imply that it was Petitioner's fault that they were not aware of the prove-up. As previously stated, Respondents were served with the Take Notice which advised them of the initial

court date and time. Respondents elected not to appear in court at the initial court date. Furthermore, Respondents failed to follow the case on the Clerk of the Court's website docket (Exhibit "C") which clearly advises anyone who reviews it that a prove-up was scheduled on January 28, 2015 to be heard on February 9, 2015 at 9:30 am. Respondents negligence and/or lack of diligence was the only factor that prevented them from knowing the date and time of the prove-up.

Second, Respondents argue that due process would be denied if this Court enters the Order Directing County Clerk to Issue Tax Deed when Judge Hoffman heard the prove-up. The Respondents' due process rights are not violated. The Respondents had an opportunity to be present at the initial prove-up, but their negligence and/or lack of diligence prevented them from knowing the date and time. Furthermore, the Property Tax Code and Code of Civil Procedure provide vehicles for situations similar to those as are presented in the case at bar. Section 22-45 of the Property Tax Code and Sections 2-1203 and 2-1401 of the Code of Civil Procedure provide a litigant an opportunity for a hearing which would provide a right to examine witnesses, to present evidence, and to be heard.

A review of this proceeding since Respondents have filed their Appearance demonstrates a calculated dilatory process to frustrate justice and to prevent the county from collecting real estate taxes on property that have not been paid since 2008. The Respondents filed a one-half page motion to dismiss, delayed the process for two (2) months, and withdrew the motion rather than having it denied. Currently, Respondents are attempting to have their Motion for Substitution of Judge cause Petitioner to begin the entire hearing process again. Rather than defend this case, Respondents continue to use dilatory tactics to attempt to make this property prohibitively expensive for Petitioner and continue to not pay real estate taxes to the county.

If a judge gets re-assigned and leaves his current position and a new judge takes his place, the new judge does not start all of the cases over again. If there were ex-parte

hearings, the new judge can sign an Order based upon what was previously submitted and argued before the prior judge hearing the case. To require the new judge to begin the cases again would be a waste of judicial resources and would delay justice to the parties of the case. In the present case, the Court can review the transcript of the hearing and the Court file to confirm that Petitioner has strictly complied with the provisions of the Property Tax Code.

## CONCLUSION

The only issue before the Court is whether a successor judge can sign an Order Directing County Clerk to Issue Tax Deed when the prior judge heard the prove-up of the tax deed case. No case law exists regarding this issue. The facts of this case clearly exhibit that the Respondents' negligence and/or lack of diligence were the sole cause of their not knowing date and time of the initial hearing date. Furthermore, Respondents' due process rights would not be violated since they still have the right to file Motions to Vacate pursuant to Sections 2-1203 or 2-1401 of the Code of Civil Procedure. Lastly, this Court should not continue to allow Respondents to use dilatory tactics to prevent the Petitioner from obtaining title to the subject property and the county from collecting real estate taxes for which they have failed to pay since 2009.

STONEDRY, LLC,
Petitioner

By: _Michael J. Wilson_

Michael J. Wilson, its attorney

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson - #27787
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone - 312-781-9510
Fax   - 312-781-9511

STATE OF ILLINOIS )
                   ) SS    CERTIFICATE NO.    13S-0000933
COUNTY OF C O O K  )

## CERTIFICATE OF PURCHASE
### FOR GENERAL TAXES TWO OR MORE YEARS DELINQUENT, PURSUANT TO SECTIONS 21-145 AND 21-260 OF THE ILLINOIS PROPERTY TAX CODE

I, DAVID D. ORR , County Clerk in and for the County and State aforesaid, DO HEREBY CERTIFY THAT GAMMADOCK LLC did, on the day hereinafter set forth, purchase at public auction at the courthouse in Chicago, the property designated by the permanent real estate index number hereinafter set forth, situated in said County, said property being delinquent in the principal sum and for the tax years hereinafter set forth together with statutory penalties, interest and costs thereon, and paid as purchase money on said property the sum hereinafter set forth, such sum being the highest bid for cash received at the auction of such property pursuant to Sections 21-145 and 21-260 of the Illinois Property Tax Code.

VOLUME  262        PERMANENT INDEX NUMBER  20-25-131-004-0000

TAX YEARS DELINQUENT  09-11              207,506.37  plus statutory
TOTAL PRINCIPAL AMOUNT DUE
penalties, interest and costs thereon.                    2,000.00
DATE OF SALE  01-07-14 AMOUNT OF SUCCESSFUL BID

                                                           190.00
STATUTORY TREASURER FEES                                    30.00
STATUTORY CLERK FEES                          TOTAL      2,220.00

The aforesaid purchaser having complied with the provisions of law applicable to such sales so as to be entitled to a certificate of purchase, on  MARCH  14, 2014, the Circuit Court of Cook County entered an order confirming the sale of the aforesaid property.

If the aforesaid property is not redeemed in the manner and within the time provided by law, said purchaser, his heirs or assigns shall be entitled, upon application and compliance with the Illinois Property Tax Code, to receive a deed to said property; provided, that unless the holder of this certificate shall take out said deed and file the same for record within one year after the time for redemption expires, the said certificate or deed, and the sale on which it is based, shall, from and after the expiration of such one year, be absolutely null.

WITNESS my hand and the official seal at CHICAGO in said County this 19TH day of  MARCH  , A.D. 2014.

countersigned:

*Maria Pappas*                    EXHIBIT  A                  *David D. Orr*

County Treasurer and Ex-Officio Collector                County Clerk of Cook County
          of Cook County

Circuit Court Cook County

6/18/2015

71626940696503038344

## Certified Mail Retrn – Successful(Clerk's Office)

| Activity Date | Docket Description |
|---|---|
| August 14, 2014 | Certified Mail Retrn – Successful(Clerk's Office) 7013 2630 0000 0555 5989 |

## Certified Mail Retrn – Successful(Clerk's Office)

| Activity Date | Docket Description |
|---|---|
| August 14, 2014 | Certified Mail Retrn – Successful(Clerk's Office) 7013 2630 0000 0555 5965 |

## Certified Mail Retrn – Successful(Clerk's Office)

| Activity Date | Docket Description |
|---|---|
| August 14, 2014 | Certified Mail Retrn – Successful(Clerk's Office) 7013 2630 0000 0555 5972 |

## Certified Mail Retrn – Successful(Clerk's Office)

| Activity Date | Docket Description |
|---|---|
| August 14, 2014 | Certified Mail Retrn – Successful(Clerk's Office) 7013 2630 0000 0555 5934 |

## Certified Mail Retrn – Successful(Clerk's Office)

| Activity Date | Docket Description |
|---|---|
| August 14, 2014 | Certified Mail Retrn – Successful(Clerk's Office) 7013 2630 0000 0555 5958 |

## Certified Mail Retrn – Successful(Clerk's Office)

| Activity Date | Docket Description |
|---|---|
| August 14, 2014 | Certified Mail Retrn – Successful(Clerk's Office) 7013 2630 0000 0555 5941 |

## Certified Mail Retrn – Successful (Sheriff's)

| Activity Date | Docket Description |
|---|---|
| September 30, 2014 | Certified Mail Retrn – Successful (Sheriff's) 7013 0600 0000 9261 3888 |

## Certified Mail Retrn – Successful (Sheriff's)

| Activity Date | Docket Description |
|---|---|
| September 30, 2014 | Certified Mail Retrn – Successful (Sheriff's) 7013 2630 0000 0554 9469 |

## Certified Mail Retrn – Successful (Sheriff's)

| Activity Date | Docket Description |
|---|---|
| September 30, 2014 | Certified Mail Retrn – Successful (Sheriff's) 7013 2630 0000 0552 3667 |

## Returned Sheriff's Summons – Filed

| Activity Date | Docket Description |
|---|---|
| September 30, 2014 | Returned Sheriff's Summons – (7)-Filed |

## Certified Mail Retrn – Successful (Sheriff's)

| Activity Date | Docket Description |
|---|---|
| September 30, 2014 | Certified Mail Retrn – Successful (Sheriff's) 7013 2630 0000 0552 3674 |

## Certified Mail Retrn – Successful (Sheriff's)

| Activity Date | Docket Description |
|---|---|
| September 30, 2014 | Certified Mail Retrn – Successful (Sheriff's) 7013 1090 0000 1413 9751 |

Circuit Court Cook County

6/18/2015

## Certified Mail Retrn - Successful (Sheriff's)

**Activity Date**
September 30, 2014

**Docket Description**
Certified Mail Retrn - Successful (Sheriff's)
7013 1090 0000 1413 9850

## Application for Issuance of Tax Deed - Filed

**Activity Date**
January 22, 2015

**Docket Description**
Application for Issuance of Tax Deed - Filed
Attorney: WILSON MICHAEL J (27787)

## Transfer/ Reassign to Judge within Division - Allowed

**Activity Date**
January 28, 2015

**Docket Description**
Transfer/ Reassign to Judge within Division - Allowed
The following event: Assignment scheduled for 01/28/2015 at
9:30 am has been resulted as follows:

Result: Transfer / Reassign Case within Division - Allowed
Judge: CALENDAR 8 Location: Courtro0001

## Court Event Scheduled

**Activity Date**
January 28, 2015

**Docket Description**
Court Event Scheduled
Event: Case Management Call
Date: 01/28/2015 Time: 9:30 am
Judge: CALENDAR 12 Location:

Result: Order Entered Setting Case for Prove-Up - Allowed

## Strike From Call - Allowed

**Activity Date**
January 28, 2015

**Docket Description**
Strike From Call - Allowed
The following event: Assignment scheduled for 01/28/2015 at
9:30 am has been resulted as follows:

Result: Strike from Call - Allowed
Judge: CALENDAR 8 Location: Courtroom 1704

## Order Entered Setting Case for Prove-Up

**Activity Date**
January 28, 2015

**Docket Description**
Order Entered Setting Case for Prove-Up
The following event: Case Management Call scheduled for
01/28/2015 at 9:30 am has been resulted as follows:

Result: Order Entered Setting Case for Prove-Up - Allowed
Judge: CALENDAR 12 Location:

## Court Event Scheduled

**Activity Date**
January 29, 2015

**Docket Description**
Court Event Scheduled

The following event: Case Management Call scheduled for
01/28/2015 at 9:30 am has been rescheduled as follows:

Event: Tax Deed Prove Up
Date: 02/09/2015 Time: 9:30 am
Judge: CALENDAR 12 Location: Courtroom 1707

Result:0001

## Appearance Filed - Fee Paid

**Activity Date**
February 4, 2015

**Docket Description**
Appearance Filed - Fee Paid
Litigant Name: THE RIDGELAND CORPORATION,
Attorney: REVAK BARBARA J,
Receipt Amount: $206.00
Receipt #: 00036651
Quantity:

6/18/2015

Circuit Court Cook County

Trans #: 000023
Fee Type: Paid

## Motion to be Taken Under Advisement By the Court - Continued

| Activity Date | Docket Description |
|---|---|
| February 9, 2015 | Motion to be Taken Under Advisement By the Court - Continued<br>The following event: Tax Deed Prove Up scheduled for<br>02/09/2015 at 9:30 am has been resulted as follows:<br><br>Result: Motion to be Taken Under Advisement - Continued<br>Judge: CALENDAR 12 Locat0001 |

## Notice of Motion - Filed

| Activity Date | Docket Description |
|---|---|
| February 24, 2015 | Notice of Motion - Filed<br>Attorney: WILSON MICHAEL J (27787) |

## Court Event Scheduled

| Activity Date | Docket Description |
|---|---|
| February 24, 2015 | Court Event Scheduled<br>Event: Motion Hearing<br>Date: 03/04/2015 Time: 10:00 am<br>Judge: CALENDAR 12 Location: Courtroom 1707<br><br>Result: Substitution of Judge (As Matter of Right) - Allow |

## Notice of Motion - Filed

| Activity Date | Docket Description |
|---|---|
| March 3, 2015 | Notice of Motion - Filed<br>Attorney: REVAK BARBARA J (58121) |

## Substitution of Judge - Filed

| Activity Date | Docket Description |
|---|---|
| March 3, 2015 | Substitution of Judge - Filed<br>Attorney: PRO SE (99500) |

## Transfer/ Reassign to Judge within Division - Allowed

| Activity Date | Docket Description |
|---|---|
| March 4, 2015 | Transfer/ Reassign to Judge within Division - Allowed<br>The following event: Case Management Call scheduled for<br>03/04/2015 at 10:30 am has been resulted as follows:<br><br>Result: Transfer / Reassign Case within Division - Allowed<br>Judge: CALENDAR 3 Locati0001 |

## Order Entered Setting Status Date

| Activity Date | Docket Description |
|---|---|
| March 4, 2015 | Order Entered Setting Status Date<br>The following event: Case Management Call scheduled for<br>03/04/2015 at 10:30 am has been resulted as follows:<br><br>Result: Order Entered Setting Status Date<br>Judge: CALENDAR 6 Location: |

## Court Event Scheduled

| Activity Date | Docket Description |
|---|---|
| March 4, 2015 | Court Event Scheduled<br><br>The following event: Case Management Call scheduled for<br>03/04/2015 at 10:30 am has been rescheduled as follows:<br><br>Event: Status Hearing<br>Date: 05/20/2015 Time: 10:30 am<br>Judge: CALENDAR 6 Location:<br><br>Result: Case Continued w0001 |

Result: Strike from Call - All0001

## Motion to Withdraw Filing or Petition

| Activity Date | Docket Description |
|---|---|
| June 2, 2015 | Motion to Withdraw Filing or Petition<br>Attorney: REVAK BARBARA J (58121) |

## Court Event Scheduled

| Activity Date | Docket Description |
|---|---|
| June 2, 2015 | Court Event Scheduled<br>Event: Motion Hearing<br>Date: 06/04/2015 Time: 10:30 am<br>Judge: CALENDAR 6 Location: Courtroom 1707<br><br>Result: Case Continued with Return Date - Allowed |

## Notice of Motion - Filed

| Activity Date | Docket Description |
|---|---|
| June 3, 2015 | Notice of Motion - Filed<br>Attorney: REVAK BARBARA J (58121) |

## Case Continued with Return Date - Allowed

| Activity Date | Docket Description |
|---|---|
| June 4, 2015 | Case Continued with Return Date - Allowed<br>The following event: Motion Hearing scheduled for 06/04/2015 at 10:30 am has been resulted as follows:<br><br>Result: Case Continued with Return Date - Allowed<br>Judge: CALENDAR 6 Location: Courtroom 1707 |

## Strike From Call - Allowed

| Activity Date | Docket Description |
|---|---|
| June 4, 2015 | Strike From Call - Allowed<br>The following event: Status Hearing scheduled for 06/10/2015 at 10:30 am has been resulted as follows:<br><br>Result: Strike from Call - Allowed<br>Judge: CALENDAR 6 Location: |

## Court Event Scheduled

| Activity Date | Docket Description |
|---|---|
| June 5, 2015 | Court Event Scheduled<br><br>The following event: Motion Hearing scheduled for 06/04/2015 at 10:30 am has been rescheduled as follows:<br><br>Event: Motion Hearing<br>Date: 07/07/2015 Time: 10:30 am<br>Judge: CALENDAR 6 Location: |

## Memorandum of - Filed

| Activity Date | Docket Description |
|---|---|
| June 15, 2015 | Memorandum of - Filed<br>Attorney: REVAK BARBARA J (58121) |

## Notice of Filing - Filed

| Activity Date | Docket Description |
|---|---|
| June 15, 2015 | Notice of Filing - Filed<br>Attorney: REVAK BARBARA J (58121) |

## Improper notices shown in Exhibit 14 as not in strict compliance with designated section of Property Tax Code:

Exhibit 14C – 22-5 Take-notice:

i. added language "plus any and all statutory penalties interest and costs."

ii. "Substituted "County Court House" for required "office of the county clerk".

iii. Misspelled statutory "further" as futher"


Exhibit 14E -- purchaser's 22-10 take notice:

i. substituted "county court house" for "office of the County Clerk".

(See Exh. 14E-1 for correct form.)


Exhibit 14F -- Clerk's take notice

i. substituted "County Court House" for "Office of the County Clerk".


Exhibit 14G – Published Notice:

i. substituted "county Court House" for office of the County Clerk."


Ex. 14

# EXHIBIT INDEX

# EX. 14

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC.　)
　)
　)
PETITION OF Stonedry, LLC　)
FOR TAX DEED　)　Case No. 2014 COTD 002392
　)
　)
　)
　)

REPLY REGARDING WHETHER A SUCESSOR JUDGE MAY SIGN UNSIGNED
TRANSCRIPT OF *EX PARTE* PROVE-UP MADE BEFORE SUBSTITUTED JUDGE

Respondents reply as follows in support of their memorandum "regarding whether a

successor judge may sign unsigned transcript of *ex parte* prove-up made before substituted

judge."

On June 4, 2015 the court entered the pertinent order which provides in part as follows:

"Respondents shall be granted 10 days to file a pleading addressing
whether the court can sign the transcript of prove-up conducted by
Judge Margarita Kuly Hoffman, petitioner 7 days to respond,
respondents 7 to reply. ..."

**Petitioner attempts to prejudice the court against respondents by labeling as
"dilatory" the lawful positions they have taken in defending the action.**

Petitioner accuses respondents of engaging in "dilatory" action by withdrawing their

combined 2-619 motion. In fact that motion and the motion seeking to extend the time to reply

were, as they stated, based on objections that petitioner had not complied with the statutory

notice requirements, and that Stonedry lacked standing to invoke the jurisdiction of the court.

1

EX. 14

When the parties appeared in court, respondent Rufus Cook explained in response to the court's questions that the "standing" portion of the motion derived from certain pre-conditions related to tax sales which a bidder such as Stonedry, or its assignor, was required to meet in order to qualify to bid at the scavenger sale. Cook stated that the extension and a 90-day discovery period were sought in order to determine whether there had been compliance with those requirements. (If indeed those requirements were violated, then under relevant law that fraud likely infected the tax purchase from its beginning, and would arguably preclude standing by petitioner or its assignor, as well as showing fraud which, when shown, also precludes issuance of a tax deed.)

The court saw the matter differently, however, and denied the motion to permit discovery, as well as the motion for extension of time to reply, effectively leaving respondents unable to obtain evidence by discovery to support their 2-619 motion, which they consequently withdrew. Stonedry, of course, rejects the argument that any such pre-sale fraud, if committed, could properly be shown through discovery and could invalidate standing and constitute fraud. Even so, it is simply wrong to characterize respondents' effort as dilatory. Respondents have complied timely with scheduled dates, and have sought only the extension for discovery related above. The "dilatory" characterization is unfounded and prejudicial.

## Hearing Respondents is fundamental to due process

In *Jones v. Flowers,* 547 U.S. 220, 226, 164 L.Ed.2d 415, 425, 126 S. Ct. 1708, 1713 (2006) the U.S. Supreme Court said:

> "1. Before a state may take property and sell it for unpaid taxes, the Due Process Clause of the fourteenth amendment requires the government to provide the owner "Notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950).

2

Whether Respondents will, in fact, be heard as the law requires is what is at stake here. As the record shows Petitioner hurriedly scheduled a prove-up for February 9, 2015, some 12 days after the case first came up for assignment January 28, 2015. Respondents filed their appearance February 4, 2015, *5 days before the non-noticed hearing, and notified petitioner's attorney only by mail, as he requires*. Petitioner's attorney represented that the notice of appearance didn't arrive at his office until February 9, even though it was of record for all to see as of February 4. Apparently not bothering to check the case on the clerk's website, petitioner's attorney, with no notice to respondents, proceeded with the *ex parte* prove-up. (Petitioner's attorney represented he received the February 4 appearance in the afternoon of February 9, when he returned to his office after the *ex parte* prove-up.)

Respondents did not seek in their memorandum to blame petitioner's attorney for failing to learn from the court file of the appearance filed 5 days before his hurriedly held prove-up. Indeed, respondents referred to the matter only as "an error of timing not caused by respondents." We refer to it here because it is relevant, in light of counsel's contention that Respondents' not checking the clerk's web-site to learn of the prove-up hearing date was "negligence and/or lack of diligence." In light of Stonedry's statement, it must be noted that, as a matter of policy in foreclosure cases at least, the Civil Practice Code places on the default movant the responsibility to verify that no appearances have been filed, before seeking such an order. 735 ILCS 5/15-1502 and 5/2-1301 (d). Here, although no default occurs by reason of failure to appear, Stonedry is attempting to treat the matter as though a default resulted, consequently barring respondents from being heard. As a matter of policy, the responsibility, if any, to check the record regarding appearances *rested with Stonedry as movant*.

3

In any case, having failed to check the file, and having conducted an *ex parte* prove-up, petitioner now by calculated overreaching seeks an order which would deny respondents their due process rights in this proceeding, including having their objections heard, cross-examining witnesses, introducing evidence and exercising other basic due process rights.

## Aside from violating due process rights, petitioner's effort to silence respondents is otherwise unlawful.

The cases make clear that petitioner's effort to turn the *ex parte* prove-up into a default judgment of some kind barring respondents from being heard is unlawful. Defining the *sole* issue in a tax deed proceeding, and pointing to the need for respondents to be heard, the Supreme Court said in *Young v. Madden,* 20 Ill.2d 506, 170 N.E.2d 551, 554 (1960):

> "In the proceeding in the case at bar, the verified petition for deed alleged the performance of all the statutory conditions precedent. Appellants, who had notice were then entitled to appear if they owned or are interested in the real estate. No provisions are set forth for formal pleadings and none are required. It is clear that the statute contemplates a summary judicial determination of compliance with the statute, permitting interested persons to be heard in opposition to the petition. ... The sole issue before the court in this proceeding is whether the statutory conditions subsequent to tax sale have been performed. Objections that aid in framing this issue may be helpful, but are not required. Pleadings beyond that are superfluous. The provisions of the civil practice act relating to time for filing pleadings in ordinary civil actions are therefore inappropriate".
> (Emphasis supplied.)

The court in *In re County Treasurer,* 2013 Il. App. (1st) 130463, 3 N.E.3d 451 (2013), discussed cases where *ex parte* prove-ups had been conducted without effect on deciding the sole issue of compliance, stating:

> "Subsequently, in *Salta Group,* in which the petitioner's post sale notice stated a Saturday instead of weekday as the redemption expiration

date, no one appeared in the trial court to object to the issuance of a tax deed, but after reading the notice, the judge deemed it to be fatally defective. *Salta Group,* 2013 IL. App. (1st) 130103 ¶ 5, 376 Ill.Dec. 905, 1 N.E.3d 617. The appellate court affirmed this decision, stating, 'The fact that no one objected to [the] application does not render proper an otherwise improper notice.' *Salta Group,* 2013 IL App (1st) 130103, ¶ 20, 376 Ill.Dec. 905, 1 N.E.3d 617. Furthermore, 'a party should not be allowed to issue an incorrect notice then argue that the fact that no one came forward as a result of the incorrect notice nullifies the incorrect nature of the notice.' *Salta Group,* 2013 IL App (1st) 130103, ¶ 21, 376 Ill.Dec. 905, 1 N.E.3d 617."
(Emphasis supplied.)

The court then discussed a case arguably even closer to the facts here, *Midwest Real Estate Investment,* as to which the *Equity Investment* court said at 437:

"...No one objected to the issuance of the tax deed and the trial judge granted the application. *Midwest Real Estate Investment,* 295 Ill.App.3d at 704, 230 Ill.Dec. 45, 692 N.E.2d at 1212. Three days later, however, the property owner moved for leave to appear in the proceedings and objected on grounds that the tax buyer had not "completely filled in" the notice forms. *Midwest Real Estate Investment,* 295 Ill.App. 3d at 707, 230 Ill.Dec. 45, 692 N.E.2d at 1214. The trial court found this objection persuasive, vacated its prior order, and recalled the tax deed. *Midwest Real Estate Investment,* 295 Ill.App. 3d at 705, 230 Ill.Dec. 45, 692 N.E.2d at 1213.

The law is clear that, despite petitioner's efforts to silence respondents, this matter must *as a matter of law* be determined solely by whether petitioner has strictly complied with the statute. And, as will be shown, it has not.

**Before ordering issuance of a tax deed, the court must find that there has been strict compliance with the statutory requirements.**

The court's duty is clearly stated in 35 ILCS 200/22-40:

"**35 ILCS 200/22-40 Issuance of deed; possession**

Sec. 22-40. *Issuance of deed; possession.* (a) If the redemption period expires and the property has not been redeemed and all taxes and

5

special assessments which became due and payable subsequent to the sale have been paid and all forfeitures and sales which occur subsequent to the sale have been redeemed and the notices required by law have been given...and the petitioner has complied with all the provisions of law entitling him or her to a deed, <u>the court shall so find and shall enter an order</u> directing the county clerk on the production of the certificate of purchase and a certified copy of the order, to issue to the purchaser or his or her assignee a tax deed".

In *Novak v. Smith,* 197 Ill.App.3d 390, 554 N.E.2d 652 (5th Dist. 1990), the court further

addressed the duty of a court:

"A court should not direct the county clerk to issue a tax deed <u>until it is satisfied that the requirements of the revenue act have been met.</u> (Ill.Rev.Stat 1987, CH 120, pars 744, 749; *Smith v. D.R.E. Inc.,* (1976) 63 Ill.2d 31, 36, 344 N.E.2d 468, 470.) Prior to issuance of a tax deed <u>the court makes a judicial determination whether the notice and other requirements have been met.</u>
(Emphasis supplied.)

This memorandum has thus far not dealt with the legal effect of the substitution of judge granted by Judge Hoffman March 4, 2015. (Petitioner's response did not meet the points made there, including the fact that, at that time Judge Hoffman, having heard the prove-up, made *no findings and no judicial determination* as to whether the notice and other requirements "have been met.") Now Stonedry disingenuously asks this court to act as though such findings and determination were made in favor of Stonedry.

Upon Judge Hoffman's recusal, the duty to make findings and determinations shifted to this court, her successor. But for the *ex parte* hearing hurriedly pursued by petitioner without checking whether appearances had been filed, a prove-up hearing affording to respondents their due process rights could have been held. Then this court, in reaching its findings and determinations, could do so having had the benefit of hearing from both sides. To maintain, as

petitioner does, that this court should make those findings and determinations having himself heard no witness, and having denied respondents' right to be heard, would not only be unfair and violative of due process, it would also ignore and reject the duty placed on the court by the law.

**Stonedry's argument that respondents would be able to exercise their due process rights by recourse to other statutes is misleading and inaccurate.**

Petitioner, having the impossible task of somehow justifying what it seeks -- the deprivation of respondents' due process rights -- says those rights could be had by recourse to the provisions of "section 22-45 of the Property Tax Code and sections 2-1203 and 2-1401 of the Code of Civil Procedure," which "provide a litigant an opportunity for a hearing which would provide a right to examine witnesses, to present evidence, and to be heard."

Really?

Addressing those provisions, the court declared in *Lincoln Title v. Nomanbhoy*, 2013 Ill App.3d 1209, 999 N.E.2d 748, 759 (3rd Dist. 2013):

> "Turning to the merits of this issue, we note that a party's ability to set aside a tax deed is very limited. See 35 ILCS 200/22-45, 22-55 (West 2010). Under section 22-45 of the Property Tax Code, there are only three ways in which a party may challenge a tax deed; (1) by filing a direct appeal from the order directing the issuance of the deed; (2) by filing a motion for relief under section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2010)); or by filing a petition for relief under section 2-1401 of the Code of Civil Procedure. Section 22-45 further limits the grounds for which relief from a tax deed may be obtained under section 2-1401 to the following four situations: (1) where there is proof that the taxes were paid prior to sale; (2) where there is proof that the property was exempt from taxation; (3) where there is proof by clear and convincing evidence that the tax deed had been procured by fraud or deception by the tax purchaser or his assignee; or (4) where there is proof that a party with a recorded ownership or other recorded interest was not named in the required publication notice and the tax purchaser or his assignee did not make a diligent inquiry and effort to serve that party with the required notices. 35 ILCS 200/22-45 (West 2010).

7

What petitioner seeks to do is not only to deprive respondents of their due process rights, but to misinform this court to the effect that other legislation would provide those rights, as opposed to providing litigants a *possible* opportunity to *qualify* to *seek* a hearing. That misrepresentation of the law is further evidence of the fog of fraud still being generated by petitioner.

### The strict compliance required by law

The remainder of this memorandum states in greater detail some of the objections respondents have previously raised to Stonedry's application, which unequivocally show that its application is fatally defective and that it is not entitled to a tax deed. Before doing so it is useful to look briefly at the "strict compliance" standard governing Stonedry's application.

In *Midwest Real Estate Investment, ibid.,* the court declared:

> "We recognize that our decision today may be looked upon as a rigid and legalistic application of the strict compliance language from section 22-40 [of the Code]. However, [this conclusion is consistent with the legislature's apparent intent regarding notices]. Moreover, we view the statue's strict compliance language as a bulwark. **By opening the dike to permit any omission – however minute – of statutorily required information, we may unintentionally encourage a flood of litigants seeking case-by-case determinations of the strict compliance boundaries."**
> (Emphasis supplied.)

The law stated in *Midwest* and other cases was emphasized, in *Equity One Investment Fund v. Williams,* 2013 Ill. App. 3rd 463, 3 N.E.3d 431 (1st Dist. 2013), where the court said:

> There must be strict compliance with the statute and when there are substitutions or omissions on a notice form, the tax buyer is not entitled to a tax deed. We do not need to inquire whether Williams actually received the deficient section 22-5 post-sale notice and suffered any prejudice or confusion as a result of the omission of the city name; prejudice is presumed. (3 N.E.2d at 438)

\*　　\*　　\*

8

We hold that *Equity One's* post-sale notice form to Williams was not "completely filled in", as required by our legislature. 35 ILCS 200/20-5 (West 2008). Because a deficient notice is not regarded as any notice within the meaning of the statute, the trial court properly denied the application for a tax deed."
(Emphasis supplied.)

We now examine the ways in which Stonedry's notice failed to comply with the statutory requirements.

**Stonedry's failure to comply with the statute is shown on the face of its 22-5 notice.**

A copy of Stonedry's 22-5 notice attached to **(Exh. C)** its application for deed is appended hereto as **Exhibit C**. The differences from the statutory 22-5 notice are marked on the face of the Exhibit, and a copy of the statutory form is attached as **Exhibit C-1**.

**Stonedry's failure to comply with the statute is also shown on the face of its 22-10 notice.**

A copy of Stonedry's 22-10 notice **(Exh. E)** shown in its application for deed is appended hereto as **Exhibit E**. The differences from the statutory 22-10 notice are marked on the face of the Exhibit, and a copy of the statutory form is attached as **Exhibit E-1**.

**Stonedry's failure to comply with the statute is also shown on the face of its 22-25 notice.**

A copy of Stonedry's 22-25 notice **(Exh. F)** shown in its application for deed is appended hereto as **Exhibit F**. The differences from the statutory 22-25 notice are marked on the face of the Exhibit.

**Stonedry's failure to comply with the statute is also shown on the face of its published notice.**

A copy of Stonedry's mailed notice **(Exh. G)** shown in its application for deed is appended hereto as **Exhibit G**. The differences from the statutory notice are shown on the face of the Exhibit.

**Stonedry's action's in this case are fraudulent, making clear that it is not entitled to a tax deed.**

As quoted above, the U.S. Supreme Court and the Illinois Supreme Court have held that the opportunity to be heard is essential "before a state may take property and sell it for unpaid taxes". The legislature has imposed the duty of notice to enable hearing on the tax buyer, here Stonedry.

However, Stonedry here has made every effort to assure that respondents are not heard. First, Stonedry, violating the policy that requires checking the record for appearances, scheduled and conducted an *ex parte* prove-up and, upon learning that an appearance had been filed five days before, refused to rectify the matter. Second, Stonedry, wholly contrary to the law, and in violation of respondents' right to be heard, has sought to have this court enter a tax deed even in the circumstances described and without respondents being heard. Fourth, Stonedry has misrepresented the law regarding respondents' rights to be heard in an effort to vacate the tax deed it seeks.

Finally, Stonedry, which knew or should have known that its notices are facially and fatally defective, have nonetheless represented to the court by its petition and application that it is entitled to a tax deed.

10

These actions undermine the Property Tax Act, are fraudulent within the meaning of the legislation and cases, and show that Stonedry is not entitled to a tax deed.

## CONCLUSION

No tax deed can properly be ordered without hearing respondents. No further hearing is needed, however, in light of respondents' showing here that Stonedry's notices are fatally defective on their face, cannot entitle it to a tax deed, which would otherwise be precluded by Stonedry's fraud in seeking to silence respondents.

Respectfully submitted

By: _____
Barbara Revak

By: _____
Bruce Cook

By: _____
Rufus Cook, *pro se*

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

11

## Improper notices shown in Exhibit 14 as not in strict compliance with designated section of Property Tax Code:

Exhibit 14C – 22-5 Take-notice:

i. added language "plus any and all statutory penalties interest and costs."

ii. "Substituted "County Court House" for required "office of the county clerk".

iii. Misspelled statutory "further" as futher"


Exhibit 14E – purchaser's 22-10 take notice:

i. substituted "county court house" for "office of the County Clerk".

(See Exh. 14E-1 for correct form.)


Exhibit 14F – Clerk's take notice

i. substituted "County Court House" for "Office of the County Clerk".


Exhibit 14G – Published Notice:

i. substituted "county Court House" for office of the County Clerk."


Ex. 14

## TAKE NOTICE

County of Cook
Date Premises Sold January 7, 2014
Certificate No. 13S-0000933
Sold for General Taxes of 2009-2011
Sold for Special Assessment of (Municipality) and
Special assessment number -- Not Applicable
Warrant No. -- Not Applicable Inst. No. -- Not Applicable

Co. Ck. Notices
($13.40)+4.00=$17.40 APR 23 2014

### THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES

Property location - 7411 South Stony Island Avenue, Chicago, Illinois

Permanent Index No. 20-25-131-004-0000

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on July 7, 2014.

This notice is also to advise you that a petition will be filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before July 7, 2014.

At the date of this notice the total amount which you must pay in order to redeem the above property is $281,196.45 plus any and all statutory penalties, interest and costs.

### YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY

Redemption can be made at any time on or before July 7, 2014 by applying to the County Clerk of Cook County, Illinois at the County Court house in Chicago, Illinois.
*Office of the County Clerk*
The above amount is subject to increase at six month intervals from the date of sale. Check with the County Clerk as to the exact amount you owe before redeeming. Payment must be made by certified check, cashier's check, money order, or in cash.

### FOR FUTHER INFORMATION CONTACT THE COUNTY CLERK.

Address: 118 North Clark Street, 4th Floor, Chicago, IL 60602
Telephone: (312) 603-5645

Gammadock, LLC
Purchaser or Assignee

Dated: April 23, 2014

Mail To: Rufus Cook Attorney
7411 S Stony Island
Chicago, IL 60649-3613

# 13S-9008

EXHIBIT C

200/22 -5. Notice of sale and redemption rights

§ 2₄5. Notice of sale and redemption rights. In order to be entitled to a tax deed, within 4 months and 15 days after any sale held under this Code, the purchaser or his or her assignee shall deliver to the county clerk a notice to be given to the party in whose name the taxes are last assessed as shown by the most recent tax collector's warrant books, in at least 10 point type in the following form completely filled in:

TAKE NOTICE

County of ...............................................................

Date Premises Sold ....................................................

Certificate No. ........................................................

Sold for General Taxes of (year) .....................................

Sold for Special Assessment of (Municipality)

and special assessment number ........................................

Warrant No. ...............Inst. No. ...........................

THIS PROPERTY HAS BEEN SOLD FOR
DELINQUENT TAXES

Property located at ..................................................

Legal Description or Property Index No. ..............................

....................................................................

....................................................................

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on ...........

This notice is also to advise you that a petition will be filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before ............................................................

At the date of this notice the total amount which you must pay in order to redeem the above property is ...........................................................

YOU ARE URGED TO REDEEM IMMEDIATELY TO
PREVENT LOSS OF PROPERTY

Redemption can be made at any time on or before .... by applying to the County Clerk of .... County, Illinois at the Office of the County Clerk in ...., Illinois.

The above amount is subject to increase at 6 month intervals from the date of sale. Check with the county clerk as to the exact amount you owe before redeeming. Payment must be made by certified check, cashier's check, money order, or in cash.

For further information contact the County Clerk .

ADDRESS: ............................................

TELEPHONE: ...........................................

Purchaser or Assignee .............
Dated (insert date).

2

EX. C-1



To: Rufus Cook Attorney; The Ridgeland Corporation; City of Chicago; Cook & Revak; Rufus L. Cook; Barbara J. Revak; Occupant; The 7411 Corp.; occupants or persons in actual possession of real estate hereinafter described; County Clerk of Cook County, Illinois; unknown owners and parties interested in said real estate.

TAX DEED NO. 2014COTD002392        Filed · July 9, 2014

## TAKE NOTICE

County of Cook
Date Premises Sold January 7, 2014
Certificate No. 13S-0000933
Sold for General Taxes of 2009-2011
Sold for Special Assessment of (Municipality) and
Special assessment number (Not Applicable)
Warrant No. (Not Applicable) Inst. No. (Not Applicable)

## THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES

Property located at: · 7411 South Stony Island Avenue, Chicago, Illinois
Property Index No. 20-25-131-004-0000

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on January 8, 2015.

The amount to redeem is subject to increase at 6-month intervals from the date of sale and may be further increased if the purchaser at the tax sale or his or her assignee pays any subsequently accruing taxes or special assessments to redeem the property from subsequent forfeitures or tax sales. Check with the County Clerk as to the exact amount you owe before redeeming.

This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before January 8, 2015.

This matter is set for hearing in the Circuit Court of Cook County, in Courtroom 1704, Richard J. Daley Center, 50 West Washington, Chicago, Illinois, 60602 on January 28, 2015 at 9:30 a.m.

You may be present at this hearing but your right to redeem will already have expired at that time.

**YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY**
Redemption can be made at any time on or before January 8, 2015 by applying to the County Clerk of Cook County, Illinois at the County Court House in Chicago, Illinois.
For further information contact the County Clerk
Address: 118 North Clark Street, 4th Floor, Chicago, IL 60602
Telephone: (312) 603-5645
Stonedry, LLC

MICHAEL J. WILSON & ASSOCIATES
Michael J. Wilson
Attorneys at Law
309 West Washington Street, Suite 1200
Chicago, Illinois 60606        Purchaser or Assignee
312- 781-9510        Dated July 9, 2014

#13S-9008        EXHIBIT ___

NOTICE TO OWNERS AND C  UPANTS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    COPY

TAX DEED NO. 2014COTD002392            Filed July 9, 2014

## TAKE NOTICE

County of Cook
Date Premises Sold January 7, 2014
Certificate No. 13S-0000933
Sold for General Taxes of 2009-2011
Sold for Special Assessment of (Municipality) and
Special assessment number (Not Applicable)
Warrant No. (Not Applicable) Inst. No. (Not Applicable)

## THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES

Property located at:   7411 South Stony Island Avenue, Chicago, Illinois
Property Index No. 20-25-131-004-0000

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on January 8, 2015.

The amount to redeem is subject to increase at 6-month intervals from the date of sale and may be further increased if the purchaser at the tax sale or his or her assignee pays any subsequently accruing taxes or special assessments to redeem the property from subsequent forfeitures or tax sales. Check with the County Clerk as to the exact amount you owe before redeeming.

This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before January 8, 2015.

This matter is set for hearing in the Circuit Court of Cook County, in Courtroom 1704, Richard J. Daley Center, 50 West Washington, Chicago, Illinois, 60602 on January 28, 2015 at 9:30 a.m.

You may be present at this hearing but your right to redeem will already have expired at that time.

YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY

Redemption can be made at any time on or before January 8, 2015 by applying to the County Clerk of Cook County, Illinois at the County Court House in Chicago, Illinois.

FOR FURTHER INFORMATION CONTACT THE COUNTY CLERK
Address: 118 North Clark Street, 4th Floor, Chicago, IL 60602
Telephone: (312) 603-5645

Stonedry, LLC
Purchaser or Assignee

Clerk of the Circuit Court
Dated July 9, 2014

MAIL TO FOLLOWING PERSONS:
A) Rufus Cook Attorney, 7411 South Stony Island Avenue, Chicago, IL 60649
B) The Ridgeland Corporation, Serve-Rufus Cook, R/A, 7330 South Ridgeland Chicago, IL 60649
C) The Ridgeland Corporation, Serve-Rufus Cook, R/A, 7411 South Stony Island Avenue Chicago, IL 60649
D) The Ridgeland Corporation, Serve -- Illinois Secretary of State, 69 West Washington, 12th Floor, Chicago, IL  60602, ,
E) Cook & Revak , 7411 South Stony Island Avenue, Chicago, IL 60649
F) Rufus L. Cook, 7411 South Stony Island Avenue, Chicago, IL 60649
G) Barbara J. Revak, 7411 South Stony Island Avenue, Chicago, IL 60649
H)  Occupant, 7411 South Stony Island Avenue, Chicago, IL 60649
I) The 7411 Corp., 7411 South Stony Island Avenue, Chicago, IL 60649
#13S-9008

EXHIBIT  F

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

# C .TIFICATE OF PUBLICATION

### Case No. 2014COTD002392

### 20-25-131-004-0000

## LAW BULLETIN PUBLISHING CO.

### does hereby certify that it is the publisher of

## CHICAGO DAILY LAW BULLETIN

that said **CHICAGO DAILY LAW BULLETIN** is a secular newspaper that has been published **DAILY** in the City of Chicago, County of Cook, State of Illinois, continuously for more than one year prior to the first date of publication of the notice, appended, that it is of general circulation throughout said County and State, that it is a newspaper as defined in "An Act to revise the law in relation to notices," as amended, Illinois Compiled Statutes (715 ILCS 5/1 & 5/5), and that the notice appended was published in the said **CHICAGO DAILY LAW BULLETIN** on Jul 21, 22, 23, 2014

In witness thereof, the undersigned has caused this certificate to be signed and its corporate seal affixed at Chicago, Illinois.

### JULY 23, 2014

### LAW BULLETIN PUBLISHING CO.

By, 



I. 6 1 7 4 7 1

To: Rufus Cook Attorney; The Ridgeland Corporation; City of Chicago; Cook & Revak; Rufus L. Cook; Barbara J. Revak; Occupant; The 7411 Corp.; occupants or persons in actual possession of real estate hereinafter described; County Clerk of Cook County, Illinois; unknown owners and parties interested in said real estate. TAX DEED NO. 2014COTD002392Filed July 9, 2014
TAKE NOTICE

County of Cook
Date Premises Sold January 7, 2014
Certificate No. 13S-0000933.
Sold for General Taxes of 2009-2011
Sold for Special Assessment 'of (Municipality) and
Special assessment 'number (Not Applicable)
Warrant No. (Not Applicable) Inst. No. (Not Applicable)
THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES
Property located· at·7411 South Stony Island Avenue, Chicago, Illinois
Property Index No. 20-25-131-004-0000
This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on January 8, 2015.
The amount to redeem is subject to increase at 6-month intervals from the date of sale and may be further increased if the purchaser at the tax sale ·or his or her assignee pays any subsequently accruing taxes or special assessments to redeem the property from subsequent forfeitures or tax sales. Check with the County Clerk as to the exact amount you owe before redeeming.
This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made ·on or before January 8, 2015.
This matter is set for hearing in the Circuit Court of Cook County, In Courtroom 1704, Richard J. Daley Center, 50 West Washington, Chicago, Illinois, 60602 on January 28, 2015 at 9:30 a.m.
You may be present at this hearing but your right to redeem will already have expired at that time.
YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY
Redemption can be made at any time on or before January 8, 2015 by applying to the County Clerk of Cook County, Illinois at the County Court House in Chicago, Illinois.
For further information contact the County Clerk

*Office of the County Clerk*

Address: 118 North Clark Street, 4th Floor, Chicago, IL 60602
Telephone: (312) 603-5645
Storiedzy, LLC
Purchaser or Assignee
Dated July 9, 2014
I617471
Jul 21, 22, 23, 2014

EXHIBIT _____ G

R4A0

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC.      )
         )
         ) Case No. 2014 COTD 002392
PETITION OF Stonedry, LLC        )
FOR TAX DEED               )
                            )

### NOTICE OF FILING

TO:    MICHAEL J. WILSON & ASSOCIATES, P.C.
       309 West Washington Street, Suite 1200
       Chicago, Illinois 60606
       Phone: (312) 781-9510
       Fax: (312) 781-9511

      **PLEASE TAKE NOTICE** that on June 29, 2015, we caused to be filed with the Clerk of the Circuit Court of Cook County, Illinois, Richard J. Daley Center, Chicago, Illinois **REPLY REGARDING WHETHER A SUCESSOR JUDGE MAY SIGN UNSIGNED TRANSCRIPT OF** *EX PARTE* **PROVE-UP MADE BEFORE SUBSTITUTED JUDGE,** a copy of which is hereby served upon you.

                                  Respectfully submitted

                            By: _____
                                   Barbara Revak

                            By: _____
                                   Bruce Cook

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook              By: _____
Attorney No. 39081
Rufus Cook, *pro se*                           Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

In.the.Matter.of.Stonedry.Not.of.Fil.Cert.of.Serv.by.Mail.re.Reply.re.Judge.Signing.Transc.of.Prove.Up.BR.gb.6.29.15

## CERTIFICATE OF SERVICE BY MAIL

I, Barbara Revak, an attorney, hereby certify that on June 29, 2015, I caused a copy of **REPLY REGARDING WHETHER A SUCESSOR JUDGE MAY SIGN UNSIGNED TRANSCRIPT OF *EX PARTE* PROVE-UP MADE BEFORE SUBSTITUTED JUDGE** to be mailed to the above named party by depositing a copy thereof, postage prepaid, into the U.S. Postal Box located at the corner of 75th and Stony Island Avenue.


Barbara Revak

# EXHIBIT INDEX

# EX. 15

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )
                                    )
                                    ) Case No. 2014 COTD 002392
PETITION OF Stonedry, LLC           )
FOR TAX DEED                        )
                                    )

## RESPONDENTS' CITATION OF ADDITIONAL AUTHORITY

Respondents herein hereby call the court's attention to the following authority, copies of

which are attached hereto and have previously been furnished to plaintiff's counsel. The

additional authority is: *Anderson v. Kohler,* 376 Ill.App.3d 714, 877 N.E.2d 110 (2nd Cir. 2007),

and *Trzebiatowski v. Jerome,* 24 Ill.2d 24, 179 N.E.2d 622 (1962).

Respectfully submitted

By: _____
        Barbara Revak

By: _____
        Bruce Cook

By: _____
        Rufus Cook, *pro se*

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

In.the.Matter.of.Stonedry.Respondents.Citation.of.Additional.Authority.BR.gb.11.24.15

EX. 15

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC.           )
                                             )
                                             ) Case No. 2014 COTD 002392
PETITION OF Stonedry, LLC                    )
FOR TAX DEED                                 )
                                             )

## NOTICE OF FILING

TO:   MICHAEL J. WILSON & ASSOCIATES, P.C.
      309 West Washington Street, Suite 1200
      Chicago, Illinois 60606
      Phone: (312) 781-9510
      Fax: (312) 781-9511

   **PLEASE TAKE NOTICE** that on November 24, 2015, we caused to be filed with the
Clerk of the Circuit Court of Cook County, Illinois, Richard J. Daley Center, Chicago, Illinois
**RESPONDENTS' CITATION OF ADDITIONAL AUTHORITY**, a copy of which is hereby
served upon you.

                                          Respectfully submitted

                                          By: _____
                                               Barbara Revak

                                          By: _____
                                               Bruce Cook

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081                        By: _____
Rufus Cook, *pro se*
7411 S. Stony Island Ave                       Rufus Cook, *pro se*
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

In.the.Matter.of.Stonedry.Not.of.Fil.Cert.of.Serv.by.Mail.re.Citation.of.Additional.Authority.BR.gb.11.24.15

## CERTIFICATE OF SERVICE BY MAIL

I, Barbara Revak, an attorney, hereby certify that on November 24, 2015, I caused a copy of **RESPONDENTS' CITATION OF ADDITIONAL AUTHORITY** to be mailed to the above named party by depositing a copy thereof, postage prepaid, into the U.S. Postal Box located at the corner of 75th and Stony Island Avenue.

Barbara Revak

**110** Ill.    877 NORTH EASTERN REPORTER, 2d SERIES

Applying the foregoing interpretation of section 5-102 to the facts of the case at bar, we conclude that at the time of Sarah's May 26, 2004, accident with the Escort, no one was in the process of determining the significance, worth, or condition of Sarah's Saturn. It was not being evaluated to see whether it could be repaired, and it had already been determined that the Saturn was not going to be repaired. Sarah was driving the Escort with Kessler's permission so that Kessler could find her a replacement vehicle. This situation is outside the purview of how the plain language of section 5-102 of the Illinois Vehicle Code defines *permitted user*; which should be strictly construed because that definition results in an abrogation of the common law rule that the vehicle owner's insurance coverage shall be primary.

For the forgoing reasons, we find the circuit court erred in granting the cross-motion for a summary judgment filed by Auto-Owners Insurance Company and Kessler and in denying the motion for a summary judgment filed by Madison Mutual. Accordingly, we reverse and remand with directions for the circuit court to enter an order granting a summary judgment in favor of Madison Mutual.

Reversed and remanded with directions.

STEWART and WEXSTTEN, JJ., concur.



---

376 Ill.App.3d 714
315 Ill.Dec. 623

Richard A. ANDERSON and Sandra Anderson, Plaintiffs–Appellants,

v.

Donald J. KOHLER, Betty J. Kohle and Arrowhead Development Group Defendants–Appellees.

No. 2–05–1212.

Appellate Court of Illinois, Second District.

Oct. 4, 2007.

**Background:** Action was brought on alleged oral contract for the sale of la In a bench trial, the Circuit Court, Kalb County, Douglas R. Engel, J. ente judgment in favor of defendants at t close of plaintiffs' case-in-chief. Plainti appealed. The Appellate Court revers and remanded. On remand, the Circ Court, De Kalb County, Richard J. L son, J., again entered judgment in favor defendants.

**Holding:** The Appellate Court, O'Mall J., held that successor judge was requ on remand to conduct a trial de novo a could not, consistent with due process, r on transcript of plaintiff's case-in-ch from prior trial.

Reversed and remanded.

1. Judges ⟨⟩32

Absent the agreement of the parties successor judge may not make credibil determinations based on a transcript proceedings over which another judge pr sided.

2. Constitutional Law ⟨⟩3997

Due process requires in a bench tr that findings of fact based on the demea or of witnesses be made by a judge w observed the witnesses. U.S.C.A. Con Amend. 14.

*Kohler*, No. 2-02-1274, 344 Ill.App.3d 1222, 307 Ill.Dec. 320, 859 N.E.2d 320 (2003) (unpublished order under Supreme Court Rule 23), and we recapitulate only what is necessary to explain our decision here. Plaintiffs sued defendants on an alleged oral contract for the sale of the Kohlers' land to plaintiffs. The complaint proceeded to a bench trial before Judge Douglas R. Engel. At the close of plaintiffs' case-in-chief, defendants moved under section 2-1110 of the Code of Civil Procedure (735 ILCS 5/2-1110 (West 2000)) for a finding in their favor. In ruling on the motion, Judge Engel did not weigh the evidence or assess the credibility of the witnesses but found, as a matter of law, that plaintiffs failed to present a *prima facie* case for the existence of an oral contract for the sale of land.

Plaintiffs appealed, and we reversed the trial court's decision. We held that plaintiffs had presented a *prima facie* case. *Anderson*, Slip op. at 9, 344 Ill.App.3d 1222, 307 Ill.Dec. 320, 859 N.E.2d 320. We remanded for "further proceedings" without specifying how the trial court should conduct a new trial on remand. *Anderson*, Slip op. at 11, 344 Ill.App.3d 1222, 307 Ill.Dec. 320, 859 N.E.2d 320. While the appeal was pending, Judge Engel retired. Judge Richard J. Larson was assigned the case, which proceeded again to a bench trial. Over plaintiffs' objection, Judge Larson barred them from presenting their case-in-chief again and instead relied on the transcript of their case-in-chief before Judge Engel. Plaintiffs were, however, allowed to present rebuttal following defendants' case. At the close of the evidence, Judge Larson found the witnesses for the parties "diametrically opposed, particularly as it related to the alleged oral contract to sell real estate." Judge Larson noted that "plaintiff Richard Anderson testified there was an oral contract to sell land" while "defendant Donald

Kohler testified there was no oral contract to sell." Judge Larson found Richard Anderson and Donald Kohler "equally creditable" and David Anderson, Richard son who also testified, "credible." Impliedly finding Donald Kohler more credible than Richard and David Anderson, the trial court entered judgment for defendant. Plaintiffs filed this timely appeal.

Plaintiffs attack both the procedure the trial and the substance of its outcome. As to the procedural aspect, plaintiffs argue that the trial court committed reversible error when, over their objection Judge Larson relied on the transcript their case-in-chief from the prior trial lieu of live testimony. Plaintiffs arg that, though credibility was a "central cus" of their case at trial, Judge Lar heard "only a portion" of their witness testimony and did not have a "full oppor nity" to observe the demeanor of th witnesses.

Plaintiffs cite *In re Marriage of So son*, 127 Ill.App.3d 967, 82 Ill.Dec. 906, N.E.2d 440 (1984), from the Fifth Dist Appellate Court. In *Sorenson*, the r tioner filed petitions for dissolution of m riage and for temporary custody of parties' daughter, Sarah. After a hea on the petition for temporary cust Judge Lola Maddox granted tempor custody of Sarah to the respond Judge Maddox then held a hearing on dissolution petition, taking testimony issues of permanent child custody and tribution of marital assets. Before J Maddox issued any findings on those sues, she recused herself from the The case was reassigned to Judge Wei Durr, who proposed to the parties tha decide the issues of permanent child c dy and distribution of marital assets b on the transcripts of the hearings be Judge Maddox. The parties agreed t procedure, but only the respondent

ANDERSON v. KOHLER
Cite as 877 N.E.2d 110 (Ill.App. 2 Dist. 2007).

Ill. 113

stified there was no oral contract

Judge Larson found Richard and Donald Kohler "equally e" and David Anderson, Richard's also testified, "credible." Implying. Donald Kohler more credible aard and David Anderson, the tri- entered judgment for defendants. filed this timely appeal.

ffs attack both the procedure of and the substance of its outcome. e procedural aspect, plaintiffs ar- the trial court committed revers- or when, over their objection, arson relied on the transcript of te-in-chief from the prior trial in live testimony. Plaintiffs argue ugh credibility was a "central fo- their case at trial, Judge Larson nly a portion" of their witnesses' y and did not have a "full opportu- observe the demeanor of those s.

ffs cite *In re Marriage of Soren-* Ill.App.3d 967, 82 Ill.Dec. 906, 469 140 (1984), from the Fifth District e Court. In *Sorenson,* the peti- ed petitions for dissolution of mar- d for temporary custody of the daughter, Sarah. After a hearing petition for temporary custody, ola Maddox granted temporary of Sarah to the respondent. Maddox then held a hearing on the on petition, taking testimony on ? permanent child custody and dis- l of marital assets. Before Judge issued any findings on those is- e was reassigned to Judge Wendell ho proposed to the parties that he he issues of permanent child custo- distribution of marital assets based ranscripts of the hearings before Maddox. The parties agreed to the re, but only the respondent was

represented by counsel. On the basis of the transcripts, Judge Durr granted the respondent permanent custody of Sarah. The petitioner appealed, arguing that the trial court "was without authority to enter judgment based solely on the record of the prior hearings." *Sorenson,* 127 Ill.App.3d at 968, 82 Ill.Dec. 906, 469 N.E.2d 440.

The appellate court noted that, though prior cases "held that a successor judge may properly issue an order based upon a predecessor judge's findings of fact," the present case involved "a situation where a successor judge issued an order based on *original* findings of fact discerned from the record of prior proceedings." (Emphasis added.) *Sorenson,* 127 Ill.App.3d at 969, 82 Ill.Dec. 906, 469 N.E.2d 440. The court found no Illinois case "delineat[ing] the power of a successor judge to make his or her own findings of fact based solely upon transcribed testimony and exhibits" or "defin[ing] the power of litigants to stipulate to such a procedure." *Sorenson,* 127 Ill.App.3d at 969, 82 Ill.Dec. 906, 469 N.E.2d 440. The court then summed up the trend in other jurisdictions:

"While the courts of other jurisdictions are divided on the issue of whether a successor judge may make findings of fact based upon a transcript of proceedings over which another judge presided, it is generally held that such a procedure is improper in the absence of a stipulation by the parties. (See generally Annot., 22 A.L.R.3d 922 (1968).) The rationale of this holding is the long-standing principle that a litigant is enti- tled to a resolution of factual questions by a trier of fact who has been afforded an opportunity to assess the credibility of the witnesses by observing their de- meanor. The seriousness with which this principle is regarded is evidenced by the fact that even when parties stipu- late to a resolution of factual questions by a successor judge who reviews a rec-

ord of prior proceedings, a new trial may nevertheless be warranted where critical determinations necessarily hinge upon the credibility of one witness or a set of witnesses over another. (*Moore, Golf, Inc. v. Lakeover Golf & Country Club, Inc.* (1975), 49 App.Div.2d 583, 370 N.Y.S.2d 156.)" *Sorenson,* 127 Ill. App.3d at 969, 82 Ill.Dec. 906, 469 N.E.2d 440.

Applying these principles, the appellate court vacated and remanded. The court held that the stipulation of the parties was insufficient to warrant Judge Durr in de- ciding the issue of custody based on tran- scripts of the proceedings before Judge Maddox. The court remarked that the testimony before Judge Maddox was "con- tradictory on matters crucial to a determi- nation of the comparative parental fitness" and, therefore, Judge Durr "could have reached his decision only by weighing the testimony as it appeared in the transcript and necessarily attributing greater credi- bility to the testimony of the respondent and the witnesses called on respondent's behalf." *Sorenson,* 127 Ill.App.3d at 970, 82 Ill.Dec. 906, 469 N.E.2d 440. Observ- ing that the "overriding concern" in a child custody case is the best interests of the child, the court concluded:

"[W]e do not believe the interests of [Sarah] were best served by credibility thus attributed on the basis of data which was inherently incomplete. If, by reason of their stipulation, [the parties] were not entitled to a determination of their comparative parental fitness by a trier of fact who was afforded the oppor- tunity to discern truthfulness by observ- ing the demeanor of contradictory wit- nesses, [Sarah], whose life is singularly affected by such a determination, was so entitled. On this basis, we find the stip- ulation, insofar as it relates to a finding of parental fitness, inconsistent with the

declared policy of [this] State." *Sorenson,* 127 Ill.App.3d at 970, 82 Ill.Dec. 906, 469 N.E.2d 440.

[1] Defendants propose that, because the case at bar is not "a criminal case or a support case," *Sorenson* is inapplicable. In our view, the principles of *Sorenson* are not so limited. The only tenable reading of *Sorenson* is that the court embraced the majority rule of other jurisdictions: absent the agreement of the parties, a successor judge may not make credibility determinations based on a transcript of proceedings over which another judge presided.[1] See Annotation, K. Kemper, *Power of Successor or Substituted Judge, in Civil Case, to Render Decision or Enter Judgment on Testimony Heard by Predecessor,* 84 A.L.R. 5th 399, 418, 2000 WL 1838979 (2000) (collecting cases and concluding that "[a]s a general rule, due process considerations require that a party in a case tried without a jury is entitled to a decision by the judge who heard the evidence"). Any view that this rule is limited in Illinois to cases involving delicate issues like those in *Sorenson,* or may have diminished application based on the substance of the underlying controversy, is extinguished by the Illinois authorities that *Sorenson,* oddly, overlooked. The only case *Sorenson* cited was *Brady v. Brady,* 26 Ill.App.3d 131, 324 N.E.2d 645 (1975), another marriage dissolution case where custody issues were paramount. *Brady,* however, cited *Trzebiatowski v. Jerome,* 24 Ill.2d 24, 179 N.E.2d 622 (1962) (*Trzebiatowski II*)*,* which followed *Trzebiatowski v. Jerome,* 19 Ill.2d 30, 166 N.E.2d 65 (1960) (*Trzebiatowski I*)*.*

*Trzebiatowski I* and *Trzebiatowski II* involved a suit in equity by the plaintiff to invalidate, as procured by fraud, a trust agreement between her and the defendant. After a bench trial, the trial court entered judgment for the plaintiff. On direct appeal to the supreme court, the defendant argued that the trial court based its decision "upon a theory not advanced in the pleadings and to which he had no opportunity to defend." *Trzebiatowski I,* 19 Ill.2d at 35, 166 N.E.2d 65. The defendant explained that, though the plaintiff's complaint "sound[ed] in actual fraud and [was] based upon a fraudulent wilful misrepresentation," the trial court's decision was, "replete with references to and findings of constructive fraud; overreaching; unconscionable fee, enrichment, and either no services or no useful services." *Trzebiatowski I,* 19 Ill.2d at 35, 166 N.E.2d 65. The supreme court agreed that "the theory upon which the [trial court's] decree [was] based took form subsequent to the presentation of evidence." *Trzebiatowski I,* 19 Ill.2d at 36, 166 N.E.2d 65. The court reversed and remanded, directing that the proofs be reopened to allow the defendant to present additional evidence relevant to the plaintiff's theory as it evolved at trial.

On remand, the chancellor, who had heard the evidence in the original proceedings granted a change of venue, and the case was tried before "a new judge, who, over proper and strenuous objection by defendant, permitted plaintiff to introduce into evidence the transcript of the proceedings at the original hearing even though there was no showing plaintiff's witnesses were not available on the second trial." *Trzebiatowski II,* 24 Ill.2d at 25, 179 N.E.2d 622. After the defendant presented his case, the trial court found for the plaintiff. The defendant appealed, and the

---

1. This is, according to *Sorenson,* what the law requires at a bare minimum. Under *Sorenson,* even the stipulated use of transcripts in lieu of the *de novo* presentation of evidence may be improper where witness credibility is central to the case or where other important interests exist, such as those of the child in a custody proceeding.

Case: 1:22-cv-00119 Document #: 1 Filed: 01/07/22 Page 138 of 206 PageID #:138

at between her and the defendant.
bench trial, the trial court entered
t for the plaintiff. On direct ap-
he supreme court, the defendant
hat the trial court based its deci-
on a theory not advanced in the
s and to which he had no opportu-
efend." *Trzebiatowski I*, 19 Ill.2d
6 N.E.2d 65. The defendant ex-
that, though the plaintiff's con-
und[ed] in actual fraud and [was]
on a fraudulent wilful misrepre-
," the trial court's decision was
with references to and findings of
ive fraud, overreaching, uncon-
fee, enrichment, and either no
or no useful services." *Trzebia-*
19 Ill.2d at 36, 166 N.E.2d 65.
eme court agreed that "the theo-
which the [trial court's] decree
sed took form subsequent to the
ion of evidence." *Trzebiatowski*
.2d at 36, 166 N.E.2d 65. The
versed and remanded, directing
proofs be reopened to allow the
t to present additional evidence
to the plaintiff's theory as it
t trial.

mand, the chancellor who had
e evidence in the original proceed-
nted a change of venue, and the
tried before "a new judge, who,
per, and strenuous objection by
t, permitted plaintiff to introduce
ence the transcript of the proceed-
he original hearing even though
s no showing plaintiff's witnesses
; available on the second trial."
*nwski II*, 24 Ill.2d at 25, 179
22. After the defendant present-
use, the trial court found for the

The defendant appealed, and the

improper where witness credibility is
to the case or where other important
s exist, such as those of the child in a
proceeding.

supreme court reversed in a brief opinion,
holding that "[u]nder the circumstances
reflected in the record it was error for the
second chancellor to admit the transcript
of the first proceeding into evidence and to
consider it as a basis of decision." *Trze-
biatowski II*, 24 Ill.2d at 25, 179 N.E.2d
622. For the court, the issue was of con-
stitutional dimension:

"The full hearing contemplated by due
process of law contemplates that all of
the evidence should be submitted before
a single judge or master who may see
the witnesses and weigh their testimony,
and determine their credibility." *Trze-
biatowski II*, 24 Ill.2d at 25–26, 179
N.E.2d 622.

The court declared that "[i]t was the clear
duty of the chancellor here to conduct a
trial *de novo*." *Trzebiatowski II*, 24 Ill.2d
at 26, 179 N.E.2d 622. The court remand-
ed "with directions to have a trial *de
novo*." *Trzebiatowski II*, 24 Ill.2d at 26,
179 N.E.2d 622.

As authority for the principle of due
process it articulated, *Trzebiatowski II* cit-
ed two Illinois cases, *People ex rel. Reiter
v. Lupe*, 405 Ill. 66, 89 N.E.2d 824 (1950),
and *Mills v. Ehler*, 407 Ill. 602, 95 N.E.2d
848 (1951). In *Reiter*, the plaintiff brought
an action for an accounting against an
insurance company and other defendants.
The trial court referred the case to a mas-
ter in chancery (the first master) to take
testimony and submit proposed conclu-
sions of law and fact. At the conclusion of
the plaintiff's case before the first master,
the defendants moved for a finding in their
favor. On the recommendation of the first
master, the trial court granted the motion.
The supreme court reversed the decision
and remanded for a new hearing. *Reiter
v. Illinois National Casualty Co.*, 397 Ill.
141, 73 N.E.2d 412 (1947). On remand,
the case was referred to a different master
(the second master). The plaintiff, seek-

ing to avoid the expense of presenting his
case anew, moved the second master sim-
ply to consider the transcript of the plain-
tiff's case before the first master. The
defendants objected, urging the second
master to conduct a trial *de novo*. The
motion was referred to the trial judge, who
denied it and directed the second master
to conduct a hearing *de novo*. The plain-
tiff petitioned the supreme court for a writ
of *mandamus* directing the trial court to
expunge its order for a hearing *de novo*.
The supreme court denied the petition,
reasoning:

"[The second master] has not seen or
heard the witnesses produced by plain-
tiff at the former hearing. Since a
consideration of the proper weight or
sufficiency of plaintiff's evidence is a
necessary subject to be considered by
him in interpreting the evidence offered
by defendants, it will be seen that the
defendants would be deprived of their
fundamental right to a decision by a
master who saw the witnesses on the
stand and heard all their testimony.
One of the duties of a master is to
decide upon the credibility of the wit-
nesses, a duty which he cannot fully
perform if he does not see the wit-
nesses. The full hearing required by
due process of law contemplates that
all of the evidence should be submitted
before a single judge, master or other
tribunal which could see the witnesses,
weigh their testimony and determine
their credibility. In the absence of
findings and report from the master, in
order to afford the parties a hearing
within the recognized meaning of that
word, it is the duty of the court to
direct a trial *de novo* before another
master or before itself. [Citation.]

* * *

* * * No one could contend in a law
case that a plaintiff who had obtained a

decision in an Appellate Court, reversing the ruling of a trial court which had taken his case away from the court or jury, would have the right to present his evidence from the first trial in transcript form at a new trial." *Reiter*, 405 Ill. at 71–73, 89 N.E.2d 824.

In *Mills*, the plaintiff sued to have a quitclaim deed declared void. The evidence was heard by a master in chancery (the first master), who submitted proposed conclusions of law and fact to the trial judge. Later, the plaintiff's complaint was dismissed for failure to name a necessary party. The plaintiff filed an amended complaint, and, over the plaintiff's objection, the case was referred to a different master (the second master). The second master conducted a hearing *de novo*. On the second master's recommendation, the trial judge dismissed the amended complaint "for want of equity." *Mills*, 407 Ill. at 607, 95 N.E.2d 848. The plaintiff appealed. When the case reached the supreme court, the defendants filed a motion to strike from the record all matters relating to the proceedings before the first master. The plaintiff opposed the motion, suggesting that the trial judge's decision showed that his conclusions were based in part on the report from the first master. The court rejected the plaintiff's interpretation of the trial judge's decision. The court, citing *Reiter*, noted alternatively that, "under the previous decisions of this court, it would have been erroneous either for [the second master], on a reference to take evidence and report his conclusions, or the judge who made the reference, to have considered the matters presented to [the first master] on the previous reference." *Mills*, 407 Ill. at 611, 95 N.E.2d 848. The court observed that the plaintiff seemed "aware of this rule" "by her action of causing all witnesses who testified before [the first master], to appear again

before [the second master]." *Mills*, Ill. at 612, 95 N.E.2d 848.

[2] Several points may be drawn fr the holdings in *Sorenson*, *Trzebiatow II*, *Reiter*, and *Mills*. First, the lat three cases confirm that the due proc mandate—that findings of fact based the demeanor of witnesses be made b judge who observed the witnesses—is limited to marriage dissolution cas Though they all dealt with equitable clai in chancery courts, nothing in the cas suggests that the elementary principle due process they espouse does not ha full sway in proceedings at law, as *Soren son* would later illustrate. Indeed, *Reit* reached its holding in part by drawi comparisons to proceedings at law, noti that "[n]o one could contend in a law ca that a plaintiff who had obtained a decisi in an Appellate Court, reversing the rulin of a trial court which had taken his ca away from the court or jury, would hav the right to present his evidence from th first trial in transcript form at a new trial *Reiter*, 405 Ill. at 72–73, 89 N.E.2d 82

[3] Second, the requirement of dr process is not met if all the witnesses wi testified before the predecessor judge, als give some testimony before the successo judge. The supreme court's comment i *Reiter* that the second master saw none o the witnesses who testified before the firs master (see *Reiter*, 405 Ill. at 72, 8 N.E.2d 824) must not be taken to impl that the mere appearance of those wit nesses before the second master woul have been sufficient. That notion is fore closed by the court's description of wha due process requires. According to the court, due process mandates that "all o the evidence should be submitted before single judge, master or other tribuna which could see the witnesses, weigh thei testimony and determine their credibility. (Emphasis added.) *Reiter*, 405 Ill. at 7

Case: 1:22-cv-00119 Document #: 1 Filed: 01/07/22 Page 140 of 206 PageID #:140

second master]." *Mills,* 407 N.E.2d 848.

al points, may be drawn from in *Sorenson, Trzebiatowski* and *Mills.* First, the latter confirm that the due process at findings of fact based on r of witnesses be made by a served; the witnesses—is not marriage dissolution cases, all dealt with equitable claims courts, nothing in the cases t the elementary principle of they espouse does not have proceedings at law, as *Sorenson* illustrate. Indeed, *Reiter* holding in part by drawing to proceedings at law, noting e could contend in a law case ff who had obtained a decision ite Court, reversing the ruling art which had taken his case he court or jury, would have present his evidence from the transcript form at a new trial." Ill. at 72–73, 89 N.E.2d 824.

id, the requirement of due t met if all the witnesses who are the predecessor judge also istimony before the successor supreme court's comment in he second master saw none of s who testified before the first

*Reiter,* 405 Ill. at 72, 89 must not be taken to imply re appearance of those wit- e the second master would ifficient. That notion is fore- e court's description of what requires. According to the rocess mandates that "all of should be submitted before a t, master or other tribunal see the witnesses, weigh their d determine their credibility." dded.) *Reiter,* 405 Ill. at 71,

89 N.E.2d 824. Litigants are entitled to "a decision by a master who saw the witnesses * * * and heard all their testimony * * *." (Emphasis added.) *Reiter,* 405 Ill. at 71, 89 N.E.2d 824. A trial *de novo* is required where the predecessor judge left no "findings and report." *Reiter,* 405 Ill. at 71, 89 N.E.2d 824. Notably, the supreme court in *Trzebiatowski II* did not consider it necessary to observe whether all the witnesses who testified at the first hearing also testified at the second hearing. The court found reason enough for reversal in the simple fact that the judge who made credibility determinations did not see all of the testimony of the witnesses he judged. The requirement that a judge see the entire testimony of the witness whose credibility he assesses is in keeping with the distinct roles of trial and appellate courts. If courts of review are ill-equipped to assess a witness's credibility, they are no better positioned to decide what level of exposure to a particular witness is necessary for a trial court to form a substantiated view of his credibility. Courts of review are spared the need to make this type of judgment by the rigid rule of *Trzebiatowski II, Reiter,* and *Mills.*

[4] Third, as the supreme court authorities imply, and as *Sorenson* makes explicit, a successor judge may render a decision based on a predecessor judge's findings of fact. See *Reiter,* 405 Ill. at 71–72, 89, N.E.2d 824 ("*In the absence of findings and report from the master,* in order to afford the parties a hearing within the recognized meaning of that word, it is the duty of the court to direct a trial *de novo* before another master or before itself." (emphasis added)); *Sorenson,* 127 Ill. App.3d at 969, 82 Ill.Dec. 906, 469 N.E.2d 440("a successor judge may properly issue an order based upon a predecessor judge's findings of fact"). We need not explore the details of this caveat to render our

decision, for here Judge Engel made no credibility determinations in the prior proceeding.

[5, 6] Fourth, any litigant in the proceeding may assert the due process right. In addition, a litigant has standing to object where *any* of the testimony was not presented before the judge who made the credibility findings. This includes testimony from the litigant's own witnesses as well as testimony from another litigant's witnesses. In the case at bar, plaintiffs complain that they were unable to present their own case-in-chief again. In *Trzebiatowski II* and *Reiter,* however, it was the plaintiffs' decisions to stand on the transcripts of their cases-in-chief that triggered the defendants' objections.

[7] Fifth, the due process mandate is not absolute. A successor judge may rely on transcripts of a prior trial in lieu of proceeding *de novo* where the witnesses who testified at the prior trial are "not available on the second trial" (*Trzebiatowski II,* 24 Ill.2d at 25, 179 N.E.2d 622) or where the parties agree to stand on transcripts of the prior proceeding (*Sorenson,* 127 Ill.App.3d at 969, 82 Ill.Dec. 906, 469 N.E.2d 440). *Sorenson,* we note, further suggests that the agreement of the parties may be insufficient "where critical determinations necessarily hinge upon the credibility of one witness or set of witnesses over another," or where other important interests exist. *Sorenson,* 127 Ill.App.3d at 969, 82 Ill.Dec. 906, 469 N.E.2d 440. We express no opinion on these caveats from *Sorenson,* for here the minimum requirement of an agreement between the parties was not met and there is no suggestion that any witness who testified at the first trial was unavailable for the second trial.

Defendants contend that Judge Larson's decision to proceed as he did over plaintiffs' objection finds vindication in *In re*

*Marriage of Fotsch,* 139 Ill.App.3d 83, 93 Ill.Dec. 640, 487 N.E.2d 84 (1985). In *Fotsch,* the predecessor judge took testimony on the petitioner's petition for a change of custody of the parties' children. When the predecessor judge recused herself before the evidence was concluded, the petitioner moved the successor judge to make a decision based on the transcript of the proceeding before the predecessor judge and on additional testimony presented by the parties. The respondent agreed to the procedure. The trial court denied the petitioner's motion, on the basis of *Sorenson,* but certified the question for review. The First District Appellate Court vacated the trial court's order. The court criticized *Sorenson,* but on inconsistent grounds. The court discounted *Sorenson* as "inconsistent with the well-established law of this State and many others," which is that "transcripts of prior testimony may be used by a successor judge if such procedure is consented to by all parties." *Fotsch,* 139 Ill.App.3d at 87, 93 Ill.Dec. 640, 487 N.E.2d 84. Yet the *Fotsch* court agreed with *Sorenson's* refusal to rely on the transcripts of the prior proceeding *despite the parties' agreement* to the procedure. The *Fotsch* court considered the refusal warranted because neither the respondent nor the parties' child in *Sorenson* was represented by counsel. In contrast to *Sorenson,* all the parties in *Fotsch* were represented by counsel.

The *Fotsch* court proceeded to distinguish *Sorenson* on one further ground: "Finally, in *Sorenson,* the successor judge entered the judgment based solely on the transcripts of the prior hearing and never heard testimony from a single witness—not even the parties. In the case before us, the successor judge will have an opportunity to hear testimony from the parents, their experts and various other witnesses, and will have an opportunity to interview the children *in*

*camera." Fotsch,* 139 Ill.App.3d at 93 Ill.Dec. 640, 487 N.E.2d 84.

The *Fotsch* court offers this rationale seemingly independent of its earlier observation that the parties voluntarily agreed to the use of transcripts from the prior proceeding. If the suggestion is that due process is always satisfied if all witnesses from the prior proceeding appear before the successor judge, even if not all of the evidence in the case is presented anew, that judge, then *Fotsch* is out of step with supreme court authority. In *Trzebiatowski II,* the supreme court held that "all the evidence should be submitted before a single judge or master who may see the witnesses, weigh their testimony and determine their credibility." (Emphasis added.) *Trzebiatowski II,* 24 Ill.2d at 26, 1 N.E.2d 622.

[8] In the present case, Judge Eng made no credibility determinations in the prior proceeding, and plaintiffs did not agree that the transcripts from that proceeding should stand as their case-in-chief before Judge Larson. Judge Larson, therefore, was required to conduct a trial *de novo,* which he refused to do.

The due process concerns in this case are particularly acute. Plaintiffs' claim of an oral agreement is based on a conversation between Richard Anderson, his son David, and Donald Kohler that took place in the spring of 1994 on Richard's property. Richard, David, and Donald all testified to this conversation but, as Judge Larson observed, Donald's version of the conversation "diametrically opposed" Richard's and David's. In plaintiffs' case-in-chief (before Judge Engel) and in the rebuttal case (before Judge Larson), Richard testified that, during the spring 1994 conversation, Donald "agreed to sell." Richard a parcel of land. David testified, i plaintiffs' case-in-chief, that Donald said h

." *Fotsch*, 139 Ill.App.3d at 87, sec. 640, 487 N.E.2d 84.

...h court offers this rationale as independent of its earlier obser...t the parties voluntarily agreed e of transcripts from the prior ...g. If the suggestion is that due always satisfied if all witnesses prior proceeding appear before ...sor judge, even if not all of the n the case is presented anew to ..., then *Fotsch* is out of step with ...ourt authority. In *Trzebiatow-* ...supreme court held that "all of ...ce should be submitted before a ...ge or master who may see the ...weigh their testimony and de-...eir credibility." (Emphasis add-...*biatowski II*, 24 Ill.2d at 26, 179 ....

...the present case, Judge Engel ...redibility determinations in the ...eeding, and plaintiffs did not ...the transcripts from that pro-...ould stand as their case-in-chief ...dge Larson. Judge Larson, ...was required to conduct a trial ...hich he refused to do.

...process concerns in this case ...larly acute. Plaintiffs' claim of ...eement is based on a conversa-...en Richard Anderson, his son ...Donald Kohler that took place ...g of 1994 on Richard's proper-...d, David, and Donald all testi-...s conversation but, as Judge ...erved, Donald's version of the n "diametrically opposed" Rich-David's. In plaintiffs' case-in-...re Judge Engel) and in their ...se (before Judge Larson), Rich-d that, during the spring 1994 n, Donald "agreed to sell" Rich-...el of land. David testified, in ...se-in-chief, that Donald said he

was "more than willing" to sell the land. David did not testify to the conversation on rebuttal. In the defense case (before Judge Larson), Donald directly contradict-ed Richard and David, testifying that he offered only a sublease of the land to Richard and said he "maybe" would agree to a sale later.

Judge Larson had occasion to observe Richard and David Anderson as they testi-fied in plaintiffs' rebuttal case. This expo-sure was limited in a material respect, however. While both Richard and David had testified about the crucial spring 1994 conversation in plaintiffs' case-in-chief be-fore Judge Engel, only Richard testified to that conversation in the rebuttal case be-fore Judge Larson. David's rebuttal testi-mony touched only on matters relevant to plaintiffs' case for damages. Judge Lar-son, therefore, had no opportunity to ob-serve David as he testified to an event integral to plaintiffs' case. Whether Judge Larson nonetheless saw enough of David to have an adequate sense of his credibility is immaterial, for "[t]he full hearing con-templated by due process of law contem-plates that all of the evidence should be submitted before a single judge or master who may see the witnesses, weigh their testimony and determine their credibility." (Emphasis added.) *Trzebiatowski II*, 24 Ill.2d at 25–26, 179 N.E.2d 622.

Accordingly, we reverse the trial court's judgment for defendants on count I of plaintiffs' complaint, which sought specific performance of the alleged oral contract. We also reverse the trial court's dismissal of the remaining count, count III, which sought damages, because the dismissal was premised on the judgment on count I. If this case proceeds to a new trial again on re-mand, the trial court must conduct a trial *de novo* because plaintiffs oppose the sub-stitution of transcripts from the prior trial for live testimony.

For the foregoing reasons, we reverse the judgment of the circuit court of De Kalb County and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

McLAREN and BYRNE, JJ., concur.



376 Ill.App.3d 67
315 Ill.Dec. 632

The PEOPLE of the State of Illinois, Plaintiff-Appellee,

v.

Steven D. LISLE, Jr., Defendant-Appellant.

No. 3–05–0032.

Appellate Court of Illinois, Third District.

Oct. 5, 2007.

**Background:** Defendant was convicted in the Circuit Court, 14th Judicial Circuit, Rock Island County, Charles H. Stengel, J., of first degree murder and aggravated battery, and he appealed.

**Holdings:** The Appellate Court, Schmidt, J., held that:

(1) battery victim's statement to witness that defendant shot him was admissi-ble under excited utterance hearsay exception;

(2) statement was not testimonial and thus did not implicate defendant's rights to confront his accuser;

(3) state was not required to produce bat-tery victim or prove his unavailability before introducing statement; and

sure and she told the officer that she could
identify the defendant by the freckles on his
face. The defendant testified that he was
home in bed on the night in question and his
testimony was supported by his two sisters.
He admitted that the complaining witness
was positive in her identification even after
the arresting officer had pointed out that he
could not arrest the man because of the
color of his clothing.

The defendant argues that the identifica-
tion of the defendant was based only upon
the fact that he was wearing a light colored
jacket and argues that this type of evidence
is insufficient to establish defendant's guilt
beyond a reasonable doubt. The identifica-
tion by Young is subject to this criticism
and if his testimony were the only identifi-
cation testimony in the record, we would not
hesitate to reverse the judgment of convic-
tion. However, even if his testimony is
disregarded, there remains the positive tes-
timony of the complaining witness that she
clearly saw the defendant's face at close
range and that she recognized him by the
freckles on his face, as well as by his cloth-
ing.

[2] He also points out that the lighting
was poor at the time and place of the assault
and also contends that the complaining wit-
ness's testimony is entitled to little weight
because her glasses were knocked off during
the struggle. His argument with respect to
the lighting conditions is not borne out by
the record. Furthermore, these arguments
go only to the credibility as to the testimony
of the complaining witness, which was a
matter for the jury to determine. We are
of the opinion that the evidence was suf-
ficient to establish the defendant's guilt be-
yond a reasonable doubt.

[3] The defendant's second contention
is that the trial judge unduly restricted the
cross-examination of the complaining wit-
ness and Young. The court sustained ob-
jections to questions as to why the com-
plaining witness had called Young at about
4 o'clock in the morning. The purpose of

the call was immaterial and the trial judge
properly sustained objections to the ques-
tions.

The judgment of the criminal court of
Cook County is affirmed.

Judgment affirmed.



24 Ill.2d 24

Anna M. TRZEBIATOWSKI, Appellee,

v.

William C. JEROME, Appellant.

No. 36605.

Supreme Court of Illinois.

Jan. 23, 1962.

A suit was brought to nullify and avoid
a trust agreement. The Circuit Court, Du
Page County, rendered a decree for the
plaintiff. The Supreme Court reversed the
decree with directions that additional evi-
dence be heard. On remandment the first
Chancellor who had heard the evidence in
the original proceeding granted a change
of venue on the ground of prejudice. The
Circuit Court, Du Page County, Philip E.
Locke, J., the new Chancellor, rendered a
decree for the plaintiff, and the defendant
appealed. The Supreme Court, Daily, J.,
held that the second Chancellor had the
duty to conduct a trial de novo, and that it
was error for him to permit the plaintiff to
introduce into evidence the transcript of the
proceedings at the original hearing, in ab-
sence of any showing that plaintiff's wit-
nesses were not available on the second
trial.

Reversed and remanded with direc-
tions.

Venue ⚖=80

Second chancellor, to whom suit was
assigned by first chancellor after granting

CITY OF CHICAGO v. R. R. BUILDING CORP.  Ill.  623
Cite as 179 N.E.2d 623

amaterial and the trial judge
ined objections to the ques...

nt of the criminal court of
s affirmed.

irmed.

---

24 Ill.2d 24
ZEBIATOWSKI, Appellee,
v.
C. JEROME, Appellant.
No. 36605.

ne Court of Illinois.
Jan. 23, 1962.

brought to nullify and avoid
nt. The Circuit Court, Du
rendered a decree for the
Supreme Court reversed the
ctions that additional evi...

On remandment the first
had heard the evidence in
oceeding, granted a change
ground of prejudice. The
Du Page County, Philip E.
ew Chancellor, rendered a
plaintiff, and the defendant
Supreme Court, Daily, J.,
econd Chancellor had the
a trial de novo, and that it
m to permit the plaintiff to
idence the transcript of the
he original hearing, in ab-
owing that plaintiff's wit-
t available on the second

nd remanded with direc-

cellor, to whom suit was
chancellor after granting

---

nge of venue, on ground of prejudice,
remand, was required to conduct trial de
even though direction on remand was
hear additional evidence and should not
have permitted plaintiff to introduce in evi-
dence transcript of proceedings at original
hearing, where there was no showing that
plaintiff's witnesses were not available on
second trial.

Graham & McElligott, Chicago (William
Wines, Errett O. Graham, and John A.
McElligott, Chicago, of counsel), for appel-
lant.

Edgar J. Elliott, Wheaton, for appellee.

DAILY, Justice.

In a prior appeal in this cause we re-
versed a decree for the plaintiff, Anna M.
Trzebiatowski, and remanded the cause to
the circuit court of Du Page County with
directions that additional evidence be heard.
(Trzebiatowski v. Jerome, 19 Ill.2d 30, 166
N.E.2d 65.) Upon remandment, however,
the chancellor who had heard the evidence
in the original proceeding granted a change
of venue on the ground of prejudice, an
action which has not been challenged and
which had the inevitable effect of requiring
a trial de novo. The matter was assigned
to a new judge who, over proper and strenu-
ous objection by defendant, permitted plain-
tiff to introduce into evidence the transcript
of the proceedings at the original hearing
even though there was no showing plain-
tiff's witnesses were not available on the
second trial. Thereafter, plaintiff rested,
and the defendant introduced additional
testimony and evidence, after which a de-
cree was again entered for the plaintiff. A
freehold being involved, defendant has ap-
pealed directly to this court.

Under the circumstances reflected in the
record it was error for the second chan-
cellor to admit the transcript of the first
proceeding into evidence and to consider it
as a basis of decision. The full hearing
contemplated by due process of law contem-

---

plates that all of the evidence should be sub-
mitted before a single judge or master who
may see the witnesses, weigh their testimony
and determine their credibility. (People ex
rel. Reiter v. Lupe, 405 Ill. 66; 89 N.E.2d
824; Mills v. Ehler, 407 Ill. 602, 95 N.E.2d
848; Buchsbaum & Co. v. Federal Trade
Comm. (7th cir.) 153 F.2d 85; Smith v.
Dental Products Co. (7th cir.) 168 F.2d 516.)
It was the clear duty of the chancellor here
to conduct a trial de novo.

Accordingly, the decree of the circuit
court of Du Page County is reversed, and
the cause is remanded with directions to
have a trial de novo.

Reversed and remanded, with directions.

---

24 Ill.2d 20
CITY OF CHICAGO et al., Appellees,
v.
R. R. BUILDING CORP. et al., Appellants.
No. 36518.

Supreme Court of Illinois.
Jan. 23, 1962.

Proceeding on condemnees' petition for
payment of full amount of condemnation
award, without deduction for taxes. The
Circuit Court, Cook County, Ezra J. Clark,
J., dismissed the petition, and petitioners ap-
pealed directly. The Supreme Court,
Schaefer, J., held that statutory scheme re-
quiring condemnee to pay whole of year's
taxes, which attached as lien on January 1
of year petition was filed, did not violate
due process.

Order affirmed.

1. Eminent Domain ⇐74
Although value of condemned property
is determined as of date petition is filed,
condemnor is not entitled to possession until

# EXHIBIT INDEX

# EX. 16

# SETTLEMENT AGREEMENT

This Settlement Agreement is made as of the 1st day of December, 2015, by and between Stonedry, LLC. ("Stonedry"), and The Ridgeland Corporation., Cook, Revak & Associates Ltd., Rufus Cook, individually, Barbara J. Revak, individually, 7411 Corp., and 7411 Services Corp. (collectively referred to as "Respondents").

WHEREAS, STONEDRY owns the 2013 scavenger tax sale certificate for the property known as permanent index number 20-25-131-004-0000 (the "Property").

WHEREAS, STONEDRY filed a Petition for Tax Deed in the Circuit Court of Cook County known as case number 2014 COTD 002392.

WHEREAS, the period of redemption for the tax sale for the property expired on January 8, 2015, without redemption.

WHEREAS, Stonedry conducted a hearing in case number 2014 COTD 002392 on February 9, 2015.

WHEREAS, Respondents filed an Appearance in case number 2014 COTD 002392 and have raised defenses thereto.

WHEREAS, Respondents will submit to the Court an Agreed Order withdrawing any and all objections to the tax deed proceeding and agreeing to the entry of the Order Directing County Clerk to Issue Tax Deed.

WHEREAS, STONEDRY and Respondents now desire to resolve the matter on the terms and conditions hereinafter set forth;

NOW THEREFORE, for and in consideration of the promises and representations herein set forth, and for other good and valuable consideration, receipt of which is hereby acknowledged, each of the parties agree as follows:

EX. 16

- 1 -

1.     STONEDRY, in consideration of the mutual promises and undertakings set out herein, will do the following upon and at the same time as submission to the court of the Agreed Order referred to above:

   a. pay to The Ridgeland Corporation, which is hereby designated by Respondents to receive payment on their behalf, a cashier's check in the amount of eighty thousand dollars ($80,000) by December 2, 2015.

2.     Michael J. Wilson & Associates, P.C. shall submit the documents necessary to cause the Circuit Court of Cook County to enter an Order Directing County Clerk to Issue Tax Deed to STONEDRY and for the Court to enter an Agreed Order for Possession for the subject property.   The enforcement of the Order for Possession shall be stayed until April 1, 2016.    The Court shall also enter a Motion to Toll the running of the time which Stonedry, LLC has to have the Tax Deed issued and recorded the number of days between when Respondents filed their Appearance and the day the Court enters the Order Directing County Clerk to Issue Tax Deed to Stonedry.

3.     Upon entry of said Order, Michael J. Wilson & Associates, P.C. shall take the necessary steps to have the Cook County Clerk issue the Tax Deed to STONEDRY and have it recorded in the Office of the Recorder of Deeds of Cook County.

4.     The parties further agree that if either party breaches this Settlement Agreement, the breaching party shall be liable for and shall indemnify the other party for all costs, expenses, liabilities, and fees, including reasonable attorneys' fees, that may be incurred as a result of such breach, in addition to such other remedies that may be available at law or in equity, including but not limited to specific performance.

2



5.      Each of the parties hereto shall bear its own costs and attorneys' fees with respect

to the action and the preparation and execution of this Settlement Agreement and all documents

required herein.

6.      Respondents shall be entitled to exclusive rent-free possession of the subject

property until April 1, 2015, except that Stonedry shall have the right to rent advertising space to

others on the exterior north and south walls of the property, and to receive the income therefrom.

Respondents shall provide Stonedry with access to the subject property for the purpose of renting

advertising space on the exterior north and south walls of the property and also for the purpose of

marketing the property for sale, which includes placing "For Sale" signs on the property, and to

confirm the condition of the property, including but not limited to confirming that no pipes have

burst and no water damage exists due to lack of heat. Stonedry shall provide Respondents with

no more the forty-eight (48) hours advance notice of when access to the property will be

required. Respondents do not need to provide Stonedry with access to the property on Sundays.

In the event that Respondents do not provide Stonedry with access as hereby provided, the

condition of the property has deteriorated due to lack of care or insufficient heat, or any freezing

or breaking of pipes occurs, Stonedry can file Petition for Order for Possession "instanter".

Respondents shall return the subject property in same condition as it appeared on the date of this

Settlement Agreement, less normal wear and tear. In the event that the subject property is not

returned in the same condition as it appeared on the date of this Settlement Agreement,

Respondents shall be personally liable for any and all damage to the subject property that

insurance does not cover. On the date of this Settlement Agreement, Respondents shall take

such steps as are necessary that no freezing or breaking of pipes occurs anywhere in the property,

which steps may include heating or draining water from pipes to assure that no freezing of water

and pipes occurs.

3

7.     Intentionally Omitted.

8.     This Settlement Agreement is the entire agreement between the parties pertaining to the subject matter hereof, constituting the final, complete, and exclusive expression of the terms and conditions thereof. All prior agreements, representations, negotiations, and understandings of the parties hereto, oral or written, expressed or implied, are superseded and merged herein.

9.     If any terms or provision of this Settlement Agreement or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this Settlement Agreement or the application of such term or provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and each term and provision of this Settlement Agreement shall be valid and be enforced to the fullest extent permitted by law.

10.    No addition to or modification of any provision contained in this Settlement Agreement shall be effective unless fully set forth in writing signed by all the parties hereto. No waiver of any rights hereunder shall be effective unless fully set forth in writing signed by the waiving party.

11.    The parties agree to request that the Court retain jurisdiction of this matter to enforce the terms of the settlement agreement and to enter an Order for Possession.

12.    The Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute and be one and the same instrument.

13.    The Ridgeland Corporation shall provide Stonedry LLC with a Warranty Deed (subject to 2009-2014 general real estate taxes) to the subject property. Cook, Revak &



Associates, Ltd.; Rufus Cook; Barbara Revak; The 7411 Corp.; and 7411 Services Corp.; will provide Stonedry LLC with Quit Claim Deeds to the subject property.

14.     Respondents and/or anyone with whom Respondents are affiliated agree not to file any litigation regarding property known as permanent index number 20-25-131-004-0000, including but not limited to, a Petition to Vacate Order Directing County Clerk to Issue Tax Deed and For Other Relief. Respondents attest that other than the named Respondents in this Settlement Agreement, no other parties exist that have legal standing to file any litigation regarding property known as permanent index number 20-25-131-004-0000, including but not limited to a Petition to Vacate Order Directing County Clerk to Issue Tax Deed and For Other Relief.

15.     If Respondents or anyone with whom Respondents are affiliated file any litigation to contest the validity of this Settlement Agreement for the property known by permanent index number 20-25-131-004-0000 or to vacate the Order Directing County Clerk to Issue Tax Deed and For Other Relief, Respondents are obligated to pay Stonedry's or its successor's or assign's attorney fees and costs required to litigate said litigation and the attorney fees and costs required for Stonedry to obtain title to the subject property.

16.     A landlord-tenant relationship is not hereby created between the parties and Stonedry is not the landlord of Respondents and Respondents are not the tenant of Stonedry. Stonedry does not waive its right to obtain an order of possession in the tax deed proceedings in case of default on the part of Respondents in any of the terms and conditions of this agreement and Stonedry shall have the right to obtain an order for possession in the tax deed proceedings out of which Stonedry acquired title to the property without the necessity of filing a separate action under the Forcible Entry and Detainer Act (735 ILCS 5/9-101, et. Seq.) and Respondents hereby expressly waive all rights and defenses otherwise available under the Forcible Entry and Detainer Act.

5

17.     If Stonedry, its successors or assigns files a Petition for Order of Possession in the tax deed case, Respondents are obligated to pay Stonedry's, its successor's or assign's attorney fees and costs for the Petition for Order of Possession.

18.     Time is of the essence in this agreement, and this agreement shall be binding upon and inure to the parties hereto, their heirs, executors, administrators, successors and assigns.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the date first set forth above

STONEDRY, LLC

Dated: December 1, 2015

By: _____

Title: _____

Subscribed and Sworn to
before me this __1 st__ day
of December, 2015
_____
Notary Public

OFFICIAL SEAL
MICHAEL J. WILSON
Notary Public - State of Illinois
My Commission Expires 3/29/2019

The Ridgeland Corp.

Dated: December 1, 2015

By: _____

Title: President

Subscribed and Sworn to
before me this __1 st__ day
of December, 2015.
_____
Notary Public

OFFICIAL SEAL
MICHAEL J. WILSON
Notary Public - State of Illinois
My Commission Expires 3/29/2019

6

Cook, Revak & Associates, Ltd.

Dated: _December 1, 2015_         By: _____

Title: President


Subscribed and Sworn to
before me this _1st_ day
of December, 2015.

_____
Notary Public

> OFFICIAL SEAL
> MICHAEL J. WILSON
> Notary Public - State of Illinois
> My Commission Expires 3/29/2019

Dated: _December 1, 2015_

The 7411 Corp.

By: _____

Title: President


Subscribed and Sworn to
before me this _1st_ day
of December, 2015.

_____
Notary Public

> OFFICIAL SEAL
> MICHAEL J. WILSON
> Notary Public - State of Illinois
> My Commission Expires 3/29/2019


Dated: _December 1, 2015_

7411 Services Corp.

By: _____

Title: President


Subscribed and Sworn to
before me this _1st_ day
of December, 2015.

_____
Notary Public

> OFFICIAL SEAL
> MICHAEL J. WILSON
> Notary Public - State of Illinois
> My Commission Expires 3/29/2019

7

Rufus Cook

Dated: _December 1, 2015_

Subscribed and Sworn to
before me this _1st_ day
of December, 2015.

_____
Notary Public

> OFFICIAL SEAL
> MICHAEL J. WILSON
> Notary Public - State of Illinois
> My Commission Expires 3/29/2019

Barbara J. Revak,

Dated: _December 1, 2015_

Subscribed and Sworn to
before me this _1st_ day
of December, 2015.

_____
Notary Public

> OFFICIAL SEAL
> MICHAEL J. WILSON
> Notary Public - State of Illinois
> My Commission Expires 3/29/2019

8

# EXHIBIT INDEX

# EX. 17

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE APPLICATION OF THE )
COUNTY COLLECTOR AND FOR JUDGMENT AND SALE )
AGAINST LANDS AND LOTS RETURNED DELINQUENT ) No. 2014COTD002392
FOR NONPAYMENT OF GENERAL TAXES FOR THE ) Vol. 262
YEARS 2009-2011 )
)
PETITION OF )
Stonedry, LLC )
FOR TAX DEED )

## AGREED ORDER

THIS CAUSE coming before this Court on a final settlement status, the parties having settled all matters in controversy, the Court being advised in the premises,

IT IS HEREBY ORDERED as follows:

A. Respondents, The Ridgeland Corporation., Cook, Revak & Associates Ltd., Rufus Cook; individually, Barbara J. Revak, individually, 7411 Corp., and 7411 Services Corp., withdraw any and all objections to the entry of the Order Directing County Clerk to Issue Tax Deed and For Other Relief.

B. Respondents, The Ridgeland Corporation., Cook, Revak & Associates Ltd., Rufus Cook, individually, Barbara J. Revak, individually, 7411 Corp., and 7411 Services Corp., agree to the entry of the Order Directing County Clerk to Issue Tax Deed and For Other Relief upon presentation of the necessary documents to the Court without further notice.

C. Respondents, The Ridgeland Corporation., Cook, Revak & Associates Ltd., Rufus Cook, individually, Barbara J. Revak, individually, 7411 Corp., and 7411 Services Corp., agree to the entry of an Order tolling the one year requirement which Stonedry, LLC has to have the Tax Deed issued and recorded the number of days from February 15, 2015 and date this Court enters the Order Directing County Clerk to Issue Tax Deed and For Other Relief.

- 1 -



D.   Respondents, The Ridgeland Corporation., Cook, Revak & Associates Ltd., Rufus Cook, individually, Barbara J. Revak, individually, 7411 Corp., and 7411 Services Corp., agree to the entry of an Order for Possession of the subject property at the time the Court enters the Order Directing County Clerk to Issue Tax Deed and For Other Relief without further notice.  The enforcement of the Order for Possession shall be stayed until April 1, 2016 ₍₎

DATED:

ENTER:                                      Associate Judge James R. Carroll

                                                        DEC  1 2015

_____        Circuit Court  2100
            Judge of the Circuit Court of Cook County, Illinois

Agreed:

Stonedry, LLC.

By: _____
        Michael J. Wilson, its attorney

The Ridgeland Corporation
Cook, Revak & Associates, Ltd.
The 7411 Corp.
7411 Services Corp.

By: _____
        Barbara Revak, their attorney

_____
        Rufus Cook, Pro Se

_____
        Barbara Revak, Pro Se

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson - #27787
309 West Washington Street, Suite  1200
Chicago, Illinois  60606
Phone – 312-781-9510
Fax    - 312-781-9511

# 13S-9008

2

# EXHIBIT INDEX

# EX. 18

STATE OF ILLINOIS )
               )SS
COUNTY OF C O O K)

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, COUNTY DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE COUNTY COLLECTOR AND FOR JUDGMENT AND SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES FOR THE YEARS 2009-2011 | )<br>)<br>) No. 2014COTD002392<br>) Vol. 262<br>)<br>) |
| PETITION OF<br>Stonedry, LLC<br>FOR TAX DEED | )<br>)<br>) |

### ORDER DIRECTING COUNTY CLERK
### TO ISSUE TAX DEED AND FOR OTHER RELIEF

On motion of Stonedry, LLC, Petitioner herein, for Order Directing the County Clerk to Issue Tax Deed for Other Relief as prayed for in its petition, and it appearing that all persons entitled thereto have received due notice of this motion, the court finds:

1.     That at a sale of lands and lots for nonpayment of general taxes levied and assessed for the years 2009-2011, Gammadock, LLC purchased the following described parcel of real estate in said county:

Permanent Index No. 20-25-131-004-0000 also known as:

#### SEE ATTACHED FOR LEGAL DESCRIPTION

That a certificate of purchase No. 13S-0000933 was issued and delivered to Gammadock, LLC which sold, assigned, and transferred said certificate to Petitioner which now owns said certificate.

2.     That the time for redemption from said sale has expired and the above described parcel of real estate has not been redeemed from said sale.

3.     That all taxes and special assessments which became due and payable subsequent to said sale have been paid, and all forfeitures or tax sales, if any, which occurred subsequent to said sale have been redeemed and introduced into evidence.

4.     That all notice as required by law has been given and Petitioner has strictly complied with all the provisions of law entitling it to a tax deed to said parcel of real estate.

EX. 18

5. It is found and so ordered that the in rem lien of any and all general taxes or special assessment which became due and payable prior to the said sale shall cease to be and are not a lien against the property.

IT IS THEREFORE ORDERED AND ADJUDGED that the County Clerk of Cook County, Illinois, issue to Petitioner a tax deed conveying the above parcel of real estate to said Petitioner.

The court having heard the testimony as to the diligence of service of notice of tax purchase;

IT IS HEREBY ORDERED that the transcript of that testimony be ordered filed in this cause and made a part of the Court record.

IT IS FURTHER ORDERED that upon application of the Petitioner, this Court retains jurisdiction to enter such other orders as may be necessary or desirable to maintain Petitioner as grantee of said tax deed in possession of the above described parcel of real estate.

DATED:

ENTER:

Associate Judge James R. Carroll

DEC 1 2015

Circuit Court

Judge of the Circuit Court of Cook County, Illinois

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson - #27787
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone – 312-781-9510
Fax – 312-781-9511

#13S-9008

-2-

# EXHIBIT INDEX

# EX. 19

Order for Possession

(3/26/12) CC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
~MUNICIPAL DEPARTMENT~ _____ ~DISTRICT~

In the Matter of the Application of
Stonedry LLC v.                                    Plaintiff(s)     No. 2014 CoTD 2392
The Ridgeland Corporation, et al.
                                                   Defendant(s)
                              AGREED
                        ORDER FOR POSSESSION

This cause coming on to be heard upon the complaint of the Plaintiff(s), _Stonedry LLC_

_____, and the issues thereof having been hear

determined by _the Court_ , and said _Court_ having found th
              (court) (jury)                    (court) (jury)

Plaintiff(s) _Stonedry LLC_ _____ is/are entitled to the possessi
the premises described herein.

IT IS THEREFORE ORDERED AND ADJUDGED:

1. That the Plaintiff(s) have and recover of and from the Defendant(s), _The Ridgeland Corporation, Cook, Reva_
_Associates, Ltd., Rufus Cook, Barbara J. Revak, 7411 Corp.,_ 7411 Servicing Corp. Unknown Occupants the possession of the following described prem
Name: _The Ridgeland Corporation, Cook, Revak & Associates, Ltd., Rufus Cook, Barbara J. Revak_
Address: _7411 Corp., 7411 Servicing Corp., and Unknown Occupants_
~Floor~ Apt.No. _7411 South Stony Island Avenue_
City-State-Zip: _Chicago, Illinois 60649_

2. That the Plaintiff(s) have and recover of and from the Defendant(s), _____

_____ the sum of ___—___ dollars and c

3. Enforcement of this judgment is stayed until _April 1, 2016_
                                                      (date)

I hereby certify the above to be correct.
Dated: MAY 16 2016                              x _Michael J. W_
                                                x _Rufus L. Cook_
    (Seal of Clerk of Circuit Court)            This order is the command of the Circuit Court and
_Dorothy Brown_                                 violation thereof is subject to the penalty of law.
    Clerk of the Circuit Court of Cook County, Illinois

Atty. No.: _27787_                              x _Barbara Revak_
Atty. Name: _Michael J. Wilson_                 Associate Judge James R. Carroll
Atty. for Plaintiff (or) Pro Se Plaintiff:      ENTERED:
_Stonedry LLC_                                      DEC 1 2015
Address: _309 West Washington #1200_            Dated:
City/State/Zip: _Chgo, IL 60606_                      Circuit Court - 2109
Telephone: _312-781-9510_                       _James L. Carroll #216_
                                                Judge -

# EXHIBIT INDEX

# EX. 20

STATE OF ILLINOIS )                    ORIGINAL
                  ) SS:
COUNTY OF C O O K )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - COUNTY DIVISION

IN THE MATTER OF THE APPLICATION )      FILED
OF THE COUNTRY TREASURER AND     )      DEC  1 2015
EX-OFFICIO COUNTY COLLECTOR OF   )      DOROTHY BROWN
COOK COUNTY, ILLINOIS, FOR       )      CLERK OF CIRCUIT COURT
                                 )      No.—14 CoTD 2392
JUDGMENT AND ORDER OF SALE AGAINST)
LANDS AND LOTS UPON WHICH ALL OR )
A PART OF THE GENERAL TAXES FOR  )
TWO OR MORE YEARS ARE DELINQUENT )
PURSUANT TO THE PROPERTY TAX CODE.)
                                 )
STONEDRY, LLC,                   )
        Petitioner.              )

        REPORT OF PROCEEDINGS at the hearing
of the above-entitled case, before the Honorable
MARGARITA T. KULYS HOFFMAN, Judge of said Court,
on the 6th day of February, 2015, at the hour of
9:30 o'clock a.m.

    PRESENT:

        MICHAEL J. WILSON,

        on behalf of the Petitioner.

Reported By: Analisa McDermott, CSR, RPR, CRR
License No.: 084-003620

                                              1

EX. 20

# EXHIBIT
# INDEX

# EX. 21

#25313

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| The Ridgeland Corporation, Rufus Cook, individually, Barbara Revak, individually, 7411 Corp., and 7411 Service Corp., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No.: 2016 L 005474 ) |
| Stonedry, LLC., and Sheriff of Cook County, Illinois, | ) ) ) |
| Defendants. | ) ) |

### DEFENDANT STONEDRY, LLC.'S ANSWERS TO
### PLAINTIFF'S INTERROGATORIES

Now comes the Defendant, Stonedry, LLC., by and through its counsel, Robert

A. Egan, and for its Response to Plaintiff's Interrogatories, states the following:

### General Objections

1.    Defendants object to the definitions and instructions in plaintiff's

Interrogatories; and the Interrogatories themselves to the extent they conflict with, or

impose greater obligations than, Supreme Court Rule 213;

2.    Defendants object to plaintiff's instructions to the extent they seek to

impose on the defendant a continuing duty to supplement its response to Interrogatories

greater than Supreme Court Rule 213;

3.    Defendants object to plaintiff's instructions to the extent they seek to

impose on the defendant the burden of producing a privilege log more detailed than

EX. 21

Supreme Court Rule 213 requires;

4.     Defendants object to the plaintiff's Interrogatories as they simply request information not within defendants' possession, custody or control;

5.     Defendants object to the Interrogatories to the extent they call for information protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity. Should defendant inadvertently provide any information protected by such privileges or immunities, such production shall in no way be intended, nor be construed, as a waiver of those privileges or immunities in any proceeding, including trial, in this or any other action;

6.     Defendants object to the Interrogatories to the extent they seek production of confidential or private information or documents that should only be produced subject to an appropriate protective order governing that production of confidential information. Subject to and without waiving this objection, the defendant will provide information and produce documents which otherwise would have been withheld on the grounds of confidentiality if such a protective order in a form acceptable to the defendant is entered.

7.     Defendant objects to the Interrogatories to the extent that the burden, expense or intrusiveness of responding to the discovery outweighs the likelihood that it will lead to the discovery of admissible evidence.

8.     Defendant objects to the Interrogatories to the extent that the information sought is obtainable from another source that is more convenient, less burdensome, or

less expensive.

9.     Defendant submits that these responses subject to, and without in any

way waiving or intending to waive, the general objections set forth above, as well as:

> (a)     The right to object to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the responses given or the subject matter thereof in any subsequent proceeding in, or the trial of, this action or any other action or proceeding;

> (b)     The right to object to other discovery procedures involving or related to the same subject matter as herein responded to; and

> (c)     The right at any time to revise, correct, add to or clarify any responses set forth herein.

## ANSWERS TO INTERROGATORIES

1.     "Identify", as that term is defined above, each person preparing and signing these Answers to Interrogatories.

**Answer:**     Andres Schcolnik.

2.     "Identify", the names, business addresses, and titles of all persons who have knowledge of the facts relating to this lawsuit.

**Answer:**     Andres Schcolnik, 2035 West Giddings Street, Chicago, Illinois; Michael Wilson, 309 West Washington Street, Suite 1200, Chicago, Illinois; Rufus Cook; Barbara Revak.

3.     For the period January 2015 to the present identify each member of Stonedry, LLC.

**Answer:**     Gammadock, LLC., 90 Whittredge Road, Summit, New Jersey and S. Bronze, LLC., 2035 West Giddings Street, Chicago, Illinois.

4.     State whether David A. Twardock has ever been a member of, agent for or investor in Stonedry, LLC. (a) If the Answer is in the affirmative state the dates when he has been a member, an agent or an investor in Stonedry, LLC; If an agent of Stonedry, describe the nature of the agency.

**Answer:**    No.

5.    Identify each person who made the decision to or participated in any way in the decision to seek eviction by the Sheriff of Cook County, Illinois in May 2016 of "Rufus Cook" and/or other occupants from the premises located at 7411 Stony Island, Chicago, Illinois.

**Answer:**    Andres Schcolnik.

6.    State whether Stonedry, LLC. or Andres Schcolnik is a defendant in any pending lawsuit respecting properties the tax certificates for which were purchased by Stonedry or any member or agent thereof and, if so, provide the case titles, case numbers, parties and present status thereof.

**Answer:**    City of Chicago v. 7740 S. South Chicago Avenue, et al, Court No.: 2013 M1 400935; City of Chicago v.6621 South St. Lawrence, et al, Court No.: 2013 M1 400571; City of Chicago v. 7137 South Ingleside, et al, Court No.: 2015 M1 401956; City of Chicago v. 406 East 75th Street, Court No.: 2015 M1 402252; Derric Price v. Stonedry, LLC., Court No.: 2016 CH 08248; City of Chicago v. 1500 S. Trumbull, Court No.: 2014 M1 400706; City of Chicago v. 7550 S. Essex, Court No.: 2012 M1 402362.   All of the above cases are pending.

Respectfully submitted,

**ROBERT A. EGAN**
**ROBERT A. EGAN, P.C.**
120 North LaSalle Street
Suite 2600
Chicago, Illinois 60602
(312) 263-2227
RAE@roberteganlaw.com
Attorney No.: 25313

## Verification

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Andres Scheernik

## Verification

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Stonedry, LLC.
By: _____
    Member

# EXHIBIT
# INDEX

# EX. 22

**Barbara Revak**

| | |
|---|---|
| **From:** | Robert A. Egan [robertaegan@roberteganlaw.com] |
| **Sent:** | Friday, December 02, 2016 4:06 PM |
| **To:** | Barbara Revak |
| **Subject:** | The Ridgeland Corporation, et al v. Stonedry, LLC., et al |
| **Attachments:** | StonedryResponsetoRequestforProduction.pdf |

Dear Ms. Revak:

Attached hereto please find Stonedry's Response to Request for Production of Documents.

Robert A. Egan
Attorney At Law
Robert A. Egan, P.C.
120 North LaSalle Street
Suite 2600
Chicago, Illinois 60602
(312) 263-2227

EX. 22
P. 1

#25313

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| The Ridgeland Corporation, Rufus Cook, individually, Barbara Revak, individually, 7411 Corp., and 7411 Service Corp., Plaintiffs, | ) ) ) ) ) |
| vs. | ) No.: 2016 L 005474 ) |
| Stonedry, LLC., and Sheriff of Cook County, Illinois, Defendants. | ) ) ) ) |

### RESPONSE TO PLAINTIFF'S REQUEST FOR
### PRODUCTION OF DOCUMENTS

Now comes the Defendant, Stonedry, LLC., by and through its counsel, Robert A. Egan, and in Response to First Request for Production of Produce Documents states the following:

### General Objections

1.　　Defendant objects to the request to the extent that the conflict with, or impose greater obligations than, Supreme Court Rule 214.

2.　　Defendant objects to the document request to the extent it requests documents not within defendant's possession, custody or control.

3.　　Defendant objects to document request to the extent it calls for the production of documents protected by attorney-client privilege, work-product doctrine, or other privilege, doctrine or immunity. By answering and producing documents in response to the document request, the defendant does not waive, intentionally or

EX. 22
P. 2

otherwise, its attorney-client privilege, work-product doctrine protection, or any other privilege, doctrine or immunity protecting communications, transactions, or records from disclosure. Accordingly, any response or production of documents inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege or protection. A schedule of all documents withheld on the basis of privilege we have provided in a reasonable time after responsive documents are produced.

4.    Defendant objects to the document request to the extent it seeks production of confidential and private information that should only be produced subject to an appropriate protective order governing the production of confidential information and without waiving this objection, defendant will produce documents which otherwise would have been withheld solely on the grounds of confidentiality of such a protective order and a form acceptable to defendant is entered.

5.    Defendant reserves the right to redact any and all non-responsive information that is confidential and proprietary from otherwise responsive documents.

6.    Defendant object to the document request to the extent that the burden, expense or intrusiveness of discovery outweighs the likelihood that it will lead to the discovery of admissible evidence.

7.    Defendant submits these responses subject to, and without in any way waiving or intending to waive, the other general objections set forth above, as well as:

(a)    The right to object to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the responses given or the subject matter thereof in any subsequent proceeding in, or the trial of, this action or any other

P. 3

action or proceeding;

(b)      The right to object to other discovery procedures involving or related to the same subject matter as herein responded to; and

(c)      The right at any time to revise, correct, add to or clarify any responses set forth herein.

## RESPONSE TO DOCUMENT
## REQUEST

1.     See attached Articles of Organization;
2.     See attached Operating Agreement;
3.     None;
4.     Exhibit 3 and 4 attached to Plaintiffs' Complaint;
5.     There were oral communications between David A. Twardock and Andres Schcolnik. The dates and subject matter are not recalled.
6.     There are communications between Stonedry, LLC. and its counsel, Michael Wilson and its counsel, Robert A. Egan, which are privileged.
7.     (a) 20-25-124-011/012/013/014 - communications with Derric Price, copies of real estate contract, emails and proposed agreement attached;
       (b) 20-25-124-004/005 - none;
       (c) 20-25-501-11 - none;
       (d) 20-25-131-005 - none;
       (e) 20-25-131-048 - none;
8.     None;
9.     Exhibit 5 to Plaintiffs' Complaint;
10.    None;
11.    See attached listing agreement;
12.    None.

Respectfully submitted,

**ROBERT A. EGAN**
**ROBERT A. EGAN, P.C.**
120 North LaSalle Street, Suite 2600
Chicago, Illinois 60602
(312) 263-2227
RAE@roberteganlaw.com
Attorney No.: 25313

P. 4

Defendant's Affidavit
In Compliance with Plaintiff's
Request for Production

I, Andres Schcolnik, being first duly sworn on oath, deposes and state that I am one of the members of Stonedry, LLC., a defendant in this action and that pursuant to Plaintiff's Request for Production the tangible items listed on the attachments hereto and further states that said items are the only such items in his possession or control which are producible pursuant to said request and not heretofore furnished prior to the date of this Affidavit.

Andres Schcolnik

## Verification

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Andres Schcolnik

P. 5



# OFFICE OF THE SECRETARY OF STATE

### JESSE WHITE • Secretary of State

FEBRUARY 05, 2014

0464741-6

ANDRES SCHCOLNIK
2035 WEST GIDDINGS STREET
CHICAGO, IL 60625-0000

RE STONEDRY, LLC

DEAR SIR OR MADAM:

IT HAS BEEN OUR PLEASURE TO APPROVE AND PLACE ON RECORD THE ARTICLES OF
ORGANIZATION THAT CREATED YOUR LIMITED LIABILITY COMPANY. WE EXTEND OUR
BEST WISHES FOR SUCCESS IN YOUR NEW VENTURE.

PLEASE NOTE! THE LIMITED LIABILITY COMPANY MUST FILE AN ANNUAL REPORT
PRIOR TO THE FIRST DAY OF THIS ANNIVERSARY MONTH NEXT YEAR. FAILURE TO
TIMELY FILE WILL RESULT IN A $300 PENALTY AND/OR DISSOLUTION/REVOCATION.
A PRE-PRINTED ANNUAL REPORT WILL BE MAILED TO THE REGISTERED AGENT AT
THE ADDRESS ON OUR RECORDS APPROXIMATELY 45 DAYS BEFORE THE DUE DATE.

FOR A LIMITED LIABILITY COMPANY THAT INTENDS TO PROVIDE CERTAIN PRO-
FESSIONAL SERVICES FOR WHICH INDIVIDUALS ARE REQUIRED TO BE LICENSED, A
CERTIFICATE OF REGISTRATION MUST BE OBTAINED FROM THE ILLINOIS DEPART-
MENT OF FINANCIAL AND PROFESSIONAL REGULATION. IF THE LLC IS SO REGIS-
TERED, THE CURRENT ADDRESS FROM WHICH THE PROFESSIONAL SERVICES ARE PRO-
VIDED MUST ALSO BE ON RECORD WITH THIS OFFICE.

MANY OF OUR SERVICES ARE AVAILABLE AT OUR CONTINUOUSLY UPDATED WEBSITE.
VISIT WWW.CYBERDRIVEILLINOIS.COM TO VIEW THE STATUS OF THIS COMPANY,
PURCHASE A CERTIFICATE OF GOOD STANDING, OR EVEN FILE THE ANNUAL REPORT
REFERRED TO IN THE EARLIER PARAGRAPH.

SINCERELY YOURS,

JESSE WHITE
SECRETARY OF STATE
DEPARTMENT OF BUSINESS SERVICES
LIMITED LIABILITY DIVISION
(217) 524-8008

P. 6

04647416

| | | FILE # |
|---|---|---|
| Form **LLC-5.5** | Illinois | This space for use by Secretary of State. |
| May 2012 | Limited Liability Company Act | |

**Secretary of State**
Department of Business Services
Limited Liability Division
501 S. Second St., Rm. 351
Springfield, IL 62756
217-524-8008
www.cyberdriveillinois.com

**Articles of Organization**

**SUBMIT IN DUPLICATE**
Type or print clearly.

This space for use by Secretary of State.

**FILED**

FEB 0 5 2014

**JESSE WHITE
SECRETARY OF STATE**

Payment must be made by certified check, cashier's check, Illinois attorney's check, C.P.A.'s check or money order payable to Secretary of State.

Filing Fee: $500
Approved: ☑

1. Limited Liability Company Name: Stonedry, LLC

    The LLC name must contain the words Limited Liability Company, L.L.C. or LLC and cannot contain the terms Corporation, Corp., Incorporated, Inc., Ltd., Co., Limited Partnership or L.P.

2. Address of Principal Place of Business where records of the company will be kept: (P.O. Box alone or c/o is unacceptable.)

    2035 West Giddings Street

    Chicago, IL 60625

3. Articles of Organization effective on: (check one)

    ☑ the filing date
    ☐ a later date (not to exceed 60 days after the filing date): _____ Month, Day, Year

4. Registered Agent's Name and Registered Office Address:

    Registered Agent: Andres Schcolnik
    First Name _____ Middle Initial _____ Last Name

    Registered Office: 2035 West Giddings Street
    (P.O. Box alone or c/o is unacceptable.)
    Number _____ Street _____ Suite #

    Chicago _____ IL _____ 60625
    City _____ ZIP Code

5. Purpose(s) for which the Limited Liability Company is organized:
    **The transaction of any or all lawful business for which Limited Liability Companies may be organized under this Act.**
    (LLCs organized to provide professional services must list the address(es) from which those services will be rendered if different from item 2. If more space is needed, use additional sheets of this size.)

    _____

    _____

    _____

    _____

6. The duration of the company is perpetual unless otherwise stated. If the operating agreement provides for a dissolution date, enter that date here: _____
    Month, Day, Year

Printed by authority of the State of Illinois. May 2013 — 1 — LLC 4.17

P. 7

LLC-5.5

7. **(Optional)** Other provisions for the regulation of the internal affairs of the Company: (If more space is needed, attach additional sheets of this size.) _____

_____

_____

_____

8. The Limited Liability Company: (Check either a or b below.)

    a. ☑ is managed by the **manager(s)** (List names and addresses.)

    Gammadock, LLC 90 Whittredge Road, Summit, NJ 07901

    S. Bronze, L.L.C. 2035 West Giddings Street, Chicago, IL 60625

_____

_____

    b. ☐ has management vested in the **member(s)** (List names and addresses.)

_____

_____

_____

_____

9. Name and Address of Organizer(s):

I affirm, under penalties of perjury, having authority to sign hereto, that these Articles of Organization are to the best of my knowledge and belief, true, correct and complete.

Dated  January 17          2014
         Month & Day          Year

1. _____
         Signature

    Andres Schcolnik
         Name (type or print)

    S. Bronze, L.L.C., Sole Member
         Name if a Corporation or other Entity, and Title of Signer

1. 2035 West Giddings Street
         Number          Street

    Chicago
         City/Town

    IL          60625
         State          ZIP Code

2. _____
         Signature

    _____
         Name (type or print)

    _____
         Name if a Corporation or other Entity, and Title of Signer

2. _____
         Number          Street

    _____
         City/Town

    _____
         State          ZIP Code

**Signatures must be in black ink on an original document. Carbon copy, photocopy or rubber stamp signatures may only be used on conformed copies.**

P. 8

Ac. 35 14 C3:1^0                                                       n. 1

Operating Agreement
Stonedry, Llc ("Stonedry")

Parties to the Agreement:
- Gammadock, Llc ("Gammadock")
- S. Bronze, Llc ("Bronze").

Business: Stonedry, Llc will take assignment of Tax Certificates acquired by
Gammadock, Llc at the Scavenger Tax Sale held in Cook County in December, 2013
and January 2014 with the intent of earning returns on tax redemptions, the
acquisition of properties through tax deeds and subsequent asset sales. Stonedry
may make future subsequent investments in the assets acquired in the above
referenced auction and may also acquire real estate assets outside of the auction. All
investments decisions require both partners written consent

Capital Accounts: Gammadock will have initial capital accounts equal to its
investment in Stonedry plus (in the case of Gammadock) the amount it has invested
in any tax certificates assigned to Stonedry not reimbursed by Stonedry.

Distributions: Stonedry shall be entitled to retain initial capital and profits at the
discretion of Bronze sufficient to fund future capital needs for up to 24 months on
commercial properties (over 4 units) and 36 months for residential properties (4
units or less). Distributions shall be applied in the following order:
- First, to provide Gammadock, LLC a return of 9% compounded quarterly
  from the date it disbursed money to be made available for tax certificate
  purchases.
- Second, to return all capital in the Capital Accounts to Gammadock, LLC.
- Third, after Gammadock has been paid the preferred return due on its
  investment, and its investment, then, the net proceeds will be distributed
  50% to Bronze and 50% to Gammadock, LLC.

Dissolution: Gammadock may direct Bronze to sell remaining assets and dissolve
the partnership beginning January 1, 2017. Bronze will endeavor to sell remaining
assets within 12 months of a successful vote of dissolution. In any event, Bronze
will endeavor to sell all assets of the partnership, distribute proceeds and dissolve
the partnership by January 1, 2019.

Date: _____

By: _____                    _____
Gammadock, Llc                          S. Bronze, LLC

P. 9

**Ammendment #1 to Stonedry Llc Operating Agreement**
**Allocation of profits and losses**

This amendment describes the allocation of profits and losses for Stonedry Llc between its members, Gammadock, Llc and S. Bronze, Llc.

(a) Net Losses -- Should S Bronze Llc and Gammadock, Llc both have positive capital accounts, any net loss from operations or loss on a capital transaction for any Fiscal Year shall be allocated 50/50 until one of the Capital Accounts has no balance. Should one capital account have a balance and the other no balance, losses shall be allocated 100% to the capital account with the positive balance. Should both capital accounts have zero or negative balance, losses shall be allocated 100% to Gammadock, Llc.

(b) Net Profits. Net Profits from operations or a capital transaction shall be allocated in the following order of priority:
(i) First, all Net Profits shall be allocated to those Members having a negative Capital Account balance, in proportion to and to the extent of any such negative balance until all such negative balances have been eliminated.
(ii) Second, any remaining Net Profits shall be allocated to Gammadock Llc until such time as each Member's Capital Account is equal to the sum of (x) such Member's Invested Capital plus (y) any accrued but undistributed Preferred Return described in the Operating Agreement due to such Member.
(iii) Third, any remaining Net Profit shall be allocated fifty percent (50%) to Gammadock Llc and
and fifty percent (50%) to S. Bronze Llc,

Dated: 11/7/19

David Twardock
Gammadock Llc

Andy Schcointn
S. Bronze Llc

P. 10

EX. B

FILED
5/13/2020 1:30 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE APPLICATION, ETC., )
GENERAL TAXES FOR THE YEARS 2009-2011 )      Case No. 2014 COTD 002392
                                        )
                                        )      Hon. James Carroll
                                        )
PETITION OF STONEDRY, LLC               )
FOR TAX DEED                            )      SECTION 2-1401
                                        )      PETITION
                                        )
                                        )

NOTICE OF FILING

TO: Peter M. Stasiewicz  (Stonedry, LLC's Purported Counsel)      Alvin Portis, Jr.
    ARCTURUS LAW FIRM                                             Assistant State's Attorney
    211 West Wacker Drive #318                                    Civil Actions Bureau
    Chicago, IL 60606                                             Municipal Litigation Section
    pete.stasiewicz@arcturuslaw.com                               aportis@cookcountygov.com

PLEASE TAKE NOTICE that on May 13, 2020, the undersigned caused to be filed with the Clerk of the Circuit Court of Cook County, Illinois PETITIONERS' REPLY TO STONEDRY, LLC'S FEBRUARY 6, 2020 (1) "SUPPLEMENTAL SUBMISSION..." AND (2) MOTIONS TO DISMISS § 2-1401 PETITION PURSUANT TO § § 2-615 AND 2-619, a copy of which is attached hereto and hereby served upon you.

Respectfully submitted

/s/ Barbara Revak

/s/ Rufus Cook, *pro se*

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
        and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

In.the.Matter.of.the.Application.of.the.Petition.of.Stonedry.Notice.of.Filing.re.PETITIONERS.REPLY.etc.BR.gb.5.5.20

$Ex. B$

## CERTIFICATE OF ELECTRONIC SERVICE

FILED
5/13/2020 1:30 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

I, Barbara Revak, an attorney, hereby certify under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, that the statements set forth in this instrument are true and correct, and that on May 13, 2020, I caused a copy of the foregoing **PETITIONERS' REPLY TO STONEDRY, LLC'S FEBRUARY 6, 2020 (1) "SUPPLEMENTAL SUBMISSION..." AND (2) MOTIONS TO DISMISS § 2-1401 PETITION PURSUANT TO § § 2-615 AND 2-619** to be served electronically through Odyssey E-File and Serve on the parties stated in the Notice whose email addresses are pete.stasiewicz@arcturuslaw.com and Alvin Portis, Jr. at aportis@cookcountygov.com.

Said "...**REPLY** ..." was also served on that date by personal email to Peter Stasiewicz at pete.stasiewicz@arcturuslaw.com and Alvin Portis, Jr. at aportis@cookcountygov.com

/s/ Barbara Revak

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE APPLICATION, ETC.,          )          Case No. 2014 COTD 002392
GENERAL TAXES FOR THE YEARS 2009-2011          )
                                                                            )          Hon. James Carroll
                                                                            )
PETITION OF STONEDRY, LLC                                    )          SECTION 2-1401
FOR TAX DEED                                                           )          PETITION
                                                                            )
                                                                            )

PETITIONERS' REPLY TO STONEDRY, LLC'S FEBRUARY 6, 2020
(1) "SUPPLEMENTAL SUBMISSION…" AND
(2) MOTIONS TO DISMISS § 2-1401 PETITION
PURSUANT TO § 2-615 AND 2-619

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

*Carbide*, 2014 IL.App. (2d) 130432, 6 N.E.3d 856. The *Carbide* case underlines the law that, until the circuit court is revested with jurisdiction by the appellate court mandate, it lacks jurisdiction, including to do the very thing SD pursues here: enter a possession turnover order. As noted, that holding is now codified in Rule 369.

### D. The reasons for its pattern of falsifying the law become apparent when SD's 2-615 and 2-619 motions are analyzed.

SD argues: "First and foremost, the entire amended petition is barred by *res judicata*." And the appellate case "is also res juducata, and the amended petition cannot be based on that argument"; further, SD declares Ridgeland's 1401 petition lacks merit because the appellate court decision "...alone is dispositive of Ridgeland's claims of voidness."

This court knows that, even beyond the Rule 368 stay presently in effect, applying *res judicata* requires, among other fundamentals, proving that the party against whom preclusion is sought had the opportunity to raise the issue and was or could be heard on it. Here Ridgeland's requests for discovery and evidentiary hearing were denied or ignored, as shown in part II below. Thus, even if the precedents and laws requiring exhaustion of appellate potential didn't exist, the law of *res judicata* itself would still prohibit its application here.

### II. ASIDE FROM PART I ABOVE, THERE CAN BE NO PRECLUSION (*RES JUDICATA*) WHERE HEARING OF THE ISSUE HAS BEEN SOUGHT BUT IGNORED OR DENIED.

A. The record establishes that from June to December, 2015 oral and written demands for the due process right to be heard were, at SD's urging, denied and went unmet in the trial court, and as a result SD forced entry into a settlement agreement withdrawing defenses and an order ignoring the law which both violated not only the Tax Code, but also the due process duties imposed on the court by the U.S. and Illinois constitutions.

15

Page 3 of the Chronology briefly relates Ridgeland's June-to December 2015 effort to obtain due process in the trial court, moving unsuccessfully first for discovery and then for an evidentiary hearing or a trial. See Exs. 12, 14, 15, all of which pointed out in detail that, as a matter of simple due process, Ridgeland was entitled to be heard, including the right to a trial before a judge who would hear the evidence, not one who would "approve" the transcript of a prove-up heard by a different substituted judge.

Ridgeland's demand to be heard was made verbally from February 15 and in writing June 2, 15 and 29, and November 30, 2015, partly opposing a standing motion by SD for entry of judgment based on the no-notice, *ex parte*, false and partly unsworn and unsigned February 9, 2015 prove-up before Judge Kulys-Hoffman, not Judge Zafiratos nor Judge Carroll. The SD motion for immediate entry of judgment against petitioners was carried on the court's docket from its filing February 24, 2015 for possible entry without further notice at every session of the court to December. The parties briefed the due process issue (Exs. 12, 13 and 14) and Ridgeland on November 30 filed additional authority (Ex. 15). That authority re-emphasized that it was the court's (1) duty to (1) affirmatively order a hearing and trial, and its duty (2) even if Ridgeland's objections were properly withdrawn, as based on a valid settlement agreement, which they were not, to order issuance of a tax deed *only if there had been full compliance with the statutory notice and other requirements.*

The record shows that Ridgeland's demands for evidentiary hearing went unmet from at least May 20, 2015 and were ended on December 1, 2015 with entry of the tax deed order based upon improper acceptance of the February 9, 2015 transcript prove-up by Judge Carroll, who did not hear it. Clearly no *res judicata* effect can apply where Ridgeland's demands to be heard went

16

unmet. It is important here to fully consider the recounting, provided at pages 3 and 4 of the
Chronology, of the actions of SD and Mr. Wilson regarding Ridgeland's unsuccessful efforts to
obtain a trial and due process. In his filing of June 2015 Mr. Wilson falsely represented to the
court that there was no due process issue present, and "no case law exists regarding this issue."
Proof that those were lies was provided in Ridgeland's exhibits 12, 14 and 15. All of the
authorities were ignored. The lies to the court, constituting fraud on the court, have never been
acknowledged. Similarly ignored were the additional cases to the same effect filed by Ridgeland
in its last-ditch effort to obtain due process.

Finally, seeking to cause the court to enforce Ridgeland's due process rights the Ridgeland
parties on November 30 filed with the court copies of two cases which made clear again, as their
earlier filings had, that the court had an affirmative duty to announce and assure that Ridgeland's
due process rights were honored. **(Exh. 15)** The two further cases supplied to the court were the
1962 case *Trzebiatowski v. Jerome*, 24 Ill.2d 24, 179 N.E.2d 622, 623; and the 2007 case
*Anderson v. Kohler*, 376 Ill.App.3d 714, 877 N.E.2d 110. In *Jerome* the court said:

> "Under the circumstances reflected in the record it was error for the
> second chancellor to admit the transcript of the first proceeding into evidence
> and to consider it as a basis of decision. The full hearing contemplated by due
> process of law contemplates that all of the evidence should be submitted
> before a single judge or master who may see the witnesses, weigh their
> testimony and determine their credibility. (Citation omitted.) It was the clear
> duty of the chancellor here to conduct a trial de novo."

And in *Kohler*: "...it is the duty of the court to direct a trial de novo before another master or
before itself." From May to November 30, 2015, settlement was forced on Ridgeland by
continuing denial of its due process right to be heard. Before all else, the tax deed proceeding
was voided as a matter of federal and state constitutional law by denial of due process.

17

**B. The 1401 petition alleges criminal misconduct, committed while SD also committed fraud on this court by lying to it that "no law existed" and urging denial of Ridgeland's due process rights. Those issues, though sought to be raised on appeal, were instead remanded by the appellate court.**

As noted, when the tax deed was ordered December 1, 2015, neither this court nor the Ridgeland parties knew that Schcolnik was not a manager, nor even a member of SD, he having averred falsely twice under oath in February and December 2015 that he was. (Respondents did not learn of these facts until December 2016 when Mr. Egan revealed them in responding to discovery in the law division suit.)

By the time the first 1401 petition was filed 2 ½ years later on August 3, 2017, Ridgeland knew and alleged that Schcolnik was not a member nor a manager, had lied under oath, and acted and signed documents as though he were. Those actions, intentionally done, have names: false personation, perjury, and forgery. However, before evidence of those matters could be taken up, this court stayed the 1401 proceedings December 20, 2017. With this court's stay in effect Ridgeland, noting the appellate court's power to vacate void orders, asked that court to grant the relief sought in the stayed petition by itself vacating the orders claimed to be void. At page 12, par. 41 of its order the appellate court "discussed" the issues presented by the appeal.

> "On appeal, respondents contend that: (1) this court must exercise its independent duty to vacate void orders where Stonedry not only failed to comply with the notice provisions of the Property Tax Code (35 ILCS 200/1 et seq. (West 2014)), but also procured the tax deed by acts of clear fraud that are documented in the record; (2) the December 1, 2015, settlement agreement, which was void *ab initio*, was part of a fraudulent *modus operandi* that requires this court to void the December 1, 2015, tax deed and related orders; (3): the circuit court lacked jurisdiction to enter the May 1, 2017, subsequent order of possession; and (4): the circuit court lacked jurisdiction to enter the August 3, 2017, supplemental order of possession because the June 16, 2017, notice of appeal vested jurisdiction in the Appellate Court."

18

Instead of deciding issues 1 and 2, it entered a Rule 23 "order" in which it affirmed this court's possession orders and dismissed appeal of the December 1, 2015 orders, (only <u>one</u> of which was "agreed")[7], finding it lacked jurisdiction because no appeal had been taken from them within 30 days of entry. The court, however emphasized that the 1401 petition, a separate case, was being remanded to this court. Even though it took no jurisdiction of the 1401 petition, SD claims now that the appellate court decision is *res judicata* as to the petition and matters raised in the petition, including (1) the statutory tax fraud alleged in the petition; (2) the settlement agreement, <u>whose signing without authority is part of the 1401 petition</u> and was not decided by the appellate court; and (3) the allegations of Schcolnik's criminal misconduct.

In short, the appellate court did not consider the allegations that false personation, perjury and forgery, as well as fraud committed on the court, <u>accompanied</u> the fraud defined by the cases cited in the Compendium of case authorities submitted by the 2-1401 petitioners. SD seeks to claim as *res judicata* on the fraud issue an interlocutory appellate court opinion, *which not only rejects (without discussion) that court's own precedent in defining fraud in tax deed proceedings,* but which also specifically did not consider the criminal misconduct alleged in the petition, far exceeding mere documentary tax fraud, and shown in the exhibits.

As shown in "A", *res judicata* cannot exist where the matter sought to be precluded was denied due process hearing in the trial court. And, as to "B" the 1401 allegations of fraud on the court, false personation, forgery and perjury, also were not heard by this court, which stayed the petition, nor by the appellate court, which declined to hear and remanded it.

*It is, before and after all, a matter of due process.*

---

[7] The Order directing that a tax deed issue was *not* an "agreed" order.

EX.C

FILED
1/27/2020 2:58 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION, ETC., | ) |
| GENERAL TAXES FOR THE YEARS 2009-2011 | ) |
| | ) Case No. 2014 COTD 002392 |
| | ) |
| PETITION OF STONEDRY, LLC | ) Hon. James Carroll |
| FOR TAX DEED | ) |
| | ) RE: SECTION 2-1401 |
| | ) PETITION |

## NOTICE OF FILING

TO: Peter M. Stasiewicz (Stonedry, LLC's Purported Counsel)
ARCTURUS LAW FIRM
211 West Wacker Drive #318
Chicago, IL 60606
pete.stasiewicz@arcturuslaw.com

PLEASE TAKE NOTICE that on January 24, 2020, the undersigned caused to be filed electronically with the Clerk of the Circuit Court of Cook County, Illinois **PETITIONERS' COMPENDIUM OF CASE LAW RESPECTING STATUTORY NOTICES REQUIRED BY THE PROPERTY TAX CODE, FILED AS A SUPPLEMENTAL PLEADING PURSUANT TO THE COURT'S JANUARY 2, 2020 ORDER**, a copy of which is attached hereto and hereby served electronically on you.

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

Respectfully submitted

/s/ Barbara Revak

/s/ Rufus Cook, *pro se*

In.the.Matter.of.the.Petition.of.Stonedry.v.Ridgeland.Not.of.Fil.Cert.of.Serv.re.Pet.Comp.of.Case.Law.etc.BR.gb.1.22.20

EX. C

## CERTIFICATE OF ELECTRONIC SERVICE

FILED
1/27/2020 2:58 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

I, Barbara Revak, an attorney, hereby certify under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, that the statements set forth in this instrument are true and correct, and that on January 24, 2020, I caused a copy of the foregoing **PETITIONERS' COMPENDIUM OF CASE LAW RESPECTING STATUTORY NOTICES REQUIRED BY THE PROPERTY TAX CODE, FILED AS A SUPPLEMENTAL PLEADING PURSUANT TO THE COURT'S JANUARY 2, 2020 ORDER,** to be served electronically through Odyssey E-File and Serve on the party stated in the Notice whose email address is pete.stasiewicz@arcturuslaw.com.

Said "Compendium..." was also served on that date by personal email to Peter Stasiewicz at pete.stasiewicz@arcturuslaw.com.

/s/ Barbara Revak

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE APPLICATION, ETC.,  )
GENERAL TAXES FOR THE YEARS 2009-2011   )
                                         )   Case No. 2014 COTD 002392
                                         )
PETITION OF STONEDRY, LLC                )   Hon. James Carroll
FOR TAX DEED                             )
                                         )
                                         )

PETITIONERS' COMPENDIUM OF CASE LAW RESPECTING
STATUTORY NOTICES REQUIRED BY THE PROPERTY TAX CODE,
FILED AS A SUPPLEMENTAL PLEADING PURSUANT TO
THE COURT'S JANUARY 2, 2020 ORDER.

In accord with the court's January 2, 2010 order, Petitioners supplement their previous

section 2-1401 filings as follows.[1]

THE "INITIAL TAKE NOTICE" ISSUED BY TAX CERTIFICATE PURCHASER
GAMMADOCK, LLC <u>AFTER</u> IT HAD ASSIGNED ITS INTEREST THEREIN TO
STONEDRY, LLC WAS FATALLY DEFICIENT (AS WERE SUBSEQUENT
NOTICES, WHICH DID NOT AND COULD NOT CURE THE DEFICIENCY) <u>AND</u>
THUS FRAUDULENT, NOT ONLY BECAUSE THE "OWNER" OF THE
CERTIFICATE DID NOT GIVE THE REQUIRED <u>NOTICE</u> SECTION 22-5
NOTICE, BUT ALSO BECAUSE THAT NOTICE CONTAINED "MATERIAL"
<u>ADDITIONS</u>, WHICH ADDITIONS THE PROPERTY TAX CODE PROHIBITS.

1. Because Stonedry, LLC, the "owner" of the certificate did not give the "initial take
   notice" as the law requires, said notice instead being purportedly given by
   Gammadock, LLC, which had no interest in the certificate, having assigned away
   its interest, the notice is a legal nullity.

---

[1] The section 2-1401 Petition was filed <u>August 3, 2017</u>, some twenty nine months ago. In the two-and-a-half years during which the 1401 Petition was stayed, events have occurred which require that the Petition be updated. (The Amended Petition is filed pursuant to a separate Notice of Filing).

1

Section 21-260 of the Property Tax Code provides:

"The <u>owner</u> of the certificate of purchase <u>shall</u> give notice as required by section 22-5 through 22-30." (Emphasis supplied.)

Here, there is no dispute that on April 7, 2014 Gammadock, LLC assigned the certificate to Stonedry. Nor is there any dispute that on April 23, 2014, *after* it had assigned the certificate to Stonedry, LLC, Gammadock LLC nonetheless purported to give the "initial" take notice required to be given to the assessee by Property Tax Code §22-5 (35 ILCS 200-22-5, et seq.) When Stonedry, LLC, the "owner" failed to serve the required "initial" take notice its right to a tax deed was ended and it could not be restored to life by filing a section 22-10 second take notice. This is the clear law articulated by the appellate court in *The Application...CCPI, LLC, v. MB Financial Bank*, 2012 IL.App. (1ª) 101976, 966 N.E.2d 408:

> "Here, GJ was not the certificate holder when it filed the extension notice pursuant to section 21-385. Specifically, GJ had assigned away its rights to the tax lien almost two years before it filed the extension notice. See 35 ILCS 200/21-250 (West 2008) ("An assignment shall vest in the assignee***all the right and title of the original purchaser."). Consequently, the extension filed by GJ was a nullity. ...The trial court, therefore, erred when it dismissed respondent's motion to void the tax deed."

2. Wholly apart from the fact that the "owner", Stonedry, LLC did not give the "initial" §22-5 notice, the additions which non-owner Gammadock, LLC made were "material" <u>and</u> constitute fraud for yet a further reason, making the tax deed a legal nullity which must be recalled.

Non-owner Gammadock, LLC's "initial" take notice was *not* in the specific format required by Illinois law. Not only did it state "county court house" instead of "office of the County Clerk", and not only does it misspell further as "futher", which by law are *not* innocuous errors (see below), but it also contains the following (underlined) <u>addition</u>:

2

"At the date of this notice the total amount which you must pay in order to redeem the above property is $281,196.45 plus any and all statutory penalties, interest and costs.
Emphasis supplied.)

(See Ex. 14 to Amended 2-1401 Petition.)

See also: *In re Application of the County Treasurer & Ex Officio County Collector*, 2013 IL App (1st) 130463, 3 N.E.3d 431; irrespective of how minute "the court shall insist on strict compliance with section 22-10 to 22-25".

*The holding of this case is significant respecting the instant case. There the court affirmed the vacature of the tax deed because in the initial take notice the tax buyer failed to strictly comply with the requirements of the take notice form, omitting the municipality. Even though the municipality was included on all of the other take notice documents sent to the property owner in accordance with section 22-10, the court held that the omission rendered the post-sale notice form insufficient and the tax deed petitioner was not entitled to a tax deed.)*

Section 22-45(3) of the Property Tax Code provides that a tax deed shall be held a nullity:

"...where there is proof by clear and convincing evidence that the tax deed has been procured by fraud or deception by the tax purchaser or his assignee." (Emphasis supplied.)

There is no dispute that application of the *general* concept of fraud requires a showing of more than mere "negligence"; a purposeful malevolent intent to harm must be shown. However, tax deed proceedings are different.

3

"[Because] tax deed proceedings involve the government in taking the property of private owners of real estate...due process concerns demand a special interpretation of the fraud requirement of section 22-45(3). *In re tax deed petition of Thomas*, 225 Ill.. App. 3d 861 (4th Dist. 1992).

Thus, as our appellate court has repeatedly held when there are "substitutions or omissions" on a tax form, the tax buyer is not entitled to a tax deed; *prejudice is presumed*.

"There must be strict compliance with the statute and when there are substitutions or omissions on a notice form, the tax buyer is not entitled to a tax deed. We do not need to inquire whether Williams actually received the deficient section 22-5 post-sale notice and suffered any prejudice or confusion as a result of the omission of the city name; prejudice is presumed, (3 N.E.3d at 438)

·We hold that *Equity One's* post-sale notice form to Williams was not "completely filled in", as required by our legislature. 35 ILCS 200/20-5 (West 2008). Because a deficient notice is not regarded as any notice within the meaning of the statute, the trial court properly denied the application for a tax deed." *In re County Treasurer, Equity One Investment Fund v. Williams*, 2013 Ill. App. 3rd 463, 3 N.E.3d 431, 438 (1st Dist. 2013) (Emphasis supplied.)

And, the court has also emphasized repeatedly that even in the case of a "mistake" fraud exists, nullifying the tax deed.

"Here, the public records showed the mortgage...Midwest told the court it had already served notice on all occupants. Midwest may have mistakenly overlooked Jose's interest as reflected in the mortgage, or Midwest may have deliberately decided not to inform the court of Jose's signature on the mortgage. Assuming the failure to notice Jose's interest resulted from oversight, we follow *Thomas* and construe the mistake as fraud. Assuming Midwest knew of Jose's interest and decided not to inform the court of that interest, we find that Midwest's acts constitute fraud under *Gerus*. The trial court erred by finding that Jose failed to show fraud. ..." (Emphasis supplied.)

4

*In re County Treasurer (Alvardo)*, 0247 Ill. App. 3d 769, 807 N.E.2d 1042, 1053-54 (1ˢᵗ Dist. 2004) appeal denied, 823 N.E.2d 965 (2004). See also: *In re County Treasurer (MB Financial Bank)*, 2012 IL App. (1ˢᵗ 101976, 359 Ill.Dec. 87), also a unanimous decision, *and In re Application of County Collector, (New York Guardian Mortgagee Corporation v. Capital Bank & Trust as Trustee u/t/u 1333)*, 202 Ill.App.3d 405, 559 N.E.2d 1006, 1013 (1ˢᵗ 1990).

In short, both because Stonedry, LLC, the "owner" of the certificate failed to give the "initial" take notice, which section 21-260 makes mandatory and because non-owner Gammadock, LLC's purported initial take notice (as well as Stonedry's subsequent 22-10 and other notices) made "material" unlawful changes, advising the assessee that in order to redeem "you must pay...*plus any and all statutory penalties, interests and costs*" both fraud and deception were proven, making the tax deed a nullity.

Respectfully submitted

/s/ Barbara Revak

/s/ Rufus Cook, *pro se*

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
            and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

In.the.Matter.of.the.Petition.of.Stonedry.v.Ridgeland.Pet.Comp.of.Case.Law.etc.BR.gb.1.22.20

5

EX. D

Hearing Court: No hearing scheduled

FILED
10/27/2021 4:53 PM
Iris Y. Martinez
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, COUNTY DIVISION**

IN THE MATTER OF THE APPLICATION, ETC., )
GENERAL TAXES FOR THE YEARS 2009-2011 )
                              ) Case No. 2014 COTD 002392
                              )
PETITION OF STONEDRY, LLC         ) Hon. James Carroll
FOR TAX DEED                          )
                              ) RE: SECTION 2-1401
                              )      PETITION

## RIDGELAND PARTIES' <u>SUPPLEMENTAL</u> RESPONSE OPPOSING "MOTION FOR EXTENSION OF ORDER OF POSSESSION"

As their SUPPLEMENTAL RESPONSE OPPOSING "MOTION FOR

EXTENSION OF ORDER OF POSSESSION" purportedly filed on Stonedry LLC's

behalf by Peter Stasiwicz, the Ridgeland Parties state as follows.

### BACKGROUND

1. On September 6, 2019, Peter Stasiewicz, identifying himself as counsel for

Stonedry, LLC moved for an "Extension of Order of Possession", the Sheriff having

refused to act on the August 3, 2017 Order of Possession as it had been entered more than

120 days earlier (and presumably in accord with its universally applied due process

policy not to evict when litigation involving, the property is pending).

1

FILED
10/27/2021 4:53 PM
Iris Y. Martinez
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

The Notice of Motion contained the language required by section 5/9-117 of the Code.

"..To prevent the eviction, you must be able to prove...

(3) that you have an equitable or legal reason why the court should not grant the plaintiff's request for your eviction." (Emphasis supplied)

2. On September 6, 2019, the Ridgeland parties responded to the motion, citing both equitable and legal grounds as to why the motion should be denied, including the fact that A. Schcolnik was not a manager of Stonedry and thus lacked legal authority to act on its behalf, such as "hiring" Mr. Stasiewicz to "represent" Stonedry.

3. On October 24, 2019, Mr. Stasiewicz again purportedly on behalf of Stonedry filed a reply in support of the motion.

4. Some two years have elapsed since briefing of the possession motion was concluded as a result of both the COVID court closure and the court's recognition that the pendency of the section 2-1401 Petition required that the motion be held in abeyance pending resolution thereof.

5. On November 20, 2019, the Ridgeland parties moved to strike the motion to extend order of possession on the ground that it was filed without authority and contrary to the Illinois Limited Liability Company Act and agency law, requiring counsel to show by what authority he purportedly has represented and purports to continue to represent Stonedry, LLC.

2.

6. On February 26, 2020, the court denied the motion to strike.

7. On August 11, 2020, the Ridgeland parties moved to reconsider the February 26, 2020 order.

8. On April 27, 2021, the Ridgeland parties then filed (1) Annotated Affidavit Supporting Motion to Reconsider Order Denying Motion to Strike, and (2) Reasons why Motion to Reconsider Must be Granted (Ex. 1)

9. On May 11, 2021, a response to the motion to reconsider was filed. No counter-affidavit was supplied. Instead, the Response was supported by an *unsworn* "Declaration of Andres Schcolnik" (Ex. 2) herto, which is Exhibit A to the Response.

10. On May 19, 2021, the Ridgeland parties replied and on June 14, 2021, they filed their "Application of Additional Authority..." That filing, after discussing the governing holdings of *Blutcher v. EHS Trinity Hospital,* 321 Ill. App. 3d 131 (1st Dist. 2001) and of the *Ostendorf* case on which it relied, 89 Ill. 2d 286, and *Smith v. Cole,* 256 Ill. App. 3d (1993) set forth "the central facts, uncontroverted" and thus admitted in light of the *unsworn* " Declaration", clearly not a counter-affidavit. Those "facts" are:

> "11. We turn now to the central facts which, if not controverted under oath in the filings supporting and opposing a 2-1401 petition, require no evidentiary hearing *Ostendorf, Blutcher and Cole, supra.* The central facts, uncontroverted, follow:
>
> a. Prove-up hearing testimony by Schcolnik to be a SD member was false
>
> b. Sworn claim to be a SD member in settlement agreement was falsely made December first, 2015, continuing the false testimony given February 9.

3

c. Inadmissible Declaration did not contradict Annotated Affidavit's denial of Schcolnik authority since the LLC's inception.

d. Inadmissible Declaration left uncontroverted the Affidavits denial of Twardock's lack of authority regarding Stonedry.

e. Declaration leaves uncontroverted the statement that the 22-5 take-notice was sent by Gammadock after it had assigned ownership to SD, thus voiding that notice and precluding issuance of a tax deed.

f. Declaration leaves uncontroverted, thereby admitting, that 22-10, 15 and 20 notices were defective.

g. The declaration leaves uncontroverted the assertions that the prove-up was held February 9, 2015 without notice to the Ridgeland parties even though their appearance was of record as of February 4.

h. The declaration leaves uncontroverted the statement that the false testimony was never corrected, that Mr. Wilson testified unsworn, and that the transcript was admitted into evidence later by a judge who had not heard the evidence in the case.

i. The declaration leaves uncontroverted the assertion that withdrawl of the Ridgeland objections did not remove the defects in the 22-5, 10, 15, 20 and 25 notices, nor the prove-up defects, nor the lack of a proper transcript lawfully executed by a judge who heard, or re-heard, the evidence.

j. Finally the declaration leaves uncontroverted the assertion that sec. 22-40 commands that no tax ded may issue without compliance with the statutory terms."

11. On June 17, 2021 the court denied the motion to reconsider.

12. On October 14, 2021, the court granted Stonedry's section 2-619 motion to dismiss the section 2-1401 Petition; set October 28 for the filing by Respondents of a

Supplemental Response respecting the motion seeking an order of possession with the

Reply due by November 4; A status hearing is set for November 17, 2021.

## ARGUMENT

As noted, section 5/9-117 bars entry of an order of possession if there exists "an

equitable or legal reason why the court should not grant the plaintiff's request for

eviction". Here both exist.

**A. The court's orders finding that non-manager Schcolnik had lawful
authority to act for Stonedry despite the provisions of the LLC Act to the contrary
are interlocutory and non- binding.**

The court's orders denying the Ridgeland parties' "motion to strike requiring a

showing of authority", and denying reconsideration thereof are interlocutory and thus

non-binding as is the court's October 14, 2021 order granting 2-619 dismissal of the 2-

1401 Petition, which dismissal order does not become final for 30 days after entry absent

a filing of a timely motion to reconsider.

**B. The court was required to, but did not conduct an evidentiary hearing on
Schcolnik's repeated false averments under oath that he was a "member" of
Stonedry and thus could legally act for it, a manager- managed LLC.**

Even if it is assumed arguendo that the Ridgeland Parties "lacked standing" to

challenge Schcolnik's "authority" (Feb. 26, 2020 order) *this court* had both an

"equitable" and "legal" duty to do so before entering its December 1, 2015 " Order

Directing County Clerk to Issue Tax Deed…". **Ex. 3** (See page 4 of the order, and the

language at page 2, unsupported by the record, that "the court having heard the testimony

5

as to the diligence of service of notice of tax purchase." *In fact, the court heard no testimony.*

Thus the order of December 1, 2015 is fatally defective as a matter of law and can supply no basis for entry of an Order of Possession.

**C. By failing to supply a counter- affidavit, relying instead on Schcolnik's unsworn "Declaration" Stonedry admitted that the Order Directing that a tax deed issue is legally insupportable and therefore supplies no basis on which an order of possession can "equitably" or "legally" be granted.**

**D. The admissions which result from the failure to file a counter-affidavit, instead relying on the unsworn May 11, 2021 Declaration, supercede the appellate court's December 2020 Rule 23 order, which in any event, did not consider the issue of Schcolnik's lack of authority, making res judicata inapplicable.**

The to-be-filed motion to reconsider the court's October 14, 2021 dismissal of the 2-1401 Petition supplies yet further "equitable or legal grounds" why the motion seeking an order of possession must be denied.

## CONCLUSION

WHEREFORE: for the reasons stated the motion for entry of an Order of Possession must be denied.

6

Respectfully,
s/Barbara Revak
Attorney for Respondents/Petitioners
    And
s/Rufus Cook, Pro se

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
Barbararevak@att.net
        and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000