

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RUFUS COOK, Pro se** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 1: 22 cv- 119** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Stonedry LLC, Andres Schcolnik, and Thomas Dart, Sheriff Of Cook County, Illinois** | ) | **FILED** |
| | ) | JAN 18 2022 DD |
| | ) | THOMAS G. BRUTON |
| | ) | CLERK, U.S. DISTRICT COURT |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## CORRECTED
## VERIFIED COMPLAINT AND JURY DEMAND

**Now comes Rufus Cook, Pro se, and as his Verified Complaint and Jury Demand states the following.**

**CONTENTS** **PAGE**

| | |
|---|---|
| Parties | 2 |
| Jurisdiction | 2 |
| Venue | 3 |
| Preliminary Statement and Facts | 4 |
| Exhibit A Violations Charged | 6 |
| Exhibit B Violations Charged | 8 |
| Exhibit C Violations Charged As To Tax Code Precedent | 8 |
| Exhibit D Recent Due Process and Other Violations Charged | 8 |
| Exhibit E Section 1203 Motion seeking to reconsider order denying 2- 1401 Petition | 8 |
| Exhibit F January 10, 2022 State Court Order | 8 |
| Counts | 9 |
| Prayer for Relief | 10 |

## PARTIES

**Plaintiff:** Rufus Cook ("Cook") was, at all times relevant, domiciled in and a citizen of Illinois, under no legal disability; and a shareholder of the Ridgeland Corporation, (Ridgeland), an Illinois corporation. He became the assignee, in his individual capacity of the choses in action previously owned by Ridgeland and by Barbara Revak against the defendants named herein.

**Defendant** Stonedry L.L.C. ("Stonedry") is an Illinois limited liability company which claims to have acquired rights as a tax purchaser in a commercial property located at 7411 Stony Island Ave., Chicago, Illinois, which property until December 1, 2015 was owned by the Ridgeland Corporation, by allegedly having complied with Illinois law governing tax sales.

**Defendant** Andre Schcolnik ("Schcolnik") is a resident of Illinois and at all relevant times was ***not*** a member or manager of Stonedry, but was the sole member of Bronze, L.L.C., an Illinois L.L.C., which L.L.C. was at all relevant times a member and 50 % owner of defendant Stonedry.

**Defendant** David Twardock is a resident of Arizona and at all relevant times was ***not*** a member or manager of Stonedry, but was the sole member of Gammadock L.L.C., which LLC was at all relevant times a 50% member and owner of defendant Stonedry.

**Defendant** Peter Stasiewicz is a resident of Illinois, an Illinois attorney, and at relevant times has purported to be an authorized attorney representing defendant Stonedry.

**Defendant** Thomas Dart is Sheriff of Cook County, Illinois and a state (Illinois) actor within the meaning of the Fourteenth Amendment and 28 U.S.C section 1331.

Each of the acts of defendants alleged in this complaint were done by defendants under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Illinois, and the County of Cook.

## JURISDICTION

Fourteenth Amendment to the U.S. Constitution and 28 U.S.C.A. section 1331.

## VENUE

Venue is proper in this court under 28 U.S.C.A. §1391 (b) because the real estate which is the subject of the suit is located in Chicago, Illinois, clear title thereto is sought in this suit, and the events that gave rise to plaintiff's claims took place within this district.

## PRELIMINARY STATEMENT AND FACTS

### Formation of Stonedry, L.L.C.

***The preliminary facts which resulted in the filing of this due process complaint began in 2014 with the formation of an Illinois Limited Liability Company, Stonedry, L.L.C. At its formation Stonedry reported to the Illinois Secretary of State that it was a manager-managed company with two managers/members, both Illinois Limited Liability companies, not individuals. Each manager had 50% of the voting power in Stonedry. The two manager/ LLCs were Bronze, L.L.C, 100% owned by defendant Andre Schcolnick, and Gammadock, L.L.C., 100% owned by defendant David Twardock. Under Illinois law the authority to conduct the business of Stonedry was solely held by its two LLC manager/members. (See exh. A-22, p .6-9 hereto).***

***Some of the major due process violations unlawfully but successfully urged upon the state court by Stonedry are listed below. They are court filings made in the circuit court on the dates shown therein. Those filings, which are exhibits A to D hereto, discuss in detail below some of the due process violations made in the subject case, No. 2014 COTD 002392, and show the violations which resulted from state action from 2014 to this day. Exhibits E and F complete the picture of the actions taken by state actor Judge James Carroll and assistant state actors/defendants Schcolnik, Twardock, Stonedry, and Stasiewicz. Previous assistant state actors purporting time to represent Stonedry include but are not limited to the late Michael J. Wilson, attorney, whose claims of authority were replaced by those of defendant Stasiewicz. Each of the acts of Judge Carroll and defendants alleged in this complaint were done under the color of the statutes, regulations, customs and usages of the state of Illiois and the county of Cook, and constitute state action by them and others.***

# EXHIBIT A VIOLATIONS CHARGED

1. The sec. 22-5 "Take Notice" respecting the subject property, which notice is mandatory under the Property Tax Code, was void because it was given by Gammadock which had no interest in the tax certificate, having assigned its interest to Stonedry on April 7, 2014. Accordingly, the law required dismissal with prejudice of the state tax deed proceeding in May 2014 (Exhibit A, p. 10, par.20, et al.)

2. On April 7, 2014, as noted, Stonedry acquired from Gammadock the subject tax certificate which Gammadock had bought at the periodic scavenger tax sale re tax-delinquent properties. (See Ex A 1 hereto.) Thus Stonedry, as assignee and owner of the certificate since April 7, 2014 was required to prove in the tax deed proceeding that it had properly given all due process notices required by the Property Tax Code in order to receive a deed to the property. The Property Tax Code explicitly required Stonedry as the owner of the Certificate to deliver to the County Clerk for delivery to Cook, Plaintiff herein, the "Take-Notice", in which the current certificate owner would notify Cook of the proceeding Stonedry was initiating, thus satisfying the due process requirement of notice to Cook by the certificate owner. (See **Ex. 2** hereto.) Stonedry failed at this first step, which was dispositive. As a matter of law AFTER April 7 Gammadock had no interest in the subject certificate, nor power or standing to give the notice mandated by Property Tax Code, section 22-5. Because the 22-5 notice was, on its face, a nullity, as sec 22-5 points out in its first words Stonedry was not thereafter entitled to a tax deed.

> "200/22-5. Notice of sale and redemption rights. In order to be entitled to a tax deed,..." (Emphasis supplied.)

Further, Stonedry's (purported) attorney Wilson failed to comply with the Code requirement that he disclose non-compliance with the Property Tax Code's notice requirements, and defendant Stasiewicz has also failed his duty of disclosure.

3. Plaintiff's right to due process was further violated when the court, at Stonedry's urging, ruled that a judge can lawfully accept a transcript, here from Stonedry's tax-deed prove-up, where he did not hear the evidence. Exhibit A-1, no. 2, p. 11, par. 17-19, et al.

4. Stonedry, in violation of Plaintiff's due process rights falsely and unlawfully advised the court, verbally and in writing, that due process did not require that a court transcript be approved only by a judge who has heard the evidence. The court ignored the universal authorities to the contrary repeatedly proffered by the tax/deed respondents, accepting Stonedry's and its purported counsel's false representations of the law.

5. More than two years later, when faced with documented facts in the 2-1401 petition seeking to vacate the order directing a tax deed to issue because of defendant Schcolnik's documented perjury, fraud, and repeated lying under oath that he was member of Stonedry, authorized to act for it when in fact he was neither a member or manager of Stonedry, a manager-managed L.L.C. Ridgeland's right to be heard was violated again, and continues to be violated. (Exhibit A hereto; and <u>see below</u>.)

6. During the years from 2015 to date, none of the tax deed Respondents' repeated requests or demands for an evidentiary hearing have ever been allowed, not even where

the governing Supreme and Appellate court precedent mandate an evidentiary hearing. *Ostendorf v. International Harvester Co.,* 89 Ill. 28 at 285- 86, 60 Ill. Dec. 456, 483 N.E. 28 at 259; *Blutcher v. EHS Trinity Hospital, et al,* 321 Ill. App. 3d 131, 254 Ill. Dec. 106 (2001) ( The governing cases require that the parties identify controverted issues by affidavit or, if there are none, show that fact by not, filing such affidavit. When Stonedry filed no such affidavit in response to Cook's affidavit, no controverted matter was stated. Yet the court refused to recognize Stonedry's capitulations and treated it as though the affidavit asserting controverted issues HAD been filed. Sec 22-5 *redux*.)

## EXHIBIT B VIOLATIONS CHARGED

7. Additional due process violations are documented in **Exhibit B** hereto, filed May 13, 2020, entitled "Section 2-1401 Petitioners' Reply to Stonedry, LLC's February 6, 2020 (1) "Supplemental Submission…" and (2) Motions to Dismiss § 2-1401 Petition Pursuant to § section 2-615 and 2-619."

8. Despite knowing the appellate court declined jurisdiction of the 2-1401 petition because of its pendency before the trial court Stonedry has falsely argued that res judicata applies, seeking (and obtaining) still further due process violations by the state court. Exhibit B, no. 4, p. 15, 16 et al.

9. Stonedry has sought to have the state court act as though the appellate court *had* taken jurisdiction of the 2-1401 petition. Pages 15 and 16 of Ex. B point out not only that jurisdiction was declined, but that even if that were not the case, res judicata

can't apply where sworn hearings of the issues were denied, as here on all issues, for more than 7 years.

10. As shown, the law does not permit a tax deed hearing, ex parte or otherwise, after the 22-5 notice was seen on its face to be a nullity which, continuing the pattern of illegality, its counsel, Wilson, together with, Stonedry, Schcolnik, Twardock, and Stasiewicz failed to disclose. As shown, Plaintiff and the Ridgeland tax deed respondents were first denied due process in May, 2014 and the denials, as documented and noted, have continued since.

11. The denial of discovery which occured at Stonedry's urging and the attempt to claim res judicata where jurisdiction was declined and the case remanded, are different sides of the same coin: intentional denial of due process, fully documented here. **Exhibit B, p. 15.**

12. Having been denied discovery altogether in the subject case, it took discovery conducted in a related case, and more than two and one-half years for Plaintiff and the Ridgeland parties, at great expense, to learn the facts related in their 2-1401 petition. The intent behind the successful effort to deny discovery altogether, is the counterpart of the legally insupportable effort to assert res judicata from declined jurisdiction.

## Exhibit C: Violations Charged Based On Tax Code Precedent

13. **Ex. C**, a Compendium of Tax Code precedent, provides a brief review of the relevant precedent respecting the mandatory notices required by the Property Tax Code, and the wholesale defects in the notices given by Stonedry, which establish further due process violations (see P.1-5)

## Exhibit D, and E: Recent Due Process Violations Charged

14. Recent activity in the state court has produced *further* due process violations and other claims, as detailed in **Exhibit D, p.1-7, E, F.**

15. Since the filing of this action on January 7, 2022, which the state court and defendant Stasiewicz, as purported counsel for Stonedry, LLC, were advised of in writing on January 8, 2022, the state court has continued unabated the evisceration of Plaintiff's due process rights. On January 10, 2022, despite knowing the pendency of this action, the court nonetheless ruled that in absence of an injunction it would proceed immediately (on January 10) to deny the motion to reconsider the court's October 14, 2021 grant of Stonedry's motion to dismiss the section 2-1401 motion to vacate the order granting a tax deed, which was predicated on due process violations and multiple other grounds. (see **EX. F**).

**Also on January 10 the court granted Stonedry's renewed motion for an order of possession of the subject property, prosecuted by defendant Stasiewicz directing that the Sheriff immediately evict Defendants. (Id.)**

16. Defendants Stonedry, Schcolnik, Twardock, and Stasiewicz have unlawfully sought, and have succeeded in using the state court, to have the Sheriff join in the deprivation of Plaintiff's due process rights.

## COUNTS

Counts I-III of this complaint allege 14th amendment due process violations under 28 U.S.C.A. section 1331 by Stonedry, Schcolnik, Twardock and Stasiewicz.

Count I is based on the complaint's allegations of failure to comply with Tax Code sections 22-5 initially, and thereafter 22-10 through 22-25, including the allegations set forth in exhibits A-E, and with the Code's requirements for disclosure of non-compliance.

Count II is based on the complaint's allegations, including those of exhibits A-E, respecting failure to provide notice of the ex parte prove-up hearing of February 9, 2015 even though tax deed Respondents had appeared.

Count III and exhibits A-E charge due process violations by falsely telling the court that due process law provides no authority on the subject of who may approve transcripts and permits them to be signed other than by a judge who has heard the evidence.

Count IV is pled against all defendants and seeks to bar them from enforcing the court's eviction order in violation of Plaintiff's due process rights.

## Prayer for Relief

Plaintiff prays that Judgment be entered in his favor and against Defendants Stonedry and Schcolnik, Twardock and Stasiewicz, jointly and severally, in an amount greater than $2,000,000.00 in actual damages and $1,000,000.00 in punitive damages, including attorneys' fees. Plaintiff prays further that all defendants be restrained from seeking to enforce the court's eviction order in violation of due process.

s/Rufus Cook,
Pro Se

## Verification and Oath

Under penalties as provided by law the undersigned swears and certifies that the statements set forth in this instrument are true and correct.

s/ Rufus Cook

Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000
Rufus.cook@hotmail.com

# EX. A

FILED
1/24/2020 4:24 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION, ETC., GENERAL TAXES FOR THE YEARS 2009-2011<br><br>PETITION OF STONEDRY, LLC FOR TAX DEED | ) | Case No. 2014 COTD 002392<br><br>Hon. James Carroll<br><br>RE: SECTION 2-1401 PETITION |

## NOTICE OF FILING

TO: Peter M. Stasiewicz (Stonedry, LLC's Purported Counsel)
ARCTURUS LAW FIRM
211 West Wacker Drive #318
Chicago, IL 60606
pete.stasiewicz@arcturuslaw.com

PLEASE TAKE NOTICE that on January 24, 2020, the undersigned caused to be filed electronically with the Clerk of the Circuit Court of Cook County, Illinois **SUPPLEMENTAL AND AMENDED PETITION UNDER SEC. 5/2-1401 AND COMMON LAW TO VACATE ALL ORDERS AND JUDGMENTS HEREIN, WHICH ARE ALL NULLITIES AND VOID AB INITIO BECAUSE PROCURED: (1) WITHOUT AUTHORITY OR CAPACITY AND IN VIOLATION OF THE LLC ACT; (2) IN VIOLATION OF THE PROPERTY TAX CODE; AND (3) BY STILL LATER FRAUDULENT MISREPRESENTATIONS, INCLUDING FALSE PERSONATION, FORGERY AND PERJURY,** a copy of which is attached hereto and hereby served electronically on you.

Respectfully submitted

/s/ Barbara Revak

/s/ Rufus Cook, *pro se*

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

In.the.Matter.of.the.Petition.of.Stonedry.v.Ridgeland.Not.of.Fil.Cert.of.Serv.re.Supp.and.Amended.etc.BR.gb.1.24.20

EX. 1

FILED
1/24/2020 4:24 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

## CERTIFICATE OF ELECTRONIC SERVICE

I, Barbara Revak, an attorney, hereby certify under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, that the statements set forth in this instrument are true and correct, and that on January 24, 2020, I caused a copy of the foregoing **SUPPLEMENTAL AND AMENDED PETITION UNDER SEC. 5/2-1401 AND COMMON LAW TO VACATE ALL ORDERS AND JUDGMENTS HEREIN, WHICH ARE ALL NULLITIES AND VOID AB INITIO BECAUSE PROCURED: (1) WITHOUT AUTHORITY OR CAPACITY AND IN VIOLATION OF THE LLC ACT; (2) IN VIOLATION OF THE PROPERTY TAX CODE; AND (3) BY STILL LATER FRAUDULENT MISREPRESENTATIONS, INCLUDING FALSE PERSONATION, FORGERY AND PERJURY**, to be served electronically through Odyssey E-File and Serve on the party stated in the Notice whose email address is pete.stasiewicz@arcturuslaw.com.

Said "**SUPPLEMENTAL AND AMENDED PETITION UNDER SEC. 5/2-1401...**" was also served on that date by personal email to Peter Stasiewicz at pete.stasiewicz@arcturuslaw.com.

/s/ Barbara Revak

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION, ETC., GENERAL TAXES FOR THE YEARS 2009-2011 | ) | Case No. 2014 COTD 002392 |
| PETITION OF STONEDRY, LLC FOR TAX DEED | ) | Hon. James Carroll |
| | ) | RE: SECTION 2-1401 PETITION |

SUPPLEMENTAL AND AMENDED PETITION UNDER SEC. 5/2-1401 AND COMMON LAW TO VACATE ALL ORDERS AND JUDGMENTS HEREIN, WHICH ARE ALL NULLITIES AND VOID AB INITIO BECAUSE PROCURED: (1) WITHOUT AUTHORITY OR CAPACITY AND IN VIOLATION OF THE LLC ACT; (2) IN VIOLATION OF THE PROPERTY TAX CODE; AND (3) BY STILL LATER FRAUDULENT MISREPRESENTATIONS, INCLUDING FALSE PERSONATION, FORGERY AND PERJURY [1]

Petitioners, pursuant to 735 ILCS § 5/2-1401 of the Illinois Code of Civil Procedure, and to the common law, respectfully request that the court vacate all actions taken herein on behalf of Stonedry, L.L.C., for lack of authority, and for violation of the Property Tax Code, and for the tax deed having been procured by fraud. Petitioners herein are Rufus Cook, Barbara Revak and Ridgeland Corporation, sometimes herein collectively called Ridgeland.

[1] The initial 1401 Petition was filed August 3, 2017 some twenty-nine months ago. On December 29, 2017 the court stayed proceedings respecting the 2-1401 Petition pending disposition by the appellate court of related appeals.

During the ensuing 29 months after the Petition was first filed in August, 2017, subsequent events have occurred, and were learned of which relate to, amplifying and impact the matters raised in the initial petition. Recognizing this to be the case this court's January 2, 2020 order provides for the filing by petitioners of supplemental 1401 pleadings.

The instant Supplemental and Amended Petition also simplifies and reduces the initial Petition from 25 pages to 19, and provides a complete Exhibit 14, pages therefrom having been omitted in the earlier filing.

On December 20, 2019 the appellate court entered an Order which decided the appeals, but left for disposition by this court the section 2-1401 Petition.

**CONTENTS** **PAGE**

**INTRODUCTION** 4

**FACTS AND LAW** 5

**I. From its formation January 5, 2014 to today A. Schcolnik has lacked authority to act for Stonedry, and Stonedry has lacked capacity to act through him and his purported subagents.** 5

**A. Stonedry's corporate and other records show, that the settlement agreement in the tax deed case was fraudulently signed by Schcolnik who, contrary to his misrepresentations sworn and unsworn, was not "a member" or manager of Stonedry and never had authority to act for the LLC, thus making nullities of the settlement agreement and all other actions he took without authority purportedly on Stonedry, LLC's behalf.** 5

**B. Stonedry's acts were done without any possible authority and without any possibility of ratification because contrary to the express terms of the LLC Act governing agency. Those acts include purported "hiring" with no authority and purporting to work with unauthorized lawyer/subagents.** 8

**II. Stonedry violated the notice requirements of the Property Tax Code, including §22-5. 22-10, 22-20, and 22-25, which violations, without more, are defined by law as fraud, and voided the tax deed order and related orders as a matter of law.** 10

**A. Gammadock, LLC. having bought the subject certificate January 7, 2014, and assigned it to Stonedry April 7, 2014, served a null take-notice on April 23, 2014 which by law voided its tax deed proceeding.** 10

**B. The void 22-5 notice was not the only violation of the Tax Code notice requirements committed in Stonedry's name.** 11

**C. Ignoring his duty under the Property Tax Code to call compliance problems to the court's attention, and instead playing "catch me if you can", attorney M. Wilson and Stonedry compounded the fraud by pretending Gammadock's void 22-5 notice was valid, and by fraudulently misrepresenting in other filings that no violations existed.** 11

D. Schcolnik, Stonedry and Wilson's false personation, forgery and perjury, were part of the fraud on the court and on movants committed before Judge Hoffman while the pretenders continue even now to conceal their lack of authority, capacity and inability to act without both. 12

E. When the December 1, 2015 "Settlement Agreement" was entered into, movants were more than a year away from discovering that Schcolnik and Wilson were false pretenders to authority, and Stonedry itself a false pretender to capacity to act through Schcolnik. 17

III. There were later acts of fraud, false personation, forgery and misrepresentation committed by the pretenders and "subagents." 19

## INTRODUCTION

There are three chief reasons why the orders dated December 1, 2015, including the tax deed order, are void, and must as a matter of law be vacated. First, underlying and overarching all else is the fact that non-member Schcolnik, from the day the LLC was formed February 5, 2014, lacked authority to act as Stonedry's agent, and indeed Stonedry lacked capacity to act through Schcolnik.

Second, Stonedry, LLC., violated the notice requirements of the Property Tax Code, including § 22-5, 22-10, 22-20 and 22-25, and those violations, standing alone, are defined by law as fraud, and made the tax deed order void. Those statutory facts of fraud were accompanied by still other later related but different fraudulent misrepresentations asserting that the Property Tax Code had been fully complied with. Those separate misrepresentations constituted fraud on the court as well as movants.

Third, the tax deed judgment and the settlement agreement on which it was based were procured by *additional other fraudulent misrepresentations*, including false personation, perjury and forgery by Schcolnik, the purported authorized representative of tax deed Petitioner Stonedry, LLC, which apparently criminal acts were also further frauds committed on the court and movants, and continue to this day.

## FACTS AND LAW

**I. From its formation January 5, 2014 to today A. Schcolnik has lacked authority to act for Stonedry, and Stonedry has lacked capacity to act through him and his purported subagents.**

**A. Stonedry's corporate and other records show that the settlement agreement in the tax deed case was fraudulently signed by Schcolnik who, contrary to his misrepresentations sworn and unsworn, was not "a member" or manager of Stonedry and never had authority to act for the LLC, thus making nullities of the settlement agreement and all other actions he took without authority purportedly on Stonedry, LLC's behalf.**

1. Schcolnik, never a member nor a manager of Stonedry, by law could not sign the December 1, 2015 Settlement Agreement, nor act in any way as agent for Stonedry to this day.

2. In discovery in a related lawsuit, on or about December 2, 2016, Ridgeland learned from documents produced which had been filed by Stonedry with the Secretary of State:

a. that Stonedry is and at all times was a manager-managed, not a member-managed company with only two managers, Gammadock LLC and S. Bronze, LLC., not Schcolnik. **(Ex. 22, p. 8)**

b. that, despite those facts, Schcolnik misrepresented under oath in his December 2, 2016 affidavit verifying the sworn discovery that "…I am one of the members of Stonedry, LLC. …" **(Ex. 22, p. 5)** [2]

3. Also on December 2, 2016, Stonedry, LLC, in the law division case by its counsel Robert A. Egan, filed Stonedry's "Answers to Plaintiff's Interrogatories and "Response to Plaintiff's Request for Production of Documents", **(Exs. 21 and 22 hereto).** Stonedry gave the following Answer to Interrogatory No. 3:

---

**[2] Ridgeland's request to undertake discovery in this case in support of its motion to dismiss was denied by Judge J. Zafiratos on May 20, 2015.**

> "3. For the period January 2015 to the present identify each member of Stonedry, LLC.
>
> Answer: Gammadock, LLC., 90 Whittredge Road, Summit, New Jersey and S. Bronze, LLC., 2035 West Giddings Street, Chicago, Illinois." **(Ex. 21)**

The Answers are supported by two Verifications. The first is signed: "Andres Schcolnik"; the second avers: "Stonedry, LLC, by Andy Schcolnik, Member."

4. Further, Stonedry supported the Response to the Document Production Request **(Ex. 22)** with "Defendant's Affidavit in Compliance with Plaintiff's Request for Production." It continues to make, under oath, the same fraudulent misrepresentations made before the tax deed court:

> "I, Andres Schcolnik, being first duly sworn on oath, deposes (sic.) and state that I am one of the members of Stonedry, LLC..;a defendant in this action...
>
> s/Andres Schcolnik"

5. The discovery also included Stonedry's Articles of Organization and Operating Agreement **(Ex. 22, p. 9, 10)**. They show that the two LLC's each have a 50-50 interest in Stonedry, and each member/manager LLC has a single member: David Twardock of Gammadock, LLC and Andres Schcolnik of S. Bronze, LLC. [3]

6. Thus pursuant to the Articles of Organization and Operating Agreement either one or both of the Stonedry entity-managers, *who are also its only members* (Gammadock or Bronze or both) had authority as managers to act generally for Stonedry. Schcolnik individually, and a non-member of course, could not so act.

---

[3] **Schcolnik and Twardock were deposed in the law division suit in November and December 2018, which <u>confirmed</u> that neither was a member or manager of Stonedry, LLC.**

7. Schcolnik's misrepresentation in the December 1 settlement agreement that he was a member authorized to bind Stonedry appeared to bind both parties to the Agreement, while concealing the fact that Stonedry was not bound by a document signed without authority, and he was not a manager nor a member, and lacked authority.

8. Schcolnik committed fraudulent misrepresentation under oath at the Feb. 9, 2015 hearing and then again in the December 1, 2015 settlement agreement when he falsely claimed again to be a Stonedry member, signing the agreement, when in fact he never had authority to act as the L.L.C.'s agent for any purpose, from the date it was formed to today. By law he was and is a pretender, as were and are his agents.

9. At the time of the entry of the judgment, the facts related above were unknown to the movants, and clearly unknown as well to the court, on which fraud was repeatedly committed because Stonedry and Wilson purposefully failed to call the court's attention to their notice irregularities, false statements and clear misstatements of the law. The judgment was entered without fault or negligence on the part of movants who, like the court, had no clue that they all were, to put it charitably, being hoodwinked by pretenders.

10. As noted, Petitioners did not know or discover the facts mentioned above because of the myriad aspects of the fraud until 2016, after receipt and review of documents produced in discovery by Stonedry in the law division suit.

11. Petitioners have a meritorious defense to Stonedry's claim and have acted diligently, although, in cases involving fraud or voidness, neither element is required. As to diligence there is no question, the 2-1401 case having been diligently pursued before the stay and now upon its conclusion. And a meritorious defense clearly is stated in the several allegations of lack of

authority, and the resulting fraud on the court as well as movants, including apparent criminal misconduct.

**B. Schcolnik's acts were done without any possible authority <u>and</u> without any possibility of ratification because contrary to the express terms of the LLC Act governing agency, which acts include purported "hiring" with no authority and purporting to work with unauthorized lawyer/subagents.**

12. The law requires that an agent, including a lawyer must have and maintain authority to represent a client/principal. Without authority, the acts of a lawyer are nullities. The law requiring that a lawyer be authorized by the client or an authorized agent, as old as the law itself, is simply summarized in *AmJur,* Attorneys at Law §153:

> "No person has the right to appear as another's attorney without the other's authority, whether the other is a natural person or a corporation. The authority may be express or implied, and the authority may be given by an agent of the party for whom the appearance is made. *Pueblo of Santa Rosa v. Fall*, 273 U.S. 315, 47 S. Ct. 361, 71 L. Ed. 658 (1927).

And the result of lack of authority is also clear:

> "A defendant does not waive objection to a tribunal's exercise of jurisdiction based on the participation of a person who has not been authorized by the defendant, expressly or impliedly, to appear on its behalf, and there is no proof of ratification. That is so even if the purported representative is a licensed attorney. When the facts show a lack of authorization, the representative's acts are a nullity against the party for whom the appearance was entered. 2014 IL App (1st) 123654, ¶ 21, 382 Ill.Dec. 412, 12 N.E.3d 691 (citing *Gray v. First National Bank of Chicago*, 388 Ill. 124, 129, 57 N.E.2d 363 (1944))."

13. Neither Schcolnik nor Stonedry's purported counsel have had or have authority to act for or represent Stonedry. In pertinent part the Illinois LLC Act, 805 ILCS 180/13(5)(1) granted agency powers solely to managers of manager-managed companies. It read as follows before July 1, 2017:

> "(1) A member is not an agent of the company for purposes of its business solely by reason of being a member. Each manager is an agent of the company for the purpose of its business, and an act of a manager, including the signing of an instrument in the company's name, for apparently carrying on, in the ordinary course, the company's business or business of the kind carried on by the company binds the company, unless the manager had no authority to act for the company in the particular matter and the person with whom the manager was dealing knew or had notice that the manager lacked authority."
>
> (Emphasis supplied.)

14. The Act provides, in an amendment effective July 1, 2017, for a registration process administered by the Secretary of State by which persons other than managers may be authorized to act as agents. Stonedry has never registered Schcolnik.

15. In addition, agency law in Illinois and generally has long held that a principal lacks capacity to authorize an agent to do an act which is not within the principal's statutory powers. The law is summarized in A.L.I. Restatement, 3rd, sec. 304:

> "Organizational statutes specify the legally operative powers that an entity created pursuant to the statute shall have. Such statutes often provide that powers granted by the statute are subject to conditions and limitations stated in organizational documents. An entity **lacks capacity** to authorize an agent to do an act that is not within the entity's powers conferred by statute.
>
> Likewise, the legally operative actions that may be taken by governments and subdivisions of governments are often specified by statute, constitution, or charter. This in turn limits a governmental principal's capacity to authorize agents."

16. It is the lawyer's duty to show his authority. Where a lawyer requested to show his authority fails to do so, the presumption of authority is rebutted. *Gray v. First National Bank of Chicago*, 388 Ill 124 (1944) In such circumstances after movants in this 1401 proceeding more

than 30 months ago questioned Schcolnik's authority to act for Stonedry, each of the lawyer/subagents "hired" by him was put on notice that the question of authority was raised, and by law their authority was required to be shown.

**II. Stonedry violated the notice requirements of the Property Tax Code, including §22-5. 22-10, 22-20, and 22-25, which violations, without more, are defined by law as fraud, and voided the tax deed order and related orders as a matter of law.**

**A. Gammadock, LLC. having <u>bought the subject certificate January 7, 2014, and assigned it to Stonedry April 7, 2014, served a null take-notice on April 23, 2014 which by law voided its tax deed proceeding.</u>**

17. Gammadock, LLC the original certificate purchaser, or Stonedry, when it became the assignee, were in turn required by the Property Tax Code, §35 ILCS 200/22-5 to serve on Rufus Cook, the tax assesee, a take-notice. Gammadock assigned the certificate to Stonedry April 7, 2014 **(Ex. 1)**, Gammadock thereafter had no further right, power or interest in the case, and could not lawfully execute the 22-5 take-notice 16 days later on April 23, 2014.

18. The court made clear the effect of assignment of a tax certificate in *The Application of...CCPI, LLC, v. MB Financial Bank*, 2012 IL.App. (1st) 101976, 966 N.E.2d 408:

> "Here, GJ was not the certificate holder when it filed the extension notice pursuant to section 21-385. Specifically, GJ had assigned away its rights to the tax lien almost two years before it filed the extension notice. See 35 ILCS 200/21-250 (West 2008) ("An assignment shall vest in the assignee* * *all the right and title of the original purchaser."). Consequently, the extension filed by GJ was a nullity. ... The trial court, therefore, erred when it dismissed respondent's motion to void the tax deed."

19. Gammadock, despite having no power or right to do so, nevertheless purported to have served the necessary 22-5 notice on Cook. **(Ex. 2)** That action alone was a fraudulent violation of the letter and policy of the Property Tax Code, as well as a fraud committed on the court and on

Movants herein. When Stonedry failed to serve the take-notice it was required to serve, the proceeding, itself begun by the pretenders with no authority, was from that point dead, and could not be restored to life by filing still more fraudulent pretender documents. And, of course, on December 1, 2015, movants, as noted were still a year away from beginning to learn in December 2016, about Schcolnik's and Stonedry's fraudulent and criminal conduct, which included false personation, perjury and forgery by the pretenders, as detailed below in section II D hereof. A complete account of the fraudulent and criminal conduct of the pretenders as it has occurred over years could be told only in this 2-1401 case.

**B. The void 22-5 notice was not the only violation of the Tax Code notice requirements committed in Stonedry's name.**

20. On June 29, 2015 Ridgeland filed a document titled "Reply Regarding Whether a Successor Judge may Sign Unsigned Transcript of *ex parte* Prove-up made before Substituted Judge." **(Ex. 14)** At pages 9-11, and Exs. C, C-1, E, E-1, F and G, Ridgeland showed on marked exhibits the details of Stonedry's violations of the statutory notice requirements for 22-5, 22-10, 22-20, and 22-25. The objections raised there are incorporated by reference here, showing further violations of the Tax Code notice provisions.

**C. Ignoring his duty under the Property Tax Code to call compliance problems to the court's attention, and instead playing "catch me if you can", attorney M. Wilson and Stonedry compounded the fraud by pretending Gammadock's void 22-5 notice was valid, and by fraudulently misrepresenting in other filings that no violations existed.**

21. Utilizing the null Gammadock notice, on **July 9, 2014,** Wilson and Stonedry chose through further misrepresentation to play the unlawful "catch me if you can" game by not informing and instead misleading the court and movants herein. Thus Stonedry and Wilson on

July 9, 2014 filed a "PETITION FOR TAX DEED" respecting the subject property. Required by law to state in the petition that all notices had been or would be given, Stonedry falsely stated:

> "All notices required by law to be given will be given prior to the entry of an order directing the issuance of a tax deed on said parcel of real estate and due proof will be made of the giving of such notice."

The time within which the 22-5 take-notice lawfully could have been given had, of course, passed, and as a matter of law no "due proof" could be made of the giving of such notice.

22. Nevertheless, on January 22, 2015, Stonedry committed further frauds on the court and Movants when it filed its "Application for an Order Directing the County Clerk to Issue a Tax Deed." **(Ex. 4)** Ridgeland knows now what was then known only to Stonedry, Wilson and Schcolnik: that Stonedry lacked capacity to act through Schcolnik, that Wilson, "hired" by Schcolnik, and Schcolnik himself, all lacked authority to file the application, or to take any of the actions which preceded or followed it.

23. A further fraud committed on the court and movants occurred when Exhibit C to the application, the Gammadock take-notice, a nullity, was nonetheless fraudulently proffered to the court in Stonedry's petition and application falsely to show compliance with 22-5.

**D. Schcolnik, Stonedry and Wilson's false personation, forgery and perjury, were part of the fraud on the court and on movants committed before Judge Hoffman while the pretenders continue even now to conceal their lack of authority, and capacity and to act without both.**

24. Judge Margarita T. Kulys Hoffman was assigned the case when it came up for assignment on January 28, 2015 on Stonedry's fraudulent and unauthorized Petition for a Tax Deed and its Application therefor, both filed by the pretenders lacking authority and capacity. It was initially set, at the unauthorized Mr. Wilson's request, for prove-up on February 6, 2015, not

even a week after the January 28 assignment. The court re-set it for February 9, 2015. However, the timing was so tight that the February 4 Ridgeland appearance **(Ex. 5)** was, understandably, not communicated by the clerk's office to Judge Hoffman, and so tight that Mr. Wilson later said he didn't receive Ridgeland's appearance, mailed February 4, until he returned from the *ex parte* prove-up before Judge Hoffman, held February 9 after a 3-day postponement by the court. Indeed, Mr. Wilson's scheduling was so tight that, as noted, there was no time for him to receive Ridgeland's appearance in due course by mail, nor for notice of the hearing to be given Ridgeland or for Ridgeland to learn of it. As a result the February 9 prove-up was held *ex parte*. (Judge Hoffman took the matter "under advisement.")

25. The transcript from the proceeding is attached hereto as **Ex. 5**. At page 4 the unauthorized non-member/non-manager Andres Schcolnik, sworn as a witness testified to show the court Stonedry's and his approval, as member, of the action being taken:

By Mr. Wilson:

> *"Q. What is your affiliation with the Petitioner, Stonedry, LLC?*
>
> *A. I'm a member."*

That answer was false, as shown above. Stonedry and Wilson and Schcolnik all knew it was false. That answer was a clear misrepresentation to the court, an act of false personation by an individual claiming falsely to have a status and authority he lacked, thus committing yet another fraud on the court and movants. Although having a legal and ethical duty to do so, Mr. Wilson did not correct Mr. Schcolnik's misrepresentation. He never did, and died in 2018.

26. On information and belief the criminal conduct of false personation and perjury described has occurred and is occurring in other tax deed proceedings prosecuted by Stonedry, LLC in the Circuit Court of Cook County, Illinois.

27. The February 2015 *ex parte* transcript also contained other misrepresentations, largely based on assertions by Schcolnik, Stonedry and Wilson attesting to the legal sufficiency of the 22-5 notice which, as noted, was in fact null, having been "lodged" not by Stonedry but by Gammadock LLC on April 23, 2015 after having been assigned by it to Stonedry April 7, 2015. **(Ex. 6, p. 4)**

28. The transcript **(Ex. 6)** shows further false testimony before Judge Hoffman. After dismissing Schcolnik with no correction of his false testimony that he was a Stonedry member, (p. 9) Mr. Wilson turned next, at p. 12, to the deficient Exhibit E to the application, which in fact also did not comply with the Property Tax Code. At pages 15 and 16 Mr. Wilson moved on to Exhibits F and G, pertaining to sections 22-20 and 22-25, both of which documents also failed, as shown below, to comply with those sections. In fact, the *ex parte,* rushed hearing before Judge Hoffman, with no notice, was shot through with misrepresentations and exhibits not in compliance with the Code. Stonedry's unlawful efforts to use that transcript through December 1, 2015 to bypass the required hearing of evidence in the case, played a substantial part in Ridgeland's decision to enter into the Settlement Agreement with Stonedry, as did the continuing perjury, at the time not known, falsely averring Schcolnik's status as a member, as well as the false denials of the tax code violations.

29. Stonedry refused R. Cook's request in the ensuing days after February 9, 2015 to agree that by law Judge Carroll was required to re-hear the prove-up evidence. When Wilson refused,

Ridgeland submitted case authority to the court (Ex. 14). Instead, on February 24 (Ex 7) the unauthorized Mr. Wilson, as noted not having corrected the known false testimony he had elicited, served a notice of motion seeking to have Judge Hoffman, on the basis of that ex parte, un-noticed and fraudulent hearing, enter an order for deed on March 4. (Ex. 7) Ridgeland on that date moved for and was granted a substitution of Judge Hoffman as of right.

30. For reasons having no apparent relation to this case, Judge Zafiratos was transferred and the matter assigned to Judge James Carroll sometime after June 2, 2015.

31. When he was assigned the case, successor Judge Carroll, like movants, was not made aware of the lack of authority of pretenders Schcolnik and Wilson, and was wrongly told by them until the December 1 "settlement" that he could and should resolve the case by signing the Judge Hoffman transcript.

32. Stonedry, seeking to continue hiding its fraud, including Schcolnik's February 9, 2015 and continuing false personation and perjury, continued to urge Judge Carroll to decide the case based on the *ex parte* hearing of Stonedry's evidence, and thus to order issuance of a tax deed *without Ridgeland ever being heard*. In other words, Judge Carroll was urged to rely on the transcript (replete with fraudulent misrepresentations from the February 9, 2015 *ex parte* hearing held before Judge Hoffman), conducted so quickly, as noted above, that the court (and Mr. Wilson) hadn't even had time to learn that Ridgeland's appearance had been filed 5 days before, only 4 days after the initial assignment to Judge Hoffman, and with no time to provide notice to Ridgeland of the *ex parte* hearing.

33. Stonedry committed yet another of its several frauds on Judge Carroll when it misrepresented that its attorney Mr. Wilson had found no case law showing that a successor

judge lacked power to sign a transcript he had not heard. In fact, Ridgeland had presented such case law in its filing of June 29, 2015 (Exs. 14, 15). After that filing Mr. Wilson in the following 6 months failed to correct that statement of "no case law" he had wrongly made to the court, didn't call Judge Carroll's attention to the cases supplied in the June 29 and November 29, 2015 filings, and the court accordingly didn't rule on the matter or declare Ridgeland's right to a trial, while Stonedry's motion for immediate entry of a tax deed order based on the transcript of the hearing before Judge Hoffman continued to pend from court date to date, with movants never having been heard. There pended with it the possibility that Judge Carroll, contrary to the ample authority that any such action would be a due process violation, might decide the case using the February 9 fraudulent transcript, thus denying Ridgeland's right to be heard at trial. (No trial had been scheduled in the 5 months between the June 29 completion of the briefing schedule on the matter and the December 1 "Settlement Agreement." Movants submitted additional authority on November 29, 2015 showing further that Stonedry's position was unlawful and violative of due process. By that time, no matter the law, Stonedry's assault on due process had succeeded and Ridgeland appeared to be facing an appeal from a judgment to be entered without its ever being heard.)

34. As noted, movants were still a year away from beginning to learn in 2016 that Schcolnik and "subagent" Wilson by law lacked agency authority, and Stonedry lacked capacity to use them as agents.

35. As of November 30, 2015, Stonedry's fraud and assault on the public policy expressed in the Tax Code had had the following results in the trial court:

a. Ridgeland had been clearly improperly denied its right to discovery;

b. it had been forced to withdraw its 2-619.1 motions because it couldn't conduct discovery, and had a first-time extension to permit a reply in support of its motion to dismiss improperly denied as well;

c. no decision had been made regarding the clear law requiring as a matter of due process that a successor judge hear evidence as opposed to signing a transcript of evidence heard *ex parte* by a predecessor judge; and

d. most important, the pretenders continued to act "for" Stonedry without authority, and to claim benefits from the accompanying acts of false personation, perjury and forgery.

**E. When the December 1, 2015 "Settlement Agreement" was entered into, movants were more than a year away from discovering that Schcolnik and Wilson were false pretenders to authority, and Stonedry itself a false pretender to capacity to act through Schcolnik.**

36. Ridgeland knew nothing of the scope of the fraud and criminal conduct the pretenders were carrying on in order to conclude the transaction. Thus Ridgeland didn't know that one of the functions of the settlement agreement was to disregard any issue of authority via the false personation, perjury and forgery which had already occurred, and could be repeated in other Stonedry transactions, as needed.

37. On **December 1, 2015**, the Ridgeland parties entered into what they, and apparently the court, thought was a "Settlement Agreement" with Stonedry. **(Ex. 18)** Ridgeland, et al. duly and properly executed the Agreement (under oath administered by Mr. Wilson) in their corporate and personal capacities. The Agreement, however, was falsely signed by Schcolnik who, after falsely swearing in court in the February 9, 2015 transcript that he was a member of Stonedry (which lie was elicited by his attorney, and remained uncorrected), Schcolnik continued on oath on December 1, 2015 to fraudulently misrepresent in the agreement that he was a member of Stonedry. Once again, Stonedry committed a fraud on the court, nowhere disclosing to the court

that Stonedry was not member-managed but manager-managed, nor that he lacked authority to act as its agent.

38. Movants, as of December 1, 2015 knew nothing of the fact that Schcolnik had lied to the court in the February 9, 2015 transcript, nor that he was continuing the same lie in the proposed settlement agreement, which he signed under oath in court as follows, and caused at that time to be presented to the court.

"Stonedry, LLC (Exh. 16, p. 6)
By: Andres Schcolnik
Title: Member"

39. By so signing, Schcolnik fraudulently misrepresented that he was a member of Stonedry LLC, and that it was a member-managed company which, as a member, he was authorized to bind to the agreement. Declaring that he was a member, under oath in court, in court documents and in the settlement agreement, could have had no other purpose than to mislead the court and the Ridgeland parties. It was in these circumstances that Ridgeland agreed to withdraw their defenses to Stonedry's Petition for Tax Deed.

40. On **December 1, 2015**, pursuant to the terms of the settlement agreement, (to which Stonedry was not a party because Schcolnik acted without authority), the court, believing as did Ridgeland that the settlement agreement bound the parties, entered three orders:

i. "AGREED ORDER", which provided, among other things, for Respondents' withdrawal of all objections to entry of an order directing the County Clerk to issue a tax deed for the subject property to Stonedry and for stay of the Order of Possession until April 1, 2015; **(Ex. 7)**

ii. Order Directing County Clerk to issue Tax Deed or Other Relief **(Ex. 8)**; (The deed was subsequently issued to Stonedry.)

iii. Agreed Order of Possession stayed until April 1, 2015. **(Ex. 9)**

**III. There were later acts of fraud, false personation, forgery and misrepresentation committed by the pretenders and "subagents."**

41. After the tax deed and related orders were procured as related above by fraud including false personation, forgery, perjury, and misrepresentation, there followed repeated other and separate misconduct in the form of acts which continue to this day to be done by the pretenders and "subagents" without authority. Those acts continue and extend the earlier acts detailed above, and are not repeated here.

WHEREFORE: For the reasons stated movants request that the court (1) declare void for lack of authority and capacity and vacate all acts and orders herein on behalf of Stonedry, LLC, including but not limited to the tax deed judgment and related acts and orders; (2) find that Stonedry, LLC Schcolnik and "subagents", committed and continue to commit fraud and other misconduct on the court and movants; and (3) order such other relief as the court finds proper.

Respectfully submitted,

By: ______________________
Barbara Revak

And

By: ______________________
Rufus Cook, *Pro se*

Law Office of Barbara Revak, Suite 102
Attorney No. 58121
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000
Rufus Cook, pro se
7411 S. Stony Island Ave, Suite 600
Chicago, IL 60649
Telephone No. (773) 752-2000

# EXHIBIT INDEX

# EXHIBITS

1. April 7, 2014 – Assignment of Certificate No. 135 0000 933 from Gammadock, LLC to Stonedry, LLC.

2. April 23, 2014 – "Take Notice" from Gammadock, LLC to Ridgeland, et al.

3. July 9, 2014 – Petition for Tax Deed.

4. January 22, 2015 – Application for an Order Directing the County Clerk to Issue a Tax Deed.

5. February 4, 2015 – Respondents' Appearance.

6. February 9, 2015 – Prove-up Report of Proceedings before Judge Margarita T. Kulys Hoffman.

7. February 24, 2015 Notice of Motion for Tax Deed before Judge Hoffman.

8. April 1, 2015 –Respondents' Combined Motion to Dismiss under 5/2-619.1

9. May 14, 2015 – Respondents' Motion to Extend Due Date to Reply re 2-619.1 Motion.

10. May 20, 2015 – Order Denying Motion to Extend Due Date re Motion to Dismiss and Denying Request for Discovery.

11. June 2, 2015 – Respondents' Motion Withdrawing 2-619.1 Motion

12. June 15, 2015 – Memorandum of Ridgeland, et al. "…regarding whether a successor judge may sign unsigned transcript of ex parte prove-up made before substituted Judge."

13. June 23, 2015 – Stonedry "Memorandum in Support of a Successor Judge's ability to sign an order directing County Clerk of Issue Tax Deed when an ex parte prove-up was conducted by prior Judge."

14. June 29, 2015 – Reply of Ridgeland, et al. "…regarding whether a successor Judge may sign unsigned transcript of ex parte prove-up made before substituted Judge."

15. November 30, 2015 – Ridgeland, et al's "Citation of Additional Authority".

16. December 1, 2015 – "Settlement Agreement" signed my By Andres Schcolnik as "Stonedry, LLC, member."

17. December 1, 2015 – "Agreed Order" withdrawing objections to the entry of the order directing county clerk to issue tax deed and for other relief.

18. December 1, 2015 – "Order Directing County Clerk to Issue Tax Deed and for Other Relief."

19. December 1, 2015 – "Agreed Order for Possession"

20. December 1, 2015 – Cover Sheet showing re-filing of February 9, 2015 Prove-up Transcript before Judge Hoffman.

21. Filed Dec. 2, 2016 but undated "Stonedry, LLC's Answers to Plaintiff's Interrogatories" in case no. 2016 L 005474 showing as answer 3 that Schcolnik not a member of Stonedry, but verified by Schcolnik individually and as a member.

22. Dec, 2, 2016 undated case no. 2016 L 005474 "Response to Plaintiff's Request for Production of Documents" showing at:

p. 5 – "Defendant's affidavit of Schcolnik that "…I am one of the members of Stonedry,, LLC", and verification of truth under penalties provided by law," both signed individually only.

p. 8 – item 8 declaring Stonedry is manager-managed by Gammadock LLC and S. Bronze, LLC.

p. 10 – 7/14 Amendment to Stonedry LLC Operating Agreement showing members are Gammadock, LLC and S. Bronze, LLC., not Schcolnik.

# EXHIBIT INDEX

# EX. 1

STATE OF ILLINOIS )
) SS CERTIFICATE NO. 13S-0000933
COUNTY OF C O O K )

CERTIFICATE OF PURCHASE
FOR GENERAL TAXES TWO OR MORE YEARS DELINQUENT,
PURSUANT TO SECTIONS 21-145 AND 21-260 OF THE ILLINOIS
PROPERTY TAX CODE

I, DAVID D. ORR , County Clerk in and for the County and State aforesaid, DO HEREBY CERTIFY THAT GAMMADOCK LLC did, on the day hereinafter set forth, purchase at public auction at the courthouse in Chicago, the property designated by the permanent real estate index number hereinafter set forth, situated in said County, said property being delinquent in the principal sum and for the tax years hereinafter set forth together with statutory penalties, interest and costs thereon, and paid as purchase money on said property the sum hereinafter set forth, such sum being the highest bid for cash received at the auction of such property pursuant to Sections 21-145 and 21-260 of the Illinois Property Tax Code.

VOLUME 262 PERMANENT INDEX NUMBER 20-25-131-004-0000

TAX YEARS DELINQUENT 09-11
TOTAL PRINCIPAL AMOUNT DUE 207,506.37 plus statutory penalties, interest and costs thereon.
DATE OF SALE 01-07-14 AMOUNT OF SUCCESSFUL BID 2,000.00

| | |
|---|---|
| STATUTORY TREASURER FEES | 190.00 |
| STATUTORY CLERK FEES | 30.00 |
| TOTAL | 2,220.00 |

The aforesaid purchaser having complied with the provisions of law applicable to such sales so as to be entitled to a certificate of purchase, on MARCH 14, 2014, the Circuit Court of Cook County entered an order confirming the sale of the aforesaid property.

If the aforesaid property is not redeemed in the manner and within the time provided by law, said purchaser, his heirs or assigns shall be entitled, upon application and compliance with the Illinois Property Tax Code, to receive a deed to said property; provided, that unless the holder of this certificate shall take out said deed and file the same for record within one year after the time for redemption expires, the said certificate or deed, and the sale on which it is based, shall, from and after the expiration of such one year, be absolutely null.

WITNESS my hand and the official seal at CHICAGO in said County this 19TH day of MARCH , A.D. 2014.

Ex. 1

countersigned:

Maria Pappas

EXHIBIT A

David D. Orr

County Treasurer and Ex-Officio Collector of Cook County

County Clerk of Cook County

STATE OF ILLINOIS )
) SS
COUNTY OF C O O K )

In consideration of the sum of Ten and no/100 DOLLARS, I do hereby sell, assign, transfer and set over to Stoneby LLC, his heirs, executors, administrators and assigns, the within CERTIFICATE OF PURCHASE, and all my right, title and interest in or to the real estate therein described, to have and to hold the same to himself, his heirs, executors, administrators and assigns, to his and their sole use, benefit and behoof forever.

Given under my hand and seal this 7th day of April, 2014 A.D.

Gammadoch, LLC by
[signature], Member

# EXHIBIT INDEX

# EX. 2

TAKE NOTICE

County of Cook
Date Premises Sold January 7, 2014
Certificate No. 13S-0000933
Sold for General Taxes of 2009-2011
Sold for Special Assessment of (Municipality) and
Special assessment number -- Not Applicable
Warrant No. -- Not Applicable Inst. No. -- Not Applicable

Co. Clk. Notices APR 23

THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES

Property location - 7411 South Stony Island Avenue, Chicago, Illinois

Permanent Index No. 20-25-131-004-0000

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on July 7, 2014.

This notice is also to advise you that a petition will be filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before July 7, 2014.

At the date of this notice the total amount which you must pay in order to redeem the above property is $281,196.45 plus any and all statutory penalties, interest and costs.

YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY

Redemption can be made at any time on or before July 7, 2014 by applying to the County Clerk of Cook County, Illinois at the County Court house in Chicago, Illinois.

The above amount is subject to increase at six month intervals from the date of sale. Check with the County Clerk as to the exact amount you owe before redeeming. Payment must be made by certified check, cashier's check, money order, or in cash..

FOR FUTHER INFORMATION CONTACT THE COUNTY CLERK.

Address: 118 North Clark Street, 4th Floor, Chicago, IL 60602
Telephone: (312) 603-5645

Gammadock, LLC
Purchaser or Assignee

Dated: April 23, 2014

Mail To: Rufus Cook Attorney
7411 S Stony Island
Chicago, IL 60649-3613

# 13S-9008

EXHIBIT C

Ex-2

# EXHIBIT INDEX

# EX. 3

Ct. date: January 28, 2014

STATE OF ILLINOIS )
)SS
COUNTY OF C O O K)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE APPLICATION OF THE COUNTY TREASURER OF COOK COUNTY, ILLINOIS GENERAL TAXES FOR THE YEARS 2009-2011

2014COTD002572
CALENDAR/ROOM S
TIME 00:00
Tax Deed

PETITION OF Stonedry, LLC FOR TAX DEED

PETITION FOR TAX DEED

NOW COMES Stonedry, LLC, Petitioner, by MICHAEL J. WILSON & ASSOCIATES, P.C., attorneys and says:

1. On January 7, 2014, Gammadock, LLC purchased the following described real estate: Permanent Index No. 20-25-131-004-0000 also known as:

SEE ATTACHED FOR LEGAL DESCRIPTION

Property located at: 7411 South Stony Island Avenue, Chicago, Illinois

at the tax sale held on said date by the County Treasurer of Cook County Illinois, which sale was held in accordance with the judgment of this court duly entered in such case made and provided.

2. That certificate of purchase No. 13S-0000933 was issued and delivered to Gammadock, LLC, which sold, assigned, and transferred said certificate to, Petitioner, which now owns said certificate. A copy of said certificate is attached hereto as an exhibit.

3. The said parcel of real estate has not been redeemed from said tax sale and the time for redemption will expire on January 8, 2015. All taxes and special assessments which become due and payable on said parcel of real estate subsequent to the date of said sale and prior to and including the date of filing this Petition will be redeemed. Prior to the entry of an Order Directing the County Clerk to Issue a tax deed, all other taxes and special assessments falling due on said parcel of real estate between the date of filing this Petition and the date of said order, if any, will be redeemed.

4. All notices required by law to be given will be given prior to the entry of an Order Directing the Issuance of a Tax Deed on said parcel of real estate and due proof will be made of the giving of such notice.

Ex. 3

LOTS 20 AND 21 IN BLOCK 14 IN PLATT'S SUBDIVISION OF LOTS 14 AND 16 OF CONRAD SEIPP'S SUBDIVISION OF THE WEST ½ OF THE NORTHWEST ¼ OF SECTION 25, TOWNSHIP 38 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

5. Upon compliance with all the provisions of law relating thereto, Petitioner will be entitled to the entry of an Order Directing the County Clerk to Issue a Tax Deed conveying the said parcel of real estate to Petitioner unless redemption is made at the time and in the manner provided by law.

WHEREFORE, PETITIONER PRAYS as follows:

(a) That the court may enter an Order Directing the County Clerk to Issue a Tax Deed conveying the above described parcel of real estate to Petitioner in the event said parcel of real estate is not redeemed within the time and in the manner provided by law.

(b) That the court may issue an Order for Possession to put the Petitioner as grantee of said tax deed in possession of said parcel of real estate.

(c) That the court may enter such orders as may be necessary or desirable to maintain Petitioner as grantee of said tax deed in possession of said parcel of real estate.

Stonedry, LLC
Petitioner

By: ______________________
Michael J. Wilson, its attorney

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson – 27787
Attorneys for Petitioner
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
(312) 781-9510

# 13S-9008

STATE OF ILLINOIS )
) SS. CERTIFICATE NO. 13S-0000933
COUNTY OF C O O K )

CERTIFICATE OF PURCHASE
FOR GENERAL TAXES TWO OR MORE YEARS DELINQUENT,
PURSUANT TO SECTIONS 21-145 AND 21-260 OF THE ILLINOIS
PROPERTY TAX CODE

I, DAVID D. ORR , County Clerk in and for the County and State aforesaid, DO HEREBY CERTIFY THAT GAMMADOCK LLC did, on the day hereinafter set forth, purchase at public auction, at the courthouse in Chicago, the property designated by the permanent real estate index number hereinafter set forth, situated in said County, said property being delinquent in the principal sum and for the tax years hereinafter set forth together with statutory penalties, interest and costs thereon, and paid as purchase money on said property the sum hereinafter set forth, such sum being the highest bid for cash received at the auction of such property pursuant to Sections 21-145 and 21-260 of the Illinois Property Tax Code.

VOLUME 262 PERMANENT INDEX NUMBER 20-25-131-004-0000

TAX YEARS DELINQUENT 09-11
TOTAL PRINCIPAL AMOUNT DUE 207,506.37 plus statutory penalties, interest and costs thereon.
DATE OF SALE 01-07-14 AMOUNT OF SUCCESSFUL BID 2,000.00

STATUTORY TREASURER FEES 190.00
STATUTORY CLERK FEES 30.00
TOTAL 2,220.00

The aforesaid purchaser having complied with the provisions of law applicable to such sales so as to be entitled to a certificate of purchase, on MARCH 14, 2014, the Circuit Court of Cook County entered an order confirming the sale of the aforesaid property.

If the aforesaid property is not redeemed in the manner and within the time provided by law, said purchaser, his heirs or assigns shall be entitled, upon application and compliance with the Illinois Property Tax Code, to receive a deed to said property; provided, that unless the holder of this certificate shall take out said deed and file the same for record within one year after the time for redemption expires, the said certificate or deed, and the sale on which it is based, shall, from and after the expiration of such one year, be absolutely null.

WITNESS my hand and the official seal at CHICAGO in said County this 19TH day of MARCH , A.D. 2014.

countersigned:

Maria Pappas

David D. Orr

County Treasurer and Ex-Officio Collector of Cook County

County Clerk of Cook County

Ct. date: January 28, 2015

FILED
2014 JUL -9
DOROTHY
CLERK OF CIR
COUNTY O

STATE OF ILLINOIS )
)SS
COUNTY OF C O O K)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE APPLICATION OF THE COUNTY TREASURER OF COOK COUNTY, ILLINOIS GENERAL TAXES FOR THE YEARS 2009-2011 )

PETITION OF Stonedry, LLC FOR TAX DEED

2014COTD002392
CALENDAR/ROOM 8
TIME 00:00
Tax Deed

PETITION FOR TAX DEED

NOW COMES Stonedry, LLC, Petitioner, by MICHAEL J. WILSON & ASSOCIATES, P.C., attorneys and says:

1. On January 7, 2014, Gammadock, LLC purchased the following described real estate: Permanent Index No. 20-25-131-004-0000 also known as:

SEE ATTACHED FOR LEGAL DESCRIPTION

Property located at: 7411 South Stony Island Avenue, Chicago, Illinois

at the tax sale held on said date by the County Treasurer of Cook County Illinois, which sale was held in accordance with the judgment of this court duly entered in such case made and provided.

2. That certificate of purchase No. 13S-0000933 was issued and delivered to Gammadock, LLC, which sold, assigned, and transferred said certificate to, Petitioner, which now owns said certificate. A copy of said certificate is attached hereto as an exhibit.

3. The said parcel of real estate has not been redeemed from said tax sale and the time for redemption will expire on January 8, 2015. All taxes and special assessments which become due and payable on said parcel of real estate subsequent to the date of said sale and prior to and including the date of filing this Petition will be redeemed. Prior to the entry of an Order Directing the County Clerk to Issue a tax deed, all other taxes and special assessments falling due on said parcel of real estate between the date of filing this Petition and the date of said order, if any, will be redeemed.

4. All notices required by law to be given will be given prior to the entry of an Order Directing the Issuance of a Tax Deed on said parcel of real estate and due proof will be made of the giving of such notice.

5. Upon compliance with all the provisions of law relating thereto, Petitioner will be entitled to the entry of an Order Directing the County Clerk to Issue a Tax Deed conveying the said parcel of real estate to Petitioner unless redemption is made at the time and in the manner provided by law.

WHEREFORE, PETITIONER PRAYS as follows:

(a) That the court may enter an Order Directing the County Clerk to Issue a Tax Deed conveying the above described parcel of real estate to Petitioner in the event said parcel of real estate is not redeemed within the time and in the manner provided by law.

(b) That the court may issue an Order for Possession to put the Petitioner as grantee of said tax deed in possession of said parcel of real estate.

(c) That the court may enter such orders as may be necessary or desirable to maintain Petitioner as grantee of said tax deed in possession of said parcel of real estate.

Stonedry, LLC
Petitioner

By: ______________________
Michael J. Wilson, its attorney

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson – 27787
Attorneys for Petitioner
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
(312) 781-9510

# 13S-9008

STATE OF ILLINOIS )
) SS CERTIFICATE NO. 13S-0000933
COUNTY OF C O O K )

CERTIFICATE OF PURCHASE
FOR GENERAL TAXES TWO OR MORE YEARS DELINQUENT,
PURSUANT TO SECTIONS 21-145 AND 21-260 OF THE ILLINOIS
PROPERTY TAX CODE

I, DAVID D. ORR , County Clerk in and for the County and State aforesaid, DO HEREBY CERTIFY THAT GAMMADOCK LLC did, on the day hereinafter set forth, purchase at public auction, at the courthouse in Chicago, the property designated by the permanent real estate index number hereinafter set forth, situated in said County, said property being delinquent in the principal sum and for the tax years hereinafter set forth together with statutory penalties, interest and costs thereon, and paid as purchase money on said property the sum hereinafter set forth, such sum being the highest bid for cash received at the auction of such property pursuant to Sections 21-145 and 21-260 of the Illinois Property Tax Code.

VOLUME 262 PERMANENT INDEX NUMBER 20-25-131-004-0000

TAX YEARS DELINQUENT 09-11
TOTAL PRINCIPAL AMOUNT DUE 207,506.37 plus statutory penalties, interest and costs thereon.
DATE OF SALE 01-07-14 AMOUNT OF SUCCESSFUL BID 2,000.00

STATUTORY TREASURER FEES 190.00
STATUTORY CLERK FEES 30.00
TOTAL 2,220.00

The aforesaid purchaser having complied with the provisions of law applicable to such sales so as to be entitled to a certificate of purchase, on MARCH 14, 2014, the Circuit Court of Cook County entered an order confirming the sale of the aforesaid property.

If the aforesaid property is not redeemed in the manner and within the time provided by law, said purchaser, his heirs or assigns shall be entitled, upon application and compliance with the Illinois Property Tax Code, to receive a deed to said property; provided, that unless the holder of this certificate shall take out said deed and file the same for record within one year after the time for redemption expires, the said certificate or deed, and the sale on which it is based, shall, from and after the expiration of such one year, be absolutely null.

WITNESS my hand and the official seal at CHICAGO in said County this 19TH day of MARCH , A.D. 2014.

countersigned:

Maria Pappas

David D. Orr

County Treasurer and Ex-Officio Collector of Cook County

County Clerk of Cook County

# EXHIBIT INDEX

# EX. 4

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF APPLICATION, ETC. | ) | Court Date: January 28, 2015 |
| | ) | |
| | ) | CASE NO. 2014COTD002392 |
| PETITION OF Stonedry, LLC | ) | |
| FOR TAX DEED | ) | |

**APPLICATION FOR AN ORDER DIRECTING THE COUNTY CLERK TO ISSUE A TAX DEED**

Now comes Stonedry, LLC, (hereinafter referred to as "Petitioner"), by Michael J. Wilson its attorney, and applies for an Order Directing County Clerk to Issue Tax Deed and for other relief. In support thereof, Petitioner states as follows:

1. Date of Tax Sale: January 7, 2014

2. Taxes Purchased: Annual Tax Sale, Years Purchased N/A

   Scavenger Tax Sale, Years Purchased 2009-2011

   Forfeiture Tax Sale, Years Purchased N/A

   Special Assessment Sold, N/A (Municipality, Warrant, Install.)

3. Name of Purchaser: Gammadock, LLC

   Certificate of Purchase has been assigned as follows: Stonedry, LLC

4. Certificate of Purchase Number: 13S-0000933

   A copy of the certificate is attached as Exhibit "A".

5. Permanent (Property) Index Number: 20-25-131-004-0000

6. Property Located at: 7411 South Stony Island Avenue, Chicago, Illinois

7. Petition for Tax Deed filed on: July 9, 2014

   Amended Petition for Tax Deed filed on: N/A

8. The original period of redemption expired on: July 7, 2014.

   The period of redemption was extended. The period of redemption, as extended, expired on January 8, 2015.

   Copies of all extensions of the period of redemption are attached hereto as Group Exhibit "B".

2015 JAN 22 AM 11: 34
DOROTHY BROWN
FILED

MK

Ex. 4

9. The name and address of the party in whose name the taxes were last assessed as shown by the most recent tax collector's warrant books on the date the notice required by 35 ILCS 200/22-5 was Rufus Cook Attorney, 7411 S Stony Island, Chicago, IL 60649-3613. The Notice required by said Section of the Property Tax Code was delivered to the County Clerk for mailing on April 23, 2014. A copy of said Notice is attached hereto as Exhibit "C"

10. The parties who are owners, occupants and parties interested in the subject property are as follows:

Rufus Cook Attorney; The Ridgeland Corporation; City of Chicago; Cook & Revak; Rufus L. Cook; Barbara J. Revak; Occupant; The 7411 Corp.; Cook County Clerk

A copy of the evidence of search of public records is attached hereto as Exhibit "D".

11. The Sheriff's Notice required by 35 ILCS 200/22-10 is attached hereto as Exhibit "E". The Sheriff's returns of service indicate the following:

| Name of Party | Address of Service | Manner and Date of Serv |
|---|---|---|
| Cook County Clerk | 69 West Washington<br>Chicago, IL 60602 | Corporation<br>On July 14, 2014 |
| City of Chicago | Serve-City Clerk<br>121 North LaSalle Street<br>Chicago, IL 60602 | Corporation<br>On July 14, 2014 |
| Rufus Cook Attorney | 7411 South Stony Island Avenue<br>Chicago, IL 60649 | Not Served (called phone nu<br>listed-female refused name-<br>building is vacant)<br>On August 23, 2014//<br>Certified Mail (signed for<br>Barbara Revak)<br>Delivered on August 29, 2<br>(per United States Postal Se<br>Website) |

| Name of Party | Address of Service | Manner and Date of Ser |
|---|---|---|
| Barbara J. Revak | 7411 South Stony Island Avenue Chicago, IL 60649 | Not Served (called phone n listed-female refused name building is vacant) On August 23, 2014/ Certified Mail (signed fo Barbara Revak) Delivered on August 29, (per United States Postal S Website) |
| Occupant | 7411 South Stony Island AvenueChicago, IL 60649 | Not Served (called phone n listed-female refused name building is vacant) On August 23, 2014/ Certified Mail (signed fo Barbara Revak) Delivered on August 29, (per United States Postal S Website) |
| The 7411 Corp. | 7411 South Stony Island Avenue Chicago, IL 60649 | Not Served (called phone n listed-female refused name building is vacant) On August 23, 2014// Certified Mail (~~return card n from court file~~) Delivered on August 29, (per United States Postal S Website) |

12. The Clerk's Notice required by 35 ILCS 200/22-25 was placed with the Clerk of the Circuit Court of Cook County . A copy of said notice is attached hereto as Exhibit "F".

13. The Publication Notice required by 35 ILCS 200-22-20 was published in the Chicago Daily Law Bulletin, a newspaper in Cook County, Illinois on July 21, 2014; July 22, 2014; and July 23, 2014. A copy of the Certificate of Publication is attached hereto as Exhibit "G".

STATE OF ILLINOIS )
) ss
COUNTY OF COOK )

NOTICE EXTENDING PERIOD OF REDEMPTION

VOLUME: 262

PERMANENT INDEX NUMBER: 20-25-131-004-0000

YEARS SOLD: 2009-2011 2013 Scavenger Tax Sale

DATE OF SALE: January 7, 2014

CERTIFICATE OF SALE NO.: 13S-0000933

EXTENDED REDEMPTION DATE: November 14, 2014

To: COUNTY CLERK OF COOK COUNTY, ILLINOIS

MICHAEL J. WILSON states that:

1. The undersigned is the attorney for the owner and holder of the Certificate of Sale for the Tax Sale above mentioned covering the above stated Volume and Permanent Index Number.

2. The undersigned further states that the owner and holder of said Certificate of Sale does hereby extend the time of redemption to and including the date indicated above in accordance with the provisions of the Property Tax Code of 1993, as amended.

[signature]
MICHAEL J. WILSON & ASSOCIATES, P.C.
Attorneys for Purchaser/Assignee
309 West Washington, Suite 1200
Chicago, Illinois 60606
312 – 781-9510

This notice was served upon the County Clerk of Cook County on

5/15/14

# 13S-9008

EXHIBIT B

RECEIVED BY COOK CO. CLERK'S OFFICE
MAY 15 2014
DAVID ORR
TAX REDEMPTION



Thomson Abstract
COMPANY

309 West Washington Street
Chicago, IL 60606
info@thomsonabstract.com
312.223.0605

## Tract Search Report

ared for:

chael J. Wilson & Associates, P.C.
9 West Washington Street
icago, IL 60606

Order ID: 14-6237
Effective Date: 5/13/2014

*Re: 20-25-131-004-0000/Stonedry, LLC/13S-9008*

ds:

1) **Deed Type:** Deed

| | |
|---|---|
| **Document No:** | 0525839106 |
| **Grantor:** | Cook County Clerk |
| **Grantee:** | Sarah Ayers |
| **Date:** | 9/15/2005 |
| **Recorded:** | 9/15/2005 |

2) **Deed Type:** Quit Claim Deed

| | |
|---|---|
| **Document No:** | 0631022028 |
| **Grantor:** | Sarah Ayers |
| **Grantee:** | The Ridgeland Corporation |
| **Date:** | 10/18/2005 |
| **Recorded:** | 11/6/2006 |

**Based on the above information, the title appears to be held by The Ridgeland Corporation.**

**Encumbrances:**

1) **Litigation**

| | |
|---|---|
| **File Date:** | 1/17/2007 |
| **Case No.:** | (case number not shown) |
| **Plaintiff:** | W.F.T. Trust |
| **Defendant:** | United Legal Foundation, et al |
| **Lis Pendens:** | Document No. 0701734061 recorded 1/17/2007 |

EXHIBIT D

P.I.N: 20-25-131-004-0000

Current Tax Year: 2013

First Installment: Amount: $44,652.35
Status: Paid

Second Installment: Amount: $0.00
Status: Not Billed

Taxes for the year 2012 are delinquent in the amount of $96,388.19, subject to the 2012 annual tax sale.

Previous Year's Taxes

Year: 1993 Forfeited
Amount: $4,702.78

Previous Year's Taxes

Year: 1994 Forfeited
Amount: $4,558.91

Previous Year's Taxes

Year: 1995 Forfeited
Amount: $4,622.22

**Previous Year's Taxes**

| | | | |
|---|---|---|---|
| Year: | 2013 | Original Tax Buyer Purchase | |
| Amount: | $2,220.00 | Sale Type: | Scavenger |
| | | Date of Sale: | 1/7/2014 |
| | | Purchaser: | Gammadock, LLC |
| | | Sale Status: | Complete |

**Property Description:**

**P.I.N.:** 20-25-131-004-0000

**Commonly known as:** Chicago, IL

**Legal Description:**

**Please see attached documents for legal description.**

**Terms and Conditions:**

Thomson Abstract Company has prepared this search based upon its research of the public records. Search requests processed by Thomson Abstract Company are made on behalf and solely for the benefit of the applicant of said search request and shall not be resold or redistributed to third parties.

The Tract Index Search is based upon searches of the public records. Recorded documents which do not contain a legal description or a permanent index number, including deeds or mortgages, are not posted to the public records and will not be disclosed by this search. Requests based on a common street address will be reconciled with legal description and permanent index number as they appear on recorded deeds and mortgages only.

THOMSON ABSTRACT COMPANY RESERVES THE RIGHT TO NOT PROCESS A SEARCH BASED ON ITS COMPLEXITY.

The Judgment and Miscellaneous search is based on a search of public records. The spelling of the names searched will be as furnished by applicant of said search or as disclosed on a Tract Index Search if requested. If a Tract Index Search is requested in conjunction with the Judgment and Miscellaneous search, only the name of the grantee(s) contained in the last deed of conveyance will be searched if a specific name to be searched is not furnished. This search does not show Judgments unless a transcript, certified copy, or Memorandum of Judgment has been filed in the Recorder of Deeds office in the county that the search request has been made. No search has been made of the index in the District Office of the Internal Revenue Service. Only those matters filed in the office in the county that the search request has been made will be disclosed.

The Real Estate Tax Search is based on a search of the county tax records or information obtained from the county tax records and compiled by Thomson Abstract Company. Information provided is based on the availability of said information from the various county governments.

This search is not a Title Insurance Policy, Guarantee, or Opinion of Title and should not be relied upon as such. Thomson Abstract Company does not analyze instruments for legal sufficiency. Instruments are posted to the tract or name indices and reported by searchers based on the characterization of the instrument by its preparer.

All search products are uninsured and offer no liability coverage or errors and omissions coverage.

Search fees shall be payable within 30 days upon receipt of the search products. Search requests will not be processed if fees for previous search products are unpaid and delinquent.

U.S. Fair Credit Reporting Act statement:

This search is furnished by Thomson Abstract Company for the purposes of providing information relative to the record ownership of the subject property and without regard to the credit worthiness of the particular parties who have owned or possessed the land during the search period.



To: Rufus Cook Attorney; The Ridgeland Corporation; City of Chicago; Cook & Revak; Rufus L. Cook; Barbara J. Revak; Occupant; The 7411 Corp.; occupants or persons in actual possession of real estate hereinafter described; County Clerk of Cook County, Illinois; unknown owners and parties interested in said real estate.

TAX DEED NO. 2014COTD002392 Filed July 9, 2014

TAKE NOTICE

County of Cook
Date Premises Sold January 7, 2014
Certificate No. 13S-0000933
Sold for General Taxes of 2009-2011
Sold for Special Assessment of (Municipality) and
Special assessment number (Not Applicable)
Warrant No. (Not Applicable) Inst. No. (Not Applicable)

THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES

Property located at: 7411 South Stony Island Avenue, Chicago, Illinois
Property Index No. 20-25-131-004-0000

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on January 8, 2015.

The amount to redeem is subject to increase at 6-month intervals from the date of sale and may be further increased if the purchaser at the tax sale or his or her assignee pays any subsequently accruing taxes or special assessments to redeem the property from subsequent forfeitures or tax sales. Check with the County Clerk as to the exact amount you owe before redeeming.

This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before January 8, 2015.

This matter is set for hearing in the Circuit Court of Cook County, in Courtroom 1704, Richard J. Daley Center, 50 West Washington, Chicago, Illinois, 60602 on January 28, 2015 at 9:30 a.m.

You may be present at this hearing but your right to redeem will already have expired at that time.

**YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY**

Redemption can be made at any time on or before January 8, 2015 by applying to the County Clerk of Cook County, Illinois at the County Court House in Chicago, Illinois.

For further information contact the County Clerk
Address: 118 North Clark Street, 4th Floor, Chicago, IL 60602
Telephone: (312) 603-5645

Stonedry, LLC

MICHAEL J. WILSON & ASSOCIATES
Michael J. Wilson
Attorneys at Law
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
312-781-9510

Purchaser or Assignee
Dated July 9, 2014

#13S-9008

EXHIBIT E

# C .TIFICATE OF PUBLICATION

Case No. 2014COTD002392

20-25-131-004-0000

LAW BULLETIN PUBLISHING CO.

does hereby certify that it is the publisher of

CHICAGO DAILY LAW BULLETIN

that said **CHICAGO DAILY LAW BULLETIN** is a secular newspaper that has been published **DAILY** in the City of Chicago, County of Cook, State of Illinois, continuously for more than one year prior to the first date of publication of the notice, appended, that it is of general circulation throughout said County and State, that it is a newspaper as defined in "An Act to revise the law in relation to notices," as amended, Illinois Compiled Statutes (715 ILCS 5/1 & 5/5), and that the notice appended was published in the said **CHICAGO DAILY LAW BULLETIN** on Jul 21, 22, 23, 2014

In witness thereof, the undersigned has caused this certificate to be signed and its corporate seal affixed at Chicago, Illinois.

JULY 23, 2014

LAW BULLETIN PUBLISHING CO.

By. 

I 6 1 7 4 7 1

To: Rufus Cook Attorney; The Ridgeland Corporation; City of Chicago; Cook & Revak; Rufus L. Cook; Barbara J. Revak; Occupant; The 7411 Corp.; occupants or persons in actual possession of real estate hereinafter described; County Clerk of Cook County, Illinois; unknown owners and parties interested in said real estate. TAX DEED NO. 2014COTD002392Filed July 9, 2014

TAKE NOTICE

County of Cook

Date Premises Sold January 7, 2014

Certificate No. 139-0000933

Sold for General Taxes of 2009-2011

Sold for Special Assessment of (Municipality) and

Special assessment number (Not Applicable)

Warrant No. (Not Applicable) Inst. No. (Not Applicable)

THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES

Property located at:7411 South Stony Island Avenue, Chicago, Illinois

Property Index No. 20-25-131-004-0000

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on January 8, 2015.

The amount to redeem is subject to increase at 6-month intervals from the date of sale and may be further increased if the purchaser at the tax sale or his or her assignee pays any subsequently accruing taxes or special assessments to redeem the property from subsequent forfeitures or tax sales. Check with the County Clerk as to the exact amount you owe before redeeming.

This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before January 8, 2015.

This matter is set for hearing in the Circuit Court of Cook County, in Courtroom 1704, Richard J. Daley Center, 50 West Washington, Chicago, Illinois, 60602 on January 28, 2015 at 9:30 a.m.

You may be present at this hearing but your right to redeem will already have expired at that time.

YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY

Redemption can be made at any time on or before January 8, 2015 by applying to the County Clerk of Cook County, Illinois at the County Court House in Chicago, Illinois.

For further information contact the County Clerk

Address: 118 North Clark Street, 4th Floor, Chicago, IL 60602

Telephone: (312) 603-5645

Stonedry, LLC

Purchaser or Assignee

Dated July 9, 2014

I617471

Jul 21, 22, 23, 2014

EXHIBIT G

9

# EXHIBIT INDEX

# EX. 5

Appearance (07/12/13) CCCO 0205

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE PETITION OF:
Stonedry, LLC
Petitioner

Respondent

No. 2014 COTD 002392

Calendar

2015 FEB -4 PM 5:36
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
COUNTY DIVISION

## APPEARANCE

I. ☐ BY COUNSEL

I HEREBY ENTER THE APPEARANCE
of The Ridgeland Corp., Cook, Revak & Associates Ltd. Rufus Cook, pro se, Barbara J. Revak, The 7411 Corp., and 7411 Services Corp.
(Insert party's name)

AND MY OWN AS

☐ Initial Counsel of Record
☐ Substitute Counsel - (Petitioner)
☐ Substitute Counsel - (Respondent)
☐ Additional Counsel - (Petitioner)
☐ Additional Counsel - (Respondent)
☐ Rule 707 Out-of-State Counsel (pro hac vice)
☐ Other ______ (Specify)

IN THE ABOVE MATTER.

Barbara Revak [signature]
Attorney's Signature

II. ☐ PRO SE

I, Rufus Cook, HEREBY ENTER MY APPEARANCE IN THE ABOVE MATTER.

[signature]
Respondent's Signature

III. A copy of this document must be served on all parties not been found by the Court to be in default either by personal service or by U.S. Mail, properly addressed, with first class postage prepaid. Service by mail is complete four (4) days after mailing.

If by Attorney:
Name: Bruce L. Cook, Barbara Revak
Address: 7411 S. Stony Island
City/State/Zip Code: Chicago, IL 60649
Telephone: (773) 752 - 2000
Attorney Code Number: 39081, 58121
Email address: cook-revak@ameritech.net, blcook@loblc.com

If Pro Se:
Name: Rufus Cook
Address: 7411 S. Stony Island
City/State/Zip Code: Chicago, IL 60649
Telephone: (773) 752-2000
Pro Se Number: 99500
Email address: cook-revak@ameritech.net

Ex. 6

# EXHIBIT INDEX

# EX. 6

ORIGINAL COPY

STATE OF ILLINOIS )
) SS:
COUNTY OF C O O K )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - COUNTY DIVISION

IN THE MATTER OF THE APPLICATION )
OF THE COUNTRY TREASURER AND )
EX-OFFICIO COUNTY COLLECTOR OF )
COOK COUNTY, ILLINOIS, FOR ) No. 14 CoTD 2392
JUDGMENT AND ORDER OF SALE AGAINST)
LANDS AND LOTS UPON WHICH ALL OR )
A PART OF THE GENERAL TAXES FOR )
TWO OR MORE YEARS ARE DELINQUENT )
PURSUANT TO THE PROPERTY TAX CODE.)
)
STONEDRY, LLC, )
Petitioner. )

REPORT OF PROCEEDINGS at the hearing of the above-entitled case, before the Honorable MARGARITA T. KULYS HOFFMAN, Judge of said Court, on the ~~0th~~ 9th day of February, 2015, at the hour of 9:30 o'clock a.m.

PRESENT:

MICHAEL J. WILSON,
on behalf of the Petitioner.

Reported By: Analisa McDermott, CSR, RPR, CRR
License No.: 084-003620

Ex. 6

MR. WILSON: Michael Wilson on behalf of the Petitioner. Your Honor, I do have a witness present in court who's previously been sworn. I would ask that the record reflect that he is still considered under oath.

THE COURT: You are still under oath, sir.

THE WITNESS: Yes.

MR. WILSON: Thank you. Your Honor, this cause comes on to be heard upon the petition of Stonedry, LLC, for tax deed regarding property known by Permanent Index No. 20-25-131-004-0000 which was sold at the 2013 Scavenger sale on January 7th of 2014 for the delinquent 2009 through 2011 general real estate taxes to Gammadock, LLC.

Certificate No. 13S-0000933 was issued to Gammadock LLC, as evidence of said sale, and that certificate was sold, assigned, and transferred to Stonedry, LLC, on April 7th, 2014.

Your Honor, this morning we do not have the original Certificate of Purchase in court. For purposes of today's prove-up, we would request that the copy of the Certificate of Purchase which is attached to our Petition for Tax Deed be admitted into evidence as Petitioner's Exhibit No. 1 and

that we be given leave to present the Court with the original and a double-sided photocopy at the time that we present all necessary supplemental documentation in this case.

THE COURT: All right. That's granted.

MR. WILSON: Thank you. Your Honor, to the best of our knowledge, there are no minors, incompetents, or decedents' estates involved in the subject property.

The period of redemption was extended on two occasions. On May 15th of 2014, the period of redemption was extended to November 14th of 2014, and on July 9th of 2014, the period of redemption was extended to January 8th of 2015 which was the ultimate expiration of the period of redemption.

At this time I do present the original notices extending the period of redemption to the Court and ask for leave to withdraw same and substitute the copies which are attached to the application as Exhibit B.

THE COURT: That's granted.

MR. WILSON: Thank you. Subsequent to January 8th of 2015, we did check the 2013 Scavenger judgment and sale records and determined

there had been no redemption from the tax sale.

Pursuant to Section 22-5 of the Property Tax Code, notice was lodged with the Cook County Clerk's Office on April 23rd of 2014. I present the original 22-5 take notice bearing the County Clerk's green stamp to the Court and ask for leave to withdraw same and substitute the copy which is attached to the application as Exhibit C.

THE COURT: That's granted.

MR. WILSON: Thank you. Your Honor, at this time I would call my witness.

ANDRES SCHCOLNIK,

called as a witness on behalf of the Petitioner herein, having first been duly sworn on oath, was examined and testified as follows:

DIRECT EXAMINATION

BY MR. WILSON:

Q. Sir, could you please state your full name and address for the record?

A. Andres Schcolnik. I live at 2035 West Giddings Street in Chicago.

Q. What is your affiliation with the Petitioner, Stonedry, LLC?

A. I'm a member.

Q. And are you familiar with the property which is the subject of this proceeding?

A. I am.

Q. Did you inspect that property during the notice-serving period which extended from July 9th of 2014 through and including October 8th of 2014?

A. I did.

Q. And do you remember the date that you --

A. The 24th of July 2014 is when I inspected it.

Q. Did you locate the subject property by use of a Sidwell map and measuring wheel?

A. I did.

Q. And is the subject property located at 7411 South Stony Island Avenue in Chicago, Illinois?

A. It is.

Q. At the time of your inspection, was there any improvement located on the subject property?

A. There is.

Q. What type of improvement?

A. This is a mid-rise stone and brick building, probably seven stories high. It's hard to tell because the size of the stories is not the

typical height, but it's probably seven stories.

It occupies the complete parcel from boundary to boundary. It has two doors in the front. There are a total -- I could see a total of three signs on the property. There's one posted on the southern wall of the property that reads managed by 7411 Corp. at the address of 7411 South Stony Island, Chicago 60649 with a telephone number of (773) 752-2000.

There are signs posted in either -- in both of the two doors. One advertises loft office space for rent, same phone number, same address, and then there's a smaller sign on the other door that says, for access, call -- and it says that number. I could go on with a description.

THE COURT: So is it a commercial building or mixed use?

THE WITNESS: The ground floor is an office. From a previous visit, I believe it's a law office. And the top floor, from my understanding from talking to a neighbor, is a warehouse.

THE COURT: And in between?

THE WITNESS: No, nothing in between. So first

floor, office, and then all warehouse. I have not been inside.

BY MR. WILSON:

Q. Were you able to determine whether it was occupied?

A. Yes because the couple of times that I rang the bell, I saw people coming in. I actually talked to what seemed to be a secretary, a woman, African American in her 40s.

Q. Did you inquire with her as to occupants or any information regarding the subject property?

A. In one of my visits, somebody did give me a business card that said law firm. I do remember that. So it was clearly occupied -- at least a portion of it on the ground floor.

Q. And did you speak to any neighbors or have any other information regarding the property?

A. I spoke to the -- what seemed to be the owner of the -- or the manager of the property to the south side -- not immediately adjacent because a vacant lot separates them -- and the vacant lot seems to be part of the property in question.

But I talked to the manager or the owner of the mechanic shop. It's a Midas, I believe,

shop -- let me look at my notes -- yes, Midas Auto. I spoke with Bob Rich, manager of the Midas Auto Service, and he did mention the name of a Rufus Cook who owned that property.

He said that the inside of the building has elevators to lift semi-trucks to the higher floors. That's all that he said. I did not verify or contest any of what he said.

Q. Do you have any other information from your inspection report or from your trips to the subject property that you would like to share with the Court?

A. In the back, there are two large doors, metal doors, the ones that open -- roll-up doors, I believe they're called. They've got to be at least 11 feet tall, as if heavy equipment or large equipment went out there. There's two of those in the back on the alley side. That's really all the comments that I have.

Q. And one other question that I have for you. When you say that you rang the bell, was that -- did you call the number that was posted for access; is that what you meant by ringing the bell, or is there an actual bell there to ring?

A. No, I did both. I either rang the bell or knocked on the door -- I can't remember -- but I did communicate with somebody. And I also called that number and did not get a response.

MR. WILSON: Your Honor, I do not have any further questions for my witness at this time.

THE COURT: Thank you.

MR. WILSON: Your Honor, attached to the application as Exhibit D is a tract search report from Thompson Abstract Company which indicates that the owner of the property is The Ridgeland Corporation. That is the only other matter that is on here that --

THE COURT: Who is Rufus Cook; the registered agent?

MR. WILSON: Rufus Cook is -- I'll get into Rufus Cook in a second. There was a -- some litigation that -- WFT Trust versus United Legal Foundation, et al., which the tract search indicates. The case number was not shown.

I was able to find that through my own search through the Clerk of the Court and that case was dismissed so it's not -- you know, there's nothing relevant in regard to that. And then there

was -- the city of Chicago has an administrative judgment against the subject property.

Rufus Cook is the -- Rufus Cook, attorney, is the tax assessee. He's also the registered agent and president and secretary of The Ridgeland Corporation. Mr. Cook is a -- or was an Illinois licensed attorney. He lost his license in the last -- I believe it's the last year due to discipline through the ARDC.

I have litigated tax deed cases with Mr. Cook in the past. I know him rather well, and I have a friendly relationship with him. I called him in regard to this matter and another matter when we were doing diligence and I spoke to him and I, you know, asked for addresses, which he wouldn't give me. You know, he wouldn't confirm where he was located.

And I asked him what he was going to do in regard to these matters, and he said he didn't know what he was going to do. His law partner is -- and I have been told, though I don't know this personally -- is his wife, that she is -- his wife is Barbara Revak, but she is his partner -- or was. I don't think they could be partners any

longer.

She is an Illinois licensed attorney. I looked this morning. She is still license-active, but there is a case pending with her at the ARDC. I don't know what it's about. I didn't have an opportunity to inquire. But there is an active case.

When we were doing our diligence, The Ridgeland Corporation was not in good standing. That doesn't mean it's dissolved. It just means that they haven't paid and they haven't been involuntarily dissolved yet. And they're active so they must have paid their fees.

THE COURT: And he still is the registered agent?

MR. WILSON: He still -- actually I have a printout from this morning from the Secretary of State's office. He's still the registered agent at 7330 West Ridgeland. He's still the president and secretary at the same address.

The reason -- because they were not in good standing, we also attempted service on The Ridgeland Corporation in care of the Illinois Secretary of State. That's the reason we did that

at that time.

In regard to occupants of the subject property, knowing that Cook & Revak was the partnership that they had before, we attempted service on them. I attempted service on Rufus L. Cook, service on Barbara J. Revak, the generic occupant, and The 7411 Corp.

Obviously we weren't able to get any other information regarding potential occupants. Mr. Schcolnik testified in regard to that -- as to what efforts he made in order to determine the occupants.

The -- as a result of the diligence in this case, the inspection of the property, and the tract search, notices were lodged with the Sheriff of Cook County for service upon the parties that I've indicated to the Court. A copy of that notice is attached to the application as Exhibit E.

The original Sheriff returns are part of the court file. The results of those Sheriff returns are set forth in Paragraph 11 of the application and indicate that -- does your Honor have the court file present?

THE COURT: I do.

MR. WILSON: I'm sorry. Can I see that? I may want to read some certified mail into the record.

The Cook County Clerk's Office was served on July 14th of 2014. The city of Chicago was served on July 14th of 2014. Rufus Cook, attorney, The Ridgeland Corporation, Cook & Revak, Rufus L. Cook, Barbara J. Revak, the generic occupant, and The 7411 Corp. -- all at 7411 South Stony Island Avenue in Chicago -- the Sheriff's return indicates not served, called phone number listed -- I'm assuming that's the same number that Mr. Schcolnik referred to -- female refused name, said building is vacant, and certified mail was sent on August 23rd of 2014.

THE COURT: And it was signed for by Barbara Revak.

MR. WILSON: Right. And I'll read those into the record. Service on The Ridgeland Corporation at 7330 South Ridgeland, the Sheriff indicated not served, gate locked, dash, vacant, and certified mail was sent.

The Ridgeland Corporation was served in care of the Secretary of State's office on July 14th of 2014. I believe that's all of those.

In regard to the certified mail, The Ridgeland Corporation at 7411 South Stony Island was signed for by Barbara Revak. It's not dated. Barbara Revak at 7411 South Stony Island -- Ms. Revak signed that certified mail. I don't think there's dates on there. The generic occupant at 7411 South Stony Island, Ms. Revak signed for.

Ms. Revak signed another certified mail return receipt card for herself at 7411. She signed one at 7330 South Ridgeland and another for the generic occupant at 7411 South Stony Island. She signed a certified mail return receipt card addressed to Revak & Cook at 7411 South Stony Island Avenue.

She signed for Rufus L. Cook at 7411 South Stony Island. She signed for The 7411 Corp. at 7411 South Stony Island --

THE COURT: Is that card in the court file? Because your application says it's missing from the Court's file, but it is there.

MR. WILSON: It is now here, yes. It says The Ridgeland Corp. that she signed for -- Barbara Revak signed for that at 7411 South Stony Island. Rufus Cook, 7411 South Stony Island, Barbara Revak

signed for. Those are -- these were all from the Sheriff that I'm reading into the record right now. Rufus Cook, attorney, 7411 South Stony Island, Barbara Revak signed for.

The following are from the Clerk's mailings: The 7411 Corp. at 7411 South Stony Island; Barbara Revak, 7411 South Stony Island; The Cook & Revak, 7411 South Stony Island; The Ridgeland Corp. at 7411 South Stony Island; occupant at 7411 South Stony Island; Rufus L. Cook at 7411 South Stony Island; Rufus Cook, attorney, 7411 South Stony Island -- they were all signed for by Barbara Revak.

And on these, they're dated July 16th of 2014. And The Ridgeland Corp. service in care of the Secretary of State was signed for by the Secretary of State's office.

THE COURT: Thank you.

MR. WILSON: Pursuant to Section 22-25 of the Property Tax Code, notices were lodged with the Clerk of the Circuit Court of Cook County for service upon the owners and occupants of the subject property that I've indicated to the Court.

A copy of that notice is attached to the

application as Exhibit F. The original notice, the certificate of mailing, and the disposition of all certified mail are part of the court file of which the Court may take judicial notice.

I would ask your Honor in this case specifically, those return receipt cards that I did read into the record -- that they be admitted into evidence as Petitioner's Exhibit No. 2.

THE COURT: They will be admitted into evidence.

MR. WILSON: Pursuant to Section 22-20 of the Property Tax Code, publication was made in the Chicago Daily Law Bulletin on the dates of July 21st, 22nd, and 23rd, all in the year 2014. I do present the original Certificate of Publication to the Court and ask for leave to withdraw same and substitute the copy which is attached to the application as Exhibit G.

THE COURT: It's granted.

MR. WILSON: Thank you, your Honor. At this time I would ask that the application for an order directing the County Clerk to issue a tax deed and all the documents attached thereto be admitted into evidence as Petitioner's Group Exhibit No. 3.

THE COURT: They will be admitted.

MR. WILSON: Thank you. At this time all subsequent taxes have not been satisfied. We would be requesting leave of Court to present your Honor with proof that the 2012 through the current year taxes have been satisfied at the time that we present your Honor with a transcript of today's proceedings, a proper order directing the County Clerk to issue a tax deed, and the original and double-sided photocopy of the Certificate of Purchase.

THE COURT: Okay. That's granted. The matter will be taken under advisement.

MR. WILSON: Thank you very much.

(Whereupon, no further proceedings were had in said cause.)

A

a.m 1:18
able 7:4 9:21 12:8
above-entitled 1:15 18:4,16
Abstract 9:10
access 6:14 8:23
active 11:6,12
actual 8:24
address 4:19 6:7,13 11:20
addressed 14:13
addresses 10:15
adjacent 7:20
administrative 10:1
admitted 2:23 16:7,9,23 17:1
advertises 6:11
advisement 17:13
affiliation 4:22
African 7:9
agent 9:15 10:5 11:15,18
al 9:19
alley 6:18
American 7:9
Analisa 1:23 18:3
Andres 4:12,20
appeared 18:15
application 1:6 3:20 4:8 9:9 12:16,22 14:19 16:1 16:18,21
April 2:18 4:4
ARDC 10:9 11:4
asked 10:15,18
assessee 10:4
assigned 2:17
assuming 13:11
attached 2:23 3:19 4:8 9:8 12:18 15:24 16:17 16:23
attempted 11:22 12:4,5
attorney 10:4,7 11:2 13:5 15:3,11
August 13:13
Auto 8:2,3
Avenue 5:15 13:9 14:14

B

B 3:20
back 8:13,18
Barbara 10:23 12:6 13:7,15 14:3 14:4,22,24 15:4,7,13
bearing 4:5
behalf 1:21 2:1 4:13
belief 18:17
believe 6:20 7:24 8:15 10:8 13:24
bell 7:7 8:21,24,24 9:1
best 3:7 18:17
Bob 8:2
boundary 6:3,3
brick 5:22
building 5:23 6:17 8:5 13:12
Bulletin 16:13
business 7:13

C

C 1:3 4:8 18:2 18:14
call 4:11 6:14 8:22
called 4:13 8:15 9:3 10:13 13:10
card 7:13 14:9,13 14:18
cards 16:6
care 11:23 13:23 15:15
case 1:15 3:4 9:20 9:22 11:4,7 12:14 16:5
cases 10:10
cause 2:9 17:17 18:4 18:16
certificate 2:15,17,20,22 16:2,15 17:11
certified 13:2,13,20 14:1,5,8,12 16:3
check 3:23
Chicago 4:21 5:15 6:8 10:1 13:4,9 16:13
Circuit 1:4 15:21
city 10:1 13:4
clearly 7:14
Clerk 9:22 15:21 16:22 17:9
Clerk's 4:4,6 13:3 15:5
Code 1:10 4:3 15:20 16:12
COLLECTOR 1:7
comes 2:9
coming 7:7
comments 8:19
commercial 6:17
communicate 9:3
Company 9:10
complete 6:2
confirm 10:16
considered 2:5
contest 8:8
Cook 1:4,8 4:3 8:4 9:14,16,17 10:3,3,6,11 12:3,6,16 13:3,5,6,7 14:13,15,24 15:3,8,10,11 16:21
copies 3:19
copy 2:22 4:7 12:17 15:24 16:17
Corp 6:7 12:7 13:8 14:16,22 15:6,9,15
Corporation 9:12 10:6 11:9 11:23 13:6 13:18,22 14:2
correct 18:5,17
CoTD 1:8
COUNTRY 1:7
County 1:3,4,5,5,7,8 4:3,5 12:16 13:3 15:21 16:22 17:9 18:2,14
couple 7:6
court 1:4,16 2:3,6 2:20 3:1,5 3:18,21 4:6 4:9 6:17,23 8:12 9:7,14 9:22 11:14 12:17,20,23 12:24 13:15 14:16,18 15:18,21,23 16:3,4,9,16 16:19 17:1,4 17:12 18:3
Court's 14:20
CRR 1:23
CSR 1:23
current 17:6

D

D 9:9
Daily 16:13
dash 13:20
date 5:8
dated 14:3 15:14
dates 14:6 16:13
day 1:17 18:10,22
decedents'. 3:8
deed 2:10,23 10:10 16:22 17:9
delinquent 1:10 2:13
DEPARTMENT 1:5
description 6:16
determine 7:4 12:11
determined 3:24
diligence 10:14 11:8 12:13
DIRECT 4:16
directing 16:22 17:8
discipline 10:9
dismissed 9:23
disposition 16:2
dissolved 11:10,12
DIVISION 1:5
documentation 3:4
documents 16:23
doing 10:14 11:8
door 6:14 9:2
doors 6:3,11 8:13,14 8:14
double-sided 3:2 17:10
due 10:9
duly 4:14 18:3,15

E

E 12:18
efforts 12:11
either 6:10 9:1
elevators 8:6
equipment 8:16,17
estate 2:14
estates 3:8
et 9:19
evidence 2:16,24 16:8 16:10,24 18:4,5,17
EX-OFFICIO 1:7
EXAMINATION 4:16
examined 4:15
Exhibit 2:24 3:20 4:8 9:9 12:18 16:1,8,18,24
expiration 3:15
extended 3:10,12,14 5:5
extending 3:17

F

F 16:1
familiar 5:1
February 1:17
fees 11:13
feet 8:16
female 13:12
file 12:20,23 14:18 14:20 16:3
find 9:21
firm 7:13
first 4:14 6:24 18:3 18:15
floor 6:19,21 7:1,15
floors 8:7
following 15:5
follows 4:15
foregoing 18:4,16
forth 12:21
Foundation 9:19
friendly 10:12
front 6:4
full 4:18
further 9:6 17:15

G

G 16:18
Gammadock 2:14,16
gate 13:20
general 1:9 2:14
generic 12:6 13:7 14:6 14:11
Giddings 4:21
give 7:12 10:16
given 3:1 18:4
go 6:15
going 10:18,20
good 11:9,22
granted 3:5,21 4:9 16:19 17:12
green 4:6
ground 6:19 7:15
Group 16:24

H

hard 5:23
heard 2:9 18:5,18
hearing 1:14
heavy 8:16
height 6:1
high 5:23
higher 8:6
HOFFMAN 1:16
Honor 2:2,8,19 3:6 4:10 9:5,8 12:22 16:5 16:20 17:5,7
Honorable 1:15
hour 1:17

I

Illinois 1:1,4,8 5:16 10:7 11:2,23 18:1,13
immediately 7:20
improvement 5:19,21
including 5:6

incompetents 3:8
Index 2:11
indicate 12:22
indicated 12:17 13:19 15:23
indicates 9:10,20 13:9
information 7:11,17 8:9 12:9
inquire 7:10 11:6
inside 7:2 8:5
inspect 5:4
inspected 5:9
inspection 5:18 8:10 12:14
involuntarily 11:12
involved 3:8
Island 5:15 6:8 13:8 14:2,4,7,12 14:14,16,17 14:23,24 15:3,7,7,8,9 15:10,11,12
issue 16:22 17:9
issued 2:15

J

J 1:20 12:6 13:7 18:15
January 2:13 3:14,23
Judge 1:16
judgment 1:8 3:24 10:2
judicial 16:4
July 3:13 5:5,9 13:4,5,24 15:14 16:13

K

K 1:3 18:2,14
knocked 9:2
know 9:23 10:11,16 10:16,20,21 11:5
knowing 12:3
knowledge 3:7
known 2:11
KULYS 1:16

L

L 12:5 13:6 14:15 15:10
LANDS 1:9
large 8:13,16
law 6:20 7:13 10:20 16:13
leave 3:1,18 4:6 16:16 17:4
Legal 9:19
license 1:24 10:8
license-active 11:3
licensed 10:7 11:2
lift 8:6
listed 13:10
litigated 10:10
litigation 9:18
live 4:20
LLC 1:11 2:10,14 2:16,18 4:23
locate 5:11
located 5:14,19 10:17
locked 13:20
lodged 4:3 12:15 15:20
loft 6:11
longer 11:1
look 8:1
looked 11:3
lost 10:7
lot 7:21,21
LOTS 1:9

M

mail 13:2,13,21 14:1,5,8,12 16:3
mailing 16:2
mailings 15:6
managed 6:7
manager 7:19,23 8:2
map 5:12
MARGARITA 1:16
matter 1:6 9:12 10:13 10:14 17:12
matters 10:19
McDermott 1:23 18:3
mean 11:10
means 11:10
meant 8:23
measuring 5:12
mechanic 7:24
member 4:24
mention 8:3
metal 8:14
Michael 1:20 2:1 18:15
mid-rise 5:22
Midas 7:24 8:1,3
minors 3:7
missing 14:19
mixed 6:18
morning 2:19 11:3,17

N

name 4:18 8:3 13:12
necessary 3:3
neighbor 6:22
neighbors 7:16
Notary 18:11,24
notes 8:1
notice 4:3,5 12:17 15:24 16:1,4
notice-serving 5:5
notices 3:17 12:15 15:20
November 3:12
number 6:8,12,15 8:22 9:4,20 13:10 13:11

O

O 1:3,3 18:2,2 18:14,14
o'clock 1:18
oath 2:5,6 4:14 18:3
Obviously 12:8
occasions 3:11
occupant 12:7 13:7 14:6 14:11 15:10
occupants 7:10 12:2,9,12 15:22
occupied 7:5,14
occupies 6:2
October 5:6
office 4:4 6:12,19,21 7:1 11:18 13:3,23 15:17
Okay 17:12
ones 8:14
open 8:14
opportunity 11:6
order 1:8 12:11 16:21 17:8
original 2:20 3:2,16 4:5 12:19 16:1,15 17:10
owned 8:4
owner 7:19,23 9:11
owners 15:22

P

paid 11:11,13
Paragraph 12:21
parcel 6:2
part 1:9 7:22 12:19 16:3
parties 12:16
partner 10:20,23
partners 10:24
partnership 12:4
pending 11:4
people 7:7
period 3:10,11,13,15 3:17 5:5
Permanent 2:11
personally 10:22
petition 2:9,23
Petitioner 1:12,21 2:2 4:13,23 18:15
Petitioner's 2:24 16:8,24
phone 6:12 13:10
photocopy 3:2 17:10
please 4:18
portion 7:15
posted 6:5,10 8:22
potential 12:9
present 1:19 2:3 3:1,3 3:16 4:4 12:23 16:15 17:4,7
president 10:5 11:19
previous 6:20
previously 2:3
printout 11:17
probably 5:23 6:1
proceeding 5:2
proceedings 1:14 17:8,16 18:16
proof 17:5
proper 17:8
property 1:10 2:10 3:9 4:2 5:1,4,11 5:14,19 6:5 6:6 7:11,17 7:19,22 8:4 8:11 9:11 10:2 12:3,14 15:20,23 16:12
prove-up 2:21
Public 18:11,24
publication 16:12,15
Purchase 2:20,22 17:11
purposes 2:21
Pursuant 1:10 4:2 15:19 16:11

Q

question 7:22 8:20
questions 9:6

R

rang 7:7 8:21 9:1
read 13:2,17 16:7 18:16
reading 15:2
reads 6:6
real 2:14
really 6:18
reason 11:21,24
receipt 14:9,12 16:6
recollection 18:17
record 2:4 4:19 13:2 13:18 15:2 16:7
records 3:24
redemption 3:10,12,13,15 3:17 4:1
referred 13:12
reflect 2:4
refused 13:12
regard 9:24 10:13,19 12:2,10 14:1
regarding 2:10 7:11,17 12:9
registered 9:14 10:5 11:14,18
relationship 10:12
relevant 9:24
remember 5:8 7:13 9:2
rent 6:12
report 1:14 8:10 9:9 18:16
Reported 1:23
reporter 18:3
request 2:21
requesting 17:4
response 9:4
result 12:13
results 12:20
return 13:9 14:9,12 16:6
returns 12:19,21
Ravak 10:23 12:3,6 13:6,7,16 14:3,4,5,7,8 14:13,23,24 15:4,7,8,13
Rich 8:2
Ridgeland 9:11 10:6 11:9 11:19,23 13:6,18,19 13:22 14:2 14:10,22 15:9,15
right 3:5 13:17 15:2
ring 8:24
ringing 8:23
roll-up 8:14
RPR 1:23
Rufus 8:4 9:14,16,17 10:3,3 12:5 13:5,6 14:15 14:24 15:3 15:10,11

S

sale 1:8 2:12,16

3:24 4:1
satisfied
17:3,6
saw
7:7
says
6:14,15 14:19
14:21 18:3
18:15
Scavenger
2:12 3:24
Schoolnik
4:12,20 12:10
13:11
search
9:9,19,22
12:15
second
9:17
secretary
7:8 10:5 11:17
11:20,24
13:23 15:16
15:17
Section
4:2 15:19
16:11
see
6:4 13:1
semi-trucks
8:6
sent
13:13,21
separates
7:21
served
13:3,5,10,20
13:22
service
8:3 11:22 12:5
12:5,6,16
13:18 15:15
15:22
set
12:21
seven
5:23 6:1
share
8:11
Sheriff
12:15,19,20
13:19 15:2
Sheriff's
13:9
shop
7:24 8:1
shorthand
18:4
shown
9:20
side
7:20 8:18
Sidwell
5:12
sign
6:13
signed
13:15 14:3,5,7
14:8,10,12
14:15,16,22
14:23 15:1,4
15:12,16
signs
6:5,10
sir
2:8 4:18
size
5:24
smaller
6:13
sold
2:12,17
somebody
7:12 9:3
sorry
13:1
south
5:15 6:7 7:20
13:8,19 14:2
14:4,7,10,11
14:13,16,17
14:23,24
15:3,6,7,8,9
15:10,11,12
southern
6:6
space
6:12
speak
7:16
specifically
16:6
spoke
7:18 8:2 10:14
SS
1:2 18:1,13
stamp
4:6
standing
11:9,22
state
1:1 4:18 11:24
15:16 18:1
18:13
State's
11:18 13:23
15:17
stone
5:22
Stonedry
1:11 2:10,18
4:23
Stony
5:15 6:8 13:8
14:2,4,7,11
14:14,16,17
14:23,24
15:3,6,7,8,9
15:10,11,12
stories
5:23,24 6:1
Street
4:21
subject
3:9 5:2,11,14
5:19 7:11
8:11 10:2
12:2 15:23
SUBSCRIBED
18:9,21
subsequent
3:22 17:3
substitute
3:19 4:7 16:17
supplemental
3:3
sworn
2:3 4:14 18:3
18:9,15,21

T
T
1:16
take
4:5 16:4
taken
17:13
talked
7:8,23
talking
6:22
tall
8:16
tax
1:10 2:10,23
4:1,3 10:4
10:10 15:20
16:12,22
17:9
taxes
1:9 2:14 17:3
17:6
telephone
6:8
tell
5:24
testified
4:15 12:10
Thank
2:8 3:6,22
4:10 9:7
15:18 16:20
17:2,14
thereto
16:23
think
10:24 14:6
Thompson
9:10
three
6:5
time
3:3,16 4:11
5:18 9:6
12:1 16:21
17:2,7
times
7:6
today's
2:21 17:8
told
10:21
top
6:21
total
6:4,4
tract
9:9,19 12:15
transcript
17:7 18:5,17
transferred
2:17
TREASURER
1:7
trips
8:10
true
18:5,17
Trust
9:18
two
1:10 3:11 6:3
6:11 8:13,17
type
5:21
typical
6:1

U
ultimate
3:15
understanding
6:21
United
9:18
use
5:11 6:18

V
vacant
7:21,21 13:13
13:20
verify
8:7
versus
9:18
visit
6:20
visits
7:12

W
wall
6:6
want
13:2
warehouse
6:22 7:1
went
8:17
weren't
12:8
West
4:20 11:19
WFT
9:18
wheel
5:12
wife
10:22,23
Wilson
1:20 2:1,1,8
3:6,22 4:10
4:17 7:3 9:5
9:8,16 11:16
13:1,17
14:21 15:19
16:11,20
17:2,14
18:15
withdraw
3:18 4:7 16:16
witness
2:2,7 4:11,13
8:19,24 9:6
woman
7:8
wouldn't
10:16,16

X

Y
year
10:9 16:14
17:6
YEARS
1:10

Z

0
084-003620
1:24

1
1
2:24
11
8:16 12:21
13S-0000933
2:15
14
1:8
14th
3:12 13:4,5,24
15th
3:11
16th
15:14

2
2
16:8
20-25-131-0...
2:11
2009
2:13
2011
2:14
2012
17:5
2013
2:12 3:23
2014
2:13,18 3:11
3:12,13 4:4
5:6,6,9 13:4
13:5,14,24
15:15 16:14
2015
1:17 3:14,23
18:10,22
2035
4:20
21st
16:14
22-20
16:11
22-25
15:19
22-5
4:2,5
22nd
16:14
2392
1:8
23rd
4:4 13:14
16:14
24th
5:9

3
3
16:24

4
40s
7:9

5

6
60649
6:8
6th
1:17

7
7330
11:19 13:19
14:10
7411
5:15 6:7,7
12:7 13:8,8
14:2,4,7,9
14:11,13,15
14:16,17,23
14:24 15:3,6
15:6,7,8,9
15:10,11,12
752-2000
6:9
773
6:9
7th
2:13,18

8
8th
3:14,23 5:6

9
9:30
1:18
9th
3:13 5:5

STATE OF ILLINOIS )
) SS:
COUNTY OF C O O K )

ANALISA McDERMOTT, being first duly sworn, on oath says that she is the court reporter who took down in shorthand the evidence given in the above-entitled cause, and that the foregoing is a true and correct transcript of all the evidence heard.

Analisa McDermott

SUBSCRIBED AND SWORN TO before me this 20 day of February, 2015.

Official Seal
Cynthia I Alicea
Notary Public State of Illinois
My Commission Expires 06/06/2017

Cynthia I. Alicea
Notary Public

- - - - - - - - - - - - - - - - - - - - - - - -

STATE OF ILLINOIS )
) SS:
COUNTY OF C O O K )

MICHAEL J. WILSON, being first duly sworn, says that he appeared for the Petitioner in the above-entitled cause; that he has read the foregoing Report of Proceedings; and that the same is, to the best of his recollection and belief, a true and correct transcript of all the evidence heard.

Michael J. Wilson

SUBSCRIBED AND SWORN TO before me this 20th day of February, 2015.

Janice M. Jones
Notary Public

OFFICIAL SEAL
JANICE JONES
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/08 :-

# EXHIBIT INDEX

# EX. 7

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF APPLICATION, ETC.<br><br>PETITION OF Stonedry, LLC<br>FOR TAX DEED | )<br>)<br>)<br>)<br>) | CASE NO. 2014COTD002392 |

## NOTICE OF MOTION

To: Barbara Revak
7411 South Stony Island
Chicago, Illinois 60649

Bruce L. Cook
7411 South Stony Island
Chicago, Illinois 60649

Rufus Cook
7411 South Stony Island
Chicago, Illinois 60649

On March 4, 2015 at 10:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Margarita T. Kulys Hoffman or any judge sitting in her stead, in courtroom 1707 of the Richard J. Daley Center, Chicago, Illinois and then and there present Proof of Payment of Subsequent Taxes, Transcript of Proceedings, and for Entry of Order Directing County Clerk to Issue Tax Deed and For Other Relief.

Name: MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson - #27787
Attorney for Petitioner
Address: 309 West Washington Street, Suite 1200
City: Chicago, Illinois 60606
Phone: 312 781-9510
Fax: 312 781-9511

FILED 15 FEB 24 AM 11:53 CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DIVISION

## PROOF OF SERVICE BY MAIL

I, Michael J. Wilson, the attorney, certify I served this notice by mailing a copy to the abovementioned persons at the addresses stated above and depositing the same in the U.S. mail at 309 West Washington Street, Chicago, Illinois on or before 5:00 p.m. on February 24, 2015, with proper postage prepaid.

[signature]

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson - #27787
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone - 312-781-9510
Fax - 312-781-9511

EX

# EXHIBIT INDEX

# EX. 8

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )

PETITION OF Stonedry, LLC
FOR TAX DEED ) Case No. 2014 COTD 002392

## COMBINED MOTION UNDER §5/2-619.1

Respondents hereby oppose and object to the petition and application for deed filed by Stonedry, LLC on the following grounds:

1. Sec. 2-515: Stonedry's notices, petition and application fail to comply with the requirements of the Property Tax Code, 35 ILCS 200/22-5, 10, 20 et seq. and fail as well to comply with relevant requirements of Cook County applicable to tax sales.

2. Sec. 2-619 (1), and (9): Stonedry lacks standing to invoke the jurisdiction of the court.

Respectfully submitted

By: [signature]
Barbara Revak

By: [signature]
Rufus Cook, *pro se*

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

In.the.Matter.of.Stonedry.Combined.Mot.BR.gb.3.30.15

Ex. 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC.

PETITION OF Stonedry, LLC
FOR TAX DEED

Case No. 2014 COTD 002392

15 APR -1 PM 4:07
CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DIVISION

**NOTICE OF FILING**

TO: MICHAEL J. WILSON & ASSOCIATES, P.C.
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone: (312) 781-9510
Fax: (312) 781-9511

**PLEASE TAKE NOTICE** that on April 1, 2015, we caused to be filed with the Clerk of the Circuit Court of Cook County, Illinois, Richard J. Daley Center, Chicago, Illinois **COMBINED MOTION UNDER §5/2-619.1**, a copy of which is hereby served upon you.

Respectfully submitted

By: Barbara Revak
Barbara Revak

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

In.the.Matter.of.Stonedry.Not.of.Fil.Cert.of.Serv.by.Mail.re.Combined.Mot.BR.gb.3.30.15

CERTIFICATE OF SERVICE BY MAIL

I, Barbara Revak, an attorney, hereby certify that on April 1, 2015, I caused a copy of **COMBINED MOTION UNDER §5/2-619.1** to be mailed to the above named party by depositing a copy thereof, postage prepaid, into the U.S. Postal Box located at the corner of 75th and Stony Island Avenue.

Barbara Revak

Barbara Revak

# EXHIBIT INDEX

# EX. 9

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC.

PETITION OF Stonedry, LLC
FOR TAX DEED

Case No. 2014 COTD 002392

RESPONDENTS' MOTION TO EXTEND DUE DATE TO FILE
REPLY IN SUPPORT OF THEIR "COMBINED MOTION UNDER §5/2-619.1"

Respondents hereby request a ninety day extension in which to file their Reply in support of their "Combined Motion under §5/2-619.1", and in support hereof state as follows.

1. Respondents filed their "Combined Motion under §5/2-619.1" on April 1, 2015.

2. On April 29, 2015, Petitioner filed its Response thereto.

3. Respondents request that their Reply due date be extended in order to take discovery.

2015 MAY 14 PM 4:01
DOROTHY BROWN CLERK

WHEREFORE: Respondents respectfully request that they be granted a ninety day extension in which to take discovery and that the Reply date be set for 21 days thereafter.

Respectfully submitted

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

By: ______________________
Barbara Revak

By: ______________________
Rufus Cook, *pro se*

In.the.Matter.of.Stonedry.Resp.Mot.to.Ext.Time.to.File.Reply.re.Combined.Mot.BR.gb.5.14.15

Ex. 9

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | |
|---|---|
| IN THE MATTER OF APPLICATION, ETC.<br><br>PETITION OF Stonedry, LLC<br>FOR TAX DEED | )<br>)<br>)<br>)<br>)<br>) Case No. 2014 COTD 002392<br>)<br>)<br>)<br>) |

## NOTICE OF MOTION

TO: MICHAEL J. WILSON & ASSOCIATES, P.C.
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone: (312) 781-9510
Fax: (312) 781-9511

**PLEASE TAKE NOTICE** that on May 20, 2015, at 10:30 a.m. we shall appear before the Hon. James Zafiratos in room 1707 of the Richard J. Daley Center, and there and then present **RESPONDENTS' MOTION TO EXTEND DUE DATE TO FILE REPLY IN SUPPORT OF THEIR "COMBINED MOTION UNDER §5/2-619.1"**, a copy of which is hereby served upon you.

2015 MAY 14 PM 4:02
CLERK BROWN
FILED

By: [signature]
Barbara Revak

By: [signature]
Rufus Cook, *pro se*

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

In.the.Matter.of.Stonedry.Not.of.Mot.Cert.of.Serv.by.Mail.re.Ex.of.Time.to.File.Reply.re.Combined.Mot.BR.gb.5.14.15

## CERTIFICATE OF SERVICE BY MAIL

I, Barbara Revak, an attorney, hereby certify that on May 14, 2015, I caused a copy of **RESPONDENTS' MOTION TO EXTEND DUE DATE TO FILE REPLY IN SUPPORT OF THEIR "COMBINED MOTION UNDER §5/2-619.1"** to be mailed to the above named party by depositing a copy thereof, postage prepaid, into the U.S. Postal Box located at the corner of 75th and Stony Island Avenue.

Barbara Revak

# EXHIBIT INDEX

# EX. 10

Order (2/24/05) CC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

[illegible]

v.

No. [illegible]

[illegible]

ORDER

[illegible handwritten text]

Atty. No.: [illegible]

Name: [illegible]

Atty. for: [illegible]

Address: [illegible]

City/State/Zip: [illegible]

Telephone: [illegible]

ENTERED:

ENTERED
JUDGE JAMES A. ZAFIRATOS-1919
MAY 20 2015
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Dated: 5/20/15

Judge 1919 Judge

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY

EX.

# EXHIBIT INDEX

# EX. 11

FILED
CLERK OF THE CIRCUIT COURT
2015 JUN -2 PM 3:24
DOROTHY BROWN, CLERK

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, COUNTY DIVISION**

IN THE MATTER OF APPLICATION, ETC.

PETITION OF Stonedry, LLC
FOR TAX DEED

Case No. 2014 COTD 002392

**RESPONDENTS' MOTION TO WITHDRAW THEIR**
**"COMBINED MOTION UNDER §5/2-619.1"**

Respondents move to withdraw their "Combined Motion under §5/2-619.1". In its order entered May 20, 2015 the court denied Respondents' motion seeking a 90-day extension of time to conduct discovery in order to file their reply in support of the 2-619.1 motion, and denied any extension of time to reply. Respondents are therefore unable to prosecute that motion, and hereby withdraw it.

By: ______________________
Barbara Revak

By: ______________________
Rufus Cook, *pro se*

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000
In.the.Matter.of.Stonedry.Mot.to.Withdraw.Combined.Mot.BR.gb.6.2.15

FV. 11

**CERTIFICATE OF SERVICE BY TELEFACSIMILE**

I, Barbara Revak, an attorney, hereby certify that on June 2, 2015, I caused a copy of **RESPONDENTS' MOTION TO WITHDRAW THEIR "COMBINED MOTION UNDER §5/2-619.1"** to be served by telefax on the above named party at telefax no. 312-781-9511.

Barbara Revak

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | |
|---|---|
| I1 3 MATTER OF APPLICATION, ETC. <br><br> ET ON OF Stonedry, LLC <br> OR TAX DEED | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2014 COTD 002392 <br> ) <br> ) <br> ) <br> ) |

FILED
2015 JUN -2 PM 3:24
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT

NOTICE OF MOTION

): MICHAEL J. WILSON & ASSOCIATES, P.C.
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone: (312) 781-9510
Fax: (312) 781-9511

PLEASE TAKE NOTICE that on June 5, 2015, at 10:30 a.m. we shall appear before the n. nes Zafiratos in room 1707 of the Richard J. Daley Center, and there and then present **SPONDENTS' MOTION TO WITHDRAW THEIR "COMBINED MOTION UNDER 2- 9.1"**, a copy of which is hereby served upon you.

By: [signature]
Barbara Revak

By: [signature]
Rufus Cook, *pro se*

v Office of Barbara Revak
orr No. 58121
v C ce of Bruce L. Cook
orney No. 39081
us Cook, *pro se*
1 Stony Island Ave
ca__, IL 60649
No. (773) 752-5151
epl ie No. (773) 752-2000
e.M er.of.Stonedry.Not.of.Mot.Cert.of.Serv.re.Mot.to.Withdraw.Combined.Mot.BR.gb.6.2.15

# EXHIBIT INDEX

# EX. 12

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF APPLICATION, ETC. | ) | |
| | ) | |
| | ) | Case No. 2014 COTD 002392 |
| PETITION OF Stonedry, LLC | ) | |
| FOR TAX DEED | ) | |
| | ) | |

2015 JUN 15 PM 2:54

## NOTICE OF FILING

TO: MICHAEL J. WILSON & ASSOCIATES, P.C.
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone: (312) 781-9510
Fax: (312) 781-9511

**PLEASE TAKE NOTICE** that on June 15, 2015, we caused to be filed with the Clerk of the Circuit Court of Cook County, Illinois, Richard J. Daley Center, Chicago, Illinois **MEMORANDUM REGARDING WHETHER A SUCCESSOR JUDGE MAY SIGN UNSIGNED TRANSCRIPT OF *EX PARTE* PROVE-UP MADE BEFORE SUBSTITUTED JUDGE,** a copy of which is hereby served upon you.

Respectfully submitted

By: ______________________
Barbara Revak

By: ______________________
Bruce Cook /br

By: ______________________
Rufus Cook, *pro se*

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

In.the.Matter.of.Stonedry.Not.of.Fil.Cert.of.Serv.by.Mail.re.Memo.re.Judge.Signing.Transc.of.Prove.Up.BR.gb.6.15.15

EX.

**CERTIFICATE OF SERVICE BY MAIL**

I, Barbara Revak, an attorney, hereby certify that on June 15, 2015, I caused a copy of **MEMORANDUM REGARDING WHETHER A SUCCESSOR JUDGE MAY SIGN UNSIGNED TRANSCRIPT OF *EX PARTE* PROVE-UP MADE BEFORE SUBSTITUTED JUDGE** to be mailed to the above named party by depositing a copy thereof, postage prepaid, into the U.S. Postal Box located at the corner of 75th and Stony Island Avenue.

Barbara Revak

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

2015 JUN 15 PM 2:04

| | |
|---|---|
| IN THE MATTER OF APPLICATION, ETC. | ) |
| | ) |
| | ) Court Date: January 28, 2015 |
| PETITION OF Stonedry, LLC | ) |
| FOR TAX DEED | ) |
| | ) Case No. 2014 COTD 002392 |
| | ) |
| | ) |
| | ) |
| | ) |

**MEMORANDUM REGARDING WHETHER A SUCCESSOR JUDGE MAY SIGN UNSIGNED TRANSCRIPT OF *EX PARTE* PROVE-UP MADE BEFORE SUBSTITUTED JUDGE**

Respondents Ridgeland Corp., Cook, Revak & Associates, Ltd., Barbara Revak, and the 7411 Corp., by their attorneys Barbara Revak and Bruce L. Cook, and Rufus Cook, *pro se* state the following.

This Memorandum is written in response to the court's request that the parties brief the question of whether, where a previous judge has granted a motion for substitution of right after hearing but not signing a prove-up transcript, the successor judge may properly sign the transcript. That question is addressed below.

## FACTS

On January 22, 2015, Petitioner filed its "application for an order directing the county clerk to issue a tax deed." According to the take-notice, the matter had been set for assignment January 28, 2015. On that date the case was assigned to Judge Margarita T. Kuly Hoffman. Petitioner then obtained from Judge Hoffman an ex parte prove-up date of February 9, 2015, with no notice to respondents, who had not then appeared.

On February 4, 2015, Respondents filed their appearance, not knowing that an *ex parte* prove-up had been scheduled for February 9. The appearance was mailed to petitioner's counsel February 5, 2015. Petitioner's counsel stated later that the mailed appearance did not reach his office until February 9, 2015, and he did not receive it until he returned to the office after the prove-up before Judge Hoffman, at which time she entered an order taking the matter under advisement and directing that the transcript be prepared.

On March 4 respondents moved under 735 ILCS 5/2-1001 to substitute Judge Hoffman, which motion was filed, noticed, presented and granted without her having signed the transcript, which further action the judge properly did not take after the notice was filed. The case was re-assigned to Judge James Zafiratos, to whom this memorandum is submitted.

**ARGUMENT**

Substitution of Judge is provided for in Code § 5/2-1001 (a) (2) iii:

> (iii) If any party has not entered an appearance in the case and has not been found in default, rulings in the case by the judge on any substantial issue before the party's appearance shall not be grounds for denying an otherwise timely application for substitution of Judge as of right by the party.

Even where, unlike here, a judge has made rulings in the case on "any substantial issue," such rulings would not prevent a substitution of right. Here, not only had no such rulings been made, but respondents had not been found in default and had appeared 5 days before the *ex parte* prove-up, of which they had no knowledge. Had petitioner's counsel known of respondents' appearance, he would have been obliged to report that fact to the judge and not to go forward with the *ex parte* prove-up. To suggest now that the transcript of the *ex parte* prove-up should be

signed by the successor judge who didn't hear the evidence, is tantamount to making a mockery of sec. 1001 which provides for substitution and a new judge even if there were prior rulings. And there were none here. What actually happened here was that, despite Respondents' appearance, an *ex parte* prove-up was set and held because of an error of timing not caused by respondents.

Further, substantial problems of due process are raised by the notion that the transcript of an *ex parte* prove-up should be signed by a judge who did not hear the matter. The respondents, who had appeared and given proper notice to that effect and were not in default, were and are entitled to a hearing where, should they choose, they may exercise their due process rights, including the right to examine witnesses, to present evidence, and to be heard.

## CONCLUSION

There is no basis in the law governing this case for holding that the transcript of the *ex parte* prove-up, itself held by reason of an error of timing, should be signed by a judge who didn't hear it. Indeed, both the substitution statute and due process require that the *ex parte* transcript be held for naught.

Respectfully submitted,

By: ______________________
Barbara Revak

By: ______________________
Bruce Cook

By: ______________________
Rufus Cook, *pro se*

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

**CERTIFICATE OF SERVICE BY TELEFACSIMILE**

I, Barbara Revak, an attorney, hereby certify that on June 2, 2015, I caused a copy of **RESPONDENTS' MOTION TO WITHDRAW THEIR "COMBINED MOTION UNDER §5/2-619.1"** to be served by telefax on the above named party at telefax no. 312-781-9511.

Barbara Revak

# EXHIBIT INDEX

# EX. 13



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )
)
) CASE NO. 2014COTD002392
)
PETITION OF Stonedry, LLC )
FOR TAX DEED

NOTICE OF FILING

To: Barbara Revak
7411 South Stony Island
Chicago, Illinois 60649

Bruce L. Cook
7411 South Stony Island
Chicago, Illinois 60649

Rufus Cook
7411 South Stony Island
Chicago, Illinois 60649

PLEASE TAKE NOTICE that on the 23rd day of June, 2015, I filed with the Clerk of the Circuit Court of Cook County, County Department, County Division, Petitioner's Memorandum in Support of a Successor Judge's Ability to Sign an Order Directing County Clerk to Issue Tax Deed When an Ex-parte Prove-Up Was Conducted by Prior Judge, a copy of which is attached hereto and herewith served upon you.

STONEDRY, LLC
Petitioner

By: [signature]
Michael J. Wilson, its attorney

2015 JUN 23 AM 9:

PROOF OF SERVICE BY MAIL

I, Michael J. Wilson, the attorney, certify I served this notice by mailing a copy to the abovementioned persons at the addresses stated above and depositing the same in the U.S. mail at 309 West Washington Street, Chicago, Illinois on or before 5:00 p.m. on June 23, 2015, with proper postage prepaid.

[signature]

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson - #27787
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone - 312-781-9510
Fax - 312-781-9511

Ex. 13

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )
) CASE NO. 2014COTD002392
)
PETITION OF Stonedry, LLC )
FOR TAX DEED )

MEMORANDUM IN SUPPORT OF
A SUCCESSOR JUDGE'S ABILITY TO SIGN AN ORDER DIRECTING COUNTY CLERK TO ISSUE TAX DEED WHEN AN EX-PARTE PROVE-UP WAS CONDUCTED BY PRIOR JUDGE

NOW COMES Petitioner, STONEDRY, LLC, by its attorney, MICHAEL J. WILSON & ASSOCIATES, P.C., and submits this memorandum as follows:

This memorandum is written in response to the court's request for submissions from each party regarding whether a successor judge can enter an Order Directing County Clerk to Issue Tax Deed when an ex-parte prove-up was conducted by the prior judge.

<u>Facts Presented</u>

2015 JUN 23

In its recitation of the facts, Respondents did not present the complete factual scenario for this Court. The complete factual scenario is as follows:

On January 7, 2014, Gammadock LLC purchased the property known by permanent index number 20-25-131-004-0000 at the 2013 scavenger tax sale for the delinquent 2009-2011 general real estate taxes. Certificate number 13S-0000933 was issued to Gammdock LLC as evidence of said sale. On April 7, 2014, said certificate was sold, assigned, and transferred to Stonedry LLC. A copy of the certificate of purchase is attached hereto as Exhibit "A" and incorporated herein by reference. The amount necessary to redeem from the tax sale was over $281,000.00.

The subject property, which has been tax delinquent since 2009, is a multiple story commercial building located at 7411 South Stony Island Avenue, Chicago, Illinois. The subject property is owned by the Ridgeland Corporation. Rufus Cook, a disbarred Illinois attorney, is the President and registered agent of the Ridgeland Corporation. At the

current time, the Ridgeland Corporation is not in good standing with the Illinois Secretary of State's office. A copy of the printout from the Illinois Secretary of State's office is attached hereto as Exhibit "B" and incorporated herein by reference.

Petitioner filed its Petition for Tax Deed on July 9, 2014. Petitioner also lodged Take Notices with the Clerk of the Circuit Court and Sheriff of Cook County to be served upon interested parties pursuant to the provisions of the Property Tax Code. Petitioner also published notice in the Chicago Daily Law Bulletin.

The sheriff's services of notice were served as follows:

> Rufus Cook at 7411 South Stony Island Avenue, Chicago (subject property) – Not served (called phone number listed – female refused name said building was vacant. Certified mail signed for by Barbara Revak.
>
> The Ridgeland Corporation at 7330 South Ridgeland, Chicago – Not served (Gate locked – Vacant) Certified Mail signed for by Barbara Revak.
>
> The Ridgeland Corporation at 7411 South Stony Island Avenue, Chicago (subject property) – Not served (called phone number listed – female refused name said building was vacant. Certified mail signed for by Barbara Revak.
>
> Cook and Revak at 7411 South Stony Island Avenue, Chicago (subject property) – Not served (called phone number listed – female refused name said building was vacant. Certified mail signed for by Barbara Revak.
>
> Rufus L. Cook at 7411 South Stony Island Avenue, Chicago (subject property) – Not served (called phone number listed – female refused name said building was vacant. Certified mail signed for by Barbara Revak.
>
> Barbara J. Revak at 7411 South Stony Island Avenue, Chicago (subject property) – Not served (called phone number listed – female refused name said building was vacant. Certified mail signed for by Barbara Revak.
>
> Occupant at 7411 South Stony Island Avenue, Chicago (subject property) – Not served (called phone number listed – female refused name said building was vacant. Certified mail signed for by Barbara Revak.
>
> The 7411 Corp. at 7411 South Stony Island Avenue, Chicago (subject property) – Not served (called phone number listed – female refused name said building was vacant. Certified mail return receipt card is missing from court file.

All parties were notified that the period of redemption would expire on January 8, 2015, and that the initial court date was scheduled for January 28, 2015, at 9:30 am. in

courtroom 1704 of the Richard J. Daley Center, 50 West Washington Street, Chicago, Illinois. Respondents failed to redeem from the tax sale.

On January 22, 2015, Petitioner filed its Application for an Order Directing County Clerk to Issue Tax Deed. On January 28, 2015, with Respondents having failed to appear in Court, Judge Bertucci assigned the case to calendar 12, and an Order was entered setting the case for a prove-up on February 9, 2015 at 9:30 am. Said information is set forth on the Clerk of the Circuit Court's website docket. A copy of said docket is attached hereto as Exhibit "C" and incorporated herein by reference. In its memorandum, Respondents set forth that no notice of the prove-up had been provided to the Respondents. This fact is correct, but Respondents attempt to mislead the Court into thinking Respondents were entitled to notice of the prove-up date and time. Respondents had not filed an Appearance in the case and were not entitled to notice of the prove-up date and time. Furthermore, Respondents failed to appear in Court on the initial court date. If Respondents had appeared in Court and filed an Appearance, they would have been advised of the hearing date and time. Respondents negligence and/or lack of diligence was the sole cause of their lack of knowledge of the hearing date. In addition, if the Respondents would have searched the Clerk of the Court's website docket search, they would have known of the hearing date.

On February 9, 2015, Petitioner's counsel appeared before Judge Hoffman and conducted the prove-up of the case. At the conclusion of the prove-up, Judge Hoffman took the matter under advisement pending receipt of proof of payment of subsequent real estate taxes and transcript of the proceedings. Upon returning to his office and receiving the mail, Petitioner's counsel received the Appearance filed by Respondents. Either later on February 9, 2015 or February 10, 2015, Rufus Cook contacted Petitioner's counsel by telephone. Petitioner's counsel advised Mr. Cook that he conducted the prove-up on February 9, 2015 prior to having received the Appearance.

On February 24, 2015, Petitioner's counsel served a Notice of Motion to Respondents regarding the Presentation of the Transcript and Proof of Payment of Subsequent Taxes and request for entry of the Order Directing County Clerk to Issue Tax Deed. Subsequently, Respondents filed a Motion for Substitution of Judge to be heard on the same date. After a long argument, Judge Hoffman granted the Motion for Substitution of Judge. The Presiding Judge re-assigned the case to Judge Zafiratos, and the case was continued to a date certain for Respondents to file a pleading.

Respondents filed a Motion to Dismiss pursuant to Section 2-619.1 of the Illinois Code of Civil Procedure. Petitioner filed a Response to said Motion to Dismiss. Respondents filed a Motion for Extension of Time to file a Reply and to conduct discovery. Said motion was denied. Rather than having its Motion to Dismiss denied, Respondent moved to withdraw their Motion to Dismiss. When the Court granted the Motion to Withdraw the Motion to Dismiss and since nothing was pending before this Court, Petitioner's counsel requested that the Court receive the transcript and proof of payment of subsequent taxes and enter the Order Directing County Clerk to Issue Tax Deed.

At this point, Barbara Revak objected and stated that Judge Zafiratos could not enter the Order Directing County Clerk to Issue Tax Deed since he had not heard the prove-up. Judge Zafiratos did not agree with the argument, but permitted a briefing schedule on the issue.

## Argument

Petitioner's counsel is unable to find any case law on the issue presented to the Court. Respondents have not cited any case law.

First, Respondents argue that since they were not present at the prove-up, the Court should not enter the Order Directing County Clerk to Issue Tax Deed. The Respondents imply that it was Petitioner's fault that they were not aware of the prove-up. As previously stated, Respondents were served with the Take Notice which advised them of the initial

court date and time. Respondents elected not to appear in court at the initial court date. Furthermore, Respondents failed to follow the case on the Clerk of the Court's website docket (Exhibit "C") which clearly advises anyone who reviews it that a prove-up was scheduled on January 28, 2015 to be heard on February 9, 2015 at 9:30 am. Respondents negligence and/or lack of diligence was the only factor that prevented them from knowing the date and time of the prove-up.

Second, Respondents argue that due process would be denied if this Court enters the Order Directing County Clerk to Issue Tax Deed when Judge Hoffman heard the prove-up. The Respondents' due process rights are not violated. The Respondents had an opportunity to be present at the initial prove-up, but their negligence and/or lack of diligence prevented them from knowing the date and time. Furthermore, the Property Tax Code and Code of Civil Procedure provide vehicles for situations similar to those as are presented in the case at bar. Section 22-45 of the Property Tax Code and Sections 2-1203 and 2-1401 of the Code of Civil Procedure provide a litigant an opportunity for a hearing which would provide a right to examine witnesses, to present evidence, and to be heard.

A review of this proceeding since Respondents have filed their Appearance demonstrates a calculated dilatory process to frustrate justice and to prevent the county from collecting real estate taxes on property that have not been paid since 2008. The Respondents filed a one-half page motion to dismiss, delayed the process for two (2) months, and withdrew the motion rather than having it denied. Currently, Respondents are attempting to have their Motion for Substitution of Judge cause Petitioner to begin the entire hearing process again. Rather than defend this case, Respondents continue to use dilatory tactics to attempt to make this property prohibitively expensive for Petitioner and continue to not pay real estate taxes to the county.

If a judge gets re-assigned and leaves his current position and a new judge takes his place, the new judge does not start all of the cases over again. If there were ex-parte

hearings, the new judge can sign an Order based upon what was previously submitted and argued before the prior judge hearing the case. To require the new judge to begin the cases again would be a waste of judicial resources and would delay justice to the parties of the case. In the present case, the Court can review the transcript of the hearing and the Court file to confirm that Petitioner has strictly complied with the provisions of the Property Tax Code.

## CONCLUSION

The only issue before the Court is whether a successor judge can sign an Order Directing County Clerk to Issue Tax Deed when the prior judge heard the prove-up of the tax deed case. No case law exists regarding this issue. The facts of this case clearly exhibit that the Respondents' negligence and/or lack of diligence were the sole cause of their not knowing date and time of the initial hearing date. Furthermore, Respondents' due process rights would not be violated since they still have the right to file Motions to Vacate pursuant to Sections 2-1203 or 2-1401 of the Code of Civil Procedure. Lastly, this Court should not continue to allow Respondents to use dilatory tactics to prevent the Petitioner from obtaining title to the subject property and the county from collecting real estate taxes for which they have failed to pay since 2009.

STONEDRY, LLC,
Petitioner

By: [signature]
Michael J. Wilson, its attorney

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson - #27787
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone - 312-781-9510
Fax - 312-781-9511

STATE OF ILLINOIS )
) SS CERTIFICATE NO. 13S-0000933
COUNTY OF C O O K )

CERTIFICATE OF PURCHASE
FOR GENERAL TAXES TWO OR MORE YEARS DELINQUENT,
PURSUANT TO SECTIONS 21-145 AND 21-260 OF THE ILLINOIS
PROPERTY TAX CODE

I, DAVID D. ORR , County Clerk in and for the County and State aforesaid, DO HEREBY CERTIFY THAT GAMMADOCK LLC did, on the day hereinafter set forth, purchase at public auction at the courthouse in Chicago, the property designated by the permanent real estate index number hereinafter set forth, situated in said County, said property being delinquent in the principal sum and for the tax years hereinafter set forth together with statutory penalties, interest and costs thereon, and paid as purchase money on said property the sum hereinafter set forth, such sum being the highest bid for cash received at the auction of such property pursuant to Sections 21-145 and 21-260 of the Illinois Property Tax Code.

VOLUME 262 PERMANENT INDEX NUMBER 20-25-131-004-0000

TAX YEARS DELINQUENT 09-11
TOTAL PRINCIPAL AMOUNT DUE 207,506.37 plus statutory penalties, interest and costs thereon.
DATE OF SALE 01-07-14 AMOUNT OF SUCCESSFUL BID 2,000.00

STATUTORY TREASURER FEES 190.00
STATUTORY CLERK FEES 30.00
TOTAL 2,220.00

The aforesaid purchaser having complied with the provisions of law applicable to such sales so as to be entitled to a certificate of purchase, on MARCH 14, 2014, the Circuit Court of Cook County entered an order confirming the sale of the aforesaid property.

If the aforesaid property is not redeemed in the manner and within the time provided by law, said purchaser, his heirs or assigns shall be entitled, upon application and compliance with the Illinois Property Tax Code, to receive a deed to said property; provided, that unless the holder of this certificate shall take out said deed and file the same for record within one year after the time for redemption expires, the said certificate or deed, and the sale on which it is based, shall, from and after the expiration of such one year, be absolutely null.

WITNESS my hand and the official seal at CHICAGO in said County this 19TH day of MARCH , A.D. 2014.

countersigned:
Maria Pappas

EXHIBIT A

David D. Orr

County Treasurer and Ex-Officio Collector of Cook County

County Clerk of Cook County

**Certified Mail Retrn - Successful(Clerk's Office)**

| Activity Date | Docket Description |
|---|---|
| August 14, 2014 | Certified Mail Retrn - Successful(Clerk's Office) 7013 2630 0000 0555 5989 |

**Certified Mail Retrn - Successful(Clerk's Office)**

| Activity Date | Docket Description |
|---|---|
| August 14, 2014 | Certified Mail Retrn - Successful(Clerk's Office) 7013 2630 0000 0555 5965 |

**Certified Mail Retrn - Successful(Clerk's Office)**

| Activity Date | Docket Description |
|---|---|
| August 14, 2014 | Certified Mail Retrn - Successful(Clerk's Office) 7013 2630 0000 0555 5972 |

**Certified Mail Retrn - Successful(Clerk's Office)**

| Activity Date | Docket Description |
|---|---|
| August 14, 2014 | Certified Mail Retrn - Successful(Clerk's Office) 7013 2630 0000 0555 5934 |

**Certified Mail Retrn - Successful(Clerk's Office)**

| Activity Date | Docket Description |
|---|---|
| August 14, 2014 | Certified Mail Retrn - Successful(Clerk's Office) 7013 2630 0000 0555 5958 |

**Certified Mail Retrn - Successful(Clerk's Office)**

| Activity Date | Docket Description |
|---|---|
| August 14, 2014 | Certified Mail Retrn - Successful(Clerk's Office) 7013 2630 0000 0555 5941 |

**Certified Mail Retrn - Successful (Sheriff's)**

| Activity Date | Docket Description |
|---|---|
| September 30, 2014 | Certified Mail Retrn - Successful (Sheriffs) 7013 0600 0000 9261 3888 |

**Certified Mail Retrn - Successful (Sheriff's)**

| Activity Date | Docket Description |
|---|---|
| September 30, 2014 | Certified Mail Retrn - Successful (Sheriffs) 7013 2630 0000 0554 9469 |

**Certified Mail Retrn - Successful (Sheriff's)**

| Activity Date | Docket Description |
|---|---|
| September 30, 2014 | Certified Mail Retrn - Successful (Sheriffs) 7013 2630 0000 0552 3667 |

**Returned Sheriff's Summons - Filed**

| Activity Date | Docket Description |
|---|---|
| September 30, 2014 | Returned Sheriff's Summons - (7)-Filed |

**Certified Mail Retrn - Successful (Sheriff's)**

| Activity Date | Docket Description |
|---|---|
| September 30, 2014 | Certified Mail Retrn - Successful (Sheriffs) 7013 2630 0000 0552 3674 |

**Certified Mail Retrn - Successful (Sheriff's)**

| Activity Date | Docket Description |
|---|---|
| September 30, 2014 | Certified Mail Retrn - Successful (Sheriffs) 7013 1090 0000 1413 9751 |

## Certified Mail Retrn - Successful (Sheriff's)

Activity Date
September 30, 2014

Docket Description
Certified Mail Retrn - Successful (Sheriff's)
7013 1090 0000 1413 9850

## Application for Issuance of Tax Deed - Filed

Activity Date
January 22, 2015

Docket Description
Application for Issuance of Tax Deed - Filed
Attorney: WILSON MICHAEL J (27787)

## Transfer/ Reassign to Judge within Division - Allowed

Activity Date
January 28, 2015

Docket Description
Transfer/ Reassign to Judge within Division - Allowed
The following event: Assignment scheduled for 01/28/2015 at 9:30 am has been resulted as follows:

Result: Transfer / Reassign Case within Division - Allowed
Judge: CALENDAR 8 Location: Courtro0001

## Court Event Scheduled

Activity Date
January 28, 2015

Docket Description
Court Event Scheduled
Event: Case Management Call
Date: 01/28/2015 Time: 9:30 am
Judge: CALENDAR 12 Location:

Result: Order Entered Setting Case for Prove-Up - Allowed

## Strike From Call - Allowed

Activity Date
January 28, 2015

Docket Description
Strike From Call - Allowed
The following event: Assignment scheduled for 01/28/2015 at 9:30 am has been resulted as follows:

Result: Strike from Call - Allowed
Judge: CALENDAR 8 Location: Courtroom 1704

## Order Entered Setting Case for Prove-Up

Activity Date
January 28, 2015

Docket Description
Order Entered Setting Case for Prove-Up
The following event: Case Management Call scheduled for 01/28/2015 at 9:30 am has been resulted as follows:

Result: Order Entered Setting Case for Prove-Up - Allowed
Judge: CALENDAR 12 Location:

## Court Event Scheduled

Activity Date
January 29, 2015

Docket Description
Court Event Scheduled

The following event: Case Management Call scheduled for 01/28/2015 at 9:30 am has been rescheduled as follows:

Event: Tax Deed Prove Up
Date: 02/09/2015 Time: 9:30 am
Judge: CALENDAR 12 Location: Courtroom 1707

Result:0001

## Appearance Filed - Fee Paid

Activity Date
February 4, 2015

Docket Description
Appearance Filed - Fee Paid
Litigant Name: THE RIDGELAND CORPORATION,
Attorney: REVAK BARBARA J,
Receipt Amount: $206.00
Receipt #: 00036651
Quantity:

Trans #: 000023
Fee Type: Paid

## Motion to be Taken Under Advisement By the Court - Continued

| Activity Date | Docket Description |
|---|---|
| February 9, 2015 | Motion to be Taken Under Advisement By the Court - Continued<br>The following event: Tax Deed Prove Up scheduled for 02/09/2015 at 9:30 am has been resulted as follows:<br><br>Result: Motion to be Taken Under Advisement - Continued<br>Judge: CALENDAR 12 Locat0001 |

## Notice of Motion - Filed

| Activity Date | Docket Description |
|---|---|
| February 24, 2015 | Notice of Motion - Filed<br>Attorney: WILSON MICHAEL J (27787) |

## Court Event Scheduled

| Activity Date | Docket Description |
|---|---|
| February 24, 2015 | Court Event Scheduled<br>Event: Motion Hearing<br>Date: 03/04/2015 Time: 10:00 am<br>Judge: CALENDAR 12 Location: Courtroom 1707<br><br>Result: Substitution of Judge (As Matter of Right) - Allow |

## Notice of Motion - Filed

| Activity Date | Docket Description |
|---|---|
| March 3, 2015 | Notice of Motion - Filed<br>Attorney: REVAK BARBARA J (58121) |

## Substitution of Judge - Filed

| Activity Date | Docket Description |
|---|---|
| March 3, 2015 | Substitution of Judge - Filed<br>Attorney: PRO SE (99500) |

## Transfer/ Reassign to Judge within Division - Allowed

| Activity Date | Docket Description |
|---|---|
| March 4, 2015 | Transfer/ Reassign to Judge within Division - Allowed<br>The following event: Case Management Call scheduled for 03/04/2015 at 10:30 am has been resulted as follows:<br><br>Result: Transfer / Reassign Case within Division - Allowed<br>Judge: CALENDAR 3 Locati0001 |

## Order Entered Setting Status Date

| Activity Date | Docket Description |
|---|---|
| March 4, 2015 | Order Entered Setting Status Date<br>The following event: Case Management Call scheduled for 03/04/2015 at 10:30 am has been resulted as follows:<br><br>Result: Order Entered Setting Status Date<br>Judge: CALENDAR 6 Location: |

## Court Event Scheduled

| Activity Date | Docket Description |
|---|---|
| March 4, 2015 | Court Event Scheduled<br><br>The following event: Case Management Call scheduled for 03/04/2015 at 10:30 am has been rescheduled as follows:<br><br>Event: Status Hearing<br>Date: 05/20/2015 Time: 10:30 am<br>Judge: CALENDAR 6 Location:<br><br>Result: Case Continued w0001 |

Result: Strike from Call - All0001

## Motion to Withdraw Filing or Petition

| Activity Date | Docket Description |
|---|---|
| June 2, 2015 | Motion to Withdraw Filing or Petition<br>Attorney: REVAK BARBARA J (58121) |

## Court Event Scheduled

| Activity Date | Docket Description |
|---|---|
| June 2, 2015 | Court Event Scheduled<br>Event: Motion Hearing<br>Date: 06/04/2015 Time: 10:30 am<br>Judge: CALENDAR 6 Location: Courtroom 1707<br><br>Result: Case Continued with Return Date - Allowed |

## Notice of Motion - Filed

| Activity Date | Docket Description |
|---|---|
| June 3, 2015 | Notice of Motion - Filed<br>Attorney: REVAK BARBARA J (58121) |

## Case Continued with Return Date - Allowed

| Activity Date | Docket Description |
|---|---|
| June 4, 2015 | Case Continued with Return Date - Allowed<br>The following event: Motion Hearing scheduled for 06/04/2015 at 10:30 am has been resulted as follows:<br><br>Result: Case Continued with Return Date - Allowed<br>Judge: CALENDAR 6 Location: Courtroom 1707 |

## Strike From Call - Allowed

| Activity Date | Docket Description |
|---|---|
| June 4, 2015 | Strike From Call - Allowed<br>The following event: Status Hearing scheduled for 06/10/2015 at 10:30 am has been resulted as follows:<br><br>Result: Strike from Call - Allowed<br>Judge: CALENDAR 6 Location: |

## Court Event Scheduled

| Activity Date | Docket Description |
|---|---|
| June 5, 2015 | Court Event Scheduled<br><br>The following event: Motion Hearing scheduled for 06/04/2015 at 10:30 am has been rescheduled as follows:<br><br>Event: Motion Hearing<br>Date: 07/07/2015 Time: 10:30 am<br>Judge: CALENDAR 6 Location: |

## Memorandum of - Filed

| Activity Date | Docket Description |
|---|---|
| June 15, 2015 | Memorandum of - Filed<br>Attorney: REVAK BARBARA J (58121) |

## Notice of Filing - Filed

| Activity Date | Docket Description |
|---|---|
| June 15, 2015 | Notice of Filing - Filed<br>Attorney: REVAK BARBARA J (58121) |

## Improper notices shown in Exhibit 14 as not in strict compliance with designated section of Property Tax Code:

Exhibit 14C – 22-5 Take-notice:

i. added language "plus any and all statutory penalties interest and costs."

ii. "Substituted "County Court House" for required "office of the county clerk".

iii. Misspelled statutory "further" as futher"

Exhibit 14E – purchaser's 22-10 take notice:

i. substituted "county court house" for "office of the County Clerk".

(See Exh. 14E-1 for correct form.)

Exhibit 14F – Clerk's take notice

i. substituted "County Court House" for "Office of the County Clerk".

Exhibit 14G – Published Notice:

i. substituted "county Court House" for office of the County Clerk."

# EXHIBIT INDEX

# EX. 14

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC.

PETITION OF Stonedry, LLC
FOR TAX DEED

Case No. 2014 COTD 002392

FILED - CO
2015 JUN 29 PM 1:29
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
COUNTY DIVISION

**REPLY REGARDING WHETHER A SUCESSOR JUDGE MAY SIGN UNSIGNED TRANSCRIPT OF *EX PARTE* PROVE-UP MADE BEFORE SUBSTITUTED JUDGE**

Respondents reply as follows in support of their memorandum "regarding whether a successor judge may sign unsigned transcript of *ex parte* prove-up made before substituted judge."

On June 4, 2015 the court entered the pertinent order which provides in part as follows:

> "Respondents shall be granted 10 days to file a pleading addressing whether the court can sign the transcript of prove-up conducted by Judge Margarita Kuly Hoffman, petitioner 7 days to respond, respondents 7 to reply. ..."

**Petitioner attempts to prejudice the court against respondents by labeling as "dilatory" the lawful positions they have taken in defending the action.**

Petitioner accuses respondents of engaging in "dilatory" action by withdrawing their combined 2-619 motion. In fact that motion and the motion seeking to extend the time to reply were, as they stated, based on objections that petitioner had not complied with the statutory notice requirements, and that Stonedry lacked standing to invoke the jurisdiction of the court.

EX. 14

When the parties appeared in court, respondent Rufus Cook explained in response to the court's questions that the "standing" portion of the motion derived from certain pre-conditions related to tax sales which a bidder such as Stonedry, or its assignor, was required to meet in order to qualify to bid at the scavenger sale. Cook stated that the extension and a 90-day discovery period were sought in order to determine whether there had been compliance with those requirements. (If indeed those requirements were violated, then under relevant law that fraud likely infected the tax purchase from its beginning, and would arguably preclude standing by petitioner or its assignor, as well as showing fraud which, when shown, also precludes issuance of a tax deed.)

The court saw the matter differently, however, and denied the motion to permit discovery, as well as the motion for extension of time to reply, effectively leaving respondents unable to obtain evidence by discovery to support their 2-619 motion, which they consequently withdrew. Stonedry, of course, rejects the argument that any such pre-sale fraud, if committed, could properly be shown through discovery and could invalidate standing and constitute fraud. Even so, it is simply wrong to characterize respondents' effort as dilatory. Respondents have complied timely with scheduled dates, and have sought only the extension for discovery related above. The "dilatory" characterization is unfounded and prejudicial.

**Hearing Respondents is fundamental to due process**

In *Jones v. Flowers,* 547 U.S. 220, 226, 164 L.Ed.2d 415, 425, 126 S. Ct. 1708, 1713 (2006) the U.S. Supreme Court said:

> "1. Before a state may take property and sell it for unpaid taxes, the Due Process Clause of the fourteenth amendment requires the government to provide the owner "Notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950).

Whether Respondents will, in fact, be heard as the law requires is what is at stake here. As the record shows Petitioner hurriedly scheduled a prove-up for February 9, 2015, some 12 days after the case first came up for assignment January 28, 2015. Respondents filed their appearance February 4, 2015, *5 days before the non-noticed hearing, and notified petitioner's attorney only by mail, as he requires*. Petitioner's attorney represented that the notice of appearance didn't arrive at his office until February 9, even though it was of record for all to see as of February 4. Apparently not bothering to check the case on the clerk's website, petitioner's attorney, with no notice to respondents, proceeded with the *ex parte* prove-up. (Petitioner's attorney represented he received the February 4 appearance in the afternoon of February 9, when he returned to his office after the *ex parte* prove-up.)

Respondents did not seek in their memorandum to blame petitioner's attorney for failing to learn from the court file of the appearance filed 5 days before his hurriedly held prove-up. Indeed, respondents referred to the matter only as "an error of timing not caused by respondents." We refer to it here because it is relevant, in light of counsel's contention that Respondents' not checking the clerk's web-site to learn of the prove-up hearing date was "negligence and/or lack of diligence." In light of Stonedry's statement, it must be noted that, as a matter of policy in foreclosure cases at least, the Civil Practice Code places on the default movant the responsibility to verify that no appearances have been filed, before seeking such an order. 735 ILCS 5/15-1502 and 5/2-1301 (d). Here, although no default occurs by reason of failure to appear, Stonedry is attempting to treat the matter as though a default resulted, consequently barring respondents from being heard. As a matter of policy, the responsibility, if any, to check the record regarding appearances *rested with Stonedry as movant.*

In any case, having failed to check the file, and having conducted an *ex parte* prove-up, petitioner now by calculated overreaching seeks an order which would deny respondents their due process rights in this proceeding, including having their objections heard, cross-examining witnesses, introducing evidence and exercising other basic due process rights.

**Aside from violating due process rights, petitioner's effort to silence respondents is otherwise unlawful.**

The cases make clear that petitioner's effort to turn the *ex parte* prove-up into a default judgment of some kind barring respondents from being heard is unlawful. Defining the *sole* issue in a tax deed proceeding, and pointing to the need for respondents to be heard, the Supreme Court said in *Young v. Madden,* 20 Ill.2d 506, 170 N.E.2d 551, 554 (1960):

> "In the proceeding in the case at bar, the verified petition for deed alleged the performance of all the statutory conditions precedent. Appellants, who had notice were then entitled to appear if they owned or are interested in the real estate. No provisions are set forth for formal pleadings and none are required. It is clear that the statute contemplates a summary judicial determination of compliance with the statute, permitting interested persons to be heard in opposition to the petition. ... The sole issue before the court in this proceeding is whether the statutory conditions subsequent to tax sale have been performed. Objections that aid in framing this issue may be helpful, but are not required. Pleadings beyond that are superfluous. The provisions of the civil practice act relating to time for filing pleadings in ordinary civil actions are therefore inappropriate".
> (Emphasis supplied.)

The court in *In re County Treasurer,* 2013 Il. App. (1st) 130463, 3 N.E.3d 451 (2013), discussed cases where *ex parte* prove-ups had been conducted without effect on deciding the sole issue of compliance, stating:

> "Subsequently, in *Salta Group,* in which the petitioner's post sale notice stated a Saturday instead of weekday as the redemption expiration

> date, no one appeared in the trial court to object to the issuance of a tax deed, but after reading the notice, the judge deemed it to be fatally defective. *Salta Group,* 2013 IL. App. (1st) 130103 ¶ 5, 376 Ill.Dec. 905, 1 N.E.3d 617. The appellate court affirmed this decision, stating, 'The fact that no one objected to [the] application does not render proper an otherwise improper notice.' *Salta Group,* 2013 IL App (1st) 130103, ¶ 20, 376 Ill.Dec. 905, 1 N.E.3d 617. Furthermore, 'a party should not be allowed to issue an incorrect notice then argue that the fact that no one came forward as a result of the incorrect notice nullifies the incorrect nature of the notice.' *Salta Group,* 2013 IL App (1st) 130103, ¶ 21, 376 Ill.Dec. 905, 1 N.E.3d 617."
> (Emphasis supplied.)

The court then discussed a case arguably even closer to the facts here, *Midwest Real Estate Investment,* as to which the *Equity Investment* court said at 437:

> "...No one objected to the issuance of the tax deed and the trial judge granted the application. *Midwest Real Estate Investment,* 295 Ill.App.3d at 704, 230 Ill.Dec. 45, 692 N.E.2d at 1212. Three days later, however, the property owner moved for leave to appear in the proceedings and objected on grounds that the tax buyer had not "completely filled in" the notice forms. *Midwest Real Estate Investment,* 295 Ill.App. 3d at 707, 230 Ill.Dec. 45, 692 N.E.2d at 1214. The trial court found this objection persuasive, vacated its prior order, and recalled the tax deed. *Midwest Real Estate Investment,* 295 Ill.App. 3d at 705, 230 Ill.Dec. 45, 692 N.E.2d at 1213.

The law is clear that, despite petitioner's efforts to silence respondents, this matter must *as a matter of law* be determined solely by whether petitioner has strictly complied with the statute. And, as will be shown, it has not.

**Before ordering issuance of a tax deed, the court must find that there has been strict compliance with the statutory requirements.**

The court's duty is clearly stated in 35 ILCS 200/22-40:

> **"35 ILCS 200/22-40 Issuance of deed; possession**
>
> Sec. 22-40. *Issuance of deed; possession.* (a) If the redemption period expires and the property has not been redeemed and all taxes and

> special assessments which became due and payable subsequent to the sale have been paid and all forfeitures and sales which occur subsequent to the sale have been redeemed and the notices required by law have been given...and the petitioner has complied with all the provisions of law entitling him or her to a deed, the court shall so find and shall enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of the order, to issue to the purchaser or his or her assignee a tax deed".

In *Novak v. Smith,* 197 Ill.App.3d 390, 554 N.E.2d 652 (5th Dist. 1990), the court further addressed the duty of a court:

> "A court should not direct the county clerk to issue a tax deed until it is satisfied that the requirements of the revenue act have been met. (Ill.Rev.Stat 1987, CH 120, pars 744, 749; *Smith v. D.R.E. Inc.,* (1976) 63 Ill.2d 31, 36, 344 N.E.2d 468, 470.) Prior to issuance of a tax deed the court makes a judicial determination whether the notice and other requirements have been met.
> (Emphasis supplied.)

This memorandum has thus far not dealt with the legal effect of the substitution of judge granted by Judge Hoffman March 4, 2015. (Petitioner's response did not meet the points made there, including the fact that, at that time Judge Hoffman, having heard the prove-up, made *no findings and no judicial determination* as to whether the notice and other requirements "have been met.") Now Stonedry disingenuously asks this court to act as though such findings and determination were made in favor of Stonedry.

Upon Judge Hoffman's recusal, the duty to make findings and determinations shifted to this court, her successor. But for the *ex parte* hearing hurriedly pursued by petitioner without checking whether appearances had been filed, a prove-up hearing affording to respondents their due process rights could have been held. Then this court, in reaching its findings and determinations, could do so having had the benefit of hearing from both sides. To maintain, as

petitioner does, that this court should make those findings and determinations having himself heard no witness, and having denied respondents' right to be heard, would not only be unfair and violative of due process, it would also ignore and reject the duty placed on the court by the law.

**Stonedry's argument that respondents would be able to exercise their due process rights by recourse to other statutes is misleading and inaccurate.**

Petitioner, having the impossible task of somehow justifying what it seeks -- the deprivation of respondents' due process rights -- says those rights could be had by recourse to the provisions of "section 22-45 of the Property Tax Code and sections 2-1203 and 2-1401 of the Code of Civil Procedure," which "provide a litigant an opportunity for a hearing which would provide a right to examine witnesses, to present evidence, and to be heard."

Really?

Addressing those provisions, the court declared in *Lincoln Title v. Nomanbhoy*, 2013 Ill. App.3d 1209, 999 N.E.2d 748, 759 (3rd Dist. 2013):

> "Turning to the merits of this issue, we note that a party's ability to set aside a tax deed is very limited. See 35 ILCS 200/22-45, 22-55 (West 2010). Under section 22-45 of the Property Tax Code, there are only three ways in which a party may challenge a tax deed; (1) by filing a direct appeal from the order directing the issuance of the deed; (2) by filing a motion for relief under section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2010)); or by filing a petition for relief under section 2-1401 of the Code of Civil Procedure. Section 22-45 further limits the grounds for which relief from a tax deed may be obtained under section 2-1401 to the following four situations: (1) where there is proof that the taxes were paid prior to sale; (2) where there is proof that the property was exempt from taxation; (3) where there is proof by clear and convincing evidence that the tax deed had been procured by fraud or deception by the tax purchaser or his assignee; or (4) where there is proof that a party with a recorded ownership or other recorded interest was not named in the required publication notice and the tax purchaser or his assignee did not make a diligent inquiry and effort to serve that party with the required notices. 35 ILCS 200/22-45 (West 2010).

What petitioner seeks to do is not only to deprive respondents of their due process rights, but to misinform this court to the effect that other legislation would provide those rights, as opposed to providing litigants a _possible_ opportunity to _qualify_ to _seek_ a hearing. That misrepresentation of the law is further evidence of the fog of fraud still being generated by petitioner.

**The strict compliance required by law**

The remainder of this memorandum states in greater detail some of the objections respondents have previously raised to Stonedry's application, which unequivocally show that its application is fatally defective and that it is not entitled to a tax deed. Before doing so it is useful to look briefly at the "strict compliance" standard governing Stonedry's application.

In *Midwest Real Estate Investment, ibid.*, the court declared:

> "We recognize that our decision today may be looked upon as a rigid and legalistic application of the strict compliance language from section 22-40 [of the Code]. However, [this conclusion is consistent with the legislature's apparent intent regarding notices]. Moreover, we view the statue's strict compliance language as a bulwark. **By opening the dike to permit any omission – however minute – of statutorily required information, we may unintentionally encourage a flood of litigants seeking case-by-case determinations of the strict compliance boundaries."**
> (Emphasis supplied.)

The law stated in *Midwest* and other cases was emphasized, in *Equity One Investment Fund v. Williams,* 2013 Ill. App. 3rd 463, 3 N.E.3d 431 (1st Dist. 2013), where the court said:

> There must be strict compliance with the statute and <u>when there are substitutions or omissions on a notice form, the tax buyer is not entitled to a tax deed</u>. We do not need to inquire whether Williams actually received the deficient section 22-5 post-sale notice and suffered any prejudice or confusion as a result of the omission of the city name; prejudice is presumed. (3 N.E.2d at 438)

*   *   *

> We hold that *Equity One's* post-sale notice form to Williams was not "completely filled in", as required by our legislature. 35 ILCS 200/20-5 (West 2008). Because a deficient notice is not regarded as any notice within the meaning of the statute, the trial court properly denied the application for a tax deed."
> (Emphasis supplied.)

We now examine the ways in which Stonedry's notice failed to comply with the statutory requirements.

**Stonedry's failure to comply with the statute is shown on the face of its 22-5 notice.**

A copy of Stonedry's 22-5 notice attached to (**Exh. C**) its application for deed is appended hereto as **Exhibit C**. The differences from the statutory 22-5 notice are marked on the face of the Exhibit, and a copy of the statutory form is attached as **Exhibit C-1.**

**Stonedry's failure to comply with the statute is also shown on the face of its 22-10 notice.**

A copy of Stonedry's 22-10 notice (**Exh. E**) shown in its application for deed is appended hereto as **Exhibit E**. The differences from the statutory 22-10 notice are marked on the face of the Exhibit, and a copy of the statutory form is attached as **Exhibit E-1**.

**Stonedry's failure to comply with the statute is also shown on the face of its 22-25 notice.**

A copy of Stonedry's 22-25 notice (**Exh. F**) shown in its application for deed is appended hereto as **Exhibit F**. The differences from the statutory 22-25 notice are marked on the face of the Exhibit.

**Stonedry's failure to comply with the statute is also shown on the face of its published notice.**

A copy of Stonedry's mailed notice (**Exh. G**) shown in its application for deed is appended hereto as **Exhibit G**. The differences from the statutory notice are shown on the face of the Exhibit.

**Stonedry's action's in this case are fraudulent, making clear that it is not entitled to a tax deed.**

As quoted above, the U.S. Supreme Court and the Illinois Supreme Court have held that the opportunity to be heard is essential "before a state may take property and sell it for unpaid taxes". The legislature has imposed the duty of notice to enable hearing on the tax buyer, here Stonedry.

However, Stonedry here has made every effort to assure that respondents are not heard. First, Stonedry, violating the policy that requires checking the record for appearances, scheduled and conducted an *ex parte* prove-up and, upon learning that an appearance had been filed five days before, refused to rectify the matter. Second, Stonedry, wholly contrary to the law, and in violation of respondents' right to be heard, has sought to have this court enter a tax deed even in the circumstances described and without respondents being heard. Fourth, Stonedry has misrepresented the law regarding respondents' rights to be heard in an effort to vacate the tax deed it seeks.

Finally, Stonedry, which knew or should have known that its notices are facially and fatally defective, have nonetheless represented to the court by its petition and application that it is entitled to a tax deed.

These actions undermine the Property Tax Act, are fraudulent within the meaning of the legislation and cases, and show that Stonedry is not entitled to a tax deed.

## CONCLUSION

No tax deed can properly be ordered without hearing respondents. No further hearing is needed, however, in light of respondents' showing here that Stonedry's notices are fatally defective on their face, cannot entitle it to a tax deed, which would otherwise be precluded by Stonedry's fraud in seeking to silence respondents.

Respectfully submitted

By: ____________________
Barbara Revak

By: ____________________
Bruce Cook

By: ____________________
Rufus Cook, *pro se*

**Law Office of Barbara Revak**
**Attorney No. 58121**
**Law Office of Bruce L. Cook**
**Attorney No. 39081**
**Rufus Cook, *pro se***
**7411 S. Stony Island Ave**
**Chicago, IL 60649**
**Fax No. (773) 752-5151**
**Telephone No. (773) 752-2000**

## Improper notices shown in Exhibit 14 as not in strict compliance with designated section of Property Tax Code:

Exhibit 14C – 22-5 Take-notice:

i. added language "plus any and all statutory penalties interest and costs."

ii. "Substituted "County Court House" for required "office of the county clerk".

iii. Misspelled statutory "further" as futher"

Exhibit 14E – purchaser's 22-10 take notice:

i. substituted "county court house" for "office of the County Clerk".

(See Exh. 14E-1 for correct form.)

Exhibit 14F – Clerk's take notice

i. substituted "County Court House" for "Office of the County Clerk".

Exhibit 14G – Published Notice:

i. substituted "county Court House" for office of the County Clerk."

TAKE NOTICE

County of Cook
Date Premises Sold January 7, 2014
Certificate No. 13S-0000933
Sold for General Taxes of 2009-2011
Sold for Special Assessment of (Municipality) and
Special assessment number – Not Applicable
Warrant No. – Not Applicable Inst. No. – Not Applicable

Co. Ck. Notices ($13.40)+4.00=$17.40 APR 23 2014

THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES

Property location - 7411 South Stony Island Avenue, Chicago, Illinois

Permanent Index No. 20-25-131-004-0000

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on July 7, 2014.

This notice is also to advise you that a petition will be filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before July 7, 2014.

At the date of this notice the total amount which you must pay in order to redeem the above property is $281,196.45 ~~plus any and all statutory penalties, interest and costs.~~

YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY

Redemption can be made at any time on or before July 7, 2014 by applying to the County Clerk of Cook County, Illinois at the ~~County Court house~~ Office of the County Clerk in Chicago, Illinois.

The above amount is subject to increase at six month intervals from the date of sale. Check with the County Clerk as to the exact amount you owe before redeeming. Payment must be made by certified check, cashier's check, money order, or in cash.

FOR FURTHER INFORMATION CONTACT THE COUNTY CLERK.

Address: 118 North Clark Street, 4th Floor, Chicago, IL 60602
Telephone: (312) 603-5645

Gammadock, LLC
Purchaser or Assignee

Dated: April 23, 2014

Mail To: Rufus Cook Attorney
7411 S Stony Island
Chicago, IL 60649-3613

# 13S-9008

EXHIBIT C

**200/22-5. Notice of sale and redemption rights**

§ 22-5. Notice of sale and redemption rights. In order to be entitled to a tax deed, within 4 months and 15 days after any sale held under this Code, the purchaser or his or her assignee shall deliver to the county clerk a notice to be given to the party in whose name the taxes are last assessed as shown by the most recent tax collector's warrant books, in at least 10 point type in the following form completely filled in:

TAKE NOTICE

County of ..........

Date Premises Sold ..........

Certificate No. ..........

Sold for General Taxes of (year) ..........

Sold for Special Assessment of (Municipality)

and special assessment number ..........

Warrant No. .......... Inst. No. ..........

THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES

Property located at ..........

Legal Description or Property Index No. ..........

..........

..........

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on ..........

This notice is also to advise you that a petition will be filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before ..........

At the date of this notice the total amount which you must pay in order to redeem the above property is ..........

YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY

Redemption can be made at any time on or before .... by applying to the County Clerk of .... County, Illinois at the Office of the County Clerk in ...., Illinois.

The above amount is subject to increase at 6 month intervals from the date of sale. Check with the county clerk as to the exact amount you owe before redeeming. Payment must be made by certified check, cashier's check, money order, or in cash.

For further information contact the County Clerk

ADDRESS: ..........

TELEPHONE: ..........

..........

Purchaser or Assignee ..........

Dated (insert date).

EX. C-1



To: Rufus Cook Attorney; The Ridgeland Corporation; City of Chicago; Cook & Revak; Rufus L. Cook; Barbara J. Revak; Occupant; The 7411 Corp.; occupants or persons in actual possession of real estate hereinafter described; County Clerk of Cook County, Illinois; unknown owners and parties interested in said real estate.

TAX DEED NO. 2014COTD002392 Filed July 9, 2014

TAKE NOTICE

County of Cook
Date Premises Sold January 7, 2014
Certificate No. 13S-0000933
Sold for General Taxes of 2009-2011
Sold for Special Assessment of (Municipality) and
Special assessment number (Not Applicable)
Warrant No. (Not Applicable) Inst. No. (Not Applicable)

THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES

Property located at: 7411 South Stony Island Avenue, Chicago, Illinois
Property Index No. 20-25-131-004-0000

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on January 8, 2015.

The amount to redeem is subject to increase at 6-month intervals from the date of sale and may be further increased if the purchaser at the tax sale or his or her assignee pays any subsequently accruing taxes or special assessments to redeem the property from subsequent forfeitures or tax sales. Check with the County Clerk as to the exact amount you owe before redeeming.

This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before January 8, 2015.

This matter is set for hearing in the Circuit Court of Cook County, in Courtroom 1704, Richard J. Daley Center, 50 West Washington, Chicago, Illinois, 60602 on January 28, 2015 at 9:30 a.m.

You may be present at this hearing but your right to redeem will already have expired at that time.

**YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY**

Redemption can be made at any time on or before January 8, 2015 by applying to the County Clerk of Cook County, Illinois at the ~~County Court House~~ Office of the County Clerk in Chicago, Illinois.

For further information contact the County Clerk
Address: 118 North Clark Street, 4th Floor, Chicago, IL 60602
Telephone: (312) 603-5645

Stonedry, LLC

MICHAEL J. WILSON & ASSOCIATES
Michael J. Wilson
Attorneys at Law
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
312-781-9510

Purchaser or Assignee
Dated July 9, 2014

#13S-9008 

NOTICE TO OWNERS AND OCCUPANTS
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COPY

TAX DEED NO. 2014COTD002392 Filed July 9, 2014

TAKE NOTICE

County of Cook
Date Premises Sold January 7, 2014
Certificate No. 13S-0000933
Sold for General Taxes of 2009-2011
Sold for Special Assessment of (Municipality) and
Special assessment number (Not Applicable)
Warrant No. (Not Applicable) Inst. No. (Not Applicable)

**THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES**

Property located at: 7411 South Stony Island Avenue, Chicago, Illinois
Property Index No. 20-25-131-004-0000

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on January 8, 2015.

The amount to redeem is subject to increase at 6-month intervals from the date of sale and may be further increased if the purchaser at the tax sale or his or her assignee pays any subsequently accruing taxes or special assessments to redeem the property from subsequent forfeitures or tax sales. Check with the County Clerk as to the exact amount you owe before redeeming.

This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before January 8, 2015.

This matter is set for hearing in the Circuit Court of Cook County, in Courtroom 1704, Richard J. Daley Center, 50 West Washington, Chicago, Illinois, 60602 on January 28, 2015 at 9:30 a.m.

You may be present at this hearing but your right to redeem will already have expired at that time.

YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY

Redemption can be made at any time on or before January 8, 2015 by applying to the County Clerk of Cook County, Illinois at the ~~County Court House~~ Office of the County Clerk in Chicago, Illinois.

FOR FURTHER INFORMATION CONTACT THE COUNTY CLERK
Address: 118 North Clark Street, 4th Floor, Chicago, IL 60602
Telephone: (312) 603-5645

Stonedry, LLC
Purchaser or Assignee

Clerk of the Circuit Court
Dated July 9, 2014

MAIL TO FOLLOWING PERSONS:
A) Rufus Cook Attorney, 7411 South Stony Island Avenue, Chicago, IL 60649
B) The Ridgeland Corporation, Serve-Rufus Cook, R/A, 7330 South Ridgeland Chicago, IL 60649
C) The Ridgeland Corporation, Serve-Rufus Cook, R/A, 7411 South Stony Island Avenue Chicago, IL 60649
D) The Ridgeland Corporation, Serve – Illinois Secretary of State, 69 West Washington, 12th Floor, Chicago, IL 60602, ,
E) Cook & Revak , 7411 South Stony Island Avenue, Chicago, IL 60649
F) Rufus L. Cook, 7411 South Stony Island Avenue, Chicago, IL 60649
G) Barbara J. Revak, 7411 South Stony Island Avenue, Chicago, IL 60649
H) Occupant, 7411 South Stony Island Avenue, Chicago, IL 60649
I) The 7411 Corp., 7411 South Stony Island Avenue, Chicago, IL 60649
#13S-9008

EXHIBIT F

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

# C .TIFICATE OF PUBLICATION

Case No. 2014COTD002392

20-25-131-004-0000

LAW BULLETIN PUBLISHING CO.

does hereby certify that it is the publisher of

CHICAGO DAILY LAW BULLETIN

that said **CHICAGO DAILY LAW BULLETIN** is a secular newspaper that has been published **DAILY** in the City of Chicago, County of Cook, State of Illinois, continuously for more than one year prior to the first date of publication of the notice, appended, that it is of general circulation throughout said County and State, that it is a newspaper as defined in "An Act to revise the law in relation to notices," as amended, Illinois Compiled Statutes (715 ILCS 5/1 & 5/5), and that the notice appended was published in the said **CHICAGO DAILY LAW BULLETIN** on Jul 21, 22, 23, 2014

In witness thereof, the undersigned has caused this certificate to be signed and its corporate seal affixed at Chicago, Illinois.

JULY 23, 2014

LAW BULLETIN PUBLISHING CO.

By. [signature]

To: Rufus Cook Attorney; The Ridgeland Corporation; City of Chicago; Cook & Revak; Rufus L. Cook; Barbara J. Revak; Occupant; The 7411 Corp.; occupants or persons in actual possession of real estate hereinafter described; County Clerk of Cook County, Illinois; unknown owners and parties interested in said real estate. TAX DEED NO. 2014COTD002392Filed July 9, 2014

TAKE NOTICE

County of Cook

Date Premises Sold January 7, 2014

Certificate No. 13S-0000933

Sold for General Taxes of 2009-2011

Sold for Special Assessment of (Municipality) and

Special assessment number (Not Applicable)

Warrant No. (Not Applicable) Inst. No. (Not Applicable)

THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES

Property located at:7411 South Stony Island Avenue, Chicago, Illinois

Property Index No. 20-25-131-004-0000

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on January 8, 2015.

The amount to redeem is subject to increase at 6-month intervals from the date of sale and may be further increased if the purchaser at the tax sale or his or her assignee pays any subsequently accruing taxes or special assessments to redeem the property from subsequent forfeitures or tax sales. Check with the County Clerk as to the exact amount you owe before redeeming.

This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before January 8, 2015.

This matter is set for hearing in the Circuit Court of Cook County, in Courtroom 1704, Richard J. Daley Center, 50 West Washington, Chicago, Illinois, 60602 on January 28, 2015 at 9:30 a.m.

You may be present at this hearing but your right to redeem will already have expired at that time.

YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY

Redemption can be made at any time on or before January 8, 2015 by applying to the ~~County Court House in Chicago~~, Illinois. Office of the County Clerk of Cook County, Illinois at the

For further information contact the County Clerk

Address: 118 North Clark Street, 4th Floor, Chicago, IL 60602

Telephone: (312) 603-5645

Stonedry, LLC

Purchaser or Assignee

Dated July 9, 2014

I617471

Jul 21, 22, 23, 2014

EXHIBIT G

G440

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )
)
) Case No. 2014 COTD 002392
PETITION OF Stonedry, LLC )
FOR TAX DEED )
)

NOTICE OF FILING

TO: MICHAEL J. WILSON & ASSOCIATES, P.C.
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone: (312) 781-9510
Fax: (312) 781-9511

**PLEASE TAKE NOTICE** that on June 29, 2015, we caused to be filed with the Clerk of the Circuit Court of Cook County, Illinois, Richard J. Daley Center, Chicago, Illinois **REPLY REGARDING WHETHER A SUCESSOR JUDGE MAY SIGN UNSIGNED TRANSCRIPT OF *EX PARTE* PROVE-UP MADE BEFORE SUBSTITUTED JUDGE**, a copy of which is hereby served upon you.

Respectfully submitted

By: ______________________
Barbara Revak

By: ______________________
Bruce Cook

By: ______________________
Rufus Cook, *pro se*

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

In.the.Matter.of.Stonedry.Not.of.Fil.Cert.of.Serv.by.Mail.re.Reply.re.Judge.Signing.Transc.of.Prove.Up.BR.gb.6.29.15

## CERTIFICATE OF SERVICE BY MAIL

I, Barbara Revak, an attorney, hereby certify that on June 29, 2015, I caused a copy of **REPLY REGARDING WHETHER A SUCESSOR JUDGE MAY SIGN UNSIGNED TRANSCRIPT OF *EX PARTE* PROVE-UP MADE BEFORE SUBSTITUTED JUDGE** to be mailed to the above named party by depositing a copy thereof, postage prepaid, into the U.S. Postal Box located at the corner of 75th and Stony Island Avenue.

Barbara Revak

# EXHIBIT INDEX

# EX. 15

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )
) Case No. 2014 COTD 002392
PETITION OF Stonedry, LLC )
FOR TAX DEED )

## RESPONDENTS' CITATION OF ADDITIONAL AUTHORITY

Respondents herein hereby call the court's attention to the following authority, copies of which are attached hereto and have previously been furnished to plaintiff's counsel. The additional authority is: *Anderson v. Kohler*, 376 Ill.App.3d 714, 877 N.E.2d 110 (2nd Cir. 2007), and *Trzebiatowski v. Jerome*, 24 Ill.2d 24, 179 N.E.2d 622 (1962).

FILED - CO
CLERK OF THE CIRCUIT COURT
COUNTY DIVISION
2015 NOV 30 PM 2:02
DOROTHY BROWN CLERK

Respectfully submitted

By: Barbara Revak
Barbara Revak

By: Bruce Cook /BR
Bruce Cook

By:
Rufus Cook, *pro se*

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

In.the.Matter.of.Stonedry.Respondents.Citation.of.Additional.Authority.BR.gb.11.24.15

EX. 15

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )
)
) Case No. 2014 COTD 002392
PETITION OF Stonedry, LLC )
FOR TAX DEED )
)

NOTICE OF FILING

TO: MICHAEL J. WILSON & ASSOCIATES, P.C.
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone: (312) 781-9510
Fax: (312) 781-9511

**PLEASE TAKE NOTICE** that on November 24, 2015, we caused to be filed with the Clerk of the Circuit Court of Cook County, Illinois, Richard J. Daley Center, Chicago, Illinois **RESPONDENTS' CITATION OF ADDITIONAL AUTHORITY,** a copy of which is hereby served upon you.

FILED - CO
CLERK OF THE CIRCUIT COURT
COUNTY DIVISION
2015 NOV 30 PM 2:02
DOROTHY BROWN
CLERK

Respectfully submitted,

By: [signature]
Barbara Revak

By: [signature]
Bruce Cook

By: [signature]
Rufus Cook, *pro se*

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

**CERTIFICATE OF SERVICE BY MAIL**

I, Barbara Revak, an attorney, hereby certify that on November 24, 2015, I caused a copy of **RESPONDENTS' CITATION OF ADDITIONAL AUTHORITY** to be mailed to the above named party by depositing a copy thereof, postage prepaid, into the U.S. Postal Box located at the corner of 75th and Stony Island Avenue.

Barbara Revak

Applying the foregoing interpretation of section 5-102 to the facts of the case at bar, we conclude that at the time of Sarah's May 26, 2004, accident with the Escort, no one was in the process of determining the significance, worth, or condition of Sarah's Saturn. It was not being evaluated to see whether it could be repaired, and it had already been determined that the Saturn was not going to be repaired. Sarah was driving the Escort with Kessler's permission so that Kessler could find her a replacement vehicle. This situation is outside the purview of how the plain language of section 5-102 of the Illinois Vehicle Code defines *permitted user*, which should be strictly construed because that definition results in an abrogation of the common law rule that the vehicle owner's insurance coverage shall be primary.

For the forgoing reasons, we find the circuit court erred in granting the cross-motion for a summary judgment filed by Auto-Owners Insurance Company and Kessler and in denying the motion for a summary judgment filed by Madison Mutual. Accordingly, we reverse and remand with directions for the circuit court to enter an order granting a summary judgment in favor of Madison Mutual.

Reversed and remanded with directions.

STEWART and WEXSTTEN, JJ., concur.

376 Ill.App.3d 714

315 Ill.Dec. 623

Richard A. ANDERSON and Sandra Anderson, Plaintiffs-Appellants,

v.

Donald J. KOHLER, Betty J. Kohle[r] and Arrowhead Development Grou[p], Defendants-Appellees.

No. 2-05-1212.

Appellate Court of Illinois, Second District.

Oct. 4, 2007.

Background: Action was brought on alleged oral contract for the sale of la[nd]. In a bench trial, the Circuit Court, [De] Kalb County, Douglas R. Engel, J. ente[red] judgment in favor of defendants at t[he] close of plaintiffs' case-in-chief. Plainti[ffs] appealed. The Appellate Court revers[ed] and remanded. On remand, the Circ[uit] Court, De Kalb County, Richard J. La[r]son, J., again entered judgment in favor [of] defendants.

Holding: The Appellate Court, O'Mall[ey], J., held that successor judge was requir[ed] on remand to conduct a trial de novo a[nd] could not, consistent with due process, r[ely] on transcript of plaintiff's case-in-ch[ief] from prior trial.

Reversed and remanded.

1. Judges ⇔32

Absent the agreement of the parties successor judge may not make credibil[ity] determinations based on a transcript [of] proceedings over which another judge pr[e]sided.

2. Constitutional Law ⇔3997

Due process requires in a bench tr[ial] that findings of fact based on the demea[n]or of witnesses be made by a judge w[ho] observed the witnesses. U.S.C.A. Con[st.] Amend. 14.

Case: 1:22-cv-00119 Document #: 8 Filed: 01/18/22 Page 147 of 258 PageID #:574

*Kohler*, No. 2-02-1274, 344 Ill.App.3d 1222, 307 Ill.Dec. 320, 859 N.E.2d 320 (2003) (unpublished order under Supreme Court Rule 23), and we recapitulate only what is necessary to explain our decision here. Plaintiffs sued defendants on an alleged oral contract for the sale of the Kohlers' land to plaintiffs. The complaint proceeded to a bench trial before Judge Douglas R. Engel. At the close of plaintiffs' case-in-chief, defendants moved under section 2-1110 of the Code of Civil Procedure (735 ILCS 5/2-1110 (West 2000)) for a finding in their favor. In ruling on the motion, Judge Engel did not weigh the evidence or assess the credibility of the witnesses but found, as a matter of law, that plaintiffs failed to present a *prima facie* case for the existence of an oral contract for the sale of land.

Plaintiffs appealed, and we reversed the trial court's decision. We held that plaintiffs had presented a *prima facie* case. *Anderson*, Slip op. at 9, 344 Ill.App.3d 1222, 307 Ill.Dec. 320, 859 N.E.2d 320. We remanded for "further proceedings" without specifying how the trial court should conduct a new trial on remand. *Anderson*, Slip op. at 11, 344 Ill.App.3d 1222, 307 Ill.Dec. 320, 859 N.E.2d 320. While the appeal was pending, Judge Engel retired. Judge Richard J. Larson was assigned the case, which proceeded again to a bench trial. Over plaintiffs' objection, Judge Larson barred them from presenting their case-in-chief again and instead relied on the transcript of their case-in-chief before Judge Engel. Plaintiffs were, however, allowed to present rebuttal following defendants' case. At the close of the evidence, Judge Larson found the witnesses for the parties "diametrically opposed, particularly as it related to the alleged oral contract to sell real estate." Judge Larson noted that "plaintiff Richard Anderson testified there was an oral contract to sell land" while "defendant Donald Kohler testified there was no oral contr[act] to sell." Judge Larson found Rich[ard] Anderson and Donald Kohler "equ[ally] creditable" and David Anderson, Richar[d]son who also testified, "credible." Im[plicit]edly finding Donald Kohler more credi[ble] than Richard and David Anderson, the [tri]al court entered judgment for defendan[ts]. Plaintiffs filed this timely appeal.

Plaintiffs attack both the procedure [of] the trial and the substance of its outco[me]. As to the procedural aspect, plaintiffs [ar]gue that the trial court committed reve[rs]ible error when, over their objecti[on], Judge Larson relied on the transcript [of] their case-in-chief from the prior trial [in] lieu of live testimony. Plaintiffs ar[gue] that, though credibility was a "central [fo]cus" of their case at trial, Judge Lar[son] heard "only a portion" of their witnes[ses'] testimony and did not have a "full oppo[rtu]nity" to observe the demeanor of th[e] witnesses.

Plaintiffs cite *In re Marriage of So[r]son*, 127 Ill.App.3d 967, 82 Ill.Dec. 906, [469] N.E.2d 440 (1984), from the Fifth Dist[rict] Appellate Court. In *Sorenson*, the p[eti]tioner filed petitions for dissolution of m[ar]riage and for temporary custody of [the] parties' daughter, Sarah. After a hea[ring] on the petition for temporary cust[ody], Judge Lola Maddox granted tempo[rary] custody of Sarah to the respond[ent]. Judge Maddox then held a hearing on [the] dissolution petition, taking testimony [on] issues of permanent child custody and [dis]tribution of marital assets. Before J[udge] Maddox issued any findings on thos[e is]sues, she recused herself from the [case]. The case was reassigned to Judge We[ndell] Durr, who proposed to the parties th[at he] decide the issues of permanent child c[usto]dy and distribution of marital assets b[ased] on the transcripts of the hearings b[efore] Judge Maddox. The parties agreed t[o the] procedure, but only the respondent

...stified there was no oral contract ... Judge Larson found Richard ... and Donald Kohler "equally ..." and David Anderson, Richard's ... also testified, "credible." Impli... ing Donald Kohler more credible ... ard and David Anderson, the tri... entered judgment for defendants. ... filed this timely appeal.

...ffs attack both the procedure of ... and the substance of its outcome. ...e procedural aspect, plaintiffs ar... the trial court committed revers... or when, over their objection, ...arson relied on the transcript of ...e-in-chief from the prior trial in ... live testimony. Plaintiffs argue ...ugh credibility was a "central fo... their case at trial, Judge Larson ...nly a portion" of their witnesses' ...y and did not have a "full opportu... observe the demeanor of those ...s.

...ffs cite *In re Marriage of Soren-...* Ill.App.3d 967, 82 Ill.Dec. 906, 469 ...440 (1984), from the Fifth District ...e Court. In *Sorenson*, the peti... ...ed petitions for dissolution of mar... ...d for temporary custody of the ... daughter, Sarah. After a hearing ... petition for temporary custody, ...ola Maddox granted temporary ... of Sarah to the respondent. ...addox then held a hearing on the ... on petition, taking testimony on ... permanent child custody and dis... ...of marital assets. Before Judge ... issued any findings on those is... ...e recused herself from the case. ... was reassigned to Judge Wendell ...ho proposed to the parties that he ...he issues of permanent child custo... ...istribution of marital assets based ...ranscripts of the hearings before ...addox. The parties agreed to the ...re, but only the respondent was represented by counsel. On the basis of the transcripts, Judge Durr granted the respondent permanent custody of Sarah. The petitioner appealed, arguing that the trial court "was without authority to enter judgment based solely on the record of the prior hearings." *Sorenson*, 127 Ill.App.3d at 968, 82 Ill.Dec. 906, 469 N.E.2d 440.

The appellate court noted that, though prior cases "held that a successor judge may properly issue an order based upon a predecessor judge's findings of fact," the present case involved "a situation where a successor judge issued an order based on *original* findings of fact discerned from the record of prior proceedings." (Emphasis added.) *Sorenson*, 127 Ill.App.3d at 969, 82 Ill.Dec. 906, 469 N.E.2d 440. The court found no Illinois case "delineat[ing] the power of a successor judge to make his or her own findings of fact based solely upon transcribed testimony and exhibits" or "defin[ing] the power of litigants to stipulate to such a procedure." *Sorenson*, 127 Ill.App.3d at 969, 82 Ill.Dec. 906, 469 N.E.2d 440. The court then summed up the trend in other jurisdictions:

> "While the courts of other jurisdictions are divided on the issue of whether a successor judge may make findings of fact based upon a transcript of proceedings over which another judge presided, it is generally held that such a procedure is improper in the absence of a stipulation by the parties. (See generally Annot., 22 A.L.R.3d 922 (1968).) The rationale of this holding is the long-standing principle that a litigant is entitled to a resolution of factual questions by a trier of fact who has been afforded an opportunity to assess the credibility of the witnesses by observing their demeanor. The seriousness with which this principle is regarded is evidenced by the fact that even when parties stipulate to a resolution of factual questions by a successor judge who reviews a record of prior proceedings, a new trial may nevertheless be warranted where critical determinations necessarily hinge upon the credibility of one witness or a set of witnesses over another. (*Moore Golf, Inc. v. Lakeover Golf & Country Club, Inc.* (1975), 49 App.Div.2d 583, 370 N.Y.S.2d 156.)" *Sorenson*, 127 Ill.App.3d at 969, 82 Ill.Dec. 906, 469 N.E.2d 440.

Applying these principles, the appellate court vacated and remanded. The court held that the stipulation of the parties was insufficient to warrant Judge Durr in deciding the issue of custody based on transcripts of the proceedings before Judge Maddox. The court remarked that the testimony before Judge Maddox was "contradictory on matters crucial to a determination of the comparative parental fitness" and, therefore, Judge Durr "could have reached his decision only by weighing the testimony as it appeared in the transcript and necessarily attributing greater credibility to the testimony of the respondent and the witnesses called on respondent's behalf." *Sorenson*, 127 Ill.App.3d at 970, 82 Ill.Dec. 906, 469 N.E.2d 440. Observing that the "overriding concern" in a child custody case is the best interests of the child, the court concluded:

> "[W]e do not believe the interests of [Sarah] were best served by credibility thus attributed on the basis of data which was inherently incomplete. If, by reason of their stipulation, [the parties] were not entitled to a determination of their comparative parental fitness by a trier of fact who was afforded the opportunity to discern truthfulness by observing the demeanor of contradictory witnesses, [Sarah], whose life is singularly affected by such a determination, was so entitled. On this basis, we find the stipulation, insofar as it relates to a finding of parental fitness, inconsistent with the

Case: 1:22-cv-00119 Document #: 8 Filed: 01/18/22 Page 149 of 258 PageID #:576

declared policy of [this] State." *Sorenson*, 127 Ill.App.3d at 970, 82 Ill.Dec. 906, 469 N.E.2d 440.

[1] Defendants propose that, because the case at bar is not "a criminal case or a support case," *Sorenson* is inapplicable. In our view, the principles of *Sorenson* are not so limited. The only tenable reading of *Sorenson* is that the court embraced the majority rule of other jurisdictions: absent the agreement of the parties, a successor judge may not make credibility determinations based on a transcript of proceedings over which another judge presided.[1] See Annotation, K. Kemper, *Power of Successor or Substituted Judge, in Civil Case, to Render Decision or Enter Judgment on Testimony Heard by Predecessor*, 84 A.L.R. 5th 399, 418, 2000 WL 1838979 (2000) (collecting cases and concluding that "[a]s a general rule, due process considerations require that a party in a case tried without a jury is entitled to a decision by the judge who heard the evidence"). Any view that this rule is limited in Illinois to cases involving delicate issues like those in *Sorenson*, or may have diminished application based on the substance of the underlying controversy, is extinguished by the Illinois authorities that *Sorenson*, oddly, overlooked. The only case *Sorenson* cited was *Brady v. Brady*, 26 Ill.App.3d 131, 324 N.E.2d 645 (1975), another marriage dissolution case where custody issues were paramount. *Brady*, however, cited *Trzebiatowski v. Jerome*, 24 Ill.2d 24, 179 N.E.2d 622 (1962) (*Trzebiatowski II*), which followed *Trzebiatowski v. Jerome*, 19 Ill.2d 30, 166 N.E.2d 65 (1960) (*Trzebiatowski I*).

*Trzebiatowski I* and *Trzebiatowski II* involved a suit in equity by the plaintiff to invalidate, as procured by fraud, a trust agreement between her and the defendant. After a bench trial, the trial court entered judgment for the plaintiff. On direct appeal to the supreme court, the defendant argued that the trial court based its decision "upon a theory not advanced in the pleadings and to which he had no opportunity to defend." *Trzebiatowski I*, 19 Ill.2d at 35, 166 N.E.2d 65. The defendant explained that, though the plaintiff's complaint "sound[ed] in actual fraud and [was] based upon a fraudulent wilful misrepresentation," the trial court's decision was "replete with references to and findings of constructive fraud, overreaching, unconscionable fee, enrichment, and either no services or no useful services." *Trzebiatowski I*, 19 Ill.2d at 35, 166 N.E.2d 65. The supreme court agreed that "the theory upon which the [trial court's] decree [was] based took form subsequent to the presentation of evidence." *Trzebiatowski I*, 19 Ill.2d at 36, 166 N.E.2d 65. The court reversed and remanded, directing that the proofs be reopened to allow the defendant to present additional evidence relevant to the plaintiff's theory as it evolved at trial.

On remand, the chancellor, who had heard the evidence in the original proceedings granted a change of venue, and the case was tried before "a new judge, who, over proper and strenuous objection by defendant, permitted plaintiff to introduce into evidence the transcript of the proceedings at the original hearing even though there was no showing plaintiff's witnesses were not available on the second trial." *Trzebiatowski II*, 24 Ill.2d at 25, 179 N.E.2d 622. After the defendant presented his case, the trial court found for the plaintiff. The defendant appealed, and the

1. This is, according to *Sorenson*, what the law requires at a bare minimum. Under *Sorenson*, even the stipulated use of transcripts in lieu of the *de novo* presentation of evidence may be improper where witness credibility is central to the case or where other important interests exist, such as those of the child in a custody proceeding.

nt between her and the defendant. bench trial, the trial court entered t for the plaintiff. On direct ap- the supreme court, the defendant hat the trial court based its deci- on a theory not advanced in the s and to which he had no opportu- efend." Trzebiatowski I, 19 Ill.2d 6 N.E.2d 65. The defendant ex- that, though the plaintiff's 'com- ound[ed] in actual fraud and [was] on a fraudulent wilful misrepre- ," the trial court's decision was with references to and findings of ive fraud, overreaching, uncon- fee, enrichment, and either no or no useful services." Trzebia- 19 Ill.2d at 35, 166 N.E.2d 65. eme court agreed that "the theo- which the [trial court's] decree sed took form subsequent to the ion of evidence." Trzebiatowski 2d at 36, 166 N.E.2d 65. The versed and remanded, directing proofs be reopened to allow the t to present additional evidence to the plaintiff's theory as it t trial.

mand, the chancellor who had e evidence in the original proceed- ated a change of venue, and the tried before "a new judge, who, per. and strenuous objection by t, permitted plaintiff to introduce ence the transcript of the proceed- he original hearing even though s no showing plaintiff's witnesses available on the second trial." wski II, 24 Ill.2d at 25, 179 22. After the defendant present- se, the trial court found for the The defendant appealed, and the supreme court reversed in a brief opinion, holding that "[u]nder the circumstances reflected in the record it was error for the second chancellor to admit the transcript of the first proceeding into evidence and to consider it as a basis of decision." Trzebiatowski II, 24 Ill.2d at 25, 179 N.E.2d 622. For the court, the issue was of constitutional dimension:

> The full hearing contemplated by due process of law contemplates that all of the evidence should be submitted before a single judge or master who may see the witnesses and weigh their testimony and determine their credibility." Trzebiatowski II, 24 Ill.2d at 25-26, 179 N.E.2d 622.

The court declared that "[i]t was the clear duty of the chancellor here to conduct a trial *de novo*." Trzebiatowski II, 24 Ill.2d at 26, 179 N.E.2d 622. The court remanded "with directions to have a trial *de novo*." Trzebiatowski II, 24 Ill.2d at 26, 179 N.E.2d 622.

As authority for the principle of due process it articulated, Trzebiatowski II cited two Illinois cases, *People ex rel. Reiter v. Lupe*, 405 Ill. 66, 89 N.E.2d 824 (1950), and *Mills v. Ehler*, 407 Ill. 602, 95 N.E.2d 848 (1951). In *Reiter*, the plaintiff brought an action for an accounting against an insurance company and other defendants. The trial court referred the case to a master in chancery (the first master) to take testimony and submit proposed conclusions of law and fact. At the conclusion of the plaintiff's case before the first master, the defendants moved for a finding in their favor. On the recommendation of the first master, the trial court granted the motion. The supreme court reversed the decision and remanded for a new hearing. *Reiter v. Illinois National Casualty Co.*, 397 Ill. 141, 73 N.E.2d 412 (1947). On remand, the case was referred to a different master (the second master). The plaintiff, seeking to avoid the expense of presenting his case anew, moved the second master simply to consider the transcript of the plaintiff's case before the first master. The defendants objected, urging the second master to conduct a trial *de novo*. The motion was referred to the trial judge, who denied it and directed the second master to conduct a hearing *de novo*. The plaintiff petitioned the supreme court for a writ of *mandamus* directing the trial court to expunge its order for a hearing *de novo*. The supreme court denied the petition, reasoning:

> "[The second master] has not seen, or heard the witnesses produced by plaintiff at the former hearing. Since a consideration of the proper weight or sufficiency of plaintiff's evidence is a necessary subject to be considered by him in interpreting the evidence offered by defendants, it will be seen that the defendants would be deprived of their fundamental right to a decision by a master who saw the witnesses on the stand and heard all their testimony. One of the duties of a master is to decide upon the credibility of the witnesses, a duty which he cannot fully perform if he does not see the witnesses. The full hearing required by due process of law contemplates that all of the evidence should be submitted before a single judge, master or other tribunal which could see the witnesses, weigh their testimony and determine their credibility. In the absence of findings and report from the master, in order to afford the parties a hearing within the recognized meaning of that word, it is the duty of the court to direct a trial *de novo* before another master or before itself. [Citation.]
>
> * * *
>
> * * * No one could contend in a law case that a plaintiff who had obtained a

improper where witness credibility is to the case or where other important exist, such as those of the child in a proceeding.

decision in an Appellate Court, reversing the ruling of a trial court which had taken his case away from the court or jury, would have the right to present his evidence from the first trial in transcript form at a new trial." *Reiter,* 405 Ill. at 71–73, 89 N.E.2d 824.

In *Mills,* the plaintiff sued to have a quitclaim deed declared void. The evidence was heard by a master in chancery (the first master), who submitted proposed conclusions of law and fact to the trial judge. Later, the plaintiff's complaint was dismissed for failure to name a necessary party. The plaintiff filed an amended complaint, and, over the plaintiff's objection, the case was referred to a different master (the second master). The second master conducted a hearing *de novo.* On the second master's recommendation, the trial judge dismissed the amended complaint "for want of equity." *Mills,* 407 Ill. at 607, 95 N.E.2d 848. The plaintiff appealed. When the case reached the supreme court, the defendants filed a motion to strike from the record all matters relating to the proceedings before the first master. The plaintiff opposed the motion, suggesting that the trial judge's decision showed that his conclusions were based in part on the report from the first master. The court rejected the plaintiff's interpretation of the trial judge's decision. The court, citing *Reiter,* noted alternatively that, "under the previous decisions of this court, it would have been erroneous either for [the second master], on a reference to take evidence and report his conclusions, or the judge who made the reference, to have considered the matters presented to [the first master] on the previous reference." *Mills,* 407 Ill. at 611, 95 N.E.2d 848. The court observed that the plaintiff seemed "aware of this rule" "by her action of causing all witnesses who testified before [the first master], to appear again before [the second master]." *Mills,* Ill. at 612, 95 N.E.2d 848.

[2] Several points may be drawn fr the holdings in *Sorenson, Trzebiatow II, Reiter,* and *Mills.* First, the lat three cases confirm that the due proc mandate—that findings of fact based the demeanor of witnesses be made by judge who observed the witnesses—is n limited to marriage dissolution cas Though they all dealt with equitable clai in chancery courts, nothing in the cas suggests that the elementary principle due process they espouse does not ha full sway in proceedings at law, as *Soren son* would later illustrate. Indeed, *Reit* reached its holding in part by drawi comparisons to proceedings at law, noti that "[n]o one could contend in a law ca that a plaintiff who had obtained a decisi in an Appellate Court, reversing the rulin of a trial court which had taken his ca away from the court or jury, would hav the right to present his evidence from th first trial in transcript form at a new trial *Reiter,* 405 Ill. at 72–73, 89 N.E.2d 82

[3] Second, the requirement of du process is not met if all the witnesses wh testified before the predecessor judge als give some testimony before the successo judge. The supreme court's comment i *Reiter* that the second master saw none o the witnesses who testified before the firs master (see *Reiter,* 405 Ill. at 72, 8 N.E.2d 824) must not be taken to impl that the mere appearance of those wit nesses before the second master woul have been sufficient. That notion is fore closed by the court's description of wha due process requires. According to th court, 'due process mandates that "all o the evidence should be submitted before a single judge, master or other tribuna which could see the witnesses, weigh thei testimony and determine their credibility." (Emphasis added.) *Reiter,* 405 Ill. at 71

Case: 1:22-cv-00119 Document #: 8 Filed: 01/18/22 Page 152 of 258 PageID #:579

second master]." *Mills,* 407 N.E.2d 848.

al points may be drawn from in *Sorenson, Trzebiatowski* and *Mills.* First, the latter confirm that the due process at findings of fact based on r of witnesses be made by a observed the witnesses—is not marriage dissolution cases. all dealt with equitable claims courts; nothing in the cases t the elementary principle of they espouse does not have proceedings at law, as *Soren-* ter illustrate. Indeed, *Reiter* holding in part by drawing to proceedings at law, noting e could contend in a law case ff who had obtained a decision ite Court, reversing the ruling urt which had taken his case he court or jury would have present his evidence from the ranscript form at a new trial." Ill. at 72–73, 89 N.E.2d 824.

id, the requirement of due t met if all the witnesses who re the predecessor judge also stimony before the successor supreme court's comment in he second master saw none of s who testified before the first *Reiter,* 405 Ill. at 72, 89 must not be taken to imply re appearance of those wit- e the second master would ufficient. That notion is fore- e court's description of what requires. According to the rocess mandates that "all of should be submitted before a , master or other tribunal see the witnesses, weigh their d determine their credibility." dded.) *Reiter,* 405 Ill. at 71,

89 N.E.2d 824. Litigants are entitled to "a decision by a master who saw the witnesses * * * and heard all their testimony." (Emphasis added.) *Reiter,* 405 Ill. at 71, 89 N.E.2d 824. A trial *de novo* is required where the predecessor judge left no "findings and report." *Reiter,* 405 Ill. at 71, 89 N.E.2d 824. Notably, the supreme court in *Trzebiatowski II* did not consider it necessary to observe whether all the witnesses who testified at the first hearing also testified at the second hearing. The court found reason enough for reversal in the simple fact that the judge who made credibility determinations did not see all of the testimony of the witnesses he judged. The requirement that a judge see the entire testimony of the witness whose credibility he assesses is in keeping with the distinct roles of trial and appellate courts. If courts of review are ill-equipped to assess a witness's credibility, they are no better positioned to decide what level of exposure to a particular witness is necessary for a trial court to form a substantiated view of his credibility. Courts of review are spared the need to make this type of judgment by the rigid rule of *Trzebiatowski II, Reiter,* and *Mills.*

[4] Third, as the supreme court authorities imply, and as *Sorenson* makes explicit, a successor judge may render a decision based on a predecessor judge's findings of fact. See *Reiter,* 405 Ill. at 71–72, 89 N.E.2d 824 ("*In the absence of findings and report from the master,* in order to afford the parties a hearing within the recognized meaning of that word, it is the duty of the court to direct a trial *de novo* before another master or before itself" (emphasis added)); *Sorenson,* 127 Ill. App.3d at 969, 82 Ill.Dec. 906, 469 N.E.2d 440 ("a successor judge may properly issue an order based upon a predecessor judge's findings of fact"). We need not explore the details of this caveat to render our decision, for here Judge Engel made no credibility determinations in the prior proceeding.

[5, 6] Fourth, any litigant in the proceeding may assert the due process right. In addition, a litigant has standing to object where *any* of the testimony was not presented before the judge who made the credibility findings. This includes testimony from the litigant's own witnesses as well as testimony from another litigant's witnesses. In the case at bar, plaintiffs complain that they were unable to present their own case-in-chief again. In *Trzebiatowski II* and *Reiter,* however, it was the plaintiffs' decisions to stand on the transcripts of their cases-in-chief that triggered the defendants' objections.

[7] Fifth, the due process mandate is not absolute. A successor judge may rely on transcripts of a prior trial in lieu of proceeding *de novo* where the witnesses who testified at the prior trial are "not available on the second trial" (*Trzebiatowski II,* 24 Ill.2d at 25, 179 N.E.2d 622) or where the parties agree to stand on transcripts of the prior proceeding (*Sorenson,* 127 Ill.App.3d at 969, 82 Ill.Dec. 906, 469 N.E.2d 440). *Sorenson,* we note, further suggests that the agreement of the parties may be insufficient "where critical determinations necessarily hinge upon the credibility of one witness or set of witnesses over another," or where other important interests exist. *Sorenson,* 127 Ill.App.3d at 969, 82 Ill.Dec. 906, 469 N.E.2d 440. We express no opinion on these caveats from *Sorenson,* for here the minimum requirement of an agreement between the parties was not met and there is no suggestion that any witness who testified at the first trial was unavailable for the second trial.

Defendants contend that Judge Larson's decision to proceed as he did over plaintiffs' objection finds vindication in *In re*

*Marriage of Fotsch*, 139 Ill.App.3d 83, 93 Ill.Dec. 640, 487 N.E.2d 84 (1985). In *Fotsch*, the predecessor judge took testimony on the petitioner's petition for a change of custody of the parties' children. When the predecessor judge recused herself before the evidence was concluded, the petitioner moved the successor judge to make a decision based on the transcript of the proceeding before the predecessor judge and on additional testimony presented by the parties. The respondent agreed to the procedure. The trial court denied the petitioner's motion, on the basis of *Sorenson*, but certified the question for review. The First District Appellate Court vacated the trial court's order. The court criticized *Sorenson*, but on inconsistent grounds. The court discounted *Sorenson* as "inconsistent with the well-established law of this State and many others," which is that "transcripts of prior testimony may be used by a successor judge if such procedure is consented to by all parties." *Fotsch*, 139 Ill.App.3d at 87, 93 Ill.Dec. 640, 487 N.E.2d 84. Yet the *Fotsch* court agreed with *Sorenson's* refusal to rely on the transcripts of the prior proceeding *despite* the parties' agreement to the procedure. The *Fotsch* court considered the refusal warranted because neither the respondent nor the parties' child in *Sorenson* was represented by counsel. In contrast to *Sorenson*, all the parties in *Fotsch* were represented by counsel.

The *Fotsch* court proceeded to distinguish *Sorenson* on one further ground:

> "Finally, in *Sorenson*, the successor judge entered the judgment based solely on the transcripts of the prior hearing and never heard testimony from a single witness—not even the parties. In the case before us, the successor judge will have an opportunity to hear testimony from the parents, their experts and various other witnesses, and will have an opportunity to interview the children *in camera*." *Fotsch*, 139 Ill.App.3d at 93 Ill.Dec. 640, 487 N.E.2d 84.

The *Fotsch* court offers this rationale seemingly independent of its earlier obs[ervation] that the parties voluntarily agre[ed] to the use of transcripts from the pr[ior] proceeding. If the suggestion is that d[ue] process is always satisfied if all witness[es] from the prior proceeding appear bef[ore] the successor judge, even if not all of t[he] evidence in the case is presented anew [to] that judge, then *Fotsch* is out of step wi[th] supreme court authority. In *Trzebiato[w]ski II*, the supreme court held that "all the evidence should be submitted before [a] single judge or master who may see t[he] witnesses, weigh their testimony and d[e]termine their credibility." (Emphasis ad[d]ed.) *Trzebiatowski II*, 24 Ill.2d at 26, 1[7]9 N.E.2d 622.

[8] In the present case, Judge Eng[el] made no credibility determinations in t[he] prior proceeding, and plaintiffs did n[ot] agree that the transcripts from that pr[o]ceeding should stand as their case-in-chi[ef] before Judge Larson. Judge Larso[n], therefore, was required to conduct a tri[al] *de novo*, which he refused to do.

The due process concerns in this ca[se] are particularly acute. Plaintiffs' claim [of] an oral agreement is based on a convers[a]tion between Richard Anderson, his so[n] David, and Donald Kohler that took pla[ce] in the spring of 1994 on Richard's prope[r]ty. Richard, David, and Donald all testi[fied] to this conversation but, as Judg[e] Larson observed, Donald's version of th[e] conversation "diametrically opposed" Ric[h]ard's and David's. In plaintiffs' case-in-chief (before Judge Engel), and in the rebuttal case (before Judge Larson), Ric[h]ard testified that, during the spring 199[4] conversation, Donald "agreed to sell" Ric[h]ard a parcel of land. David testified, i[n] plaintiffs' case-in-chief, that Donald said h

Case: 1:22-cv-00119 Document #: 8 Filed: 01/18/22 Page 154 of 258 PageID #:581

." Fotsch, 139 Ill.App.3d at 87, ec. 640, 487 N.E.2d 84.

h court offers this rationale as independent of its earlier obser- t the parties voluntarily agreed e of transcripts from the prior g. If the suggestion is that due always satisfied if all witnesses prior proceeding appear before isor judge, even if not all of the n the case is presented anew to , then Fotsch is out of step with court authority. In Trzebiatow- supreme court held that "all of ce should be submitted before a ge or master who may see the weigh their testimony and de- eir credibility." (Emphasis add- biatowski II, 24 Ill.2d at 26, 179 2.

the present case, Judge Engel redibility determinations in the eeding, and plaintiffs did not the transcripts from that pro- ould stand as their case-in-chief dge Larson. Judge Larson, was required to conduct a trial hich he refused to do.

process concerns in this case larly acute. Plaintiffs' claim of eement is based on a conversa- en Richard Anderson, his son Donald Kohler that took place ng of 1994 on Richard's proper- d, David, and Donald all testi- s conversation but, as Judge served, Donald's version of the n "diametrically opposed" Rich- David's. In plaintiffs' case-in- re Judge Engel) and in their se (before Judge Larson), Rich- d that, during the spring 1994 n, Donald "agreed to sell" Rich- el of land. David testified, in ise-in-chief, that Donald said he was "more than willing" to sell the land. David did not testify to the conversation on rebuttal. In the defense case (before Judge Larson), Donald directly contradicted Richard and David, testifying that he offered only a sublease of the land to Richard and said he "maybe" would agree to a sale later.

[10] Judge Larson had occasion to observe Richard and David Anderson as they testified in plaintiffs' rebuttal case. This exposure was limited in a material respect, however. While both Richard and David had testified about the crucial spring 1994 conversation in plaintiffs' case-in-chief before Judge Engel, only Richard testified to that conversation in the rebuttal case before Judge Larson. David's rebuttal testimony touched only on matters relevant to plaintiffs' case for damages. Judge Larson, therefore, had no opportunity to observe David as he testified to an event integral to plaintiffs' case. Whether Judge Larson nonetheless saw enough of David to have an adequate sense of his credibility is immaterial, for "[t]he full hearing contemplated by due process of law contemplates that all of the evidence should be submitted before a single judge or master who may see the witnesses, weigh their testimony and determine their credibility." (Emphasis added.) Trzebiatowski II, 24 Ill.2d at 25–26, 179 N.E.2d 622.

Accordingly, we reverse the trial court's judgment for defendants on count I of plaintiffs' complaint, which sought specific performance of the alleged oral contract. We also reverse the trial court's dismissal of the remaining count, count III, which sought damages, because the dismissal was premised on the judgment on count I. If this case proceeds to a trial again on remand, the trial court must conduct a trial de novo because plaintiffs oppose the substitution of transcripts from the prior trial for live testimony.

For the foregoing reasons, we reverse the judgment of the circuit court of De Kalb County and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

McLAREN and BYRNE, JJ., concur.

376 Ill.App.3d 67
315 Ill.Dec. 632

The PEOPLE of the State of Illinois, Plaintiff–Appellee,

v.

Steven D. LISLE, Jr., Defendant–Appellant.

No. 3–05–0032.

Appellate Court of Illinois, Third District.

Oct. 5, 2007.

Background: Defendant was convicted in the Circuit Court, 14th Judicial Circuit, Rock Island County, Charles H. Stengel, J., of first degree murder and aggravated battery, and he appealed.

Holdings: The Appellate Court, Schmidt, J., held that:

(1) battery victim's statement to witness that defendant shot him was admissible under excited utterance hearsay exception;

(2) statement was not testimonial and thus did not implicate defendant's rights to confront his accuser;

(3) state was not required to produce battery victim or prove his unavailability before introducing statement; and

sure and she told the officer that she could identify the defendant by the freckles on his face. The defendant testified that he was home in bed on the night in question and his testimony was supported by his two sisters. He admitted that the complaining witness was positive in her identification even after the arresting officer had pointed out that he could not arrest the man because of the color of his clothing.

The defendant argues that the identification of the defendant was based only upon the fact that he was wearing a light colored jacket and argues that this type of evidence is insufficient to establish defendant's guilt beyond a reasonable doubt. The identification by Young is subject to this criticism and if his testimony were the only identification testimony in the record, we would not hesitate to reverse the judgment of conviction. However, even if his testimony is disregarded, there remains the positive testimony of the complaining witness that she clearly saw the defendant's face at close range and that she recognized him by the freckles on his face, as well as by his clothing.

[2] He also points out that the lighting was poor at the time and place of the assault and also contends that the complaining witness's testimony is entitled to little weight because her glasses were knocked off during the struggle. His argument with respect to the lighting conditions is not borne out by the record. Furthermore, these arguments go only to the credibility as to the testimony of the complaining witness, which was a matter for the jury to determine. We are of the opinion that the evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt.

[3] The defendant's second contention is that the trial judge unduly restricted the cross-examination of the complaining witness and Young. The court sustained objections to questions as to why the complaining witness had called Young at about 4 o'clock in the morning. The purpose of the call was immaterial and the trial judge properly sustained objections to the questions.

The judgment of the criminal court of Cook County is affirmed.

Judgment affirmed.

24 Ill.2d 24

Anna M. TRZEBIATOWSKI, Appellee,

v.

William C. JEROME, Appellant.

No. 36605.

Supreme Court of Illinois.

Jan. 23, 1962.

A suit was brought to nullify and avoid a trust agreement. The Circuit Court, Du Page County, rendered a decree for the plaintiff. The Supreme Court reversed the decree with directions that additional evidence be heard. On remandment the first Chancellor who had heard the evidence in the original proceeding granted a change of venue on the ground of prejudice. The Circuit Court, Du Page County, Philip E. Locke, J., the new Chancellor, rendered a decree for the plaintiff, and the defendant appealed. The Supreme Court, Daily, J., held that the second Chancellor had the duty to conduct a trial de novo, and that it was error for him to permit the plaintiff to introduce into evidence the transcript of the proceedings at the original hearing, in absence of any showing that plaintiff's witnesses were not available on the second trial.

Reversed and remanded with directions.

Venue ⊜80

Second chancellor, to whom suit was assigned by first chancellor after granting

..material and the trial judge ..ined objections to the ques..

..nt of the criminal court of ..s affirmed.

..irmed.

24 Ill.2d 24

..ZEBIATOWSKI, Appellee,

v.

..JEROME, Appellant.

No. 36605.

..ne Court of Illinois.

Jan. 23, 1962.

..brought to nullify and avoid ..nt. The Circuit Court, Du .. rendered a decree for the .. Supreme Court reversed the .. ections that additional evi.. On remandment the first .. had heard the evidence in ..ceeding granted a change .. ground of prejudice. The .. Du Page County, Philip E. ..new Chancellor, rendered a ..plaintiff, and the defendant .. Supreme Court, Daily, J., ..econd Chancellor had the .. a trial de novo, and that it ..m to permit the plaintiff to ..idence the transcript of the ..he original hearing, in ab..owing that plaintiff's wit..t available on the second

..nd remanded with direc..

..cellor, to whom suit was .. chancellor after granting change of venue, on ground of prejudice, on remand, was required to conduct trial de novo even though direction on remand was to hear additional evidence and should not have permitted plaintiff to introduce in evidence transcript of proceedings at original hearing, where there was no showing that plaintiff's witnesses were not available on second trial.

Graham & McElligott, Chicago (William C. Wines, Errett O. Graham, and John A. McElligott, Chicago, of counsel), for appellant.

Edgar J. Elliott, Wheaton, for appellee.

DAILY, Justice.

In a prior appeal in this cause we reversed a decree for the plaintiff, Anna M. Trzebiatowski, and remanded the cause to the circuit court of Du Page County with directions that additional evidence be heard. (Trzebiatowski v. Jerome, 19 Ill.2d 30, 166 N.E.2d 65.) Upon remandment, however, the chancellor who had heard the evidence in the original proceeding granted a change of venue on the ground of prejudice, an action which has not been challenged and which had the inevitable effect of requiring a trial *de novo*. The matter was assigned to a new judge who, over proper and strenuous objection by defendant, permitted plaintiff to introduce into evidence the transcript of the proceedings at the original hearing even though there was no showing plaintiff's witnesses were not available on the second trial. Thereafter, plaintiff rested, and the defendant introduced additional testimony and evidence, after which a decree was again entered for the plaintiff. A freehold being involved, defendant has appealed directly to this court.

Under the circumstances reflected in the record it was error for the second chancellor to admit the transcript of the first proceeding into evidence and to consider it as a basis of decision. The full hearing contemplated by due process of law contemplates that all of the evidence should be submitted before a single judge or master who may see the witnesses, weigh their testimony and determine their credibility. (People ex rel. Reiter v. Lupe, 405 Ill. 66, 89 N.E.2d 824; Mills v. Ehler, 407 Ill. 602, 95 N.E.2d 848; Buchsbaum & Co. v. Federal Trade Comm. (7th cir.) 153 F.2d 85; Smith v. Dental Products Co. (7th cir.) 168 F.2d 516.) It was the clear duty of the chancellor here to conduct a trial *de novo*.

Accordingly, the decree of the circuit court of Du Page County is reversed, and the cause is remanded with directions to have a trial *de novo*.

Reversed and remanded, with directions.

24 Ill.2d 20

CITY OF CHICAGO et al., Appellees,

v.

R. R. BUILDING CORP. et al., Appellants.

No. 36518.

Supreme Court of Illinois.

Jan. 23, 1962.

Proceeding on condemnees' petition for payment of full amount of condemnation award, without deduction for taxes. The Circuit Court, Cook County, Ezra J. Clark, J., dismissed the petition, and petitioners appealed directly. The Supreme Court, Schaefer, J., held that statutory scheme requiring condemnee to pay whole of year's taxes, which attached as lien on January 1 of year petition was filed, did not violate due process.

Order affirmed.

1. Eminent Domain ⇐74

Although value of condemned property is determined as of date petition is filed, condemnor is not entitled to possession until

# EXHIBIT INDEX

# EX. 16

# SETTLEMENT AGREEMENT

This Settlement Agreement is made as of the 1st day of December, 2015, by and between Stonedry, LLC. ("Stonedry"), and The Ridgeland Corporation., Cook, Revak & Associates Ltd., Rufus Cook, individually, Barbara J. Revak, individually, 7411 Corp., and 7411 Services Corp. (collectively referred to as "Respondents").

WHEREAS, STONEDRY owns the 2013 scavenger tax sale certificate for the property known as permanent index number 20-25-131-004-0000 (the "Property").

WHEREAS, STONEDRY filed a Petition for Tax Deed in the Circuit Court of Cook County known as case number 2014 COTD 002392.

WHEREAS, the period of redemption for the tax sale for the property expired on January 8, 2015, without redemption.

WHEREAS, Stonedry conducted a hearing in case number 2014 COTD 002392 on February 9, 2015.

WHEREAS, Respondents filed an Appearance in case number 2014 COTD 002392 and have raised defenses thereto.

WHEREAS, Respondents will submit to the Court an Agreed Order withdrawing any and all objections to the tax deed proceeding and agreeing to the entry of the Order Directing County Clerk to Issue Tax Deed.

WHEREAS, STONEDRY and Respondents now desire to resolve the matter on the terms and conditions hereinafter set forth;

NOW THEREFORE, for and in consideration of the promises and representations herein set forth, and for other good and valuable consideration, receipt of which is hereby acknowledged, each of the parties agree as follows:

Ex. 16

1. STONEDRY, in consideration of the mutual promises and undertakings set out herein, will do the following upon and at the same time as submission to the court of the Agreed Order referred to above:

a. pay to The Ridgeland Corporation, which is hereby designated by Respondents to receive payment on their behalf, a cashier's check in the amount of eighty thousand dollars ($80,000) by December 2, 2015.

2. Michael J. Wilson & Associates, P.C. shall submit the documents necessary to cause the Circuit Court of Cook County to enter an Order Directing County Clerk to Issue Tax Deed to STONEDRY and for the Court to enter an Agreed Order for Possession for the subject property. The enforcement of the Order for Possession shall be stayed until April 1, 2016. The Court shall also enter a Motion to Toll the running of the time which Stonedry, LLC has to have the Tax Deed issued and recorded the number of days between when Respondents filed their Appearance and the day the Court enters the Order Directing County Clerk to Issue Tax Deed to Stonedry.

3. Upon entry of said Order, Michael J. Wilson & Associates, P.C. shall take the necessary steps to have the Cook County Clerk issue the Tax Deed to STONEDRY and have it recorded in the Office of the Recorder of Deeds of Cook County.

4. The parties further agree that if either party breaches this Settlement Agreement, the breaching party shall be liable for and shall indemnify the other party for all costs, expenses, liabilities, and fees, including reasonable attorneys' fees, that may be incurred as a result of such breach, in addition to such other remedies that may be available at law or in equity, including but not limited to specific performance.

5. Each of the parties hereto shall bear its own costs and attorneys' fees with respect to the action and the preparation and execution of this Settlement Agreement and all documents required herein.

6. Respondents shall be entitled to exclusive rent-free possession of the subject property until April 1, 2015, except that Stonedry shall have the right to rent advertising space to others on the exterior north and south walls of the property, and to receive the income therefrom. Respondents shall provide Stonedry with access to the subject property for the purpose of renting advertising space on the exterior north and south walls of the property and also for the purpose of marketing the property for sale, which includes placing "For Sale" signs on the property, and to confirm the condition of the property, including but not limited to confirming that no pipes have burst and no water damage exists due to lack of heat, Stonedry shall provide Respondents with no more the forty-eight (48) hours advance notice of when access to the property will be required. Respondents do not need to provide Stonedry with access to the property on Sundays. In the event that Respondents do not provide Stonedry with access as hereby provided, the condition of the property has deteriorated due to lack of care or insufficient heat, or any freezing or breaking of pipes occurs, Stonedry can file Petition for Order for Possession "instanter". Respondents shall return the subject property in same condition as it appeared on the date of this Settlement Agreement, less normal wear and tear. In the event that the subject property is not returned in the same condition as it appeared on the date of this Settlement Agreement, Respondents shall be personally liable for any and all damage to the subject property that insurance does not cover. On the date of this Settlement Agreement, Respondents shall take such steps as are necessary that no freezing or breaking of pipes occurs anywhere in the property, which steps may include heating or draining water from pipes to assure that no freezing of water and pipes occurs.



7. Intentionally Omitted.

8. This Settlement Agreement is the entire agreement between the parties pertaining to the subject matter hereof, constituting the final, complete, and exclusive expression of the terms and conditions thereof. All prior agreements, representations, negotiations, and understandings of the parties hereto, oral or written, expressed or implied, are superseded and merged herein.

9. If any terms or provision of this Settlement Agreement or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this Settlement Agreement or the application of such term or provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and each term and provision of this Settlement Agreement shall be valid and be enforced to the fullest extent permitted by law.

10. No addition to or modification of any provision contained in this Settlement Agreement shall be effective unless fully set forth in writing signed by all the parties hereto. No waiver of any rights hereunder shall be effective unless fully set forth in writing signed by the waiving party.

11. The parties agree to request that the Court retain jurisdiction of this matter to enforce the terms of the settlement agreement and to enter an Order for Possession.

12. The Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute and be one and the same instrument.

13. The Ridgeland Corporation shall provide Stonedry LLC with a Warranty Deed (subject to 2009-2014 general real estate taxes) to the subject property. Cook, Revak &



Associates, Ltd.; Rufus Cook; Barbara Revak; The 7411 Corp.; and 7411 Services Corp.; will provide Stonedry LLC with Quit Claim Deeds to the subject property.

14. Respondents and/or anyone with whom Respondents are affiliated agree not to file any litigation regarding property known as permanent index number 20-25-131-004-0000, including but not limited to, a Petition to Vacate Order Directing County Clerk to Issue Tax Deed and For Other Relief. Respondents attest that other than the named Respondents in this Settlement Agreement, no other parties exist that have legal standing to file any litigation regarding property known as permanent index number 20-25-131-004-0000, including but not limited to a Petition to Vacate Order Directing County Clerk to Issue Tax Deed and For Other Relief.

15. If Respondents or anyone with whom Respondents are affiliated file any litigation to contest the validity of this Settlement Agreement for the property known by permanent index number 20-25-131-004-0000 or to vacate the Order Directing County Clerk to Issue Tax Deed and For Other Relief, Respondents are obligated to pay Stonedry's or its successor's or assign's attorney fees and costs required to litigate said litigation and the attorney fees and costs required for Stonedry to obtain title to the subject property.

16. A landlord-tenant relationship is not hereby created between the parties and Stonedry is not the landlord of Respondents and Respondents are not the tenant of Stonedry. Stonedry does not waive its right to obtain an order of possession in the tax deed proceedings in case of default on the part of Respondents in any of the terms and conditions of this agreement and Stonedry shall have the right to obtain an order for possession in the tax deed proceedings out of which Stonedry acquired title to the property without the necessity of filing a separate action under the Forcible Entry and Detainer Act (735 ILCS 5/9-101, et. Seq.) and Respondents hereby expressly waive all rights and defenses otherwise available under the Forcible Entry and Detainer Act.

AG

17. If Stonedry, its successors or assigns files a Petition for Order of Possession in the tax deed case, Respondents are obligated to pay Stonedry's, its successor's or assign's attorney fees and costs for the Petition for Order of Possession.

18. Time is of the essence in this agreement, and this agreement shall be binding upon and inure to the parties hereto, their heirs, executors, administrators, successors and assigns.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the date first set forth above

STONEDRY, LLC

Dated: December 1, 2015

By: ______________

Title: member

Subscribed and Sworn to before me this 1st day of December, 2015

______________
Notary Public

OFFICIAL SEAL
MICHAEL J. WILSON
Notary Public - State of Illinois
My Commission Expires 3/29/2019

The Ridgeland Corp.

Dated: December 1, 2015

By: ______________

Title: President

Subscribed and Sworn to before me this 1st day of December, 2015.

______________
Notary Public

OFFICIAL SEAL
MICHAEL J. WILSON
Notary Public - State of Illinois
My Commission Expires 3/29/2019

RC

Cook, Revak & Associates, Ltd.

Dated: December 1, 2015

By: [signature]

Title: President

Subscribed and Sworn to before me this 1st day of December, 2015.

[signature]
Notary Public

OFFICIAL SEAL
MICHAEL J. WILSON
Notary Public - State of Illinois
My Commission Expires 3/29/2019

The 7411 Corp.

Dated: December 1, 2015

By: [signature]

Title: President

Subscribed and Sworn to before me this 1st day of December, 2015.

[signature]
Notary Public

OFFICIAL SEAL
MICHAEL J. WILSON
Notary Public - State of Illinois
My Commission Expires 3/29/2019

7411 Services Corp.

Dated: December 1, 2015

By: [signature]

Title: President

Subscribed and Sworn to before me this 1st day of December, 2015.

[signature]
Notary Public

OFFICIAL SEAL
MICHAEL J. WILSON
Notary Public - State of Illinois
My Commission Expires 3/29/2019

Rufus Cook

Dated: December 1, 2015 ______________________

Subscribed and Sworn to before me this 1st day of December, 2015.

______________________
Notary Public

OFFICIAL SEAL
MICHAEL J. WILSON
Notary Public - State of Illinois
My Commission Expires 3/29/2019

Barbara J. Revak,

Dated: December 1, 2015 ______________________

Subscribed and Sworn to before me this 1st day of December, 2015.

______________________
Notary Public

OFFICIAL SEAL
MICHAEL J. WILSON
Notary Public - State of Illinois
My Commission Expires 3/29/2019

# EXHIBIT INDEX

# EX. 17

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE COUNTY COLLECTOR AND FOR JUDGMENT AND SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES FOR THE YEARS 2009-2011<br><br>PETITION OF Stonedry, LLC FOR TAX DEED | ) No. 2014COTD002392<br>) Vol. 262 |

**AGREED ORDER**

THIS CAUSE coming before this Court on a final settlement status, the parties having settled all matters in controversy, the Court being advised in the premises,

IT IS HEREBY ORDERED as follows:

A. Respondents, The Ridgeland Corporation., Cook, Revak & Associates Ltd., Rufus Cook, individually, Barbara J. Revak, individually, 7411 Corp., and 7411 Services Corp., withdraw any and all objections to the entry of the Order Directing County Clerk to Issue Tax Deed and For Other Relief.

B. Respondents, The Ridgeland Corporation., Cook, Revak & Associates Ltd., Rufus Cook, individually, Barbara J. Revak, individually, 7411 Corp., and 7411 Services Corp., agree to the entry of the Order Directing County Clerk to Issue Tax Deed and For Other Relief upon presentation of the necessary documents to the Court without further notice.

C. Respondents, The Ridgeland Corporation., Cook, Revak & Associates Ltd., Rufus Cook, individually, Barbara J. Revak, individually, 7411 Corp., and 7411 Services Corp., agree to the entry of an Order tolling the one year requirement which Stonedry, LLC has to have the Tax Deed issued and recorded the number of days from February 15, 2015 and date this Court enters the Order Directing County Clerk to Issue Tax Deed and For Other Relief.

Ex. 1
17

D. Respondents, The Ridgeland Corporation., Cook, Revak & Associates Ltd., Rufus Cook, individually, Barbara J. Revak, individually, 7411 Corp., and 7411 Services Corp., agree to the entry of an Order for Possession of the subject property at the time the Court enters the Order Directing County Clerk to Issue Tax Deed and For Other Relief without further notice. The enforcement of the Order for Possession shall be stayed until April 1, 2016.

DATED:

ENTER:

Associate Judge James R. Carroll

DEC 1 2015

Circuit Court - 2100

Judge of the Circuit Court of Cook County, Illinois

Agreed:

Stonedry, LLC.

By:____________________
Michael J. Wilson, its attorney

The Ridgeland Corporation
Cook, Revak & Associates, Ltd.
The 7411 Corp.
7411 Services Corp.

By:____________________
Barbara Revak, their attorney

____________________
Rufus Cook, Pro Se

____________________
Barbara Revak, Pro Se

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson - #27787
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone – 312-781-9510
Fax - 312-781-9511

# 13S-9008

# EXHIBIT INDEX

# EX. 18

STATE OF ILLINOIS )
)SS
COUNTY OF C O O K)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE APPLICATION OF THE COUNTY COLLECTOR AND FOR JUDGMENT AND SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES FOR THE YEARS 2009-2011 ) ) ) No. 2014COTD002392 ) Vol. 262

PETITION OF
Stonedry, LLC
FOR TAX DEED

ORDER DIRECTING COUNTY CLERK
TO ISSUE TAX DEED AND FOR OTHER RELIEF

On motion of Stonedry, LLC, Petitioner herein, for Order Directing the County Clerk to Issue Tax Deed for Other Relief as prayed for in its petition, and it appearing that all persons entitled thereto have received due notice of this motion, the court finds:

1. That at a sale of lands and lots for nonpayment of general taxes levied and assessed for the years 2009-2011, Gammadock, LLC purchased the following described parcel of real estate in said county:

Permanent Index No: 20-25-131-004-0000 also known as:

SEE ATTACHED FOR LEGAL DESCRIPTION

That a certificate of purchase No. 13S-0000933 was issued and delivered to Gammadock, LLC which sold, assigned, and transferred said certificate to Petitioner which now owns said certificate.

2. That the time for redemption from said sale has expired and the above described parcel of real estate has not been redeemed from said sale.

3. That all taxes and special assessments which became due and payable subsequent to said sale have been paid, and all forfeitures or tax sales, if any, which occurred subsequent to said sale have been redeemed and introduced into evidence.

4. That all notice as required by law has been given and Petitioner has strictly complied with all the provisions of law entitling it to a tax deed to said parcel of real estate.

EX. 18

5. It is found and so ordered that the in rem lien of any and all general taxes or special assessment which became due and payable prior to the said sale shall cease to be and are not a lien against the property.

IT IS THEREFORE ORDERED AND ADJUDGED that the County Clerk of Cook County, Illinois, issue to Petitioner a tax deed conveying the above parcel of real estate to said Petitioner.

The court having heard the testimony as to the diligence of service of notice of tax purchase;

IT IS HEREBY ORDERED that the transcript of that testimony be ordered filed in this cause and made a part of the Court record.

IT IS FURTHER ORDERED that upon application of the Petitioner, this Court retains jurisdiction to enter such other orders as may be necessary or desirable to maintain Petitioner as grantee of said tax deed in possession of the above described parcel of real estate.

DATED:

ENTER:

Associate Judge James R. Carroll

DEC 1 2015

Circuit Court - 2109

Judge of the Circuit Court of Cook County, Illinois

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson - #27787
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone - 312-781-9510
Fax - 312-781-9511

#13S-9008

# EXHIBIT INDEX

# EX. 19

Order for Possession (3/26/12) CC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
~~MUNICIPAL DEPARTMENT~~ ______ ~~DISTRICT~~

In the Matter of the Application of Stonedry LLC Plaintiff(s) v.

The Ridgeland Corporation, et al. Defendant(s)

No. 2014 COTD 2392

## AGREED ORDER FOR POSSESSION

This cause coming on to be heard upon the complaint of the Plaintiff(s), Stonedry LLC, and the issues thereof having been hear[d and] determined by the Court (court) (jury) and said Court (court) (jury) having found th[at] Plaintiff(s) Stonedry LLC is/are entitled to the possessi[on of] the premises described herein.

IT IS THEREFORE ORDERED AND ADJUDGED:

1. That the Plaintiff(s) have and recover of and from the Defendant(s), The Ridgeland Corporation, Cook, Reva[k] Associates, Ltd., Rufus Cook, Barbara J. Revek, 7411 Corp., 7411 Services Corp. & Unknown Occupants, the possession of the following described prem[ises]:

Name: The Ridgeland Corporation, Cook, Revak & Associates, Ltd., Rufus Cook, Barbara J. Revak

Address: 7411 Corp., 7411 Services Corp, and Unknown Occupants

Address ~~Floor - Apt No.~~ 7411 South Stony Island Avenue

City-State-Zip: Chicago Illinois 60649

2. That the Plaintiff(s) have and recover of and from the Defendant(s), ______ the sum of —0— dollars and c[ents]

3. Enforcement of this judgment is stayed until April 1, 2016 (date)

I hereby certify the above to be correct. MAY 16 2016

Dated: ______ (Seal of Clerk of Circuit Court)

Dorothy Brown
Clerk of the Circuit Court of Cook County, Illinois

x [signature]
x [signature]

*This order is the command of the Circuit Court and violation thereof is subject to the penalty of law.*

x [signature]
Associate Judge James R. Carroll

Atty. No.: 27787
Atty. Name: Michael J. Wilson
Atty. for Plaintiff (or) Pro Se Plaintiff: Stonedry LLC
Address: 309 West Washington #1200
City/State/Zip: Chgo IL 60606
Telephone: 312-782-95[..]

ENTERED:
DEC -1 2015
Circuit Court - 2109

Ex. 19

Dated: ______

James R. Carroll #2109
Judge Judge's No.

# EXHIBIT INDEX

# EX. 20

STATE OF ILLINOIS )
) SS:
COUNTY OF C O O K )

ORIGINAL

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - COUNTY DIVISION

FILED
DEC 1 2015
DOROTHY BROWN
CLERK OF CIRCUIT COURT

IN THE MATTER OF THE APPLICATION OF THE COUNTRY TREASURER AND EX-OFFICIO COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, FOR JUDGMENT AND ORDER OF SALE AGAINST LANDS AND LOTS UPON WHICH ALL OR A PART OF THE GENERAL TAXES FOR TWO OR MORE YEARS ARE DELINQUENT PURSUANT TO THE PROPERTY TAX CODE.

STONEDRY, LLC,
Petitioner.

No. 14 CoTD 2392

REPORT OF PROCEEDINGS at the hearing of the above-entitled case, before the Honorable MARGARITA T. KULYS HOFFMAN, Judge of said Court, on the ~~8~~th 9th day of February, 2015, at the hour of 9:30 o'clock a.m.

PRESENT:

MICHAEL J. WILSON,
on behalf of the Petitioner.

Reported By: Analisa McDermott, CSR, RPR, CRR
License No.: 084-003620

Ex. 20

# EXHIBIT INDEX

# EX. 21

#25313

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| The Ridgeland Corporation, Rufus Cook, individually, Barbara Revak, individually, 7411 Corp., and 7411 Service Corp., Plaintiffs, | ) |
| vs. | ) No.: 2016 L 005474 |
| Stonedry, LLC., and Sheriff of Cook County, Illinois, Defendants. | ) |

**DEFENDANT STONEDRY, LLC.'S ANSWERS TO PLAINTIFF'S INTERROGATORIES**

Now comes the Defendant, Stonedry, LLC., by and through its counsel, Robert A. Egan, and for its Response to Plaintiff's Interrogatories, states the following:

**General Objections**

1. Defendants object to the definitions and instructions in plaintiff's Interrogatories; and the Interrogatories themselves to the extent they conflict with, or impose greater obligations than, Supreme Court Rule 213;

2. Defendants object to plaintiff's instructions to the extent they seek to impose on the defendant a continuing duty to supplement its response to Interrogatories greater than Supreme Court Rule 213;

3. Defendants object to plaintiff's instructions to the extent they seek to impose on the defendant the burden of producing a privilege log more detailed than

EX. 21

Supreme Court Rule 213 requires;

4.    Defendants object to the plaintiff's Interrogatories as they simply request information not within defendants' possession, custody or control;

5.    Defendants object to the Interrogatories to the extent they call for information protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity. Should defendant inadvertently provide any information protected by such privileges or immunities, such production shall in no way be intended, nor be construed, as a waiver of those privileges or immunities in any proceeding, including trial, in this or any other action;

6.    Defendants object to the Interrogatories to the extent they seek production of confidential or private information or documents that should only be produced subject to an appropriate protective order governing that production of confidential information. Subject to and without waiving this objection, the defendant will provide information and produce documents which otherwise would have been withheld on the grounds of confidentiality if such a protective order in a form acceptable to the defendant is entered.

7.    Defendant objects to the Interrogatories to the extent that the burden, expense or intrusiveness of responding to the discovery outweighs the likelihood that it will lead to the discovery of admissible evidence.

8.    Defendant objects to the Interrogatories to the extent that the information sought is obtainable from another source that is more convenient, less burdensome, or

less expensive.

9. Defendant submits that these responses subject to, and without in any way waiving or intending to waive, the general objections set forth above, as well as:

(a) The right to object to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the responses given or the subject matter thereof in any subsequent proceeding in, or the trial of, this action or any other action or proceeding;

(b) The right to object to other discovery procedures involving or related to the same subject matter as herein responded to; and

(c) The right at any time to revise, correct, add to or clarify any responses set forth herein.

**ANSWERS TO INTERROGATORIES**

1. "Identify", as that term is defined above, each person preparing and signing these Answers to Interrogatories.

**Answer:** Andres Schcolnik.

2. "Identify", the names, business addresses, and titles of all persons who have knowledge of the facts relating to this lawsuit.

**Answer:** Andres Schcolnik, 2035 West Giddings Street, Chicago, Illinois; Michael Wilson, 309 West Washington Street, Suite 1200, Chicago, Illinois; Rufus Cook; Barbara Revak.

3. For the period January 2015 to the present identify each member of Stonedry, LLC.

**Answer:** Gammadock, LLC., 90 Whittredge Road, Summit, New Jersey and S. Bronze, LLC., 2035 West Giddings Street, Chicago, Illinois.

4. State whether David A. Twardock has ever been a member of, agent for or investor in Stonedry, LLC. (a) If the Answer is in the affirmative state the dates when he has been a member, an agent or an investor in Stonedry, LLC; If an agent of Stonedry, describe the nature of the agency.

Answer: No.

5. Identify each person who made the decision to or participated in any way in the decision to seek eviction by the Sheriff of Cook County, Illinois in May 2016 of "Rufus Cook" and/or other occupants from the premises located at 7411 Stony Island, Chicago, Illinois.

Answer: Andres Schcolnik.

6. State whether Stonedry, LLC. or Andres Schcolnik is a defendant in any pending lawsuit respecting properties the tax certificates for which were purchased by Stonedry or any member or agent thereof and, if so, provide the case titles, case numbers, parties and present status thereof.

Answer: City of Chicago v. 7740 S. South Chicago Avenue, et al, Court No.: 2013 M1 400935; City of Chicago v.6621 South St. Lawrence, et al, Court No.: 2013 M1 400571; City of Chicago v. 7137 South Ingleside, et al, Court No.: 2013 M1 401956; City of Chicago v. 406 East 75th Street, Court No.: 2015 M1 402252; Derric Price v. Stonedry, LLC., Court No.: 2016 CH 08248; City of Chicago v. 1500 S. Trumbull, Court No.: 2014 M1 400706; City of Chicago v. 7550 S. Essex, Court No.: 2012 M1 402362. All of the above cases are pending.

Respectfully submitted,

ROBERT A. EGAN
ROBERT A. EGAN, P.C.
120 North LaSalle Street
Suite 2600
Chicago, Illinois 60602
(312) 263-2227
RAE@roberteganlaw.com
Attorney No.: 25313

**Verification**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Andres Schcolnik

**Verification**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Stonedry, LLC.
By: Andy Schuldt
member

# EXHIBIT INDEX

# EX. 22

**Barbara Revak**

**From:** Robert A. Egan [robertaegan@roberteganlaw.com]
**Sent:** Friday, December 02, 2016 4:06 PM
**To:** Barbara Revak
**Subject:** The Ridgeland Corporation, et al v. Stonedry, LLC., et al
**Attachments:** StonedryResponsetoRequestforProduction.pdf

Dear Ms. Revak:

Attached hereto please find Stonedry's Response to Request for Production of Documents.

Robert A. Egan
Attorney At Law
Robert A. Egan, P.C.
120 North LaSalle Street
Suite 2600
Chicago, Illinois 60602
(312) 263-2227

EX. 22
P. 1

#25313

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| The Ridgeland Corporation, Rufus Cook, individually, Barbara Revak, individually, 7411 Corp., and 7411 Service Corp., Plaintiffs, | ) |
| vs. | ) No.: 2016 L 005474 |
| Stonedry, LLC., and Sheriff of Cook County, Illinois, Defendants. | ) |

**RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Now comes the Defendant, Stonedry, LLC., by and through its counsel, Robert A. Egan, and in Response to First Request for Production of Produce Documents states the following:

**General Objections**

1. Defendant objects to the request to the extent that the conflict with, or impose greater obligations than, Supreme Court Rule 214.

2. Defendant objects to the document request to the extent it requests documents not within defendant's possession, custody or control.

3. Defendant objects to document request to the extent it calls for the production of documents protected by attorney-client privilege, work-product doctrine, or other privilege, doctrine or immunity. By answering and producing documents in response to the document request, the defendant does not waive, intentionally or

Ex. 22
P. 2

otherwise, its attorney-client privilege, work-product doctrine protection, or any other privilege, doctrine or immunity protecting communications, transactions, or records from disclosure. Accordingly, any response or production of documents inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege or protection. A schedule of all documents withheld on the basis of privilege we have provided in a reasonable time after responsive documents are produced.

4. Defendant objects to the document request to the extent it seeks production of confidential and private information that should only be produced subject to an appropriate protective order governing the production of confidential information and without waiving this objection, defendant will produce documents which otherwise would have been withheld solely on the grounds of confidentiality of such a protective order and a form acceptable to defendant is entered.

5. Defendant reserves the right to redact any and all non-responsive information that is confidential and proprietary from otherwise responsive documents.

6. Defendant object to the document request to the extent that the burden, expense or intrusiveness of discovery outweighs the likelihood that it will lead to the discovery of admissible evidence.

7. Defendant submits these responses subject to, and without in any way waiving or intending to waive, the other general objections set forth above, as well as:

(a) The right to object to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the responses given or the subject matter thereof in any subsequent proceeding in, or the trial of, this action or any other

action or proceeding;

(b) The right to object to other discovery procedures involving or related to the same subject matter as herein responded to; and

(c) The right at any time to revise, correct, add to or clarify any responses set forth herein.

## RESPONSE TO DOCUMENT REQUEST

1. See attached Articles of Organization;
2. See attached Operating Agreement;
3. None;
4. Exhibit 3 and 4 attached to Plaintiffs' Complaint;
5. There were oral communications between David A. Twardock and Andres Schcolnik. The dates and subject matter are not recalled.
6. There are communications between Stonedry, LLC. and its counsel, Michael Wilson and its counsel, Robert A. Egan, which are privileged.
7. (a) 20-25-124-011/012/013/014 - communications with Derric Price, copies of real estate contract, emails and proposed agreement attached;
   (b) 20-25-124-004/005 - none;
   (c) 20-25-501-11 - none;
   (d) 20-25-131-005 - none;
   (e) 20-25-131-048 - none;
8. None;
9. Exhibit 5 to Plaintiffs' Complaint;
10. None;
11. See attached listing agreement;
12. None.

Respectfully submitted,

ROBERT A. EGAN
ROBERT A. EGAN, P.C.
120 North LaSalle Street, Suite 2600
Chicago, Illinois 60602
(312) 263-2227
RAE@roberteganlaw.com
Attorney No.: 25313

Defendant's Affidavit
In Compliance with Plaintiff's
Request for Production

I, Andres Schcolnik, being first duly sworn on oath, deposes and state that I am one of the members of Stonedry, LLC., a defendant in this action and that pursuant to Plaintiff's Request for Production the tangible items listed on the attachments hereto and further states that said items are the only such items in his possession or control which are producible pursuant to said request and not heretofore furnished prior to the date of this Affidavit.

Andres Schcolnik

**Verification**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Andres Schcolnik

P. 5



# OFFICE OF THE SECRETARY OF STATE

JESSE WHITE • Secretary of State

0464741-6

FEBRUARY 05, 2014

ANDRES SCHCOLNIK
2035 WEST GIDDINGS STREET
CHICAGO, IL 60625-0000

RE STONEDRY, LLC

DEAR SIR OR MADAM:

IT HAS BEEN OUR PLEASURE TO APPROVE AND PLACE ON RECORD THE ARTICLES OF ORGANIZATION THAT CREATED YOUR LIMITED LIABILITY COMPANY. WE EXTEND OUR BEST WISHES FOR SUCCESS IN YOUR NEW VENTURE.

PLEASE NOTE! THE LIMITED LIABILITY COMPANY MUST FILE AN ANNUAL REPORT PRIOR TO THE FIRST DAY OF THIS ANNIVERSARY MONTH NEXT YEAR. FAILURE TO TIMELY FILE WILL RESULT IN A $300 PENALTY AND/OR DISSOLUTION/REVOCATION. A PRE-PRINTED ANNUAL REPORT WILL BE MAILED TO THE REGISTERED AGENT AT THE ADDRESS ON OUR RECORDS APPROXIMATELY 45 DAYS BEFORE THE DUE DATE.

FOR A LIMITED LIABILITY COMPANY THAT INTENDS TO PROVIDE CERTAIN PROFESSIONAL SERVICES FOR WHICH INDIVIDUALS ARE REQUIRED TO BE LICENSED, A CERTIFICATE OF REGISTRATION MUST BE OBTAINED FROM THE ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION. IF THE LLC IS SO REGISTERED, THE CURRENT ADDRESS FROM WHICH THE PROFESSIONAL SERVICES ARE PROVIDED MUST ALSO BE ON RECORD WITH THIS OFFICE.

MANY OF OUR SERVICES ARE AVAILABLE AT OUR CONTINUOUSLY UPDATED WEBSITE. VISIT WWW.CYBERDRIVEILLINOIS.COM TO VIEW THE STATUS OF THIS COMPANY, PURCHASE A CERTIFICATE OF GOOD STANDING, OR EVEN FILE THE ANNUAL REPORT REFERRED TO IN THE EARLIER PARAGRAPH.

SINCERELY YOURS,

JESSE WHITE
SECRETARY OF STATE
DEPARTMENT OF BUSINESS SERVICES
LIMITED LIABILITY DIVISION
(217) 524-8008

P. 6

04647416

Form **LLC-5.5**
May 2012
Secretary of State
Department of Business Services
Limited Liability Division
501 S. Second St., Rm. 351
Springfield, IL 62756
217-524-8008
www.cyberdriveillinois.com

Payment must be made by certified check, cashier's check, Illinois attorney's check, C.P.A.'s check or money order payable to Secretary of State.

Illinois
Limited Liability Company Act
**Articles of Organization**

**SUBMIT IN DUPLICATE**
Type or print clearly.

This space for use by Secretary of State.

Filing Fee: $500
Approved: ZS

FILE #
This space for use by Secretary of State.

**FILED**
FEB 0 5 2014
JESSE WHITE
SECRETARY OF STATE

1. Limited Liability Company Name: Stonedry, LLC
The LLC name must contain the words Limited Liability Company, L.L.C. or LLC and cannot contain the terms Corporation, Corp., Incorporated, Inc., Ltd., Co., Limited Partnership or L.P.

2. Address of Principal Place of Business where records of the company will be kept: (P.O. Box alone or c/o is unacceptable.)
2035 West Giddings Street
Chicago, IL 60625

3. Articles of Organization effective on: (check one)
☑ the filing date
☐ a later date (not to exceed 60 days after the filing date): ______ Month, Day, Year

4. Registered Agent's Name and Registered Office Address:

Registered Agent: Andres Schcolnik
First Name / Middle Initial / Last Name

Registered Office: 2035 West Giddings Street
(P.O. Box alone or c/o is unacceptable.)
Number / Street / Suite #
Chicago IL 60625
City / ZIP Code

5. Purpose(s) for which the Limited Liability Company is organized:
**The transaction of any or all lawful business for which Limited Liability Companies may be organized under this Act.**
(LLCs organized to provide professional services must list the address(es) from which those services will be rendered if different from item 2. If more space is needed, use additional sheets of this size.)

6. The duration of the company is perpetual unless otherwise stated. If the operating agreement provides for a dissolution date, enter that date here: ______
Month, Day, Year

P. 7

LLC-5.5

7. (Optional) Other provisions for the regulation of the internal affairs of the Company: (If more space is needed, attach additional sheets of this size.)

8. The Limited Liability Company: (Check either a or b below.)

a. [x] is managed by the manager(s) (List names and addresses.)

Gammadock, LLC 90 Whittredge Road, Summit, NJ 07901

S. Bronze, L.L.C. 2035 West Giddings Street, Chicago, IL 60625

b. [ ] has management vested in the member(s) (List names and addresses.)

9. Name and Address of Organizer(s):

I affirm, under penalties of perjury, having authority to sign hereto, that these Articles of Organization are to the best of my knowledge and belief, true, correct and complete.

Dated January 17 (Month & Day) 2014 (Year)

1. [signature] (Signature)

Andres Schoolnik (Name (type or print))

S. Bronze, L.L.C., Sole Member (Name if a Corporation or other Entity, and Title of Signer)

1. 2035 West Giddings Street (Number Street)

Chicago (City/Town)

IL (State) 60625 (ZIP Code)

2. ______ (Signature)

______ (Name (type or print))

______ (Name if a Corporation or other Entity, and Title of Signer)

2. ______ (Number Street)

______ (City/Town)

______ (State) ______ (ZIP Code)

**Signatures must be in black ink on an original document. Carbon copy, photocopy or rubber stamp signatures may only be used on conformed copies.**

Ac- 3514 03:14o

p. 1

Operating Agreement
Stonedry, Llc ("Stonedry")

Parties to the Agreement:

- Gammadock, Llc ("Gammadock")
- S. Bronze, Llc ("Bronze").

Business: Stonedry, Llc will take assignment of Tax Certificates acquired by Gammadock, Llc at the Scavenger Tax Sale held in Cook County in December, 2013 and January 2014 with the intent of earning returns on tax redemptions, the acquisition of properties through tax deeds and subsequent asset sales. Stonedry may make future subsequent investments in the assets acquired in the above referenced auction and may also acquire real estate assets outside of the auction. All investments decisions require both partners written consent

Capital Accounts: Gammadock will have initial capital accounts equal to its investment in Stonedry plus (in the case of Gammadock) the amount it has invested in any tax certificates assigned to Stonedry not reimbursed by Stonedry.

Distributions: Stonedry shall be entitled to retain initial capital and profits at the discretion of Bronze sufficient to fund future capital needs for up to 24 months on commercial properties (over 4 units) and 36 months for residential properties (4 units or less). Distributions shall be applied in the following order:

- First, to provide Gammadock, LLC a return of 9% compounded quarterly from the date it disbursed money to be made available for tax certificate purchases.
- Second, to return all capital in the Capital Accounts to Gammadock, LLC.
- Third, after Gammadock has been paid the preferred return due on its investment, and its investment, then, the net proceeds will be distributed 50% to Bronze and 50% to Gammadock, LLC.

Dissolution: Gammadock may direct Bronze to sell remaining assets and dissolve the partnership beginning January 1, 2017. Bronze will endeavor to sell remaining assets within 12 months of a successful vote of dissolution. In any event, Bronze will endeavor to sell all assets of the partnership, distribute proceeds and dissolve the partnership by January 1, 2019.

Date: 4/2/14

By: [signature]
Gammadock, Llc

[signature]
S. Bronze, LLC

P. 9

Amendment #1 to Stonedry Llc Operating Agreement
Allocation of profits and losses

This amendment describes the allocation of profits and losses for Stonedry Llc between its members, Gammadock, Llc and S. Bronze, Llc.

(a) Net Losses – Should S Bronze Llc and Gammadock, Llc both have positive capital accounts, any net loss from operations or loss on a capital transaction for any Fiscal Year shall be allocated 50/50, until one of the Capital Accounts has no balance. Should one capital account have a balance and the other no balance, losses shall be allocated 100% to the capital account with the positive balance. Should both capital accounts have zero or negative balance, losses shall be allocated 100% to Gammadock, Llc.

(b) Net Profits. Net Profits from operations or a capital transaction shall be allocated in the following order of priority:
(i) First, all Net Profits shall be allocated to those Members having a negative Capital Account balance, in proportion to and to the extent of any such negative balance until all such negative balances have been eliminated.
(ii) Second, any remaining Net Profits shall be allocated to Gammadock Llc until such time as each Member's Capital Account is equal to the sum of (x) such Member's Invested Capital plus (y) any accrued but undistributed Preferred Return described in the Operating Agreement due to such Member.
(iii) Third, any remaining Net Profit shall be allocated fifty percent (50%) to Gammadock Llc and
and fifty percent (50%) to S. Bronze Llc,

Dated: 1/7/14

David Twardock
Gammadock Llc

Andy Schonin
S. Bronze Llc

P. 10

# EX. B

FILED
5/13/2020 1:30 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION, ETC., GENERAL TAXES FOR THE YEARS 2009-2011 | ) | Case No. 2014 COTD 002392 |
| | ) | Hon. James Carroll |
| PETITION OF STONEDRY, LLC FOR TAX DEED | ) | SECTION 2-1401 PETITION |

## NOTICE OF FILING

TO: Peter M. Stasiewicz (Stonedry, LLC's Purported Counsel)
ARCTURUS LAW FIRM
211 West Wacker Drive #318
Chicago, IL 60606
pete.stasiewicz@arcturuslaw.com

Alvin Portis, Jr.
Assistant State's Attorney
Civil Actions Bureau
Municipal Litigation Section
aportis@cookcountygov.com

**PLEASE TAKE NOTICE** that on May 13, 2020, the undersigned caused to be filed with the Clerk of the Circuit Court of Cook County, Illinois **PETITIONERS' REPLY TO STONEDRY, LLC'S FEBRUARY 6, 2020 (1) "SUPPLEMENTAL SUBMISSION..." AND (2) MOTIONS TO DISMISS § 2-1401 PETITION PURSUANT TO § § 2-615 AND 2-619,** a copy of which is attached hereto and hereby served upon you.

Respectfully submitted

/s/ Barbara Revak

/s/ Rufus Cook, *pro se*

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

In.the.Matter.of.the.Application.of.the.Petition.of.Stonedry.Notice.of.Filing.re.PETITIONERS.REPLY.etc.BR.gb.5.5.20

Ex. B

FILED
5/13/2020 1:30 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

**CERTIFICATE OF ELECTRONIC SERVICE**

I, Barbara Revak, an attorney, hereby certify under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, that the statements set forth in this instrument are true and correct, and that on May 13, 2020, I caused a copy of the foregoing **PETITIONERS' REPLY TO STONEDRY, LLC'S FEBRUARY 6, 2020 (1) "SUPPLEMENTAL SUBMISSION..." AND (2) MOTIONS TO DISMISS § 2-1401 PETITION PURSUANT TO § § 2-615 AND 2-619** to be served electronically through Odyssey E-File and Serve on the parties stated in the Notice whose email addresses are pete.stasiewicz@arcturuslaw.com and Alvin Portis, Jr. at aportis@cookcountygov.com.

Said "...**REPLY** ..." was also served on that date by personal email to Peter Stasiewicz at pete.stasiewicz@arcturuslaw.com and Alvin Portis, Jr. at aportis@cookcountygov.com

/s/ Barbara Revak

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION, ETC., GENERAL TAXES FOR THE YEARS 2009-2011<br><br>PETITION OF STONEDRY, LLC FOR TAX DEED | ) ) ) ) ) ) ) ) | Case No. 2014 COTD 002392<br><br>Hon. James Carroll<br><br>SECTION 2-1401 PETITION |

PETITIONERS' REPLY TO STONEDRY, LLC'S FEBRUARY 6, 2020
(1) "SUPPLEMENTAL SUBMISSION..." AND
(2) MOTIONS TO DISMISS § 2-1401 PETITION
PURSUANT TO § 2-615 AND 2-619

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

*Carbide*, 2014 IL.App. (2d) 130432, 6 N.E.3d 856. The *Carbide* case underlines the law that, until the circuit court is revested with jurisdiction by the appellate court mandate, it lacks jurisdiction, including to do the very thing SD pursues here: enter a possession turnover order. As noted, that holding is now codified in Rule 369.

**D. The reasons for its pattern of falsifying the law become apparent when SD's 2-615 and 2-619 motions are analyzed.**

SD argues: "First and foremost, the entire amended petition is barred by *res judicata*." And the appellate case "is also res juducata, and the amended petition cannot be based on that argument"; further, SD declares Ridgeland's 1401 petition lacks merit because the appellate court decision "...alone is dispositive of Ridgeland's claims of voidness."

This court knows that, even beyond the Rule 368 stay presently in effect, applying *res judicata* requires, among other fundamentals, proving that the party against whom preclusion is sought had the opportunity to raise the issue and was or could be heard on it. Here Ridgeland's requests for discovery and evidentiary hearing were denied or ignored, as shown in part II below. Thus, even if the precedents and laws requiring exhaustion of appellate potential didn't exist, the law of *res judicata* itself would still prohibit its application here.

**II. ASIDE FROM PART I ABOVE, THERE CAN BE NO PRECLUSION (*RES JUDICATA*) WHERE HEARING OF THE ISSUE HAS BEEN SOUGHT BUT IGNORED OR DENIED.**

**A. The record establishes that from June to December, 2015 oral and written demands for the due process right to be heard were, at SD's urging, denied and went unmet in the trial court, and as a result SD forced entry into a settlement agreement withdrawing defenses and an order ignoring the law which both violated not only the Tax Code, but also the due process duties imposed on the court by the U.S. and Illinois constitutions.**

Page 3 of the Chronology briefly relates Ridgeland's June-to December 2015 effort to obtain due process in the trial court, moving unsuccessfully first for discovery and then for an evidentiary hearing or a trial. See Exs. 12, 14, 15, all of which pointed out in detail that, as a matter of simple due process, Ridgeland was entitled to be heard, including the right to a trial before a judge who would hear the evidence, not one who would "approve" the transcript of a prove-up heard by a different substituted judge.

Ridgeland's demand to be heard was made verbally from February 15 and in writing June 2, 15 and 29, and November 30, 2015, partly opposing a standing motion by SD for entry of judgment based on the no-notice, *ex parte*, false and partly unsworn and unsigned February 9, 2015 prove-up before Judge Kulys-Hoffman, not Judge Zafiratos nor Judge Carroll. The SD motion for immediate entry of judgment against petitioners was carried on the court's docket from its filing February 24, 2015 for possible entry <u>without further notice</u> at every session of the court to December. The parties briefed the due process issue **(Exs. 12, 13 and 14)** and Ridgeland on November 30 filed additional authority **(Ex. 15)**. That authority re-emphasized that it was the court's (1) <u>duty</u> to (1) affirmatively order a hearing and trial, and its duty (2) even if Ridgeland's objections were properly withdrawn, as based on a valid settlement agreement, which they were not, to order issuance of a tax deed *only if there had been full compliance with the statutory notice and other requirements.*

The record shows that Ridgeland's demands for evidentiary hearing went unmet from at least May 20, 2015 and were ended on December 1, 2015 with entry of the tax deed order based upon improper acceptance of the February 9, 2015 transcript prove-up by Judge Carroll, who did not hear it. Clearly no *res judicata* effect can apply where Ridgeland's demands to be heard went

unmet. It is important here to fully consider the recounting, provided at pages 3 and 4 of the Chronology, of the actions of SD and Mr. Wilson regarding Ridgeland's unsuccessful efforts to obtain a trial and due process. In his filing of June 2015 Mr. Wilson falsely represented to the court that there was no due process issue present, and "no case law exists regarding this issue." Proof that those were lies was provided in Ridgeland's exhibits 12, 14 and 15. All of the authorities were ignored. The lies to the court, constituting fraud on the court, have never been acknowledged. Similarly ignored were the additional cases to the same effect filed by Ridgeland in its last-ditch effort to obtain due process.

Finally, seeking to cause the court to enforce Ridgeland's due process rights the Ridgeland parties on November 30 filed with the court copies of two cases which made clear again, as their earlier filings had, that the court had an affirmative duty to announce and assure that Ridgeland's due process rights were honored. **(Exh. 15)** The two further cases supplied to the court were the 1962 case *Trzebiatowski v. Jerome*, 24 Ill.2d 24, 179 N.E.2d 622, 623; and the 2007 case *Anderson v. Kohler*, 376 Ill.App.3d 714, 877 N.E.2d 110. In *Jerome* the court said:

> "Under the circumstances reflected in the record it was error for the second chancellor to admit the transcript of the first proceeding into evidence and to consider it as a basis of decision. The full hearing contemplated by due process of law contemplates that all of the evidence should be submitted before a single judge or master who may see the witnesses, weigh their testimony and determine their credibility. (Citation omitted.) It was the clear duty of the chancellor here to conduct a trial de novo."

And in *Kohler*: "...it is the duty of the court to direct a trial de novo before another master or before itself." From May to November 30, 2015, settlement was forced on Ridgeland by continuing denial of its due process right to be heard. Before all else, the tax deed proceeding was voided as a matter of federal and state constitutional law by denial of due process.

**B. The 1401 petition alleges criminal misconduct, committed while SD also committed fraud on this court by lying to it that "no law existed" and urging denial of Ridgeland's due process rights. Those issues, though sought to be raised on appeal, were instead remanded by the appellate court.**

As noted, when the tax deed was ordered December 1, 2015, neither this court nor the Ridgeland parties knew that Schcolnik was not a manager, nor even a member of SD, he having averred falsely twice under oath in February and December 2015 that he was. (Respondents did not learn of these facts until December 2016 when Mr. Egan revealed them in responding to discovery in the law division suit.)

By the time the first 1401 petition was filed 2 ½ years later on August 3, 2017, Ridgeland knew and alleged that Schcolnik was not a member nor a manager, had lied under oath, and acted and signed documents as though he were. Those actions, intentionally done, have names: false personation, perjury, and forgery. However, before evidence of those matters could be taken up, this court stayed the 1401 proceedings December 20, 2017. With this court's stay in effect Ridgeland, noting the appellate court's power to vacate void orders, asked that court to grant the relief sought in the stayed petition by itself vacating the orders claimed to be void. At page 12, par. 41 of its order the appellate court "discussed" the issues presented by the appeal.

> "On appeal, respondents contend that: (1) this court must exercise its independent duty to vacate void orders where Stonedry not only failed to comply with the notice provisions of the Property Tax Code (35 ILCS 200/1 et seq. (West 2014)), but also procured the tax deed by acts of clear fraud that are documented in the record; (2) the December 1, 2015, settlement agreement, which was void *ab initio,* was part of a fraudulent *modus operandi* that requires this court to void the December 1, 2015, tax deed and related orders; (3): the circuit court lacked jurisdiction to enter the May 1, 2017, subsequent order of possession; and (4): the circuit court lacked jurisdiction to enter the August 3, 2017, supplemental order of possession because the June 16, 2017, notice of appeal vested jurisdiction in the Appellate Court."

Instead of deciding issues 1 and 2, it entered a Rule 23 "order" in which it affirmed this court's possession orders and dismissed appeal of the December 1, 2015 orders, (only one of which was "agreed") [7], finding it lacked jurisdiction because no appeal had been taken from them within 30 days of entry. The court, however emphasized that the 1401 petition, a separate case, was being remanded to this court. Even though it took no jurisdiction of the 1401 petition, SD claims now that the appellate court decision is *res judicata* as to the petition and matters raised in the petition, including (1) the statutory tax fraud alleged in the petition; (2) the settlement agreement, whose signing without authority is part of the 1401 petition and was not decided by the appellate court; and (3) the allegations of Schcolnik's criminal misconduct.

In short, the appellate court did not consider the allegations that false personation, perjury and forgery, as well as fraud committed on the court, accompanied the fraud defined by the cases cited in the Compendium of case authorities submitted by the 2-1401 petitioners. SD seeks to claim as *res judicata* on the fraud issue an interlocutory appellate court opinion, *which not only rejects (without discussion) that court's own precedent in defining fraud in tax deed proceedings*, but which also specifically did not consider the criminal misconduct alleged in the petition, far exceeding mere documentary tax fraud, and shown in the exhibits.

As shown in "A", *res judicata* cannot exist where the matter sought to be precluded was denied due process hearing in the trial court. And, as to "B" the 1401 allegations of fraud on the court, false personation, forgery and perjury, also were not heard by this court, which stayed the petition, nor by the appellate court, which declined to hear and remanded it.

*It is, before and after all, a matter of due process.*

---

[7] **The Order directing that a tax deed issue was *not* an "agreed" order.**

# EX. C

FILED
1/27/2020 2:58 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, COUNTY DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF THE APPLICATION, ETC., GENERAL TAXES FOR THE YEARS 2009-2011** | ) | **Case No. 2014 COTD 002392** |
| **PETITION OF STONEDRY, LLC FOR TAX DEED** | ) | **Hon. James Carroll** |
| | ) | **RE: SECTION 2-1401 PETITION** |

**NOTICE OF FILING**

**TO:** Peter M. Stasiewicz (Stonedry, LLC's Purported Counsel)
ARCTURUS LAW FIRM
211 West Wacker Drive #318
Chicago, IL 60606
pete.stasiewicz@arcturuslaw.com

**PLEASE TAKE NOTICE** that on January 24, 2020, the undersigned caused to be filed electronically with the Clerk of the Circuit Court of Cook County, Illinois **PETITIONERS' COMPENDIUM OF CASE LAW RESPECTING STATUTORY NOTICES REQUIRED BY THE PROPERTY TAX CODE, FILED AS A SUPPLEMENTAL PLEADING PURSUANT TO THE COURT'S JANUARY 2, 2020 ORDER**, a copy of which is attached hereto and hereby served electronically on you.

Respectfully submitted

/s/ Barbara Revak

/s/ Rufus Cook, *pro se*

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

In.the.Matter.of.the.Petition.of.Stonedry.v.Ridgeland.Not.of.Fil.Cert.of.Serv.re.Pet.Comp.of.Case.Law.etc.BR.gb.1.22.20

Ex. C

FILED
1/27/2020 2:58 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

# CERTIFICATE OF ELECTRONIC SERVICE

I, Barbara Revak, an attorney, hereby certify under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, that the statements set forth in this instrument are true and correct, and that on January 24, 2020, I caused a copy of the foregoing **PETITIONERS' COMPENDIUM OF CASE LAW RESPECTING STATUTORY NOTICES REQUIRED BY THE PROPERTY TAX CODE, FILED AS A SUPPLEMENTAL PLEADING PURSUANT TO THE COURT'S JANUARY 2, 2020 ORDER**, to be served electronically through Odyssey E-File and Serve on the party stated in the Notice whose email address is pete.stasiewicz@arcturuslaw.com.

Said "Compendium…" was also served on that date by personal email to Peter Stasiewicz at pete.stasiewicz@arcturuslaw.com.

/s/ Barbara Revak

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION, ETC., GENERAL TAXES FOR THE YEARS 2009-2011 | ) ) ) ) | Case No. 2014 COTD 002392 |
| PETITION OF STONEDRY, LLC FOR TAX DEED | ) ) ) ) | Hon. James Carroll |

**PETITIONERS' COMPENDIUM OF CASE LAW RESPECTING STATUTORY NOTICES REQUIRED BY THE PROPERTY TAX CODE, FILED AS A SUPPLEMENTAL PLEADING PURSUANT TO THE COURT'S JANUARY 2, 2020 ORDER,**

In accord with the court's January 2, 2010 order, Petitioners supplement their previous section 2-1401 filings as follows.[1]

**THE "INITIAL TAKE NOTICE" ISSUED BY TAX CERTIFICATE PURCHASER GAMMADOCK, LLC AFTER IT HAD ASSIGNED ITS INTEREST THEREIN TO STONEDRY, LLC WAS FATALLY DEFICIENT (AS WERE SUBSEQUENT NOTICES, WHICH DID NOT AND COULD NOT CURE THE DEFICIENCY) AND THUS FRAUDULENT, NOT ONLY BECAUSE THE "OWNER" OF THE CERTIFICATE DID NOT GIVE THE REQUIRED NOTICE SECTION 22-5 NOTICE, BUT ALSO BECAUSE THAT NOTICE CONTAINED "MATERIAL" ADDITIONS, WHICH ADDITIONS THE PROPERTY TAX CODE PROHIBITS.**

1. **Because Stonedry, LLC, the "owner" of the certificate did not give the "initial take notice" as the law requires, said notice instead being purportedly given by Gammadock, LLC, which had no interest in the certificate, having assigned away its interest, the notice is a legal nullity.**

[1] The section 2-1401 Petition was filed August 3, 2017, some twenty nine months ago. In the two-and-a-half years during which the 1401 Petition was stayed, events have occurred which require that the Petition be updated. (The Amended Petition is filed pursuant to a separate Notice of Filing).

Section 21-260 of the Property Tax Code provides:

> "The owner of the certificate of purchase shall give notice as required by section 22-5 through 22-30." (Emphasis supplied.)

Here, there is no dispute that on April 7, 2014 Gammadock, LLC assigned the certificate to Stonedry. Nor is there any dispute that on April 23, 2014, *after* it had assigned the certificate to Stonedry, LLC, Gammadock LLC nonetheless purported to give the "initial" take notice required to be given to the assessee by Property Tax Code §22-5 (35 ILCS 200-22-5, et seq.) When Stonedry, LLC, the "owner" failed to serve the required "initial" take notice its right to a tax deed was ended and it could not be restored to life by filing a section 22-10 second take notice. This is the clear law articulated by the appellate court in *The Application...CCPI, LLC, v. MB Financial Bank*, 2012 IL.App. (1st) 101976, 966 N.E.2d 408:

> "Here, GJ was not the certificate holder when it filed the extension notice pursuant to section 21-385. Specifically, GJ had assigned away its rights to the tax lien almost two years before it filed the extension notice. See 35 ILCS 200/21-250 (West 2008) ("An assignment shall vest in the assignee***all the right and title of the original purchaser."). Consequently, the extension filed by GJ was a nullity. ...The trial court, therefore, erred when it dismissed respondent's motion to void the tax deed."

2. **Wholly apart from the fact that the "owner", Stonedry, LLC did not give the "initial" §22-5 notice, the additions which non-owner Gammadock, LLC made were "material" and constitute fraud for yet a further reason, making the tax deed a legal nullity which must be recalled.**

Non-owner Gammadock, LLC's "initial" take notice was *not* in the specific format required by Illinois law. Not only did it state "county court house" instead of "office of the County Clerk", and not only does it misspell further as "futher", which by law are *not* innocuous errors (see below), but it also contains the following (underlined) addition:

> "At the date of this notice the total amount which you must pay in order to redeem the above property is $281,196.45 plus any and all statutory penalties, interest and costs.
> Emphasis supplied.)

(See Ex. 14 to Amended 2-1401 Petition.)

See also: *In re Application of the County Treasurer & Ex Officio County Collector,* 2013 IL App (1st) 130463, 3 N.E.3d 431; irrespective of how minute "the court shall insist on strict compliance with section 22-10 to 22-25".

*The holding of this case is significant respecting the instant case. There the court affirmed the vacature of the tax deed because in the initial take notice the tax buyer failed to strictly comply with the requirements of the take notice form, omitting the municipality. Even though the municipality was included on all of the other take notice documents sent to the property owner in accordance with section 22-10, the court held that the omission rendered the post-sale notice form insufficient and the tax deed petitioner was not entitled to a tax deed.)*

Section 22-45(3) of the Property Tax Code provides that a tax deed shall be held a nullity:

> "...where there is proof by clear and convincing evidence that the tax deed has been procured by fraud or deception by the tax purchaser or his assignee." (Emphasis supplied.)

There is no dispute that application of the *general* concept of fraud requires a showing of more than mere "negligence"; a purposeful malevolent intent to harm must be shown. However, tax deed proceedings are different.

> "[Because] tax deed proceedings involve the government in taking the property of private owners of real estate…due process concerns demand a special interpretation of the fraud requirement of section 22-45(3). *In re tax deed petition of Thomas,* 225 Ill.. App. 3d 861 (4th Dist. 1992).

Thus, as our appellate court has repeatedly held when there are "substitutions or omissions" on a tax form, the tax buyer is not entitled to a tax deed; *prejudice is presumed.*

> "There must be strict compliance with the statute and when there are substitutions or omissions on a notice form, the tax buyer is not entitled to a tax deed. We do not need to inquire whether Williams actually received the deficient section 22-5 post-sale notice and suffered any prejudice or confusion as a result of the omission of the city name; prejudice is presumed. (3 N.E.3d at 438)
>
> We hold that *Equity One's* post-sale notice form to Williams was not "completely filled in", as required by our legislature. 35 ILCS 200/20-5 (West 2008). Because a deficient notice is not regarded as any notice within the meaning of the statute, the trial court properly denied the application for a tax deed." *In re County Treasurer, Equity One Investment Fund v. Williams,* 2013 Ill. App. 3rd 463, 3 N.E.3d 431, 438 (1st Dist. 2013) (Emphasis supplied.)

And, the court has also emphasized repeatedly that even in the case of a "mistake" fraud exists, nullifying the tax deed.

> "Here, the public records showed the mortgage…Midwest told the court it had already served notice on all occupants. Midwest may have mistakenly overlooked Jose's interest as reflected in the mortgage, or Midwest may have deliberately decided not to inform the court of Jose's signature on the mortgage. Assuming the failure to notice Jose's interest resulted from oversight, we follow *Thomas* and construe the mistake as fraud. Assuming Midwest knew of Jose's interest and decided not to inform the court of that interest, we find that Midwest's acts constitute fraud under *Gerus*. The trial court erred by finding that Jose failed to show fraud. …" (Emphasis supplied.)

*In re County Treasurer (Alvardo)*, 0247 Ill. App. 3d 769, 807 N.E.2d 1042, 1053-54 (1st Dist. 2004) appeal denied, 823 N.E.2d 965 (2004). See also: *In re County Treasurer (MB Financial Bank)*, 2012 IL App. (1st 101976, 359 Ill.Dec. 87), also a unanimous decision, *and In re Application of County Collector, (New York Guardian Mortgagee Corporation v. Capital Bank & Trust as Trustee u/t/u 1333)*, 202 Ill.App.3d 405, 559 N.E.2d 1006, 1013 (1st 1990).

In short, both because Stonedry, LLC, the "owner" of the certificate failed to give the "initial" take notice, which section 21-260 makes mandatory and because non-owner Gammadock, LLC's purported initial take notice (as well as Stonedry's subsequent 22-10 and other notices) made "material" unlawful changes, advising the assessee that in order to redeem "you must pay...*plus any and all statutory penalties, interests and costs*" both fraud and deception were proven, making the tax deed a nullity.

Respectfully submitted

/s/ Barbara Revak

/s/ Rufus Cook, *pro se*

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

# EX. D

Hearing Date: No hearing scheduled

FILED
10/27/2021 4:53 PM
Iris Y. Martinez
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION**

| | |
|---|---|
| **IN THE MATTER OF THE APPLICATION, ETC., GENERAL TAXES FOR THE YEARS 2009-2011** | ) |
| | ) **Case No. 2014 COTD 002392** |
| **PETITION OF STONEDRY, LLC FOR TAX DEED** | ) **Hon. James Carroll** |
| | ) **RE: SECTION 2-1401 PETITION** |

**RIDGELAND PARTIES' SUPPLEMENTAL RESPONSE OPPOSING "MOTION FOR EXTENSION OF ORDER OF POSSESSION"**

As their SUPPLEMENTAL RESPONSE OPPOSING "MOTION FOR EXTENSION OF ORDER OF POSSESSION" purportedly filed on Stonedry LLC's behalf by Peter Stasiwicz, the Ridgeland Parties state as follows.

## BACKGROUND

1. On September 6, 2019, Peter Stasiewicz, identifying himself as counsel for Stonedry, LLC moved for an "Extension of Order of Possession", the Sheriff having refused to act on the August 3, 2017 Order of Possession as it had been entered more than 120 days earlier (and presumably in accord with its universally applied due process policy not to evict when litigation involving, the property is pending).

FILED
10/27/2021 4:53 PM
Iris Y. Martinez
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

The Notice of Motion contained the language required by section 5/9-117 of the Code:

> "..To prevent the eviction, you must be able to prove…
>
> (3) that you have an equitable or legal reason why the court should not grant the plaintiff's request for your eviction." (Emphasis supplied)

2. On September 6, 2019, the Ridgeland parties responded to the motion, citing both equitable and legal grounds as to why the motion should be denied, including the fact that A. Schcolnik was not a manager of Stonedry and thus lacked legal authority to act on its behalf, such as "hiring" Mr. Stasiewicz to "represent" Stonedry.

3. On October 24, 2019, Mr. Stasiewicz again purportedly on behalf of Stonedry filed a reply in support of the motion.

4. Some two years have elapsed since briefing of the possession motion was concluded as a result of both the COVID court closure and the court's recognition that the pendency of the section 2-1401 Petition required that the motion be held in abeyance pending resolution thereof.

5. On November 20, 2019, the Ridgeland parties moved to strike the motion to extend order of possession on the ground that it was filed without authority and contrary to the Illinois Limited Liability Company Act and agency law, requiring counsel to show by what authority he purportedly has represented and purports to continue to represent Stonedry, LLC.

6. On February 26, 2020, the court denied the motion to strike.

7. On August 11, 2020, the Ridgeland parties moved to reconsider the February 26, 2020 order.

8. On April 27, 2021, the Ridgeland parties then filed (1) Annotated Affidavit Supporting Motion to Reconsider Order Denying Motion to Strike, and (2) Reasons why Motion to Reconsider Must be Granted **(Ex. 1)**

9. On May 11, 2021, a response to the motion to reconsider was filed. No counter-affidavit was supplied. Instead, the Response was supported by an *unsworn* "Declaration of Andres Schcolnik" **(Ex. 2)** herto, which is Exhibit A to the Response.

10. On May 19, 2021, the Ridgeland parties replied and on June 14, 2021, they filed their "Application of Additional Authority…" That filing, after discussing the governing holdings of *Blutcher v. EHS Trinity Hospital,* 321 Ill. App. 3d 131 (1st Dist. 2001) and of the *Ostendorf* case on which it relied, 89 Ill. 2d 286, and *Smith v. Cole,* 256 Ill. App. 3d (1993) set forth "the central facts, uncontroverted" and thus admitted in light of the *unsworn* " Declaration", clearly not a counter-affidavit. Those "facts" are:

> "11. We turn now to the central facts which, if not controverted under oath in the filings supporting and opposing a 2-1401 petition, require no evidentiary hearing *Ostendorf, Blutcher and Cole, supra.* The central facts, uncontroverted, follow:
>
> a. Prove-up hearing testimony by Schcolnik to be a SD member was false
>
> b. Sworn claim to be a SD member in settlement agreement was falsely made December first, 2015, continuing the false testimony given February 9.

c. Inadmissible Declaration did not contradict Annotated Affidavit's denial of Schcolnik authority since the LLC's inception.

d. Inadmissible Declaration left uncontroverted the Affidavits denial of Twardock's lack of authority regarding Stonedry.

e. Declaration leaves uncontroverted the statement that the 22-5 take-notice was sent by Gammadock after it had assigned ownership to SD, thus voiding that notice and precluding issuance of a tax deed.

f. Declaration leaves uncontroverted, thereby admitting, that 22-10, 15 and 20 notices were defective.

g. The declaration leaves uncontroverted the assertions that the prove-up was held February 9, 2015 without notice to the Ridgeland parties even though their appearance was of record as of February 4.

h. The declaration leaves uncontroverted the statement that the false testimony was never corrected, that Mr. Wilson testified unsworn, and that the transcript was admitted into evidence later by a judge who had not heard the evidence in the case.

i. The declaration leaves uncontroverted the assertion that withdrawl of the Ridgeland objections did not remove the defects in the 22-5, 10, 15, 20 and 25 notices, nor the prove-up defects, nor the lack of a proper transcript lawfully executed by a judge who heard, or re-heard, the evidence.

j. Finally the declaration leaves uncontroverted the assertion that sec. 22-40 commands that no tax ded may issue without compliance with the statutory terms."

11. On June 17, 2021 the court denied the motion to reconsider.

12. On October 14, 2021, the court granted Stonedry's section 2-619 motion to dismiss the section 2-1401 Petition; set October 28 for the filing by Respondents of a

Supplemental Response respecting the motion seeking an order of possession with the Reply due by November 4; A status hearing is set for November 17, 2021.

## ARGUMENT

As noted, section 5/9-117 bars entry of an order of possession if there exists "an equitable or legal reason why the court should not grant the plaintiff's request for eviction". Here both exist.

**A. The court's orders finding that non-manager Schcolnik had lawful authority to act for Stonedry despite the provisions of the LLC Act to the contrary are interlocutory and non- binding.**

The court's orders denying the Ridgeland parties' "motion to strike requiring a showing of authority", and denying reconsideration thereof are interlocutory and thus non-binding as is the court's October 14, 2021 order granting 2-619 dismissal of the 2-1401 Petition, which dismissal order does not become final for 30 days after entry absent a filing of a timely motion to reconsider.

**B. The court was required to, but did not conduct an evidentiary hearing on Schcolnik's repeated false averments under oath that he was a "member" of Stonedry and thus could legally act for it, a manager- managed LLC.**

Even if it is assumed arguendo that the Ridgeland Parties "lacked standing" to challenge Schcolnik's "authority" (Feb. 26, 2020 order) *this court* had both an "equitable" and "legal" duty to do so before entering its December 1, 2015 " Order Directing County Clerk to Issue Tax Deed…". **Ex. 3** (See page 4 of the order, and the language at page 2, unsupported by the record, that "the court having heard the testimony

as to the diligence of service of notice of tax purchase." *In fact, the court heard no testimony.*

Thus the order of December 1, 2015 is fatally defective as a matter of law and can supply no basis for entry of an Order of Possession.

**C. By failing to supply a counter- affidavit, relying instead on Schcolnik's unsworn "Declaration" Stonedry admitted that the Order Directing that a tax deed issue is legally insupportable and therefore supplies no basis on which an order of possession can "equitably" or "legally" be granted.**

**D. The admissions which result from the failure to file a counter-affidavit, instead relying on the unsworn May 11, 2021 Declaration, supercede the appellate court's December 2020 Rule 23 order, which in any event, did not consider the issue of Schcolnik's lack of authority, making res judicata inapplicable.**

The to-be-filed motion to reconsider the court's October 14, 2021 dismissal of the 2-1401 Petition supplies yet further "equitable or legal grounds" why the motion seeking an order of possession must be denied.

## CONCLUSION

WHEREFORE: for the reasons stated the motion for entry of an Order of Possession must be denied.

Respectfully,
s/Barbara Revak
Attorney for Respondents/Petitioners
And
s/Rufus Cook, Pro se

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
Barbararevak@att.net
          and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

# EX.

# E

learing Start: No hearing scheduled

FILED
11/8/2021 1:56 PM
Iris Y. Martinez
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE APPLICATION, ETC., )
GENERAL TAXES FOR THE YEARS 2009-2011 )
) Case No. 2014 COTD 002392
)
PETITION OF STONEDRY, LLC ) Hon. James Carroll
FOR TAX DEED )
) Re:Section 2-1401 Petition
)

## MOTION OF RESPONDENTS/ 2-1401 PETITIONERS PURSUANT TO SECTION 5/2-1203 TO RECONSIDER AND VACATE OCTOBER 14, 2021 ORDER DISMISSING PETITION

In support of their Motion Petitioners state as follows.

On October 14, 2021, the court entered an order denying a section 2-615 motion to dismiss purportedly filed by Stonedry, LLC., and granting a "section 2-619 motion." (The 2-619 motion failed to state as required the sub-section under which it was brought.) The October 14 order is interlocutory.

Because a 2-619 dismissal order is reviewed de novo, no deference being given to the lower court's legal determinations, judicial economy requires that the motion be carefully analyzed. *Doe A. v. Diocese of Dallas*, 234 Ill. 2d 393 (2009)

The grounds which require reconsideration and vacature are summarized below with a supporting Memorandum to follow.

**A. The court's dismissal order violates Petitioners' right to due process and equal protection.**

**Although Petitioners raised and documented at every point of the proceedings that their constitutional rights were being trammeled, the court at " [1] " behest ignored the most basic of due process protections. ⍰ Its October 14th dismissal order continues to do so by failing to address them. Stonedry's *unsworn* Declaration "(see B. below) left uncontroverted dispositive facts, which establish due process violations. Now the due process violations, always present here, are continued by this court's ignoring that Stonedry's lack of an Affidavit admitted that there were no controverted facts, and**

**[1] Attached hereto as Exhibits 1 and 2 are excerpts from (a). Petitioners' Jan. 24, 2020 Supplemental and Amended Petition..", pages 15-19; and (b). Petitioners' May 13, 2020 " Reply to Stonedry's...Supplemental Submission", pages 15-19, each of which exhaustively documents the ongoing due process violations.**

FILED
11/8/2021 1:56 PM
Iris Y. Martinez
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

thus no need for the evidentiary hearing previously demanded by Petitioners, and then the court in the October 14 order resurrected the arguments that, as a matter of law, Stonedry had withdrawn from controversy. Put differently, Stonedry's capitulation became the court's opportunity to deny an evidentiary hearing to Petitioners, while ruling as though such a hearing had been held. By failing to file a counter-affidavit Stonedry admitted:

- That the February 9, 2015 prove-up was held without notice to Petitioners even though their appearance was of record as of February 4, 2015.
- That Schcolnik's false prove-up hearing testimony was never corrected.
- That Michael Wilson testified *unsworn* and falsely that all of the required notices had been given, and
- That the transcript from the prove-up hearing was admitted into evidence by a judge who had not heard the evidence at the request of Mr. Wilson who repeatedly told the court that the law permitted such practice when, in fact, to do so constitutes a fundamental violation of due process. *Trzebiatowski v .Jerome,* 24 Ill. 2d 24 (1962).
- Said due process violations (ignored by the October 14 order) require vacature of that order wholly independent from Section 22-45.

B. The court's October 14 order must be vacated because it also failed to consider, as the law requires, that Schcolnik's May 11, 2021 *unsworn* Declaration, in response to a *sworn* Affidavit, admitted each of the facts set forth in the Affidavit, establishing that Stonedry was not entitled to a tax deed. The facts affirmed in the Affidavit and not only ignored but disputed by the court were stated as follows in Ridgeland's uncontroverted Affidavit.

> *"11. We turn now to the central facts which, if not controverted under oath in the filings supporting and opposing a 2-1401 petition, require no evidentiary hearing Ostendorf, Blutchter and Cole, supra. The central facts, uncontroverted, follow:*
>
> *a. Prove-up hearing testimony by Schcolnik to be a SD member was false.*

*b. Sworn claim to be a SD member in settlement agreement was falsely made December first, 2015, continuing the false testimony given February 9.*

*c. Inadmissible Declaration did not contradict Annotated Affidavit's denial of Schcolnik's authority since the LLC's inception.*

*d. Inadmissible Declaration left uncontroverted the Affidavit's denial of Twardock's lack of authority regarding Stonedry.*

*e. Declaration leaves uncontroverted the statement that the 22-5 take notice- was sent by Gammadock after it had assigned ownership to SD, thus voiding that notice and precluding issuance of a tax deed.*

*f. Declaration leaves uncontroverted, thereby admitting, that the 22-10, 15 and 20 notices were defective.*

*g. The declaration leaves uncontroverted the assertions that the prove-up was held February 9, 2015 without notice to the Ridgeland parties even though their appearance was of record as of February 4.*

*h. The declaration leaves uncontroverted the statements that the false testimony was never corrected, that Mr. Wilson testified unsworn, and that the transcript was admitted into evidence later by the judge, here Your Honor, who had not heard the evidence in the case .*

*i. The declaration leaves uncontroverted the assertion that withdrawal of the Ridgeland objections did not remove the defects in the 22-5, 10,15,20 and 25 notices, nor the prove-up defects, nor the lack of a proper transcript lawfully executed by a judge who heard, or re-heard, the evidence.*

*j. Finally the declaration leaves uncontroverted the assertion that sec. 22-40 commands that no tax deed may issue without compliance with the statutory terms."*

**C. The court failed to consider and follow, or even mention the governing cases here, *Blutcher v. EHS Trinity Hospital,* 321 Ill. App. 3d 131, 746 N.E. 2D 863 (1ST Dist. 2001) *Ostendorf v. International Harvester,* 89 Ill. 2d. 273 (1982) and *Smith v. Cole,* 256 Ill. App. 3d 806, 810 (1st Dist. 1993), which hold, as is the case here, that where there is no dispute based on controverting <u>affidavits</u> the 1401 petition may be granted solely on the basis of the affidavit(s) in support thereof. The cases cited here are "end of the day" cases, which require the court to determine through final Affidavits what controverted issues remain. Here, after repeated briefings of the 2-615 and 2-619 motions, <u>Blutcher</u> and <u>Ostendorf</u> directed concluding Affidavits as to what remained**

when Stonedry elected by its failure to file a counter-affidavit to eliminate certain matters from contention. By filing no controverting Affidavit, it exercised its absolute right to limit the controversy. The court had no power thereafter to decide those previous issues as though they continued to exist.

D. *Vulcan Materials Co. v. Bee Construction*, 96 Ill. 2d 159 (1983), which the court cited for the proposition that once a court acquires jurisdiction over the land when the county collector makes application for judgment and order of sale fraud which occurs after the tax court acquired jurisdiction would render the tax court's orders voidable but not void for lack of jurisdiction, supplies no basis for the dismissal order. First *Vulcan* cannot and does not override or excuse constitutional violations. Second, apart therefrom it has no effect on section 22-45 which was adopted by the Legislature in 1994, ten years later. That section of the Code provides:

> " relief from the Tax deed order may be had under §2-1401...(3) [Upon] proof by and convincing evidence that the tax deed has been procured by fraud <u>or</u> deception by the tax purchaser or his assignee." (Emphasis supplied.)

Thus if fraud <u>or</u> deceit is proven the order directing that a tax deed issue must be vacated *irrespective of the fact that the tax court has subject matter jurisdiction.*

F. The showing of fraud <u>or</u> deception under 22-45 is not limited to purposeful wrongful intent, but by its very definition includes a reckless disregard for the truth. See also: *In Re Tax Deed Petition of* Thomas, 225 Ill. App. 3d 861 (4th Dist. 1992), "Because tax deed proceedings involve the government in taking the property of private owners of real estate...due process concerns demand a special interpretation of the fraud required of section 22-45." Here, the court concluded that Schcolnik's repeated documented perjuries and false personations were innocuous mistakes. However, the court failed to conduct an evidentiary hearing, instead unlawfully substituting surmise <u>for facts given under oath and subject to cross-examination</u>, a further violation of Petitioners' due process rights. The record establishes that no lawful evidentiary hearing was held at any time from January 2015 to October 2021, and thus the court's conclusion that Schcolnik lacked wrongful intent is contrary to and lacks factual and legal support requiring vacature of the dismissal order.

G. The Settlement Agreement is a nullity. It supplies no basis for the tax deed order <u>or</u> an order of possession predicated on it <u>or</u> the 2-619 dismissal order. The court had an independent duty under the Property Tax Code, *not here met*, irrespective of the Settlement Agreement to ascertain that all required notices

were properly given and that the evidence at the prove- up hearing *was actually heard by the judge* and all statutory requirements for issuance of a tax deed were met.

H. The October 14 dismissal order must be vacated because the court failed to consider and follow the doctrine of equitable estopped and universal precedent cited by Petitioners and unchallenged by "Stonedry", which when the law is, as it must be followed, prevents Stonedry from benefiting from its wrongdoing, including using the office of the court to deprive Petitioners of due process. *Shanahan v. Schindler,* 63 Ill. App. 3d 82 (1978); *Straits Financial LLC v. Ten Sleep Cattle Co.,* 900 F. 3d 372 (7th Cir. 2018)

I. The Property Tax Code requires "strict compliance" with the notice provisions, 22-10 to 22-25. "Stonedry's" notices grossly failed to comply. A deficient notice is not regarded as any notice. *Equity One Investment. Fund v. Williams,* 2013 Ill. App. 3d 463 (1st Dist. 2013). Even in the case of "a mistake" "fraud" is held to exist; see cases cited in 1/27/20 "Compendium of Case Law..." incorporated by reference, and attached as Ex. 3. The October 14 dismissal order must be vacated because violation of the statutory notice provisions fully documented here is a ground for relief under section 22-45. As noted, the court was required in the 2-1401 proceeding to examine independently the notices and if defective ----no matter how innocuous the defect----vacate the order directing a tax deed to issue.

J. The court failed to consider and follow *Bank of America v. Adeyiga,* 390 Il. Dec. 431, 29 N.E 3d 60 (1st Dist), which holds that "a court lacks subject matter jurisdiction" where, as here, there exists is a fully documented "fraud on the court."

K. Where a judgement is attacked on voidness grounds, as here, there is no requirement that the Petition allege, as "Stonedry" falsely asserted, a meritorious defense or due diligence (both of which were nevertheless here shown) and grant of the dismissal order on this basis requires vacature.

L. Assuming arguendo that the issue of defective notices was decided by the appeal and the defects were held not to constitute "fraud", the May 11, 2021 "Declaration" filed in the 2-1401 proceeding, superceded the appellate court's Rule 23 order by admitting to, among other things, wholesale violation of Petitioners' due process rights. Moreover, the Appellate Court Rule 23 order is not res judicata as that doctrine only applies where there has been an adjudication on the merits, which clearly did not occur here an evidentiary hearing having been denied from 2015-2021, including with respect to the 1401

Petition. The doctrine of "law of the case" has no application unless all appeals have been exhausted, not here the case, as the 1401 Petition remains pending.

M. The provision of the Settlement Agreement barring respondents/ Petitioners from engaging Stonedry in subsequent litigation is a nullity; see above discussion of equitable estoppel and cited cases; the court's reliance on these provisions of the Agreement as a basis of its dismissal order requires vacature of the order.

N. The court's grant of the dismissal order on the ground that Petitioners did not explain what they would have done differently if they knew of Schcolnik's perjuries, etc. is clear and was stated in its filings but ignored by the order. And it would have been made even clearer if the required evidentiary hearing had been held: they would *not* have entered into the Settlement Agreement; they would have appealed the tax deed order, sold the property, paid off the taxes and recouped their equity.

O. The court's dismissal order must be vacated because without conducting an evidentiary hearing, which it was required to do, after having properly denied the 2-615 motion, and having ignored the admissions resulting from Stonedry's unsworn Declaration, it concluded that because Stonedry paid Respondents $85,000 as part of the Settlement Agreement section 22-45 was not violated. Had the required evidentiary hearing been held testimony would have been received on Stonedry's valuation of the building in January 2016 of $1.2 million; the amount of rents Stonedry has collected to which it is not entitled because the tax deed is legally insupportable, the property expenditures borne solely by Petitioners for some six years, etc.

P. The section 2-619 proceeding was defective because "Stonedry" failed to cite the subsections(s) under which it was brought, supplying a further ground for vacature of the dismissal order.

Far from ordering renewal of an order of possession based on (1) a continuing denial of evidentiary hearing and (2) the court's ignoring Stonedry's removal from contention uncontroverted matters, in the interest of fairness, the court should stay this matter pending prompt briefing and resolution of the matters raised, which by law cannot include the uncontroverted matters withdrawn from contention by Stonedry without still further violations of due process.

**A Memorandum supporting the motion will be filed forthwith.**

WHEREFORE: for the reasons stated the motion to reconsider must be granted and the October 14, 2021 dismissal order Vacated.

Respectfully Submitted
s/ Barbara Revak
s/ Rufus Cook, Pro se

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

# EX.

# 1

FILED
1/24/2020 4:24 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE APPLICATION, ETC., GENERAL TAXES FOR THE YEARS 2009-2011

PETITION OF STONEDRY, LLC FOR TAX DEED

Case No. 2014 COTD 002392

Hon. James Carroll

RE: SECTION 2-1401 PETITION

## NOTICE OF FILING

TO: Peter M. Stasiewicz (Stonedry, LLC's Purported Counsel)
ARCTURUS LAW FIRM
211 West Wacker Drive #318
Chicago, IL 60606
pete.stasiewicz@arcturuslaw.com

**PLEASE TAKE NOTICE** that on January 24, 2020, the undersigned caused to be filed electronically with the Clerk of the Circuit Court of Cook County, Illinois **SUPPLEMENTAL AND AMENDED PETITION UNDER SEC. 5/2-1401 AND COMMON LAW TO VACATE ALL ORDERS AND JUDGMENTS HEREIN, WHICH ARE ALL NULLITIES AND VOID AB INITIO BECAUSE PROCURED: (1) WITHOUT AUTHORITY OR CAPACITY AND IN VIOLATION OF THE LLC ACT; (2) IN VIOLATION OF THE PROPERTY TAX CODE; AND (3) BY STILL LATER FRAUDULENT MISREPRESENTATIONS, INCLUDING FALSE PERSONATION, FORGERY AND PERJURY,** a copy of which is attached hereto and hereby served electronically on you.

Respectfully submitted

/s/ Barbara Revak

/s/ Rufus Cook, *pro se*

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

In.the.Matter.of.the.Petition.of.Stonedry.v.Ridgeland.Not.of.Fil.Cert.of.Serv.re.Supp.and.Amended.etc.BR.gb.1.24.20

EX. 1

FILED
1/24/2020 4:24 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

CERTIFICATE OF ELECTRONIC SERVICE

I, Barbara Revak, an attorney, hereby certify under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, that the statements set forth in this instrument are true and correct, and that on January 24, 2020, I caused a copy of the foregoing **SUPPLEMENTAL AND AMENDED PETITION UNDER SEC. 5/2-1401 AND COMMON LAW TO VACATE ALL ORDERS AND JUDGMENTS HEREIN, WHICH ARE ALL NULLITIES AND VOID AB INITIO BECAUSE PROCURED: (1) WITHOUT AUTHORITY OR CAPACITY AND IN VIOLATION OF THE LLC ACT; (2) IN VIOLATION OF THE PROPERTY TAX CODE; AND (3) BY STILL LATER FRAUDULENT MISREPRESENTATIONS, INCLUDING FALSE PERSONATION, FORGERY AND PERJURY,** to be served electronically through Odyssey E-File and Serve on the party stated in the Notice whose email address is pete.stasiewicz@arcturuslaw.com.

Said "**SUPPLEMENTAL AND AMENDED PETITION UNDER SEC. 5/2-1401...**" was also served on that date by personal email to Peter Stasiewicz at pete.stasiewicz@arcturuslaw.com.

/s/ Barbara Revak

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION, ETC., GENERAL TAXES FOR THE YEARS 2009-2011 | ) ) ) ) | Case No. 2014 COTD 002392 |
| PETITION OF STONEDRY, LLC FOR TAX DEED | ) ) ) ) | Hon. James Carroll<br>RE: SECTION 2-1401 PETITION |

SUPPLEMENTAL AND AMENDED PETITION UNDER SEC. 5/2-1401 AND COMMON LAW TO VACATE ALL ORDERS AND JUDGMENTS HEREIN, WHICH ARE ALL NULLITIES AND VOID AB INITIO BECAUSE PROCURED: (1) WITHOUT AUTHORITY OR CAPACITY AND IN VIOLATION OF THE LLC ACT; (2) IN VIOLATION OF THE PROPERTY TAX CODE; AND (3) BY STILL LATER FRAUDULENT MISREPRESENTATIONS, INCLUDING FALSE PERSONATION, FORGERY AND PERJURY [1]

Petitioners, pursuant to 735 ILCS § 5/2-1401 of the Illinois Code of Civil Procedure, and to the common law, respectfully request that the court vacate all actions taken herein on behalf of Stonedry, L.L.C., for lack of authority, and for violation of the Property Tax Code, and for the tax deed having been procured by fraud. Petitioners herein are Rufus Cook, Barbara Revak and Ridgeland Corporation, sometimes herein collectively called Ridgeland.

[1] The initial 1401 Petition was filed August 3, 2017 some twenty-nine months ago. On December 29, 2017 the court stayed proceedings respecting the 2-1401 Petition pending disposition by the appellate court of related appeals.

During the ensuing 29 months after the Petition was first filed in August, 2017, subsequent events have occurred, and were learned of which relate to, amplifying and impact the matters raised in the initial petition. Recognizing this to be the case this court's January 2, 2020 order provides for the filing by petitioners of supplemental 1401 pleadings.

The instant Supplemental and Amended Petition also simplifies and reduces the initial Petition from 25 pages to 19, and provides a complete Exhibit 14, pages therefrom having been omitted in the earlier filing.

On December 20, 2019 the appellate court entered an Order which decided the appeals, but left for disposition by this court the section 2-1401 Petition.

Ridgeland submitted case authority to the court (Ex. 14). Instead, on February 24 (Ex 7) the unauthorized Mr. Wilson, as noted not having corrected the known false testimony he had elicited, served a notice of motion seeking to have Judge Hoffman, on the basis of that ex parte, un-noticed and fraudulent hearing, enter an order for deed on March 4. (Ex. 7) Ridgeland on that date moved for and was granted a substitution of Judge Hoffman as of right.

30. For reasons having no apparent relation to this case, Judge Zafiratos was transferred and the matter assigned to Judge James Carroll sometime after June 2, 2015.

31. When he was assigned the case, successor Judge Carroll, like movants, was not made aware of the lack of authority of pretenders Schcolnik and Wilson, and was wrongly told by them until the December 1 "settlement" that he could and should resolve the case by signing the Judge Hoffman transcript.

32. Stonedry, seeking to continue hiding its fraud, including Schcolnik's February 9, 2015 and continuing false personation and perjury, continued to urge Judge Carroll to decide the case based on the *ex parte* hearing of Stonedry's evidence, and thus to order issuance of a tax deed *without Ridgeland ever being heard*. In other words, Judge Carroll was urged to rely on the transcript (replete with fraudulent misrepresentations from the February 9, 2015 *ex parte* hearing held before Judge Hoffman), conducted so quickly, as noted above, that the court (and Mr. Wilson) hadn't even had time to learn that Ridgeland's appearance had been filed 5 days before, only 4 days after the initial assignment to Judge Hoffman, and with no time to provide notice to Ridgeland of the *ex parte* hearing.

33. Stonedry committed yet another of its several frauds on Judge Carroll when it misrepresented that its attorney Mr. Wilson had found no case law showing that a successor

judge lacked power to sign a transcript he had not heard. In fact, Ridgeland had presented such case law in its filing of June 29, 2015 (Exs. 14, 15). After that filing Mr. Wilson in the following 6 months failed to correct that statement of "no case law" he had wrongly made to the court, didn't call Judge Carroll's attention to the cases supplied in the June 29 and November 29, 2015 filings, and the court accordingly didn't rule on the matter or declare Ridgeland's right to a trial, while Stonedry's motion for immediate entry of a tax deed order based on the transcript of the hearing before Judge Hoffman continued to pend from court date to date, with movants never having been heard. There pended with it the possibility that Judge Carroll, contrary to the ample authority that any such action would be a due process violation, might decide the case using the February 9 fraudulent transcript, thus denying Ridgeland's right to be heard at trial. (No trial had been scheduled in the 5 months between the June 29 completion of the briefing schedule on the matter and the December 1 "Settlement Agreement." Movants submitted additional authority on November 29, 2015 showing further that Stonedry's position was unlawful and violative of due process. By that time, no matter the law, Stonedry's assault on due process had succeeded and Ridgeland appeared to be facing an appeal from a judgment to be entered without its ever being heard.)

34. As noted, movants were still a year away from beginning to learn in 2016 that Schcolnik and "subagent" Wilson by law lacked agency authority, and Stonedry lacked capacity to use them as agents.

35. As of November 30, 2015, Stonedry's fraud and assault on the public policy expressed in the Tax Code had had the following results in the trial court:

a. Ridgeland had been clearly improperly denied its right to discovery;

b. it had been forced to withdraw its 2-619.1 motions because it couldn't conduct discovery, and had a first-time extension to permit a reply in support of its motion to dismiss improperly denied as well;

c. no decision had been made regarding the clear law requiring as a matter of due process that a successor judge hear evidence as opposed to signing a transcript of evidence heard *ex parte* by a predecessor judge; and

d. most important, the pretenders continued to act "for" Stonedry without authority, and to claim benefits from the accompanying acts of false personation, perjury and forgery.

**E. When the December 1, 2015 "Settlement Agreement" was entered into, movants were more than a year away from discovering that Schcolnik and Wilson were false pretenders to authority, and Stonedry itself a false pretender to capacity to act through Schcolnik.**

36. Ridgeland knew nothing of the scope of the fraud and criminal conduct the pretenders were carrying on in order to conclude the transaction. Thus Ridgeland didn't know that one of the functions of the settlement agreement was to disregard any issue of authority via the false personation, perjury and forgery which had already occurred, and could be repeated in other Stonedry transactions, as needed.

37. On **December 1, 2015**, the Ridgeland parties entered into what they, and apparently the court, thought was a "Settlement Agreement" with Stonedry. **(Ex. 18)** Ridgeland, et al. duly and properly executed the Agreement (under oath administered by Mr. Wilson) in their corporate and personal capacities. The Agreement, however, was falsely signed by Schcolnik who, after falsely swearing in court in the February 9, 2015 transcript that he was a member of Stonedry (which lie was elicited by his attorney, and remained uncorrected), Schcolnik continued on oath on December 1, 2015 to fraudulently misrepresent in the agreement that he was a member of Stonedry. Once again, Stonedry committed a fraud on the court, nowhere disclosing to the court

that Stonedry was not member-managed but manager-managed, nor that he lacked authority to act as its agent.

38. Movants, as of December 1, 2015 knew nothing of the fact that Schcolnik had lied to the court in the February 9, 2015 transcript, nor that he was continuing the same lie in the proposed settlement agreement, which he signed under oath in court as follows, and caused at that time to be presented to the court.

"Stonedry, LLC (Exh. 16, p. 6)
By: Andres Schcolnik
Title: Member"

39. By so signing, Schcolnik fraudulently misrepresented that he was a member of Stonedry LLC, and that it was a member-managed company which, as a member, he was authorized to bind to the agreement. Declaring that he was a member, under oath in court, in court documents and in the settlement agreement, could have had no other purpose than to mislead the court and the Ridgeland parties. It was in these circumstances that Ridgeland agreed to withdraw their defenses to Stonedry's Petition for Tax Deed.

40. On **December 1, 2015**, pursuant to the terms of the settlement agreement, (to which Stonedry was not a party because Schcolnik acted without authority), the court, believing as did Ridgeland that the settlement agreement bound the parties, entered three orders:

i. "AGREED ORDER", which provided, among other things, for Respondents' withdrawal of all objections to entry of an order directing the County Clerk to issue a tax deed for the subject property to Stonedry and for stay of the Order of Possession until April 1, 2015; **(Ex. 7)**

ii. Order Directing County Clerk to issue Tax Deed or Other Relief **(Ex. 8)**; (The deed was subsequently issued to Stonedry.)

iii. Agreed Order of Possession stayed until April 1, 2015. **(Ex. 9)**

## III. There were later acts of fraud, false personation, forgery and misrepresentation committed by the pretenders and "subagents."

41. After the tax deed and related orders were procured as related above by fraud including false personation, forgery, perjury, and misrepresentation, there followed repeated other and separate misconduct in the form of acts which continue to this day to be done by the pretenders and "subagents" without authority. Those acts continue and extend the earlier acts detailed above, and are not repeated here.

WHEREFORE: For the reasons stated movants request that the court (1) declare void for lack of authority and capacity and vacate all acts and orders herein on behalf of Stonedry, LLC, including but not limited to the tax deed judgment and related acts and orders; (2) find that Stonedry, LLC Schcolnik and "subagents", committed and continue to commit fraud and other misconduct on the court and movants; and (3) order such other relief as the court finds proper.

Respectfully submitted,

By: ______________________
Barbara Revak

And

By: ______________________
Rufus Cook, *Pro se*

Law Office of Barbara Revak, Suite 102
Attorney No. 58121
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000
Rufus Cook, pro se
7411 S. Stony Island Ave, Suite 600
Chicago, IL 60649
Telephone No. (773) 752-2000

# EX.

# 2

FILED
5/13/2020 1:30 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE APPLICATION, ETC., GENERAL TAXES FOR THE YEARS 2009-2011

PETITION OF STONEDRY, LLC FOR TAX DEED

Case No. 2014 COTD 002392

Hon. James Carroll

SECTION 2-1401 PETITION

## NOTICE OF FILING

TO: Peter M. Stasiewicz (Stonedry, LLC's Purported Counsel)
ARCTURUS LAW FIRM
211 West Wacker Drive #318
Chicago, IL 60606
pete.stasiewicz@arcturuslaw.com

Alvin Portis, Jr.
Assistant State's Attorney
Civil Actions Bureau
Municipal Litigation Section
aportis@cookcountygov.com

**PLEASE TAKE NOTICE** that on May 13, 2020, the undersigned caused to be filed with the Clerk of the Circuit Court of Cook County, Illinois **PETITIONERS' REPLY TO STONEDRY, LLC'S FEBRUARY 6, 2020 (1) "SUPPLEMENTAL SUBMISSION..." AND (2) MOTIONS TO DISMISS § 2-1401 PETITION PURSUANT TO § § 2-615 AND 2-619**, a copy of which is attached hereto and hereby served upon you.

Respectfully submitted

/s/ Barbara Revak

/s/ Rufus Cook, *pro se*

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

In.the.Matter.of.the.Application.of.the.Petition.of.Stonedry.Notice.of.Filing.re.PETITIONERS.REPLY.etc.BR.gb.5.5.20

Ex. 2

FILED
5/13/2020 1:30 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

CERTIFICATE OF ELECTRONIC SERVICE

I, Barbara Revak, an attorney, hereby certify under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, that the statements set forth in this instrument are true and correct, and that on May 13, 2020, I caused a copy of the foregoing **PETITIONERS' REPLY TO STONEDRY, LLC'S FEBRUARY 6, 2020 (1) "SUPPLEMENTAL SUBMISSION..." AND (2) MOTIONS TO DISMISS § 2-1401 PETITION PURSUANT TO § § 2-615 AND 2-619** to be served electronically through Odyssey E-File and Serve on the parties stated in the Notice whose email addresses are pete.stasiewicz@arcturuslaw.com and Alvin Portis, Jr. at aportis@cookcountygov.com.

Said "**...REPLY ...**" was also served on that date by personal email to Peter Stasiewicz at pete.stasiewicz@arcturuslaw.com and Alvin Portis, Jr. at aportis@cookcountygov.com

/s/ Barbara Revak

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE APPLICATION, ETC., GENERAL TAXES FOR THE YEARS 2009-2011

PETITION OF STONEDRY, LLC FOR TAX DEED

Case No. 2014 COTD 002392

Hon. James Carroll

SECTION 2-1401 PETITION

PETITIONERS' REPLY TO STONEDRY, LLC'S FEBRUARY 6, 2020
(1) "SUPPLEMENTAL SUBMISSION..." AND
(2) MOTIONS TO DISMISS § 2-1401 PETITION
PURSUANT TO § 2-615 AND 2-619

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

*Carbide*, 2014 IL.App. (2d) 130432, 6 N.E.3d 856. The *Carbide* case underlines the law that, until the circuit court is revested with jurisdiction by the appellate court mandate, it lacks jurisdiction, including to do the very thing SD pursues here: enter a possession turnover order. As noted, that holding is now codified in Rule 369.

**D. The reasons for its pattern of falsifying the law become apparent when SD's 2-615 and 2-619 motions are analyzed.**

SD argues: "First and foremost, the entire amended petition is barred by *res judicata*." And the appellate case "is also res juducata, and the amended petition cannot be based on that argument"; further, SD declares Ridgeland's 1401 petition lacks merit because the appellate court decision "...alone is dispositive of Ridgeland's claims of voidness."

This court knows that, even beyond the Rule 368 stay presently in effect, applying *res judicata* requires, among other fundamentals, proving that the party against whom preclusion is sought had the opportunity to raise the issue and was or could be heard on it. Here Ridgeland's requests for discovery and evidentiary hearing were denied or ignored, as shown in part II below. Thus, even if the precedents and laws requiring exhaustion of appellate potential didn't exist, the law of *res judicata* itself would still prohibit its application here.

**II. ASIDE FROM PART I ABOVE, THERE CAN BE NO PRECLUSION (*RES JUDICATA*) WHERE HEARING OF THE ISSUE HAS BEEN SOUGHT BUT IGNORED OR DENIED.**

**A. The record establishes that from June to December, 2015 oral and written demands for the due process right to be heard were, at SD's urging, denied and went unmet in the trial court, and as a result SD forced entry into a settlement agreement withdrawing defenses and an order ignoring the law which both violated not only the Tax Code, but also the due process duties imposed on the court by the U.S. and Illinois constitutions.**

Page 3 of the Chronology briefly relates Ridgeland's June-to December 2015 effort to obtain due process in the trial court, moving unsuccessfully first for discovery and then for an evidentiary hearing or a trial. See Exs. 12, 14, 15, all of which pointed out in detail that, as a matter of simple due process, Ridgeland was entitled to be heard, including the right to a trial before a judge who would hear the evidence, not one who would "approve" the transcript of a prove-up heard by a different substituted judge.

Ridgeland's demand to be heard was made verbally from February 15 and in writing June 2, 15 and 29, and November 30, 2015, partly opposing a standing motion by SD for entry of judgment based on the no-notice, *ex parte*, false and partly unsworn and unsigned February 9, 2015 prove-up before Judge Kulys-Hoffman, not Judge Zafiratos nor Judge Carroll. The SD motion for immediate entry of judgment against petitioners was carried on the court's docket from its filing February 24, 2015 for possible entry without further notice at every session of the court to December. The parties briefed the due process issue **(Exs. 12, 13 and 14)** and Ridgeland on November 30 filed additional authority **(Ex. 15)**. That authority re-emphasized that it was the court's (1) duty to (1) affirmatively order a hearing and trial, and its duty (2) even if Ridgeland's objections were properly withdrawn, as based on a valid settlement agreement, which they were not, to order issuance of a tax deed *only if there had been full compliance with the statutory notice and other requirements.*

The record shows that Ridgeland's demands for evidentiary hearing went unmet from at least May 20, 2015 and were ended on December 1, 2015 with entry of the tax deed order based upon improper acceptance of the February 9, 2015 transcript prove-up by Judge Carroll, who did not hear it. Clearly no *res judicata* effect can apply where Ridgeland's demands to be heard went

unmet. It is important here to fully consider the recounting, provided at pages 3 and 4 of the Chronology, of the actions of SD and Mr. Wilson regarding Ridgeland's unsuccessful efforts to obtain a trial and due process. In his filing of June 2015 Mr. Wilson falsely represented to the court that there was no due process issue present, and "no case law exists regarding this issue." Proof that those were lies was provided in Ridgeland's exhibits 12, 14 and 15. All of the authorities were ignored. The lies to the court, constituting fraud on the court, have never been acknowledged. Similarly ignored were the additional cases to the same effect filed by Ridgeland in its last-ditch effort to obtain due process.

Finally, seeking to cause the court to enforce Ridgeland's due process rights the Ridgeland parties on November 30 filed with the court copies of two cases which made clear again, as their earlier filings had, that the court had an affirmative duty to announce and assure that Ridgeland's due process rights were honored. **(Exh. 15)** The two further cases supplied to the court were the 1962 case *Trzebiatowski v. Jerome*, 24 Ill.2d 24, 179 N.E.2d 622, 623; and the 2007 case *Anderson v. Kohler*, 376 Ill.App.3d 714, 877 N.E.2d 110. In *Jerome* the court said:

> "Under the circumstances reflected in the record it was error for the second chancellor to admit the transcript of the first proceeding into evidence and to consider it as a basis of decision. The full hearing contemplated by due process of law contemplates that all of the evidence should be submitted before a single judge or master who may see the witnesses, weigh their testimony and determine their credibility. (Citation omitted.) It was the clear duty of the chancellor here to conduct a trial de novo."

And in *Kohler*: "…it is the duty of the court to direct a trial de novo before another master or before itself." From May to November 30, 2015, settlement was forced on Ridgeland by continuing denial of its due process right to be heard. Before all else, the tax deed proceeding was voided as a matter of federal and state constitutional law by denial of due process.

**B. The 1401 petition alleges criminal misconduct, committed while SD also committed fraud on this court by lying to it that "no law existed" and urging denial of Ridgeland's due process rights. Those issues, though sought to be raised on appeal, were instead remanded by the appellate court.**

As noted, when the tax deed was ordered December 1, 2015, neither this court nor the Ridgeland parties knew that Schcolnik was not a manager, nor even a member of SD, he having averred falsely twice under oath in February and December 2015 that he was. (Respondents did not learn of these facts until December 2016 when Mr. Egan revealed them in responding to discovery in the law division suit.)

By the time the first 1401 petition was filed 2 ½ years later on August 3, 2017, Ridgeland knew and alleged that Schcolnik was not a member nor a manager, had lied under oath, and acted and signed documents as though he were. Those actions, intentionally done, have names: false personation, perjury, and forgery. However, before evidence of those matters could be taken up, this court stayed the 1401 proceedings December 20, 2017. With this court's stay in effect Ridgeland, noting the appellate court's power to vacate void orders, asked that court to grant the relief sought in the stayed petition by itself vacating the orders claimed to be void. At page 12, par. 41 of its order the appellate court "discussed" the issues presented by the appeal.

> "On appeal, respondents contend that: (1) this court must exercise its independent duty to vacate void orders where Stonedry not only failed to comply with the notice provisions of the Property Tax Code (35 ILCS 200/1 et seq. (West 2014)), but also procured the tax deed by acts of clear fraud that are documented in the record; (2) the December 1, 2015, settlement agreement, which was void *ab initio,* was part of a fraudulent *modus operandi* that requires this court to void the December 1, 2015, tax deed and related orders; (3): the circuit court lacked jurisdiction to enter the May 1, 2017, subsequent order of possession; and (4): the circuit court lacked jurisdiction to enter the August 3, 2017, supplemental order of possession because the June 16, 2017, notice of appeal vested jurisdiction in the Appellate Court."

Instead of deciding issues 1 and 2, it entered a Rule 23 "order" in which it affirmed this court's possession orders and dismissed appeal of the December 1, 2015 orders, (only one of which was "agreed") [7], finding it lacked jurisdiction because no appeal had been taken from them within 30 days of entry. The court, however emphasized that the 1401 petition, a separate case, was being remanded to this court. Even though it took no jurisdiction of the 1401 petition, SD claims now that the appellate court decision is *res judicata* as to the petition and matters raised in the petition, including (1) the statutory tax fraud alleged in the petition; (2) the settlement agreement, whose signing without authority is part of the 1401 petition and was not decided by the appellate court; and (3) the allegations of Schcolnik's criminal misconduct.

In short, the appellate court did not consider the allegations that false personation, perjury and forgery, as well as fraud committed on the court, accompanied the fraud defined by the cases cited in the Compendium of case authorities submitted by the 2-1401 petitioners. SD seeks to claim as *res judicata* on the fraud issue an interlocutory appellate court opinion, *which not only rejects (without discussion) that court's own precedent in defining fraud in tax deed proceedings,* but which also specifically did not consider the criminal misconduct alleged in the petition, far exceeding mere documentary tax fraud, and shown in the exhibits.

As shown in "A", *res judicata* cannot exist where the matter sought to be precluded was denied due process hearing in the trial court. And, as to "B" the 1401 allegations of fraud on the court, false personation, forgery and perjury, also were not heard by this court, which stayed the petition, nor by the appellate court, which declined to hear and remanded it.

*It is, before and after all, a matter of due process.*

---

[7] **The Order directing that a tax deed issue was *not* an "agreed" order.**

EX.

3

FILED
1/27/2020 2:58 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, COUNTY DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF THE APPLICATION, ETC., GENERAL TAXES FOR THE YEARS 2009-2011** | ) ) ) | **Case No. 2014 COTD 002392** |
| **PETITION OF STONEDRY, LLC FOR TAX DEED** | ) ) ) ) ) | **Hon. James Carroll** **RE: SECTION 2-1401 PETITION** |

**NOTICE OF FILING**

**TO:** Peter M. Stasiewicz (Stonedry, LLC's Purported Counsel)
ARCTURUS LAW FIRM
211 West Wacker Drive #318
Chicago, IL 60606
pete.stasiewicz@arcturuslaw.com

**PLEASE TAKE NOTICE** that on January 24, 2020, the undersigned caused to be filed electronically with the Clerk of the Circuit Court of Cook County, Illinois **PETITIONERS' COMPENDIUM OF CASE LAW RESPECTING STATUTORY NOTICES REQUIRED BY THE PROPERTY TAX CODE, FILED AS A SUPPLEMENTAL PLEADING PURSUANT TO THE COURT'S JANUARY 2, 2020 ORDER,** a copy of which is attached hereto and hereby served electronically on you.

Respectfully submitted

/s/ Barbara Revak

/s/ Rufus Cook, *pro se*

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

In.the.Matter.of.the.Petition.of.Stonedry.v.Ridgeland.Not.of.Fil.Cert.of.Serv.re.Pet.Comp.of.Case.Law.etc.BR.gb.1.22.20

Ex. 3

FILED
1/27/2020 2:58 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2014COTD002392

## CERTIFICATE OF ELECTRONIC SERVICE

I, Barbara Revak, an attorney, hereby certify under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, that the statements set forth in this instrument are true and correct, and that on January 24, 2020, I caused a copy of the foregoing **PETITIONERS' COMPENDIUM OF CASE LAW RESPECTING STATUTORY NOTICES REQUIRED BY THE PROPERTY TAX CODE, FILED AS A SUPPLEMENTAL PLEADING PURSUANT TO THE COURT'S JANUARY 2, 2020 ORDER**, to be served electronically through Odyssey E-File and Serve on the party stated in the Notice whose email address is pete.stasiewicz@arcturuslaw.com.

Said "Compendium..." was also served on that date by personal email to Peter Stasiewicz at pete.stasiewicz@arcturuslaw.com.

/s/ Barbara Revak

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION, ETC., GENERAL TAXES FOR THE YEARS 2009-2011 | ) ) ) | Case No. 2014 COTD 002392 |
| PETITION OF STONEDRY, LLC FOR TAX DEED | ) ) ) ) ) | Hon. James Carroll |

PETITIONERS' COMPENDIUM OF CASE LAW RESPECTING STATUTORY NOTICES REQUIRED BY THE PROPERTY TAX CODE, FILED AS A SUPPLEMENTAL PLEADING PURSUANT TO THE COURT'S JANUARY 2, 2020 ORDER,

In accord with the court's January 2, 2010 order, Petitioners supplement their previous section 2-1401 filings as follows.[1]

**THE "INITIAL TAKE NOTICE" ISSUED BY TAX CERTIFICATE PURCHASER GAMMADOCK, LLC AFTER IT HAD ASSIGNED ITS INTEREST THEREIN TO STONEDRY, LLC WAS FATALLY DEFICIENT (AS WERE SUBSEQUENT NOTICES, WHICH DID NOT AND COULD NOT CURE THE DEFICIENCY) AND THUS FRAUDULENT, NOT ONLY BECAUSE THE "OWNER" OF THE CERTIFICATE DID NOT GIVE THE REQUIRED NOTICE SECTION 22-5 NOTICE, BUT ALSO BECAUSE THAT NOTICE CONTAINED "MATERIAL" ADDITIONS, WHICH ADDITIONS THE PROPERTY TAX CODE PROHIBITS.**

1. **Because Stonedry, LLC, the "owner" of the certificate did not give the "initial take notice" as the law requires, said notice instead being purportedly given by Gammadock, LLC, which had no interest in the certificate, having assigned away its interest, the notice is a legal nullity.**

[1] The section 2-1401 Petition was filed August 3, 2017, some twenty nine months ago. In the two-and-a-half years during which the 1401 Petition was stayed, events have occurred which require that the Petition be updated. (The Amended Petition is filed pursuant to a separate Notice of Filing).

Section 21-260 of the Property Tax Code provides:

> "The owner of the certificate of purchase shall give notice as required by section 22-5 through 22-30." (Emphasis supplied.)

Here, there is no dispute that on April 7, 2014 Gammadock, LLC assigned the certificate to Stonedry. Nor is there any dispute that on April 23, 2014, *after* it had assigned the certificate to Stonedry, LLC, Gammadock LLC nonetheless purported to give the "initial" take notice required to be given to the assessee by Property Tax Code §22-5 (35 ILCS 200-22-5, et seq.) When Stonedry, LLC, the "owner" failed to serve the required "initial" take notice its right to a tax deed was ended and it could not be restored to life by filing a section 22-10 second take notice. This is the clear law articulated by the appellate court in *The Application...CCPI, LLC, v. MB Financial Bank*, 2012 IL.App. (1st) 101976, 966 N.E.2d 408:

> "Here, GJ was not the certificate holder when it filed the extension notice pursuant to section 21-385. Specifically, GJ had assigned away its rights to the tax lien almost two years before it filed the extension notice. See 35 ILCS 200/21-250 (West 2008) ("An assignment shall vest in the assignee***all the right and title of the original purchaser."). Consequently, the extension filed by GJ was a nullity. ...The trial court, therefore, erred when it dismissed respondent's motion to void the tax deed."

2. **Wholly apart from the fact that the "owner", Stonedry, LLC did not give the "initial" §22-5 notice, the additions which non-owner Gammadock, LLC made were "material" and constitute fraud for yet a further reason, making the tax deed a legal nullity which must be recalled.**

Non-owner Gammadock, LLC's "initial" take notice was *not* in the specific format required by Illinois law. Not only did it state "county court house" instead of "office of the County Clerk", and not only does it misspell further as "futher", which by law are *not* innocuous errors (see below), but it also contains the following (underlined) addition:

> "At the date of this notice the total amount which you must pay in order to redeem the above property is $281,196.45 plus any and all statutory penalties, interest and costs.
> Emphasis supplied.)

(See Ex. 14 to Amended 2-1401 Petition.)

See also: *In re Application of the County Treasurer & Ex Officio County Collector,* 2013 IL App (1st) 130463, 3 N.E.3d 431; irrespective of how minute "the court shall insist on strict compliance with section 22-10 to 22-25".

*The holding of this case is significant respecting the instant case. There the court affirmed the vacature of the tax deed because in the initial take notice the tax buyer failed to strictly comply with the requirements of the take notice form, omitting the municipality. Even though the municipality was included on all of the other take notice documents sent to the property owner in accordance with section 22-10, the court held that the omission rendered the post-sale notice form insufficient and the tax deed petitioner was not entitled to a tax deed.)*

Section 22-45(3) of the Property Tax Code provides that a tax deed shall be held a nullity:

> "...where there is proof by clear and convincing evidence that the tax deed has been procured by fraud or deception by the tax purchaser or his assignee." (Emphasis supplied.)

There is no dispute that application of the *general* concept of fraud requires a showing of more than mere "negligence"; a purposeful malevolent intent to harm must be shown. However, tax deed proceedings are different.

> "[Because] tax deed proceedings involve the government in taking the property of private owners of real estate...due process concerns demand a special interpretation of the fraud requirement of section 22-45(3). *In re tax deed petition of Thomas*, 225 Ill.. App. 3d 861 (4th Dist. 1992).

Thus, as our appellate court has repeatedly held when there are "substitutions or omissions" on a tax form, the tax buyer is not entitled to a tax deed; *prejudice is presumed.*

> "There must be strict compliance with the statute and when there are substitutions or omissions on a notice form, the tax buyer is not entitled to a tax deed. We do not need to inquire whether Williams actually received the deficient section 22-5 post-sale notice and suffered any prejudice or confusion as a result of the omission of the city name; prejudice is presumed. (3 N.E.3d at 438)
>
> We hold that *Equity One's* post-sale notice form to Williams was not "completely filled in", as required by our legislature. 35 ILCS 200/20-5 (West 2008). Because a deficient notice is not regarded as any notice within the meaning of the statute, the trial court properly denied the application for a tax deed." *In re County Treasurer, Equity One Investment Fund v. Williams*, 2013 Ill. App. 3rd 463, 3 N.E.3d 431, 438 (1st Dist. 2013) (Emphasis supplied.)

And, the court has also emphasized repeatedly that even in the case of a "mistake" fraud exists, nullifying the tax deed.

> "Here, the public records showed the mortgage...Midwest told the court it had already served notice on all occupants. Midwest may have mistakenly overlooked Jose's interest as reflected in the mortgage, or Midwest may have deliberately decided not to inform the court of Jose's signature on the mortgage. Assuming the failure to notice Jose's interest resulted from oversight, we follow *Thomas* and construe the mistake as fraud. Assuming Midwest knew of Jose's interest and decided not to inform the court of that interest, we find that Midwest's acts constitute fraud under *Gerus*. The trial court erred by finding that Jose failed to show fraud. ..." (Emphasis supplied.)

*In re County Treasurer (Alvardo)*, 0247 Ill. App. 3d 769, 807 N.E.2d 1042, 1053-54 (1st Dist. 2004) appeal denied, 823 N.E.2d 965 (2004). See also: *In re County Treasurer (MB Financial Bank)*, 2012 IL App. (1st 101976, 359 Ill.Dec. 87), also a unanimous decision, *and In re Application of County Collector, (New York Guardian Mortgagee Corporation v. Capital Bank & Trust as Trustee u/t/u 1333)*, 202 Ill.App.3d 405, 559 N.E.2d 1006, 1013 (1st 1990).

In short, both because Stonedry, LLC, the "owner" of the certificate failed to give the "initial" take notice, which section 21-260 makes mandatory and because non-owner Gammadock, LLC's purported initial take notice (as well as Stonedry's subsequent 22-10 and other notices) made "material" unlawful changes, advising the assessee that in order to redeem "you must pay...*plus any and all statutory penalties, interests and costs*" both fraud and deception were proven, making the tax deed a nullity.

Respectfully submitted

/s/ Barbara Revak

/s/ Rufus Cook, *pro se*

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION, ETC., | ) |
| GENERAL TAXES FOR THE YEARS 2009-2011 | ) |
| | ) Case No. 2014 COTD 002392 |
| | ) |
| PETITION OF STONEDRY, LLC | ) Hon. James Carroll |
| FOR TAX DEED | ) |
| | ) Re: SECTION 2-1401 |
| | ) PETITION |

## NOTICE OF MOTION

To: Peter M. Stasiewicz
Arcturus Lawfirm
211 W. Wacker Drive # 318
Chicago IL 60606
Pete.stasiewicz@arcturuslaw.com

PLEASE TAKE NOTICE that on November 9, 2021, the undersigned will appear before the Hon. James R. Carroll, Room 1707 of the Daley Center, Cook County Circuit Court, 50 W. Washington Street, Chicago, Illinois, by Zoom and there and then present MOTION OF RESPONDENTS/2-1401 PETITIONERS TO RECONSIDER AND VACATE OCTOBER 14, 2021 ORDER PURSUANT TO SECTION 5/2-1203 OF THE CODE, a copy of which is attached and hereby served on you.

MEETING ID: 923 0250 9713
PASSWORD: 709022
CALL IN NO. (312) 626-6799

Respectfully Submitted
s/ Barbara Revak
s/ Rufus Cook, Pro se

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Telephone No. (773) 752-2000
and
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Telephone No. (773) 752-2000

## CERTIFICATE OF ELECTRONIC SERVICE

I, Barbara Revak, an attorney, hereby certify under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, that the statements set forth in this instrument are true and correct, and that on November 4, 2021, I caused a copy of the foregoing
**"MOTION OF RESPONDENTS/PETITIONERS TO RECONSIDER PURSUANT TO SECTION 5/2-1203 ..."** to be served electronically through Odyssey E-File and Serve on the party stated in the Notice whose email address is pete.stasiewicz@arcturuslaw.com.

Said "Filing" was also served on that date by personal email to Peter Stasiewicz at pete.stasiewicz@arcturuslaw.com and on james.carroll@cookcountyil.gov

/s/ Barbara

Revak

# EX.

# F

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION, ETC. | ) | |
| GENERAL TAXES FOR THE YEARS 2009-2011, | ) | |
| | ) | No. 2014 COTD 2392 |
| | ) | |
| | ) | Hon. James R. Carroll |
| | ) | |
| PETITION OF STONEDRY, LLC | ) | |
| FOR TAX DEED. | ) | |
| | ) | |

**ORDER**

This matter coming before the court on decision for two pending motions: the Ridgeland parties' 5/2-1203 motion to reconsider the dismissal of its 2-1401 petition to vacate, and Stonedry's motion to extend the order of possession, counsel for Stonedry being present.

Counsel for Stonedry called counsel for the Ridgeland parties while on Zoom before the Court. The Court heard Rufus Cook state that he would not be appearing based on the new complaint that was filed in federal court on Jan. 7, 2022. Having reviewed the new federal filing, the Court notes that it is brought *pro se* by Rufus Cook against Stonedry LLC and Andres Scholnick; seeks only money damages and not injunctive relief; there is no automatic stay as in a bankruptcy proceeding; and there is no suggestion that an injunction has been sought or granted.

The Court sent an Email to Ms. Revak at 11:02 am to determine why the Ridglenad Parties were not online without a response and also attempted to telephone counsel for the Ridgeland parties at 11:10 and left a voicemail stating that if they did not appear by 11:20, the Court would proceed to ruling. As of 11:25 a.m. counsel for Ridgeland had not appeared, and the Court issued the following rulings.

IT IS HEREBY ORDERED:

**2-1203 Motion to Reconsider**

With regard to Ridgeland's motion to reconsider the vacated 2-1401 petition, court hereby enters the following order.

Whether to grant a motion to reconsider is a decision that rests soundly in the discretion of the trial court. *Blutcher v. EHS Trinity Hospital*, 221 Ill. App. 3d 131, 136 (1st Dist. 2001). A motion to reconsider will only be granted where there is newly discovered evidence, a change in the applicable law, or where there are errors in the Court's application of the law. *Farley Metals, Inc. v. Barber Colman Co.*, 269 Ill.App.3d 104, 116 (1st Dist. 1994). The Ridgeland parties do

not argue any new evidence or change in applicable law. Thus the Court looks to its application of the existing facts to relevant law.

In its order of October 14, 2021, this Court denied Stonedry's 2-615 motion to dismiss Ridgeland's 2-1401 petition and granted Stonedry's 2-619 motion to dismiss the petition. The 2-1401 petition sought to vacate the previous judgment of this Court and argued that the tax deed was procured without authority by Stonedry in violation of the LLC Act, was procured in violation of the property tax code, and was procured as a result of fraudulent misrepresentations, false personations, forgery and perjury by Stonedry. The petition was generally nothing more than a reiteration of many of the arguments made before and rejected by the Illinois Appellate Court in its decision of December 20, 2019. The Illinois Supreme Court denied Ridgland's petition for leave to appeal at 2020 Ill. Lexis 670 (Sept 30, 2020).

The Affidavit of Rufus Cook consists only of conclusory facts and conclusions of law, and failed to create an issue of material fact, which meant there was no need for an evidentiary hearing. Although it is true that the Court did not mention *Blutcher* and *Ostendorf v. International Harvester Co.*, 89 Ill. 2d 273 (1982) in its previous ruling, it is not true that the Court did not consider these cases in reaching its previous decision. In *Blutcher* the issue was whether a client had ever authorized the settlement, not whether attorney had authority. In *Ostendorf*, the facts were not in issue in a motion to dismiss, only an issue of law, as is the case here. Even assuming the facts in the Cook affidavit are true, they did not create a material issue of fact. The Court rejected Ridgeland's arguments then as it did now.

Another critical theme of the 2-1401 proceedings was the matter of fraudulent representations, false personations and perjury, which was previously considered by the Appellate Court and by this Court. The arguments regarding Schcolnik's allegedly fraudulent representations are rejected for the same reasons as in the Court's previous rulings and the appellate decision.

The 2-1401 petition also sought to vacate the tax deed under Section 22-45 of the Property Tax Code. Section 22-45 was passed by the legislature to balance Stonedry's rights in the finality of the tax deed, with those of the Ridgeland parties. Section 22-45 provides specific bases for vacating a tax deed and the 2-1401 Petition did not meet the criteria in the Property Tax Code.

Therefore the Court denies Ridgeland's 5/2-1203 motion to reconsider.

**Motion for Extension of Order of Possession**

With regard to Stonedry's motion for extension of order of possession:

On Dec. 1, 2015, pursuant to agreement, this Court entered an order granting Stonedry, LLC a tax deed and staying possession until April 1, 2016. On May 1, 2017 this Court granted an order of possession to Stonedry, LLC, for the property at 7411 S. Stony Island. On Aug. 3, 2017 Court granted an amended order of possession for Stonedry. On Aug. 24, 2017, Ridgeland filed a notice of appeal and sought a stay of orders of possession. On Dec., 29 2017, granted a stay of all

proceedings pending bond of $150,000. On Nov. 16, 2020 the stay was vacated following the issuance of the mandate of the appellate court.

Stonedry now seeks extension of the orders of possession of May 1, 2017, as amended on Aug. 3 2017. Ridgeland has identified no legal or equitable basis for the motion for extension of order of possession to be denied.

Therefore the court grants the motion for extension of the order of possession. The Court affirms its order of Aug. 3, 2017, effective January 4, 2022.

There is no reason for any further stay and this Court finds that Stonedry, LLC is entitled to immediate possession of the premises. The Ridgeland parties shall have thirty days following eviction to make arrangements for the retrieval of any personal property on the Premises, at their expense.

THEREFORE, IT IS HEREBY ORDERED that Stonedry, LLC is entitled to complete and immediate possession of the property that is the subject of this case and commonly known as 7411 South Stony Island in Chicago, Illinois 60649. IT IS FURTHER ORDERED THAT THE Sheriff Of Cook County, Illinois is directed to evict The Ridgeland Corporation; Cook, Revak & Associates; Rufus Cook; Barbara J. Revak; 7411 Corp.; 7411 Services Corp.; and other party or any Unknown Occupants that are in possession of said property in contravention of this Court's May 1, 2017 Order, which is incorporated by reference herein, providing full and complete possession of the property at 7411 South Stony Island in Chicago Illinois to Stonedry, LLC.

DATE: January 10, 2022

ENTERED: James R. Carroll 01-10-2[illegible]
JUDGE #2109

Prepared by:
Peter M. Stasiewicz
ARCTURUS LAW FIRM (Atty No. 58629)
211 West Wacker Drive #323
Chicago, IL 60606
(312) 957-6194 *tel*
(312) 489-8307 *fax*
pete.stasiewicz@arcturuslaw.com

ENTERED
Judge James R. Carroll - 2109
JAN 10 2022
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

As amended by the Court