# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RUFUS COOK, PRO SE** | ) | |
| | ) | **No. 1:22 cv- 119** |
| | ) | **Hon. Jorge L. Alonso** |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| **Stonedry LLC, Andres Schcolnik,** | ) | |
| **and Thomas Dart, Sheriff of** | ) | |
| **Cook County, Illinois and** | ) | |
| **Peter Stasiewicz** | ) | |
| | ) | |
| **Defendants,** | ) | |

### MOTION OF PLAINTIFF RUFUS COOK
### TO STAY ORDER ENTERED WITHOUT JURISDICTION
### ON JANUARY 10,2022 BY STATE COURT IN VIOLATION OF DUE PROCESS

Plaintiff Rufus Cook, (Cook) by counsel, hereby states as follows.

1. On January 7, 2022, Rufus Cook, appearing pro se filed the instant action against defendants, invoking the due process federal question original jurisdiction of the district court. (A Corrected Complaint was filed January 18, 2022.)

2. The state court acknowledged that it had received from plaintiff notice of the filing of the federal suit on January 8, 2022.

3. On January 10, 2022 *despite the federal court filing* the state court nonetheless proceeded with a scheduled zoom remote hearing, which Cook, defendant in the state suit, did not attend, in light of the fact that he had invoked federal jurisdiction.

4. On January 10, 2022, apparently having attempted to reach Cook by phone, the court entered the Order attached as **(Ex. F) to the Corrected Complaint.**

5. The January 10, 2022 Order is unlawful and void for the following reasons:

1

      **A**. It violates the original jurisdiction of the district court invoked January 7, 2022 by the filing of the instant case pursuant to 28 USCA section 1331.

      **B**. It violates both state and federal due process, as well as Ill. S. Ct. Rules providing for a 30-day period before a civil judgment may be final and enforceable. The January 10 order purported to authorize the Sheriff of Cook County to proceed with the eviction of Cook and other defendants to the state tax deed proceeding <u>immediately</u>. The 30-day period had not yet passed on February 4, 2022 when the Sheriff wrongfully evicted Cook.

      **C.** Further, the January 10 order erroneously relies on an order supposedly entered January 4, 2022, of which there is no record.

6. The Sheriff of Cook County is a named defendant in the instant suit. Although requested to do so pursuant to Rule, the Sheriff refused to waive service of summons sent to him electronically on January 21, 2022, as plaintiff had been instructed to do by his staff.

7. On February 4, 2022, the Sheriff with no further communication or notice, and lacking authority to do so because of the January 7 filing of the federal suit, purported to lawfully evict Cook and others from the subject property. Such action violates Cook's right to due process. That <u>unlawful</u> order further directed Cook, et al. to remove all personal property from the subject six-story commercial building <u>within 30 days,</u> despite ongoing freight elevator and garage door outages, or forfeit their property.

**WHEREFORE**: for the reasons stated movant respectfully requests that the court enter an order staying the state court's January 10, 2022, order, including the Sheriff's enforcement thereof, and provide such other and further relief as is proper.

            Respectfully submitted
            **s/ Bruce L. Cook**
            Attorney for Rufus Cook

Bruce L. Cook
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 6199318
Telephone No. (773) 752-2000
Email: Blcook@loblc.com