IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RUFUS COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22 C 119 |
| | ) | |
| STONEDRY LLC, ANDRES SCHCOLNIK, | ) | Judge Jorge L. Alonso |
| and THOMAS DART, Sheriff of Cook | ) | |
| County, Ill., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motion for leave to appear [9], which is an attorney appearance form that seeks no relief from the Court, is terminated as a motion. Plaintiff's motion to stay [10] is denied.

## STATEMENT

On January 8, 2022, plaintiff Rufus Cook filed this action pursuant to 42 U.S.C. § 1983, asserting that defendants Stonedry LLC and Andres Schcolnik, acting in concert with Cook County Sheriff Thomas Dart, violated plaintiff's due process rights by making numerous misrepresentations and omissions in proceedings to obtain a tax deed to plaintiff's property and evict plaintiff from the premises. On January 18, 2022, plaintiff filed an amended complaint, incorporating new allegations that, "despite knowing of the pendency of this action," defendants procured from the Circuit Court of Cook County a January 10, 2022 order declaring that Stonedry LLC is entitled to possession of plaintiff's property and directing Sheriff Dart to evict plaintiff and any other occupants. (Corrected Compl. ¶ 15, ECF No. 8; *see id.* Ex. F, Jan. 10, 2022 Cook Cty. Ct. Order, ECF No. 8 at 255.) Although defendants have not yet appeared in this case, and it is unclear whether they have even been served with process, plaintiff has filed a "motion to stay order

entered without jurisdiction on January 10, 2022 by state court in violation of due process" (Mot. at 1, ECF No. 10), in which it asks this Court to "enter an order staying the state court's January 10, 2022, order, including the Sheriff's enforcement thereof" (*id.* at 2).

Plaintiff's motion is a non-starter. Plaintiff includes no citations to legal authority in his motion, which is not supported by a memorandum of law, and that is reason enough to deny the motion. *See Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011) (explaining that the moving parties' failure to "set forth any argument or cite any cases supporting relief" under any specific provisions of applicable rules or other legal authority was "reason enough for the district court to deny the motion," as district courts need not "manufacture [parties'] argument[s] for them").

Even if the Court were to attempt to "manufacture" plaintiff's argument for him, it finds plaintiff to be on very shaky ground. What plaintiff asks this Court to do is to enjoin a state court from proceeding with one of its cases or the Cook County Sheriff from executing his duties pursuant to that state court's order. But plaintiff does not say, and the Court does not see, where the authority to issue any such injunction would come from. Under the Anti-Injunction Act, federal courts generally may not enjoin state-court proceedings. *See* 28 U.S.C. § 2283. True, there are exceptions to this general rule for injunctions that are "expressly authorized by Act of Congress, or where necessary in aid of [the federal district court's] jurisdiction, or to protect or effectuate its judgments." *Id.* But these exceptions are to be applied narrowly, *Onishi v. Chapleau*, No. 3:19-CV-1048 DRL-MGG, 2019 WL 6497084, at *3 (N.D. Ind. Dec. 3, 2019) (citing *Zurich Am. Ins. Co. v. Superior Ct. for State of Cal.*, 326 F.3d 816, 824 (7th Cir. 2003)), and even if they apply, a district court must still determine whether "an injunction is an appropriate exercise of its authority." *Zurich*, 326 F.3d at 824. None of the statute's exceptions seems to apply here. *See Onishi*, 2019 WL 6497084, at *3-4. Further, plaintiff has not shown that the injunction he seeks is

2

appropriate, given that "[p]rinciples of equity, comity, and federalism must . . . restrain a federal court when asked to enjoin a state proceeding," so "the normal thing for courts to do when asked to enjoin pending proceedings in state courts is not to issue such injunctions." *See Onishi*, 2019 WL 6497084, at *3-4 (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)).

Indeed, these principles of equity, comity, and federalism animate what is known as the *Younger* doctrine, which requires federal courts to abstain from exercising jurisdiction when a federal plaintiff raises "federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Even when cases applying the *Younger* doctrine are not directly on point, the Seventh Circuit has held that these animating principles nevertheless prevent federal courts from relying on § 1983 to "impose federal supervision on state court proceedings" because "federal courts must defer to the state's sovereignty over the management of its courts." *Id.* Under this precedent, the sort of injunction plaintiff seeks here is inappropriate. *See id.*; *see also Heath v. City of Markham*, No. 19 C 00040, 2019 WL 5682828, at *3 (N.D. Ill. Nov. 1, 2019) ("There is simply no mistaking that Plaintiffs are attempting to use this federal lawsuit [concerning a real estate dispute governed by state law, in which plaintiff sought a federal injunction to prevent a state court from issuing a judicial deed] to interfere with active state court proceedings, in direct conflict with the explicit purpose of *Younger*."). This is particularly true considering that plaintiff would have had ample opportunity to raise his due-process objections in the state-court proceedings. *See SKS*, 619 F.3d at 680-81.

To the extent that plaintiff might respond that there are no longer ongoing state-court proceedings to interrupt because the January 10 order makes the state court's work a fait accompli, the argument is of no help to him because it runs into the *Rooker-Feldman* doctrine. "Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state

3

courts in civil cases." *Matthews v. Felts*, No. 1:21-CV-245-HAB, 2021 WL 4593517, at *1 (N.D. Ind. Oct. 6, 2021) (citing *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010)); *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). The injunction plaintiff seeks is essentially the "alteration" of a state court's decision, and the *Rooker-Feldman* doctrine prevents this Court from granting that relief. *See Onishi*, 2019 WL 6497084, at *4 (citing *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018)); *see also Bechard v. Wallo*, No. 14-CV-608-WMC, 2014 WL 4463044, at *2 (W.D. Wis. Sept. 10, 2014) (applying *Rooker-Feldman* doctrine to bar plaintiff's claims because his "allegations clearly invite scrutiny of the state court's decision . . . and he plainly asks this court to intervene in future decisions concerning the property at issue in that case"); *Gonzalez v. Thoms*, No. 20-CV-1812-PP, 2021 WL 3888214, at *2 (E.D. Wis. Aug. 31, 2021) (denying motion for injunctive relief because "[t]he *Rooker-Feldman* doctrine prevents federal district courts from adjudicating any claim challenging the state-court foreclosure judgment," including by "asking [the] federal court to interfere with, vacate or moot state court proceedings, orders or judgments"); *Sukowatey v. St. Croix Cty.*, No. 19-CV-764-WMC, 2021 WL 39619, at *8 (W.D. Wis. Jan. 5, 2021) ("[P]laintiffs' claims in this lawsuit challenging the [state-court] injunction and Order . . . and the County defendants' actions to execute those order[s], are all barred by the *Rooker-Feldman* doctrine.").

In addition to all this, plaintiff makes no effort to demonstrate the traditional elements of an injunction, which include irreparable harm for which there is no adequate remedy at law, a likelihood of success on the merits, and consideration of the public interest. *See Onishi*, 2019 WL 6497084, at *5. For all these reasons, the Court concludes that the injunction plaintiff seeks here is unavailable and unwarranted.

The Court is not yet prepared to rule that the *Younger* or *Rooker-Feldman* doctrines bar plaintiff's claims altogether, to the extent his claims are for damages rather than injunctive relief. It is difficult to discern from the allegations in plaintiff's *pro se* complaint whether he is asserting only an "injury 'caused by the state court judgment,'" orders, or proceedings, in which case his claims are indeed barred, or also "'an independent prior injury'" that the state court merely "'failed to remedy,'" in which case his claims may be viable. *See Andrade v. City of Hammond, Ind.*, 9 F.4th 947, 950-51 (7th Cir. 2021) (holding that plaintiff property owner's allegations that defendants had procured an adverse judgment against him by "defying a subpoena and providing false testimony" in violation of his due process rights were not barred by *Rooker-Feldman* doctrine) (quoting *Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016)). An attorney has recently filed an appearance for plaintiff, so the Court will wait to see if an amended complaint is forthcoming and, if so, how defendants plead in response, before assessing whether these doctrines require the Court to abstain from jurisdiction. For now, the Court rules only that the injunction plaintiff seeks "staying the state court's January 10, 2022, order, including the Sheriff's enforcement thereof" is inappropriate under the Anti-Injunction Act, the *Rooker-Feldman* doctrine, and principles of federalism and comity, particularly as they are embodied in the *Younger* doctrine. Therefore, plaintiff's motion to stay [10] is denied.

**SO ORDERED.**                                        **ENTERED: February 16, 2022**

**JORGE L. ALONSO**
**United States District Judge**