UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUFUS COOK ) | |
| ) | |
| Plaintiff, ) | Case No. 22-cv-119 |
| ) | |
| v. ) | |
| ) | Hon. Jorge L. Alonso |
| STONEDRY, LLC, and ANDRES SCHCOLNIK ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED. R. CIV. PROC. 12(B)(1) AND 12(B)(6)**

For over seven years, Plaintiff Rufus Cook ("Cook") frustrated the efforts of Defendant Stonedry, LLC ("Stonedry") to acquire a tax deed and possession of a commercial property occupied by Cook and others at 7411 South Stony Island in Chicago ("Property"). On December 1, 2015, Cook and associated parties (collectively, "Ridgeland") signed a settlement agreement granting Stonedry a tax deed and order of possession in exchange for $80,000 from Stonedry. Since that time, Ridgeland has disregarded that agreement, "instead seeking to circumvent them at every turn by filing dilatory pleadings in the various courts of this State in order not to comply," *Stonedry v. Ridgeland*, 2019 IL App (1st) 171539-U, ¶ 56 ("*Stonedry I*"). As a last-ditch effort to stave off eviction, Cook filed the instant proceeding. Because it is barred by the *Rooker-Feldman* doctrine and *res judicata*, it should be dismissed.

**ALLEGATIONS FROM PLAINTIFF'S AMENDED COMPLAINT**

Attached to Plaintiff's Amended Complaint[1] are various filings made by Ridgeland in the proceedings before the Cook County Circuit Court, Case No. 2014 COTD 2392 ("Tax Deed Case"), as follows:

---

[1] The allegations are drawn from Plaintiff's "Corrected Verified Complaint and Jury Demand" (Dkt. #8). Although

1. Ridgeland's supplemental and amended Petition under 735 ILCS 5/2-1401 ("2-1401 Petition") to vacate "all orders and judgments" entered in the Tax Deed Case, filed Jan. 24, 2020. (Am. Compl. Ex. A at 13).[2]

2. Ridgeland's reply brief on the 2-1401 Petition, filed May 13, 2020. (*Id*. Ex. B at 195).

3. Ridgeland's supplemental "compendium of case law" in connection with the 2-1401 Petition, filed Jan. 27, 2020. (*Id*. Ex. C at 204).

4. Ridgeland's supplemental response on Stonedry's then-pending motion for extension of order of possession, filed Oct. 28, 2021. (*Id*. Ex. D at 212).

5. Ridgeland's motion to reconsider the dismissal of the 2-1401 Petition, filed Nov. 8, 2021. (*Id*. Ex. E at 220).

6. Judge Carroll's Jan. 10, 2022 order in the Tax Deed Case, denying Ridgeland's motion to reconsider dismissal of the 2-1401 Petition and granting Stonedry's motion for extension of order of possession. (*Id*. Ex. F at 256).

All material factual allegations in Plaintiff's Amended Complaint are cited to one or more of these documents.

The Amended Complaint sets forth four Counts, all apparently premised on due process violations related to the Tax Deed Case. Count I takes issue with the validity of one of the statutorily-required "take notices" served in connection with that case on the basis that it was allegedly issued by an entity that had assigned its interest to Stonedry. (*Id*. at 9). Count II relates to an alleged "failure to provide notice of the ex parte prove-up hearing of February 9, 2015 even though tax deed Respondents had appeared." (*Id*.). Count III alleges a due process violation "by falsely telling the court that due process law provides no authority on the subject of who may approve transcripts and permits them to be signed other than by a judge who has heard the evidence." (*Id*. at 10), referencing the fact that the original judge was substituted, and a question

---

it is not labeled as an "amended" complaint, Plaintiff is entitled to one amendment as of right under Fed. R. Civ. P. 15(a)(1)(A); it is thus referred to as the Amended Complaint herein.
[2] Because the Amended Complaint and its exhibits were filed as a single document, cites to those exhibits are numbered according to the page number assigned by the e-filing system, from 1 to 258.

was raised as to whether the new judge could sign the transcript of the earlier hearing. Count IV seeks injunctive relief. Cook makes other allegations not referenced in the Counts, but all reference the Tax Deed Case, such as alleging that Schcolnik lied about being a member of Stonedry (*Id*. ¶ 5), or that Cook was denied an alleged right to an evidentiary hearing. (*Id*. ¶ 6).

## ADDITIONAL FACTUAL BACKGROUND

The Ridgeland Corporation, of which Cook is registered agent, became the owner of the Property in 2005. The Property fell into tax delinquency. On Jan. 7, 2014, Gammadock, LLC ("Gammadock"), an Illinois LLC owned by David Twardock, purchased the 2009-2011 general real estate taxes for the property for $2220 at the Cook County Scavenger Sale. (Am. Compl. Ex. A, at 39). A certificate of purchase was issued by the Cook County Clerk on March 19, 2014, and the amount necessary to redeem the property was approximately $281,000. (*Id.*). On April 4, 2014, Gammadock assigned the certificate to Stonedry, also an Illinois LLC. (*Id.* at 40). Stonedry is managed by Gammadock and S. Bronze, LLC ("S. Bronze"), also an Illinois limited liability company. (*Id.* at 2). S. Bronze is owned by Defendant Andres Schcolnik. (*Id.*). Gammadock and S. Bronze are equal members of Stonedry. (*Id.*).

On April 23, 2014, Gammadock filed and sent to Cook a first "take notice" as required by 35 ILCS 200/22-5 of the Property Tax Code ("Tax Code"). This take notice listed Gammadock's name as the purchaser or assignee, indicated "county court house" instead of "office of the county clerk," and misspelled further as "futher." (*Id*. at 42). The take notice also stated the redemption period expired on July 7, 2014, and that payment of the redemption amount could be made at any time on or before July 7, 2014. (*Id*.). Ridgeland did not redeem the property.

On July 9, 2014, Stonedry filed a petition for tax deed in the Circuit Court of Cook County, Case No. 2014 COTD 002392 ("Tax Deed Case"). (*Id*. at 48). The second take notice, as

3

required by 35 ILCS 200/22-10, was filed on July 9, 2014, and service was attempted on all respondents. (*Id.* at 59, 53-54). This second take notice indicated that Stonedry was the purchaser or assignee and that the redemption period would expire on January 8, 2015. (*Id.*). It also indicated that a hearing was set for January 28, 2015, and that the recipients should check with the Cook County Clerk for the exact amount owed. (*Id.* at 59). After the redemption date, on January 22, 2015, Stonedry filed an "Application for an Order Directing the County Clerk to Issue a Tax Deed." The circuit court set the application for hearing on February 9, 2015.

On February 4, 2015, Cook appeared *pro se*, and Barbara Revak filed an appearance on behalf of the other Ridgeland parties[3]. (*Id.* at 62). On February 9, 2015, the circuit court held a hearing on Stonedry's application; Ridgeland parties were not present. (*Id.* at 64). During the hearing, Schcolnik testified that he was a "member" of Stonedry. (*Id.* at 67). Stonedry's counsel also presented evidence of the filed take notices, and the attempts to serve respondents.

Cook subsequently filed a motion to substitute judge as of right, which the circuit court granted on March 4, 2015. (*Id.* at 105). On April 1, 2015, Ridgeland filed a combined motion to dismiss the tax deed petition and application pursuant to section 2-619.1 of the Illinois Code of Civil Procedure. Ridgeland argued under section 2-615 that Stonedry's take notices, petition, and application failed to comply with sections 22-5, 22-10, and 22-20 of the Tax Code. Ridgeland further argued under sections 2-619(a)(1) and (9) that Stonedry lacked standing to invoke the court's jurisdiction. (*Id.* at 105). Stonedry responded that Ridgeland's 2-619.1 motion was vague because it failed to clearly show the grounds relied upon. Ridgeland filed a motion to withdraw its section 2-619.1 motion on June 2, 2015, which the circuit court granted. (*Id.* at 98).

---

[3] In addition to the Rufus Cook, the Ridgeland parties in the Tax Deed Case included The Ridgeland Corporation, Barbara J. Revak, 7411 Corp., 7411 Services Corp, and Cook, Revak & Associates Ltd., all of which are or were controlled at least in part by Mr. Cook and/or Ms. Revak.

Ridgeland questioned whether the new judge could sign the transcript of the February 9, 2015 hearing, held before a different judge prior to substitution. (*Id.* at 104). The parties briefed the matter and over the next several months, the circuit court entered and continued its ruling on the transcript motion while the matter was set for final settlement status on December 1, 2015.

On December 1, 2015, a Settlement Agreement ("2015 Settlement") was entered into between Stonedry and the Ridgeland parties. (*Id.* at 158). The 2015 Settlement provided, *inter alia*, that the Ridgeland parties would withdraw their objections to the tax deed proceedings and file no more litigation regarding the Property. (*Id.* at 162). It also provided for an agreed order to have the county clerk issue Stonedry a tax deed, and for an agreed order of possession to be entered in favor of Stonedry, with enforcement stayed until April 1, 2016. (*Id.* at 159-60). In exchange, Stonedry paid the Ridgeland parties $80,000 and allowed them to occupy the Property rent-free until April 1, 2016. (*Id.* at 159). An agreed order of possession and an order directing the clerk to issue Stonedry a tax deed for the Property were entered on December 1, 2015, pursuant to the 2015 Settlement. (*Id.* at 167-173).

Ridgeland remained in the Property past April 1, 2016, and Stonedry attempted to initiate eviction procedures through the Cook County Sheriff ("Sheriff"). Cook objected, claiming the 2015 Settlement had been satisfied and that a new oral contract had been formed between the parties. *Stonedry I*, 2019 IL App (1st) 171539-U ¶ 27. Cook and the other Ridgeland parties filed a new suit in the Law Division of the Cook County Circuit Court, *The Ridgeland Corp. v. Stonedry, LLC*, 2016 L 005474, ("Law Division Case") alleging that the 2015 Settlement Agreement had been satisfied, and claiming due process violations relating to the Tax Deed Case. (**Exhibit A**, Law Division Case Am. Compl.). A bench trial was held in the Law Division Case where Stonedry prevailed on all claims, including Cook's due process claims. (**Exhibit B**,

5

Law Division Case Mem. Op.). Ridgeland failed to timely appeal but instead filed a 2-1401 petition in the Law Division Case seeking to vacate the trial judgment (**Exhibit C**, Law Division Case 2-1401 Petition). That 2-1401 petition was dismissed pursuant to Stonedry's motion. (**Exhibit D**, Order Dismissing 2-1401 Petition). Ridgeland appealed the dismissal of the Law Division Case 2-1401 petition; the appellate court affirmed the dismissal. *The Ridgeland Corp. v. Stonedry,* LLC, 2022 IL App (1st) 200259-U ("*Stonedry II*"). Citing the Law Division Case proceedings between the parties, the Sheriff did not pursue eviction in 2016.

Stonedry sought a new order of possession in the Tax Deed Case in 2017.[4] The circuit court entered an order of possession for the Property in favor of Stonedry on May 1, 2017, with enforcement stayed until June 1, 2017. (**Exhibit E**, "2017 Order of Possession").

On June 15, 2017, Stonedry filed a motion for an amended order of possession, requesting additional language the Sheriff required to enforce the 2017 Order of Possession. On June 16, 2017, Ridgeland filed a notice of appeal from the 2017 Order of Possession and another order denying Ridgeland's motion to reconsider and vacate that order. (*Stonedry I* at ¶ 33).

On June 27, 2017, Ridgeland filed a motion to strike Stonedry's motion to amend the order of possession, arguing that the circuit court lost jurisdiction to enter further orders when Ridgeland filed their appeal on June 16, 2017. (*Id.* at ¶ 35.). On August 3, 2017, the circuit court entered a supplemental order granting Stonedry's motion for an amended order containing the language required by the Sheriff. (**Exhibit F**, 2017 "Supplemental Order").

Ridgeland filed its 2-1401 Petition in the Tax Deed Case on August 2, 2017, seeking to vacate the December 1, 2015 agreed order, arguing that the April 23, 2014 take notice was void under 22-5 of the Tax Code and fraudulent because Gammadock had assigned its interest to

---

[4] For a summary of the arguments for and against the order of possession, see *Stonedry I*, 2019 IL App (1st) 171539-U ¶¶ 25-27.

Stonedry by the time Gammadock served it. The 2-1401 Petition also argued Stonedry perpetuated the fraud by asserting to the county division the take notice was proper, and that Schcolnik lied during the February 2015 prove-up hearing when he testified he was a member of Stonedry (as opposed to a member *of* a member of Stonedry – S. Bronze, LLC). Ridgeland also argued Schcolnik made the same representation in the 2015 Settlement. Stonedry filed a response and later moved to dismiss the 2-1401 Petition.

Ridgeland filed another notice to appeal on August 24, 2017. The appeals were consolidated and resolved in Stonedry's favor in December 2019. *Stonedry I*, 2019 IL App (1st) 171539-U. The appellate court held the tax deed order was final and should have been appealed in 2015. *Id.* at ¶ 49. Ridgeland argued that the tax deed order was void "because petitioner engaged in fraud or deception as a matter of law with respect to the notices required by the Property Tax Code." *Id*. at ¶ 52. *Stonedry I* rejected that argument. "Here, although there were several deficiencies in the initial take notice, we find that they do not amount to fraud as alleged by respondents." *Id*. at ¶ 56. The appellate court also affirmed the 2017 orders, which "do not affect the finality of the order awarding the tax deed." *Id.* at ¶ 50.

Enforcement of the order of possession had been stayed pending the appeal. Following resolution of the appeal, the circuit court took up Ridgeland's 2-1401 Petition. Ridgeland filed an amended 2-1401 Petition (Am. Compl. Ex. A) and briefing followed (*See* Am. Compl. Exs. B-C). Oral argument was heard on the Stonedry's motion to dismiss the 2-1401 Petition on July 27, 2021. (*See* **Exhibit G,** July 27, 2021 Order). On October 14, 2021, the circuit court granted Stonedry's 2-619 motion to dismiss the 2-1401 Petition in an oral ruling. (**Exhibit H,** Oct. 14, 2021 Order). The Court later noted the 2-1401 Petition was "generally nothing more than a reiteration of many of the arguments made before and rejected by the Illinois Appellate Court in

its decision of December 20, 2019." (Am. Compl. Ex. F. at 257). On Nov. 8, 2021, Ridgeland filed a 2-1203 motion to reconsider the denial of the 2-1401 Petition. Following briefing, the 2-1203 motion was heard on oral argument on January 4, 2022 and ruling was set for January 10, 2022. (**Exhibit I**).

Cook filed this case January 7, 2022. The original Complaint contained no request for injunctive relief, but Cook informed the circuit court that he would not be appearing on January 10, 2022 to hear the ruling on the motion to reconsider the dismissal of the 2-1401 Petition. (Am. Compl. Ex. F. at 256). On January 10, 2022 the circuit court denied the 2-1203 motion and granted Stonedry's pending motion for a renewed order of possession, which Stonedry had sought in the event that the Sheriff would require it. (The Sheriff later indicated that the 2017 Order of Possession had not expired, and that the legal hold was cleared.)

Cook filed the Amended Complaint on January 18, 2022, which added a claim for injunctive relief and other allegations. The Sheriff evicted all occupants of the Premises on February 4, 2022. On February 11, 2022, Cook moved for a "stay" preventing the Sheriff from enforcing the eviction order. (Dkt. # 10). This Court denied the motion in a written order on February 16, 2022. (Dkt. # 12).

## **LEGAL STANDARD**

When considering motions to dismiss under Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6), the Court must accept as true the complaint's well-pleaded facts and allegations and draw all reasonable inferences from those allegations in the plaintiff's favor. *See Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir.2001).

For a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. Proc., 12(b)(1), courts may consider materials outside the allegations of the complaint. *Gervasio v.*

*United States*, 627 F. Supp. 428, 430 (N.D. Ill. 1986). Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim, and those documents may be considered by a district court in ruling on the motion to dismiss. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). This Court may take judicial notice of state court orders and court documents. Fed. R. Evid. 201. *See Schmude v. Sheahan*, 312 F. Supp. 2d 1047, 1064 (N.D. Ill. 2004), and cases cited therein.

"Dismissal under Rule 12(b)(6) is appropriate when a defendant raises *res judicata* as an affirmative defense and it is clear from the complaint's face, and matters of which the district court can take judicial notice, that the plaintiff's claims fail as a matter of law." *Byrd v. Homecomings Fin. Network*, 407 F.Supp.2d 937 (N.D. Ill. 2005) (citing *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86-87 (2nd Cir. 2000)).

## ARGUMENT

**I. This Court Lacks Subject Matter Jurisdiction Over This Action Under the *Rooker-Feldman* Doctrine.**

This action should be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine because it effectively challenges Plaintiff's loss in state court. The *Rooker-Feldman* doctrine is premised on the Supreme Court's exclusive federal-appellate jurisdiction over state-court judgments. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 283 (2005) (citing 28 U.S.C. § 1257). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. It "precludes lower federal court jurisdiction over claims seeking review of state court judgments" and claims that are "inextricably intertwined" with such judgments. *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008).

To determine whether *Rooker-Feldman* bars jurisdiction, courts in the Seventh Circuit apply a two-step analysis. First, a plaintiff's federal claims are examined to see whether they are "independent" or, instead "either 'directly' challenge a state court judgment or are 'inextricably intertwined with one.'" *Swartz v. Heartland Equine Rescue,* 940 F.3d 387, 391 (7th Cir. 2019). If the claims are "independent," *Rooker-Feldman* does not bar district court jurisdiction. But if they "directly" challenge or are "inextricably intertwined" with the state-court judgment, courts next determine "whether the plaintiff had a reasonable opportunity to raise the issue in state court proceedings." *Jakupovic v. Curan*, 850 F.3d 898, 902 (7th Cir. 2017). If so, *Rooker-Feldman* strips the district court of jurisdiction. *Id.*

### A. Cook's Alleged Injuries All Stem From The 2015 Tax Deed Judgment.

It is clear, even from Cook's *pro se* Amended Complaint, that the injuries Cook complains of are all either directly related to the state-court agreed judgment of December 1, 2015 granting Stonedry a tax deed or inextricably intertwined with it. *See Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286 (7th Cir. 2007) at 292 (*Rooker-Feldman* applied where "injury was caused by—and its federal due-process claim arises directly out of – the tax deed judgment," not denial of subsequent 2-1401 petition or pending eviction proceedings).

Cook's injuries do not stem from the later eviction. When this case was filed, he had not yet been evicted. Even after the filing of the Amended Complaint, Cook's alleged injuries stem from the issuance of the tax deed. Virtually all material allegations in Cook's Amended Complaint are cited to filings related to the 2-1401 Petition aimed at vacating the tax deed judgment, and complain of denials of due process in the proceedings that led to the tax deed's procurement. (Am. Compl. Exs. A-C). For example, Count II is concerned with a prove-up hearing that occurred in the Tax Deed Case prior to the entry of the 2015 tax deed order, and Count III relates to whether, following Cook's motion for substitution of judge as of right, the new could sign the old judge's

10

transcript – the signature never happened, but Cook alleges that even arguing that it *could* happen violated his due process rights. Such claims are barred by *Rooker-Feldman*. See *Clabault v. Shodeen Management*, 406 F.Supp.2d 877, 881 (N.D. Ill. 2005) ("If the petitioner is arguing that she was denied due process in the state court action itself, the injury claimed would directly stem from the state court's decisions."); *see also Beth-El*, 486 F.3d at 292.

The fact that Cook seek damages in addition to injunctive relief does not defeat the application of *Rooker-Feldman*. See *Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020) (no damages would have resulted from alleged fraud in state court proceedings if defendants had not prevailed); *Garry v. Geils*, 82 F.3d 1362 (7th Cir. 1996) ("where money damages were sought along with separate equitable relief, we have applied *Rooker- Feldman* to all the claims equally.")

Count I, relating to a statutory take notice that predated the filing of the Tax Deed Case, is not "independent" from the state court judgment. The Seventh Circuit has held that take flawed notices under the Tax Code do not by themselves constitute an "independent" due process violation. In *Beth-El*, the plaintiff brought a federal due process claim based in part on the fact that a 22-10 take notice had been sent to the wrong address, eventually resulting in the issuance of a tax deed to the City of Chicago for the plaintiff's property. 486 F.3d at 292. *Rooker-Feldman* applied to bar plaintiff's claim. The plaintiff was unable to identify any injury separate from the tax deed judgment. *Id.* Cook cannot do so either.

Cook's claims cannot exist without the state-court tax deed judgment.[5] As the Seventh Circuit noted in *Johnson v. Orr*, 551 F.3d 564 (7th Cir. 2008), "a tax purchaser is not automatically entitled to receive a tax deed . . . if the tax purchaser does not comply with the requirement that he give notice of the deficiency to the owner of the property, he will not be granted a tax deed." *Id.*

---

[5] *Cf. Andrade v. City of Hammond*, 9 F.4th 947, 951 (7th Cir. 2021)(injury was complete after administrative proceedings; although plaintiff sought judicial review, claims "could exist even without any state-court judgment.")

11

at 569. Indeed in *Beth-El*, it was the representation by defendants that the three required notices, under 22-5, 22-10, and 22-15, had been served that resulted in the issuance of a tax deed to defendant.

In this case, Cook's claims relate to extremely similar allegations regarding the representations and arguments made in the Tax Deed Case that resulted in the procurement of the tax deed. Because Stonedry had to prevail in state court to capitalize on the alleged due process violations, this court would have to impermissibly review that state court judgment to evaluate Cook's claims. *Rooker-Feldman* does not permit such a review. *See Bauer*, 951 F.3d at 866.

### B. Cook Had Ample Opportunity to Be Heard On All Issues.

Cook has had ample reasonable opportunity to raise his arguments both prior to the entry of the in the Tax Deed Case, on appeal of the Tax Deed Case, in the 2-1401 proceedings in the Tax Deed Case, in the Law Division Case, in the 2-1401 proceedings in the Law Division Case, and the appeal of the 2-1401 proceedings in the Law Division Case.

The Amended Complaint clearly show that he has raised precisely the same issues in the 2-1401 proceedings in the Tax Deed Case, as the allegations are all cited to exhibits filed in that action. The 2-1401 Petition in turn was "generally nothing more than a reiteration of many of the arguments made before and rejected by the Illinois Appellate Court in its decision of December 20, 2019." (Am. Compl. Ex F). In that Dec. 20, 2019 decision, the appellate court wrote:

> It is clear in this case that respondents received adequate notice of the tax sale, the tax proceedings and had ample opportunity to redeem the property and did not do so. Additionally, the petitioner paid respondents $80,000 and allowed them to remain in the property until April 1, 2016, pursuant to the parties' agreed order of December 1, 2015, and it is respondents who have failed to abide by its agreements, instead seeking to circumvent them at every turn by filing dilatory pleadings in the various courts of this State in order not to comply.

*Stonedry I*, 2019 IL App (1st) 171539-U, ¶ 56.

Moreover, the *Stonedry I* court noted that the tax deed judgment was a final order. *Id.* at ¶ 49. Cook could have appealed in 2015 but did not. *Id.* Even so, Cook was able to present arguments regarding due process in the *Stonedry I* appeal.

In *Beth-El*, the Seventh Circuit found that although Illinois' post-judgment procedures are limited under the Tax Code, the availability of collateral attack on void judgments under 2-1401(f) meant that the plaintiff had a reasonable opportunity to present its claims. 486 F.3d at 292. The *Beth-El* plaintiff simply had never pursued that specific voidness argument, and whether it could do so was beyond the purview of the court's opinion. *Id.*

Unlike the plaintiff in *Beth-El*, Cook participated in proceedings prior to entry of the tax deed judgment. He presented arguments regarding voidness in the *Stonedry I* appeal. Furthermore, Cook pursued precisely the type of relief described in *Beth-El* under 2-1401(f) and went even further by filing a 2-1203 motion to reconsider when the 2-1401 Petition was denied. (*See* Am. Compl. Ex. F). Cook had every opportunity to present his claims in state court. Having lost, his recourse was appeal through state courts and ultimately to the United States Supreme Court. Instead, he elected to bring this district court action; *Rooker-Feldman* compels its dismissal on jurisdictional grounds.

II. **Plaintiff's Claims Are Also Barred by *Res Judicata*.**

Even if *Rooker-Feldman* did not apply, this case is barred by because the issues have been or could have been previously litigated in another forum, thereby triggering the application of *res judicata*. *Res judicata* prevents a party from relitigating claims that it has previously aired in an earlier suit. *See, e.g., Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir. 1995). Where the first case is in state court and the second in federal court, *res judicata* implicates the Full Faith and Credit Statute, 28 U.S.C. § 1738. *Rogers*, 58 F.3d at 301. A federal court looks to the laws of the state that entered the prior judgment in order to determine whether to give preclusive effect to the state court judgment. *Garry v. Geils*, 82 F.3d 1362, 1367 n. 8 (7th Cir. 1996). In Illinois, a final judgment

13

on the merits bars the same parties or their privies from relitigating issues that were raised, or could have been raised, in the earlier action. *Torres v. Rebarchak*, 814 F.2d 1219, 1222 (7th Cir. 1987); *River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290, 302 (1998).

Here, all three prongs of the *res judicata* test are met. First, the 2015 order awarding the tax deed is final. The *Stonedry I* court held it was final, not void, and could have been appealed but wasn't. 2019 IL App (1st) 171539 ¶¶ 49, 56-57. The 2017 Order of Possession and Supplemental Order *were* timely appealed and affirmed. *Id.* ¶¶ 66, 75. The 2-1401 Petition was denied and a 2-1203 post-judgment motion followed, which was also denied on January 10, 2022. Cook elected not to file a notice of appeal. All orders from the Tax Deed Case are now final. Similarly, the judgment following the trial in the Law Division Case and the subsequent 2-1401 petition there are also final following the *Stonedry II* appeal.

There is also no question that the parties are the same. Cook and Stonedry participated in the Tax Deed Case, the Law Division Case, and this case. Schcolnik, as a member of a member of Stonedry, and Stonedry's agent, stands in privity with Stonedry for purposes of res judicata. *See Oshana v. FCL Builders*, Inc., 2013 IL App (1st) 120851, ¶ 28 (*citing State Farm Fire & Casualty Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 559 (2009)).

The issues and claims are also the same as in the earlier action. Cook's citation to his filings in the Tax Deed Case 2-1401 proceedings makes that obvious. Moreover, the Law Division Case explicitly raised due process claims related to the Tax Deed Case; to the extent the allegations do not precisely overlap with those in the Tax Deed Case 2-1401 proceedings, Cook clearly *could* have brought all his due process claims and arguments in either of these cases.

"The due process clause of the fourteenth amendment does require a state to afford an opportunity for a hearing before depriving someone of a property right created by state law."

*Simmons v. Gillespie*, 712. F.3d 1041, 1044 (7th Cir. 2013)(citing *Board of Regents v. Roth*, 408 U.S. 564 (1972). Cook wants money. "That's what the due process clause does not guarantee; the federal entitlement is to process, not to a favorable outcome." *Simmons v*, 712. F.3d at 1044.

Here, Cook's federal suit arises out of the same group of operative facts as the prior state court litigation. The issues that Cook raised in his Complaint, including his due process rights, were either expressly or implicitly litigated at the state court level, or could have been. *Res judicata* applies to bar their re-litigation here.

## CONCLUSION

For the foregoing reasons, Defendants Andy Schcolnik and Stonedry, LLC respectfully request that this Court GRANT their motion to dismiss in its entirety, dismiss Plaintiff Rufus Cook's Amended Complaint, and grant such other relief as may be just and proper.

Dated: April 15, 2022

STONEDRY, LLC and ANDRES SCHCOLNIK

By: /s/Peter Stasiewicz

Peter Stasiewicz (ARDC # 6290832)
ARCTURUS LAW FIRM
211 West Wacker Drive Suite 300
Chicago, IL 60606
(312) 957-6194 (tel)
(312) 489-8307 (fax)
pete@arcturuslaw.com

**CERTIFICATE OF SERVICE**

      I, Peter Stasiewicz, an attorney, hereby certify that on April 15, 2022, I served the foregoing Defendants Motion to Dismiss with the Clerk of the Northern District of Illinois, Eastern Division on the below parties via CM/ECF:

Bruce Cook
Law office of Bruce L. Cook
1507 E. 53rd Street, Unit 308
Chicago, IL 60615

e-mail: blcook@loblc.com

      By: /s/ Peter Stasiewicz