UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RUFUS COOK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1: 22 cv- ll9 |
| | ) | |
| Stonedry LLC, Andres Schcolnik, | ) | Honorable Jorge L. Alonso |
| David Twardock, Peter Stasiewicz and Thomas | ) | |
| Dart, Sheriff Of Cook County, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT AND JURY DEMAND

Now comes Rufus Cook, by his counsel Law Office of Bruce L. Cook, and as his Amended Complaint and Jury Demand states the following.

| CONTENTS | PAGE |
|---|---|
| Parties……………………………………………………………………… | 2 |
| Jurisdiction………………………………………………………………… | 2 |
| Venue……………………………………………………………………… | 2 |
| Preliminary Statement…………………………………………………….. | 3-4 |
| Facts………………………………………………………………………. | 5-11 |
| Exhibit A Violations Charged…………………………………………….. | 8 |
| Exhibit B Violations Charged …………………………………………….. | 10 |
| Exhibit C Violations Charged As To Tax Code Precedent………………….. | 11 |
| Exhibit D Recent Due Process and other violations charged……………... | 11 |
| Exhibit E Section 1203 Motion seeking to reconsider order denying 2- 140l Petition ……………………………………………….. | 11 |
| Counts ……………………………………………………………………... | 12 |
| Prayer for Relief…………………………………………………………… | 13 |
| Verification ……………………………………………………………….. | 14 |

## PARTIES

**Plaintiff:** Rufus Cook ("Cook") was, at all times relevant, domiciled in and a citizen of Illinois, under no legal disability; and a shareholder of the Ridgeland Corporation, (Ridgeland), an Illinois corporation. He is the assignee, in his individual capacity of the choses in action previously owned by Ridgeland and by Barbara Revak against the defendants named herein.

**Defendant:** Stonedry L.L.C. ("Stonedry") is an Illinois limited liability company which claims to have acquired rights as a tax purchaser in a commercial property located at 7411 S. Stony Island Ave., Chicago, Illinois, which property until December 1, 2015 was owned by the Ridgeland Corporation.

**Defendant** Andres Schcolnik ("Schco1nik") is a resident of Illinois and at all relevant times was ***not*** a member or manager of Stonedry, but was the sole member of S. Bronze, L.L.C., an Illinois L.L.C., which L.L.C. was at all relevant times a member and 50% owner of defendant Stonedry.

**Defendant** David Twardock is a resident of Arizona and at all relevant times was ***not*** a member or manager of Stonedry, but was the sole member of Gammadock L.L.C., which LLC was at all relevant times a 50% member and owner of defendant Stonedry.

**Defendant** Peter Stasiewicz is a resident of Illinois, an Illinois attorney, and at relevant times has purported to be an authorized attorney representing defendant Stonedry.

**Defendant** Thomas Dart is Sheriff of Cook County, Illinois and a state (Illinois) actor within the meaning of the Fourteenth Amendment, 28 U.S.C section 1331, and Fed. R. Civ. P. 3.

Each of the acts of defendants and state actors and assisting state actors alleged in this complaint were done under color of state law and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Illinois, and the County of Cook.

## JURISDICTION

Fourteenth Amendment to the U.S. Constitution, and 28 U.S.C.A. section 1331, and Fed. R. Civ. P. 3.

## VENUE

Venue is proper in this court under 28 U.S.C.A. §1391 (b) because the real estate which is the subject of the suit is located in Chicago, Illinois, clear title thereto is sought in this suit, and the events that gave rise to plaintiff's claims took place within this district.

2

## PRELIMINARY STATEMENT

### *Formation of Stonedry, L.L.C.*

The preliminary facts which resulted in the filing of this due process complaint began in 2014 with the formation of Illinois limited liability company Stonedry, L.L.C. At its formation Stonedry reported to the Illinois Secretary of State that it was a manager-managed company with two managers/members, both Illinois limited liability companies, not individuals. Each manager had 50% of the voting power in Stonedry. **(Ex. 22)** The two manager/ LLC's were S. Bronze, L.L.C, 100% owned by defendant Andre Schcolnick, and Gammadock, L.L.C., 100% owned by defendant David Twardock. (Under Illinois law the authority to conduct the business of Stonedry was solely held by its two LLC manager/member thus making clear and public through its own declarations who had authority as agent to bind the limited liability company. State actors who fail to enforce the law requiring that limited liability companies act through designated agents, by so doing violate the due process and other rights of those who are entitled to rely on the law. Beginning in 2014, with its unlawful years-long false holding-out of Schcolnik as its agent, Stonedry utilized state action (and inaction) to violate the Ridgeland parties' rights. **(See exh. A-22, pages 6-9 hereto).**

### **Defendants acted unlawfully without authority, pursuant to their 2014 conspiracy to defraud Cook and the other tax deed respondents.**

Defendants Stonedry, Schcolnik and Twardock, along with the late Mr. Michael Wilson, attorney, agreed and began in 2014 to conspire to defraud Cook and the other tax deed respondents by unlawfully falsifying the 22-5 Take-Notice (required by the Illinois Property Tax Code) on or about April 23, 2014. Stasiewicz later, after Wilson's death, joined the conspiracy by doing numerous acts in furtherance thereof, which included adopting, and furthering the

previous unlawful acts committed from April 23 on, as well as fraudulent misrepresentations, false personation, forgery and perjury.

In addition to years of ongoing deception regarding Schcolnik's authority (when he had none), other major due process violations unlawfully but successfully urged on the state court by Stonedry and defendants, are listed below. They are evidenced by court filings made in the state court on the dates shown therein. Those filings, which are exhibits A to E hereto, and 6, 10, 11 and 12 to 15, discuss in detail below some of the due process violations made in the subject tax court case, No. 2014 COTD 002392, and show the violations which resulted from state court actions and inactions as they were committed, and became the subject of repeated due process requests and demands for hearing, all ignored or denied. Thus, the documents filed as exhibits A, B, D and E prove three things: the due process violation claim (1) was made, (2) was made contemporaneously, and (3) was the subject of court inaction when ignored or denied. In addition, exhibits A, B, D and E allege independent claims committed by defendants including, as it was put in Exhibit A, "fraudulent misrepresentations, false personation, forgery and perjury." In other words, the allegations made in exhibits A, B D and E satisfy the requirements of *Exxon Mobil Corp.. et al. v Saudi Basic Industries Corp. 544 U.S. 280 , 293 ( 2005); Andrade v. City of Hammond, Indiana*, 9 F. 4th 947 (7th Cir. 202) and *Sykes v. Cook County Circuit Court, Probate Div., et al.,* No. 15-1781, Seventh Circuit 2016. This complaint states independent federal claims, as well as the due process violations asserted contemporaneously in the state court, but which were ignored by it. (The state court judgment *was* directly challenged in the 2-1401 Petition which was denied in late 2021.) Thus this complaintt neither directly challenges the state court judgment, nor is it "inextricably intertwined" with it.

4

FACTS

**The year 2015 brings non-agent Schcolnik's and the conspiracy's lies under oath when an unbroken chain of due process violations causes a "Settlement Agreement"**

1. The sequence of events which occurred here is detailed in the allegations of **exhibit A**. Briefly, Gammadock lied when, in 2014, it filed and caused to be served on Cook on or about April 23, 2014 a 22-5 take notice which was a nullity, since it had on April 7, 2014 assigned all interest in the certificate to Stonedry.

2. When the case came before the court **(Ex. 5)** February 9, 2015, although Cook and Ridgeland had filed an appearance on February 4, it was conducted as a default prove-up of which respondents were given no notice because Stonedry's lawyer M. Wilson received the mailed appearance only, according to him, after his return from court that day not having checked to see if an appearance had been filed.

3. At the prove-up before Judge Kulys Hoffman Schcolnik testified falsely under oath that he was a member of Stonedry.

4. Stonedry's lawyer Wilson testified, <u>unsworn,</u> in support of the case, and in addition, ignored his duty in his own testimony to correct Schcolnik perjury committed under Wilson's direct examination. **(Ex. 6)**

5. Subsequently, Judge Hoffman granted respondents' motion for recusal, with the result that she couldn't approve the transcript of the prove-up, as required by law.

6. Stonedry's counsel Wilson then committed further 2015 due process violations successfully urging successor judges to deny Ridgeland discovery in the case and to deny time for pleading. **Ex. 9 – 11**.

7. Stonedry/Wilson also told successor Judge James Carroll, falsely, that due process did <u>not</u> require that a transcript be approved by a judge <u>who had heard the evidence</u>. **Ex. 12-15**.

8. Judge Carroll then failed to perform his affirmative duty to hear the evidence, never doing so, <u>but admitting the unapproved transcript into evidence</u> on December 1, 2015, thus violating the law which requires approval of the transcript by a judge who has heard the evidence and approved the transcript, before a tax deed may be ordered.

9. On December 1, 2015, the parties executed a "Settlement Agreement" wherein Ridgeland was paid $80,000 by Stonedry and withdrew its objections.

10. Schcolnik falsely and with no authority signed the Affidavit/Settlement Agreement as "member" of Stonedry, thus repeating on December 1 the false statement under oath that he had begun February 9, his lack of authority was then unknown to respondents.

**The Ridgeland parties and Cook begin to perceive the deceit practiced on them.**

11. Ridgeland began learning the facts related above in and after <u>December, 2016,</u> while their "possession" appeal remained pending in the appellate court.

12. By August of 2017, the Ridgeland parties had learned enough to file on August 3, 2017 their 2-1401 petition, to inform the court of the evidence which had been unavailable to them when the void "Take Notice" had been filed by Gammadock, LLC April 23, 2014.

6

13. Ridgeland learned more of Stonedry's fraudulent and possibly criminal offenses in December, 2016, and thereafter. That led to the filing of a 2-1401 petition before Judge Carroll August 3, 2017. On December 29, 2017 the state court *sua sponte* stayed that petition pending disposition by the appellate court of the pending "possession" appeal.

14. Ridgeland subsequently moved the appellate court to take jurisdiction of the 2-1401 petition then pending but stayed in the trial court. The appellate court declined to do so, instead electing to leave that petition for further proceedings in the trial court.

15. The trial court then in December 2019 lifted its stay of the 2-1401 petition and entered an order January 2, 2020 providing for the filing of subsequent pleadings, as to the 2-1401 petition.

16. Despite the fact that the trial court stay of the 2-1401 had been in effect since December, 2019, and despite the fact that the appellate court had declined to take jurisdiction of the petition, leaving it in the state court, Stonedry/Stasiewicz has now argued for more than two years that, somehow, the appellate court has made statements that are *res judicata* regarding the 1401 petition, when in fact it never took jurisdiction.

17. Stonedry's and Stasiewicz's 1401 preclusion attempt was yet another effort to violate Cook's due process rights, seeking to deny him any hearing at all. In fact, that petition has never been the subject of an evidentiary hearing at any point.

18. Exhibit E and exhibit 2 complete the picture of the actions taken by state actor Judge James Carroll and assistant state actors/defendants Schcolnik, Twardock, Stonedry, and Stasiewicz. Previous assisting state actors purporting to represent Stonedry include but are not limited to the late Michael J, Wilson, attorney, whose claims of authority were replaced by those

7

of defendant Stasiewicz. The acts of Judge Carroll and defendants alleged in this complaint were done under color of the statutes, regulations, customs and usages of the state of Illinois and the county of Cook, and constitute state action and inaction by them and others.

### EXHIBIT A DUE PROCESS VIOLATIONS AND INDEPENDENT OFFENSES CHARGED

**Due process violations which Stonedry was required by law to disclose in 2014, but never did.**

19. In the earliest stages of its pursuit of a tax deed, on April 7, 2014, as noted, Stonedry acquired from Gammadock the subject tax certificate which Gammadock had bought at the periodic scavenger tax sale re tax- delinquent properties. **(See Ex 1 and 2 hereto.)** Thus Stonedry, as assignee and owner of the certificate since April 7, 2014 was required to prove in the tax deed proceeding that it had properly given all due process notices required by the Property Tax Code in order to receive a deed to the property. The Property Tax Code explicitly required Stonedry, as the owner of the Certificate, to deliver to the County Clerk for delivery to Cook, plaintiff herein, the "Take-Notice", in which the current certificate owner was mandated to notify Cook of the proceeding Stonedry was initiating, and thus to satisfy the due process requirement of notice to Cook by the certificate owner. (See **Ex. 2**) Stonedry failed at this first step, which, as a matter of law, was dispositive of its claim. AFTER April 7 Gammadock had no interest in the subject certificate, nor power nor standing to give the mandated notice, which it falsely purported to give, anyhow, on April 23, 2014. **(Ex. 2)** The 22-5 notice was, on its face, a nullity, as sec 22-5 points out in its first words, Stonedry could not thereafter be entitled to a tax deed:

> "200/22-5. Notice of sale and redemption rights. In order to be entitled to a tax deed,…" (Emphasis supplied.)

8

20. Aside from the Fourteenth Amendment, Stonedry also violated the due process requirements imposed by Illinois law, in the form of sec. 22-5 and 22-10 through 22-25 of the Property Tax Code.

21. Further, Stonedry's purported attorney Wilson ("hired" by non-agent Schcolnik upon Stonedry's formation in 2014) failed to comply with the Code requirement that he disclose his 2014 non-compliance with the Property Tax Code's notice requirements.

22. Defendant Stasiewicz also failed his own statutory duty of disclosure, yet a further due process violation.

23. Plaintiff's due process rights were further violated when the court, at Stonedry's urging, failed in 2015 to perform its duty to hear the prove-up evidence previously heard but not approved by Judge Hoffman before her recusal. On December 1, 2015 the transcript was filed by Stonedry without the approval required by law of a judge who had heard the evidence, without which the law forbids a tax deed order. **See Exhibit A, p.10, par. 17-19**.

24. During the years from 2015 to date, none of the tax deed Respondents' repeated requests and demands for evidentiary hearings were ever allowed, not even where the governing Supreme and Appellate court precedent and the statutes mandate evidentiary hearing. (See: *Ostendorf v. International Harvester Co*., 89 Ill. 28 at 285- 86, 60 Ill. Dec. 456, 483 N.E. 28, at 259; *Blutcher v. EHS Trinity Hospital, et al,* 32l Ill. App.3d 131, 254 Ill. Dec. 106 (2001) (The governing cases require that the parties identify controverted issues by affidavit or, if there are none, show that fact by not filing such affidavit. When Stonedry filed no such affidavit in response to Cook's affidavit, no controverted matter was stated.) Yet the court refused to recognize Stonedry's

9

capitulation and treated it as though the required affidavit asserting controverted issues HAD been filed. Sec 22-5 redux.)

**EXHIBIT B DUE PROCESS VIOLATIONS AND INDEPENDENT OFFENSES CHARGED:**

**No evidence regarding the 2-1401 petition has ever been heard anywhere; Stonedry's pursuit of the subject tax deed began in 2014, shortly after the company's formation and Schcolnik's unauthorized activities noted above;the result is that the 1401 petition has never been heard anywhere.**

25. Additional due process violations and independent offenses are documented in **Exhibit B** hereto, filed May 13, 2020, entitled "Section 2-1401 Petitioners' Reply to Stonedry, LLC's February 6, 2020 (1) "Supplemental Submission" and (2) Motions to Dismiss §2-1401 Petition Pursuant to § section 2-615 and 2-619."

26. Despite knowing the appellate court declined jurisdiction of the 2-1401 petition because of its pendency before the trial court, Stonedry, as noted, falsely argued that *res judicata* preclusion applies and sought (and obtained) still further due process violations by the state court. **Exhibit B, no. 4, p.15, 16 et al.**

27. Stonedry through false pleading sought to have the trial court act as though the appellate court *had* taken jurisdiction of the 2-1401 petition. Pages 15 and 16 of Ex. B point out not only that jurisdiction was declined, but that even if that were not the case, *res judicata* can't apply where discovery and hearings of the issues were denied, as here on <u>all</u> issues, for more than 7 years.

28. As shown, the law does not permit a tax deed hearing, ex parte or otherwise, after the 22-5 Take-Notice and assignment were seen on their face to be a nullity which, continuing the pattern of illegality, its counsel, Wilson, together with, Stonedry, Schcolnik, Twardock, and

10

Stasiewicz had failed to disclose. As shown, Plaintiff and the Ridgeland tax deed respondents were first denied due process in May, 2014 and the denials, as documented and noted, have continued unabated since.

29. The denial of discovery which occurred at Stonedry's urging and the attempt to assert *res judicata* where the appellate court declined jurisdiction, are different sides of the same coin: intentional denial of due process, fully documented here. **Exhibit B, p. 15.**

30. Having been denied discovery altogether in the subject case, it took discovery conducted in a related case, and more than two and one-half years for Plaintiff and the Ridgeland parties, at great expense, to learn the facts related in their 2-1401 petition. The successful early effort to deny discovery altogether, is the counterpart of the legally insupportable and false effort to assert *res judicata* from declined jurisdiction.

**Exhibit C: Due Process Violations Shown Based On Tax Code Precedent**

31. **Ex. C,** a Compendium of Tax Code precedent, briefly reviews the relevant precedent respecting the mandatory notices required by the Property Tax Code, revealing wholesale failure to follow the law, at Stonedry's and its attorneys insistence, showing still further due process violations.

**Exhibits D and E: Recent Due Process Violations Charged**

32. Recent activity in the state court has produced *further* due process violations and other claims, as detailed **in Exhibit D, p.1-7 and E.**

**Also on January 10, 2022 the tax court granted Stonedry's renewed motion for an order of possession of the subject property, prosecuted by defendant Stasiewicz, directing that the Sheriff immediately evict Defendants. (Id.)**

33. Defendants Stonedry, Schcolnik, Twardock, and Stasiewicz have unlawfully sought to use and have succeeded in using the state court, to have the Sheriff join in the deprivation of Plaintiff's due process rights, wrongfully evicting them from the subject property.

## COUNTS

The preceding paragraphs 1-32 are hereby by reference incorporated into each of the following counts.

Count 1 is for conspiracy to defraud, against Schcolnik, Twardock, and Stasiewicz, based on the allegations of fraudulent conspiratorial misconduct made herein.

Count 2 is against Schcolnik for fraudulent misrepresentation and independent acts of misrepresentation.

Count 3 is against Stasiewicz for fraudulent misrepresentation.

Count 4 is against Twardock for fraudulent misrepresentation.

Count 5 is against Stonedry for deceit in falsely holding out Schcolnik as its authorized agent.

Count 6 is against Twardock for falsely holding out Schcolnik as Stonedry's authorized agent.

Count 7 is against Thomas Dart for false and unlawful eviction in violation of the law regulations and practices which govern his office.

Count 8 is against Thomas Dart for false and improper rejection of process duly served on him electronically.

Count 9 is against Schcolnik for false personation, (identity theft).

Count 10 is against Schcolnik for forgery.

Count 11 is against Schcolnik for making a false statement under oath February 9, 2015.

Count 12 is against Schcolnik for making false statements under oath December 1, 2015.

## Prayer for Relief

Plaintiff prays that Judgment be entered in his favor and against Defendants Stonedry, Schcolnik, Twardock and Stasiewicz, jointly and severally, in an amount greater than $5,000,000 and in punitive damages, in amount greater $3,000,000 including attorneys' fees as part thereof, including attorneys' fees.

s/Bruce L. Cook

Law Office of Bruce L. Cook
1507 E. 53rd Street, Unit 308
Chicago, IL 60615
blcook@loblc.com
Attorney No. 6199318