# INDEX TO EXHIBITS

# EXHIBITS

1. **April 7, 2014 – Assignment of Certificate No. 135 0000 933 from Gammadock, LLC to Stonedry, LLC.**

2. **April 23, 2014 – "Take Notice" from Gammadock, LLC to Ridgeland, et al.**

3. **July 9, 2014 – Petition for Tax Deed.**

4. **January 22, 2015 – Application for an Order Directing the County Clerk to Issue a Tax Deed.**

5. **February 4, 2015 – Respondents' Appearance.**

6. **February 9, 2015 – Prove-up Report of Proceedings before Judge Margarita T. Kulys Hoffman.**

7. **February 24, 2015 Notice of Motion for Tax Deed before Judge Hoffman.**

8. **April 1, 2015 –Respondents' Combined Motion to Dismiss under 5/2-619.1**

9. **May 14, 2015 – Respondents' Motion to Extend Due Date to Reply re 2-619.1 Motion.**

10. **May 20, 2015 – Order Denying Motion to Extend Due Date re Motion to Dismiss and Denying Request for Discovery.**

11. **June 2, 2015 – Respondents' Motion Withdrawing 2-619.1 Motion**

12. **June 15, 2015 – Memorandum of Ridgeland, et al. "…regarding whether a successor judge may sign unsigned transcript of ex parte prove-up made before substituted Judge."**

13. **June 23, 2015 – Stonedry "Memorandum in Support of a Successor Judge's ability to sign an order directing County Clerk of Issue Tax Deed when an ex parte prove-up was conducted by prior Judge."**

14. **June 29, 2015 – Reply of Ridgeland, et al. "…regarding whether a successor Judge may sign unsigned transcript of ex parte prove-up made before substituted Judge."**

15. **November 30, 2015 – Ridgeland, et al's "Citation of Additional Authority".**

16. **December 1, 2015 – "Settlement Agreement" signed by Andres Schcolnik as "Stonedry, LLC, member."**

17. **December 1, 2015 – "Agreed Order" withdrawing objections to the entry of the order directing county clerk to issue tax deed and for other relief.**

18. **December 1, 2015 – "Order Directing County Clerk to Issue Tax Deed and for Other Relief."**

19. **December 1, 2015 – "Agreed Order for Possession"**

20. **December 1, 2015 – Cover Sheet showing re-filing of February 9, 2015 Prove-up Transcript before Judge Hoffman.**

21. Filed Dec. 2, 2016 but undated "Stonedry, LLC's Answers to Plaintiff's Interrogatories" in case no. 2016 L 005474 showing as answer 3 that Schcolnik not a member of Stonedry, but verified by Schcolnik individually and as a member.

22. Dec, 2, 2016 undated case no. 2016 L 005474 "Response to Plaintiff's Request for Production of Documents" showing at:

> p. 5 – "Defendant's affidavit of Schcolnik that "…I am one of the members of Stonedry, LLC", and verification of truth under penalties provided by law," both signed individually only.

> p. 8 – item 8 declaring Stonedry is manager-managed by Gammadock LLC and S. Bronze, LLC.

> p. 10 – 7/14 Amendment to Stonedry LLC Operating Agreement showing members are Gammadock, LLC and S. Bronze, LLC., not Schcolnik.

23. Unauthorized Stonedry Notice

24. January 7, 2022 Complaint 1:22 CV-119

25. January 10, State Court Order

In.the.Matter.of.the.Application.of.Stonedry.Petition.to.Vacate.EXHIBITS.BR.gb.7.23.17.rev5.23.22

# EXHIBIT

# 1

STATE OF ILLINOIS )
                  ) SS      CERTIFICATE NO.   13S-0000933
COUNTY OF C O O K )

## CERTIFICATE OF PURCHASE
### FOR GENERAL TAXES TWO OR MORE YEARS DELINQUENT,
### PURSUANT TO SECTIONS 21-145 AND 21-260 OF THE ILLINOIS PROPERTY TAX CODE

I, DAVID D. ORR , County Clerk in and for the County and State aforesaid, DO HEREBY CERTIFY THAT GAMMADOCK LLC did, on the day hereinafter set forth, purchase at public auction at the courthouse in Chicago, the property designated by the permanent real estate index number hereinafter set forth, situated in said County, said property being delinquent in the principal sum and for the tax years hereinafter set forth together with statutory penalties, interest and costs thereon, and paid as purchase money on said property the sum hereinafter set forth, such sum being the highest bid for cash received at the auction of such property pursuant to Sections 21-145 and 21-260 of the Illinois Property Tax Code.

VOLUME  262 .      PERMANENT INDEX NUMBER   20-25-131-004-0000

TAX YEARS DELINQUENT   09-11
TOTAL PRINCIPAL AMOUNT DUE          207,506.37  plus statutory penalties, interest and costs thereon.
DATE OF SALE   01-07-14  AMOUNT OF SUCCESSFUL BID     2,000.00

STATUTORY TREASURER FEES                          190.00
STATUTORY CLERK FEES                               30.00
                                   TOTAL          2,220.00

The aforesaid purchaser having complied with the provisions of law applicable to such sales so as to be entitled to a certificate of purchase, on      MARCH    14, 2014, the Circuit Court of Cook County entered an order confirming the sale of the aforesaid property.

If the aforesaid property is not redeemed in the manner and within the time provided by law, said purchaser, his heirs or assigns shall be entitled, upon application and compliance with the Illinois Property Tax Code, to receive a deed to said property; provided, that unless the holder of this certificate shall take out said deed and file the same for record within one year after the time for redemption expires, the said certificate or deed, and the sale on which it is based, shall, from and after the expiration of such one year, be absolutely null.

WITNESS my hand and the official seal at CHICAGO in said County this 19TH day of   MARCH   , A.D. 2014.

countersigned:

*Maria Pappas*                                    *David D. Orr*

EXHIBIT  A                                         Ex. 1

County Treasurer and Ex-Officio Collector         County Clerk of Cook County
of Cook County

STATE OF ILLINOIS )
                  )   SS
COUNTY OF C O O K )


    In consideration of the sum of ~~Ten and no~~/100 DOLLARS, I do
hereby sell, assign, transfer and set over to Sturdy LLC         ,
his heirs, executors, administrators and assigns, the within
CERTIFICATE OF PURCHASE, and all my right, title and interest in
or to the real estate therein described, to have and to hold the
same to himself, his heirs, executors, administrators and
assigns, to his and their sole use, benefit and behoof forever.

    Given under my hand and seal this 7th day of April, 2014
A.D.

                        Gannochcy, LLC by,

                        [signature], Member

# EXHIBIT

# 2

<u>TAKE NOTICE</u>

County of Cook
Date Premises Sold January 7, 2014
Certificate No. 13S-0000933
Sold for General Taxes of 2009-2011
Sold for Special Assessment of (Municipality) and
Special assessment number ~ Not Applicable
Warrant No. ~ Not Applicable Inst. No. ~ Not Applicable

<u>THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES</u>

Property location - 7411 South Stony Island Avenue, Chicago, Illinois

Permanent Index No. 20-25-131-004-0000

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on July 7, 2014.

This notice is also to advise you that a petition will be filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before July 7, 2014.

At the date of this notice the total amount which you must pay in order to redeem the above property is $281,196.45 plus any and all statutory penalties, interest and costs.

<u>YOU ARE URGED TO REDEEM IMMEDIATELY TO
PREVENT LOSS OF PROPERTY</u>

Redemption can be made at any time on or before July 7, 2014 by applying to the County Clerk of Cook County, Illinois at the County Court house in Chicago, Illinois.

The above amount is subject to increase at six month intervals from the date of sale. Check with the County Clerk as to the exact amount you owe before redeeming. Payment must be made by certified check, cashier's check, money order, or in cash..

<u>FOR FUTHER INFORMATION CONTACT THE COUNTY CLERK.</u>

Address: 118 North Clark Street, 4th Floor, Chicago, IL 60602
Telephone: (312) 603-5645

Gammadock, LLC
Purchaser or Assignee

Dated:    April 23, 2014

Mail To: Rufus Cook Attorney
7411 S Stony Island
Chicago, IL 60649-3613

# 13S-9008

EXHIBIT  C

EX. 2

# EXHIBIT

# 3

Ct. date: January 28, 2014

STATE OF ILLINOIS )
)ss
COUNTY OF C O O K)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE APPLICATION OF THE
COUNTY TREASURER OF COOK COUNTY, ILLINOIS
GENERAL TAXES FOR THE YEARS 2009-2011

2014COTD002592
CALENDAR/ROOM S
TIME 00:00
Tax Deed

PETITION OF Stonedry, LLC
FOR TAX DEED

)
)
)
)
)

## PETITION FOR TAX DEED

NOW COMES Stonedry, LLC, Petitioner, by MICHAEL J. WILSON & ASSOCIATES,
P.C., attorneys and says:

1.    On January 7, 2014, Gammadock, LLC purchased the following described real
estate: Permanent Index No. 20-25-131-004-0000 also known as:

SEE ATTACHED FOR LEGAL DESCRIPTION

Property located at:    7411 South Stony Island Avenue, Chicago, Illinois

at the tax sale held on said date by the County Treasurer of Cook County Illinois, which sale
was held in accordance with the judgment of this court duly entered in such case made and
provided.

2.    That certificate of purchase No. 13S-0000933 was issued and delivered to
Gammadock, LLC, which sold, assigned, and transferred said certificate to, Petitioner, which
now owns said certificate.  A copy of said certificate is attached hereto as an exhibit.

3.    The said parcel of real estate has not been redeemed from said tax sale and the
time for redemption will expire on January 8, 2015.  All taxes and special assessments which
become due and payable on said parcel of real estate subsequent to the date of said sale and
prior to and including the date of filing this Petition will be redeemed.  Prior to the entry of an
Order Directing the County Clerk to Issue a tax deed, all other taxes and special assessments
falling due on said parcel of real estate between the date of filing this Petition and the date of
said order, if any, will be redeemed.

4.    All notices required by law to be given will be given prior to the entry of an Order
Directing the Issuance of a Tax Deed on said parcel of real estate and due proof will be made of
the giving of such notice.

Ex. 3

LOTS 20 AND 21 IN BLOCK 14 IN PLATT'S SUBDIVISION OF LOTS 14 AND 16 OF CONRAD SEIPP'S SUBDIVISION OF THE WEST 1/2 OF THE NORTHWEST 1/4 OF SECTION 25, TOWNSHIP 38 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

5. Upon compliance with all the provisions of law relating thereto, Petitioner will be entitled to the entry of an Order Directing the County Clerk to Issue a Tax Deed conveying the said parcel of real estate to Petitioner unless redemption is made at the time and in the manner provided by law.

WHEREFORE, PETITIONER PRAYS as follows:

(a) That the court may enter an Order Directing the County Clerk to Issue a Tax Deed conveying the above described parcel of real estate to Petitioner in the event said parcel of real estate is not redeemed within the time and in the manner provided by law.

(b) That the court may issue an Order for Possession to put the Petitioner as grantee of said tax deed in possession of said parcel of real estate.

(c) That the court may enter such orders as may be necessary or desirable to maintain Petitioner as grantee of said tax deed in possession of said parcel of real estate.

Stonedry, LLC
Petitioner

By: _____
Michael J. Wilson, its attorney

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson – 27787
Attorneys for Petitioner
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
(312) 781-9510

# 13S-9008

STATE OF ILLINOIS )
) SS. CERTIFICATE NO. 13S-0000933
COUNTY OF C O O K )

CERTIFICATE OF PURCHASE
FOR GENERAL TAXES TWO OR MORE YEARS DELINQUENT,
PURSUANT TO SECTIONS 21-145 AND 21-260 OF THE ILLINOIS
PROPERTY TAX CODE

I, DAVID D. ORR , County Clerk in and for the County and State aforesaid, DO HEREBY CERTIFY THAT SANNADOCK LLC did on the day hereinafter set forth, purchase at public auction at the courthouse in Chicago, the property designated by the permanent real estate index number hereinafter set forth, situated in said County, said property being delinquent in the principal sum and for the tax years hereinafter set forth together with statutory penalties, interest and costs thereon, and paid as purchase money on said property the sum hereinafter set forth, such sum being the highest bid for cash received at the auction of such property pursuant to Sections 21-145 and 21-260 of the Illinois Property Tax Code.

VOLUME 262 PERMANENT INDEX NUMBER 20-25-131-004-0000

TAX YEARS DELINQUENT 09-11
TOTAL PRINCIPAL AMOUNT DUE 207,506.37 plus statutory penalties, interest and costs thereon.
DATE OF SALE 01-07-14 AMOUNT OF SUCCESSFUL BID 2,000.00

STATUTORY TREASURER FEES 190.00
STATUTORY CLERK FEES 30.00
TOTAL 2,220.00

The aforesaid purchaser having complied with the provisions of law applicable to such sales so as to be entitled to a certificate of purchase, on MARCH 14, 2014, the Circuit Court of Cook County entered an order confirming the sale of the aforesaid property.

If the aforesaid property is not redeemed in the manner and within the time provided by law, said purchaser, his heirs or assigns shall be entitled, upon application and compliance with the Illinois Property Tax Code, to receive a deed to said property; provided, that unless the holder of this certificate shall take out said deed and file the same for record within one year after the time for redemption expires, the said certificate of deed and the sale on which it is based, shall, from and after the expiration of such one year, be absolutely null.

WITNESS my hand and the official seal at CHICAGO in said County this 19TH day of MARCH , A.D. 2014.

countersigned:

County Treasurer and Ex-Officio Collector
of Cook County

County Clerk of Cook County

Ct. date: January 28, 2015

2014 JUL -9

DOROTHY
CLERK OF CIR
COUNTY O

STATE OF ILLINOIS )
                   )SS
COUNTY OF C O O K )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE APPLICATION OF THE       )
COUNTY TREASURER OF COOK COUNTY, ILLINOIS     )
GENERAL TAXES FOR THE YEARS 2009-2011         )
                                              )
PETITION OF Stonedry, LLC                     )       2014COTD002392
FOR TAX DEED                                          CALENDAR/ROOM 8
                                                      TIME 00:00
                                                      Tax Deed

PETITION FOR TAX DEED

NOW COMES Stonedry, LLC, Petitioner, by MICHAEL J. WILSON & ASSOCIATES,
P.C., attorneys and says:

1.   On January 7, 2014, Gammadock, LLC purchased the following described real
estate: Permanent Index No. 20-25-131-004-0000 also known as:

SEE ATTACHED FOR LEGAL DESCRIPTION

Property located at:   7411 South Stony Island Avenue, Chicago, Illinois

at the tax sale held on said date by the County Treasurer of Cook County Illinois, which sale
was held in accordance with the judgment of this court duly entered in such case made and
provided.

2.   That certificate of purchase No. 13S-0000933 was issued and delivered to
Gammadock, LLC, which sold, assigned, and transferred said certificate to, Petitioner, which
now owns said certificate.  A copy of said certificate is attached hereto as an exhibit.

3.   The said parcel of real estate has not been redeemed from said tax sale and the
time for redemption will expire on January 8, 2015.  All taxes and special assessments which
become due and payable on said parcel of real estate subsequent to the date of said sale and
prior to and including the date of filing this Petition will be redeemed.  Prior to the entry of an
Order Directing the County Clerk to issue a tax deed, all other taxes and special assessments
falling due on said parcel of real estate between the date of filing this Petition and the date of
said order, if any, will be redeemed.

4.   All notices required by law to be given will be given prior to the entry of an Order
Directing the Issuance of a Tax Deed on said parcel of real estate and due proof will be made of
the giving of such notice.

5.      Upon compliance with all the provisions of law relating thereto, Petitioner will be entitled to the entry of an Order Directing the County Clerk to Issue a Tax Deed conveying the said parcel of real estate to Petitioner unless redemption is made at the time and in the manner provided by law.

WHEREFORE, PETITIONER PRAYS as follows:

(a)     That the court may enter an Order Directing the County Clerk to Issue a Tax Deed conveying the above described parcel of real estate to Petitioner in the event said parcel of real estate is not redeemed within the time and in the manner provided by law.

(b)     That the court may issue an Order for Possession to put the Petitioner as grantee of said tax deed in possession of said parcel of real estate.

(c)     That the court may enter such orders as may be necessary or desirable to maintain Petitioner as grantee of said tax deed in possession of said parcel of real estate.

Stonedry, LLC
Petitioner

By: _____
Michael J. Wilson, its attorney

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson -- 27787
Attorneys for Petitioner
309 West Washington Street, Suite  1200
Chicago, Illinois  60606
(312) 781-9510

# 13S-9008

STATE OF ILLINOIS )
) SS    CERTIFICATE NO.    13S-0000933
COUNTY OF C O O K )

CERTIFICATE OF PURCHASE
FOR GENERAL TAXES TWO OR MORE YEARS DELINQUENT,
PURSUANT TO SECTIONS 21-145 AND 21-260 OF THE ILLINOIS
PROPERTY TAX CODE

I, DAVID D. ORR , County Clerk in and for the County
and State aforesaid, DO HEREBY CERTIFY THAT GAMMADOCK LLC
did, on the day hereinafter set forth, purchase at public auction
at the courthouse in Chicago, the property designated by the
permanent real estate index number hereinafter set forth, situated
in said county, said property being delinquent in the principal
sum and for the tax years hereinafter set forth together with
statutory penalties, interest and costs thereon, and paid as
purchase money on said property the sum hereinafter set forth,
such sum being the highest bid for cash received at the auction
of such property pursuant to Sections 21-145 and 21-260 of the
Illinois Property Tax Code.

VOLUME  262    PERMANENT INDEX NUMBER  20-25-131-004-0000

TAX YEARS DELINQUENT  09-11
TOTAL PRINCIPAL AMOUNT DUE        207,506.37  plus statutory
penalties, interest and costs thereon.
DATE OF SALE  01-07-14 AMOUNT OF SUCCESSFUL BID        2,000.00

STATUTORY TREASURER FEES                                190.00
STATUTORY CLERK FEES                                     30.00
                                          TOTAL        2,220.00

The aforesaid purchaser having complied with the provisions
of law applicable to such sales so as to be entitled to a
certificate of purchase, on    MARCH    14, 2014, the Circuit
Court of Cook County entered an order confirming the sale of the
aforesaid property.

If the aforesaid property is not redeemed in the manner and
within the time provided by law, said purchaser, his heirs or
assigns shall be entitled, upon application and compliance with
the Illinois Property Tax Code, to receive a deed to said
property; provided, that unless the holder of this certificate
shall take out said deed and file the same for record within one
year after the time for redemption expires, the said certificate
or deed and the sale on which it is based, shall, from and after
the expiration of such one year, be absolutely null.

WITNESS my hand and the official seal at CHICAGO in said
County this 19TH day of    MARCH    ,A.D. 2014.

countersigned:

*Maria Pappas* (signature)                    *David D. Orr* (signature)

County Treasurer and Ex-Officio Collector        County Clerk of Cook County
of Cook County

# EXHIBIT

# 4

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | |
|---|---|
| IN THE MATTER OF APPLICATION, ETC. | Court Date: January 28, 2015 |
| PETITION OF Stonedry, LLC | CASE NO. 2014COTD002392 |
| FOR TAX DEED | |

## APPLICATION FOR AN ORDER DIRECTING THE
## COUNTY CLERK TO ISSUE A TAX DEED

Now comes Stonedry, LLC, (hereinafter referred to as "Petitioner"), by Michael J. Wilson its attorney, and applies for an Order Directing County Clerk to Issue Tax Deed and for other relief. In support thereof, Petitioner states as follows:

1. Date of Tax Sale: January 7, 2014

2. Taxes Purchased: 
   Annual Tax Sale, Years Purchased     N/A
   
   Scavenger Tax Sale, Years Purchased     2009-2011
   
   Forfeiture Tax Sale, Years Purchased     N/A
   
   Special Assessment Sold,     N/A
          (Municipality, Warrant, Install.)

3. Name of Purchaser:     Gammadock, LLC
   
   Certificate of Purchase has been assigned as follows:     Stonedry, LLC

4. Certificate of Purchase Number:     13S-0000933
   
   A copy of the certificate is attached as Exhibit "A".

5. Permanent (Property) Index Number:     20-25-131-004-0000

6. Property Located at:     7411 South Stony Island Avenue, Chicago, Illinois

7. Petition for Tax Deed filed on:     July 9, 2014
   
   Amended Petition for Tax Deed filed on:     N/A

8. The original period of redemption expired on:     July 7, 2014.
   
   The period of redemption was extended. The period of redemption, as extended, expired on     January 8, 2015
   
   Copies of all extensions of the period of redemption are attached hereto as Group Exhibit "B".

EX. 4

9.      The name and address of the party in whose name the taxes were last assessed as shown by the most recent tax collector's warrant books on the date the notice required by 35 ILCS 200/22-5 was    Rufus Cook Attorney, 7411 S Stony Island, Chicago, IL  60649-3613.  The Notice required by said Section of the Property Tax Code was delivered to the County Clerk for mailing on April 23, 2014.  A copy of said Notice is attached hereto as Exhibit "C"

10.     The parties who are owners, occupants and parties interested in the subject property are as follows:

Rufus Cook Attorney; The Ridgeland Corporation; City of Chicago; Cook & Revak; Rufus L. Cook; Barbara J. Revak; Occupant; The 7411 Corp.;    Cook County Clerk

A copy of the evidence of search of public records is attached hereto as Exhibit "D".

11.  The Sheriff's Notice required by 35 ILCS 200/22-10 is attached hereto as Exhibit "E". The Sheriff's returns of service indicate the following:

| Name of Party | Address of Service | Manner and Date of Serv |
|---|---|---|
| Cook County Clerk | 69 West Washington Chicago, IL 60602 | Corporation On July 14, 2014 |
| City of Chicago | Serve-City Clerk 121 North LaSalle Street Chicago, IL 60602 | Corporation On July 14, 2014 |
| Rufus Cook Attorney | 7411 South Stony Island Avenue Chicago, IL 60649 | Not Served (called phone nu listed-female refused name- building is vacant) On August 23, 2014// Certified Mail (signed for Barbara Revak) Delivered on August 29, 2( (per United States Postal Se Website) |

| Name of Party | Address of Service | Manner and Date of Ser |
|---|---|---|
| Barbara J. Revak | 7411 South Stony Island Avenue Chicago, IL 60649 | Not Served (called phone n listed-female refused name building is vacant) On August 23, 2014// Certified Mail (signed for Barbara Revak) Delivered on August 29, 2 (per United States Postal S Website) |
| Occupant | 7411 South Stony Island AvenueChicago, IL 60649 | Not Served (called phone n listed-female refused name building is vacant) On August 23, 2014// Certified Mail (signed for Barbara Revak) Delivered on August 29, 2 (per United States Postal S Website) |
| The 7411 Corp. | 7411 South Stony Island Avenue Chicago, IL 60649 | Not Served (called phone n listed-female refused name building is vacant) On August 23, 2014// Certified Mail (return card m from court file) Delivered on August 29, 2 (per United States Postal S Website) |

12. The Clerk's Notice required by 35 ILCS 200/22-25 was placed with the Clerk of the Circuit Court of Cook County . A copy of said notice is attached hereto as Exhibit "F".

13. The Publication Notice required by 35 ILCS 200-22-20 was published in the Chicago Daily Law Bulletin, a newspaper in Cook County, Illinois on July 21, 2014; July 22, 2014; and July 23, 2014.   A copy of the Certificate of Publication is attached hereto as Exhibit "G".

STATE OF ILLINOIS )
                ) ss
COUNTY OF COOK )

## NOTICE EXTENDING PERIOD OF REDEMPTION

VOLUME:     262

PERMANENT INDEX NUMBER:   20-25-131-004-0000

YEARS SOLD:    2009-2011    2013 Scavenger Tax Sale

DATE OF SALE:     January 7, 2014

CERTIFICATE OF SALE NO.:     13S-0000933

EXTENDED REDEMPTION DATE:    November 14, 2014

To: COUNTY CLERK OF COOK COUNTY, ILLINOIS

MICHAEL J. WILSON states that:

1.     The undersigned is the attorney for the owner and holder of the Certificate of Sale for the Tax Sale above mentioned covering the above stated Volume and Permanent Index Number.

2.     The undersigned further states that the owner and holder of said Certificate of Sale does hereby extend the time of redemption to and including the date indicated above in accordance with the provisions of the Property Tax Code of 1993, as amended.

MICHAEL J. WILSON & ASSOCIATES, P.C.
Attorneys for Purchaser/Assignee
309 West Washington, Suite 1200
Chicago, Illinois 60606
312 - 781-9510

This notice was served upon the
County Clerk of Cook County on

5/15/14

# 13S-9008

EXHIBIT B

RECEIVED BY
COOK CO. CLERK'S OFFICE
MAY 15 2014
DAVID ORR
TAX REDEMPTION



*Thomson Abstract*
C O M P A N Y

309 West Washington Street
Chicago, IL 60606
info@thomsonabstract.com
312.223.0605

## Tract Search Report

...ared for:                                    Order ID: 14-6237

...chael J. Wilson & Associates, P.C.            Effective Date: 5/13/2014
...9 West Washington Street
...icago, IL 60606

*Re: 20-25-131-004-0000/Stonedry, LLC/13S-9008*

...ds:

1)  Deed Type:    Deed
    Document No:   0525839106
    Grantor:       Cook County Clerk
    Grantee:       Sarah Ayers
    Date:          9/15/2005
    Recorded:      9/15/2005

2)  Deed Type:    Quit Claim Deed
    Document No:   0631022028
    Grantor:       Sarah Ayers
    Grantee:       The Ridgeland Corporation
    Date:          10/18/2005
    Recorded:      11/6/2006

Based on the above information, the title appears to be held by The Ridgeland Corporation.

Encumbrances:

1)  Litigation
    File Date:     1/17/2007
    Case No.:      (case number not shown)
    Plaintiff:     W.F.T. Trust
    Defendant:     United Legal Foundation, et al
    Lis Pendens:   Document No. 0701734061 recorded 1/17/2007

EXHIBIT D

P.I.N:     20-25-131-004-0000

Current Tax Year:     2013

First Installment:          Amount:   $44,652.35
                            Status:    Paid

Second Installment:         Amount:   $0.00
                            Status:    Not Billed

Taxes for the year 2012 are delinquent in the amount of $96,388.19, subject to the 2012 annual tax sale.

Previous Year's Taxes

Year:         1993          Forfeited
Amount:       $4,702.78

Previous Year's Taxes

Year:         1994          Forfeited
Amount:       $4,558.91

Previous Year's Taxes

Year:         1995          Forfeited
Amount:       $4,622.22

# EXHIBIT

# 5

Appearance                                                              (07/12/13) CCGO 0205

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF THE PETITION OF:

Stonedry, LLC                                    No.  2014 COTD 002392

Petitioner
                                                 Calendar _____

Respondent
                              APPEARANCE

**I. ☐ BY COUNSEL**

I HEREBY ENTER THE APPEARANCE
      The Ridgeland Corp., Cook, Revak & Associates Ltd.
of  Rufus Cook, pro se, Barbara J. Revak, The 7411 Corp., and 7411 Services Corp.
              ( Insert party's name )

AND MY OWN AS

☐ Initial Counsel of Record              ☐ Additional Counsel - (Petitioner)
☐ Substitute Counsel - (Petitioner)      ☐ Additional Counsel - (Respondent)
☐ Substitute Counsel - (Respondent)      ☐ Rule 707 Out-of-State Counsel (pro hac vice)
                                         ☐ Other _____
                                                        (Specify)

IN THE ABOVE MATTER.

_____
Attorney's Signature

**II. ☐ PRO SE**

I,  Rufus Cook                          , HEREBY ENTER MY APPEARANCE IN THE
ABOVE MATTER.

_____
Respondent's Signature

III. A copy of this document must be served on all parties not been found by the Court to be in default either by
personal service or by U.S. Mail, properly addressed, with first class postage prepaid. Service by mail is com-
plete four (4) days after mailing.

| If by Attorney: | If Pro Se: |
|---|---|
| Name:  Bruce L. Cook, Barbara Revak | Name:  Rufus Cook |
| Address:  7411 S. Stony Island | Address:  7411 S. Stony Island |
| City/State/Zip Code:  Chicago, IL 60649 | City/State/Zip Code:  Chicago, IL 60649 |
| Telephone:  (773) 752 - 2000 | Telephone:  (773) 752-2000 |
| Attorney Code Number:  39081, 58121 | Pro Se Number: 99500 |
| Email address: cook-revak@ameritech.net, blcook@lobic.com | Email address: cook-revak@ameritech.net |

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Page 1 of 1

# EXHIBIT

# 6

STATE OF ILLINOIS   )

                        ) SS:

COUNTY OF C O O K  )

    IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

        COUNTY DEPARTMENT - COUNTY DIVISION


IN THE MATTER OF THE APPLICATION  )

OF THE COUNTRY TREASURER AND      )

EX-OFFICIO COUNTY COLLECTOR OF    )

COOK COUNTY, ILLINOIS, FOR        ) No.  14 CoTD 2392

JUDGMENT AND ORDER OF SALE AGAINST)

LANDS AND LOTS UPON WHICH ALL OR  )

A PART OF THE GENERAL TAXES FOR   )

TWO OR MORE YEARS ARE DELINQUENT  )

PURSUANT TO THE PROPERTY TAX CODE.)

                          )

STONEDRY, LLC,                    )

       Petitioner.            )


      REPORT OF PROCEEDINGS at the hearing
of the above-entitled case, before the Honorable
MARGARITA T. KULYS HOFFMAN, Judge of said Court,
on the 9th day of February, 2015, at the hour of
9:30 o'clock a.m.

    PRESENT:

       MICHAEL J. WILSON,

       on behalf of the Petitioner.


Reported By:  Analisa McDermott, CSR, RPR, CRR
License No.:  084-003620

                                  1

1    MR. WILSON:  Michael Wilson on behalf of

2    the Petitioner.  Your Honor, I do have a witness

3    present in court who's previously been sworn.  I

4    would ask that the record reflect that he is still

5    considered under oath.

6       THE COURT:  You are still under oath, sir.

7       THE WITNESS:  Yes.

8       MR. WILSON:  Thank you.  Your Honor, this

9    cause comes on to be heard upon the petition of

10   Stonedry, LLC, for tax deed regarding property

11   known by Permanent Index No. 20-25-131-004-0000

12   which was sold at the 2013 Scavenger sale on

13   January 7th of 2014 for the delinquent 2009 through

14   2011 general real estate taxes to Gammadock, LLC.

15       Certificate No. 13S-0000933 was issued to

16   Gammadock LLC, as evidence of said sale, and that

17   certificate was sold, assigned, and transferred to

18   Stonedry, LLC, on April 7th, 2014.

19       Your Honor, this morning we do not have

20   the original Certificate of Purchase in court.  For

21   purposes of today's prove-up, we would request that

22   the copy of the Certificate of Purchase which is

23   attached to our Petition for Tax Deed be admitted

24   into evidence as Petitioner's Exhibit No. 1 and

2

1  that we be given leave to present the Court with

2  the original and a double-sided photocopy at the

3  time that we present all necessary supplemental

4  documentation in this case.

5      THE COURT: All right. That's granted.

6      MR. WILSON: Thank you. Your Honor, to

7  the best of our knowledge, there are no minors,

8  incompetents, or decedents' estates involved in

9  the subject property.

10         The period of redemption was extended on

11  two occasions. On May 15th of 2014, the period of

12  redemption was extended to November 14th of 2014,

13  and on July 9th of 2014, the period of redemption

14  was extended to January 8th of 2015 which was the

15  ultimate expiration of the period of redemption.

16         At this time I do present the original

17  notices extending the period of redemption to

18  the Court and ask for leave to withdraw same and

19  substitute the copies which are attached to the

20  application as Exhibit B.

21      THE COURT: That's granted.

22      MR. WILSON: Thank you. Subsequent to

23  January 8th of 2015, we did check the 2013

24  Scavenger judgment and sale records and determined

3

1    there had been no redemption from the tax sale.

2           Pursuant to Section 22-5 of the Property

3    Tax Code, notice was lodged with the Cook County

4    Clerk's Office on April 23rd of 2014.  I present

5    the original 22-5 take notice bearing the County

6    Clerk's green stamp to the Court and ask for leave

7    to withdraw same and substitute the copy which is

8    attached to the application as Exhibit C.

9        THE COURT:  That's granted.

10       MR. WILSON:  Thank you.  Your Honor, at this

11   time I would call my witness.

12               ANDRES SCHCOLNIK,

13   called as a witness on behalf of the Petitioner

14   herein, having first been duly sworn on oath, was

15   examined and testified as follows:

16               DIRECT EXAMINATION

17   BY MR. WILSON:

18       Q.   Sir, could you please state your full name

19   and address for the record?

20       A.   Andres Schcolnik.  I live at 2035 West

21   Giddings Street in Chicago.

22       Q.   What is your affiliation with the

23   Petitioner, Stonedry, LLC?

24       A.   I'm a member.

                                                    4

1    Q.    And are you familiar with the property

2    which is the subject of this proceeding?

3    A.    I am.

4    Q.    Did you inspect that property during the

5    notice-serving period which extended from July 9th

6    of 2014 through and including October 8th of 2014?

7    A.    I did.

8    Q.    And do you remember the date that you --

9    A.    The 24th of July 2014 is when I inspected

10   it.

11   Q.    Did you locate the subject property by use

12   of a Sidwell map and measuring wheel?

13   A.    I did.

14   Q.    And is the subject property located

15   at 7411 South Stony Island Avenue in Chicago,

16   Illinois?

17   A.    It is.

18   Q.    At the time of your inspection, was there

19   any improvement located on the subject property?

20   A.    There is.

21   Q.    What type of improvement?

22   A.    This is a mid-rise stone and brick

23   building, probably seven stories high.  It's hard

24   to tell because the size of the stories is not the

5

1   typical height, but it's probably seven stories.

2        It occupies the complete parcel from

3   boundary to boundary.  It has two doors in the

4   front.  There are a total -- I could see a total

5   of three signs on the property.  There's one posted

6   on the southern wall of the property that reads

7   managed by 7411 Corp. at the address of 7411 South

8   Stony Island, Chicago 60649 with a telephone number

9   of (773) 752-2000.

10        There are signs posted in either --

11   in both of the two doors.  One advertises loft

12   office space for rent, same phone number, same

13   address, and then there's a smaller sign on

14   the other door that says, for access, call --

15   and it says that number.  I could go on with a

16   description.

17     THE COURT:  So is it a commercial building or

18   mixed use?

19     THE WITNESS:  The ground floor is an office.

20   From a previous visit, I believe it's a law

21   office.  And the top floor, from my understanding

22   from talking to a neighbor, is a warehouse.

23     THE COURT:  And in between?

24     THE WITNESS:  No, nothing in between.  So first

6

1    floor, office, and then all warehouse. I have not

2    been inside.

3    BY MR. WILSON:

4        Q.   Were you able to determine whether it was

5    occupied?

6        A.   Yes because the couple of times that I

7    rang the bell, I saw people coming in. I actually

8    talked to what seemed to be a secretary, a woman,

9    African American in her 40s.

10       Q.   Did you inquire with her as to occupants

11   or any information regarding the subject property?

12       A.   In one of my visits, somebody did give me

13   a business card that said law firm. I do remember

14   that. So it was clearly occupied -- at least a

15   portion of it on the ground floor.

16       Q.   And did you speak to any neighbors or have

17   any other information regarding the property?

18       A.   I spoke to the -- what seemed to be the

19   owner of the -- or the manager of the property to

20   the south side -- not immediately adjacent because

21   a vacant lot separates them -- and the vacant lot

22   seems to be part of the property in question.

23            But I talked to the manager or the owner

24   of the mechanic shop. It's a Midas, I believe,

                                                    7

1    shop -- let me look at my notes -- yes, Midas

2    Auto. I spoke with Bob Rich; manager of the

3    Midas Auto Service, and he did mention the name

4    of a Rufus Cook who owned that property.

5           He said that the inside of the building

6    has elevators to lift semi-trucks to the higher

7    floors. That's all that he said. I did not verify

8    or contest any of what he said.

9    Q.    Do you have any other information from

10   your inspection report or from your trips to the

11   subject property that you would like to share with

12   the Court?

13   A.    In the back, there are two large doors,

14   metal doors, the ones that open -- roll-up doors,

15   I believe they're called. They've got to be at

16   least 11 feet tall, as if heavy equipment or large

17   equipment went out there. There's two of those in

18   the back on the alley side. That's really all the

19   comments that I have.

20   Q.    And one other question that I have for

21   you. When you say that you rang the bell, was

22   that -- did you call the number that was posted

23   for access; is that what you meant by ringing the

24   bell, or is there an actual bell there to ring?

8

1    A.   No, I did both.  I either rang the bell

2  or knocked on the door -- I can't remember -- but

3  I did communicate with somebody.  And I also called

4  that number and did not get a response.

5    MR. WILSON:  Your Honor, I do not have any

6  further questions for my witness at this time.

7    THE COURT:  Thank you.

8    MR. WILSON:  Your Honor, attached to the

9  application as Exhibit D is a tract search report

10 from Thompson Abstract Company which indicates

11 that the owner of the property is The Ridgeland

12 Corporation.  That is the only other matter that

13 is on here that --

14    THE COURT:  Who is Rufus Cook, the registered

15 agent?

16    MR. WILSON:  Rufus Cook is -- I'll get

17 into Rufus Cook in a second.  There was a --

18 some litigation that -- WFT Trust versus United

19 Legal Foundation, et al., which the tract search

20 indicates.  The case number was not shown.

21    I was able to find that through my own

22 search through the Clerk of the Court and that case

23 was dismissed so it's not -- you know, there's

24 nothing relevant in regard to that.  And then there

9

1   longer.

2          She is an Illinois licensed attorney.  I

3   looked this morning.  She is still license-active,

4   but there is a case pending with her at the ARDC.

5   I don't know what it's about.  I didn't have an

6   opportunity to inquire.  But there is an active

7   case.

8          When we were doing our diligence, The

9   Ridgeland Corporation was not in good standing.

10  That doesn't mean it's dissolved.  It just means

11  that they haven't paid and they haven't been

12  involuntarily dissolved yet.  And they're active

13  so they must have paid their fees.

14      THE COURT:  And he still is the registered

15  agent?

16      MR. WILSON:  He still -- actually I have a

17  printout from this morning from the Secretary of

18  State's office.  He's still the registered agent at

19  7330 West Ridgeland.  He's still the president and

20  secretary at the same address.

21          The reason -- because they were not

22  in good standing, we also attempted service on

23  The Ridgeland Corporation in care of the Illinois

24  Secretary of State.  That's the reason we did that

                                                    11

1    at that time.

2            In regard to occupants of the subject

3    property, knowing that Cook & Revak was the

4    partnership that they had before, we attempted

5    service on them.  I attempted service on Rufus L.

6    Cook, service on Barbara J. Revak, the generic

7    occupant, and The 7411 Corp.

8            Obviously we weren't able to get any

9    other information regarding potential occupants.

10   Mr. Schcolnik testified in regard to that -- as

11   to what efforts he made in order to determine the

12   occupants.

13           The -- as a result of the diligence in

14   this case, the inspection of the property, and the

15   tract search, notices were lodged with the Sheriff

16   of Cook County for service upon the parties that

17   I've indicated to the Court.  A copy of that notice

18   is attached to the application as Exhibit E.

19           The original Sheriff returns are part

20   of the court file.  The results of those Sheriff

21   returns are set forth in Paragraph 11 of the

22   application and indicate that -- does your Honor

23   have the court file present?

24       THE COURT:  I do.

                                                      12

1    MR. WILSON:  I'm sorry.  Can I see that?  I may

2    want to read some certified mail into the record.

3         The Cook County Clerk's Office was served

4    on July 14th of 2014.  The city of Chicago was

5    served on July 14th of 2014.  Rufus Cook, attorney,

6    The Ridgeland Corporation, Cook & Revak, Rufus L.

7    Cook, Barbara J. Revak, the generic occupant, and

8    The 7411 Corp. -- all at 7411 South Stony Island

9    Avenue in Chicago -- the Sheriff's return indicates

10   not served, called phone number listed -- I'm

11   assuming that's the same number that Mr. Schcolnik

12   referred to -- female refused name, said building

13   is vacant, and certified mail was sent on August

14   23rd of 2014.

15   THE COURT:  And it was signed for by Barbara

16   Revak.

17   MR. WILSON:  Right.  And I'll read those into

18   the record.  Service on The Ridgeland Corporation

19   at 7330 South Ridgeland, the Sheriff indicated not

20   served, gate locked, dash, vacant, and certified

21   mail was sent.

22        The Ridgeland Corporation was served

23   in care of the Secretary of State's office on

24   July 14th of 2014.  I believe that's all of those.

13

1          In regard to the certified mail, The

2    Ridgeland Corporation at 7411 South Stony Island

3    was signed for by Barbara Revak.  It's not dated.

4    Barbara Revak at 7411 South Stony Island --

5    Ms. Revak signed that certified mail.  I don't

6    think there's dates on there.  The generic occupant

7    at 7411 South Stony Island, Ms. Revak signed for.

8          Ms. Revak signed another certified mail

9    return receipt card for herself at 7411.  She

10   signed one at 7330 South Ridgeland and another

11   for the generic occupant at 7411 South Stony

12   Island.  She signed a certified mail return receipt

13   card addressed to Revak & Cook at 7411 South

14   Stony Island Avenue.

15          She signed for Rufus L. Cook at 7411

16   South Stony Island.  She signed for The 7411 Corp.

17   at 7411 South Stony Island --

18   THE COURT:  Is that card in the court file?

19   Because your application says it's missing from the

20   Court's file, but it is there.

21   MR. WILSON:  It is now here, yes.  It says

22   The Ridgeland Corp. that she signed for -- Barbara

23   Revak signed for that at 7411 South Stony Island.

24   Rufus Cook, 7411 South Stony Island, Barbara Revak

14

1   signed for. Those are -- these were all from the

2.  Sheriff that I'm reading into the record right now.

3   Rufus Cook, attorney, 7411 South Stony Island,

4   Barbara Revak signed for.

5       The following are from the Clerk's

6   mailings: The 7411 Corp. at 7411 South Stony

7   Island; Barbara Revak, 7411 South Stony Island;

8   Cook & Revak, 7411 South Stony Island; The

9   Ridgeland Corp. at 7411 South Stony Island;

10  occupant at 7411 South Stony Island; Rufus L. Cook

11  at 7411 South Stony Island; Rufus Cook, attorney,

12  7411 South Stony Island -- they were all signed

13  for by Barbara Revak.

14  And on these, they're dated July 16th of

15  2014. And The Ridgeland Corp. service in care

16  of the Secretary of State was signed for by the

17  Secretary of State's office.

18  THE COURT: Thank you.

19  MR. WILSON: Pursuant to Section 22-25 of

20  the Property Tax Code, notices were lodged with

21  the Clerk of the Circuit Court of Cook County for

22  service upon the owners and occupants of the

23  subject property that I've indicated to the Court.

24  A copy of that notice is attached to the

15

1    application as Exhibit F.  The original notice, the

2    certificate of mailing, and the disposition of all

3    certified mail are part of the court file of which

4    the Court may take judicial notice.

5         I would ask your Honor in this case

6    specifically, those return receipt cards that I did

7    read into the record -- that they be admitted into

8    evidence as Petitioner's Exhibit No. 2.

9    THE COURT:  They will be admitted into

10   evidence.

11   MR. WILSON:  Pursuant to Section 22-20 of the

12   Property Tax Code, publication was made in the

13   Chicago Daily Law Bulletin on the dates of July

14   21st, 22nd, and 23rd, all in the year 2014.  I do

15   present the original Certificate of Publication

16   to the Court and ask for leave to withdraw same

17   and substitute the copy which is attached to the

18   application as Exhibit G.

19   THE COURT:  It's granted.

20   MR. WILSON:  Thank you, your Honor.  At this

21   time I would ask that the application for an order

22   directing the County Clerk to issue a tax deed and

23   all the documents attached thereto be admitted into

24   evidence as Petitioner's Group Exhibit No. 3.

16

1       THE COURT:  They will be admitted.

2       MR. WILSON:  Thank you.  At this time all

3   subsequent taxes have not been satisfied.  We

4   would be requesting leave of Court to present

5   your Honor with proof that the 2012 through the

6   current year taxes have been satisfied at the

7   time that we present your Honor with a transcript

8   of today's proceedings, a proper order directing

9   the County Clerk to issue a tax deed, and the

10  original and double-sided photocopy of the

11  Certificate of Purchase.

12      THE COURT:  Okay.  That's granted.  The matter

13  will be taken under advisement.

14      MR. WILSON:  Thank you very much.

15                      (Whereupon, no further

16                       proceedings were had in said

17                       cause.)

18

19

20

21

22

23

24

17

| A | | | | | |
|---|---|---|---|---|---|

**A**

a.m
1:18
able
7:4 9:21 12:8
above-entitled
1:16 18:4,16
Abstract
9:10
access
6:14 8:23
active
11:6,12
actual
8:24
address
4:19 6:7,13
11:20
addressed
14:13
addresses
10:15
adjacent
7:20
administrative
10:1
admitted
2:23 16:7,9,23
17:1
advertises
6:11
advisement
17:13
affiliation
4:22
African
7:9
agent
9:15 10:5 :
11:15,18 :
al
9:19
Ailey
8:16
America
7:9
AnaLisa
1:23 18:3
Andres
4:12,20
appeared
18:15
application
1:6 3:20 4:8
9:9 12:18,22
14:19 16:17
16:18,21
April
2:18 4:4
ARDC
10:9 11:4
asked
10:15,18
assessee
10:4
assigned
2:17
assuming
13:11
attached
2:23 3:19 4:8
9:8 12:18
15:24 16:17
16:23
attempted
11:22 12:4,5
attorney
10:4,7 11:2
13:5 15:3,11
August
13:13

Auto
8:2,3
Avenue
5:15 13:9
14:14

**B**

B
.3:20
back
8:13,18
Barbara
10:23 12:6
13:7,15 14:3
14:4,22,24
15:4,7,13
bearing
4:5
behalf
1:21 2:1 4:13
belief
18:17
believe
6:20 7:24 8:15
10:8 13:24
bell
7:7 8:21,24,24
9:1
best
3:7 18:17
Bob
8:2
boundary
6:3,3
brick
5:22
building
5:23 6:17 8:5
13:12
Bulletin
18:13
business
7:13

**C**

C
1:3 4:8 18:2
18:14
call
4:11 6:14 8:22
called
4:13 8:15 9:3
10:13 13:10
card
7:13 14:9,13
14:18
cards
16:6
care
11:23 13:23
15:15
case
1:15 3:4 8:20
9:22 11:4,7
12:14 16:5
cases
10:10
cause
2:9 17:17 18:4
18:18
certificate
2:15,17,20,22
16:2,15
17:11
certified
13:2,13,20
14:1,5,8,12
16:3
check
3:23

Chicago
4:21 5:15 6:8
10:1 13:4,9
18:13
Circuit
1:4 15:21
city
10:1 13:4
clearly
7:14
Clerk
9:22 15:21
16:22 17:9
Clerk's
4:4,6 13:3
16:5
Code
1:10 4:3 15:20
16:12
COLLECTOR
1:7
comes
2:8
coming
7:7
comments
8:19
commercial
6:17
communicate
8:3
Company
9:10
complete
8:2
confirm
.10:16
considered
2:5
contest
8:8
Cook
1:4,8 4:3 8:4
9:14,18,17
10:3,3,6,11
12:3,6,16
13:3,6,6,7
14:13,16,24
15:3,6,10,11
15:21
copies
3:19
copy
2:22 4:7 12:17
16:24 16:17
Corp
6:7 12:7 13:8
14:16,22
Corporation
9:12 10:6 11:9
11:23 13:6
13:18,22
14:2
correct
18:5,17
CoTD
1:8
COUNTRY
1:7
County
1:3,4,5,5,7,8
4:3,6 12:16
13:3 15:21
16:22 17:9
18:2,14
couple
7:6
court
1:4,16 2:3,6
2:20 3:1,5

3:18,21 4:8
4:9 6:17,23
8:12 9:7,14
9:22 11:14
12:17,20,23
12:24 13:15
14:18,18
15:18,21,23
16:3,4,9,16
16:19 17:1,4
17:12 18:3
Court's
14:20
CRR
1:23
CSR
1:23
current
17:6

**D**

D
9:9
Daily
18:13
dash
13:20
date
5:8
dated
14:3 15:14
dates
14:8 16:13
day
1:17 18:10,22
decedents'.
3:8
deed
2:10,23 10:10
16:22 17:9
delinquent
1:10 2:13
DEPARTMENT
1:5
description
6:18
determine
7:4 12:11
determined
3:24
diligence
10:14 11:8
12:13
DIRECT
4:16
directing
16:22 17:8
discipline
10:9
dismissed
9:23
disposition
16:2
dissolved
11:10,12
DIVISION
1:5
documentation
3:4
documents
16:23
doing
10:14 11:8
door
6:14 9:2
doors
6:3,11 8:13,14
8:14
double-sided
3:2 17:10
due

10:9
duly
4:14 18:3,15

**E**

E
12:18
efforts
12:11
either
6:10 9:1
elevators
8:6
equipment
8:16,17
estate
2:14
estates
3:8
et
9:19
evidence
2:16,24 16:8
16:10,24
18:4,5,17
EX-OFFICIO
1:7
EXAMINATION
4:16
examined
4:15
Exhibit
2:24 3:20 4:8
9:9 12:18
16:1,8,18,24
expiration
3:15
extended
3:10,12,14 5:5
extending
3:17

**F**

F
16:1
familiar
5:1
February
1:17
Fees
11:13
feet
8:16
female
13:12
file
12:20,23 14:18
14:20 16:3
find
9:21
firm
7:13
first
4:14 6:24 18:3
16:15
floor
6:18,21 7:1,15
floors
8:7
following
16:5
follows
4:15
foregoing
18:4,16
forth
12:21
Foundation
9:19
friendly

10:12
front
6:4
full
4:18
further
9:8 17:15

**G**

G
16:18
Gammadock
2:14,16
gate
13:20
general
1:9 2:14
generic
12:6 13:7 14:6
14:11
Giddings
4:21
give
7:12 10:16
given
3:1 18:4
go
6:15
going
10:18,20
good
11:9,22
granted
3:5,21 4:9
16:19 17:12
green
4:6
ground
6:19 7:16
Group
16:24

**H**

hard
5:23
heard
2:9 18:5,18
hearing
1:14
heavy
8:16
height
8:1
high
5:23
higher
8:6
HOFFMAN
1:16
Honor
2:2,8,19 3:6
4:10 9:5,6
12:22 16:5
16:20 17:5,7
Honorable
1:15
hour
1:17

**I**

Illinois
1:1,4,8 5:16
10:7 11:2,23
18:1,13
immediately
7:20
improvement
5:19,21
including
5:6

1

incompetents
3:8
Index
2:11
indicate
12:22
indicated
12:17 13:19
  15:23
indicates
9:10,20 13:9
information
7:11,17 8:9
  12:9
inquire
7:10 11:8
inside
7:2 8:5
inspect
5:4
inspected
5:9
inspection
5:18 8:10
  12:14
involuntarily
11:12
involved
3:6
Island
6:15 6:8 13:8
  14:2,4,7,12
  14:14,16,17
  14:23,24
  15:3,7,7,8,9
  15:10,11,12
issue
16:22 17:9
issued
2:16

J

J
1:20 12:6 13:7
  18:15
January
2:13 8:14,23
Judge
1:16
judgment
1:8 3:24 10:2
judicial
18:4
July
3:13 5:6,9
  13:4,5,24
  15:14 16:13

K

K
1:3 18:2,14
knocked
9:2
know
9:23 10:11,15
  10:16,20,21
  11:5
knowing
12:3
knowledge
3:7
known
2:11
KULYS
1:16

L

L
12:5 13:8
  14:15 15:10

LANDS
1:9
large
8:13,16
law
6:20 7:13
  10:20 16:13
leave
3:1,18 4:6
  16:16 17:4
Legal
9:19
license
1:24 10:8
license-active
11:3
licensed
10:7 11:2
lift
8:6
listed
13:10
litigated
10:10
litigation
9:18
live
4:20
LLC
1:11 2:10,14
  2:16,18 4:23
locate
5:11
located
5:14,19 10:17
locked
13:20
lodged
4:3-12:15
  15:20
loft
6:11
longer
11:1
look
8:1
looked
11:3
lost
10:7
lot
7:21,21
LOTS
1:9

M

mail
13:2,13,21
  14:1,5,8,12
  16:3
mailing
16:2
mailings
15:6
managed
6:7
manager
7:19,23 8:2
map
6:12
MARGARITA
1:16
matter
1:6 8:12 10:13
  10:14 17:12
matters
10:19
McDermott
1:23 18:3
mean
11:10

means
11:10
meant
8:23
measuring
5:12
mechanic
7:24
member
4:24
mention
8:3
metal
8:14
Michael
1:20 2:1 18:15
mid-rise
5:22
Midas
7:24 8:1,3
minors
3:7
missing
14:19
mixed
6:18
morning
2:19 11:3,17

N

name
4:18 8:3 13:12
necessary
3:3
neighbor
6:22
neighbors
7:18
Notary
16:11,24
notes
8:1
notice
4:3,5 12:17
  15:24 16:1,4
notice-serving
5:5
notices
3:17 12:15
  15:20
November
3:12
number
6:8,12,15 8:22
  9:4,20 13:10
  13:11

O

O
1:3,3 18:2,2
  18:14,14
o'clock
1:18
oath
2:5,6 4:14
  18:3
Obviously
12:8
occasions
3:11
occupant
12:7 13:7 14:6
  14:11 15:10
occupants
7:10 12:2,9,12
  15:22
occupied
7:5,14
occupies
6:2

October
5:6
office
4:4 6:12,19,21
  7:1 11:18
  13:3,23
  15:17
Okay
17:12
ones
8:14
open
8:14
opportunity
11:6
order
1:8 12:11
  18:21 17:8
original
2:20 3:2,16
  4:5 12:19
  16:1,15
  17:10
owned
8:14
owner
7:19,23 9:11
owners
15:22

P

paid
11:11,13
Paragraph
12:21
parcel
6:2
part
1:9 7:22 12:19
  16:3
parties
12:16
partner
10:20,23
partners
10:24
partnership
12:4
pending
11:4
people
7:7
period
3:10,11,13,15
  3:17 6:5
Permanent
2:11
personally
10:22
petition
2:9,23
Petitioner
1:12,21 2:2
  4:13,23
  18:15
Petitioner's
2:24 16:8,24
phone
6:12 13:10
photocopy
3:2 17:10
please
4:18
portion
7:15
posted
6:5,10 8:22
potential
12:9
present
1:19 2:3 3:1,3

3:16 4:4
  12:23 16:15
  17:4,7
president
10:5 11:19
previous
6:20
previously
5:2
printout
11:17
probably
5:23 6:1
proceeding
11:6
proceedings
1:14 17:8,16
  18:16
proof
17:5
proper
17:5
property
1:10 2:10 3:9
  4:2 5:1,4,11
  5:14,19 6:5
  6:6 7:11,17
  7:19,22 8:4
  8:11 9:11
  10:2 12:3,14
  15:20,23
  16:12
prove-up
2:21
Public
18:11,24
publication
18:12,16
Purchase
2:20,22 17:11
purposes
2:21
Pursuant
1:10 4:2 15:19
  18:11

Q

question
7:22 8:20
questions
9:6

R

rang
7:7 8:21 9:1
read
13:2,17 16:7
  18:16
reading
15:2
reads
6:6
real
2:14
really
8:18
reason
11:21,24
receipt
14:9,12 16:6
recollection
18:17
record
2:4 4:19 13:2
  13:18 16:2
  18:7
records
3:24
redemption
3:10,12,13,15

3:17 4:1
referred
13:12
reflect
2:4
refused
13:12
regard
9:24 10:13,19
  12:2,10 14:1
regarding
2:10 7:11,17
  12:9
registered
14:14 10:5
  14:14,18
relationship
10:12
relevant
9:24
remember
5:8 7:13 9:2
rent
6:12
report
1:14 8:10 9:9
  18:16
Reported
1:23
reporter
18:3
request
2:21
requesting
17:4
response
9:4
result
12:13
results
12:20
return
18:9 14:9,12
  16:6
returns
12:19,21
Rewak
10:23 12:3,6
  13:6,7,16
  14:3,4,5,7,8
  14:13,23,24
  15:4,7,8,13
Rich
8:2
Ridgeland
9:11 10:6 11:9
  11:19,23
  13:6,18,19
  13:22 14:2
  14:10,22
  15:9,15
right
3:5 13:17 15:2
ring
8:24
ringing
8:23
roll-up
8:14
RPR
1:23
Rufus
8:4 9:14,16,17
  10:3,3 12:5
  13:5,6 14:15
  14:24 15:3
  15:10,11

S

sale
1:8 2:12,16

2

| | | | | | |
|---|---|---|---|---|---|
| 3:24 4:1 | 2:12,17 | 8:16 | verify | 2 | 8 |
| satisfied | somebody | tax | 8:7 | 2 | 8th |
| 17:3,6 | 7:12 9:3 | 1:10 2:10,23 | versus | 16:8 | 3:14,23 5:6 |
| saw | sorry | 4:1,3 10:4 | 9:18 | 20-25-131-0... | |
| 7:7 | 13:1 | 10:10 15:20 | visit | 2:11 | 9 |
| says | south | 16:12,22 | 6:20 | 2009 | |
| 6:14,15 14:19 | 5:16 6:7 7:20 | 17:9 | visits | 2:13 | 9:30 |
| 14:21 18:3 | 13:8,19 14:2 | taxes | 7:12 | 2011 | 1:18 |
| 18:15 | 14:4,7,10,11 | 1:9 2:14 17:3 | | 2:14 | 9th |
| Scavenger | 14:13,18,17 | 17:6 | W | 2012 | 3:13 5:5 |
| 2:12 3:24 | 14:23,24 | telephone | | 17:5 | |
| Schcolnik | 16:3,6,7,8,9 | 6:8 | wall | 2013 | |
| 4:12,20 12:10 | 16:10,11,12 | tell | 6:6 | 2:12 3:23 | |
| 13:11 | southern | 5:24 | want | 2014 | |
| search | 6:6 | testified | 13:2 | 2:13,18 3:11 | |
| 9:9,19,22 | space | 4:15 12:10 | warehouse | 3:12,13 4:4 | |
| 12:15 | 6:12 | Thank | 6:22 7:1 | 5:6,8,9 13:4 | |
| second | speak | 2:8 3:6,22 | went | 13:5,14,24 | |
| 9:17 | 7:16 | 4:10 9:7 | 8:17 | 16:15 16:14 | |
| secretary | specifically | 15:18 18:20 | weren't | 2015 | |
| 7:8 10:5 11:17 | 16:6 | 17:2,14 | 12:8 | 1:17 3:14,23 | |
| 11:20,24 | spoke | thereto | West | 18:10,22 | |
| 13:23 15:16 | 7:18 8:2 10:14 | 16:23 | 4:20 11:19 | 2035 | |
| 15:17 | SS | think | WFT | 4:20 | |
| Section | 1:2 18:1,13 | 10:24 14:6 | 9:18 | 21st | |
| 4:2 16:19 | stamp | Thompson | wheel | 16:14 | |
| 16:11 | 4:6 | 9:10 | 5:12 | 22-20 | |
| see | standing | three | wife | 16:11 | |
| 6:4 13:1 | 11:9,22 | 6:5 | 10:22,23 | 22-25 | |
| semi-trucks | state | time | Wilson | 15:19 | |
| 8:6 | 1:1 4:18 11:24 | 3:3,16 4:11 | 1:20 2:1,1,8 | 22-5 | |
| sent | 16:16 18:1 | 5:18 9:6 | 3:6,22 4:10 | 4:2,5 | |
| 13:13,21 | 18:13 | 12:1 16:21 | 4:17 7:3 9:5 | 22nd | |
| separates | State's | 17:2,7 | 9:6,16 11:18 | 16:14 | |
| 7:21 | 11:18 13:23 | times | 13:1,17 | 2392 | |
| served | 16:17 | 7:6 | 14:21 16:19 | 1:8 | |
| 13:3,6,10,20 | stone | today's | 16:11,20 | 23rd | |
| 13:22 | 5:22 | 2:21 17:8 | 17:2,14 | 4:4 13:14 | |
| service | Stonedry | told | 18:15 | 16:14 | |
| 8:3 11:22 12:5 | 1:11 2:10,18 | 10:21 | withdraw | 24th | |
| 12:5,6,16 | 4:23 | top | 3:18 4:7 16:16 | 6:9 | |
| 13:18 15:15 | Stony | 8:21 | witness | | |
| 15:22 | 8:15 9:8 13:8 | total | 2:2,7 4:11,13 | 3 | |
| set | 14:2,4,7,11 | 6:4,4 | 8:19,24 9:8 | 3 | |
| 12:21 | 14:14,16,17 | tract | woman | 16:24 | |
| seven | 14:23,24 | 9:9,19 12:15 | 7:8 | | |
| 5:23 6:1 | 16:3,6,7,8,9 | transcript | wouldn't | 4 | |
| share | 16:10,11,12 | 17:7 18:5,17 | 10:16,18 | 40s | |
| 8:11 | stories | transferred | | 7:9 | |
| Sheriff | 5:23,24 6:1 | 2:17 | X | | |
| 12:15,19,20 | Street | TREASURER | | 5 | |
| 13:19 16:2 | 4:21 | 1:7 | Y | | |
| Sheriff's | subject | trips | | 6 | |
| 13:9 | 3:9 5:2,11,14 | 8:10 | year | | |
| shop | 5:19 7:11 | true | 10:9 16:14 | 60849 | |
| 7:24 8:1 | 8:11 10:2 | 18:5,17 | 17:6 | 6:8 | |
| shorthand | 12:2 15:23 | Trust | YEARS | 6th | |
| 16:4 | SUBSCRIBED | 9:18 | 1:10 | 1:17 | |
| shown | 16:9,21 | two | | | |
| 9:20 | subsequent | 1:10 3:11 6:3 | Z | 7 | |
| side | 3:22 17:3 | 6:11 8:13,17 | | 7330 | |
| 7:20 8:18 | substitute | type | 0 | 11:19 13:19 | |
| Sidwell | 3:19 4:7 16:17 | 5:21 | 084-003620 | 14:10 | |
| 5:12 | supplemental | typical | 1:24 | 7411 | |
| sign | 3:3 | 6:1 | | 5:15 6:7,7 | |
| 6:13 | sworn | | 1 | 12:7 13:8,8 | |
| signed | 2:3 4:14 16:3 | U | 1 | 14:2,4,7,9 | |
| 13:15 14:3,6,7 | 16:9,15,21 | ultimate | 2:24 | 14:11,13,15 | |
| 14:8,10,12 | | 3:15 | 11 | 14:16,17,23 | |
| 14:16,18,22 | T | understanding | 8:16 12:21 | 14:24 15:3,6 | |
| 14:23 15:1,4 | | 6:21 | 13S-0000933 | 15:6,7,8,9 | |
| 15:12,16 | T | United | 2:15 | 15:10,11,12 | |
| signs | 1:18 | 9:18 | 14 | 752-2000 | |
| 6:5,10 | take | use | 1:8 | 6:9 | |
| sir | 4:5 16:4 | 5:11 6:18 | 14th | 773 | |
| 2:6 4:18 | taken | | 3:12 13:4,5,24 | 6:9 | |
| size | 17:13 | V | 15th | 7th | |
| 5:24 | talked | vacant | 3:11 | 2:13,18 | |
| smaller | 7:8,23 | 7:21,21 13:13 | 16th | | |
| 6:13 | talking | 13:20 | 15:14 | | |
| sold | 6:22 | | | | |
| | tall | | | | |

McCorkle Litigation Services, Inc.
Chicago, Illinois (312) 263-0052

1    STATE OF ILLINOIS )
                 ) SS:
2    COUNTY OF C O O K )

3        ANALISA McDERMOTT, being first duly sworn,
on oath says that she is the court reporter who
4    took down in shorthand the evidence given in the
above-entitled cause, and that the foregoing
5    true and correct transcript of all the evidence
heard.

6

7               _analisa McDermott_

8

9    SUBSCRIBED AND SWORN TO
before me this  20
10    day of  February , 2015.

11    _____
      Notary Public

> Official Seal
> Cynthia I Alicea
> Notary Public State of Illinois
> My Commission Expires 06/06/2017

12

13    STATE OF ILLINOIS )
                 ) SS:
14    COUNTY OF C O O K )

15        MICHAEL J. WILSON, being first duly sworn,
says that he appeared for the Petitioner in the
16    above-entitled cause; that he has read the
foregoing Report of Proceedings; and that the same
17    is, to the best of his recollection and belief, a
true and correct transcript of all the evidence
18    heard.

19               _Michael J. W_

20

21

22    SUBSCRIBED AND SWORN TO
before me this  Feb 20th
day of  February , 2015.
23

24    _Janice M. Jones_
      Notary Public

> OFFICIAL SEAL
> JANICE JONES
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES 07/08 1

18

# EXHIBIT

# 7

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )
)
)                                CASE NO.    2014COTD002392
)
PETITION OF Stonedry, LLC )
FOR TAX DEED )

## NOTICE OF MOTION

To:    Barbara Revak                Bruce L. Cook                Rufus Cook
       7411 South Stony Island      7411 South Stony Island      7411 South Stony Island
       Chicago, Illinois  60649     Chicago, Illinois  60649     Chicago, Illinois  60649

On ___March 4___, 2015 at ___10:00___ a.m., or as soon
thereafter as counsel may be heard, I shall appear before the Honorable Judge Margarita T.
Kulys Hoffman or any judge sitting in her stead, in courtroom 1707 of the Richard J. Daley
Center, Chicago, Illinois and then and there present Proof of Payment of Subsequent Taxes,
Transcript of Proceedings, and for Entry of Order Directing County Clerk to Issue Tax Deed and
For Other Relief.

Name: MICHAEL J. WILSON & ASSOCIATES, P.C.
      Michael J. Wilson - #27787
      Attorney for Petitioner
      Address:  309 West Washington Street, Suite 1200
      City:  Chicago, Illinois 60606
      Phone: 312 781-9510
      Fax:    312 781-9511

## PROOF OF SERVICE BY MAIL

I, Michael J. Wilson, the attorney, certify I served this notice by mailing a copy to the
abovementioned persons at the addresses stated above and depositing the same in the U.S.
mail at 309 West Washington Street, Chicago, Illinois on or before 5:00 p.m. on February 24,
2015, with proper postage prepaid.

_____

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson - #27787
309 West Washington Street, Suite 1200
Chicago, Illinois  60606
Phone - 312-781-9510
Fax   - 312-781-9511

# EXHIBIT

# 8

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC.    )
   )
   )
PETITION OF Stonedry, LLC    )
FOR TAX DEED    ) Case No. 2014 COTD 002392
   )
   )
   )
   )

## COMBINED MOTION UNDER §5/2-619.1

Respondents hereby oppose and object to the petition and application for deed filed by

Stonedry, LLC on the following grounds:

   1.  Sec. 2-615: Stonedry's notices, petition and application fail to comply with the

requirements of the Property Tax Code, 35 ILCS 200/22-5, 10, 20 et seq. and fail as well to

comply with relevant requirements of Cook County applicable to tax sales.

   2.  Sec. 2-619 (1), and (9): Stonedry lacks standing to invoke the jurisdiction of the court.

Respectfully submitted

By: _____
      Barbara Revak

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

By: _____
      Rufus Cook, *pro se*

In.the.Matter.of.Stonedry.Combined.Mot.BR.gb.3.30.15

EX. 8

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC.    )
    )
    )
PETITION OF Stonedry, LLC    )
FOR TAX DEED    ) Case No. 2014 COTD 002392
    )
    )
    )
    )

## NOTICE OF FILING

TO:    MICHAEL J. WILSON & ASSOCIATES, P.C.
    309 West Washington Street, Suite 1200
    Chicago, Illinois 60606
    Phone: (312) 781-9510
    Fax: (312) 781-9511

PLEASE TAKE NOTICE that on April 1, 2015, we caused to be filed with the Clerk of the Circuit Court of Cook County, Illinois, Richard J. Daley Center, Chicago, Illinois COMBINED MOTION UNDER §5/2-619.1, a copy of which is hereby served upon you.

Respectfully submitted

By: _Barbara Revak_
    Barbara Revak

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

In.the.Matter.of.Stonedry.Not.of.Fil.Cert.of.Serv.by.Mail.re.Combined.Mot.BR.gb.3.30.15

## CERTIFICATE OF SERVICE BY MAIL

I, Barbara Revak, an attorney, hereby certify that on April 1, 2015, I caused a copy of **COMBINED MOTION UNDER §5/2-619.1** to be mailed to the above named party by depositing a copy thereof, postage prepaid, into the U.S. Postal Box located at the corner of 75th and Stony Island Avenue.

Barbara Revak

# EXHIBIT 9

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )
)
)
PETITION OF Stonedry, LLC )
FOR TAX DEED )
) Case No. 2014 COTD 002392
)
)
)
)

### RESPONDENTS' MOTION TO EXTEND DUE DATE TO FILE
### REPLY IN SUPPORT OF THEIR "COMBINED MOTION UNDER §5/2-619.1"

Respondents hereby request a ninety day extension in which to file their Reply in support

of their "Combined Motion under §5/2-619.1", and in support hereof state as follows.

1. Respondents filed their "Combined Motion under §5/2-619.1" on April 1, 2015.

2. On April 29, 2015, Petitioner filed its Response thereto.

3. Respondents request that their Reply due date be extended in order to take discovery.

WHEREFORE: Respondents respectfully request that they be granted a ninety day

extension in which to take discovery and that the Reply date be set for 21 days thereafter.

Respectfully submitted

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081                                    By: _____
Rufus Cook, pro se                                              Barbara Revak
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151                                 By: _____
Telephone No. (773) 752-2000                                   Rufus Cook, pro se

In.the.Matter.of.Stonedry.Resp.Mot.to.Ext.Time.to.File.Reply.re.Combined.Mot.BR.gb.5.14.15

Ex. 9

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC.    )
    )
    )
PETITION OF Stonedry, LLC    )
FOR TAX DEED    )
    ) Case No. 2014 COTD 002392
    )
    )
    )
    )

NOTICE OF MOTION

TO:    MICHAEL J. WILSON & ASSOCIATES, P.C.
    309 West Washington Street, Suite 1200
    Chicago, Illinois 60606
    Phone: (312) 781-9510
    Fax: (312) 781-9511

    PLEASE TAKE NOTICE that on May 20, 2015, at 10:30 a.m. we shall appear before the Hon. James Zafiratos in room 1707 of the Richard J. Daley Center, and there and then present **RESPONDENTS' MOTION TO EXTEND DUE DATE TO FILE REPLY IN SUPPORT OF THEIR "COMBINED MOTION UNDER §5/2-619.1"**, a copy of which is hereby served upon you.

By: _____
        Barbara Revak

By: _____
        Rufus Cook, *pro se*

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000
In.the.Matter.of.Stonedry.Not.of.Mot.Cert.of.Serv.by.Mail.re.Ex.of.Time.to.File.Reply.re.Combined.Mot.BR.gb.5.14.15

## CERTIFICATE OF SERVICE BY MAIL

I, Barbara Revak, an attorney, hereby certify that on May 14, 2015, I caused a copy of **RESPONDENTS' MOTION TO EXTEND DUE DATE TO FILE REPLY IN SUPPORT OF THEIR "COMBINED MOTION UNDER §5/2-619.1"** to be mailed to the above named party by depositing a copy thereof, postage prepaid, into the U.S. Postal Box located at the corner of 75th and Stony Island Avenue.

_____
Barbara Revak

# EXHIBIT 10

Order                                                    (2/24/05) CC

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_____

v.                                          No. _____

_____

### ORDER

_[handwritten text, illegible]_

Atty. No.: _____

Name: _____

Atty. for: _____

Address: _____

City/State/Zip: _____

Telephone: _____

ENTERED:

ENTERED
JUDGE JAMES A. ZAFIRATOS - 1919
MAY 20 2015
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Dated: 5/20/15

Judge _____ 1919 _____ Judge

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY

EX. 10

# EXHIBIT
# 11

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )
 )
 )
PETITION OF Stonedry, LLC )
FOR TAX DEED )
 ) Case No. 2014 COTD 002392
 )
 )
 )
 )

## RESPONDENTS' MOTION TO WITHDRAW THEIR "COMBINED MOTION UNDER §5/2-619.1"

Respondents move to withdraw their "Combined Motion under §5/2-619.1". In its order entered May 20, 2015 the court denied Respondents' motion seeking a 90-day extension of time to conduct discovery in order to file their reply in support of the 2-619.1 motion, and denied any extension of time to reply. Respondents are therefore unable to prosecute that motion, and hereby withdraw it.

By: _____
    Barbara Revak

By: _____
    Rufus Cook, *pro se*

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000
In.the.Matter.of.Stonedry.Mot.to.Withdraw.Combined.Mot.BR.gb.6.2.15

## CERTIFICATE OF SERVICE BY TELEFACSIMILE

I, Barbara Revak, an attorney, hereby certify that on June 2, 2015, I caused a copy of **RESPONDENTS' MOTION TO WITHDRAW THEIR "COMBINED MOTION UNDER §5/2-619.1"** to be served by telefax on the above named party at telefax no. 312-781-9511.


_____
Barbara Revak

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

| | |
|---|---|
| I. ᵗ MATTER OF APPLICATION, ETC. | ) |
| | ) |
| | ) |
| T. ᴵON OF Stonedry, LLC | ) |
| R TAX DEED | ) |
| | ) Case No. 2014 COTD 002392 |
| | ) |
| | ) |
| | ) |

## NOTICE OF MOTION

: MICHAEL J. WILSON & ASSOCIATES, P.C.
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone: (312) 781-9510
Fax: (312) 781-9511

PLEASE TAKE NOTICE that on June 5, 2015, at 10:30 a.m. we shall appear before the
n. mes Zafiratos in room 1707 of the Richard J. Daley Center, and there and then present
SPONDENTS' MOTION TO WITHDRAW THEIR "COMBINED MOTION UNDER
2 19.1", a copy of which is hereby served upon you.

By: _Barbara Revak_
Barbara Revak

By: _Rufus Cook_, *pro se*
Rufus Cook, *pro se*

r Office of Barbara Revak
n y No. 58121
r ice of Bruce L. Cook
rney No. 39081
u Cook, *pro se*
1  Stony Island Ave
:ago, IL 60649
No. (773) 752-5151
ne No. (773) 752-2000
e.o ter.of.Stonedry.Not.of.Mot.Cert.of.Serv.re.Mot.to.Withdraw.Combined.Mot.BR.gb.6.2.15

# EXHIBIT 12

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC.  )
                                     )
                                     ) Case No. 2014 COTD 002392
PETITION OF Stonedry, LLC            )
FOR TAX DEED                         )
                                     )

NOTICE OF FILING

TO:   MICHAEL J. WILSON & ASSOCIATES, P.C.
      309 West Washington Street, Suite 1200
      Chicago, Illinois 60606
      Phone: (312) 781-9510
      Fax:  (312) 781-9511

      PLEASE TAKE NOTICE that on June 15, 2015, we caused to be filed with the Clerk of
the Circuit Court of Cook County, Illinois, Richard J. Daley Center, Chicago, Illinois
MEMORANDUM REGARDING WHETHER A SUCCESSOR JUDGE MAY SIGN
UNSIGNED TRANSCRIPT OF *EX PARTE* PROVE-UP MADE BEFORE
SUBSTITUTED JUDGE, a copy of which is hereby served upon you.

                                        Respectfully submitted

                                        By: _____
                                              Barbara Revak

                                        By: _____
                                              Bruce Cook

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook            By: _____
Attorney No. 39081                            Rufus Cook, *pro se*
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

In.the.Matter.of.Stonedry.Not.of.Fil.Cert.of.Serv.by.Mail.re.Memo.re.Judge.Signing.Transc.of.Prove.Up.BR.gb.6.15.15

EX. 17

<u>CERTIFICATE OF SERVICE BY MAIL</u>

I, Barbara Revak, an attorney, hereby certify that on June 15, 2015, I caused a copy of
**MEMORANDUM REGARDING WHETHER A SUCCESSOR JUDGE MAY SIGN
UNSIGNED TRANSCRIPT OF *EX PARTE* PROVE-UP MADE BEFORE SUBSTITUTED
JUDGE** to be mailed to the above named party by depositing a copy thereof, postage prepaid, into
the U.S. Postal Box located at the corner of 75th and Stony Island Avenue.


_____
Barbara Revak

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC.    )
    )
    )
    ) Court Date: January 28, 2015
    )
PETITION OF Stonedry, LLC    )
FOR TAX DEED    )
    ) Case No. 2014 COTD 002392
    )
    )
    )
    )

### MEMORANDUM REGARDING WHETHER A SUCCESSOR JUDGE MAY SIGN UNSIGNED TRANSCRIPT OF *EX PARTE* PROVE-UP MADE BEFORE SUBSTITUTED JUDGE

Respondents Ridgeland Corp., Cook, Revak & Associates, Ltd., Barbara Revak, and the 7411 Corp., by their attorneys Barbara Revak and Bruce L. Cook, and Rufus Cook, *pro se* state the following.

This Memorandum is written in response to the court's request that the parties brief the question of whether, where a previous judge has granted a motion for substitution of right after hearing but not signing a prove-up transcript, the successor judge may properly sign the transcript. That question is addressed below.

### FACTS

On January 22, 2015, Petitioner filed its "application for an order directing the county clerk to issue a tax deed." According to the take-notice, the matter had been set for assignment January 28, 2015. On that date the case was assigned to Judge Margarita T. Kuly Hoffman. Petitioner then obtained from Judge Hoffman an ex parte prove-up date of February 9, 2015, with no notice to respondents, who had not then appeared.

1

On February 4, 2015, Respondents filed their appearance, not knowing that an *ex parte* prove-up had been scheduled for February 9. The appearance was mailed to petitioner's counsel February 5, 2015. Petitioner's counsel stated later that the mailed appearance did not reach his office until February 9, 2015, and he did not receive it until he returned to the office after the prove-up before Judge Hoffman, at which time she entered an order taking the matter under advisement and directing that the transcript be prepared.

On March 4 respondents moved under 735 ILCS 5/2-1001 to substitute Judge Hoffman, which motion was filed, noticed, presented and granted without her having signed the transcript, which further action the judge properly did not take after the notice was filed. The case was re-assigned to Judge James Zafiratos, to whom this memorandum is submitted.

## ARGUMENT

Substitution of Judge is provided for in Code § 5/2-1001 (a) (2) iii:

> (iii) If any party has not entered an appearance in the case and has not been found in default, rulings in the case by the judge on any substantial issue before the party's appearance shall not be grounds for denying an otherwise timely application for substitution of Judge as of right by the party.

Even where, unlike here, a judge <u>has</u> made rulings in the case on "any substantial issue," such rulings would not prevent a substitution of right. Here, not only had no such rulings been made, but respondents had not been found in default and had appeared 5 days before the *ex parte* prove-up, of which they had no knowledge. Had petitioner's counsel known of respondents' appearance, he would have been obliged to report that fact to the judge and not to go forward with the *ex parte* prove-up. To suggest now that the transcript of the *ex parte* prove-up should be

2

signed by the successor judge who didn't hear the evidence, is tantamount to making a mockery of sec. 1001 which provides for substitution and a new judge _even if there were prior rulings._ And there were none here. What actually happened here was that, despite Respondents' appearance, an _ex parte_ prove-up was set and held because of an error of timing not caused by respondents.

Further, substantial problems of due process are raised by the notion that the transcript of an _ex parte_ prove-up should be signed by a judge who did not hear the matter. The respondents, who had appeared and given proper notice to that effect and were not in default, were and are entitled to a hearing where, should they choose, they may exercise their due process rights, including the right to examine witnesses, to present evidence, and to be heard.

## CONCLUSION

There is no basis in the law governing this case for holding that the transcript of the _ex parte_ prove-up, itself held by reason of an error of timing, should be signed by a judge who didn't hear it. Indeed, both the substitution statute and due process require that the _ex parte_ transcript be held for naught.

Respectfully submitted,

By: _____
Barbara Revak

By: _____
Bruce Cook

By: _____
Rufus Cook, _pro se_

Law Office of Barbara Revak
7411 S. Stony Island Ave, Suite 102
Chicago, IL 60649
Attorney No. 58121
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

3

## CERTIFICATE OF SERVICE BY TELEFACSIMILE

I, Barbara Revak, an attorney, hereby certify that on June 2, 2015, I caused a copy of RESPONDENTS' MOTION TO WITHDRAW THEIR "COMBINED MOTION UNDER §5/2-619.1" to be served by telefax on the above named party at telefax no. 312-781-9511.


_____
Barbara Revak

# EXHIBIT 13



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )
)
)       CASE NO.   2014COTD002392
)
PETITION OF Stonedry, LLC )
FOR TAX DEED )

NOTICE OF FILING

To:   Barbara Revak          Bruce L. Cook              Rufus Cook
      7411 South Stony Island  7411 South Stony Island   7411 South Stony Island
      Chicago, Illinois 60649  Chicago, Illinois 60649   Chicago, Illinois 60649

PLEASE TAKE NOTICE that on the 23rd day of June, 2015, I filed with the Clerk of
the Circuit Court of Cook County, County Department, County Division, Petitioner's
Memorandum in Support of a Successor Judge's Ability to Sign an Order Directing County
Clerk to Issue Tax Deed When an Ex-parte Prove-Up Was Conducted by Prior Judge, a copy
of which is attached hereto and herewith served upon you.

STONEDRY, LLC
Petitioner

By: _____
    Michael J. Wilson, its attorney

PROOF OF SERVICE BY MAIL

I, Michael J. Wilson, the attorney, certify I served this notice by mailing a copy to
the abovementioned persons at the addresses stated above and depositing the same in the
U.S. mail at 309 West Washington Street, Chicago, Illinois on or before 5:00 p.m. on June
23, 2015, with proper postage prepaid.

_____

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson - #27787
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone - 312-781-9510
Fax    - 312-781-9511

Ex. 13

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC. )
                                    )
                                    )    CASE NO.    2014COTD002392
                                    )
PETITION OF Stonedry, LLC           )
FOR TAX DEED                        )

MEMORANDUM IN SUPPORT OF
A SUCCESSOR JUDGE'S ABILITY TO SIGN AN ORDER DIRECTING COUNTY
CLERK TO ISSUE TAX DEED WHEN AN EX-PARTE
PROVE-UP WAS CONDUCTED BY PRIOR JUDGE

NOW COMES Petitioner, STONEDRY, LLC, by its attorney, MICHAEL J. WILSON

& ASSOCIATES, P.C., and submits this memorandum as follows:

This memorandum is written in response to the court's request for submissions from

each party regarding whether a successor judge can enter an Order Directing County Clerk

to Issue Tax Deed when an ex-parte prove-up was conducted by the prior judge.

Facts Presented

In its recitation of the facts, Respondents did not present the complete factual

scenario for this Court.  The complete factual scenario is as follows:

On January 7, 2014, Gammadock LLC purchased the property known by permanent

index number 20-25-131-004-0000 at the 2013 scavenger tax sale for the delinquent 2009-

2011 general real estate taxes.  Certificate number 13S-0000933 was issued to Gammdock

LLC as evidence of said sale.  On April 7, 2014, said certificate was sold, assigned, and

transferred to Stonedry LLC.  A copy of the certificate of purchase is attached hereto as

Exhibit "A" and incorporated herein by reference.  The amount necessary to redeem from

the tax sale was over $281,000.00.

The subject property, which has been tax delinquent since 2009, is a multiple story

commercial building located at 7411 South Stony Island Avenue, Chicago, Illinois.  The

subject property is owned by the Ridgeland Corporation.  Rufus Cook, a disbarred Illinois

attorney, is the President and registered agent of the Ridgeland Corporation.  At the

current time, the Ridgeland Corporation is not in good standing with the Illinois Secretary of State's office. A copy of the printout from the Illinois Secretary of State's office is attached hereto as Exhibit "B" and incorporated herein by reference.

Petitioner filed its Petition for Tax Deed on July 9, 2014. Petitioner also lodged Take Notices with the Clerk of the Circuit Court and Sheriff of Cook County to be served upon interested parties pursuant to the provisions of the Property Tax Code. Petitioner also published notice in the Chicago Daily Law Bulletin.

The sheriff's services of notice were served as follows:

Rufus Cook at 7411 South Stony Island Avenue, Chicago (subject property) — Not served (called phone number listed — female refused name said building was vacant. Certified mail signed for by Barbara Revak.

The Ridgeland Corporation at 7330 South Ridgeland, Chicago — Not served (Gate locked — Vacant) Certified Mail signed for by Barbara Revak.

The Ridgeland Corporation at 7411 South Stony Island Avenue, Chicago (subject property) — Not served (called phone number listed — female refused name said building was vacant. Certified mail signed for by Barbara Revak.

Cook and Revak at 7411 South Stony Island Avenue, Chicago (subject property) — Not served (called phone number listed — female refused name said building was vacant. Certified mail signed for by Barbara Revak.

Rufus L. Cook at 7411 South Stony Island Avenue, Chicago (subject property) — Not served (called phone number listed — female refused name said building was vacant. Certified mail signed for by Barbara Revak.

Barbara J. Revak at 7411 South Stony Island Avenue, Chicago (subject property) — Not served (called phone number listed — female refused name said building was vacant. Certified mail signed for by Barbara Revak.

Occupant at 7411 South Stony Island Avenue, Chicago (subject property) — Not served (called phone number listed — female refused name said building was vacant. Certified mail signed for by Barbara Revak.

The 7411 Corp. at 7411 South Stony Island Avenue, Chicago (subject property) — Not served (called phone number listed — female refused name said building was vacant. Certified mail return receipt card is missing from court file.

All parties were notified that the period of redemption would expire on January 8, 2015, and that the initial court date was scheduled for January 28, 2015, at 9:30 am. in

courtroom 1704 of the Richard J. Daley Center, 50 West Washington Street, Chicago, Illinois. Respondents failed to redeem from the tax sale.

On January 22, 2015, Petitioner filed its Application for an Order Directing County Clerk to Issue Tax Deed. On January 28, 2015, with Respondents having failed to appear in Court, Judge Bertucci assigned the case to calendar 12, and an Order was entered setting the case for a prove-up on February 9, 2015 at 9:30 am. Said information is set forth on the Clerk of the Circuit Court's website docket. A copy of said docket is attached hereto as Exhibit "C" and incorporated herein by reference. In its memorandum, Respondents set forth that no notice of the prove-up had been provided to the Respondents. This fact is correct, but Respondents attempt to mislead the Court into thinking Respondents were entitled to notice of the prove-up date and time. Respondents had not filed an Appearance in the case and were not entitled to notice of the prove-up date and time. Furthermore, Respondents failed to appear in Court on the initial court date. If Respondents had appeared in Court and filed an Appearance, they would have been advised of the hearing date and time. Respondents negligence and/or lack of diligence was the sole cause of their lack of knowledge of the hearing date. In addition, if the Respondents would have searched the Clerk of the Court's website docket search, they would have known of the hearing date.

On February 9, 2015, Petitioner's counsel appeared before Judge Hoffman and conducted the prove-up of the case. At the conclusion of the prove-up, Judge Hoffman took the matter under advisement pending receipt of proof of payment of subsequent real estate taxes and transcript of the proceedings. Upon returning to his office and receiving the mail, Petitioner's counsel received the Appearance filed by Respondents. Either later on February 9, 2015 or February 10, 2015, Rufus Cook contacted Petitioner's counsel by telephone. Petitioner's counsel advised Mr. Cook that he conducted the prove-up on February 9, 2015 prior to having received the Appearance.

On February 24, 2015, Petitioner's counsel served a Notice of Motion to Respondents regarding the Presentation of the Transcript and Proof of Payment of Subsequent Taxes and request for entry of the Order Directing County Clerk to Issue Tax Deed. Subsequently, Respondents filed a Motion for Substitution of Judge to be heard on the same date. After a long argument, Judge Hoffman granted the Motion for Substitution of Judge. The Presiding Judge re-assigned the case to Judge Zafiratos, and the case was continued to a date certain for Respondents to file a pleading.

Respondents filed a Motion to Dismiss pursuant to Section 2-619.1 of the Illinois Code of Civil Procedure. Petitioner filed a Response to said Motion to Dismiss. Respondents filed a Motion for Extension of Time to file a Reply and to conduct discovery. Said motion was denied. Rather than having its Motion to Dismiss denied, Respondent moved to withdraw their Motion to Dismiss. When the Court granted the Motion to Withdraw the Motion to Dismiss and since nothing was pending before this Court, Petitioner's counsel requested that the Court receive the transcript and proof of payment of subsequent taxes and enter the Order Directing County Clerk to Issue Tax Deed.

At this point, Barbara Revak objected and stated that Judge Zafiratos could not enter the Order Directing County Clerk to Issue Tax Deed since he had not heard the prove-up. Judge Zafiratos did not agree with the argument, but permitted a briefing schedule on the issue.

## Argument

Petitioner's counsel is unable to find any case law on the issue presented to the Court. Respondents have not cited any case law.

First, Respondents argue that since they were not present at the prove-up, the Court should not enter the Order Directing County Clerk to Issue Tax Deed. The Respondents imply that it was Petitioner's fault that they were not aware of the prove-up. As previously stated, Respondents were served with the Take Notice which advised them of the initial

court date and time. Respondents elected not to appear in court at the initial court date. Furthermore, Respondents failed to follow the case on the Clerk of the Court's website docket (Exhibit "C") which clearly advises anyone who reviews it that a prove-up was scheduled on January 28, 2015 to be heard on February 9, 2015 at 9:30 am. Respondents negligence and/or lack of diligence was the only factor that prevented them from knowing the date and time of the prove-up.

Second, Respondents argue that due process would be denied if this Court enters the Order Directing County Clerk to Issue Tax Deed when Judge Hoffman heard the prove-up. The Respondents' due process rights are not violated. The Respondents had an opportunity to be present at the initial prove-up, but their negligence and/or lack of diligence prevented them from knowing the date and time. Furthermore, the Property Tax Code and Code of Civil Procedure provide vehicles for situations similar to those as are presented in the case at bar. Section 22-45 of the Property Tax Code and Sections 2-1203 and 2-1401 of the Code of Civil Procedure provide a litigant an opportunity for a hearing which would provide a right to examine witnesses, to present evidence, and to be heard.

A review of this proceeding since Respondents have filed their Appearance demonstrates a calculated dilatory process to frustrate justice and to prevent the county from collecting real estate taxes on property that have not been paid since 2008. The Respondents filed a one-half page motion to dismiss, delayed the process for two (2) months, and withdrew the motion rather than having it denied. Currently, Respondents are attempting to have their Motion for Substitution of Judge cause Petitioner to begin the entire hearing process again. Rather than defend this case, Respondents continue to use dilatory tactics to attempt to make this property prohibitively expensive for Petitioner and continue to not pay real estate taxes to the county.

If a judge gets re-assigned and leaves his current position and a new judge takes his place, the new judge does not start all of the cases over again. If there were ex-parte

hearings, the new judge can sign an Order based upon what was previously submitted and argued before the prior judge hearing the case. To require the new judge to begin the cases again would be a waste of judicial resources and would delay justice to the parties of the case. In the present case, the Court can review the transcript of the hearing and the Court file to confirm that Petitioner has strictly complied with the provisions of the Property Tax Code.

## CONCLUSION

The only issue before the Court is whether a successor judge can sign an Order Directing County Clerk to Issue Tax Deed when the prior judge heard the prove-up of the tax deed case. No case law exists regarding this issue. The facts of this case clearly exhibit that the Respondents' negligence and/or lack of diligence were the sole cause of their not knowing date and time of the initial hearing date. Furthermore, Respondents' due process rights would not be violated since they still have the right to file Motions to Vacate pursuant to Sections 2-1203 or 2-1401 of the Code of Civil Procedure. Lastly, this Court should not continue to allow Respondents to use dilatory tactics to prevent the Petitioner from obtaining title to the subject property and the county from collecting real estate taxes for which they have failed to pay since 2009.

STONEDRY, LLC,
Petitioner

By: _Michael J. Wilson_
Michael J. Wilson, its attorney

MICHAEL J. WILSON & ASSOCIATES, P.C.
Michael J. Wilson - #27787
309 West Washington Street, Suite 1200
Chicago, Illinois 60606
Phone - 312-781-9510
Fax - 312-781-9511

STATE OF ILLINOIS )
                ) SS     CERTIFICATE NO.   13S-0000933
COUNTY OF C O O K )

### CERTIFICATE OF PURCHASE
#### FOR GENERAL TAXES TWO OR MORE YEARS DELINQUENT,
#### PURSUANT TO SECTIONS 21-145 AND 21-260 OF THE ILLINOIS
#### PROPERTY TAX CODE

I, DAVID D. ORR , County Clerk in and for the County and state aforesaid, DO HEREBY CERTIFY THAT GAMMADOCK LLC did, on the day hereinafter set forth, purchase at public auction at the courthouse in Chicago, the property designated by the permanent real estate index number hereinafter set forth, situated in said County, said property being delinquent in the principal sum and for the tax years hereinafter set forth together with statutory penalties, interest and costs thereon, and paid as purchase money on said property the sum hereinafter set forth, such sum being the highest bid for cash received at the auction of such property pursuant to Sections 21-145 and 21-260 of the Illinois Property Tax Code.

VOLUME 262      PERMANENT INDEX NUMBER   20-25-131-004-0000

TAX YEARS DELINQUENT   09-11       207,506.37   plus statutory
TOTAL PRINCIPAL AMOUNT DUE
penalties, interest and costs thereon.      2,000.00
DATE OF SALE   01-07-14 AMOUNT OF SUCCESSFUL BID
                                      190.00
STATUTORY TREASURER FEES                  30.00
STATUTORY CLERK FEES             TOTAL    2,220.00

The aforesaid purchaser having complied with the provisions of law applicable to such sales so as to be entitled to a certificate of purchase, on MARCH 14, 2014, the Circuit Court of Cook County entered an order confirming the sale of the aforesaid property.

If the aforesaid property is not redeemed in the manner and within the time provided by law, said purchaser, his heirs or assigns shall be entitled, upon application and compliance with the Illinois Property Tax Code, to receive a deed to said property; provided, that unless the holder of this certificate shall take out said deed and file the same for record within one year after the time for redemption expires, the said certificate or deed, and the sale on which it is based, shall, from and after the expiration of such one year, be absolutely null.

WITNESS my hand and the official seal at CHICAGO in said County this 19TH day of MARCH , A.D. 2014.

countersigned:

*Maria Pappas*      EXHIBIT _A_      *David D. Orr*

County Treasurer and Ex-Officio Collector      County Clerk of Cook County
of Cook County

3/18/2015

### Certified Mail Retrn – Successful (Sheriff's)

| Activity Date | Docket Description |
|---|---|
| September 30, 2014 | Certified Mail Retrn - Successful (Sheriffs)<br>7013 1090 0000 1413 9850 |

### Application for Issuance of Tax Deed – Filed

| Activity Date | Docket Description |
|---|---|
| January 22, 2015 | Application for Issuance of Tax Deed - Filed<br>Attorney: WILSON MICHAEL J (27787) |

### Transfer/ Reassign to Judge within Division – Allowed

| Activity Date | Docket Description |
|---|---|
| January 28, 2015 | Transfer/ Reassign to Judge within Division – Allowed<br>The following event: Assignment scheduled for 01/28/2015 at 9:30 am has been resulted as follows:<br><br>Result: Transfer / Reassign Case within Division – Allowed<br>Judge: CALENDAR 8 Location: Courtroo0001 |

### Court Event Scheduled

| Activity Date | Docket Description |
|---|---|
| January 28, 2015 | Court Event Scheduled<br>Event: Case Management Call<br>Date: 01/28/2015 Time: 9:30 am<br>Judge: CALENDAR 12 Location:<br><br>Result: Order Entered Setting Case for Prove-Up – Allowed |

### Strike From Call – Allowed

| Activity Date | Docket Description |
|---|---|
| January 28, 2015 | Strike From Call – Allowed<br>The following event: Assignment scheduled for 01/28/2015 at 9:30 am has been resulted as follows:<br><br>Result: Strike from Call – Allowed<br>Judge: CALENDAR 8 Location: Courtroom 1704 |

### Order Entered Setting Case for Prove-Up

| Activity Date | Docket Description |
|---|---|
| January 28, 2015 | Order Entered Setting Case for Prove-Up<br>The following event: Case Management Call scheduled for 01/28/2015 at 9:30 am has been resulted as follows:<br><br>Result: Order Entered Setting Case for Prove-Up – Allowed<br>Judge: CALENDAR 12 Location: |

### Court Event Scheduled

| Activity Date | Docket Description |
|---|---|
| January 29, 2015 | Court Event Scheduled<br><br>The following event: Case Management Call scheduled for 01/28/2015 at 9:30 am has been rescheduled as follows:<br><br>Event: Tax Deed Prove Up<br>Date: 02/09/2015 Time: 9:30 am<br>Judge: CALENDAR 12 Location: Courtroom 1707<br><br>Result:0001 |

### Appearance Filed – Fee Paid

| Activity Date | Docket Description |
|---|---|
| February 4, 2015 | Appearance Filed - Fee Paid<br>Litigant Name: THE RIDGELAND CORPORATION,<br>Attorney: REVAK BARBARA J,<br>Receipt Amount: $206.00<br>Receipt #: 00036651<br>Quantity: |

6/18/2015

Trans #: 000023
Fee Type: Paid

## Motion to be Taken Under Advisement By the Court - Continued

| Activity Date | Docket Description |
|---|---|
| February 9, 2015 | Motion to be Taken Under Advisement By the Court - Continued<br>The following event: Tax Deed Prove Up scheduled for<br>02/09/2015 at 9:30 am has been resulted as follows:<br><br>Result: Motion to be Taken Under Advisement - Continued<br>Judge: CALENDAR 12 Locat0001 |

## Notice of Motion - Filed

| Activity Date | Docket Description |
|---|---|
| February 24, 2015 | Notice of Motion - Filed<br>Attorney: WILSON MICHAEL J (27787) |

## Court Event Scheduled

| Activity Date | Docket Description |
|---|---|
| February 24, 2015 | Court Event Scheduled<br>Event: Motion Hearing<br>Date: 03/04/2015 Time: 10:00 am<br>Judge: CALENDAR 12 Location: Courtroom 1707<br><br>Result: Substitution of Judge (As Matter of Right) - Allow |

## Notice of Motion - Filed

| Activity Date | Docket Description |
|---|---|
| March 3, 2015 | Notice of Motion - Filed<br>Attorney: REVAK BARBARA J (58121) |

## Substitution of Judge - Filed

| Activity Date | Docket Description |
|---|---|
| March 3, 2015 | Substitution of Judge - Filed<br>Attorney: PRO SE (99500) |

## Transfer/ Reassign to Judge within Division - Allowed

| Activity Date | Docket Description |
|---|---|
| March 4, 2015 | Transfer/ Reassign to Judge within Division - Allowed<br>The following event: Case Management Call scheduled for<br>03/04/2015 at 10:30 am has been resulted as follows:<br><br>Result: Transfer / Reassign Case within Division - Allowed<br>Judge: CALENDAR 3 Locati0001 |

## Order Entered Setting Status Date

| Activity Date | Docket Description |
|---|---|
| March 4, 2015 | Order Entered Setting Status Date<br>The following event: Case Management Call scheduled for<br>03/04/2015 at 10:30 am has been resulted as follows:<br><br>Result: Order Entered Setting Status Date<br>Judge: CALENDAR 6 Location: |

## Court Event Scheduled

| Activity Date | Docket Description |
|---|---|
| March 4, 2015 | Court Event Scheduled<br><br>The following event: Case Management Call scheduled for<br>03/04/2015 at 10:30 am has been rescheduled as follows:<br><br>Event: Status Hearing<br>Date: 05/20/2015 Time: 10:30 am<br>Judge: CALENDAR 6 Location:<br><br>Result: Case Continued w0001 |

Circuit Court Cook County

Result: Strike from Call - All0001

### Motion to Withdraw Filing or Petition

| Activity Date | Docket Description |
|---|---|
| June 2, 2015 | Motion to Withdraw Filing or Petition<br>Attorney: REVAK BARBARA J (58121) |

### Court Event Scheduled

| Activity Date | Docket Description |
|---|---|
| June 2, 2015 | Court Event Scheduled<br>Event: Motion Hearing<br>Date: 06/04/2015 Time: 10:30 am<br>Judge: CALENDAR 6 Location: Courtroom 1707<br><br>Result: Case Continued with Return Date - Allowed |

### Notice of Motion - Filed

| Activity Date | Docket Description |
|---|---|
| June 3, 2015 | Notice of Motion - Filed<br>Attorney: REVAK BARBARA J (58121) |

### Case Continued with Return Date - Allowed

| Activity Date | Docket Description |
|---|---|
| June 4, 2015 | Case Continued with Return Date - Allowed<br>The following event: Motion Hearing scheduled for 06/04/2015<br>at 10:30 am has been resulted as follows:<br><br>Result: Case Continued with Return Date - Allowed<br>Judge: CALENDAR 6 Location: Courtroom 1707 |

### Strike From Call - Allowed

| Activity Date | Docket Description |
|---|---|
| June 4, 2015 | Strike From Call - Allowed<br>The following event: Status Hearing scheduled for 06/10/2015 at<br>10:30 am has been resulted as follows:<br><br>Result: Strike from Call - Allowed<br>Judge: CALENDAR 6 Location: |

### Court Event Scheduled

| Activity Date | Docket Description |
|---|---|
| June 5, 2015 | Court Event Scheduled<br><br>The following event: Motion Hearing scheduled for 06/04/2015<br>at 10:30 am has been rescheduled as follows:<br><br>Event: Motion Hearing<br>Date: 07/07/2015 Time: 10:30 am<br>Judge: CALENDAR 6 Location: |

### Memorandum of - Filed

| Activity Date | Docket Description |
|---|---|
| June 15, 2015 | Memorandum of - Filed<br>Attorney: REVAK BARBARA J (58121) |

### Notice of Filing - Filed

| Activity Date | Docket Description |
|---|---|
| June 15, 2015 | Notice of Filing - Filed<br>Attorney: REVAK BARBARA J (58121) |

### Improper notices shown in Exhibit 14 as not in strict compliance with designated section of Property Tax Code:

Exhibit 14C – 22-5 Take-notice:

i. added language "plus any and all statutory penalties interest and costs."

ii. "Substituted "County Court House" for required "office of the county clerk".

iii. Misspelled statutory "further" as futher"


Exhibit 14E – purchaser's 22-10 take notice:

i. substituted "county court house" for "office of the County Clerk".

(See Exh. 14E-1 for correct form.)


Exhibit 14F – Clerk's take notice

i. substituted "County Court House" for "Office of the County Clerk".


Exhibit 14G – Published Notice:

i. substituted "county Court House" for office of the County Clerk."


Ex. 14

# EXHIBIT 14

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC.    )
    )
    )
PETITION OF Stonedry, LLC    )
FOR TAX DEED    )   Case No. 2014 COTD 002392
    )
    )
    )
    )

## REPLY REGARDING WHETHER A SUCESSOR JUDGE MAY SIGN UNSIGNED TRANSCRIPT OF *EX PARTE* PROVE-UP MADE BEFORE SUBSTITUTED JUDGE

Respondents reply as follows in support of their memorandum "regarding whether a successor judge may sign unsigned transcript of *ex parte* prove-up made before substituted judge."

On June 4, 2015 the court entered the pertinent order which provides in part as follows:

> "Respondents shall be granted 10 days to file a pleading addressing whether the court can sign the transcript of prove-up conducted by Judge Margarita Kuly Hoffman, petitioner 7 days to respond, respondents 7 to reply. ..."

## Petitioner attempts to prejudice the court against respondents by labeling as "dilatory" the lawful positions they have taken in defending the action.

Petitioner accuses respondents of engaging in "dilatory" action by withdrawing their combined 2-619 motion. In fact that motion and the motion seeking to extend the time to reply were, as they stated, based on objections that petitioner had not complied with the statutory notice requirements, and that Stonedry lacked standing to invoke the jurisdiction of the court.

1

EX. 14

When the parties appeared in court, respondent Rufus Cook explained in response to the court's questions that the "standing" portion of the motion derived from certain pre-conditions related to tax sales which a bidder such as Stonedry, or its assignor, was required to meet in order to qualify to bid at the scavenger sale. Cook stated that the extension and a 90-day discovery period were sought in order to determine whether there had been compliance with those requirements. (If indeed those requirements were violated, then under relevant law that fraud likely infected the tax purchase from its beginning, and would arguably preclude standing by petitioner or its assignor, as well as showing fraud which, when shown, also precludes issuance of a tax deed.)

The court saw the matter differently, however, and denied the motion to permit discovery, as well as the motion for extension of time to reply, effectively leaving respondents unable to obtain evidence by discovery to support their 2-619 motion, which they consequently withdrew. Stonedry, of course, rejects the argument that any such pre-sale fraud, if committed, could properly be shown through discovery and could invalidate standing and constitute fraud. Even so, it is simply wrong to characterize respondents' effort as dilatory. Respondents have complied timely with scheduled dates, and have sought only the extension for discovery related above. The "dilatory" characterization is unfounded and prejudicial.

## Hearing Respondents is fundamental to due process

In *Jones v. Flowers*, 547 U.S. 220, 226, 164 L.Ed.2d 415, 425, 126 S. Ct. 1708, 1713 (2006) the U.S. Supreme Court said:

> "1. Before a state may take property and sell it for unpaid taxes, the Due Process Clause of the fourteenth amendment requires the government to provide the owner "Notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950).

*Whether Respondents will, in fact, be heard as the law requires is what is at stake here.* As the record shows Petitioner hurriedly scheduled a prove-up for February 9, 2015, some 12 days after the case first came up for assignment January 28, 2015. Respondents filed their appearance February 4, 2015, *5 days before the non-noticed hearing, and notified petitioner's attorney only by mail, as he requires.* Petitioner's attorney represented that the notice of appearance didn't arrive at his office until February 9, even though it was of record for all to see as of February 4. Apparently not bothering to check the case on the clerk's website, petitioner's attorney, with no notice to respondents, proceeded with the *ex parte* prove-up. (Petitioner's attorney represented he received the February 4 appearance in the afternoon of February 9, when he returned to his office after the *ex parte* prove-up.)

Respondents did not seek in their memorandum to blame petitioner's attorney for failing to learn from the court file of the appearance filed 5 days before his hurriedly held prove-up. Indeed, respondents referred to the matter only as "an error of timing not caused by respondents." We refer to it here because it is relevant, in light of counsel's contention that Respondents' not checking the clerk's web-site to learn of the prove-up hearing date was "negligence and/or lack of diligence." In light of Stonedry's statement, it must be noted that, as a matter of policy in foreclosure cases at least, the Civil Practice Code places on the default movant the responsibility to verify that no appearances have been filed, before seeking such an order. 735 ILCS 5/15-1502 and 5/2-1301 (d). Here, although no default occurs by reason of failure to appear, Stonedry is attempting to treat the matter as though a default resulted, consequently barring respondents from being heard. As a matter of policy, the responsibility, if any, to check the record regarding appearances *rested with Stonedry as movant.*

3

In any case, having failed to check the file, and having conducted an *ex parte* prove-up, petitioner now by calculated overreaching seeks an order which would deny respondents their due process rights in this proceeding, including having their objections heard, cross-examining witnesses, introducing evidence and exercising other basic due process rights.

### Aside from violating due process rights, petitioner's effort to silence respondents is otherwise unlawful.

The cases make clear that petitioner's effort to turn the *ex parte* prove-up into a default judgment of some kind barring respondents from being heard is unlawful. Defining the *sole* issue in a tax deed proceeding, and pointing to the need for respondents to be heard, the Supreme Court said in *Young v. Madden,* 20 Ill.2d 506, 170 N.E.2d 551, 554 (1960):

> "In the proceeding in the case at bar, the verified petition for deed alleged the performance of all the statutory conditions precedent. Appellants, who had notice were then entitled to appear if they owned or are interested in the real estate. No provisions are set forth for formal pleadings and none are required. It is clear that the statute contemplates a summary judicial determination of compliance with the statute, permitting interested persons to be heard in opposition to the petition. … The sole issue before the court in this proceeding is whether the statutory conditions subsequent to tax sale have been performed. Objections that aid in framing this issue may be helpful, but are not required. Pleadings beyond that are superfluous. The provisions of the civil practice act relating to time for filing pleadings in ordinary civil actions are therefore inappropriate".
> (Emphasis supplied.)

The court in *In re County Treasurer,* 2013 Il. App. (1st) 130463, 3 N.E.3d 451 (2013), discussed cases where *ex parte* prove-ups had been conducted without effect on deciding the sole issue of compliance, stating:

> "Subsequently, in *Salta Group,* in which the petitioner's post sale notice stated a Saturday instead of weekday as the redemption expiration

4

date, no one appeared in the trial court to object to the issuance of a tax deed, but after reading the notice, <u>the judge deemed it to be fatally defective.</u> *Salta Group,* 2013 IL. App. (1st) 130103 ¶ 5, 376 Ill.Dec. 905, 1 N.E.3d 617. The appellate court affirmed this decision, stating, 'The fact that no one objected to [the] application does not render proper an otherwise improper notice.' *Salta Group,* 2013 IL App (1st) 130103, ¶ 20, 376 Ill.Dec. 905, 1 N.E.3d 617. Furthermore, 'a party should not be allowed to issue an incorrect notice then argue that the fact that no one came forward as a result of the incorrect notice nullifies the incorrect nature of the notice.' *Salta Group,* 2013 IL App (1st) 130103, ¶ 21, 376 Ill.Dec. 905, 1 N.E.3d 617."
(Emphasis supplied.)

The court then discussed a case arguably even closer to the facts here, *Midwest Real Estate Investment,* as to which the <u>*Equity Investment*</u> court said at 437:

"...No one objected to the issuance of the tax deed and the trial judge granted the application. *Midwest Real Estate Investment,* 295 Ill.App.3d at 704, 230 Ill.Dec. 45, 692 N.E.2d at 1212. Three days later, however, the property owner moved for leave to appear in the proceedings and objected on grounds that the tax buyer had not "completely filled in" the notice forms. *Midwest Real Estate Investment,* 295 Ill.App. 3d at 707, 230 Ill.Dec. 45, 692 N.E.2d at 1214. The trial court found this objection persuasive, vacated its prior order, and recalled the tax deed. *Midwest Real Estate Investment,* 295 Ill.App. 3d at 705, 230 Ill.Dec. 45, 692 N.E.2d at 1213.

The law is clear that, despite petitioner's efforts to silence respondents, this matter must *as a matter of law* be determined solely by whether petitioner has strictly complied with the statute. And, as will be shown, it has not.

<u>Before ordering issuance of a tax deed, the court must find that there has been strict compliance with the statutory requirements.</u>

The court's duty is clearly stated in 35 ILCS 200/22-40:

"35 ILCS 200/22-40 Issuance of deed; possession

Sec. 22-40. *Issuance of deed; possession.* (a) If the redemption period expires and the property has not been redeemed and all taxes and

> special assessments which became due and payable subsequent to the sale have been paid and all forfeitures and sales which occur subsequent to the sale have been redeemed and the notices required by law have been given...and the petitioner has complied with all the provisions of law entitling him or her to a deed, <u>the court shall so find and shall enter an order</u> directing the county clerk on the production of the certificate of purchase and a certified copy of the order, to issue to the purchaser or his or her assignee a tax deed".

In *Novak v. Smith,* 197 Ill.App.3d 390, 554 N.E.2d 652 (5th Dist. 1990), the court further addressed the duty of a court:

> "A court should not direct the county clerk to issue a tax deed <u>until it is satisfied that the requirements of the revenue act have been met.</u> (Ill.Rev.Stat 1987, CH 120, pars 744, 749; *Smith v. D.R.E. Inc.,* (1976) 63 Ill.2d 31, 36, 344 N.E.2d 468, 470.) Prior to issuance of a tax deed <u>the court makes a judicial determination whether the notice and other requirements have been met.</u> (Emphasis supplied.)

This memorandum has thus far not dealt with the legal effect of the substitution of judge granted by Judge Hoffman March 4, 2015. (Petitioner's response did not meet the points made there, including the fact that, at that time Judge Hoffman, having heard the prove-up, made *no findings and no judicial determination* as to whether the notice and other requirements "have been met.") Now Stonedry disingenuously asks this court to act as though such findings and determination were made in favor of Stonedry.

Upon Judge Hoffman's recusal, the duty to make findings and determinations shifted to this court, her successor. But for the *ex parte* hearing hurriedly pursued by petitioner without checking whether appearances had been filed, a prove-up hearing affording to respondents their due process rights could have been held. Then this court, in reaching its findings and determinations, could do so having had the benefit of hearing from both sides. To maintain, as

petitioner does, that this court should make those findings and determinations having himself

heard no witness, and having denied respondents' right to be heard, would not only be unfair and

violative of due process, it would also ignore and reject the duty placed on the court by the law.

### Stonedry's argument that respondents would be able to exercise their due process rights by recourse to other statutes is misleading and inaccurate.

Petitioner, having the impossible task of somehow justifying what it seeks -- the deprivation

of respondents' due process rights -- says those rights could be had by recourse to the provisions

of "section 22-45 of the Property Tax Code and sections 2-1203 and 2-1401 of the Code of Civil

Procedure," which "provide a litigant an opportunity for a hearing which would provide a right

to examine witnesses, to present evidence, and to be heard."

Really?

Addressing those provisions, the court declared in *Lincoln Title v. Nomanbhoy*, 2013 Ill.

App.3d 1209, 999 N.E.2d 748, 759 (3rd Dist. 2013):

> "Turning to the merits of this issue, we note that a party's ability to set aside a tax deed is very limited. See 35 ILCS 200/22-45, 22-55 (West 2010). Under section 22-45 of the Property Tax Code, there are only three ways in which a party may challenge a tax deed; (1) by filing a direct appeal from the order directing the issuance of the deed; (2) by filing a motion for relief under section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2010)); or by filing a petition for relief under section 2-1401 of the Code of Civil Procedure. Section 22-45 further limits the grounds for which relief from a tax deed may be obtained under section 2-1401 to the following four situations: (1) where there is proof that the taxes were paid prior to sale; (2) where there is proof that the property was exempt from taxation; (3) where there is proof by clear and convincing evidence that the tax deed had been procured by fraud or deception by the tax purchaser or his assignee; or (4) where there is proof that a party with a recorded ownership or other recorded interest was not named in the required publication notice and the tax purchaser or his assignee did not make a diligent inquiry and effort to serve that party with the required notices. 35 ILCS 200/22-45 (West 2010).

What petitioner seeks to do is not only to deprive respondents of their due process rights, but to misinform this court to the effect that other legislation would provide those rights, as opposed to providing litigants a *possible* opportunity to *qualify* to *seek* a hearing. That misrepresentation of the law is further evidence of the fog of fraud still being generated by petitioner.

### The strict compliance required by law

The remainder of this memorandum states in greater detail some of the objections respondents have previously raised to Stonedry's application, which unequivocally show that its application is fatally defective and that it is not entitled to a tax deed. Before doing so it is useful to look briefly at the "strict compliance" standard governing Stonedry's application.

In *Midwest Real Estate Investment, ibid,* the court declared:

> "We recognize that our decision today may be looked upon as a rigid and legalistic application of the strict compliance language from section 22-40 [of the Code]. However, [this conclusion is consistent with the legislature's apparent intent regarding notices]. Moreover, we view the statue's strict compliance language as a bulwark. **By opening the dike to permit any omission -- however minute -- of statutorily required information, we may unintentionally encourage a flood of litigants seeking case-by-case determinations of the strict compliance boundaries."**
> (Emphasis supplied.)

The law stated in *Midwest* and other cases was emphasized, in *Equity One Investment Fund v. Williams,* 2013 Ill. App. 3rd 463, 3 N.E.3d 431 (1st Dist. 2013), where the court said:

> There must be strict compliance with the statute and when there are substitutions or omissions on a notice form, the tax buyer is not entitled to a tax deed. We do not need to inquire whether Williams actually received the deficient section 22-5 post-sale notice and suffered any prejudice or confusion as a result of the omission of the city name; prejudice is presumed. (3 N.E.2d at 438)

\*     \*     \*

8

We hold that *Equity One's* post-sale notice form to Williams was not "completely filled in", as required by our legislature. 35 ILCS 200/20-5 (West 2008). Because a deficient notice is not regarded as any notice within the meaning of the statute, the trial court properly denied the application for a tax deed."
(Emphasis supplied.)

We now examine the ways in which Stonedry's notice failed to comply with the statutory requirements.

<u>Stonedry's failure to comply with the statute is shown on the face of its 22-5 notice.</u>

A copy of Stonedry's 22-5 notice attached to (Exh. C) its application for deed is appended hereto as Exhibit C. The differences from the statutory 22-5 notice are marked on the face of the Exhibit, and a copy of the statutory form is attached as Exhibit C-1.

<u>Stonedry's failure to comply with the statute is also shown on the face of its 22-10 notice.</u>

A copy of Stonedry's 22-10 notice (Exh. E) shown in its application for deed is appended hereto as Exhibit E. The differences from the statutory 22-10 notice are marked on the face of the Exhibit, and a copy of the statutory form is attached as Exhibit E-1.

<u>Stonedry's failure to comply with the statute is also shown on the face of its 22-25 notice.</u>

A copy of Stonedry's 22-25 notice (Exh. F) shown in its application for deed is appended hereto as Exhibit F. The differences from the statutory 22-25 notice are marked on the face of the Exhibit.

### Stonedry's failure to comply with the statute is also shown on the face of its published notice.

A copy of Stonedry's mailed notice (Exh. G) shown in its application for deed is appended hereto as Exhibit G. The differences from the statutory notice are shown on the face of the Exhibit.

### Stonedry's action's in this case are fraudulent, making clear that it is not entitled to a tax deed.

As quoted above, the U.S. Supreme Court and the Illinois Supreme Court have held that the opportunity to be heard is essential "before a state may take property and sell it for unpaid taxes". The legislature has imposed the duty of notice to enable hearing on the tax buyer, here Stonedry.

However, Stonedry here has made every effort to assure that respondents are not heard. First, Stonedry, violating the policy that requires checking the record for appearances, scheduled and conducted an *ex parte* prove-up and, upon learning that an appearance had been filed five days before, refused to rectify the matter. Second, Stonedry, wholly contrary to the law, and in violation of respondents' right to be heard, has sought to have this court enter a tax deed even in the circumstances described and without respondents being heard. Fourth, Stonedry has misrepresented the law regarding respondents' rights to be heard in an effort to vacate the tax deed it seeks.

Finally, Stonedry, which knew or should have known that its notices are facially and fatally defective, have nonetheless represented to the court by its petition and application that it is entitled to a tax deed.

10

These actions undermine the Property Tax Act; are fraudulent within the meaning of the legislation and cases, and show that Stonedry is not entitled to a tax deed.

## CONCLUSION

No tax deed can properly be ordered without hearing respondents. No further hearing is needed, however, in light of respondents' showing here that Stonedry's notices are fatally defective on their face, cannot entitle it to a tax deed, which would otherwise be precluded by Stonedry's fraud in seeking to silence respondents.

Respectfully submitted

By: _____
Barbara Revak

By: _____
Bruce Cook

By: _____
Rufus Cook, *pro se*

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081
Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

11

### Improper notices shown in Exhibit 14 as not in strict compliance with designated section of Property Tax Code:

Exhibit 14C – 22-5 Take-notice:

i. added language "plus any and all statutory penalties interest and costs."

ii. "Substituted "County Court House" for required "office of the county clerk".

iii. Misspelled statutory "further" as futher"

Exhibit 14E – purchaser's 22-10 take notice:

i. substituted "county court house" for "office of the County Clerk".

(See Exh. 14E-1 for correct form.)

Exhibit 14F – Clerk's take notice

i. substituted "County Court House" for "Office of the County Clerk".

Exhibit 14G – Published Notice:

i. substituted "county Court House" for office of the County Clerk."

Ex. 14

TAKE NOTICE

County of Cook
Date Premises Sold January 7, 2014
Certificate No. 13S-0000933
Sold for General Taxes of 2009-2011
Sold for Special Assessment of (Municipality) and
Special assessment number -- Not Applicable
Warrant No. -- Not Applicable Inst. No. -- Not Applicable

**THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES**

Property location - 7411 South Stony Island Avenue, Chicago, Illinois

Permanent Index No. 20-25-131-004-0000

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on July 7, 2014.

This notice is also to advise you that a petition will be filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before July 7, 2014.

At the date of this notice the total amount which you must pay in order to redeem the above property is $281,196.45 plus any and all statutory penalties, interest and costs.

**YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY**

Redemption can be made at any time on or before July 7, 2014 by applying to the County Clerk of Cook County, Illinois at the County Court house in Chicago, Illinois.

The above amount is subject to increase at six month intervals from the date of sale. Check with the County Clerk as to the exact amount you owe before redeeming. Payment must be made by certified check, cashier's check, money order, or in cash.

**FOR FURTHER INFORMATION CONTACT THE COUNTY CLERK.**

Address: 118 North Clark Street, 4th Floor, Chicago, IL 60602
Telephone: (312) 603-5645

Gammadock, LLC
Purchaser or Assignee

Dated:     April 23, 2014

Mail To: Rufus Cook Attorney
7411 S Stony Island
Chicago, IL 60649-3613

# 13S-9008

EXHIBIT    C

200/22 5.  Notice of sale and redemption rights

§ 2 5.  Notice of sale and redemption rights.  In order to be entitled to a tax deed, within 4 months and 15 days after any sale held under this Code, the purchaser or his or her, assignee shall deliver to the county clerk a notice to be given to the party in whose name the taxes are last assessed as shown by the most recent tax collector's warrant books, in at least 10 point type in the following form completely filled in.

TAKE NOTICE

County of ....................

Date Premises Sold ....................

Certificate No. ....................

Sold for General Taxes of (year) ....................

Sold for Special Assessment of (Municipality) ....................

and special assessment number ....................

Warrant No. ....................                Inst. No. ....................

THIS PROPERTY HAS BEEN SOLD FOR
DELINQUENT TAXES

Property located at ....................

Legal Description or Property Index No. ....................

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on ....................

This notice is also to advise you that a petition will be filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before ....................

At the date of this notice the total amount which you must pay in order to redeem the above property is ....................

YOU ARE URGED TO REDEEM IMMEDIATELY TO
PREVENT LOSS OF PROPERTY

Redemption can be made at any time on or before ............ by applying to the County Clerk of ............ County, Illinois at the Office of the County Clerk in ......., Illinois.

The above amount is subject to increase at 6 month intervals from the date of sale.  Check with the county clerk as to the exact amount you owe before redeeming.  Payment must be made by certified check, cashier's check, money order, or in cash.

For further information contact the County Clerk

ADDRESS ....................

TELEPHONE ....................

....................
Purchaser or Assignee
Dated (insert date).

2

EX. C-1



To: Rufus Cook Attorney; The Ridgeland Corporation; City of Chicago; Cook & Revak; Rufus L. Cook; Barbara J. Revak; Occupant; The 7411 Corp.; occupants or persons in actual possession of real estate hereinafter described; County Clerk of Cook County, Illinois; unknown owners and parties interested in said real estate.

TAX DEED NO. 2014COTD002392                     Filed   July 9, 2014

### TAKE NOTICE

County of Cook
Date Premises Sold January 7, 2014
Certificate No. 13S-0000933
Sold for General Taxes of 2009-2011
Sold for Special Assessment of (Municipality) and
Special assessment number (Not Applicable)
Warrant No. (Not Applicable) Inst. No. (Not Applicable)

### THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES

Property located at: · 7411 South Stony Island Avenue, Chicago, Illinois
Property Index No.  20-25-131-004-0000

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on January 8, 2015.

The amount to redeem is subject to increase at 6-month intervals from the date of sale and may be further increased if the purchaser at the tax sale or his or her assignee pays any subsequently accruing taxes or special assessments to redeem the property from subsequent forfeitures or tax sales. Check with the County Clerk as to the exact amount you owe before redeeming.

This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before January 8, 2015.

This matter is set for hearing in the Circuit Court of Cook County, in Courtroom 1704, Richard J. Daley Center, 50 West Washington, Chicago, Illinois, 60602 on January 28, 2015 at 9:30 a.m.

You may be present at this hearing but your right to redeem will already have expired at that time.

### YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY

Redemption can be made at any time on or before January 8, 2015 by applying to the County Clerk of Cook County, Illinois at the County Court House in Chicago, Illinois.

For further information contact the County Clerk
Address: 118 North Clark Street, 4th Floor, Chicago, IL  60602
Telephone: (312) 603-5645
Stonedry, LLC

MICHAEL J. WILSON & ASSOCIATES
Michael J. Wilson
Attorneys at Law
309 West Washington Street, Suite  1200        Purchaser or Assignee
Chicago, Illinois  60606                        Dated July 9, 2014
312- 781-9510

#13S-9008                          EXHIBIT 

NOTICE TO OWNERS AND C    UPANTS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



TAX DEED NO. 2014COTD002392                    Filed July 9, 2014

## TAKE NOTICE

County of Cook
Date Premises Sold January 7, 2014
Certificate No. 13S-0000933
Sold for General Taxes of 2009-2011
Sold for Special Assessment of (Municipality) and
Special assessment number (Not Applicable)
Warrant No. (Not Applicable) Inst. No. (Not Applicable)

### THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES

Property located at:   7411 South Stony Island Avenue, Chicago, Illinois
Property Index No. 20-25-131-004-0000

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on January 8, 2015.

The amount to redeem is subject to increase at 6-month intervals from the date of sale and may be further increased if the purchaser at the tax sale or his or her assignee pays any subsequently accruing taxes or special assessments to redeem the property from subsequent forfeitures or tax sales. Check with the County Clerk as to the exact amount you owe before redeeming.

This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before January 8, 2015.

This matter is set for hearing in the Circuit Court of Cook County, in Courtroom 1704, Richard J. Daley Center, 50 West Washington, Chicago, Illinois, 60602 on January 28, 2015 at 9:30 a.m.

You may be present at this hearing but your right to redeem will already have expired at that time.

### YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY

Redemption can be made at any time on or before January 8, 2015 by applying to the County Clerk of Cook County, Illinois at the County Court House in Chicago, Illinois.

FOR FURTHER INFORMATION CONTACT THE COUNTY CLERK
Address: 118 North Clark Street, 4th Floor, Chicago, IL 60602
Telephone: (312) 603-5645

Stonedry, LLC
Purchaser or Assignee

                                Clerk of the Circuit Court
                                Dated July 9, 2014

MAIL TO FOLLOWING PERSONS:
A) Rufus Cook Attorney, 7411 South Stony Island Avenue, Chicago, IL 60649
B) The Ridgeland Corporation, Serve-Rufus Cook, R/A, 7330 South Ridgeland Chicago, IL 60649
C) The Ridgeland Corporation, Serve-Rufus Cook, R/A, 7411 South Stony Island Avenue Chicago, IL 60649
D) The Ridgeland Corporation, Serve -- Illinois Secretary of State, 69 West Washington, 12th Floor, Chicago, IL 60602, ,
E) Cook & Revak , 7411 South Stony Island Avenue, Chicago, IL 60649
F) Rufus L. Cook, 7411 South Stony Island Avenue, Chicago, IL 60649
G) Barbara J. Revak, 7411 South Stony Island Avenue, Chicago, IL 60649
H) Occupant, 7411 South Stony Island Avenue, Chicago, IL 60649
I) The 7411 Corp., 7411 South Stony Island Avenue, Chicago, IL 60649
#13S-9008

EXHIBIT F

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

# CERTIFICATE OF PUBLICATION

Case No. 2014COTD002392

20-25-131-004-0000

## LAW BULLETIN PUBLISHING CO.

does hereby certify that it is the publisher of

### CHICAGO DAILY LAW BULLETIN

that said CHICAGO DAILY LAW BULLETIN is a secular newspaper that has been published DAILY in the City of Chicago, County of Cook, State of Illinois, continuously for more than one year prior to the first date of publication of the notice, appended, that it is of general circulation throughout said County and State, that it is a newspaper as defined in "An Act to revise the law in relation to notices," as amended, Illinois Compiled Statutes (715 ILCS 5/1 & 5/5), and that the notice appended was published in the said CHICAGO DAILY LAW BULLETIN on Jul 21, 22, 23, 2014

In witness thereof, the undersigned has caused this certificate to be signed and its corporate seal affixed at Chicago, Illinois.

JULY 23, 2014

LAW BULLETIN PUBLISHING CO.

By _____





To: Rufus Cook Attorney; The Ridgeland Corporation; City of Chicago; Cook & Revak; Rufus L. Cook; Barbara J. Revak; Occupant; The 7411 Corp.; occupants or persons in actual possession of real estate hereinafter described; County Clerk of Cook County, Illinois; unknown owners and parties interested in said real estate. TAX DEED NO. 2014COTD002392 Filed July 9, 2014

TAKE NOTICE

County of Cook
Date Premises Sold January 7, 2014
Certificate No. 13S-0000933.
Sold for General Taxes of 2009-2011.
Sold for Special Assessment of (Municipality) and
Special assessment number (Not Applicable)
Warrant No. (Not Applicable) Inst. No. (Not Applicable)

THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES

Property located at 7411 South Stony Island Avenue, Chicago, Illinois

Property Index No. 20-25-131-004-0000

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on January 8, 2015.

The amount to redeem is subject to increase at 6-month intervals from the date of sale and may be further increased if the purchaser at the tax sale or his or her assignee pays any subsequently accruing taxes or special assessments to redeem the property from subsequent forfeitures or tax sales. Check with the County Clerk as to the exact amount you owe before redeeming.

This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before January 8, 2015.

This matter is set for hearing in the Circuit Court of Cook County, in Courtroom 1704, Richard J. Daley Center, 50 West Washington, Chicago, Illinois, 60602 on January 28, 2015 at 9:30 a.m.

You may be present at this hearing but your right to redeem will already have expired at that time.

YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY

Redemption can be made at any time on or before January 8, 2015 by applying to the County Clerk of Cook County, Illinois at the County Court House in Chicago, Illinois.

For further information contact the County Clerk
Address: 118 North Clark Street, 4th Floor, Chicago, Il 60602
Telephone (312) 603-5646
Stoneday, LLC
Purchaser or Assignee
Dated July 9, 2014
I617471
Jul 21, 22, 23, 2014

EXHIBIT G

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, COUNTY DIVISION

IN THE MATTER OF APPLICATION, ETC.                )
                                                  )
                                                  )
                                                  ) Case No. 2014 COTD 002392
PETITION OF Stonedry, LLC                         )
FOR TAX DEED                                      )
                                                  )

NOTICE OF FILING

TO:   MICHAEL J. WILSON & ASSOCIATES, P.C.
      309 West Washington Street, Suite 1200
      Chicago, Illinois 60606
      Phone: (312) 781-9510
      Fax:  (312) 781-9511

      PLEASE TAKE NOTICE that on June 29, 2015, we caused to be filed with the Clerk of
the Circuit Court of Cook County, Illinois, Richard J. Daley Center, Chicago, Illinois REPLY
REGARDING WHETHER A SUCESSOR JUDGE MAY SIGN UNSIGNED
TRANSCRIPT OF *EX PARTE* PROVE-UP MADE BEFORE SUBSTITUTED JUDGE, a
copy of which is hereby served upon you.

                                              Respectfully submitted

                                        By: _____
                                                  Barbara Revak

                                        By: _____
                                                  Bruce Cook

Law Office of Barbara Revak
Attorney No. 58121
Law Office of Bruce L. Cook
Attorney No. 39081                      By: _____
Rufus Cook, *pro se*                            Rufus Cook, *pro se*
7411 S. Stony Island Ave
Chicago, IL 60649
Fax No. (773) 752-5151
Telephone No. (773) 752-2000

In.the.Matter.of.Stonedry.Not.of.Fil.Cert.of.Serv.by.Mail.re.Reply.re.Judge.Signing.Transc.of.Prove.Up.BR.gb.6.29.15

CERTIFICATE OF SERVICE BY MAIL

I, Barbara Revak, an attorney, hereby certify that on June 29, 2015, I caused a copy of REPLY REGARDING WHETHER A SUCESSOR JUDGE MAY SIGN UNSIGNED TRANSCRIPT OF *EX PARTE* PROVE-UP MADE BEFORE SUBSTITUTED JUDGE to be mailed to the above named party by depositing a copy thereof, postage prepaid, into the U.S. Postal Box located at the corner of 75th and Stony Island Avenue.

_____

Barbara Revak